1  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
2  WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP
3  750 B Street, Suite 2770
   San Diego, CA 92101
4  Telephone: 619/239-4599
   Facsimile:  619/234-4599
5

6  WILLIAM R. HILL (114954)
   rock@donahue.com
7  ANDREW S. MACKAY (197074)
   andrew@donahue.com
8  DANIEL J. SCHACHT (259717)
   daniel@donahue.com
9  DONAHUE GALLAGHER WOODS LLP
   1999 Harrison Street, 25th Floor
10 Oakland, CA 94612-3520
   Telephone: 510/451-0544
11 Facsimile:  510/832-1486
12
   Attorneys for Plaintiff Rupa Marya
13
   [Additional counsel appear on signature page.]
14

15             UNITED STATES DISTRICT COURT

16             CENTRAL DISTRICT OF CALIFORNIA

17                    WESTERN DIVISION

18 RUPA MARYA  On Behalf Of      ) Case No.
   Herself And All Others Similarly )  CV13- 4460 PSWL (FFMx)
19 Situated,                     )
                                 ) COMPLAINT FOR DECLARATORY
20                               ) JUDGMENT; INJUNCTIVE AND
                                 ) DECLARATORY RELIEF; AND
21              Plaintiff,       ) DAMAGES FOR: (1) INVALIDITY
                                 ) OF COPYRIGHT UNDER THE
22 v.                            ) COPYRIGHT ACT (17 U.S.C. §§ 101
                                 ) *et seq.*); AND (2)  VIOLATIONS OF
23                               ) CALIFORNIA UNFAIR
   WARNER/CHAPPELL MUSIC,        ) COMPETITION LAWS (Cal. Bus. &
24 INC.,                         ) Prof. Code §§ 17200 *et seq.*)
                                 )
25              Defendant.       )
                                 ) CLASS ACTION
26                               )
                                 )
27                               ) DEMAND FOR JURY TRIAL
                                 )
28 _____ )



Plaintiff Rupa Marya d/b/a/ Rupa Marya & The April Fishes ("Marya"), on behalf of herself and all others similarly situated, by her undersigned attorneys, as and for her Class Action Complaint against defendant Warner/Chappell Music, Inc. ("Warner/Chappell"), alleges as follows:

## JURISDICTION AND VENUE

1.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to claims seeking declaratory and other relief arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the entire case or controversy.

2.     The Court has personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this Judicial District where defendant Warner/Chappell's principal place of business is located and where Warner/Chappell regularly conducts business and may be found.

## INTRODUCTION

3.     This is an action to declare invalid the copyright that defendant Warner/Chappell claims to own to the world's most popular song, *Happy Birthday to You* (the "Song"), to declare that *Happy Birthday to You* is dedicated to public use and in the public domain; and to return millions of dollars of unlawful licensing fees collected by defendant Warner/Chappell pursuant to its wrongful assertion of copyright ownership of the Song.

4.     According to the United States Copyright Office ("Copyright Office"), a "*musical composition* consists of music, including any accompanying words, and is normally registered as a work of the performing arts."  Copyright Office Circular 56A, "Copyright Registration of Musical Compositions and Sound Recordings," at 1 (Feb. 2012) (available at www.copyright.gov/circs/circ.56a.pdf).  The author of a

- 1 -

musical composition generally is the composer, and the lyricist (if a different person). *Id.*

5.     More than 120 years after the melody to which the simple lyrics of *Happy Birthday to You* is set was first published, defendant Warner/Chappell boldly, but wrongfully and unlawfully, insists that it owns the copyright to *Happy Birthday to You*, and with that copyright the exclusive right to authorize the song's reproduction, distribution, and public performances pursuant to federal copyright law.  Defendant Warner/Chappell either has silenced those wishing to record or perform *Happy Birthday to You*, or has extracted millions of dollars in unlawful licensing fees from those unwilling or unable to challenge its ownership claims.

6.     Irrefutable documentary evidence, some dating back to 1893, shows that the copyright to *Happy Birthday to You*, if there ever was a valid copyright to any part of the song, expired no later than 1921 and that if defendant Warner/Chappell owns any rights to *Happy Birthday to You*, those rights are limited to the extremely narrow right to reproduce and distribute specific piano arrangements for the song published in 1935.  Significantly, no court has ever adjudicated the validity or scope of the defendant's claimed interest in *Happy Birthday to You*, nor in the song's melody or lyrics, which are themselves independent works.

7.     Plaintiff Marya, on behalf of herself and all others similarly situated, seeks a declaration that *Happy Birthday to You* is dedicated to public use and is in the public domain as well as monetary damages and restitution of all the unlawful licensing fees that defendant Warner/Chappell improperly collected from Marya and all other Class members.

## **PARTIES**

8.     Plaintiff Marya is a musician and leader of the band entitled "Rupa & The April Fishes" ("RTAF"), and a member of the American Society of Composers, Authors and Publishers ("ASCAP").  Plaintiff Marya is a resident of San Mateo

County, California. RTAF recorded *Happy Birthday to You* at a live show in San Francisco, California, on April 27, 2013. Under a claim of copyright by defendant Warner/Chappell, on or about June 17, 2013, Plaintiff Marya d/b/a RTAF paid to defendant Warner/Chappell the sum of $455 for a compulsory license pursuant to 17 U.S.C. § 115 (commonly known as a "mechanical license") to use *Happy Birthday to You*, as alleged more fully herein.

9.      Defendant Warner/Chappell is a Delaware corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025.  Warner/Chappell regularly conducts business within this Judicial District, where it may be found.

**FACTUAL BACKGROUND**

***Good Morning to All and the Popular Adoption of Happy Birthday to You***

10.      Sometime prior to 1893, Mildred J. Hill ("Mildred Hill") and her sister Patty Smith Hill ("Patty Hill") (Mildred and Patty Hill are collectively referred to as the "Hill Sisters") authored a written manuscript containing sheet music for 73 songs composed or arranged by Mildred Hill, with words written and adapted by Patty Hill.

