

1   FRANCIS M. GREGOREK (144785)
    gregorek@whafh.com
2   BETSY C. MANIFOLD (182450)
    manifold@whafh.com
3   RACHELE R. RICKERT (190634)
    rickert@whafh.com
4   MARISA C. LIVESAY (223247)
    livesay@whafh.com
5   WOLF HALDENSTEIN ADLER
      FREEMAN & HERZ LLP
6   750 B Street, Suite 2770
    San Diego, CA 92101
7   Tel.: 619/239-4599
    Fax: 619/234-4599
8
9   RANDALL S. NEWMAN (190547)
    rsn@randallnewman.net
10  RANDALL S. NEWMAN PC
    37 Wall Street, Penthouse D
11  New York, NY 10005
    Tel.:  212/797-3737
12  Fax: 212/797-3172

    WILLIAM R. HILL (114954)
    rock@donahue.com
    ANDREW S. MACKAY (197074)
    andrew@donahue.com
    DANIEL J. SCHACHT (259717)
    daniel@donahue.com
    DONAHUE GALLAGHER
      WOODS LLP
    1999 Harrison Street, 25th Floor
    Oakland, CA 94612-3520
    Tel.:  510/451-0544
    Fax: 510/832-1486

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; ROBERT SIEGEL; and RUPA MARYA; On Behalf Of Themselves And All Others Similarly Situated, | ) Case No. CV 13-04460-GHK (MRWx) ) ) **CONSOLIDATED FIRST AMENDED** ) **COMPLAINT FOR DECLARATORY** ) **JUDGMENT; INJUNCTIVE AND** |
| Plaintiffs, | ) **DECLARATORY RELIEF; AND** ) **DAMAGES FOR: (1) INVALIDITY** ) **OF COPYRIGHT (Copyright Act, 17** |
| v. | ) **U.S.C. §§ 101** *et seq.*); and (2) **UNFAIR** ) **COMPETITION LAWS (Cal. Bus. &** |
| WARNER/CHAPPELL MUSIC, INC., | ) **Prof. Code §§ 17200** *et seq.*) ) <u>**CLASS ACTION**</u> |
| Defendant. | ) ) <u>**DEMAND FOR JURY TRIAL**</u> |

JUL 2 6 2013
CENTRAL DISTRICT OF CALIFORNIA DEPUTY
CLERK, U.S. DISTRICT COURT

RECEIVED BUT NOT FILED
JUL 2 6 2013
CLERK, U.S. DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
JUL 2 6 2013
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

Plaintiffs, Good Morning to You Productions Corp. ("GMTY"), Robert Siegel ("Siegel"), and Rupa Marya d/b/a/ Rupa Marya & The April Fishes ("Rupa") (collectively herein "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned attorneys, as and for their Consolidated First Amended Complaint For Declaratory Judgment; Injunctive And Declaratory Relief; And Damages For: (1) Invalidity Of Copyright (Copyright Act, 17 U.S.C. §§ 101 *et seq.*); and (2) Unfair Competition Laws (Cal. Bus. & Prof. Code §§ 17200 *et seq.*) against defendant Warner/Chappell Music, Inc. ("Warner/Chappell"), hereby allege as follows:

## JURISDICTION AND VENUE

1.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to claims seeking declaratory and other relief arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the entire case or controversy.

2.     The Court has personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this Judicial District where defendant Warner/Chappell's principal place of business is located and where it regularly conducts business.

3.     Paragraph 8 of the Film and Synchronization and Performance License ("Synchronization License") by and between assignee Plaintiff Siegel and defendant Warner/Chappell states:   "this license has been entered into in, and shall be interpreted in accordance with the laws of the state of California, and any action or proceeding concerning the interpretation and/or enforcement of this license shall be heard only in the state or federal courts situated in Los Angeles county … ." Defendant Warner/Chappell requires any action or proceeding related thereto to be

1   brought in this District under the Synchronization License.

2   **INTRODUCTION**

3       4.    This is an action to declare invalid the copyright that defendant

4   Warner/Chappell claims to own to the world's most popular song, *Happy Birthday to*

5   *You* (the "Song"), to declare that the Song is dedicated to public use and in the public

6   domain; and to return millions of dollars of unlawful licensing fees collected by

7   defendant Warner/Chappell pursuant to its wrongful assertion of copyright

8   ownership of the Song.

9       5.    According to the United States Copyright Office ("Copyright Office"), a

10   "*musical composition* consists of music, including any accompanying words, and is

11   normally registered as a work of the performing arts." Copyright Office Circular

12   56A, "Copyright Registration of Musical Compositions and Sound Recordings," at 1

13   (Feb. 2012) (available at www.copyright.gov/circs/circ.56a.pdf). The author of a

14   musical composition generally is the composer, and the lyricist (if a different

15   person). *Id.*

16       6.    More than 120 years after the melody to which the simple lyrics of

17   *Happy Birthday to You* is set was first published, defendant Warner/Chappell boldly,

18   but wrongfully and unlawfully, insists that it owns the copyright to *Happy Birthday*

19   *to You*, and with that copyright the exclusive right to authorize the Song's

20   reproduction, distribution, and public performances pursuant to federal copyright

21   law. Defendant Warner/Chappell either has silenced those wishing to record or

22   perform *Happy Birthday to You*, or has extracted millions of dollars in unlawful

23   licensing fees from those unwilling or unable to challenge its ownership claims.

24       7.    Irrefutable documentary evidence, some dating back to 1893, shows that

25   the copyright to *Happy Birthday to You*, if there ever was a valid copyright to any

26   part of the Song, expired no later than 1921 and that if defendant Warner/Chappell

27   owns any rights to *Happy Birthday to You*, those rights are limited to the extremely

28   narrow right to reproduce and distribute specific piano arrangements for the song

published in 1935.  Significantly, no court has ever adjudicated the validity or scope of the defendant's claimed interest in *Happy Birthday to You*, nor in the Song's melody or lyrics, which are themselves independent works.

