1  GLENN D. POMERANTZ (State Bar No. 112503)
   glenn.pomerantz@mto.com
2  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
3  ADAM I. KAPLAN (State Bar No. 268182)
   adam.kaplan@mto.com
4  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
5  Thirty-Fifth Floor
   Los Angeles, California 90071-1560
6  Telephone:  (213) 683-9100
   Facsimile:   (213) 687-3702
7
   Attorneys for Defendants
8  Warner/Chappell Music, Inc. and
   Summy-Birchard, Inc.
9
10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION

12 RUPA MARYA, *et al*.                Lead Case No. CV 13-04460-GHK
                                       (MRWx)
13          Plaintiffs,
                                       **DEFENDANTS' NOTICE OF**
14 v.                                  **MOTION AND MOTION TO**
                                       **DISMISS SECOND AMENDED**
15 WARNER/CHAPPELL MUSIC, INC.,        **CONSOLIDATED CLASS ACTION**
                                       **COMPLAINT AND/OR MOTION TO**
16          Defendant.                 **STRIKE PLAINTIFFS' PROPOSED**
                                       **CLASS DEFINITION;**
17                                     **MEMORANDUM OF POINTS AND**
                                       **AUTHORITIES IN SUPPORT**
18                                     **THEREOF; DECLARATION OF**
                                       **KELLY M. KLAUS**
19
                                       Date:      September 30, 2013
20                                     Time:      9:30 a.m.
                                       Courtroom: 650 (Roybal)
21                                     Judge: Hon. George H. King, Chief Judge

22 ────────────────────────────
   MAJAR PRODUCTIONS, LLC, On
23 Behalf of Itself and All Others
   Similarly Situated,
24
            Plaintiff,
25                                     Case No. CV 13-05164-GJK (MRWx)
26 v.

27 WARNER/CHAPPELL MUSIC, INC.,
   and SUMMY-BIRCHARD, INC.,
28
            Defendants.

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

    **PLEASE TAKE NOTICE** that on September 30, 2013, at 9:30 a.m., or as soon thereafter as this matter may be heard before the Honorable George H. King, Chief Judge, in Courtroom 650 of the Edward R. Roybal Federal Building, located at 255 E. Temple Street, Los Angeles, California 90012, Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. ("Summy-Birchard," and jointly with Warner/Chappell Music, Inc., "Warner/Chappell") will and hereby do move this Court, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for an order dismissing the third, fourth, fifth, sixth and seventh claims for relief in Plaintiffs' Second Amended Consolidated Class Action Complaint ("SAC"); dismissing the claims of Plaintiff Majar Productions, LLC ("Majar") and Plaintiff Robert Siegel ("Siegel"); and dismissing Plaintiffs' proposed class definition to the extent that it exceeds three years prior to the first of the complaints filed in the these cases. With respect to the class period, if the Court determines that this issue should be raised by motion to strike, then Warner/Chappell moves in the alternative, pursuant to Rule 12(f), for an order striking the class period to the extent that it exceeds three years prior to the first of the complaints filed in these cases.[1]

---

[1] The accompanying Memorandum of Points and Authorities references the parties, causes of action, and paragraph numbers of the SAC. Plaintiffs have not yet filed the SAC because the parties' Stipulation and [Proposed] Order consolidating Case No. CV 13-04460-GHK (MRWx) (*Marya et al. v. Warner/Chappell Music, Inc.*) and Case No. CV 13-05164-GHK (MRWx) (*Majar v. Warner/Chappell Music, Inc. and Summy-Birchard, Inc.*) remains pending as of the date of this submission. Plaintiffs' counsel has stated that, if this Court determines that the SAC should not be filed in accordance with the pending Stipulation, Plaintiffs do not object to this Motion serving as Warner/Chappell's response under Rule 12 to both the consolidated complaint in *Marya et al.* and the complaint in *Majar*. Klaus Decl. ¶ 3. A copy of the SAC is appended to the Memorandum of Points and Authorities as Exhibit A to the Klaus declaration, for the Court's convenience. If the Court does not approve the filing of the SAC, Warner/Chappell will file a supplemental

NOTICE OF MOTION
AND MOTION TO DISMISS

1      This Motion is made on the grounds that:

2      1.     The Copyright Act, 17 U.S.C. § 301(a), preempts Plaintiffs' third,

3  fourth, fifth, sixth and seventh claims for relief under state law;

4      2.     Plaintiffs fail to plead their third and seventh claims for relief in a

5  manner sufficient to state a claim under Rules 8(a) and 9(b);

6      3.     Plaintiffs' sixth claim for relief states a remedy, not a cause of action;

7      4.     The only claims that remain for any Plaintiff or class member should be

8  limited to a three-year limitations period, rather than the four-year period Plaintiffs

9  plead in the SAC; and

10     5.     All of the claims of Plaintiff Majar and Plaintiff Siegel fail to state

11  claims for relief and/or are barred by the applicable statutes of limitations.  Since

12  these Plaintiffs have no remaining claims, the Court should dismiss them from the

13  case.

14     This Motion is made following the conference of counsel pursuant to Civil

15  L.R. 7-3 that took place on August 21, 2013, and subsequent email correspondence

16  between the parties.  This Motion is based upon this Notice of Motion and Motion,

17  the accompanying Memorandum of Points and Authorities, all the pleadings and

18  documents on file herein, such other oral and documentary evidence as may be

19  presented at or before the time of the hearing on this Motion, and all facts of which

20  this Court may take judicial notice.

21

22

23

24

25

26

---

27  memorandum identifying the paragraphs of the *Marya et al.* consolidated complaint

28  and the *Majar* complaint that correspond with the citations in this Motion.

NOTICE OF MOTION
AND MOTION TO DISMISS

1   DATED:  August 30, 2013        MUNGER, TOLLES & OLSON LLP

2

3

4                             By:       */s/ Kelly M. Klaus*

5                                    KELLY M. KLAUS

6                             Attorneys for Defendants Warner/Chappell

7                             Music, Inc. and Summy-Birchard, Inc.

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

NOTICE OF MOTION
AND MOTION TO DISMISS

# TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ................................................................................1

II.   FACTUAL BACKGROUND...............................................................2

III.  ARGUMENT .......................................................................................5

    A.    Standards Governing This Motion .........................................5

    B.    The Copyright Act Preempts All of Plaintiffs' State-Law Claims .........6

        1.    The Copyright Act Broadly Preempts State-Law Claims Concerning the Subject Matter of Copyright and the Copyright Owner's Exclusive Rights .......................6

        2.    Section 301(a) Preempts Each of Plaintiffs' State-Law Claims..........................................................7

        3.    Plaintiffs Do Not Avoid § 301(a) Because They Seek a Declaration of Copyright Invalidity ........................ 12

    C.    Even If Not Preempted, Several of Plaintiffs' State-Law Claims Fail to Plead Claims for Relief ........................................ 13

        1.    Plaintiffs' UCL and FAL Claims Do Not State Plausible Claims, Let Alone Meet the Requirements of Rule 9(b) .......... 13

        2.    Plaintiffs' Claim for Rescission Asserts a Remedy, Not a Cause of Action.............................................. 18

    D.    All of Plaintiffs' Claims That Are Outside the Three-Year Limitations Period Are Time-Barred ...................................... 18

        1.    Three-Year Limitations Periods Govern Copyright, FAL and Money-Had-and-Received Claims......................... 18

        2.    Plaintiffs Majar and Siegel Have No Timely Claims, and Their Claims Should Be Dismissed ......................... 20

    E.    Preempted and Time-Barred Claims and Plaintiffs Should Be Dismissed, or Stricken, with Prejudice ................................ 21

IV.  CONCLUSION.................................................................................. 21

# TABLE OF AUTHORITIES

**Page**

## FEDERAL CASES

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)............................................................... 2, 5, 15, 16