11.      The manuscript included *Good Morning to All*, a song written by the Hill Sisters.

12.      On or about February 1, 1893, the Hill Sisters sold and assigned all their right, title, and interest in the written manuscript to Clayton F. Summy ("Summy") in exchange for 10 percent of retail sales of the manuscript.  The sale included the song *Good Morning to All*.

13.      In or around 1893, Summy published the Hill Sisters' written manuscript with an introduction by Anna E. Bryan ("Bryan") in a songbook titled *Song Stories for the Kindergarten*.  *Song Stories for the Kindergarten* included the song *Good Morning to All*.

14.     On or about October 16, 1893, Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for *Song Stories for the Kindergarten*.

15.     On the October 16, 1893, copyright application, Summy claimed to be the copyright's proprietor, but not the author of the copyrighted works.

16.     *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1893, by Clayton F. Summy."

17.     As proprietor of the 1893 copyright in *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

18.     The lyrics to *Good Morning to All* are:

Good morning to you

Good morning to you

Good morning dear children

Good morning to all.

19.     The lyrics to *Happy Birthday to You* are set to the melody from the song *Good Morning to All*.  As nearly everyone knows, the lyrics to *Happy Birthday to You* are:

Happy Birthday to You

Happy Birthday to You

Happy Birthday dear [NAME]

Happy Birthday to You.

20.     The lyrics to *Happy Birthday to You* were ***not*** published in *Song Stories for the Kindergarten*.

21.     On or about January 14, 1895, Summy incorporated the Clayton F. Summy Co. ("Summy Co.") under the laws of the State of Illinois for a limited term of 25 years.

22.     In 1896, Summy published a new, revised, illustrated, and enlarged version of *Song Stories for the Kindergarten*, which contained eight previously unpublished songs written by the Hill Sisters as well as illustrations by Margaret Byers.

23.     On or about June 18, 1896, Summy filed a copyright application (Reg. No. 34260) with the Copyright Office for the 1896 publication of *Song Stories for the Kindergarten*.

24.     On its June 18, 1896, copyright application, Summy again claimed to be the copyright's proprietor, but (again) not the author of the copyrighted works.

25.     The 1896 version of *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1896, by Clayton F. Summy."

26.     As proprietor of the 1896 copyright in the revised *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

27.     The lyrics to *Happy Birthday to You* were **not** published in the 1896 version of *Song Stories for the Kindergarten*.

28.     In 1899, Summy Co. published 17 songs from the 1893 version of *Song Stories for the Kindergarten* in a songbook titled *Song Stories for the Sunday School*.  One of those songs included in *Song Stories for the Sunday School* was *Good Morning to All*.

29.     On or about March 20, 1899, Summy Co. filed a copyright application (Reg. No. 20441) with the Copyright Office for *Song Stories for the Sunday School*.

30.     On the 1899 copyright application, Summy Co. claimed to be the copyright's proprietor, but not the author of the copyrighted works.

31.      The title page to *Song Stories for the Sunday School* states:

This collection of songs has been published in response to earnest requests from various sources.  They are taken from the book, *Song Stories for the Kindergarten* by the MISSES HILL, and **are the**

*copyright property of the publishers*.  (Emphasis added).

32.     *Song Stories for the Sunday School* bears a copyright notice reading "Copyright 1899 by Clayton F. Summy Co."

33.     As proprietor of the 1899 copyright in *Song Stories for the Sunday School*, Summy Co. owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

34.     The lyrics to *Happy Birthday to You* were ***not*** published in *Song Stories for the Sunday School*.

35.     Even though the lyrics to *Happy Birthday to You* and the song *Happy Birthday to You* had not been fixed in a tangible medium of expression, the public began singing *Happy Birthday to You* no later than the early 1900s.

36.     For example, in the January 1901 edition of *Inland Educator and Indiana School Journal*, the article entitled "First Grade Opening Exercises" described children singing the words "happy birthday to you," but did not print the song's lyrics or melody.

37.     In or about February, 1907, Summy Co. republished the song *Good Morning to All* as an individual musical composition.

38.     On or about February 7, 1907, Summy Co. filed a copyright application (Reg. No. 142468) with the Copyright Office for the song *Good Morning to All*.

39.     The lyrics to *Happy Birthday to You* do ***not*** appear in the 1907 publication of *Good Morning to All*.

40.     In 1907, Fleming H. Revell Co. ("Revell") published the book *Tell Me a True Story*, arranged by Mary Stewart, which instructed readers to:

> Sing: "Good-bye to you, good-bye to you, good-bye dear children, good-bye to you."  Also: "Good-bye dear teacher."  (From "Song Stories for the Sunday-School," published by Summy & Co.)

> Sing: "Happy Birthday to You."  (Music same as "Good-bye to

You.")

41.     On or about May 18, 1909, Revell filed an application (Reg. No. A239690) with the Copyright Office for *Tell Me a True Story*.

42.     *Tell Me a True Story* did **not** include the lyrics to *Happy Birthday to You*.

43.     Upon information and belief, the lyrics to *Happy Birthday to You* (without the sheet music for the melody) were first published in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church ("Board of Sunday Schools") in *The Elementary Worker and His Work*, by Alice Jacobs and Ermina Chester Lincoln, as follows:

> Happy birthday to you, Happy birthday to you, Happy birthday, dear John, Happy birthday to you.  (Sung to the same tune as the "Good Morning") [NOTE: The songs and exercises referred to in this program may be found in these books:... "Song Stories for the Sunday School," by Patty Hill.]

44.     On or about January 6, 1912, the Board of Sunday Schools filed a copyright application (Reg. No. A303752) with the Copyright Office for *The Elementary Worker and His Work*.