8.     Plaintiffs GMTY, Siegel, and Rupa, on behalf of themselves and all others similarly situated, seek a declaration that *Happy Birthday to You* is dedicated to public use and is in the public domain as well as monetary damages and restitution of all the unlawful licensing fees that defendant Warner/Chappell improperly collected from Plaintiffs and all other Class members.

## PARTIES

9.     Plaintiff GMTY is a New York corporation with its principal place of business located in New York County.  Under a claim of copyright by defendant Warner/Chappell, on or about March 26, 2013, GMTY paid defendant Warner/Chappell the sum of $1,500 for a synchronization license to use *Happy Birthday to You* and on or about April 24, 2013, GMTY entered into a synchronization license with Warner/Chappell, as alleged more fully herein.

10.     Plaintiff Robert Siegel is the assignee of BIG FAN PRODUCTIONS, INC. ("BIG FAN"), an inactive New York corporation and a resident of New York, New York.  Under a claim of copyright by defendant Warner/Chappell, on or about September 1, 2009, BIG FAN paid to defendant Warner/Chappell the sum of $3,000 for the Synchronization Licenses to use *Happy Birthday to You*, as alleged more fully herein.  Plaintiff Siegel, the then-President of BIG FAN, was assigned BIG FAN's rights and claims, including those pertaining to the Synchronization License pursuant to Paragraph 7 thereof between defendant Warner/Chappell and BIG FAN, entered into on or about July 20, 2009.

11.     Plaintiff Rupa is a musician and leader of the band entitled "Rupa & The April Fishes" ("RTAF"), and a member of the American Society of Composers, Authors and Publishers ("ASCAP").  Plaintiff Rupa is a resident of San Mateo County, California. RTAF recorded *Happy Birthday to You* at a live show in San

1   Francisco, California, on April 27, 2013. Under a claim of copyright by defendant
2   Warner/Chappell, on or about June 17, 2013, Plaintiff Rupa d/b/a RTAF paid to
3   defendant Warner/Chappell the sum of $455 for a compulsory license pursuant to 17
4   U.S.C. § 115 (commonly known as a "mechanical license") to use *Happy Birthday*
5   *to You*, as alleged more fully herein.

6         12.   Defendant Warner/Chappell is a Delaware corporation with its principal
7   place of business located at 10585 Santa Monica Boulevard, Los Angeles, California
8   90025 and regularly conducts business within this Judicial District.

9                           **FACTUAL BACKGROUND**
10  *Good Morning to All and the Popular Adoption of Happy Birthday to You*
11        13.   Sometime prior to 1893, Mildred J. Hill ("Mildred Hill") and her sister
12  Patty Smith Hill ("Patty Hill") (Mildred and Patty Hill are collectively referred to as
13  the "Hill Sisters") authored a written manuscript containing sheet music for 73 songs
14  composed or arranged by Mildred Hill, with words written and adapted by Patty Hill.

15        14.   The manuscript included *Good Morning to All*, a song written by the
16  Hill Sisters.

17        15.   On or about February 1, 1893, the Hill Sisters sold and assigned all their
18  right, title, and interest in the written manuscript to Clayton F. Summy ("Summy") in
19  exchange for 10 percent of retail sales of the manuscript. The sale included the song
20  *Good Morning to All*.

21        16.   In or around 1893, Summy published the Hill Sisters' written
22  manuscript with an introduction by Anna E. Bryan ("Bryan") in a songbook titled
23  *Song Stories for the Kindergarten*. *Song Stories for the Kindergarten* included the
24  song *Good Morning to All*.

25        17.   On or about October 16, 1893, Summy filed a copyright application
26  (Reg. No. 45997) with the Copyright Office for *Song Stories for the Kindergarten*.

27        18.   On the October 16, 1893, copyright application, Summy claimed to be
28  the copyright's proprietor, but not the author of the copyrighted works.

-4-

19.     *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1893, by Clayton F. Summy."

20.     As proprietor of the 1893 copyright in *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

21.     The lyrics to *Good Morning to All* are:

Good morning to you

Good morning to you

Good morning dear children

Good morning to all.

22.     The lyrics to *Happy Birthday to You* are set to the melody from the song *Good Morning to All*.  As nearly everyone knows, the lyrics to *Happy Birthday to You* are:

Happy Birthday to You

Happy Birthday to You

Happy Birthday dear [NAME]

Happy Birthday to You.

23.     The lyrics to *Happy Birthday to You* were **not** published in *Song Stories for the Kindergarten*.

24.     On or about January 14, 1895, Summy incorporated the Clayton F. Summy Company ("Summy Co.") under the laws of the State of Illinois for a limited term of 25 years.  On that same date, Summy purported to assign all his right, title, and interest in *Song Stories for the Kindergarten* to Summy Co.

///

///

///

25. In 1896, Summy published a new, revised, illustrated, and enlarged version of *Song Stories for the Kindergarten*, which contained eight previously unpublished songs written by the Hill Sisters as well as illustrations by Margaret Byers.

26. On or about June 18, 1896, Summy filed a copyright application (Reg. No. 34260) with the Copyright Office for the 1896 publication of *Song Stories for the Kindergarten*.

27. On its June 18, 1896, copyright application, Summy again claimed to be the copyright's proprietor, but (again) not the author of the copyrighted works.

28. The 1896 version of *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1896, by Clayton F. Summy."

29. As proprietor of the 1896 copyright in the revised *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

30. The lyrics to *Happy Birthday to You* were **not** published in the 1896 version of *Song Stories for the Kindergarten*.

31. In 1899, Summy Co. published 17 songs from the 1893 version of *Song Stories for the Kindergarten* in a songbook titled *Song Stories for the Sunday School*. One of those songs included in *Song Stories for the Sunday School* was *Good Morning to All*.

32. On or about March 20, 1899, Summy Co. filed a copyright application (Reg. No. 20441) with the Copyright Office for *Song Stories for the Sunday School*.

33. On the 1899 copyright application, Summy Co. claimed to be the copyright's proprietor, but not the author of the copyrighted works.

///
///
///
///

34.     The title page to *Song Stories for the Sunday School* states:

This collection of songs has been published in response to earnest requests from various sources.  They are taken from the book, *Song Stories for the Kindergarten* by the MISSES HILL, and **are the copyright property of the publishers**.  (Emphasis added).