*Barclays Capital Inc. v. TheFlyOnTheWall.Com, Inc.*,
   650 F.3d 876 (2d Cir. 2011)........................................................... 12

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007)............................................................... 2, 5, 15

*Blue Nile, Inc. v. Ice.com, Inc.*,
   478 F. Supp. 2d 1240 (W.D. Wash. 2007)......................................... 12

*Brooks v. Gomez*,
   2013 WL 496339 (N.D. Cal. Feb. 7, 2013) .................................... 16

*Campbell v. PricewaterhouseCoopers*,
   2008 WL 3836972 (E.D. Cal. Aug. 14, 2008)............................. 19, 20

*Del Madera Props. v. Rhodes & Gardner, Inc.*,
   820 F.2d 973 (9th Cir. 1987) ...................................................... 10

*G.S. Rasmussen & Assocs., Inc. v. Kalitta Flying Serv., Inc.*,
   958 F.2d 896 (9th Cir. 1992) ........................................................6

*Gardner v. Martino*,
   563 F.3d 981 (9th Cir. 2009) ...................................................... 21

*Hinton v. Pacific Enters.*,
   5 F.3d 391 (9th Cir. 1993) .......................................................... 21

*Idema v. Dreamworks, Inc.*,
   162 F. Supp. 2d 1129 (C.D. Cal. 2001) ................................... passim

*Jacobsen v. Katzer*,
   609 F. Supp. 2d 925 (N.D. Cal. 2009) ....................................... 7, 11

*Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n*,
   857 F.2d 514 (9th Cir. 1988) ...................................................... 21

1

**TABLE OF AUTHORITIES**

2

Page

3 *Kearns v. Ford Motor Co.*,
4     567 F.3d 1120 (9th Cir. 2009) ................................................ 6, 14, 15

5 *Keilholtz v. Lennox Hearth Products Inc.*,
6     2009 WL 2905960 (N.D. Cal. Sept. 8, 2009) ............................ 19, 20

7 *Kodadek v. MTV Networks, Inc.*,
8     152 F.3d 1209 (9th Cir. 1998) ............................................ 1, 7, 12, 13

9 *Leadsinger, Inc. v. BMG Music Publishing*,
    512 F.3d 522 (9th Cir. 2008) ........................................................ 9

10 *Litchfield v. Spielberg*,
11     736 F.2d 1352 (9th Cir. 1984) ..................................................... 12

12 *Madani v. Shell Oil Co.*,
13     2008 WL 7856015 (C.D. Cal. July 11, 2008) ............................. 21

14 *Motown Record Corp. v. George A. Hormel & Co.*,
15     657 F. Supp. 1236 (C.D. Cal. 1987) ....................................... 7, 11

16 *MRC II Distrib. Co. v. Coelho*,
17     2012 WL 3810257 (C.D. Cal. Sept. 4, 2012) ............................... 9

18 *NBA v. Motorola, Inc.*,
    105 F.3d 841 (2d Cir. 1997) ........................................................ 12

19

20 *Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
    167 F. Supp. 2d 1114 (C.D. Cal. 2001) ........................................ 7

21 *Pippen v. NBCUniversal Media LLC*,
22     2013 WL 4450590 (7th Cir. Aug. 21, 2013) .............................. 16

23 *ProCD, Inc. v. Zeidenberg*,
24     86 F.3d 1447 (7th Cir. 1996) ...................................................... 12

25 *Santa-Rosa v. Combo Records*,
26     471 F.3d 224 (1st Cir. 2006) ....................................................... 11

27 *Selby v. New Line Cinema Corp.*,
28     96 F. Supp. 2d 1053 (C.D. Cal. 2000) ....................................... 11

# TABLE OF AUTHORITIES

**Page**

*Shabaz v. Polo Ralph Lauren Corp.,*
    586 F. Supp. 2d 1205 (C.D. Cal. 2008) ........................................ 19, 20

*Stewart v. U.S. Bancorp,*
    297 F.3d 953 (9th Cir. 2002) ...........................................................7

*Stewart v. Wachowski,*
    574 F. Supp. 2d 1074 (C.D. Cal. 2005) ............................................ 18

*Taguinod v. World Sav. Bank, FSB,*
    755 F. Supp. 2d 1064 (C.D. Cal. 2010) ............................................. 18

*TeraRecon, Inc. v. Fovia, Inc.,*
    2006 WL 1867734 (N.D. Cal. July 6, 2006)............................... 9, 10, 13

*United Food & Commercial Workers Cent. Pa. & Reg'l Health & Welfare
    Fund v. Amgen, Inc.,*
    400 F. App'x 255 (9th Cir. 2010) ...................................................... 15

*United States ex. rel. Berge v. Bd. of Trs. of the Univ. of Ala.,*
    104 F.3d 1453 (4th Cir. 1997) .......................................................... 13

*Vess v. Ciba-Geigy Corp. USA,*
    317 F.3d 1097 (9th Cir. 2003) ........................................................ 2, 6

*Welles v. Turner Entm't Co.,*
    503 F.3d 728 (9th Cir. 2007) ........................................................... 18

*Xerox Corp. v. Apple Computer, Inc.,*
    734 F. Supp. 1542 (N.D. Cal. 1990)................................................. 10

*Yumul v. Smart Balance, Inc.,*
    2011 WL 1045555 (C.D. Cal. Mar. 14, 2011).......................................7

*Yumul v. Smart Balance, Inc.,*
    733 F. Supp. 2d 1117 (C.D. Cal. 2010) ..................................... passim

**STATE CASES**

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.,*
    20 Cal. 4th 163 (1999) .................................................................... 14

MEMORANDUM OF POINTS
AND AUTHORITIES

1

## TABLE OF AUTHORITIES

2

**Page**

3   *Creditors Collection Serv. v. Castaldi,*
4        38 Cal. App. 4th 1039 (1995) ............................................................... 19

5   *Kabehie v. Zoland,*
6        102 Cal. App. 4th 513 (2002) ........................................ 7, 11, 12

7   *Kwikset Corp. v. Superior Court,*
         51 Cal. 4th 310 (2011) ............................................................ 17
8
9   *Nakash v. Superior Court,*
         196 Cal. App. 3d 59 (1987) ...................................................... 18

10  *State Farm Fire & Cas. Co. v. Superior Court,*
11       45 Cal. App. 4th 1093 (1996) .................................................. 14

12  **FEDERAL STATUTES**

13  17 U.S.C. § 102 ......................................................................................8
14
    17 U.S.C. § 103 ......................................................................................8
15
16  17 U.S.C. § 106 ............................................................................... passim

17  17 U.S.C. § 301(a) ........................................................................... passim

18  17 U.S.C. § 304(b) ............................................................................ 3, 4

19  17 U.S.C. § 410(c) ................................................................................ 17

20  17 U.S.C. § 507(b) ........................................................................... 2, 18

21  Copyright Act of 1909, ch. 320, § 55, 35 Stat. 1075 ............................. 17
22
23  **STATE STATUTES**

24  Cal. Bus. & Prof. Code § 17200 ........................................................ 4, 13

25  Cal. Bus. & Prof. Code § 17500 ..................................................... 4, 5, 14

26  Cal. Civ. Proc. Code § 338(a), (d) ...................................................... 19

27

28

1

# TABLE OF AUTHORITIES

2

**Page**

3

**FEDERAL RULES**

4

Fed. R. Civ. P. 8(a) ............................................................................................ 5, 15

5

Fed. R. Civ. P. 9(b) .......................................................................................... passim

6

Fed. R. Civ. P. 12(b)(6) .......................................................................................... 7

7

Fed. R. Civ. P. 12(f) ........................................................................................ 19, 20

8

9

**LEGISLATIVE MATERIALS**

10

H.R. Rep. No. 94-1476 (1976), reprinted in 1976 U.S.C.C.A.N. 5659 ..................... 6

11

**TREATISES**

12

1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright*

13

§ 1.01[B][2] (Matthew Bender, Rev. Ed.) ........................................................ 13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MEMORANDUM OF POINTS
AND AUTHORITIES

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.    INTRODUCTION

Plaintiffs seek to declare invalid under federal copyright law Warner/Chappell Music, Inc.'s and its subsidiary Summy-Birchard, Inc.'s copyright to the musical work, *Happy Birthday to You*. Warner/Chappell will demonstrate at summary judgment that Plaintiffs' declaratory relief claims fail under the federal copyright laws. Plaintiffs, however, have gilded this exclusively federal dispute with multiple *state*-law claims, through which Plaintiffs attempt to extend the purported class period for damages and otherwise expand the scope of relief. Plaintiffs' efforts fail at the pleading stage, and Warner/Chappell respectfully moves for dismissal on several grounds.