45.     *The Elementary Worker and His Work* attributed authorship or identified the copyrights to many of the works included in the book.  Significantly, it did **not** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

46.     On or about January 14, 1920, Summy Co. was dissolved in accordance with its limited (not perpetual) 25-year term of incorporation.  Summy Co. did not extend or renew the 1899 (Reg. No. 20441) or 1907 (Reg. No. 142468) copyrights prior to its dissolution.

47.     Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights

to the original and revised *Song Stories for the Kindergarten* were vested solely in their proprietor, Summy.

48.     Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to *Song Stories for the Sunday School* and *Good Morning to All* were vested solely in their proprietor, Summy Co.

49.     The copyright to the original *Song Stories for the Kindergarten* (Reg. No. 45997) was not extended by Summy, and consequently expired on October 16, 1921.  *Song Stories for the Kindergarten*, including the song *Good Morning to All*, became dedicated to public use and fell into the public domain by no later than that date.

50.     The copyright to the revised *Song Stories for the Kindergarten* (Reg. No. 34260) was not extended by Summy, and consequently expired on June 18, 1924.  The revised *Song Stories for the Kindergarten* became dedicated to public use and fell into the public domain by no later than that date.

51.     In or around March 1924, the sheet music (with accompanying lyrics) to *Happy Birthday to You* was in a songbook titled *Harvest Hymns*, published, compiled, and edited by Robert H. Coleman ("Coleman").  Upon information and belief, *Harvest Hymns* was the first time the melody and lyrics of *Happy Birthday to You* were published together.

52.     Coleman did not claim authorship of the song entitled *Good Morning to You* or the lyrics to *Happy Birthday to You*.  Although *Harvest Hymns* attributed authorship or identified the copyrights to many of the works included in the book, it did ***not*** attribute authorship or identify any copyright for *Good Morning to You* or *Happy Birthday to You*.

53.     On or about March 4, 1924, Coleman filed a copyright application (Reg. No. A777586) with the Copyright Office for *Harvest Hymns*.  On or about February 11, 1952, the copyright was renewed (Reg. No. R90447) by the Sunday School Board of the Southern Baptist Convention.

54.   On or about April 15, 1925, Summy incorporated a new Clayton F. Summy Co. ("Summy Co. II") under the laws of the State of Illinois.   Upon information and belief, Summy Co. II was not a successor to Summy Co.; rather, it was incorporated as a new corporation.

55.   The sheet music (with accompanying lyrics) to *Happy Birthday to You* was again published in 1928 in the compilation *Children's Praise and Worship*, compiled and edited by A.L. Byers, Bessie L. Byrum, and Anna E. Koglin ("Byers, Byrum & Koglin").   Upon information and belief, *Children's Praise and Worship* was the first time the song was published under the title *Happy Birthday to You*.

56.   On or about April 7, 1928, Gospel Trumpet Co. ("Gospel") filed a copyright application (Reg. No. A1068883) with the Copyright Office for *Children's Praise and Worship*.

57.   *Children's Praise and Worship* attributed authorship or identified the copyrights to many of the works included in the book.   Significantly, it did ***not*** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

58.   *Children's Praise and Worship* did not provide any copyright notice for the combination of *Good Morning to All* with the lyrics to *Happy Birthday to You*, nor did it include the names of Mildred Hill or Patty Hill and did not attribute any authorship or ownership to the Hill Sisters.

59.   Upon information and belief, the Hill Sisters had not fixed the lyrics to *Happy Birthday to You* or the song *Happy Birthday to You* in a tangible medium of expression, if ever, at any time before Gospel published *Children's Praise and Worship* in 1928.

60.   Upon information and belief, Summy sold Summy Co. II to John F. Sengstack ("Sengstack") in or around 1930.

61.   Upon information and belief, on or about August 31, 1931, Sengstack incorporated a third Clayton F. Summy Co. ("Summy Co. III") under the laws of the State of Delaware.   Upon information and belief, Summy Co. III was not a

successor to Summy Co. or Summy Co. II; rather, it was incorporated as a new corporation.

62.     On May 17, 1933, Summy Co. II was dissolved for failure to pay taxes.

63.     On July 28, 1933, *Happy Birthday to You* was used in the world's first singing telegram.

64.     On September 30, 1933, the Broadway show *As Thousands Cheer*, produced by Sam Harris with music and lyrics written by Irving Berlin, began using the song *Happy Birthday to You* in public performances.

65.     On August 14, 1934, Jessica Hill, a sister of Mildred and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned *Hill v. Harris*, Eq. No. 78-350, claiming that the performance of *Happy to Birthday to You* in *As Thousands Cheer* infringed on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good Morning to All*.

66.     On January 21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp. in the Southern District of New York, captioned *Hill v. Federal Broadcasting Corp.*, Eq. No. 79-312, claiming infringement on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good Morning to All*.

67.     In 1934 and 1935, Jessica Hill sold and assigned to Summy Co. III certain piano arrangements of *Good Morning to All*, including publishing, public performance, and mechanical reproduction rights, copyright, and extension of copyright in exchange for a percentage of the retail sales revenue from the sheet music.

68.     On or about December 29, 1934, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter

(Reg. No. E45655) with the Copyright Office for the song *Happy Birthday*.

69.   In that December 1934 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Preston Ware Orem ("Orem") and claimed the copyrighted new matter as "arrangement by piano solo."

70.   The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E45655.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

71.   The work registered with the Copyright Office as Reg. No. E45655 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

72.   On or about February 18, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E46661) with the Copyright Office for the song *Happy Birthday*.

73.   In that February 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for four hands at one piano."

74.   The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E46661.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

75.   The work registered with the Copyright Office as Reg. No. E46661 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except

as to the arrangement itself.