35.     *Song Stories for the Sunday School* bears a copyright notice reading "Copyright 1899 by Clayton F. Summy Co."

36.     As proprietor of the 1899 copyright in *Song Stories for the Sunday School*, Summy Co. owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

37.     The lyrics to *Happy Birthday to You* were **not** published in *Song Stories for the Sunday School*.

38.     Even though the lyrics to *Happy Birthday to You* and the song *Happy Birthday to You* had not been fixed in a tangible medium of expression, the public began singing *Happy Birthday to You* no later than the early 1900s.

39.     For example, in the January 1901 edition of *Inland Educator and Indiana School Journal*, the article entitled "First Grade Opening Exercises" described children singing the words "happy birthday to you," but did not print the Song's lyrics or melody.

40.     In or about February, 1907, Summy Co. republished the song *Good Morning to All* as an individual musical composition.

41.     On or about February 7, 1907, Summy Co. filed a copyright application (Reg. No. 142468) with the Copyright Office for the song *Good Morning to All*.

42.     The lyrics to *Happy Birthday to You* do **not** appear in the 1907 publication of *Good Morning to All*.

43.     In 1907, Fleming H. Revell Co. ("Revell") published the book *Tell Me a True Story*, arranged by Mary Stewart, which instructed readers to:

Sing: "Good-bye to you, good-bye to you, good-bye dear children, good-

bye to you." Also: "Good-bye dear teacher." (From "Song Stories for the Sunday-School," published by Summy & Co.)

Sing: "Happy Birthday to You." (Music same as "Good-bye to You.")

44. On or about May 18, 1909, Revell filed an application (Reg. No. A239690) with the Copyright Office for *Tell Me a True Story*.

45. *Tell Me a True Story* did **not** include the lyrics to *Happy Birthday to You*.

46. Upon information and belief, the lyrics to *Happy Birthday to You* (without the sheet music for the melody) were first published in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church ("Board of Sunday Schools") in *The Elementary Worker and His Work*, by Alice Jacobs and Ermina Chester Lincoln, as follows:

Happy birthday to you, Happy birthday to you, Happy birthday, dear John, Happy birthday to you. (Sung to the same tune as the "Good Morning") [NOTE: The songs and exercises referred to in this program may be found in these books:... "Song Stories for the Sunday School," by Patty Hill.]

47. On or about January 6, 1912, the Board of Sunday Schools filed a copyright application (Reg. No. A303752) with the Copyright Office for *The Elementary Worker and His Work*.

48. *The Elementary Worker and His Work* attributed authorship or identified the copyrights to many of the works included in the book. Significantly, it did **not** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

49. On or about January 14, 1920, Summy Co. was dissolved in accordance with its limited (not perpetual) 25-year term of incorporation. Summy Co. did not extend or renew the 1893 (Reg. No. 45997) or 1907 (Reg. No. 142468) copyrights prior to its dissolution.

///

///

50.     Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to the original *Song Stories for the Kindergarten*, *Song Stories for the Sunday School*, and *Good Morning to All* were vested solely in their proprietor, Summy Co.

51.     Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to the revised *Song Stories for the Kindergarten* were vested solely in their proprietor, Summy.

52.     The copyright to the original *Song Stories for the Kindergarten* (Reg. No. 45997) was not extended by Summy Co., and consequently expired on October 16, 1921.  The original *Song Stories for the Kindergarten*, including the song *Good Morning to All*, became dedicated to public use and fell into the public domain by no later than that date.

53.     The copyright to the revised *Song Stories for the Kindergarten* (Reg. No. 34260) was not extended by Summy, and consequently expired on June 18, 1924.  The revised *Song Stories for the Kindergarten* became dedicated to public use and fell into the public domain by no later than that date.

54.     In or around March 1924, the sheet music (with accompanying lyrics) to *Happy Birthday to You* was in a songbook titled *Harvest Hymns*, published, compiled, and edited by Robert H. Coleman ("Coleman").  Upon information and belief, *Harvest Hymns* was the first time the melody and lyrics of *Happy Birthday to You* were published together.

55.     Coleman did not claim authorship of the song entitled *Good Morning to You* or the lyrics to *Happy Birthday to You*.  Although *Harvest Hymns* attributed authorship or identified the copyrights to many of the works included in the book, it did ***not*** attribute authorship or identify any copyright for *Good Morning to You* or *Happy Birthday to You.*

///

///

///

56.    On or about March 4, 1924, Coleman filed a copyright application (Reg. No. A777586) with the Copyright Office for *Harvest Hymns*.  On or about February 11, 1952, the copyright was renewed (Reg. No. R90447) by the Sunday School Board of the Southern Baptist Convention.

57.    On or about April 15, 1925, Summy incorporated a new Clayton F. Summy Co. ("Summy Co. II") under the laws of the State of Illinois.  Upon information and belief, Summy Co. II was not a successor to Summy Co.; rather, it was incorporated as a new corporation.

58.    The sheet music (with accompanying lyrics) to *Happy Birthday to You* was again published in 1928 in the compilation *Children's Praise and Worship*, compiled and edited by A.L. Byers, Bessie L. Byrum, and Anna E. Koglin ("Byers, Byrum & Koglin").  Upon information and belief, *Children's Praise and Worship* was the first time the song was published under the title *Happy Birthday to You*.

59.    On or about April 7, 1928, Gospel Trumpet Co. ("Gospel") filed a copyright application (Reg. No. A1068883) with the Copyright Office for *Children's Praise and Worship*.

60.    *Children's Praise and Worship* attributed authorship or identified the copyrights to many of the works included in the book.  Significantly, it did ***not*** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

61.    *Children's Praise and Worship* did not provide any copyright notice for the combination of *Good Morning to All* with the lyrics to *Happy Birthday to You*, nor did it include the names of Mildred Hill or Patty Hill and did not attribute any authorship or ownership to the Hill Sisters.

62.    Upon information and belief, the Hill Sisters had not fixed the lyrics to *Happy Birthday to You* or the song *Happy Birthday to You* in a tangible medium of expression, if ever, at any time before Gospel published *Children's Praise and Worship* in 1928.