*First*, the Copyright Act, 17 U.S.C. § 301(a), preempts all of Plaintiffs' state-law claims. Section 301(a) is clear that where, as here, (i) a work is "fixed in a tangible medium of expression" and "within the subject matter of copyright" and (ii) the rights that a plaintiff asks the court to vindicate "are equivalent to any of the exclusive rights within the general scope of copyright," then "all legal and equitable rights ... are governed *exclusively* by" Title 17. *Id.* (emphasis added). *Happy Birthday to You* has long been fixed and is plainly "within the subject matter of copyright," which includes "musical works, including any accompanying words." *Id.* § 102(a)(2). The crux of each of the state-law claims is that Plaintiffs have the unfettered right to reproduce, distribute and publicly perform *Happy Birthday to You* without infringing Warner/Chappell's copyright. The claims rest on rights that are equivalent to those the Copyright Act protects, and therefore are preempted. *See, e.g., Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1213 (9th Cir. 1998) (state-law claims "based solely on rights equivalent to those protected by the federal copyright laws" are preempted).

*Second*, even if they are not preempted, several of Plaintiffs' claims independently fail on the pleadings. Plaintiffs' claims for alleged fraudulent

conduct, which purportedly violates the state Unfair Competition Law ("UCL") and False Advertising Law ("FAL"), do not even plead plausible claims for relief, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007), much less claims that meet the even more demanding standards that apply under Fed. R. Civ. P. 9(b). While the SAC has numerous paragraphs, the fraud-based claims boil down to (i) Plaintiffs' assertion that Warner/Chappell's predecessor's registration of the copyright to *Happy Birthday to You* was invalid in 1935 because the song was not copyrightable and/or because of an alleged failure to comply with registration formalities, SAC ¶¶ 16-110; and (ii) Plaintiffs' *ipse dixit* that it is "deceptive" and "misleading" for Warner/Chappell to license a copyright that Plaintiffs allege is invalid. *Id.* ¶¶ 179, 200. The SAC is bereft of the "who, what, when, where, and how" of any fraudulent conduct. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003). And the SAC does not come close to alleging any scheme of fraudulent conduct or false advertising. Plaintiffs also assert a claim for rescission, SAC ¶¶ 195-97, but rescission is a remedy, not a claim, under California law.

*Third*, Plaintiffs' attempt to extend the class period from the three-year period that applies under the Copyright Act, 17 U.S.C. § 507(b), to the four-year period under Plaintiffs' UCL and contract claims, fails along with those state-law claims. The Court should dismiss, or strike, Plaintiffs' request for a class period going back four years before the filing of the first complaint. *See* SAC ¶ 136. And, because all of the claims of Plaintiffs Majar and Siegel admittedly accrued more than three years before each of them filed suit, *id.* ¶¶ 130, 134, the Court should dismiss both of those Plaintiffs from this lawsuit.

## II.   FACTUAL BACKGROUND

The SAC alleges that Mildred Hill and Patty Hill authored the song *Good Morning to All* and assigned their rights in it to Clayton F. Summy ("Summy") in 1893. SAC ¶¶ 16-18. Summy registered the copyright to *Good Morning to All* that

same year. *Id.* ¶¶ 20-22.  The song *Happy Birthday to You* is set to the melody of *Good Morning to All*, but has different lyrics. *Id.* ¶¶ 24-25.  In 1935, Clayton F. Summy Co.[2] filed Applications for Copyright for Republished Musical Composition with new Copyright Matter, in particular, the lyrics to *Happy Birthday to You*, with Reg. Nos. 51988 and 51990. *Id.* ¶¶ 91-93, 96-98.  Clayton F. Summy Co. renewed Reg. Nos. 51988 and 51990 in 1962. *Id.* ¶¶ 107-09.  Warner/Chappell obtained the rights to the *Happy Birthday to You* copyright through a succession of assignments. *Id.* ¶ 110.  Pursuant to 17 U.S.C. § 304(b), Reg. Nos. 51988 and 51990 remain subject to copyright protection.

Plaintiffs allege that they are filmmakers and musicians who have used *Happy Birthday to You* in their recorded and live commercial productions.  SAC ¶¶ 10-13.  Plaintiffs allege that they and Warner/Chappell executed license agreements with respect to *Happy Birthday to You* on various dates between 2009 and 2013. *Id.* ¶¶ 122, 129, 133, 134.  Plaintiffs purport to represent a class of all persons and entities who have entered into licenses or paid license fees to Warner/Chappell for *Happy Birthday to You* since June 18, 2009, *i.e.*, four years before the complaints that started these cases. *Id.* ¶ 136.

The crux of all of Plaintiffs' claims is that the copyright registrations to *Happy Birthday to You*, Reg. Nos. 51988 and 51990, were invalid at the time of registration and/or renewal, and that Warner/Chappell has no copyright to *Happy Birthday to You*.  Plaintiffs allege that the work "consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself," *id.* ¶¶ 94, 99, 163, and that the copyrights and

---

[2] The SAC alleges that John F. Sengstack incorporated Clayton F. Summy Co. in 1931, after buying a separate corporation of this name from Summy in 1930.  SAC ¶¶ 67-68.  These and other allegations regarding the provenance of Clayton F. Summy Co., to which Summy allegedly assigned the copyright to *Good Morning to All*, SAC ¶¶ 27, 61, are not pertinent to this Motion.

1  renewals lacked compliance with registration formalities, *id.* ¶¶ 97-98, 108-09, 164.

2  Plaintiffs also assert the legal conclusion that the registrations were invalid "because

3  [Clayton F. Summy Co.] did not have authorization from the author to publish that

4  work." *Id.* ¶¶ 95, 100.  Plaintiffs do not allege any facts supporting the contention

5  that Clayton F. Summy Co. lacked such authorization from the author.

6       Plaintiffs seek a declaratory judgment declaring invalid Warner/Chappell's

7  federally registered copyright to *Happy Birthday to You. Id.* ¶ 167.  Plaintiffs seek

8  further declaratory relief in the form of an injunction against Warner/Chappell's

9  assertion of copyright in the song and restitution and an accounting of licensing fees

10  paid for the song's use. *Id.* ¶ 172.

11       The same allegations of the copyright's invalidity underlie Plaintiffs' five

12  additional claims for relief under California law. *See id.* ¶¶ 173-201. *First*,

13  Plaintiffs allege that Warner/Chappell has engaged in "deceptive and misleading"

14  conduct under the UCL, Cal. Bus. & Prof. Code § 17200, alleging that

15  Warner/Chappell's "exerting control over exclusive copyright ownership to *Happy*

16  *Birthday to You* to extract licensing fees is deceptive and misleading because neither

17  Warner/Chappell nor [Summy-Birchard] own the rights to *Happy Birthday to You*."

18  SAC ¶ 179. *Second*, Plaintiffs allege that Warner/Chappell has breached its

19  agreements with Plaintiffs by making "unlawful and false assertions" of owning the

20  copyright to *Happy Birthday to You. Id.* ¶ 191. *Third*, Plaintiffs allege that

21  Warner/Chappell is liable "for money had and received." *Id.* ¶ 194. *Fourth*,

22  Plaintiffs purport to assert a claim for "rescission for failure of consideration," on

23  the ground that the licenses "were worthless and ineffective, and do not constitute a

24  valid consideration." *Id.* ¶ 196. *Fifth*, Plaintiffs allege that Warner/Chappell

25  circulated "untrue and misleading" statements about their ownership of *Happy*

26  *Birthday to You*, thereby violating the FAL, Cal. Bus. & Prof. Code § 17500.  SAC

27  ¶ 200.