76.  On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47439) with the Copyright Office for the song *Happy Birthday*.

77.  In that April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement of second piano part."

78.  The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47439.   The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

79.  The work registered with the Copyright Office as Reg. No. E47439 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

80.  On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47440) with the Copyright Office for the song *Happy Birthday*.

81.  In that additional April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for six hands at one piano."

82.  The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47440.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

83.  The work registered with the Copyright Office as Reg. No. E47440 was

not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

84. On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51988) with the Copyright Office for *Happy Birthday to You*.

85. In that December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by R.R. Forman ("Forman") and claimed the copyrighted new matter as "arrangement for Unison Chorus and revised text." The sheet music deposited with the application credited Forman only for the arrangement, not for any lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

86. The lyrics to *Happy Birthday to You*, including a second verse as the revised text, were included on the work registered with the Copyright Office as Reg. No. E51988. However, the December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

87. The work registered with the Copyright Office as Reg. No. E51988 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

88. The work registered as Reg. No. E51988 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

89. On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51990) with the Copyright Office for *Happy Birthday to You*.

90.    In that additional December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement as easy piano solo, with text." The sheet music deposited with the application credited Orem only for the arrangement, not for any lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

91.    The lyrics to *Happy Birthday to You* were included on the work registered with the Copyright Office as Reg. No. E51990.  However, the additional December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters, did not contain the names of either of the Hill Sisters, and did not claim any copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

92.    The work registered with the Copyright Office as Reg. No. E51990 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

93.    The work registered as Reg. No. E51990 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

94.    In or about February, 1938, Summy Co. III purported to grant to ASCAP the right to license *Happy Birthday to You* for public performances and to collect fees for such use on behalf of Summy Co. III.  ASCAP thus began working as agent for Summy Co. III in collecting fees for Summy Co. III for licensing *Happy Birthday to You*.

95.    On October 15, 1942, The Hill Foundation commenced an action against Summy Co. III in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Case No. 19-377, for an accounting of the royalties received by it for the licensing of *Happy Birthday to You*.  The Hill

Foundation asserted claims under the 1893, 1896, 1899, and 1907 copyrights for *Good Morning to All* and did ***not*** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

96.     On March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Case No. 20-439, for infringement of the Hill Sisters' purported 1893, 1896, and 1899 copyrights to *Good Morning to All*.  The Hill Foundation asserted claims only under the 1893, 1896, and 1899 copyrights for *Good Morning to All* and did ***not*** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

97.     Despite the filing of four prior cases in the Southern District of New York asserting copyrights to *Good Morning to All*, there has been no judicial determination of the validity or scope of any copyright related to *Good Morning to All*.

98.     In or about 1957, Summy Co. III changed its name to Summy-Birchard Company.

99.     In 1962, Summy Co. III (renamed as Summy-Birchard Company) filed renewals for each of the six registrations it obtained in 1934 and 1935 (Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990), each renewal was specifically and expressly confined to the musical arrangements.

100.   In particular, on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51988, as employer for hire of Forman.  Forman did not write the lyrics to *Happy Birthday to You* or the combination of those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor defendant Warner/Chappell has claimed otherwise.

101.   Also on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51990, as employer for hire of Orem.  Orem did not write the lyrics to

*Happy Birthday to You* or the combination of those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor defendant Warner/Chappell has claimed otherwise.

102.   Summy-Birchard Company was renamed Birch Tree Ltd. in the 1970s and was acquired by Warner/Chappell in or about 1998.

***Happy Birthday to You – 100 Years Later***

103.   According to a 1999 press release by ASCAP, *Happy Birthday to You* was the most popular song of the 20th Century.

104.   The 1998 edition of the *Guinness Book of World Records* identified *Happy Birthday to You* as the most recognized song in the English language.

105.   Defendant Warner/Chappell currently claims it owns the exclusive copyright to *Happy Birthday to You* based on the piano arrangements that Summy Co. III published in 1935.

106.   ASCAP provides public performance licenses to bars, clubs, websites, and many other venues.  ASCAP "blanket licenses" grant the licensee the right to publicly perform any or all of the over 8.5 million songs in ASCAP repertory in exchange for an annual fee. The public performance license royalties are distributed to ASCAP members based on surveys of performances of each ASCAP repertory song across different media. By registering *Happy Birthday to You* with ASCAP, Defendant Warner/Chappell obtains a share of blanket license revenue that would otherwise be paid to all other ASCAP members, in proportion to their songs' survey shares.

107.   Plaintiff Marya d/b/a RTAF recorded the song *Happy Birthday to You* at a live show in San Francisco, to be released as part of a "live" album. She learned that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*, including for purposes of issuing mechanical licenses.

108.   Accordingly, on June 17, 2013, Plaintiff Marya paid Warner/Chappell $455 for a mechanical license for the reproduction and distribution of 5,000 albums.

## CLASS ALLEGATIONS

109.   Plaintiff Marya brings this action under Federal Rules of Civil Procedure 23(a) and (b) as a class action on behalf of herself and all others similarly situated for the purpose of asserting the claims alleged in this Complaint on a common basis.

110.   The proposed Class is comprised of:

**All persons or entities (excluding Warner/Chappell's directors, officers, employees, and affiliates) who entered into a license with Warner/Chappell, or paid Warner/Chappell, directly or indirectly through its agents, a licensing fee for the song *Happy Birthday to You* at any time from June 18, 2009, until Warner/Chappell's conduct as alleged herein has ceased.**

111.   Although Plaintiff Marya does not know the exact size of the Class or the identities of all members of the Class, upon information and belief that information can be readily obtained from the books and records of defendant Warner/Chappell.  Plaintiff believes that the Class includes thousands of persons or entities who are widely geographically disbursed.  Thus, the proposed Class is so numerous that joinder of all members is impracticable.