///

-10-

63.   Upon information and belief, Summy sold Summy Co. II to John F. Sengstack ("Sengstack") in or around 1930.

64.   Upon information and belief, on or about August 31, 1931, Sengstack incorporated a third Clayton F. Summy Co. ("Summy Co. III") under the laws of the State of Delaware.  Upon information and belief, Summy Co. III was not a successor to Summy Co. or Summy Co. II; rather, it was incorporated as a new corporation.

65.   On May 17, 1933, Summy Co. II was dissolved for failure to pay taxes.

66.   On July 28, 1933, *Happy Birthday to You* was used in the world's first singing telegram.

67.   On September 30, 1933, the Broadway show *As Thousands Cheer*, produced by Sam Harris with music and lyrics written by Irving Berlin, began using the song *Happy Birthday to You* in public performances.

68.   On August 14, 1934, Jessica Hill, a sister of Mildred Hill and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned *Hill v. Harris*, Eq. No. 78-350, claiming that the performance of *Happy to Birthday to You* in *As Thousands Cheer* infringed on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good Morning to All*.

69.   On January 21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp. in the Southern District of New York, captioned *Hill v. Federal Broadcasting Corp.*, Eq. No. 79-312, claiming infringement on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good Morning to All*.

70.   In 1934 and 1935, Jessica Hill sold and assigned to Summy Co. III certain piano arrangements of *Good Morning to All*, including publishing, public performance, and mechanical reproduction rights, copyright, and extension of

-11-

1  copyright in exchange for a percentage of the retail sales revenue from the sheet
2  music.

3      71.    On or about December 29, 1934, Summy Co. III filed an Application for
4  Copyright for Republished Musical Composition with new Copyright Matter (Reg.
5  No. E45655) with the Copyright Office for the song *Happy Birthday*.

6      72.    In that December 1934 Application for Copyright, Summy Co. III
7  claimed to be the proprietor of the copyright as a work for hire by Preston Ware
8  Orem ("Orem") and claimed the copyrighted new matter as "arrangement by piano
9  solo."

10      73.    The lyrics to *Happy Birthday to You* were not included on the work
11  registered with the Copyright Office as Reg. No. E45655.  The application did not
12  contain the names of the Hill Sisters and did not claim copyright in the lyrics to
13  *Happy Birthday to You* alone or in combination with the melody of *Good Morning to*
14  *All*.

15      74.    The work registered with the Copyright Office as Reg. No. E45655 was
16  not eligible for federal copyright protection in that it consisted entirely of information
17  that was common property and contained no original authorship, except as to the
18  arrangement itself.

19      75.    On or about February 18, 1935, Summy Co. III filed an Application for
20  Copyright for Republished Musical Composition with new Copyright Matter (Reg.
21  No. E46661) with the Copyright Office for the song *Happy Birthday*.

22      76.    In that February 1935 Application for Copyright, Summy Co. III
23  claimed to be the proprietor of the copyright as a work for hire by Orem and claimed
24  the copyrighted new matter as "arrangement for four hands at one piano."

25  ///
26  ///
27  ///
28  ///

77. The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E46661. The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

78. The work registered with the Copyright Office as Reg. No. E46661 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

79. On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47439) with the Copyright Office for the song *Happy Birthday*.

80. In that April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement of second piano part."

81. The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47439. The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

82. The work registered with the Copyright Office as Reg. No. E47439 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

83. On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47440) with the Copyright Office for the song *Happy Birthday*.

///

84.   In that additional April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for six hands at one piano."

85.   The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47440.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

86.   The work registered with the Copyright Office as Reg. No. E47440 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

87.   On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51988) with the Copyright Office for *Happy Birthday to You*.

88.   In that December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by R.R. Forman ("Forman") and claimed the copyrighted new matter as "arrangement for Unison Chorus and revised text."  The sheet music deposited with the application credited Forman only for the arrangement, not for any lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

89.   The lyrics to *Happy Birthday to You*, including a second verse as the revised text, were included on the work registered with the Copyright Office as Reg. No. E51988.   However, the December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

///

-14-

90.    The work registered with the Copyright Office as Reg. No. E51988 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

91.    The work registered as Reg. No. E51988 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

92.    On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51990) with the Copyright Office for *Happy Birthday to You*.

93.    In that additional December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement as easy piano solo, with text." The sheet music deposited with the application credited Orem only for the arrangement, not for any lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

94.    The lyrics to *Happy Birthday to You* were included on the work registered with the Copyright Office as Reg. No. E51990.  However, the additional December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters, did not contain the names of either of the Hill Sisters, and did not claim any copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

95.    The work registered with the Copyright Office as Reg. No. E51990 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

*///*

*///*

-15-

96.   The work registered as Reg. No. E51990 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish that work.

97.   Based upon information and belief, in or about February, 1938, Summy Co. III purported to grant to ASCAP the right to license *Happy Birthday to You* for public performances and to collect fees for such use on behalf of Summy Co. III. ASCAP thus began working as agent for Summy Co. III in collecting fees for Summy Co. III for licensing *Happy Birthday to You*.

98.   On or about June 8, 1942, Patty Hill and Jessica Hill assigned all of their interest in the 1893, 1896, 1899 and 1907 copyrights to The Hill Foundation.

99.   On October 15, 1942, The Hill Foundation commenced an action against Summy Co. III in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Case No. 19-377, for an accounting of the royalties received by Summy Co. III for the licensing of *Happy Birthday to You*. The Hill Foundation asserted claims under the 1893, 1896, 1899, and 1907 copyrights for *Good Morning to All* and did ***not*** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

100.   On March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Case No. 20-439, for infringement of the Hill Sisters' purported 1893, 1896, and 1899 copyrights to *Good Morning to All*. The Hill Foundation asserted claims only under the 1893, 1896, and 1899 copyrights for *Good Morning to All* and did ***not*** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

///

///

///

101.   Despite the filing of at least four prior cases in the Southern District of New York asserting copyrights to *Good Morning to All*, there has been no judicial determination of the validity or scope of any copyright related to *Good Morning to All*.