28

1    Plaintiffs do not allege any facts substantiating the allegation of "deceptive

2  and misleading" conduct beyond the allegations that Warner/Chappell licensed a

3  purportedly invalid copyright.  Nor do Plaintiffs plausibly allege facts showing their

4  purported reliance on Warner/Chappell's allegedly "misleading" conduct.  In at least

5  one case—that of Plaintiff Rupa Marya—the SAC positively undermines any claim

6  of reliance.  "Rupa," as the SAC refers to this Plaintiff, submitted a notice of

7  intention to take a mechanical license on June 17, 2013, *id.* ¶ 126, *and then promptly*

8  *filed suit three days later.*  Complaint, No. CV 13-04460-GHK (MRWx) (C.D. Cal.

9  June 20, 2013), ECF No. 1.  The incredibly short time between requesting a license

10  and turning around and suing shows that Plaintiff Rupa took a license not in reliance

11  on anything Warner/Chappell said or did, but rather in order to manufacture a claim

12  of liability.

13  **III.   ARGUMENT**

14      **A.   Standards Governing This Motion**

15      A plaintiff must plead each claim with sufficient specificity to "give the

16  defendant fair notice of what the … claim is and the grounds upon which it rests."

17  *Twombly*, 550 U.S. at 555 (citation and internal quotation marks omitted).  To

18  satisfy the minimum strictures of Rule 8(a), a plaintiff must plead "enough facts to

19  state a claim to relief that is plausible on its face."  *Id.* at 570.  "Where a complaint

20  pleads facts that are merely consistent with a defendant's liability, it stops short of

21  the line between possibility and plausibility of entitlement to relief."  *Iqbal*, 556

22  U.S. at 678 (citation and internal quotation marks omitted).  "[C]ourts are not bound

23  to accept as true a legal conclusion couched as a factual allegation."  *Twombly*, 550

24  U.S. at 555 (citation and internal quotation marks omitted).

25      Where, as here, a plaintiff alleges claims sounding in fraud, Rule 9(b) requires

26  the plaintiff to "state with particularity the circumstances constituting fraud or

27  mistake."  Fed. R. Civ. P. 9(b).  "Rule 9(b) demands that the circumstances

28

1  constituting the alleged fraud be specific enough to give defendants notice of the

2  particular misconduct so that they can defend against the charge and not just deny

3  that they have done anything wrong." *Kearns v. Ford Motor Co.*, 567 F.3d 1120,

4  1124 (9th Cir. 2009) (alteration, citation and internal quotation marks omitted).

5  "Averments of fraud must be accompanied by the who, what, when, where, and how

6  of the misconduct charged." *Vess*, 317 F.3d at 1106 (citation and internal quotation

7  marks omitted).

8  **B.    The Copyright Act Preempts All of Plaintiffs' State-Law Claims**

9  **1.    The Copyright Act Broadly Preempts State-Law Claims**
10  **Concerning the Subject Matter of Copyright and the**
   **Copyright Owner's Exclusive Rights**
11

12  "Copyright preemption is both explicit and broad ...." *G.S. Rasmussen &*

13  *Assocs., Inc. v. Kalitta Flying Serv., Inc.*, 958 F.2d 896, 904 (9th Cir. 1992).  Section

14  301(a) of the Copyright Act provides:

15  On and after January 1, 1978, all legal or equitable rights that are
   equivalent to any of the exclusive rights within the general scope of
16  copyright as specified by section 106 in works of authorship that are
   fixed in a tangible medium of expression and come within the subject
17  matter of copyright as specified by sections 102 and 103, whether
   created before or after that date and whether published or unpublished,
18  are governed exclusively by this title.  Thereafter, no person is entitled
   to any such right or equivalent right in any such work under the
19  common law or statutes of any State.

20  17 U.S.C. § 301(a).  The legislative history underlying § 301(a) states that the

21  section "is intended to be stated in the clearest and most unequivocal way possible,

22  so as to foreclose any conceivable misinterpretation of its unqualified intention that

23  Congress shall act preemptively, and to avoid the development of any vague

24  borderline areas between State and Federal protection."  H.R. Rep. No. 94-1476, at

25  130 (1976), reprinted in 1976 U.S.C.C.A.N. 5659, 5746.

26  "The Ninth Circuit employs a two-part test to determine whether the

27  Copyright Act preempts particular state law claims.  Preemption occurs when:

28  (1) the work at issue comes within the subject matter of copyright; and (2) the rights

1   granted under state law are equivalent to those protected by the Act." *Idema v.*
2   *Dreamworks, Inc.*, 162 F. Supp. 2d 1129, 1189 (C.D. Cal. 2001).

3        The labels that Plaintiffs affix to their state-law claims do not save them from
4   preemption.  The courts have repeatedly held that the state-law causes of action that
5   Plaintiffs assert in this case—for violation of the UCL and FAL; for breach of
6   contract; and for money-had-and-received—are preempted so long as those claims
7   fall within the subject matter and general scope of federal copyright law.  *See, e.g.,*
8   *Kodadek*, 152 F.3d at 1212 (UCL claim preempted where plaintiff alleged television
9   show used his copyrighted drawings without permission); *Perfect 10, Inc. v.*
10  *Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1124-25 (C.D. Cal. 2001) (UCL
11  claims under the "unlawful" and "fraudulent" prongs preempted insofar as they
12  "relate to copyrights"); *Motown Record Corp. v. George A. Hormel & Co.*, 657 F.
13  Supp. 1236, 1238-40 (C.D. Cal. 1987) (UCL and FAL claims preempted where "not
14  qualitatively different from [plaintiffs'] copyright claim"); *Jacobsen v. Katzer*, 609
15  F. Supp. 2d 925, 933-34 (N.D. Cal. 2009) (breach of contract claim seeking
16  rescission preempted where it alleged "violations of the exact same exclusive
17  federal rights protected by Section 106 of the Copyright Act"); *Kabehie v. Zoland*,
18  102 Cal. App. 4th 513, 530 (2002) (claim for money-had-and-received preempted
19  where "not qualitatively different from a copyright infringement action").

20       "If a claim is preempted by federal law, it fails to state a claim upon which
21  relief can be granted under Rule 12(b)(6)." *Yumul v. Smart Balance, Inc.*, No. CV
22  10-00927 MMM, 2011 WL 1045555, at *5 (C.D. Cal. Mar. 14, 2011) (citing
23  *Stewart v. U.S. Bancorp*, 297 F.3d 953, 987 (9th Cir. 2002)).  Claims that are
24  preempted are subject to dismissal with prejudice.  *See Idema*, 162 F. Supp. 2d at
25  1190-92 (dismissing with prejudice state-law claims preempted by Copyright Act).

26            **2.    Section 301(a) Preempts Each of Plaintiffs' State-Law Claims**
27       Each of Plaintiffs' state-law claims is based on the theory that
28  Warner/Chappell cannot demand payment for the use of *Happy Birthday to You*

MEMORANDUM OF POINTS
AND AUTHORITIES

because it allegedly owns no valid copyright in the work.  All of these state-law claims are preempted because they involve the subject matter of copyright and the exclusive rights of copyright under 17 U.S.C. § 106.