112.   The claims of all members of the Class involve common questions of law and fact including:

a.   whether *Happy Birthday to You* is in the public domain and dedicated to public use;

b.   whether Warner/Chappell is the exclusive owner of the copyright to *Happy Birthday to You* and is thus entitled to all of the rights conferred in 17 U.S.C. § 102;

c.   whether Warner/Chappell has the right to collect fees for the use of *Happy Birthday to You*;

d. whether Warner/Chappell has violated the law by demanding and collecting fees for the use of *Happy Birthday to You* despite not having a valid copyright to the song; and

e. whether Warner/Chappell is required to return unlawfully obtained payments to plaintiff Marya and the other members of the Class and, if so, what amount is to be returned.

113. With respect to Claim III, the common questions of law and fact predominate over any potential individual issues.

114. Plaintiff Marya's claims are typical of the claims of all other members of the Class and plaintiff Marya's interests do not conflict with the interests of any other member of the Class, in that plaintiff and the other members of the Class were subjected to the same unlawful conduct.

115. Plaintiff Marya is committed to the vigorous prosecution of this action and has retained competent legal counsel experienced in class action and complex litigation.

116. Plaintiff is an adequate representative of the Class and, together with its attorneys, is able to and will fairly and adequately protect the interests of the Class and its members.

117. A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein. Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims.

118. Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

119. Plaintiff Marya anticipates no difficulty in the management of this litigation as a class action.

### FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

### (On Behalf Of Plaintiff And The Class)

### (Against Defendant Warner/Chappell)

120.   Plaintiff Marya repeats and realleges paragraphs 1 through 119 set forth above as though they were fully set forth herein.

121.   Plaintiff Marya brings this claim individually on her own behalf and on behalf of the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

122.   Plaintiff Marya seeks adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in connection with defendant Warner/Chappell's purported copyright claim to *Happy Birthday to You*.  Plaintiff seeks the Court's declaration that the Copyright Act does not bestow upon Warner/Chappell the rights it has asserted and enforced against plaintiff Marya and the other members of the Class.

123.   Defendant Warner/Chappell asserts that it is entitled to royalties pursuant to 17 U.S.C. § 115 for the creation and distribution of phonorecords and digital downloads of the composition *Happy Birthday to You,* under threat of a claim of copyright infringement.

124.   Plaintiff Marya's claim presents a justiciable controversy because plaintiff Marya's agreement to pay defendant Warner/Chappell and its actual ***payment*** to Warner/Chappell for use of the song *Happy Birthday to You* in her album, was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that plaintiff Marya would be exposed to substantial statutory penalties under the Copyright Act had she failed to enter such an agreement and pay Warner/Chappell standard mechanical license royalties it demanded, but then paid for the mechanical license anyway.

125.   Plaintiff Marya seeks the Court's determination as to whether

defendant Warner/Chappell is entitled to assert ownership of the copyright to *Happy Birthday to You* against Marya pursuant to the Copyright Act as Warner/Chappell claims, or whether Warner/Chappell is wielding a false claim of ownership to inhibit plaintiff Marya's use and enjoyment (and the public's use and enjoyment) of intellectual property which is rightfully in the public domain.

126.   If and to the extent that defendant Warner/Chappell relies upon the 1893, 1896, 1899, or 1907 copyrights for the melody for *Good Morning to All*, those copyrights expired or were forfeited as alleged herein.

127.   As alleged above, the 1893 and 1896 copyrights to the original and revised versions of *Song Stories for the Kindergarten*, which contained the song *Good Morning to All*, were not renewed by Summy and accordingly expired in 1921 and 1924, respectively.

128.   As alleged above, the 1899 copyright to *Song Stories for the Sunday School*, which contained *Good Morning to All*, and the 1907 copyright to *Good Morning to All* were not renewed by Summy Co. before its expiration in 1920 and accordingly expired in 1927 and 1935, respectively.

129.   The 1893, 1896, 1899, and 1907 copyrights to *Good Morning to All* were forfeited by the republication of *Good Morning to All* in 1921 without proper notice of its original 1893 copyright.

130.   The copyright to *Good Morning to All* expired in 1921 because the 1893 copyright to *Song Stories for the Kindergarten* was not properly renewed.

131.   The piano arrangements for *Happy Birthday to You* published by Summy Co. III in 1935 (Reg. Nos. E51988 and E51990) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the piano arrangements themselves.

132.   The 1934 and 1935 copyrights pertained only to the piano arrangements, not to the melody or lyrics of the song *Happy Birthday to You*.

133.   The registration certificates for *The Elementary Worker and His Work*

in 1912, *Harvest Hymns* in 1924, and *Children's Praise and Worship* in 1928, which did not attribute authorship of the lyrics to *Happy Birthday to You* to anyone, are *prima facie* evidence that the lyrics were not authored by the Hill Sisters.

134.   If declaratory relief is not granted, defendant Warner/Chappell will continue wrongfully to assert the exclusive copyright to *Happy Birthday to You* at least until 2030, when the current term of the copyright expires under existing copyright law.

135.   Plaintiff therefore requests a declaration that:

(a)   defendant Warner/Chappell does not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly perform, *Happy Birthday To You*;

(b)   Warner/Chappell does not own the exclusive right to demand or grant a license for use of *Happy Birthday To You*; and

(c)   *Happy Birthday to You* is in the public domain and is dedicated to the public use.

## SECOND CLAIM FOR RELIEF
## UPON ENTRY OF DECLARATORY JUDGMENT
## DECLARATORY AND INJUNCTIVE RELIEF
## PURSUANT TO 28 U.S.C § 2202
### (On Behalf of Plaintiff and the Class)
### (Against Defendant Warner/Chappell)

136.   Plaintiff Marya repeats and realleges paragraphs 1 through 135 set forth above as though they were fully set forth herein.