102.   In or about 1957, Summy Co. III changed its name to Summy-Birchard Company.

103.   In 1962, Summy Co. III (renamed as Summy-Birchard Company) filed renewals for each of the six registrations it obtained in 1934 and 1935 (Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990), each renewal was specifically and expressly confined to the musical arrangements.

104.   In particular, on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51988, as employer for hire of Forman.  Forman did not write the lyrics to *Happy Birthday to You* or the combination of those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor defendant Warner/Chappell has claimed otherwise.

105.   Also on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51990, as employer for hire of Orem.  Orem did not write the lyrics to *Happy Birthday to You* or the combination of those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor defendant Warner/Chappell has claimed otherwise.

106.   Summy-Birchard Company was renamed Birch Tree Ltd. in the 1970s and was acquired by Warner/Chappell in or about 1998.

### *Happy Birthday to You – 100 Years Later*

107.   According to a 1999 press release by ASCAP, *Happy Birthday to You* was the most popular song of the 20th Century.

108.   The 1998 edition of the *Guinness Book of World Records* identified *Happy Birthday to You* as the most recognized song in the English language.

///

1    109.  Defendant Warner/Chappell currently claims it owns the exclusive
2    copyright to *Happy Birthday to You* based on the piano arrangements that Summy
3    Co. III published in 1935.

4    110.  ASCAP provides non-dramatic public performance licenses to bars,
5    clubs, websites, and many other venues.  ASCAP "blanket licenses" grant the
6    licensee the right to publicly perform any or all of the over 8.5 million songs in
7    ASCAP's repertory in exchange for an annual fee. The non-dramatic public
8    performance license royalties are distributed to ASCAP members based on surveys
9    of performances of each ASCAP repertory song across different media.  As an
10   ASCAP member and assignee of the copyrights in *Happy Birthday to You*,
11   Defendant Warner/Chappell obtains a share of blanket license revenue that would
12   otherwise be paid to all other ASCAP members, in proportion to their songs' survey
13   shares.

14   ***Plaintiff GMTY's Use of Happy Birthday to You***

15   108.  Plaintiff GMTY is producing a documentary movie, tentatively titled
16   *Happy Birthday*, about the song *Happy Birthday to You*.

17   109.  In one of the proposed scenes to be included in *Happy Birthday*, the
18   song *Happy Birthday to You* is to be sung.

19   110.  During the production process, plaintiff GMTY learned that defendant
20   Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*.

21   111.  Accordingly, in September 2012, plaintiff requested a quote from
22   Warner/Chappell for a synchronization license to use *Happy Birthday to You* from
23   Warner/Chappell's website.

24   112.  On or about September 18, 2012, defendant Warner/Chappell responded
25   to plaintiff GMTY's inquiry by demanding that GMTY pay it the sum of $1,500 and
26   enter into a synchronization license agreement to use *Happy Birthday to You*.

27   113.  On or about March 12, 2013, defendant Warner/Chappell again
28   contacted plaintiff GMTY and insisted that GMTY was not authorized to use *Happy*

-18-

*Birthday to You* unless it paid the licensing fee of $1,500 and entered into the synchronization license that Warner/Chappell demanded.

114. Because defendant Warner/Chappell notified plaintiff GMTY that it claimed exclusive copyright ownership of *Happy Birthday to You*, GMTY faced a statutory penalty of up to $150,000 under the Copyright Act if it used the song without Warner/Chappell's permission if Warner/Chappell, in fact, owned the copyright that it claimed.

115. Faced with a threat of substantial penalties for copyright infringement, on or about March 26, 2013, plaintiff GMTY was forced to and did pay defendant Warner/Chappell the sum of $1,500 for a synchronization license and, on or about April 24, 2013, GMTY was forced to and did enter into the synchronization license agreement to use *Happy Birthday to You.*

**Plaintiff Siegel's Use of Happy Birthday to You**

116. BIG FAN produced a movie titled *Big Fan.*

117. In one of the scenes in *Big Fan*, the song *Happy Birthday to You* was sung.

118. During the production process, Plaintiff Siegel learned that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You.*

119. Accordingly, in July 2009, Plaintiff Siegel requested a quote from Warner/Chappell for a Synchronization License to use *Happy Birthday to You* in *Big Fan.*

120. On or about July 20, 2009, defendant Warner/Chappell responded to plaintiff Siegel's inquiry by demanding that BIG FAN pay it the sum of $3,000 and enter into a Synchronization License for use of *Happy Birthday to You.*

121. Because Defendant Warner/Chappell notified BIG FAN that it claimed exclusive copyright ownership of *Happy Birthday to You*, BIG FAN faced a statutory penalty of $150,000 under the Copyright Act, 17 U.S.C. § 101 *et seq.* if

1   BIG FAN used the Song without Warner/Chappell's permission and
2   Warner/Chappell, in fact, owned the copyright that it claimed.

3       122. On July 20, 2009, Plaintiff Siegel as President of BIG FAN executed the
4   Synchronization License with Warner/Chappell and agreed to pay $3,000 based upon
5   *Big Fan's* theatrical release.

6       123. Faced with a threat of substantial penalties for copyright infringement,
7   on or about September 1, 2009, BIG FAN was forced to, and did, pay defendant
8   Warner/Chappell the sum of $3,000 pursuant to the Synchronization License.

9   ***Rupa's Performance of Happy Birthday to You***

10       124. Plaintiff Rupa d/b/a RTAF recorded the song *Happy Birthday to You* at
11   a live show in San Francisco, to be released as part of a "live" album. She learned
12   that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy*
13   *Birthday to You*, including the right to issue mechanical licenses.

14       125. Section 115 of the Copyright Act provides for compulsory licenses for
15   the distribution of phonorecords and digital phonorecord deliveries (*i.e.*, Web-based
16   "downloads") of musical compositions. Failure to obtain such a license prior to
17   distribution of a cover version of a song constitutes a copyright infringement subject
18   to the full remedies of the Copyright Act.

19       126. Accordingly, on June 17, 2013, Plaintiff Rupa provided a Notice of
20   Intention to Obtain Compulsory License to Warner/Chappell and paid
21   Warner/Chappell $455 for a mechanical license for the reproduction and distribution
22   of 5,000 copies of the Song.