The first prong of the § 301(a) preemption test "is satisfied wherever the works at issue come within the 'subject matter of copyright,' as defined by 17 U.S.C. §§ 102 and 103, even where the works at issue (or some parts of those works) may not actually be protected, or even protectable, under the Copyright Act." *Idema*, 162 F. Supp. 2d at 1189 (footnote omitted).  Under §§ 102 and 103, the "subject matter of copyright" includes "original works of authorship fixed in any tangible medium of expression," such as "musical works, including any accompanying words" and "compilations and derivative works."  17 U.S.C. §§ 102(a), 103(a).  The subject matter requirement is plainly satisfied here because Plaintiffs admit that *Happy Birthday to You* indisputably is a musical composition that has long been in a tangible medium of expression.  SAC ¶¶ 4, 93, 98.

The second prong of the Copyright preemption test "is satisfied wherever the rights protected by state law are 'equivalent' to those protected by the Copyright Act.  In order to avoid preemption, 'the state cause of action must protect rights which are qualitatively different from the copyright rights.'"  *Idema*, 162 F. Supp. 2d at 1190 (citation omitted).  Plaintiffs' state-law claims are based on the contention that Warner/Chappell does not have the right to license the reproduction, distribution or public performance of *Happy Birthday to You*, and, conversely, that Plaintiffs *do* have the right to "use and enjoy[] ... intellectual property which is rightfully in the public domain."  SAC ¶ 157; *see id*. ¶ 115 (Plaintiff Good Morning To You Productions Corp. wants to synchronize *Happy Birthday to You* to a motion picture); *id*. ¶ 126 (Plaintiff Siegel wants to synchronize the song to a motion picture); *id*. ¶ 133 (Plaintiff Rupa wants to create a sound recording of the song); *id*. ¶ 134 (Plaintiff Majar wants to synchronize the song to a motion picture); *id*. ¶ 157 ("Plaintiffs seek the Court's determination as to whether Defendants are entitled to

1  assert ownership of the copyright ...."). All of the rights that Plaintiffs seek to "use

2  and enjoy" free of Warner/Chappell's copyright are squarely within the scope of

3  § 106 of the Copyright Act. *See* 17 U.S.C. § 106 (enumerating the rights to which

4  "the owner of copyright under this title has the exclusive rights to do and authorize,"

5  including rights to reproduce, distribute and publicly perform copyrighted works);

6  *Leadsinger, Inc. v. BMG Music Publishing*, 512 F.3d 522, 527 (9th Cir. 2008) (right

7  to control synchronization of musical composition in timed relation to audiovisual

8  work within copyright owner's exclusive rights); *MRC II Distrib. Co. v. Coelho*, No.

9  2:12-CV-03539-ODW, 2012 WL 3810257, at *1 (C.D. Cal. Sept. 4, 2012) (finding

10  Copyright Act jurisdiction over claim that defendants licensed materials allegedly in

11  the public domain and over which defendants allegedly falsely asserted ownership).

12       Plaintiffs cannot avoid preemption by asserting that the state-law rights at

13  issue in their UCL and FAL claims are "qualitatively different from the copyright

14  rights" because those state claims "have an 'extra element' which changes the nature

15  of the action." *Idema*, 162 F. Supp. 2d at 1190 (citation and internal quotation

16  marks omitted). Plaintiffs do allege in boilerplate fashion that Warner/Chappell

17  engaged in "deceptive and misleading" conduct, made "misleading statements and

18  omissions," and the like. SAC ¶¶ 173-80, 200. But these sorts of conclusory labels

19  do not determine whether the rights at issue in fact are qualitatively different from

20  the rights under federal copyright. Courts look beyond mere labels "to determine

21  whether the 'gravamen' of the state law claim asserted is the same as the rights

22  protected by the Copyright Act." *Idema*, 162 F. Supp. 2d at 1190; *see also*

23  *TeraRecon, Inc. v. Fovia, Inc.*, No. C 05-4407 CW, 2006 WL 1867734, at *3 (N.D.

24  Cal. July 6, 2006) ("Courts do not automatically conclude that, if misrepresentation

25  or deceit is alleged, a claim is not preempted by the Copyright Act.").

26       Here, Plaintiffs' conclusory and unsupported allegations of fraudulent

27  conduct under the UCL and FAL do not provide an "extra element" taking the

28  claims outside the scope of copyright rights. The gravamen of all of Plaintiffs'

state-law claims is that Warner/Chappell licensed a copyright that Plaintiffs now allege is invalid, as a result of which Plaintiffs insist they should be able to "use and enjoy[] … intellectual property which is rightfully in the public domain." SAC ¶ 157. Plaintiffs' claims, in short, all seek to determine whether Warner/Chappell has the rights that the Copyright Act says it does. The Copyright Act preempts these claims, notwithstanding the "unfair," "fraudulent" and "false advertising" labels. *See Del Madera Props. v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (UCL claim preempted where "part and parcel of the copyright claim"), *overruled on other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).

In *TeraRecon*, for example, the court confronted an unfair competition claim "founded on allegations that the TeraRecon parties misrepresented that TeraRecon's 3-D volume rendering software is exclusively its own product and that images in TeraRecon's marketing materials were created by its own product." 2006 WL 1867734, at *4. The court rejected the defendants' argument that this claim was not preempted because it alleged the "extra element" of deceit and misrepresentation. *Id.* at *3-4. The court found that, notwithstanding these labels, the claim "d[id] not address rights which are qualitatively different from copyright rights": "Still at issue is the copyright owner's exclusive rights of reproduction, production of derivative works, distribution, and display." *Id.* at *4. Likewise, in this case, because Plaintiffs' claims, however styled, are all directed to the claim that Warner/Chappell does not have the exclusive rights under 17 U.S.C. § 106 to *Happy Birthday to You*, Plaintiffs' UCL and FAL claims are preempted, notwithstanding the labels that Plaintiffs have placed on them. *See also Idema*, 162 F. Supp. 2d at 1191-92 (state-law claims that only "nominally" included an extra element were preempted where plaintiffs did not allege any false promise or misrepresentation "*separate*" from that of the authorship of the work at issue); *Xerox Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 (N.D. Cal. 1990) (UCL claim that Apple's allegedly wrongful assertion of copyright ownership "has caused such confusion

1 | among others in the industry such as to dissuade them from dealing with Xerox"
2 | adds no extra element beyond copyright claim and is preempted); *Motown*, 657 F.
3 | Supp. at 1239-40 (UCL and FAL claim preempted because allegations of
4 | deliberately producing advertisement that falsely implied song and image were used
5 | with permission did not add an extra element beyond copyright infringement claim).

6 |      The result is the same for Plaintiffs' claims for breach of contract, rescission
7 | and money-had-and-received.  While some breach of contract claims may involve
8 | extra elements, courts have not hesitated to hold breach claims preempted where
9 | they are not *qualitatively different* from the claim based on copyright rights. *See*,
10 | *e.g.*, *Selby v. New Line Cinema Corp.*, 96 F. Supp. 2d 1053, 1061 (C.D. Cal. 2000);
11 | *Kabehie*, 102 Cal. App. 4th at 527-29.  Whether Warner/Chappell breached an
12 | alleged warranty that it owns the copyright to *Happy Birthday to You* and whether
13 | Plaintiffs are entitled to rescission both depend on whether Warner/Chappell owns a
14 | valid copyright in the song. *See Jacobsen*, 609 F. Supp. 2d at 933-34 (breach of
15 | contract claim preempted because it "does not add an 'extra element' which changes
16 | the nature of the action or the rights secured under federal copyright protection" and
17 | it "alleges violations of the exact same exclusive federal rights protected by Section
18 | 106 of the Copyright Act").  The same is true for rescission, which (as discussed
19 | below) is not even a cause of action (but a remedy) under California law; and in any
20 | event, even in those jurisdictions where rescission is a separate claim for relief, the
21 | Copyright Act will preempt the claim where the § 301(a) requirements are satisfied.
22 | *See Santa-Rosa v. Combo Records*, 471 F.3d 224, 227 (1st Cir. 2006) ("Because
23 | Santa Rosa seeks rescission of his contract, if we were to grant him the relief that he
24 | sought, we would be required to determine his ownership rights by reference to the
25 | Copyright Act.... As such, 17 U.S.C. § 301(a) preempts Santa Rosa's rescission
26 | claim.").