137.   Plaintiff Marya brings this claim individually on her own behalf and on behalf of the Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

138.   Under 28 U.S.C. § 2202 empowers this Court to grant, "necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice

and hearing, against any adverse party whose rights have been determined by such judgment."

139.   Plaintiff Marya and the other proposed Class members have been harmed, and defendant Warner/Chappell has been unjustly enriched, by Warner/Chappell's takings.

140.   Plaintiff Marya seeks relief for herself and the other members of the proposed Class upon the entry of declaratory judgment upon Claim I, as follows:

(a)   an injunction to prevent defendant Warner/Chappell from making further representations of ownership of the copyright to *Happy Birthday To You*;

(b)   restitution to plaintiff Marya and the other Class members of license fees paid to defendant Warner/Chappell, directly or indirectly through its agents, in connection with the purported licenses it granted to Marya and the other Class members;

(c)   an accounting for all monetary benefits obtained by defendant Warner/Chappell, directly or indirectly through its agents, from plaintiff Marya and the other Class members in connection with its claim to ownership of the copyright to *Happy Birthday to You*; and

(d)   such other further and proper relief as this Court sees fit.

### THIRD CLAIM FOR RELIEF

**UNFAIR BUSINESS ACTS AND PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.***

**(On Behalf of Plaintiff and the Class)**

**(Against Defendant Warner/Chappell)**

141.   Plaintiff Marya repeats and realleges paragraphs 1 through 119 set forth above as though they were fully set forth herein.

142.   Plaintiff Marya brings this claim individually on her own behalf and on behalf of the Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil

Procedure.

143.   As alleged herein, plaintiff Marya and the other Class members have paid licensing fees to defendant Warner/Chappell and have therefore suffered injury in fact and have lost money or property as a result of defendant Warner/Chappell's conduct.

144.   California's Unfair Competition Law, Business & Professions Code §§ 17200 *et seq.* ("UCL"), prohibits any unlawful or unfair business act or practice.

145.   UCL § 17200 further prohibits any fraudulent business act or practice.

146.   Defendant Warner/Chappell's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were unfair, false, misleading, and likely to deceive the consuming public within the meaning of UCL §§ 17200, 17500.

147.   Defendant Warner/Chappell's conduct in exerting control over exclusive copyright ownership to *Happy Birthday to You* to extract licensing fees is deceptive and misleading because Warner/Chappell does not own the rights to *Happy Birthday to You*.

148.   Plaintiff Marya and the other members of the Class have, in fact, been deceived as a result of their reasonable reliance upon defendant Warner/Chappell's materially false and misleading statements and omissions, as alleged above.

149.   As a result of defendant Warner/Chappell's unfair and fraudulent acts and practices as alleged above, plaintiff Marya and the other Class members have suffered substantial monetary injuries.

150.   Plaintiff Marya and the other Class members reserve the right to allege other violations of law which constitute other unfair or deceptive business acts or practices. Such conduct is ongoing and continues to this date.

151.   As a result of its deception, defendant Warner/Chappell has been able to reap unjust revenue and profit.

152.   Upon information and belief, defendant Warner/Chappell has collected

and continues to collect at least $2 million per year in licensing fees for *Happy Birthday to You*. Therefore, the amount in controversy exceeds $5 million in the aggregate.

153. Unless restrained and enjoined, defendant Warner/Chappell will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

154. Plaintiff Marya, individually on its own behalf and on behalf of the other members of the Class, seeks restitution and disgorgement of all money obtained from plaintiff and the other members of the Class, collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with UCL § 17203.

## FOURTH CLAIM FOR RELIEF
### COMMON COUNT FOR MONEY HAD AND RECEIVED
### (On Behalf of Plaintiff and the Class)
### (Against Defendant Warner/Chappell)

155. Plaintiff Marya repeats and realleges paragraphs 1 through 135 set forth above as though they were fully set forth herein.

156. Within the last four years Defendant Warner/Chappell became indebted to all Plaintiff Marya and all class members for money had and received by Defendant Warner/Chappell for the use and benefit of Plaintiff Marya and class members. The money in equity and good conscience belongs to Plaintiff Marya and class members.

## FIFTH CLAIM FOR RELIEF
### RECISSION FOR FAILURE OF CONSIDERATION,
### (On Behalf of Plaintiff and the Class)
### (Against Defendant Warner/Chappell)

157. Plaintiff Marya repeats and realleges paragraphs 1 through 135 set forth above as though they were fully set forth herein.

158.   Defendant's purported licenses were worthless and ineffective, and do not constitute a valid consideration.

159.   The complete lack of consideration obviates any need for notice to Defendant.

### SIXTH CLAIM FOR RELIEF

**FALSE ADVERTISING, CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.**

**(On Behalf of Plaintiff and the Class)**

**(Against Defendant Warner/Chappell)**

160.   Plaintiff Marya repeats and realleges paragraphs 1 through 135 set forth above as though they were fully set forth herein.

161.   On information and belief, Defendant Warner/Chappell intended to induce the public to enter into an obligation related to its alleged property, namely the composition *Happy Birthday to You*.

162.   Defendant Warner/Chappell publicly disseminated advertising which contained statements which were untrue and misleading and which concerned the composition *Happy Birthday to You*, for which they improperly sought and received licensing fees. Defendant knew, or in the exercise of reasonable care should have known, that these statements were untrue and misleading.

163.   Plaintiff and class members have suffered injury in fact and have lost money as a result of such unfair competition.

### DEMAND FOR JURY TRIAL

160.   Plaintiff Marya hereby demands a trial by jury to the extent that the allegations herein are triable by jury under Federal Rules of Civil Procedure 38-39.