23   **CLASS ALLEGATIONS**

24       127. Plaintiffs GMTY, Siegel, and Rupa bring this action under Federal
25   Rules of Civil Procedure 23(a) and (b) as a class action on behalf of themselves and
26   all others similarly situated for the purpose of asserting the claims alleged in this
27   Consolidated First Amended Complaint on a common basis.
28   ///

128.   The proposed Class is comprised of:

**All persons or entities (excluding Warner/Chappell's directors, officers, employees, and affiliates) who entered into a license with Warner/Chappell, or paid Warner/Chappell, directly or indirectly through its agents, a licensing fee for the song *Happy Birthday to You* at any time from June 18, 2009, until Warner/Chappell's conduct as alleged herein has ceased.**

129.   Although Plaintiffs GMTY, Siegel, and Rupa do not know the exact size of the Class or the identities of all members of the Class, upon information and belief that information can be readily obtained from the books and records of defendant Warner/Chappell.  Plaintiffs believe that the Class includes thousands of persons or entities who are widely geographically disbursed.  Thus, the proposed Class is so numerous that joinder of all members is impracticable.

130.   The claims of all members of the Class involve common questions of law and fact including:

a.    whether *Happy Birthday to You* is in the public domain and dedicated to public use;

b.    whether Warner/Chappell is the exclusive owner of the copyright to *Happy Birthday to You* and is thus entitled to all of the rights conferred in 17 U.S.C. § 102;

c.    whether Warner/Chappell has the right to collect fees for the use of *Happy Birthday to You*;

d.    whether Warner/Chappell has violated the law by demanding and collecting fees for the use of *Happy Birthday to You* despite not having a valid copyright to the song; and

e.    whether Warner/Chappell is required to return unlawfully obtained payments to plaintiffs GMTY, Siegel, and Rupa and the other members of the Class and, if so, what amount is to be returned.

-21-

131.  With respect to Claim III, the common questions of law and fact predominate over any potential individual issues.

132.  Plaintiffs GMTY, Siegel, and Rupa 's claims are typical of the claims of all other members of the Class and plaintiffs GMTY, Siegel, and Rupa 's interests do not conflict with the interests of any other member of the Class, in that plaintiffs and the other members of the Class were subjected to the same unlawful conduct.

133.  Plaintiffs GMTY, Siegel, and Rupa  are committed to the vigorous prosecution of this action and have retained competent legal counsel experienced in class action and complex litigation.

134.  Plaintiffs are adequate representatives of the Class and, together with their attorneys, are able to and will fairly and adequately protect the interests of the Class and its members.

135.  A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein.  Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims.

136.  Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

137.  Plaintiffs GMTY, Siegel, and Rupa anticipate no difficulty in the management of this litigation as a class action.

## FIRST CLAIM FOR RELIEF
### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201
#### (On Behalf Of Plaintiffs And The Class)
#### (Against Defendant Warner/Chappell)

138.  Plaintiffs repeat and reallege paragraphs 1 through 137 set forth above as though they were fully set forth herein.

139.   Plaintiffs bring these claims individually on behalf of themselves and on behalf of the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

140.   Plaintiffs seek adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in connection with defendant Warner/Chappell's purported copyright claim to *Happy Birthday to You.* Plaintiffs seek the Court's declaration that the Copyright Act does not bestow upon Warner/Chappell the rights it has asserted and enforced against plaintiffs and the other members of the Class.

141.   Defendant Warner/Chappell asserts that it is entitled to royalties pursuant to 17 U.S.C. § 115 for the creation and distribution of phonorecords and digital downloads of the composition *Happy Birthday to You,* under threat of a claim of copyright infringement.

142.   Defendant Warner/Chappell demanded that plaintiff GMTY enter into a synchronization license agreement to use *Happy Birthday to You* and pay Warner/Chappell the sum of $1,500 for that synchronization license based upon its claim of copyright ownership.  Warner/Chappell's demand was coercive in nature, and GMTY's entering into the license agreement and payment of $1,500 was involuntary.

143.   Plaintiff GMTY's claim presents a justiciable controversy because plaintiff GMTY's agreement to pay defendant Warner/Chappell and its actual ***payment*** to Warner/Chappell for use of the song *Happy Birthday to You* in its film was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that plaintiff GMTY would be exposed to substantial statutory penalties under the Copyright Act had it failed to enter such an agreement and pay Warner/Chappell the price it demanded.

144.   Defendant Warner/Chappell demanded that BIG FAN as assignor of plaintiff Siegel enter into the Synchronization License agreement to use *Happy*

-23-

1  *Birthday to You* and pay Warner/Chappell the sum of $3,000 for that
2  Synchronization License based upon its claim of copyright ownership.
3  Warner/Chappell's demand was coercive in nature, and BIG FAN'S entering into the
4  Synchronization License and payment of $3,000 was involuntary.

5      145. Plaintiff Siegel's claim presents a justiciable controversy because
6  plaintiff Siegel's agreement to pay defendant Warner/Chappell and its actual
7  ***payment*** to Warner/Chappell for use of the song *Happy Birthday to You* in its film
8  *Big Fan*, was the involuntary result of Warner/Chappell's assertion of a copyright
9  and the risk that plaintiff Siegel would be exposed to substantial statutory penalties
10 under the Copyright Act had it failed to enter such an agreement and pay
11 Warner/Chappell the price it demanded, but then used the Song in its film anyway.

12     146. Plaintiff Rupa's claim presents a justiciable controversy because
13 plaintiff Rupa's agreement to pay defendant Warner/Chappell and its actual ***payment***
14 to Warner/Chappell for use of the song *Happy Birthday to You* in her album, was the
15 involuntary result of Warner/Chappell's assertion of a copyright and the risk that
16 plaintiff Rupa would be exposed to substantial statutory penalties under the
17 Copyright Act had she failed to enter such an agreement and pay Warner/Chappell
18 standard mechanical license royalties it demanded, but then paid for the mechanical
19 license anyway.