27 |      Plaintiffs' claim for money-had-and-received also is preempted because
28 | whether the license fees at issue "in equity and good conscience" belong to

1   Plaintiffs, SAC ¶ 194, turns exclusively on the validity of Warner/Chappell's *Happy*
2   *Birthday to You* copyright.  Like Plaintiffs' other state-law claims, this claim is no
3   different from the copyright claim.  *See Kabehie*, 102 Cal. App. 4th at 529 (because
4   "causes of action for money had and received and an accounting attempt to recover
5   proceeds from … unauthorized reproduction and distribution of [copyrighted]
6   material," they "are not qualitatively different from a copyright infringement action"
7   and are preempted).[3]

8        In sum, § 301(a) preempts each of Plaintiffs' state-law claims.

9        **3.    Plaintiffs Do Not Avoid § 301(a) Because They Seek a**
10            **Declaration of Copyright Invalidity**

11       During the conference of counsel that preceded this Motion, Plaintiffs
12   asserted that § 301(a) does not apply in this case because Plaintiffs contend that
13   Warner/Chappell's copyright is invalid.  That contention is meritless.

14       Section 301(a)'s preemptive scope does not depend on whether the
15   underlying subject matter is copyrighted.  The statute is applicable so long as the
16   work of authorship is "within the subject matter of copyright as specified by
17   sections 102 and 103."  17 U.S.C. § 301(a).  The courts have consistently held that
18   the work need only fall "within the ambit of copyright protection" to be subject to
19   § 301(a).  *NBA v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997) (citation and
20   internal quotation marks omitted); *accord Barclays Capital Inc. v.*
21   *TheFlyOnTheWall.Com, Inc.*, 650 F.3d 876, 892 (2d Cir. 2011) (same); *ProCD, Inc.*

22

23   [3] Indeed, each of Plaintiffs' state-law claims expressly incorporates and relies upon
24   the federal declaratory judgment claim, SAC ¶¶ 173, 187, 193, 195, 198, which
     further demonstrates that the state-law claims are not qualitatively different and are
25   therefore preempted.  *See Kodadek*, 152 F.3d at 1212-13 (UCL claim preempted
26   where it expressly incorporated Copyright Act allegations); *Blue Nile, Inc. v.*
     *Ice.com, Inc.*, 478 F. Supp. 2d 1240, 1249-51 (W.D. Wash. 2007) (state-law claims
27   preempted where they expressly incorporate copyright claims (citing *Kodadek*, 152
28   F.3d at 1213 and *Litchfield v. Spielberg*, 736 F.2d 1352, 1358 (9th Cir. 1984))).

MEMORANDUM OF POINTS
AND AUTHORITIES

1  *v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996); *Idema*, 162 F. Supp. 2d at 1189-

2  90 ("The work(s) upon which a state law claim is based need only be within the

3  'subject matter' of copyright; their actual *protection* thereunder is irrelevant to a

4  preemption analysis. *See, e.g., Kodadek*, 152 F.3d at 1211-1213 (uncopyrighted

5  drawings)."); 1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright*

6  § 1.01[B][2] (Matthew Bender, Rev. Ed.), at 1-67 ("It is clear that failure to meet the

7  required standards for federal protection will not negate federal pre-emption."). "As

8  has often been observed, 'the shadow actually cast by the [Copyright] Act's

9  preemption is notably broader than the wing of its protection.'" 1 *Nimmer on*

10 *Copyright* § 1.01[B][2], at 1-67 to -68 (footnotes omitted) (quoting *United States ex.*

11 *rel. Berge v. Bd. of Trs. of the Univ. of Ala.*, 104 F.3d 1453, 1463 (4th Cir. 1997).

12       Nor can Plaintiffs avoid preemption based on the fact that they are on the left-

13 hand side of the "*v.*" in the case caption.  If Plaintiffs had used *Happy Birthday to*

14 *You* without licensing it and been sued by Warner/Chappell, and had Plaintiffs

15 counterclaimed under state law, those counterclaims clearly would be subject to

16 preemption. *See, e.g., TeraRecon*, 2006 WL 1867734, at *4 (UCL counterclaim, in

17 response to infringement claim, preempted where it "d[id] not address rights which

18 are qualitatively different from copyright rights").  The preemption analysis cannot

19 differ because Plaintiffs have appended their state-law claims to a declaratory

20 judgment complaint.  Plaintiffs' state-law claims are preempted.  The procedural

21 posture of this case does not change that result.

22       **C.    Even If Not Preempted, Several of Plaintiffs' State-Law Claims**
23       **Fail to Plead Claims for Relief**

24              **1.    Plaintiffs' UCL and FAL Claims Do Not State Plausible**
25              **Claims, Let Alone Meet the Requirements of Rule 9(b)**

26       In their third claim for relief, Plaintiffs allege that Warner/Chappell violated

27 the UCL, Cal. Bus. & Prof. Code § 17200, which proscribes "unlawful, unfair or

28 fraudulent" business practices.  In particular, Plaintiffs allege that Warner/Chappell

1  violated the second and third prongs of the UCL by licensing *Happy Birthday to*
2  *You*, even though Warner/Chappell allegedly did not own a copyright in this song.
3  SAC ¶¶ 175-79.[4]  The second, or "unfair" prong in the UCL, covers "conduct that
4  threatens an incipient violation of an antitrust law, or violates the policy or spirit of
5  one of those laws because its effects are comparable to or the same as a violation of
6  the law, or otherwise significantly threatens or harms competition." *Cel-Tech*
7  *Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (1999).  The third
8  prong of the UCL covers "fraud," which the California courts have defined for these
9  purposes to mean conduct by which "the public is likely to be deceived." *State*
10  *Farm Fire & Cas. Co. v. Superior Court*, 45 Cal. App. 4th 1093, 1106 (1996),
11  *abrogated on other grounds*, *Cel-Tech*, 20 Cal. 4th at 163.

12       In their seventh claim for relief, Plaintiffs allege that Warner/Chappell
13  violated the FAL, Cal. Bus. & Prof. Code § 17500, based upon Warner/Chappell's
14  "publicly disseminated advertising" concerning *Happy Birthday to You*, which
15  allegedly contained "untrue and misleading" statements that Warner/Chappell
16  "knew, or in the exercise of reasonable care should have known" to be untrue and
17  misleading.  SAC ¶¶ 198-201.

18       Because Plaintiffs allege UCL and FAL liability based on Warner/Chappell's
19  alleged "nondisclosures," "deceptive and misleading" conduct, and the like, SAC
20  ¶¶ 175-80, 200, these claims are grounded in fraud and subject to the pleading
21  requirements of Rule 9(b).  *Kearns*, 567 F.3d at 1125 (UCL claims that "allege a
22  unified course of fraudulent conduct" subject to Rule 9(b)); *Yumul v. Smart Balance,*
23  *Inc.*, 733 F. Supp. 2d 1117, 1122-23 (C.D. Cal. 2010) ("District courts in California

---

24  [4] Plaintiffs include a cursory reference to unlawful conduct in the SAC, but do not
25  state what conduct was unlawful or how it was unlawful.  SAC ¶ 182.  Plaintiffs'
26  UCL claim does include a citation to Cal. Bus. & Prof. Code § 17500.  SAC ¶ 178.
    If Plaintiffs intended for this citation to allege as "unlawful" Warner/Chappell's
27  alleged violation of the FAL, then the effort fails for the reasons that Plaintiffs'
28  standalone FAL claim fails.