### PRAYER RELIEF

**WHEREFORE**, plaintiff Marya, on behalf of herself and the other members of the Class, prays for judgment against defendant Warner/Chappell as follows:

A.   certifying the Class as requested herein;

B.   declaring that the song *Happy Birthday to You* is not protected by

1    federal copyright law, is dedicated to public use, and is in the public domain;

2       C.     permanently enjoining defendant Warner/Chappell from asserting any

3    copyright to the song *Happy Birthday to You*;

4       D.     permanently enjoining defendant Warner/Chappell from charging or

5    collecting any licensing or other fees for use of the song *Happy Birthday to You*;

6       E.     imposing a constructive trust upon the money defendant

7    Warner/Chappell unlawfully collected from plaintiff Marya, the other members of

8    the Class, and ASCAP for use of the song *Happy Birthday to You*;

9       F.     ordering defendant Warner/Chappell to return to plaintiff Marya and

10    the other members of the Class all the licensing or other fees it has collected from

11    them, directly or indirectly through its agents, for use of the song *Happy Birthday to*

12    *You*, together with interest thereon;

13       G.     awarding plaintiff Marya and the other members of the Class restitution

14    for Warner/Chappell's prior acts and practices;

15       H.     awarding plaintiff Marya and the Class reasonable attorneys' fees and

16    costs; and

17       I.     granting such other and further relief as the Court deems just and

18    proper.

19    Dated: June 19, 2013             WOLF HALDENSTEIN ADLER

20                                 FREEMAN & HERZ LLP

21

22                                 BETSY C. MANIFOLD

23

24                                 FRANCIS M. GREGOREK

25                                 BETSY C. MANIFOLD

26                                 RACHELE R. RICKERT

                                    MARISA C. LIVESAY

27                                 750 B Street, Suite 2770

28                                 San Diego, CA 92101

                                    Telephone: 619/239-4599

1    Facsimile:   619/234-4599
     gregorek@whafh.com
2    manifold@whafh.com
     rickert@whafh.com
3    livesay@whafh.com

4

5    WOLF HALDENSTEIN ADLER
       FREEMAN & HERZ LLP
6    MARK C. RIFKIN
7    JANINE POLLACK
     BETH A. LANDES
8    GITI BAGHBAN
9    270 Madison Avenue
     New York, NY  10016
10   Telephone:   212/545-4600
     Facsimile:   212-545-4753
11   rifkin@whafh.com
12   pollack@whafh.com
     landes@whafh.com
13   baghban@whafh.com

14

15

16   Dated:  June 19, 2013           DONAHUE GALLAGHER WOODS LLP

17

18                                   DANIEL J. SCHACHT

19

20   WILLIAM R. HILL (114954)
     rock@donahue.com
21   ANDREW S. MACKAY (197074)
     andrew@donahue.com
22   DANIEL J. SCHACHT (259717)
     daniel@donahue.com
23   DONAHUE GALLAGHER WOODS LLP
     1999 Harrison Street, 25th Floor
24   Oakland, CA 94612-3520
     Telephone:  510/451-0544
25   Facsimile:   510/832-1486

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

RANDALL S. NEWMAN PC
RANDALL S. NEWMAN (SBN 190547)
37 Wall Street, Penthouse D
New York, NY 10005
Telephone:  212/797-3737
Facsimile:   212/797-3172
rsn@randallnewman.net

Attorneys for Plaintiff Rupa Marya

WARNER:19984.complaint

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

Central District of California

| | |
|---|---|
| RUPA MAYRA, On Behalf of Herself and All Others Similiarly Situated, | ) ) ) |
| _____ | ) |
| *Plaintiff(s)* | ) CV13- 4460 ꜱꜱWL (FFMx) |
| v. | ) |
| WARNER/CHAPPELL MUSIC, INC., | ) Civil Action No. |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  WARNER/CHAPPELL MUSIC, INC.
10585 Santa Monica Boulevard
Los Angeles, CA 90025
Tel: 310/441-6840

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   BETSY C. MANIFOLD (SBN182450)
manifold@whafh.com
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
T: 619/239-4599

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

CLERK OF COURT

Date: _____ JUN 2 0 2013

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Central District of California

| | |
|---|---|
| RUPA MAYRA, On Behalf of Herself and All Others Similiarly Situated, | ) ) ) ) |
| *Plaintiff(s)* | ) ) |
| v. | ) ) |
| WARNER/CHAPPELL MUSIC, INC., | ) ) ) ) |
| *Defendant(s)* | ) ) |

Civil Action No. **CV13- 4460 PSWL (FFMx)**

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  WARNER/CHAPPELL MUSIC, INC.
10585 Santa Monica Boulevard
Los Angeles, CA 90025
Tel: 310/441-6840

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:   BETSY C. MANIFOLD (SBN182450)
manifold@whafh.com
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
T: 619/239-4599

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

JUN 2 0 2013

CLERK OF COURT
JULIE PRADO

Date: _____

_____
*Signature of Clerk or Deputy Clerk*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Ronald S. W. Lew and the assigned discovery Magistrate Judge is Frederick F. Mumm.

The case number on all documents filed with the Court should read as follows:

## CV13- 4460 RSWL (FFMx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

=====================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [X] **Western Division** | [ ] **Southern Division** | [ ] **Eastern Division** |
|---|---|---|
| 312 N. Spring St., Rm. G-8 | 411 West Fourth St., Rm. 1-053 | 3470 Twelfth St., Rm. 134 |
| Los Angeles, CA 90012 | Santa Ana, CA 92701-4516 | Riverside, CA 92501 |

Failure to file at the proper location will result in your documents being returned to you.