20     147. Plaintiffs seek the Court's determination as to whether defendant
21 Warner/Chappell is entitled to assert ownership of the copyright to *Happy Birthday*
22 *to You* against plaintiffs pursuant to the Copyright Act as Warner/Chappell claims, or
23 whether Warner/Chappell is wielding a false claim of ownership to inhibit Plaintiffs'
24 use and enjoyment (and the public's use and enjoyment) of intellectual property
25 which is rightfully in the public domain.

26     148. If and to the extent that defendant Warner/Chappell relies upon the
27 1893, 1896, 1899, or 1907 copyrights for the melody for *Good Morning to All*, those
28 copyrights expired or were forfeited as alleged herein.

149.  As alleged above, the 1893 and 1896 copyrights to the original and revised versions of *Song Stories for the Kindergarten*, which contained the song *Good Morning to All*, were not renewed by Summy Co. or Summy and accordingly expired in 1921 and 1924, respectively.

150.  As alleged above, the 1893 copyright to *Song Stories for the Kindergarten* and the 1899 copyright to *Song Stories for the Sunday School*, which contained *Good Morning to All*, and the 1907 copyright to *Good Morning to All* were not renewed by Summy Co. before Summy Co. was dissolved in 1920 and accordingly, those copyrights expired in 1927 and 1935, respectively.

151.  The 1893, 1896, 1899, and 1907 copyrights to *Good Morning to All* were forfeited by the republication of *Good Morning to All* in 1921 without proper notice of its original 1893 copyright.

152.  The copyright to *Good Morning to All* expired in 1921 because the 1893 copyright to *Song Stories for the Kindergarten* was not properly renewed.

153.  The piano arrangements for *Happy Birthday to You* published by Summy Co. III in 1935 (Reg. Nos. E51988 and E51990) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the piano arrangements themselves.

154.  The 1934 and 1935 copyrights pertained only to the piano arrangements, not to the melody or lyrics of the song *Happy Birthday to You*.

155.  The registration certificates for *The Elementary Worker and His Work* in 1912, *Harvest Hymns* in 1924, and *Children's Praise and Worship* in 1928, which did not attribute authorship of the lyrics to *Happy Birthday to You* to anyone, are *prima facie* evidence that the lyrics were not authored by the Hill Sisters.

156.  If declaratory relief is not granted, defendant Warner/Chappell will continue wrongfully to assert the exclusive copyright to *Happy Birthday to You* at least until 2030, when the current term of the copyright expires under existing copyright law.

157.   Plaintiffs therefore request a declaration that:

(a)   defendant Warner/Chappell does not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly perform, *Happy Birthday To You*;

(b)   defendant Warner/Chappell does not own the exclusive right to demand or grant a license for use of *Happy Birthday To You*; and

(c)   *Happy Birthday to You* is in the public domain and is dedicated to the public use.

**SECOND CLAIM FOR RELIEF**

**UPON ENTRY OF DECLARATORY JUDGMENT**

**DECLARATORY AND INJUNCTIVE RELIEF**

**PURSUANT TO 28 U.S.C § 2202**

**(On Behalf of Plaintiffs and the Class)**

**(Against Defendant Warner/Chappell)**

158.   Plaintiffs repeat and reallege paragraphs 1 through 157 set forth above as though they were fully set forth herein.

159.   Plaintiffs bring these claims individually on their own behalf and on behalf of the Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

160.   Under 28 U.S.C. § 2202 empowers this Court to grant, "necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

161.   Plaintiffs and the other proposed Class members have been harmed, and defendant Warner/Chappell has been unjustly enriched, by Warner/Chappell's takings.

162.   Plaintiffs seek relief for themselves and the other members of the proposed Class upon the entry of declaratory judgment upon Claim I, as follows:

(a)   an injunction to prevent defendant Warner/Chappell from making

1   further representations of ownership of the copyright to *Happy Birthday To*
2   *You*;

3   (b)   restitution to plaintiffs and the other Class members of license fees paid
4   to defendant Warner/Chappell, directly or indirectly through its agents, in
5   connection with the purported licenses it granted to Plaintiffs GMTY, Siegel,
6   and Rupa and the other Class members;

7   (c)   an accounting for all monetary benefits obtained by defendant
8   Warner/Chappell, directly or indirectly through its agents, from plaintiffs and
9   the other Class members in connection with its claim to ownership of the
10   copyright to *Happy Birthday to You*; and

11   (d)   such other further and proper relief as this Court sees fit.

12   **THIRD CLAIM FOR RELIEF**
13   **UNFAIR BUSINESS ACTS AND PRACTICES IN VIOLATION OF**
14   **CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200 *ET SEQ.***
15   **(On Behalf of Plaintiffs and the Class)**
16   **(Against Defendant Warner/Chappell)**

17   163.   Plaintiffs repeat and reallege paragraphs 1 through 162 set forth above
18   as though they were fully set forth herein.

19   164.   Plaintiffs GMTY, Siegel, and Rupa, bring these claims individually on
20   their own behalf, and also on behalf of the Class pursuant to Rule 23(b)(3) of the
21   Federal Rules of Civil Procedure.

22   165.   As alleged herein, Plaintiffs GMTY, Siegel, and Rupa and the other
23   Class members have paid licensing fees to defendant Warner/Chappell and have
24   therefore suffered injury in fact and have lost money or property as a result of
25   defendant Warner/Chappell's conduct.

26   166.   California's Unfair Competition Laws, Business & Professions Code §§
27   17200 *et seq.* ("UCL"), prohibit any unlawful or unfair business act or practice.
28   ///

-27-

167.   UCL § 17200 further prohibits any fraudulent business act or practice.

168.   Defendant Warner/Chappell's actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were unfair, false, misleading, and likely to deceive the consuming public within the meaning of UCL §§ 17200, 17500.

169.   Defendant Warner/Chappell's conduct in exerting control over exclusive copyright ownership to *Happy Birthday to You* to extract licensing fees is deceptive and misleading because Warner/Chappell does not own the rights to *Happy Birthday to You*.

170.   Plaintiffs and the other members of the Class have, in fact, been deceived as a result of their reasonable reliance upon defendant Warner/Chappell's materially false and misleading statements and omissions, as alleged above.