1  have consistently held … that claims under California's FAL are grounded in

2  fraud."). Rule 9(b) applies not only to Plaintiffs' UCL "fraud" prong theory but also

3  to their "unfair" prong theory (and, to the extent they allege one, their "unlawful"

4  prong theory), since all of Plaintiffs' UCL (and FAL) theories boil down to the same

5  underlying allegation of a fraudulent assertion of copyright. *United Food &*

6  *Commercial Workers Cent. Pa. & Reg'l Health & Welfare Fund v. Amgen, Inc.*, 400

7  F. App'x 255, 257 (9th Cir. 2010) ("Because the complaint sounded in fraud, all of

8  its allegations are subject to Rule 9(b)'s pleading requirements. Consequently, the

9  district court properly dismissed the complaint in its entirety, including its UCL

10 'unlawful' and 'unfair' claims.") (citations omitted).

11       As noted, Plaintiffs' UCL and FAL claims are based entirely on

12 Warner/Chappell's licensing of a copyright that Warner/Chappell claims to own and

13 that Plaintiffs allege to be invalid. The remainder of the SAC is simply conclusory

14 allegations of wrongful conduct. Plaintiffs fail to state "plausible" violations of the

15 UCL or FAL under the standards of *Twombly* and *Iqbal*, let alone meet the

16 requirements of Rule 9(b). *See Twombly*, 550 U.S. at 555 (Rule 8(a) requires

17 plaintiffs to plead "more than labels and conclusions, and a formulaic recitation of

18 the elements of a cause of action"); *Iqbal*, 556 U.S. at 678 (same). In particular,

19 Plaintiffs fail to allege the "who, what, when, where, and how" required for their

20 claims of Warner/Chappell's alleged misconduct. *See Kearns*, 567 F.3d at 1125-26

21 (UCL claim dismissed for failing to plead "the particular circumstances

22 surrounding" alleged misrepresentations); *Yumul*, 733 F. Supp. 2d at 1124-25 (UCL

23 and FAL claims dismissed for failing to "allege[] with particularity when, where,

24 and how the alleged misrepresentations were communicated"). Plaintiffs do not

25 plead any specific facts regarding the content of the various unspecified

26 communications and publicly disseminated advertisements, much less how the

27 messages were conveyed, when, to whom, etc. Given that Plaintiffs claim to be

28

MEMORANDUM OF POINTS
AND AUTHORITIES

victims of the alleged misrepresentations, Plaintiffs have no excuse for failing to include the required pleading allegations in detail.

Moreover, Plaintiffs cannot state their fraud-based claims merely on account of Warner/Chappell's alleged licensing of the *Happy Birthday to You* copyright and statements about that copyright—even if the copyright were ultimately found to be invalid. Plaintiffs do not allege that Warner/Chappell believed its copyright was invalid or otherwise acted deceptively or in bad faith. SAC ¶¶ 173-86, 198-201. Plaintiffs assert legal conclusions as to why *they* believe the underlying copyright registrations were invalid. *See* SAC ¶¶ 158-65 (alleging that *Happy Birthday to You* and other copyrights expired, were forfeited, were not eligible for copyright protection, or were otherwise invalid); *id.* ¶¶ 95, 100 (asserting legal conclusions— without factual support—that 1935 copyright registrations were invalid because author did not authorize publication of the work). Plaintiffs nowhere allege, however, facts showing that Warner/Chappell knew or should have known that the copyright to *Happy Birthday to You* copyright was invalid. *See Brooks v. Gomez*, No. C 10-01873 SBA, 2013 WL 496339, at *6-7 (N.D. Cal. Feb. 7, 2013) (under *Iqbal*, factually unsupported allegations that defendants "knew or should have known" the alleged falsity of their representations were insufficient). Although Rule 9(b) allows a defendant's state of mind to be "alleged generally," the conclusory allegations in Plaintiffs' complaint are insufficient to meet Plaintiffs' burden. *Iqbal*, 556 U.S. at 686-87.

In fact, Plaintiffs point to *no* details supporting their bare allegation that Warner/Chappell "knew, or in the exercise of reasonable care should have known" that it did not own a valid copyright to *Happy Birthday to You.* SAC ¶ 200. Plaintiffs' claims are not plausible. *See Iqbal*, 556 U.S. at 686-87; *Pippen v. NBCUniversal Media LLC*, No. 12-3294, 2013 WL 4450590, at *3 (7th Cir. Aug. 21, 2013) ("States of mind may be pleaded generally, but a plaintiff still must point to details sufficient to render a claim plausible."). Further, Plaintiffs' factually

-16-

1   unsupported allegations of knowingly deceptive and misleading conduct are
2   contrary to the fact that certificates of registration—like Warner/Chappell's *Happy*
3   *Birthday to You* certificates, the existence of which Plaintiffs implicitly
4   acknowledge—"constitute prima facie evidence of the validity of the copyright and
5   of the facts stated in the certificate." 17 U.S.C. § 410(c); *see also* Copyright Act of
6   1909, ch. 320, § 55, 35 Stat. 1075 (under 1909 Act, which governs registration of
7   *Happy Birthday to You*, a registration certificate "shall be admitted in any court as
8   prima facie evidence of the facts stated therein").

9        Plaintiffs likewise fail to allege facts showing their reasonable reliance on the
10  claimed fraud. *See Kwikset Corp. v. Superior Court*, 51 Cal. 4th 310, 326-27 & n.9
11  (2011) (class representatives must plead and prove actual reliance for UCL and FAL
12  standing). Plaintiffs instead just flatly declare they were "deceived as a result of
13  their reasonable reliance" on Warner/Chappell's allegedly "false and misleading
14  statements and omissions." SAC ¶ 180. This conclusory allegation is not supported
15  by facts demonstrating any of Plaintiffs' alleged reliance on Warner/Chappell's
16  statements and/or omissions. The case of at least one Plaintiff—Rupa—underscores
17  why the allegations that Plaintiffs omit are critical. As noted in the background,
18  Rupa alleges having requested a mechanical license to *Happy Birthday to You* just
19  *three days* before filing the complaint. *See* SAC ¶ 133 (Rupa sent notice of
20  intention to obtain mechanical license on June 17, 2013); Complaint, No. CV 13-
21  04460-GHK (MRWx) (C.D. Cal. June 20, 2013), ECF No. 1. The short time frame
22  from purported reliance to filing a lawsuit—just 72 hours—strongly suggests that
23  Rupa was not relying on a purported fraud, but rather was attempting to create a
24  legal claim. Rule 9(b) requires Rupa and the other Plaintiffs to spell out the
25  particulars of their claimed reliance in order to state a valid claim.

26       In short, Plaintiffs' UCL and FAL claims are premised on fraud and deceit,
27  yet supported only by conclusory and deficient allegations that fall short under the
28  applicable pleading standards.

MEMORANDUM OF POINTS
AND AUTHORITIES

### 2.    Plaintiffs' Claim for Rescission Asserts a Remedy, Not a Cause of Action

In their sixth claim for relief, Plaintiffs assert a claim for "rescission for failure of consideration," contending that their "purported licenses were worthless." SAC ¶¶ 195-97. "Rescission is *not* a cause of action; it is a remedy." *Nakash v. Superior Court*, 196 Cal. App. 3d 59, 70 (1987); *see also Taguinod v. World Sav. Bank, FSB*, 755 F. Supp. 2d 1064, 1072 (C.D. Cal. 2010) (dismissing rescission claim because it is a remedy, not a cause of action).  The claim should be dismissed.