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
**CIVIL COVER SHEET**

**I. (a) PLAINTIFFS** ( Check box if you are representing yourself ☐ )
RUPA MAYRA, on behalf herself and others similarly situated

**DEFENDANTS** ( Check box if you are representing yourself ☐ )
WARNER/CHAPPELL MUSIC, INC.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
BETSY C. MANIFOLD (SBN 182450) manifold@whafh.com
WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP
750 B STREET, SUITE 2770
SAN DIEGO, CA 92101 (T: 619/239-4599)

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

---

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1. U.S. Government Plaintiff

☒ 3. Federal Question (U.S. Government Not a Party)

☐ 2. U.S. Government Defendant

☐ 4. Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES**-For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

---

**IV. ORIGIN** (Place an X in one box only.)

☒ 1. Original Proceeding
☐ 2. Removed from State Court
☐ 3. Remanded from Appellate Court
☐ 4. Reinstated or Reopened
☐ 5. Transferred from Another District (Specify)
☐ 6. Multi-District Litigation

---

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No   (Check "Yes" only if demanded in complaint.)

**CLASS ACTION under F.R.Cv.P. 23:** ☒ Yes ☐ No   ☐ **MONEY DEMANDED IN COMPLAINT:** $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
17 U.S.C. SECTION 101 et seq.; 28 U.S.C. 2201; 28 U.S.C. 1332(d)(2); Seeks Declaratory Judgment and Declaratory and Injunctive Relief based thereon; and monetary damages for invalidity of copyright and violations of California Unfair Competition Laws (Cal. Bus. & Prof. Code sections 17200 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | REAL PROPERTY CONT. | IMMIGRATION | PRISONER PETITIONS | PROPERTY RIGHTS |
|---|---|---|---|---|---|
| ☐ 375 False Claims Act | ☐ 110 Insurance | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | **Habeas Corpus:** | ☒ 820 Copyrights |
| ☐ 400 State Reapportionment | ☐ 120 Marine | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | ☐ 463 Alien Detainee | ☐ 830 Patent |
| ☐ 410 Antitrust | ☐ 130 Miller Act | ☐ 290 All Other Real Property | | ☐ 510 Motions to Vacate Sentence | ☐ 840 Trademark |
| ☐ 430 Banks and Banking | ☐ 140 Negotiable Instrument | **TORTS** | ☐ 530 General | **SOCIAL SECURITY** |
| ☐ 450 Commerce/ICC Rates/Etc. | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | **PERSONAL INJURY** | **PERSONAL PROPERTY** | ☐ 535 Death Penalty | ☐ 861 HIA (1395ff) |
| ☐ 460 Deportation | | ☐ 310 Airplane | ☐ 370 Other Fraud | **Other:** | ☐ 862 Black Lung (923) |
| ☐ 470 Racketeer Influenced & Corrupt Org. | ☐ 151 Medicare Act | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | ☐ 540 Mandamus/Other | ☐ 863 DIWC/DIWW (405 (g)) |
| ☐ 480 Consumer Credit | ☐ 152 Recovery of Defaulted Student Loan (Excl. Vet.) | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 550 Civil Rights | ☐ 864 SSID Title XVI |
| ☐ 490 Cable/Sat TV | | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 555 Prison Condition | ☐ 865 RSI (405 (g)) |
| ☐ 850 Securities/Commodities/Exchange | ☐ 153 Recovery of Overpayment of Vet. Benefits | ☐ 340 Marine | **BANKRUPTCY** | ☐ 560 Civil Detainee Conditions of Confinement | **FEDERAL TAX SUITS** |
| ☐ 890 Other Statutory Actions | ☐ 160 Stockholders' Suits | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | **FORFEITURE/PENALTY** | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 891 Agricultural Acts | | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 871 IRS-Third Party 26 USC 7609 |
| ☐ 893 Environmental Matters | ☐ 190 Other Contract | ☐ 355 Motor Vehicle Product Liability | **CIVIL RIGHTS** | ☐ 690 Other | |
| ☐ 895 Freedom of Info. Act | ☐ 195 Contract Product Liability | ☐ 360 Other Personal Injury | ☐ 440 Other Civil Rights | **LABOR** | |
| ☐ 896 Arbitration | ☐ 196 Franchise | ☐ 362 Personal Injury-Med Malpractice | ☐ 441 Voting | ☐ 710 Fair Labor Standards Act | |
| ☐ 899 Admin. Procedures Act/Review of Appeal of Agency Decision | **REAL PROPERTY** | ☐ 365 Personal Injury-Product Liability | ☐ 442 Employment | ☐ 720 Labor/Mgmt. Relations | |
| | ☐ 210 Land Condemnation | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | ☐ 443 Housing/ Accomodations | ☐ 740 Railway Labor Act | |
| ☐ 950 Constitutionality of State Statutes | ☐ 220 Foreclosure | | ☐ 445 American with Disabilities-Employment | ☐ 751 Family and Medical Leave Act | |
| | ☐ 230 Rent Lease & Ejectment | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 446 American with Disabilities-Other | ☐ 790 Other Labor Litigation | |
| | | | ☐ 448 Education | ☐ 791 Employee Ret. Inc. Security Act | |

---

FOR OFFICE USE ONLY: Case Number: _____ CV13-4460

AFTER COMPLETING PAGE 1 OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED ON PAGE 2.

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES**: Has this action been previously filed in this court and dismissed, remanded or closed?   ☒ NO   ☐ YES

If yes, list case number(s): _____

**VIII(b). RELATED CASES**: Have any cases been previously filed in this court that are related to the present case?   ☐ NO   ☒ YES

If yes, list case number(s):   CV 13-4418 GHK (MRWx) _____

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)   ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☒ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☒ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☒ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.

☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | SAN MATEO |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.

☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**NOTE: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| LOS ANGELES | |

**\*Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
**Note:** In land condemnation cases, use the location of the tract of land involved.

**X. SIGNATURE OF ATTORNEY (OR SELF-REPRESENTED LITIGANT):** _Betty Maufield_   DATE: 06/19/2013

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet).

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405 (g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405 (g)) |