171.   As a result of defendant Warner/Chappell's unfair and fraudulent acts and practices as alleged above, plaintiffs and the other Class members have suffered substantial monetary injuries.

172.   Plaintiffs and the other Class members reserve the right to allege other violations of law which constitute other unfair or deceptive business acts or practices. Such conduct is ongoing and continues to this date.

173.   As a result of its deception, defendant Warner/Chappell has been able to reap unjust revenue and profit.

174.   Upon information and belief, defendant Warner/Chappell has collected and continues to collect at least $2 million per year in licensing fees for *Happy Birthday to You*. Therefore, the amount in controversy exceeds $5 million in the aggregate.

175.   Unless restrained and enjoined, defendant Warner/Chappell will continue to engage in the above-described conduct. Accordingly, injunctive relief is appropriate.

///

176. Plaintiffs, individually on their own behalf and on behalf of the other members of the Class, seek restitution and disgorgement of all money obtained from plaintiffs and the other members of the Class, collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with UCL § 17203.

## FOURTH CLAIM FOR RELIEF

### COMMON COUNT FOR MONEY HAD AND RECEIVED

### (On Behalf of Plaintiffs and the Class)

### (Against Defendant Warner/Chappell)

177. Plaintiffs repeat and reallege paragraphs 1 through 176 set forth above as though they were fully set forth herein.

178. Within the last four years Defendant Warner/Chappell became indebted to Plaintiffs and all class members for money had and received by Defendant Warner/Chappell for the use and benefit of Plaintiffs and class members. The money in equity and good conscience belongs to Plaintiffs and class members.

## FIFTH CLAIM FOR RELIEF

### RECISSION FOR FAILURE OF CONSIDERATION,

### (On Behalf of Plaintiffs and the Class)

### (Against Defendant Warner/Chappell)

179. Plaintiffs repeat and reallege paragraphs 1 through 178 set forth above as though they were fully set forth herein.

180. Defendant's purported licenses were worthless and ineffective, and do not constitute a valid consideration.

181. The complete lack of consideration obviates any need for notice to Defendant.

///

///

///

-29-

## SIXTH CLAIM FOR RELIEF

## FALSE ADVERTISING, CAL. BUS. & PROF. CODE §§ 17500 ET SEQ.

### (On Behalf of Plaintiffs and the Class)

### (Against Defendant Warner/Chappell)

182.   Plaintiffs repeat and reallege paragraphs 1 through 181 set forth above as though they were fully set forth herein.

183.   On information and belief, defendant Warner/Chappell intended to induce the public to enter into an obligation related to its alleged property, namely the composition *Happy Birthday to You*.

184.   Defendant Warner/Chappell publicly disseminated advertising which contained statements which were untrue and misleading and which concerned the composition *Happy Birthday to You*, for which they improperly sought and received licensing fees. Defendant knew, or in the exercise of reasonable care should have known, that these statements were untrue and misleading.

185.   Plaintiffs and class members have suffered injury in fact and have lost money as a result of such unfair competition.

## DEMAND FOR JURY TRIAL

Plaintiffs GMTY, Siegel, and Rupa hereby demand a trial by jury to the extent that the allegations contained herein are triable by jury under Federal Rules of Civil Procedure 38-39.

## PRAYER RELIEF

**WHEREFORE**, Plaintiffs GMTY, Siegel, and Rupa , on behalf of themselves and the other members of the Class, pray for judgment against defendant Warner/Chappell as follows:

A.      certifying the Class as requested herein;

B.      declaring that the song *Happy Birthday to You* is not protected by federal copyright law, is dedicated to public use, and is in the public domain;

-30-

C.      permanently enjoining defendant Warner/Chappell from asserting any copyright to the song *Happy Birthday to You*;

D.      permanently enjoining defendant Warner/Chappell from charging or collecting any licensing or other fees for use of the song *Happy Birthday to You*;

E.      imposing a constructive trust upon the money defendant Warner/Chappell unlawfully collected from plaintiffs, the other members of the Class, and ASCAP for use of the song *Happy Birthday to You*;

F.      ordering defendant Warner/Chappell to return to Plaintiffs and the other members of the Class all the licensing or other fees it has collected from them, directly or indirectly through its agents, for use of the song *Happy Birthday to You*, together with interest thereon;

G.      awarding Plaintiffs and the other members of the Class restitution for defendant Warner/Chappell's prior acts and practices;

H.      awarding Plaintiffs and the Class reasonable attorneys' fees and costs; and

I.      granting such other and further relief as the Court deems just and proper.

Dated: July 26, 2013                   WOLF HALDENSTEIN ADLER
                                       FREEMAN & HERZ LLP


                                       *Betsy C Manifold*
                                       BETSY C. MANIFOLD

                                       FRANCIS M. GREGOREK
                                       BETSY C. MANIFOLD
                                       RACHELE R. RICKERT
                                       MARISA C. LIVESAY
                                       750 B Street, Suite 2770

San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599
gregorek@whafh.com
manifold@whafh.com
rickert@whafh.com
livesay@whafh.com

WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
MARK C. RIFKIN (*pro hac vice* pending)
JANINE POLLACK (*pro hac vice* pending)
BETH A. LANDES (*pro hac vice* pending)
GITI BAGHBAN
270 Madison Avenue
New York, NY  10016
Telephone:  212/545-4600
Facsimile:  212-545-4753
rifkin@whafh.com
pollack@whafh.com
landes@whafh.com
baghban@whafh.com

Dated:  July 26, 2013          RANDALL S. NEWMAN PC

                               *Randall S Newman*
                               RANDALL S. NEWMAN
                               RANDALL S. NEWMAN (190547)
                               37 Wall Street, Penthouse D
                               New York, NY 10005
                               Telephone:  212/797-3737
                               Facsimile:  212/797-3172
                               rsn@randallnewman.net

Dated:  July 26, 2013          DONAHUE GALLAGHER WOODS LLP

                               *Daniel J Schacht*
                               DANIEL J. SCHACHT

-32-

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
DONAHUE GALLAGHER WOODS LLP
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone:  510/451-0544
Facsimile:   510/832-1486

*Attorneys for Plaintiffs*

WARNER:20096.cons.comp

-33-