### D.    All of Plaintiffs' Claims That Are Outside the Three-Year Limitations Period Are Time-Barred

### 1.    Three-Year Limitations Periods Govern Copyright, FAL and Money-Had-and-Received Claims

Declaratory judgment claims based on the Copyright Act, like those alleged in Plaintiffs' first and second claims for relief, SAC ¶¶ 1, 146-72, are subject to the Copyright Act's three-year statute of limitations.  17 U.S.C. § 507(b) ("No civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued."); *Welles v. Turner Entm't Co.,* 503 F.3d 728, 734 (9th Cir. 2007) (applying three-year limitations period to declaratory claim for copyright ownership); *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1111 n.147 (C.D. Cal. 2005) ("The three year statute of limitations governing copyright infringement actions also governs claims for declaratory relief regarding copyright ownership or infringement.").  Because all of Plaintiffs' state-law claims should be dismissed as preempted, the purported class period should be limited to three years prior to the filing of the first complaint, rather than the four-year period that Plaintiffs plead.  *See* SAC ¶ 136.

Plaintiffs' putative class claims under the Copyright Act should be dismissed to the extent they fall outside the three-year limitations period.  *See Yumul*, 733 F. Supp. 2d at 1133 (dismissing putative class action complaint "to the extent it alleges

1   conduct occurring outside the relevant statutes of limitations"); *Keilholtz v. Lennox*

2   *Hearth Products Inc.*, No. C 08-00836 CW, 2009 WL 2905960, at *5 (N.D. Cal.

3   Sept. 8, 2009) (dismissing class claims outside the applicable statutes of limitations).

4          Some cases have held that a motion to strike under Rule 12(f) is an

5   appropriate basis for limiting class period allegations in a class action complaint.

6   *See Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal.

7   2008) (striking class allegations outside the limitations period); *Campbell v.*

8   *PricewaterhouseCoopers*, No. CIV. S-06-2376 LKK/GGH, 2008 WL 3836972, at

9   *6 (E.D. Cal. Aug. 14, 2008) ("Plaintiffs have also improperly alleged a four-year

10  class period for all of their claims, rather than properly confining this four-year class

11  period to only their UCL claim …. Accordingly, the motion to strike is granted as to

12  all improper four-year references in the complaint").[5]  If the Court determines that a

13  motion to strike is the appropriate procedural mechanism for limiting the class

14  period allegations of the SAC, then the alternative component of Warner/Chappell's

15  Motion respectfully requests that the Court strike Plaintiffs' proposed class

16  definition to the extent it exceeds three years prior to the filing of the first complaint

17  in these cases.

18         To the extent that Plaintiffs' claims under the FAL and for money-had-and-

19  received are not dismissed, these claims are also governed by a three-year

20  limitations period.  Cal. Civ. Proc. Code § 338(a), (d); *Yumul*, 733 F. Supp. 2d at

21  1130 ("FAL claims are subject to a three-year statute of limitations."); *Creditors*

22  *Collection Serv. v. Castaldi*, 38 Cal. App. 4th 1039, 1043-44 (1995) ("'[A] quasi-

23  contract action, in the form of a common count for money had and received, to

_____

25  [5] Rule 12(f) provides, "[t]he court may strike from a pleading an insufficient defense

26  or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P.
    12(f).  "This includes striking parts of the prayer for relief when the relief sought is

27  'not recoverable as a matter of law.'" *Shabaz*, 586 F. Supp. 2d at 1208-09 (citation

28  omitted).

1  recover money obtained by fraud … or mistake is governed by [a three-year statute
2  of limitations].'") (citation omitted).  Accordingly, any surviving class claims under
3  the FAL or for money-had-and-received should be dismissed to the extent they fall
4  outside a three-year period.  *Yumul*, 733 F. Supp. 2d at 1133; *Keilholtz*, 2009 WL
5  2905960, at *5.  Alternatively, Plaintiffs' proposed class definition should be
6  stricken under Rule 12(f) to the extent it includes FAL or money-had-and-received
7  claims outside a three-year period.  *Shabaz*, 586 F. Supp. 2d at 1211; *Campbell*,
8  2008 WL 3836972, at *6.

9             **2.      Plaintiffs Majar and Siegel Have No Timely Claims, and
10                      Their Claims Should Be Dismissed**

11            For the reasons shown above, Majar's and Siegel's state-law claims are
12  preempted and in some cases insufficiently pled.  These Plaintiffs' FAL and money-
13  had-and-received claims fail for the additional reason that they are time-barred.
14  Their copyright claims are time-barred as well.  Each of these claims accrued when
15  Majar and Siegel were allegedly forced to license a copyright they contend was
16  invalid and worthless.  SAC ¶ 123-30, 134, 153, 156.  Plaintiffs offer no reason to
17  believe their claims accrued at any time other than when they executed their
18  licenses.  *See Yumul*, 733 F. Supp. 2d at 1130 ("In order to invoke [the delayed
19  discovery exception] to the statute of limitations, the plaintiff must specifically
20  plead facts which show (1) the time and manner of discovery and (2) the inability to
21  have made earlier discovery despite reasonable diligence.") (citations and internal
22  quotation marks omitted).  Even if Majar's copyright, FAL and money-had-and-
23  received claims did not accrue until October 29, 2009, when Majar alleges it paid
24  for the *Happy Birthday to You* license, SAC ¶ 134, the claims are time-barred
25  because Majar filed its complaint more than three years later.  Complaint, No. CV
26  13-05164-GHK (MRWx) (C.D. Cal. July 17, 2013), ECF No. 1.  Similarly, even if
27  Siegel's copyright, FAL and money-had-and-received claims accrued when Siegel
28  alleges his assignor paid for the license on September 1, 2009, SAC ¶¶ 11, 130, the

MEMORANDUM OF POINTS
AND AUTHORITIES

1  claims are barred because Siegel filed his complaint more than three years later.

2  Complaint, No. CV 13-04418-GHK (MRWx) (C.D. Cal. June 19, 2013), ECF No. 1.

3  Because each of Majar's and Siegel's claims fail, these Plaintiffs should be

4  dismissed from the case.

5      **E.    Preempted and Time-Barred Claims and Plaintiffs Should Be**
          **Dismissed, or Stricken, with Prejudice**
6

7          Leave to amend is appropriately denied where amendment would be futile.

8  *Gardner v. Martino*, 563 F.3d 981, 990, 992 (9th Cir. 2009) ("When a proposed

9  amendment would be futile, there is no need to prolong the litigation by permitting

10  further amendment.") (citation and internal quotation marks omitted).  Dismissal

11  based on preemption should be with prejudice because amendment would be futile.

12  *Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n*, 857 F.2d 514, 517-18 (9th Cir.

13  1988) (affirming dismissal with prejudice of preempted state-law claims); *Idema*,

14  162 F. Supp. 2d at 1190-92.  Likewise, time-barred claims should be dismissed, or

15  stricken, with prejudice.  *Hinton v. Pacific Enters.*, 5 F.3d 391, 396-97 (9th Cir.

16  1993) (affirming dismissal with prejudice of time-barred claims); *Madani v. Shell*

17  *Oil Co.*, No. CV 08-1283-GHK (JWJx), 2008 WL 7856015, at *1 (C.D. Cal. July

18  11, 2008) (dismissing time-barred claims with prejudice), *aff'd*, 357 F. App'x 158

19  (9th Cir. 2009).

20  **IV.    CONCLUSION**

21          Warner/Chappell respectfully submits that Plaintiffs' UCL, breach of

22  contract, money-had-and-received, rescission and FAL claims should each be

23  dismissed with prejudice; any declaratory judgment, FAL and/or money-had-and-

24  received claims that survive dismissal should be dismissed, or stricken, to the extent

25  they are asserted on behalf of a putative class whose members licensed *Happy*

26  *Birthday to You* more than three years before the first operative complaint was filed;

27  and Plaintiffs Majar and Siegel should be dismissed from this action with prejudice.

28

MEMORANDUM OF POINTS
AND AUTHORITIES

1  DATED:  August 30, 2013                MUNGER, TOLLES & OLSON LLP

2

3

4                                         By:    _/s/ Kelly M. Klaus_____
                                                  KELLY M. KLAUS
5
                                          Attorneys for Defendants Warner/Chappell
6                                         Music. Inc. and Summv-Birchard. Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28