FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

Interim Lead Class Counsel for Plaintiffs and Proposed Class

[Additional Counsel Appear on Signature Page]

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., *et al.*,<br><br>                    Defendants. | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT**<br><br>Date:   September 30, 2013<br>Time:  9:30 a.m.<br>Room: 650 (Roybal)<br>Judge: Hon. George H. King, Chief Judge |

# <u>TABLE OF CONTENTS</u>

**PAGE**

I.     INTRODUCTION .................................................................................1

II.    FACTUAL AND PROCEDURAL BACKGROUND ......................................3

    A.   Procedural Background ..........................................................3
    B.   Factual Background ..............................................................3

III.   DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED ...............6

    A.   Standards Governing A Motion To Dismiss.............................6

    B.   The Copyright Act Does Not Preempt Plaintiffs'
        State Law Claims ..................................................................7

        1.   The Song Does Not Fall Within the Subject-Matter
            of Copyright..............................................................7

        2.   Plaintiffs' State Law Claims Assert Rights That Are
            Fundamentally Different From the Exclusive Rights
            Enumerated in Section 106 .........................................9

    C.   Plaintiffs' State Law Claims Are Well Pled .........................14

        1.   Plaintiffs' FAL and UCL Claims Do Not Rely
            on Allegations of Fraud .............................................14

        2.   Rescission is a Claim, Not a Remedy .........................17

    D.   All of Plaintiffs' Claims Are Timely ...................................19

        1.   Plaintiffs' Federal Claims and Their UCL and Breach of
            Contract Claims Are Subject to Four-Year Statutes of
            Limitations ...............................................................19

        2.   Plaintiffs' Remaining State Claims Are Timely
            Under the Discovery Rule ..........................................22

3.    Plaintiffs' Class Allegations Should Not Be
      Stricken or Limited ........................................................24

E.    Plaintiffs Should be Given Leave to Amend .......................................25

IV.   CONCLUSION ........................................................................................25

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

**CASES**

4

5

*Abels v. Bank of Am., N.A.,*
    No. C 11-0208-YGR, 2012 U.S. Dist. LEXIS 28125
6   (N.D. Cal. Mar. 2, 2012) ......................................................................17

7

*Altera Corp. v. Clear Logic, Inc.,*
8   424 F.3d 1079 (9th Cir. 2005)........................................................7, 12

9

*Anthony v. Lockerby,*
10   No. CV 12-1702-SJO (SHx), 2013 U.S. Dist. LEXIS 40521
     (C.D. Cal. Mar. 15, 2013) ......................................................................6
11

12  *Ashcroft v. Iqbal,*
     556 U.S. 662 (2009) ...............................................................................6
13

14  *Baekert Progressive Composites v. Wave Cyber Ltd.,*
     No. 06-cv-2440 (LAB)(LSP), 2007 U.S. Dist. LEXIS 25817
15   (S.D. Cal. Apr. 5, 2007) .......................................................................11

16

17  *Barquis v. Merch. Collection Ass'n,*
     7 Cal. 3d 94 (1972)...............................................................................16
18

19  *Bell Atl. Corp. v. Twombly,*
     550 U.S. 544 127 S. Ct. 1955 (2007) .....................................................6
20

21  *Bell v. Combined Registry Co.,*
     397 F. Supp. 1241 (N.D. Ill. 1975) ......................................................22
22

23  *Broberg v. Guardian Life Ins. Co. of Am.,*
     171 Cal. App. 4th 912 (2009)..........................................................22, 23
24

25  *Campbell v. PricewaterhouseCoopers,*
     No. CIV. S-06-2376 LKK/GGH, 2008 U.S. Dist. LEXIS 75756
26   (E.D. Cal. Aug. 14, 2008) .....................................................................25

27

28  *Caufield v. Ponchatoula Times,*
     759 F.2d 493 (5th Cir. 1985) ...............................................................22

*Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tele. Co.*,
   20 Cal. 4th 163 (1999)............................................................................16

*Chesler/Perlmutter Prods., Inc. v. Fireworks Entm't, Inc.*,
   177 F. Supp. 2d 1050 (C.D. Cal. 2001)..................................................13

*Cipollone v. Liggett Group, Inc.*,
   505 U.S. 504 (1992)................................................................................10

*Comm. on Children's Television, Inc. v. Gen. Foods Corp.*,
   35 Cal. 3d 197 (1983).............................................................................15

*Cortez v. Purolator Air Filtration Products Co.*,
   23 Cal. 4th 163 (2000)............................................................................18

*Creditors Collection Serv. v. Castaldi*,
   38 Cal. App. 4th 1039 (1995)..................................................................22

*CRST Van Expedited, Inc. v. Werner Enters.*,
   479 F.3d 1099 (9th Cir. 2007)....................................................15, 16, 20

*Del Madera Properties v. Rhodes & Gardner, Inc.*,
   820 F.2d 973 (9th Cir. 1987)...................................................................12

*DelCostello v. Teamsters*,
   462 U.S. 151 (1985)................................................................................20

*Downing v. Abercrombie & Fitch*,
   265 F.3d 994 (9th Cir. 2001)...........................................................7, 8, 9

*Educ. Testing Serv. v. Simon*,
   95 F. Supp. 2d 1081 (C.D. Cal. 1999)....................................................11

*El Pollo Loco, Inc. v. Hashim*,
   316 F.3d 1032 (9th Cir. 2003)..........................................................23, 24

*Eldridge v. Block*,
   832 F.2d 1132 (9th Cir. 1987).................................................................25

*Forester v. Chertoff*,
   500 F.3d 920 (9th Cir. 2007).....................................................................9

*Grosso v. Miramax Film Corp.*,
   383 F.3d 965 (9th Cir. 2004)..................................................................12, 13

*Henderson v. J.M. Smucker Co.*,
   Case No. CV 10-4524-GHK (VBKx), 2011 U.S. Dist. LEXIS 27953
   (C.D. Cal. Mar. 17, 2011) ......................................................................23, 24

*Idema v. Dreamworks, Inc.*,
   162 F. Supp. 2d 1129 (C.D. Cal. 2001)........................................................11

*Jacobsen v. Katzer*,
   609 F. Supp. 2d 925 (N.D. Cal. 2009) ..........................................................13

*JZK, Inc. v. Weaver*,
   No. C06-5477 (FDB), 2006 U.S. Dist. LEXIS 7552
   (W.D. Wash. Oct. 17, 2006)..........................................................................12

*Kabehie v. Zoland*,
   102 Cal. App. 4th 513 (2002)........................................................................13

*Kasky v. Nike, Inc.*,
   27 Cal. 4th 939 (2002)...................................................................................15

*Kearns v. Ford Motor Co.*,
   567 F.3d 1120 (9th Cir. 2009)......................................................................14

*Khan v. Medical Board*,
   12 Cal. App. 4th 1834(1993)........................................................................15

*Kodadek v. MTV Networks*,
   152 F.3d 1209 (9th Cir. 1998).......................................................................11

*Korea Supply Co. v. Lockheed Martin Corp.*,
   29 Cal. 4th 1134 (2003)...........................................................................15, 16

*Leeson v. Transamerica Disability Income Plan*,
   671 F.3d 969 (9th Cir. 2012)...........................................................................9

*Levald, Inc. v. City of Palm Desert*,
   998 F.2d 680 (9th Cir. 1993).........................................................................21

*Motors, Inc. v. Times Mirror Co.*,
  102 Cal. App. 3d 735 (1980)................................................................16

*Motown Record Corp. v. George A. Hormel & Co.*,
  657 F. Supp. 1236 (C.D. Cal. 1987)....................................................12

*N. Star Steel Co. v. Thomas*,
  515 U.S. 29 (1995) ........................................................................20, 21

*Nakash v. Sup. Ct.*,
  196 Cal. App. 3d 59 (1987)............................................................17, 18

*Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*,
  991 F.2d 426 (1993) ............................................................................12

*New York v. FERC*,
  535 U.S. 1 (2002) ................................................................................10

*Odorizzi v. Bloomfield Sch. Dist.*,
  246 Cal. App. 2d 123 (1966)..............................................................18

*People v. Forest E. Olson, Inc.*,
   137 Cal. App. 3d 137 (1982)..............................................................15

*People v. McKale*,
  25 Cal. 3d 626 (1979)..........................................................................16

*Perfect 10, Inc. v. Cybernet Ventures, Inc.*,
  167 F. Supp. 2d 1114 (C.D. Cal. 2001)...............................................12

*Santa-Rosa v. Combo Records*,
  471 F.3d 224 (1st Cir. 2006) ...............................................................13

*Sega Enters. v. Accolade, Inc.*,
  977 F.2d 1510 (9th Cir. 1992)..............................................................21

*Selby v. New Line Cinema Corp.*,
  96 F. Supp. 2d 1053 (C.D. Cal. 2000)..................................................13

*Shabaz v. Polo Ralph Lauren Corp.*,
  586 F. Supp. 2d 1205 (C.D. Cal. 2008)................................................24

*Sony Corp. v. Universal City Studios*,
   464 U.S. 417 (1984) .................................................................... 21

*Summit Mack Tool Mfg. Corp.v. Victor CNC Sys.*,
   7 F.3d 1434 (9th Cir. 1993) ......................................................... 9

*Taguinod*,
   755 F. Supp. 2d at 1072 ......................................................... 17, 18

*TeraRecon v. Fovia*,
   No. 05-C-4407 (CW), 2006 U.S. Dist. LEXIS 48833
   (N.D. Cal. July 6, 2006) .............................................................. 12

*Tippett v. Terich*,
   37 Cal. App. 4th 1517 (1995) ..................................................... 18

*Valente-Kritzer Video v. Pinckney*,
   881 F.2d 772 (9th Cir. 1989) ...................................................... 11

*Van Dyke v. Lions Gate Entm't, Inc.*,
   No. SA CV 13-454-JST (ANx) 2013 U.S. Dist. LEXIS 105288
   (C.D. Cal. July 24, 2013) ................................................. 17, 18, 19

*Vess v. Ciba-Geigy Corp. USA*,
   317 F.3d 1097 (9th Cir. 2003) ................................................ 14, 15

*W. Radio Servs. Co. v. Qwest Corp.*,
   678 F.3d 970 (9th Cir. 2012) ........................................................ 6

*Weatherly v. Universal Music Publ'g Gr.*,
   125 Cal. App. 4th 913 (2004) ................................................ 22, 23

*Welles v. Turner Entm't Co.*,
   503 F.3d 728 (9th Cir. 2007) ...................................................... 23

*Xerox Corp. v. Apple Computer, Inc.*,
   734 F. Supp. 1542 (N.D. Cal. 1990) .......................................... 12

*Yumul v. Smart Balance, Inc.*,
   733 F. Supp. 2d 1117 (C.D. Cal. 2010) ..................................... 22

*Zucco Partners, LLC v. Digimarc Corp.*,
   552 F.3d 981 (9th Cir. 2009) ............................................................... 6

**STATUTES**

Copyright Act of 1976,
   Pub. L. No. 94-533, 90 Stat. 2578 .................................................... 22
17 U.S.C.
   § 101 *et seq.* ................................................................................. *passim*
   § 102 ............................................................................................. 8, 9
   § 102(a) .............................................................................................. 8
   § 103 ............................................................................................. 8, 9
   § 106 ....................................................................................... 2, 10, 14
   § 301(a) .......................................................................................... 2, 7
   § 501-505 ........................................................................................ 20
   § 501(b) ........................................................................................... 19
   § 507(b) ........................................................................................... 19
   § 1203 ............................................................................................. 20

Declaratory Judgment Act,
   28 U.S.C. §§ 2201 *et seq.* ................................................................ 22

California Business & Professions Code
   §§ 17200 *et seq.* .......................................................................... 3, 15
    § 17208 ........................................................................................ 21
   §§ 17500 *et seq.* .......................................................................... 3, 15

California Civil Code
   §§ 1688 *et seq.* .............................................................................. 16
    § 1689 ......................................................................................... 17
    § 1692. ........................................................................................ 19
    § 1693 ......................................................................................... 19

California Code of Civil Procedure
   § 337 .............................................................................................. 21
   § 338(a), (d) .................................................................................... 22

**RULES**

Federal Rules Civil Procedure
Rule 9(b) ......................................................................................................15
Rule 12(f) .....................................................................................................24

Central District of California Civil Local Rules
L.R. 3-2 ...........................................................................................................3
L.R. 15-1 .........................................................................................................3

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.     INTRODUCTION**

This action challenges the purported copyright claim of defendants Warner/Chappel Music, Inc. ("Warner"), and Summy-Birchard, Inc. ("Summy-Birchard") (collectively "Defendants"), to world's most popular song, *Happy Birthday to You* ("*Happy Birthday*" or the "Song"). The Song is a spontaneous, popular adaptation of *Good Morning to All*, a children's kindergarten song written by Mildred J. Hill and Patty Smith Hill (collectively, the "Hill Sisters") in or around 1893. *See* Second Amended Consolidated Class Action Compl. ("SAC") (ECF Nos. 57, 59) ¶ 16. There is no known copyright for the Song itself, even though the public began singing it no later than the early 1900s. *See* SAC ¶ 41. The ***only*** known copyrights related to the Song are specific piano ***arrangements***: a solo piano arrangement filed on December 29, 1934 (SAC ¶¶ 75-76); a four-hand piano arrangement filed on February 18, 1935 (SAC ¶¶ 79-80); a second piano part arrangement filed on April 5, 1935 (SAC ¶¶ 83 and 84); and finally, a six-hand piano arrangement also filed on April 5, 1935 (SAC ¶¶ 87-88). Although they have never identified any particular copyright, Defendants nevertheless have asserted copyrights to the Song itself (*i.e.*, words and music) and have demanded license fees from Plaintiffs and thousands of others for use of the Song.

However, as Plaintiffs allege in formidable detail in the SAC, ***no one*** owns the copyright to *Happy Birthday*.[1] Plaintiffs seek to have this Court declare that the world's most famous song is in the public domain for all to enjoy and use without being subject to Defendants' improper claims of ownership and fees.

Notably, Defendants have not moved to dismiss either of Plaintiffs' two federal claims – conceding that Plaintiffs have adequately pled claims upon which

---

[1]     Plaintiffs are Good Morning to You Productions ("GMTY"), Robert Siegel ("Siegel"), Rupa Marya d/b/a Rupa Marya & The April Fishes ("Rupa"); and Majar Productions LLC ("Majar") (collectively "Plaintiffs").

declaratory relief may be granted.  Instead, Defendants have moved to dismiss only Plaintiffs' related state law claims, arguing in the first instance that those state law claims are preempted under Section 301(a) of the Copyright Act, 17 U.S.C. § 301(a), or alternatively that Plaintiffs have not sufficiently pled their state law claims.  These arguments fail.

As alleged in the SAC, *Happy Birthday* is neither copyrighted nor copyrightable.  For that reason, Plaintiffs do not allege that Defendants have violated any provision of the Copyright Act.  No party to this case claims that any other party has infringed ***any*** copyright.  Quite simply, the Song itself – as opposed to the four piano arrangements – is ***not*** "within the subject matter of copyright."  17 U.S.C. § 301(a).  As Defendants concede, when a matter is not "within the subject matter of copyright," preemption cannot apply.  *See* Defs. Mem. at 1.  Even if the Song were within the subject-matter of copyright, the rights Plaintiffs assert under state law are not equivalent to the narrow set of rights conferred upon copyright holders under Section 106 of the Copyright Act, 17 U.S.C. § 106.  For these reasons, Plaintiffs' state law claims are not preempted by Section 301(a).

Plaintiffs have more than adequately alleged each of their state law claims in the detail-rich SAC.  Each of those claims is plausibly – indeed, convincingly – alleged in the meticulously researched pleading.  Plaintiffs have set forth highly detailed allegations that Defendants improperly asserted copyright ownership to the Song when, in fact, they have no such rights, and have extracted fees from Plaintiffs under the threat of prosecution for copyright infringement, and induced them to enter licensing agreements lacking in consideration.  Plaintiffs have not pled a claim for fraud, and none of their state law claims "sound in fraud."  Plaintiffs have met the specific pleading requirements for each of their state law claims and, for that additional reason, Defendants' motion to dismiss Plaintiffs' state law claims should be denied.

///

## II.     FACTUAL AND PROCEDURAL BACKGROUND

### A.     Procedural Background

In the SAC, Plaintiffs assert claims for declaratory and corollary injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq*., declaring that the Song is dedicated to public use and in the public domain and that the Copyright Act does not give Defendants the rights they have asserted and enforced against Plaintiffs and the other members of the Class.[2]  SAC ¶¶ 4, 148.  Plaintiffs also seek a declaratory judgment (a) enjoining Defendants from asserting similar rights in the future, (b) ordering Defendants to make restitution to Plaintiffs and the other members of the Class for the license fees paid by them for the right to use the Song; and (c) an accounting for all monetary benefits Defendants have obtained from their claim of ownership of the purported copyright.  SAC ¶ 172.  In addition, Plaintiffs assert related claims under state law, including California's Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.* ("UCL") and False Advertising Law, Cal. Bus. & Prof. Code §§ 17500 *et seq.*  ("FAL").  As stated above, Defendants seek to dismiss only the state law claims in their motion.

### B.     Factual Background

Prior to 1893, the Hill Sisters wrote a manuscript containing sheet music for 73 songs, including the song *Good Morning to All*.  SAC ¶¶ 16-17.  Thereafter, the

---

[2]     Pursuant to the parties' stipulation and order issued *nunc pro tunc* by this Court on August 30, 2013, Case No. CV 13-04460-GHK (MRWx) (*Marya et al. v. Warner/Chappell Music, Inc.*) and Case No. CV 13-05164-GHK (MRWx) (*Majar v. Warner/Chappell Music, Inc. and Summy-Birchard, Inc.*) were consolidated for all purposes and Plaintiffs were directed to file a consolidated complaint on or before September 4, 2013. *See* Order on Stipulation, ECF No. 56 ("Consolidation Order"). In accordance with the Court's Consolidation Order, L.R. 15-1 and L.R. 3-2, Plaintiffs manually filed the SAC on September 4, 2013.  As the parties have agreed, Defendants' Motion to Dismiss (ECF Nos. 52-55) and the accompanying Memorandum of Points and Authorities references the parties, causes of action, and paragraph numbers of the SAC.

Hill Sisters assigned the manuscript to Clayton F. Summy ("Summy")[3] who in 1893 published the manuscript (including the song *Good Morning to All*) in a songbook titled *Song Stories for the Kindergarten*.  SAC ¶¶ 18-19.  Summy registered *Song Stories for the Kindergarten* with the Copyright Office in October 1893.  SAC ¶ 20.  The lyrics to *Happy Birthday* were **not** included in *Song Stories for the Kindergarten*.  SAC ¶¶ 24-26.  Summy subsequently republished *Good Morning to All* on at least three occasions in 1896, 1899 and 1907.[4]  SAC ¶¶ 28, 34, 43.  The lyrics to *Happy Birthday* were **not** published in any of those republications of *Good Morning to All* .  SAC ¶¶ 33, 40, 45.

Even though the lyrics to *Happy Birthday* and the Song itself had not been fixed in a tangible medium of expression by the Hill Sisters (or by any other author), the public began singing *Happy Birthday* in the early 1900s.  SAC ¶¶ 41-42, 46, 66.  The lyrics to *Happy Birthday* and the suggestion that they be sung to the melody of *Good Morning to All* were first published (although not in sheet music form) in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church in a copyrighted work entitled *The Elementary Worker and His Work*.  SAC ¶¶ 41-42, 46-50.  The Hill Sisters had not fixed the lyrics to *Happy Birthday* in a tangible

---

[3]     Summy incorporated the Clayton F. Summy Company ("Summy Co.") in Illinois in 1895 and assigned *Song Stories for the Kindergarten* to it.  SAC ¶ 27.  Summy Co. was dissolved in 1920, and Summy incorporated a new Clayton F. Summy Co. ("Summy Co. II") in Illinois in 1925.  SAC ¶ 52.  Summy Co. II was dissolved in 1933 for failure to pay taxes, and a third Clayton F. Summy Co. ("Summy Co. III") was incorporated in Delaware in 1931.  SAC ¶¶ 61, 68-69.  Defendants concede that "[t]hese and other allegations regarding the provenance of Clayton F. Summy Co. ... are not pertinent to" their motion to dismiss.  Defs. Mem. at 3 n.2.  For convenience, Summy, Summy Co. I, Summy Co. II, and Summy Co. III will be referred to collectively as "Summy."

[4]     Summy registered the three works with the Copyright Office. SAC ¶¶ 29, 35, 44.

medium of expression prior to publication of *The Elementary Worker and His Work*. SAC ¶ 66.

The copyright for *Song Stories for the Kindergarten* expired on October 21, 1921. SAC ¶¶ 54-56. As a result, the songbook *Song Stories for the Kindergarten* (and the individual song *Good Morning to All*) became dedicated to public use and fell into the public domain no later than October 21, 1921. SAC ¶ 56. After *Good Morning to All* fell into the public domain, the melody and lyrics to *Happy Birthday* were published together in sheet music form in the 1924 songbook *Harvest Hymns*[5] and again in the 1928 songbook *Children's Praise and Worship*.[6]

In 1934 and 1935, Jessica Hill sold six piano arrangements for *Good Morning to All* to Summy. SAC ¶ 74. Between December 1934 and April 1935, Summy filed copyright applications for four piano arrangements for the song "*Happy Birthday*" that did not contain any lyrics. SAC ¶¶ 75-90. In December 1935, Summy filed two additional copyright applications for piano arrangements for the song "*Happy Birthday to You*" that contained the *Happy Birthday* lyrics. (Reg. Nos. E51988 and E51990). SAC ¶¶ 91-100. None of the six piano arrangements credited the Hill Sisters with writing the *Happy Birthday* lyrics. SAC ¶¶ 92-93, 97-98. All six works registered with the Copyright Office in 1934 and 1935 were eligible for copyright protection only as to the piano arrangements because the melody was

---

[5]     The song published in *Harvest Hymns* was entitled "*Good Morning to You!*" and included the lyrics to *Happy Birthday* as alternate lyrics. SAC ¶¶ 58-59. A copyright registration for *Harvest Hymns* was filed by Robert H. Coleman in 1924 and renewed by the Sunday School Board of the Southern Baptist Convention in 1952. SAC ¶ 60.

[6]     The song published in *Children's Praise and Worship* is entitled *Happy Birthday to You* and was the first time the Song was published in sheet music form under the title *Happy Birthday to You*. SAC ¶ 62. A copyright registration for *Children's Praise and Worship* was filed by Gospel Trumpet Co. in 1928. SAC ¶ 63. The copyright application did not attribute authorship or identify any copyright for *Happy Birthday*. SAC ¶ 65.

already in public domain, the *Happy Birthday* lyrics were not authored by the Hill Sisters, and the combination of the melody and lyrics had been published previously in sheet music form.  SAC ¶¶ 56, 58, 62, 66.

In 1962, Summy (renamed Summy-Birchard Company) filed renewals for each of the six copyrights it obtained in 1934 and 1935, and each renewal was specifically and expressly confined just to the piano arrangements.  SAC ¶¶ 107-109.  Through a series of name changes and corporate acquisitions in the 1970s and 1990s, Warner currently claims ownership of the 1934 and 1935 copyrights.  SAC ¶¶ 6, 106, 110.  Based on those limited copyrights to the piano arrangements, Warner has demanded at least $2 million per year in licensing fees for the Song for many years, and it continues to do so today.  SAC ¶ 184.

## III.   DEFENDANTS' MOTION TO DISMISS SHOULD BE DENIED

### A.   Standards Governing A Motion To Dismiss

A complaint should not be dismissed if it "give[s] the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955 (2007) (internal quotations omitted).  All well-pled factual allegations are accepted as true, *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 989 (9th Cir. 2009), and are construed in a light most favorable to the plaintiff.  *W. Radio Servs. Co. v. Qwest Corp.*, 678 F.3d 970, 976 (9th Cir. 2012), *cert. denied*, 133 S. Ct. 758 (Dec. 3, 2012).  A plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570.  The "plausibility" standard is "not akin to a probability requirement."  *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937 (2009) (*citing Twombly*, 550 U.S. at 556); *Anthony v. Lockerby*, No. CV 12-1702-SJO (SHx), 2013 U.S. Dist. LEXIS 40521, at *8 (C.D. Cal. Mar. 15, 2013) (citations omitted).  It is met when the complaint contains "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 556 U.S. at 663 (*citing Twombly*, 550 U.S. at 556).

1   The highly detailed SAC easily satisfies those pleadings standards.

2   **B.    The Copyright Act Does Not Preempt Plaintiffs' State Law Claims**

3   With little more than a cursory recital of case law, Defendants argue that

4   Plaintiffs' state law claims are preempted by the Copyright Act.    Despite

5   Defendants' argument to the contrary, the Copyright Act does not preempt every

6   state law claim whenever a pleading makes incidental use of the term "copyright."

7   *See* 17 U.S.C. § 301(a).   Copyright preemption is limited. It applies only when a

8   state law repackages one of the exclusive rights provided in the Copyright Act.

9   *Downing v. Abercrombie & Fitch*, 265 F.3d 994, 1003 (9th Cir. 2001).  There are no

10  Copyright Act claims in this case.  According to Defendants, "Plaintiffs contend that

11  Warner/Chappell's copyright is invalid."   Defs. Mem. at 12.   That assertion is

12  inaccurate.   Plaintiffs do not contend that Defendants' copyright is invalid, but

13  rather that Defendants have **no copyright to the Song**, nor could they.

14  Under binding Ninth Circuit precedent, Section 301(a) preempts state law

15  claims only when two mandatory conditions are met.   "First, the content of the

16  protected right must fall within the **subject matter of copyright** as described in 17

17  U.S.C. §§ 102 and 103."  *Downing,* 265 F.3d at 1003 (emphasis added).  "Second,

18  the right asserted under state law must be **equivalent to the exclusive rights**

19  contained in section 106 of the Copyright Act." *Id*. (emphasis added).  The second

20  condition is not met if the "state law claim includes an 'extra element' that makes

21  the right asserted qualitatively different from those protected [by] the Copyright

22  Act."  *Altera Corp. v. Clear Logic, Inc*., 424 F.3d 1079, 1089 (9th Cir. 2005)

23  (citation omitted).

24  Because neither required condition for preemption is met here, Defendants'

25  preemption argument must fail.

26  **1.    The Song Does Not Fall Within the Subject-Matter of Copyright**

27  As a preliminary matter, Defendants' preemption argument fails because the

28  Song does not fall within the "subject matter" of copyright.  *See Downing*, 265 F.3d

- 7 -

at 1003 (Copyright Act only preempts claims based on "subject matter" within scope of Copyright Act).   Because the Song does not meet the definitions of Sections 102 or 103 of the Copyright Act, 17 U.S.C. §§ 102-103, it does not fall within the "subject matter" of copyright.

Under Section 102 of the Copyright Act, 17 U.S.C. § 102, copyright protection subsists "in original works of authorship, fixed in any tangible medium of expression." 17 U.S.C. § 102(a).  Plaintiffs allege, however, that *Happy Birthday* is ***not*** an "original work of authorship," but rather is a popular adaptation of another song, *Good Morning to All*.  *See* SAC ¶ 38 ("the public began singing *Happy Birthday to You* no later than the early 1900s"); SAC ¶ 39 ("in the January 1901 edition of *Inland Educator and Indiana School Journal*, the article entitled 'First Grade Opening Exercises' described children singing the words 'happy birthday to you'").  Further, Plaintiffs allege that if the Song had ever been "fixed in a tangible medium of expression," it was only after the song had been performed publicly for nearly two decades.  *See* SAC ¶ 62 ("the Hill Sisters had not fixed the lyrics to *Happy Birthday to You* or the song *Happy Birthday to You* in a tangible medium of expression, if ever, at any time before Gospel published Children's Praise and Worship in 1928").

In a similar vein, Section 103 of the Copyright Act provides that "copyright in a compilation or derivative work extends ***only to the material contributed by the author of such work***, as distinguished from the preexisting material employed in the work, and does not imply any exclusive right in the preexisting material."  17 U.S.C. § 103 (emphasis added).  Here, Plaintiffs allege that in 1934 and 1935, Jessica Hill sold six piano arrangements of *Good Morning to All* to Summy.  SAC ¶ 74.  Plaintiffs further allege in detail that Summy filed separate copyright applications ***for the six piano arrangements*** in 1934 and 1935, in which it did not attribute authorship of the *Happy Birthday* lyrics to the Hill Sisters or claim any copyright ***in the Song itself***.  SAC ¶¶ 75-95.  Thus, as alleged in the SAC, the only copyrighted

works were the ***arrangements***, not the Song (*i.e.*, the preexisting material).  *Id.*  At most, the six copyrights extend just to the right to reproduce and distribute the six specific piano arrangements.  *Id.*

For these reasons, *Happy Birthday* does not come within the "subject matter of copyright."  *See Downing,* 265 F.3d at 1003.  To be sure, Defendants have not identified a single piece of evidence, written or otherwise, to the contrary.   Standing alone, this is a sufficient basis to find that Plaintiffs' state law claims are not preempted by the Copyright Act.

### 2. Plaintiffs' State Law Claims Assert Rights That Are Fundamentally Different From the Exclusive Rights Enumerated in Section 106

Even if the state law rights at issue could possibly fall within Sections 102 and 103 of the Copyright Act – which they do not – Defendants' preemption challenge must still fail because those state rights are not equivalent to the rights protected under the Copyright Act.  *See Downing,* 265 F.3d at 1003.  Rather, each state law claim "contains an element not shared by the federal law, an element which changes the nature of the action so that it is ***qualitatively different from a copyright infringement claim***."  *See Summit Mack Tool Mfg. Corp. v. Victor CNC Sys.*, 7 F.3d 1434, 1439 (9th Cir. 1993) (emphasis added) (citation omitted).[7]  Section 106 of the Copyright Act, 17 U.S.C. § 106, grants a copyright owner certain

---

[7]    Although this Court has subject-matter jurisdiction over this action with respect to claims seeking declaratory and other relief "arising under," *inter alia*, the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, Plaintiffs do not assert a single substantive claim under the Copyright Act.  *See Leeson v. Transamerica Disability Income Plan*, 671 F.3d 969, 974-75 (9th Cir. 2012) ("federal courts have broad adjudicatory authority over 'all civil actions arising under the Constitution, laws, or treaties of the United States'") (*citing* 28 U.S.C. § 1331); *Forester v. Chertoff*, 500 F.3d 920, 929 (9th Cir. 2007) (district courts are broadly authorized to exercise subject matter jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States [as set forth in 28 U.S.C. § 1331]").

exclusive rights, including the right to reproduce, prepare derivative works, distribute, and display copyrighted works. *See* 17 U.S.C. § 106. Significantly, ***no part of the Copyright Act protects a party's right to be free from the unlawful assertion of copyright***. Plaintiffs' state law claims therefore, are fundamentally separate and distinct from the exclusive rights enumerated in Section 106.

Courts generally apply a presumption against preemption of state law, particularly in realms traditionally associated with state police powers such as consumer protection. *See New York v. FERC*, 535 U.S. 1, 18, 122 S. Ct. 1012 (2002) ("*FERC*") (courts "start[] with the assumption that the historic police powers of the States [are] not to be superseded . . . unless that was the clear and manifest purpose of Congress") (quotation omitted); *Cipollone v. Liggett Group*, *Inc.*, 505 U.S. 504, 517, 112 S. Ct. 2608 (1992) (statute is construed "in light of the presumption against the pre-emption of state police power regulations"). Plaintiffs assert claims pursuant to California's unfair competition and false advertising laws based on allegations of Defendants' unfair business practices and deceptive conduct. *See, e.g*., SAC ¶ 169 ("Defendant Warner/Chappell's conduct in exerting control over exclusive copyright ownership to *Happy Birthday to You* to extract licensing fees is deceptive and misleading because Warner/Chappell does not own the rights to *Happy Birthday to You*."); SAC ¶ 184 ("Defendant Warner/Chappell publicly disseminated advertising which contained statements which were untrue and misleading and which concerned the composition *Happy Birthday to You*, for which they improperly sought and received licensing fees."). Dismissal of Plaintiffs' FAL and UCL claims would frustrate the guiding precept of preemption, which is to protect the state's right to regulate issues of public policy affecting its citizens. *See FERC*, 535 U.S. at 18.

Significantly, the Copyright Act has no provision prohibiting anyone from falsely claiming to own a copyright. Indeed, the Copyright Act does not contain any provision involving deceit or misrepresentation. Its focus is the innocent or willful

copying of another's copyrighted work.  Thus, federal courts in California routinely deny preemption challenges when the state claims involve allegations of deceit or misrepresentation on the ground that such claims are not equivalent to any exclusive right protected by the Copyright Act.  *See, e.g., Baekert Progressive Composites v. Wave Cyber Ltd.*, No. 06-cv-2440 (LAB)(LSP), 2007 U.S. Dist. LEXIS 25817, at *10 (S.D. Cal. Apr. 5, 2007) (false advertising claim was not preempted by Copyright Act because claim included element of misrepresentation) (*citing Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989) (fraud claim was not substantially equivalent to any right protected under Copyright Act because it required proof of misrepresentation); *see also Educ. Testing Serv. v. Simon*, 95 F. Supp. 2d 1081, 1091 (C.D. Cal. 1999) (UCL claim not preempted because Copyright Act preempts only those state laws that are "equivalent to" copyrights).

One of the cases Defendants cited, *Idema v. Dreamworks, Inc*., 162 F. Supp. 2d 1129 (C.D. Cal. 2001) (Defs. Mem. at 9), did not even assert FAL or UCL claims, it involved no allegations of deceptive or misleading conduct, and it does not support Defendants' argument that such allegations are insufficient to avoid preemption.  All six of the other cases cited by Defendants on this point were infringement cases by owners of copyrights, asserting infringement claims under the Copyright Act.  In *Kodadek v. MTV Networks*, 152 F.3d 1209, 1213 (9th Cir. 1998), for example, the Ninth Circuit found preemption where the plaintiff "expressly base[d] his unfair competition claim on rights granted by the Copyright Act."  The Ninth Circuit concluded that the plaintiff's UCL claim was "based solely on rights equivalent to those protected by the federal copyright laws."  *Id*.[8];  *see also Del Madera Properties v. Rhodes & Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (California UCL claim preempted because it did not add "extra element" to

---

[8] As discussed above, the Copyright Act has no provision prohibiting false claims of copyright ownership, and thus provides no rights equivalent to those protected by the UCL or the FAL.

- 11 -

plaintiff's infringement claim); *TeraRecon v. Fovia*, No. 05-C-4407 (CW), 2006 U.S. Dist. LEXIS 48833 (N.D. Cal. July 6, 2006) (same); *Perfect 10, Inc. v. Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1125 (C.D. Cal. 2001) (same); *Xerox Corp. v. Apple Computer, Inc.,* 734 F. Supp. 1542, 1551 (N.D. Cal. 1990) (same); *Motown Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1239 (C.D. Cal. 1987) (plaintiff's UCL and FAL claims preempted by plaintiff's copyright infringement claim).  Thus, they provide no support for preemption here.

Plaintiffs further assert claims sounding in contract for money had and received and for rescission (based on the failure of consideration).  SAC ¶¶ 177-181. It is well-settled that the Copyright Act does not preempt the enforcement of contractual rights.  *Altera*, 424 F.3d at 1089 (reviewing cases on unauthorized use from the Seventh Circuit, Eighth Circuit and Federal Circuit); *accord JZK, Inc. v. Weaver*,  No. C06-5477 (FDB), 2006 U.S. Dist. LEXIS 75523, at *9 (W.D. Wash. Oct. 17, 2006) ("The Ninth Circuit, as have most courts, has held that the Copyright Act does not preempt the enforcement of contractual rights."); *Nat'l Car Rental Sys., Inc. v. Computer Assocs. Int'l, Inc.*, 991 F.2d 426, 433 (8th Cir.), *cert. denied*, 510 U.S. 861 (1993) (quoting H.R. REP. No. 94-1476, 94th Cong., 2d Sess. 132, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5748) ("In elaborating the meaning of the term 'equivalent rights' the House committee report to the Copyright Act suggests that breaches of contract were not generally preempted:  'nothing in the bill derogates from the rights of parties to contract with each other and to sue for breaches of contract.'").   As the Ninth Circuit has recognized, the "bilateral expectation of compensation" distinguishes contractual rights from the rights protected under the Copyright Act.  *See Grosso v. Miramax Film Corp.*, 383 F.3d 965, 968 (9th Cir. 2004).  Thus, as one court explained:

> A right that is qualitatively different from copyright includes a right to payment, a right to royalties, or any other independent covenant.  These qualitatively different rights constitute the

1   requisite extra element.  These breach of contract actions are ***not***
2   ***preempted by federal copyright law***.

3   *Kabehie v. Zoland*, 102 Cal. App. 4th 513, 528, 125 Cal. Rptr. 2d 721 (2002)
4   (emphasis added); s*ee also Chesler/Perlmutter Prods., Inc. v. Fireworks Entm't,*
5   *Inc*., 177 F. Supp. 2d 1050, 1058-59 (C.D. Cal. 2001) (breach of promise to pay
6   specific amounts for copyrighted work not preempted).

7       Plaintiffs' money had and received and rescission claims possess elements
8   that are qualitatively different from any right protected under the Copyright Act.
9   SAC ¶¶ 177-181.  Both claims assert Plaintiffs' right to receive something of
10  consideration in exchange for their payments of synchronization and mechanical
11  licensing fees.  *See* SAC ¶¶ 114, 115, 121-123, 126.  As Plaintiffs allege, the right to
12  receive valid consideration was breached because "Defendants' purported licenses
13  were worthless."  SAC ¶ 180.  Accordingly, Plaintiffs' claims sounding in contract
14  are not preempted by the Copyright Act.  *See Grosso*, 383 F.3d at 968.

15      Defendants' four contract preemption cases are easily distinguishable.  In
16  each of those cases, unlike here, the plaintiffs were copyright owners who possessed
17  rights under the Copyright Act.   In *Selby v. New Line Cinema Corp*., 96 F. Supp. 2d
18  1053, 1054 (C.D. Cal. 2000), the plaintiff's breach of contract claim was preempted
19  by his claim that the defendant infringed his copyright. *See also Jacobsen v. Katzer*,
20  609 F. Supp. 2d 925, 933 (N.D. Cal. 2009) (preemption where plaintiff's contract
21  claim was predicated upon defendant's alleged use of copyrighted work without
22  abiding by the "Artistic License," in derogation of plaintiff's rights under Section
23  106); *Kabehie*, 102 Cal. App. 4th at 529 (breach of contract claims preempted where
24  no allegation of "extra element" made them qualitatively different from copyright
25  infringement action); *Santa-Rosa v. Combo Records*, 471 F.3d 224, 227 (1st Cir.
26  2006) (preemption found where plaintiff sought to rescind his recording contract;
27  after rescission, any further distribution by defendant record company would
28  infringe copyright).  Here, Plaintiffs own no copyrights to the Song (and neither do

Defendants), and they assert no claim for infringement of any of the exclusive rights granted by Section 106 of the Copyright Act, 17 U.S.C. § 106.   Plaintiffs' contract claims thus are not preempted and must be allowed to stand.

### C.   Plaintiffs' State Law Claims Are Well Pled
### 1.   Plaintiffs' FAL and UCL Claims Do Not Rely on Allegations of Fraud

Defendants summarily argue that Plaintiffs' FAL and UCL claims are "grounded in fraud" and, therefore, must be pled with specificity.  Defs. Mem. at 14:18-21. There is no claim for fraud in the SAC, leaving Defendants to cherry-pick a handful of allegations from the Complaint, conclude that the claims are "grounded in fraud," and argue that the FAL and UCL claims must be dismissed because "fraud" has not been alleged with particularity.  Defendants are mistaken.

The claims would be "grounded in fraud" only if Plaintiffs "allege a unified course of fraudulent conduct and rely ***entirely*** on that course of conduct as the basis of that claim." *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009) (emphasis added).  Where, as here, averments of fraud are made in a claim in which fraud is merely a part, but not an essential element of a claim, "an inadequate averment of fraud does not mean that no claim has been stated." *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1105 (9th Cir. 2003).  In such a case, "[t]he proper route is to disregard averments of fraud not meeting Rule 9(b)'s standard and then ask whether a claim has been stated." *Id.* ("district court should 'disregard' those averments, or 'strip' them from the claim" and "then examine the allegations that remain to determine whether they state a claim"). Plaintiffs' UCL and FAL claims do not rely entirely on averments of fraud and are, even stripped of all allegations of fraud, sufficiently pled.

Fraud requires: (i) a false representation; (ii) knowledge of its falsity; (iii) intent to defraud; (iv) justifiable reliance; and (v) damages. *Vess*, 317 F.3d at 1105. In sharp contrast, an FAL claim does ***not*** require knowledge of the falsity of an advertisement or a specific intent to defraud.  It is sufficient to allege negligent

- 14 -

1    dissemination of misleading advertising. *Khan v. Medical Board*, 12 Cal. App. 4th

2    1834, 1846 (1993) ("section[] 17500 . . . can be violated through negligence");

3    *People v. Forest E. Olson, Inc.*, 137 Cal. App. 3d 137, 139 (1982).  Therefore,

4    Plaintiffs' allegations that Defendants "knew, or in the exercise of reasonable care

5    should have known" their advertising was untrue and misleading are both sufficient

6    to state a claim under § 17500 ***and*** not subject to Rule 9(b) of the Federal Rules of

7    Civil Procedure. SAC ¶¶ 198-201; *see Vess*, 317 F.3d at 1105 (allegations of

8    negligent misrepresentation are not subject to Rule 9(b)); *see also* SAC ¶¶ 110-115,

9    120-124, 130, 141-147, 168 (allegations of false advertisement).

10   The UCL claim survives for the same reason.  One of the wrongs proscribed

11   by the UCL is "[a]ny act prohibited by . . . Section 17500." Cal. Bus. & Prof. Code

12   § 17200.  "'Any violation of the false advertising law . . . necessarily violates' the

13   UCL." *Kasky v. Nike, Inc.*, 27 Cal. 4th 939, 950 (2002) (quoting *Comm. on*

14   *Children's Television, Inc. v. Gen. Foods Corp.*, 35 Cal. 3d 197, 210 (1983)). "Thus,

15   to state a claim under either the UCL or the false advertising law, based on false

16   advertising or promotional practices, it is necessary only to show that members of

17   the public are likely to be deceived." *Id.* at 951. (quotation marks and citations

18   omitted). Plaintiffs easily meet this rather low pleading standard for a claim under

19   the FAL and, by extension, under the UCL as well.

20   The UCL claim also survives because the UCL more broadly covers "unfair"

21   acts, including those alleged by Plaintiffs, not just fraudulent or misleading ones.

22   "The UCL covers a wide range of conduct.  It embraces anything that can properly

23   be called a business practice and that at the same time is forbidden by law." *CRST*

24   *Van Expedited, Inc. v. Werner Enters.*, 479 F.3d 1099, 1107 (9th Cir. 2007) (quoting

25   *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1143 (2003)).  In

26   other words, a successful claim under the UCL does not require fraud or even

27   misleading conduct.  For example, ***it is a violation of the UCL to assert a***

28   ***contractual right that is not conferred*** in the contract or to include an unlawful

1  provision in a contract.  *See People v. McKale*, 25 Cal. 3d 626, 635 (1979).

2      Plaintiffs' UCL claim in this case is functionally the same as the claim in

3  *McKale*.  Here, Plaintiffs allege that Defendants have asserted rights – namely

4  copyrights – that they do not possess.  SAC ¶¶ 4, 6-8, 13-123, 127-130, 163-174.

5  As a practical matter, it makes no difference that those purported rights arise under

6  the Copyright Act rather than under a contract.  The wrong and the harm are the

7  same in both cases.

8      The UCL also "'borrows' violations from other laws by making them

9  independently actionable as unfair competitive practices[,]" including common law

10  claims.  *CRST Van Expedited*, 479 F.3d at 1107 (quoting *Korea Supply Co.*, 29 Cal.

11  4th at 1143).  Plaintiffs' common law claim for money had and received and their

12  claim for rescission under California Civil Code §§ 1688 *et seq.*, are, therefore,

13  sufficient to make a UCL claim.  SAC ¶¶ 177-81.

14      Finally, UCL claims broadly encompass unfair business practices that are

15  "unfair" even though they are not "unlawful."  *Cel-Tech Commc'ns, Inc. v. L.A.*

16  *Cellular Tele. Co.*, 20 Cal. 4th 163, 180, 182-84 (1999).  *See also Motors, Inc. v.*

17  *Times Mirror Co.*, 102 Cal. App. 3d 735, 739-740 (1980) (Legislature intended

18  broad, inclusive standard to encompass "creative nature of the scheming mind")

19  (quoting *Barquis v. Merch. Collection Ass'n*, 7 Cal. 3d 94, 112 (1972)).

20  Defendants' demand for money based upon a copyright they do not own, whether

21  technically "unlawful" or not, is unfair on its face.

22      Defendants also argue that Plaintiffs have failed to allege where and how they

23  communicated their purported ownership of the Song.  Defs. Mem. at 15.  That

24  argument completely overlooks paragraph 6 of the SAC, which plainly alleges that

25  at the time of filing of the initial complaint, Warner publicly asserted it owns the

26  Song "in the first two sentences on the 'About Us' page of its website."  SAC ¶ 6.

27  The   SAC   even   identifies   the   website's   URL:

28  http://www.warnerchappell.com/about.jsp?currenttab=about_us *last  visited*  June

2013.  *Id*.  The SAC also alleges that Warner claimed to own the Song when it demanded license fees from Plaintiffs GMTY (SAC ¶¶ 117, 119) and Siegel (SAC ¶¶ 127-28).  In addition, to all that, Warner Music Group Corp., the parent company of defendant Warner, has advertised in each of its Annual Reports since at least 2008 that it owns *Happy Birthday*.  *See* Decl. of Betsy C. Manifold in Support of Pls.' Opp'n to Defs.' Mot. to Dismiss SAC ("Manifold Decl."), at Exhibits 1-5; *see also* Pls.' Req. Judicial Not. In Support Of Opp'n To Defs.' Mot. Dismiss SAC filed concurrently herewith.

Thus, Plaintiffs' allegations are more than sufficient to state a claim under the FAL and the UCL on various bases that do ***not*** rely upon any allegations of fraud.

### 2.    Rescission is a Claim, Not a Remedy

Defendants cite a decades-old California appeals court decision and one decision from this Court to support their hyper-technical argument that rescission is a remedy, not a claim.   Defs. Mem. at 18 (*citing Nakash v. Sup. Ct.*, 196 Cal. App. 3d 59, 70 (1987) and *Taguinod v. World Savings Bank*, 755 F. Supp. 2d 1064, 1072).  The weight of the case law, however, is to the contrary.  For example, a very recent opinion of this Court, *Van Dyke v. Lions Gate Entm't, Inc.*, No. SA CV 13-454-JST (ANx) 2013 U.S. Dist. LEXIS 105288, at *15-16 (C.D. Cal. July 24, 2013), denied a motion to dismiss a state law claim for rescission in a copyright and contract dispute. The court recognized that California's statutory right of rescission, set forth in California Civil Code § 1689, was the proper basis for a claim.  *Id*., at *14-15; *see also Abels v. Bank of Am., N.A.*, No. C 11-0208-YGR, 2012 U.S. Dist. LEXIS 28125, at *16-17 (N.D. Cal. Mar. 2, 2012) (denying motion to dismiss claim for rescission).

The 1987 California court of appeal case cited by Defendants is also contradicted by a more recent court of appeal decision, *Tippett v. Terich*, 37 Cal. App. 4th 1517, 1536 (1995) ("as a matter of pleading, the trial court erred because a cause of action for rescission was available to plaintiff") (*overruled on other*

1  grounds in *Cortez v. Purolator Air Filtration Products Co.*, 23 Cal. 4th 163 (2000));
2  *see also Odorizzi v. Bloomfield Sch. Dist.*, 246 Cal. App. 2d 123, 130 (1966)
3  ("pleading . . . states a ***cause of action for rescission***") (emphasis added).

4      *Tippett* and *Van Dyke* are much more applicable to the present case than is
5  *Nakash*, but all three cases support Plaintiffs' position.  The issue in *Nakash* was
6  whether a party had waived its right to rescind a contract by settling and dismissing
7  a prior lawsuit that also sought rescission of the contract.  *Nakash*, 196 Cal. App. 3d
8  at 69-70 (denying summary judgment; permitting plaintiff to seek rescission).  The
9  court of appeal held that there are many bases for obtaining rescission, and upheld
10  the trial court's decision not to grant summary judgment in favor of the defendant.
11  *Id*. at 70.  Procedurally, therefore, *Nakash* supports Plaintiffs' position that the Court
12  should deny Defendants' motion to dismiss the claim for rescission.[9]

13      The facts of *Tippett* also support Plaintiffs' claim for rescission.  *Tippett*
14  sought to rescind his employment contract on the basis that it was not for the
15  prevailing wage and was, therefore, unlawful.  *Tippett*, 37 Cal. App. 4th at 1535.
16  The trial court dismissed the plaintiffs' claims.  The court of appeal held that the
17  trial court should not have dismissed Tippet's cause of action for rescission,
18  recognizing the validity of the cause of action, but affirmed the decision on the
19  merits.  *Id*. at 1535-36.  In *Van Dyke*, the plaintiff sought to rescind an agreement to
20  share his copyrights as the author of a screenplay, alleging that he was coerced into
21  signing the agreement.  *Van Dyke*, 2013 U.S. Dist. LEXIS 105288, at *14.  The
22  district court denied a motion to dismiss Van Dyke's claim for rescission of the
23  agreement.  *Id*., at *15.

24      The statutory scheme that forms the basis for rescission also supports the
25  conclusion that rescission is a claim. The law distinguishes between the claim,

26  _____
27  [9] The other case cited by Defendants, *Taguinod*, dismissed the plaintiff's claim for
    rescission on the basis that it is a "remedy, not a cause of action," in a single
28  sentence without any substantive analysis.  *Taguinod,* 755 F. Supp. 2d at 1072.

rescission, and the remedy, restitution. In particular, California Civil Code § 1692 speaks of an action for rescission, including asserting rescission as a cross-complaint:

> When a contract has been rescinded in whole or in part, any party
> to the contract may seek relief based upon such rescission by (a)
> bringing an action to recover any money or thing owing to him by
> any other party to the contract as a consequence of such rescission
> or for any other relief to which he may be entitled under the
> circumstances or (b) asserting such rescission by way of defense
> or cross-complaint.

*See also* Cal. Civ. Code § 1693 (discussing "relief based upon rescission . . . claimed in an action"). It would be incongruous to allow rescission as a cross-complaint without allowing it as a complaint (or, in federal court, as a claim).

### D. All of Plaintiffs' Claims Are Timely

#### 1. Plaintiffs' Federal Claims and Their UCL and Breach of Contract Claims Are Subject to Four-Year Statutes of Limitations

The central premise of Defendants' two remaining arguments is that Plaintiffs' federal claims under the Declaratory Judgment Act are subject to the Copyright Act's three-year statute of limitations.[10] Defs. Mem. at 18. The Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*, itself contains no statute of limitations, and it is not certain – indeed, it is unlikely – that Plaintiffs' federal claims would be subject to the Copyright Act's three-year statute of limitations. The Copyright Act does not provide for any civil enforcement action except for

---

[10]     A civil action for infringement under Section 501(b) of the Copyright Act, 17 U.S.C. § 501(b), is subject to a three-year statute of limitation. 17 U.S.C. § 507(b) (civil action must be "commenced within three years after the claim accrues").

infringement.  *See* 17 U.S.C. §§ 501-505.[11]  Nothing in the Copyright Act addresses unfair practices, fraud, or similar wrongdoing.  Plaintiffs do not assert any claim of infringement, since ***there is no copyright to be infringed***, and Plaintiffs do not allege otherwise.   Statutes of limitation apply to causes of action, not to the underlying legal principles applied to determine the case.  By its express terms, the Copyright Act's limitation period does not apply to any of Plaintiffs' claims.

When a federal statute fails to provide any limitations period for the causes of action it creates, federal courts "borrow a period, generally from ***state law***, to limit these claims."  *N. Star Steel Co. v. Thomas*, 515 U.S. 29, 32, 115 S. Ct. 1927 (1995) (emphasis added).  The Supreme Court described the practice of borrowing the limitations period from state law, rather than federal law, as both "longstanding" and "settled."  *Id*. at 34.  Consequently, federal courts turn to a federal source, as the "secondary lender," only "when the state limitations periods with any claim of relevance would 'frustrate or interfere with the implementation of national policies' . . . or be 'at odds with the purpose or operation of federal substantive law.'"  *Id*. (*quoting DelCostello v. Teamsters*, 462 U.S. 151, 161, 103 S. Ct. 2281 (1985)).

The most analogous state law is California's remedial UCL, which prohibits "anything that can properly be called a business practice and that at the same time is forbidden by law."  *CRST Van Expedited*, 479 F.3d at 1107.   Undeniably, Defendants' assertion of a copyright to extract license payments from Plaintiffs and others who seek to use the Song for commercial purposes is a "business practice" within the scope of the UCL.  The fact that Defendants falsely assert a copyright for the Song when they have no such right is unlawful – even though not proscribed by the Copyright Act itself.   Thus, there can be little doubt that Defendants' conduct falls within the scope of the UCL.  Under the longstanding and settled practice, the

---

[11]     Section 1203 of the Copyright Act, 17 U.S.C. § 1203, also permits an action by anyone harmed by the circumvention of technological measures that protect his copyrighted material.

1    UCL is the "lender of first resort," and the Court should apply the UCL's four-year
2    statute of limitations to Plaintiffs' Declaratory Judgment Act claims.  Cal. Bus. &
3    Prof. Code § 17208; Cal. Civ. Proc. Code § 337.[12]

4         Moreover, the Ninth Circuit has held that "if a claim for declaratory relief
5    could have been resolved through another form of action which has a specific
6    limitations period, the specific period of time will govern."  *Levald, Inc. v. City of*
7    *Palm Desert*, 998 F.2d 680, 688 (9th Cir. 1993) (internal quotations omitted).  As
8    noted above, Defendants concede that Plaintiffs' UCL and breach of contract claims
9    each have a four-year statute of limitations period and as previously discussed, the
10   delayed discovery rule can be applied to those claims

11        Applying the four-year statute of limitations to Plaintiffs' Declaratory
12   Judgment Act claims would not frustrate or interfere with the purpose or policies of
13   the Copyright Act in any way.  *N. Star Steel*, 515 U.S. at 34.  The fundamental
14   purpose of the Copyright Act is "'to stimulate artistic creativity for the general
15   public good.'"  *Sega Enters. v. Accolade, Inc.*, 977 F.2d 1510, 1527 (9th Cir. 1992)
16   (*quoting Sony Corp. v. Universal City Studios*, 464 U.S. 417, 432, 104 S. Ct. 774
17   (1984)).  Indeed, allowing Plaintiffs – each of whom sought to use the Song in their
18   own artistic work – an extra year to challenge Defendants' wrongful claim of
19   copyright would ***promote*** the purpose of the Copyright Act rather than hinder it in
20   any way.

21        On the other hand, applying the shorter three-year limitation period that
22   Defendants seek – borrowing from the Copyright Act as the "secondary lender" –
23   would not advance any policy favored by the Copyright Act.  The shorter three-year
24   limitation period in the Copyright Act is simply consistent with the policy that
25   requires copyright owners to be vigilant in enforcing their copyrights.  *Bell v.*

26

27   _____
     [12]   Defendants concede that Plaintiffs' UCL and breach of contract claims each
28   have four-year limitations periods.  *See* Defs. Mem. at 20-21.

*Combined Registry Co.*, 397 F. Supp. 1241, 1248 (N.D. Ill. 1975), *superseded by statue*, Copyright Act of 1976, Pub. L. No. 94-533, 90 Stat. 2578, *as recognized in Caufield v. Ponchatoula Times*, 759 F.2d 493 (5th Cir. 1985) (copyright owner "must be vigilant in policing distributions of the work"). That policy simply is not implicated by the facts in this case.

### 2. Plaintiffs' Remaining State Claims Are Timely Under the Discovery Rule

Plaintiffs' FAL claim and their claim for money had and received are subject to three-year statutes of limitations.[13]  However, Plaintiffs are ***not*** strictly limited to the three-year limitations periods on those state law claims.  Those limitations periods are subject to equitable tolling under the discovery rule.  The Court has broad discretion to defer the highly fact-specific statute of limitations analysis until after appropriate discovery has been conducted.  *Broberg v. Guardian Life Ins. Co. of Am.,* 171 Cal. App. 4th 912, 921 (2009) (application of delayed discovery rule is question of fact, and whether reliance on a misrepresentation was reasonable is a question of fact for the jury).

In *Weatherly v. Universal Music Publ'g Gr.,* 125 Cal. App. 4th 913 (2004), a songwriter brought a breach of contract action against his publisher claiming that he was mislead by royalty payment statements from the defendant.  The Court of Appeal held that the songwriter's claim was not time-barred under the discovery rule, even though he failed to conduct an audit within one year after receiving a royalty statement.  *Id.* at 918-919 (citations omitted).  The Court of Appeal explained further that "where, under the circumstances, a prudent man would not be put on inquiry, the mere fact that means of knowledge are open and not availed of does not operate to give constructive notice of the facts."  *Id.* at 919 (internal

---

[13]    Cal. Civ. Proc. Code §§ 338(a) and (d); *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130-1134 (C.D. Cal. 2010) (FAL claim); *Creditors Collection Serv. v. Castaldi*, 38 Cal. App. 4th 1039, 1043-44 (1995) (money had and received claim).

citations omitted).   Thus, "a defendant cannot hinder the plaintiff's discovery through misrepresentations and then fault the plaintiff for failing to investigate." *Id.* (citing *El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1039 (9th Cir. 2003)).[14]

The discovery rule not only applies to Plaintiffs' state law claims, but should also apply to Plaintiffs' Declaratory Judgment Act claims as well.   In *Welles v. Turner Entm't Co.*, 503 F.3d 728 (9th Cir. 2007), a case cited by Defendants, the daughter of Orson Welles sought a declaratory judgment that she owned the copyright and home video rights to *Citizen Kane*.   The Ninth Circuit reversed the district court's decision that her claim was time-barred by the Copyright Act's three-year statute of limitations, holding that under the discovery rule, the period did not begin to run until the defendants notified her that they repudiated her copyright ownership.   *Id.* at 734.

This Court has also acknowledged the applicability of the delayed discovery rule when the complaint is grounded in allegations of public misrepresentations. *See Henderson v. J.M. Smucker Co.,* Case No. CV 10-4524-GHK (VBKx), 2011 U.S. Dist. LEXIS 27953, at *2 (C.D. Cal. Mar. 17, 2011) (applying delayed discovery rule in consumer class action and denying defendant's statute of limitations challenges to plaintiff's UCL and FAL claims).  *See also Broberg*, 171 Cal. App. 4th at 920-921 (discovery rule applied to unfair competition claim; "time to file a section 17200 cause of action starts to run only when a reasonable person would have discovered the factual basis for the claim").

The delayed discovery rule undoubtedly applies in this case.  Plaintiffs were not only unaware that Defendants did not own a copyright to the Song, they were misled by Defendants' affirmative misrepresentations that they did.  SAC ¶¶ 10-13,

---

[14]      "The recipient of a fraudulent misrepresentation of fact is justified in relying upon its truth, although he might have ascertained the falsity of the representation had he undertaken an investigation."  *El Pollo Loco,* 316 F.3d at 1040 (internal quotations omitted).

113-134, 149-156, 184, 188, 194, 199, 200.   Plaintiff's lack of knowledge was reasonable under the circumstances, given the complex history surrounding these claims, as demonstrated by the highly particularized facts alleged in the SAC.  SAC ¶¶4, 6, 175, 178-181, 183-184, 188, 191, 199-200.  Defendants' false assertion of copyright ownership and the Song's byzantine history easily excuse the fact that Plaintiffs did not know the truth about the lack of any copyright, and should therefore preclude a strict application of any three-year statute of limitations.  To this day, no one who has not spent hundreds of hours researching arcane documents would know there is no copyright to the Song (unless he read the SAC).  Moreover, Defendants' undeniably superior knowledge and financial and bargaining position also weigh heavily in favor of tolling any three-year statute of limitations on Plaintiffs' claims.  *See El Pollo Loco,* 316 F.3d at 1039 (defendant has been in a far superior position to comprehend the act and the injury) (citations omitted).

### 3.      Plaintiffs' Class Allegations Should Not Be Stricken or Limited

For all the reasons discussed above, Defendants' motion to strike or limit Plaintiffs' class allegations under Rule 12(f) (Fed. R. Civ. P. 12(f) – *i.e.*, to shorten Plaintiffs' proposed Class Period from four years to three years – is without merit. The motion is also premature.  As this Court has noted, "[t]he permissible scope of the class, if any, is a question best addressed through a motion for class certification."  *Henderson,* 2011 U.S. Dist. LEXIS 27953, at *2 (denying motion to dismiss and/or strike concerning class allegations). Cases cited by Defendants concur with the Court's holding in *Henderson.  See Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1209, 1211 (C.D. Cal. 2008) (denying motion to strike since class allegations "would be better dealt with at a fully briefed class certification hearing"); *Campbell v. PricewaterhouseCoopers*, No. CIV. S-06-2376 LKK/GGH, 2008 U.S. Dist. LEXIS 75756, at *14 (E.D. Cal. Aug. 14, 2008) (denying motion to strike, "leaving an assessment of the sufficiency of the

1  allegations for adjudication on the merits”).

2      For this additional reason, the Court should deny Defendants' motion to strike

3  or limit Plaintiffs' class allegations.

4          **E.      Plaintiffs Should be Given Leave to Amend**

5      The Court should deny Defendants' motion to dismiss or strike in its entirety.

6  However, if the Court finds any deficiency in the SAC that warrants dismissal,

7  Plaintiffs respectfully request leave to amend to cure such deficiencies.  To facilitate

8  decisions on the merits rather than on pleading technicalities, leave to amend is to be

9  freely given unless the complaint cannot possibly be cured by the amendment.

10  *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987).

11  **IV.   CONCLUSION**

12      Based on the foregoing, Plaintiffs respectfully request that the Court deny

13  Defendants' Motion to Dismiss and allow this important action to proceed on the

14  merits.

15  Dated:  September 9, 2013          WOLF HALDENSTEIN ADLER

16                                                      FREEMAN & HERZ LLP

17                                        By:  ____/s/Betsy C. Manifold____

18                                              BETSY C. MANIFOLD

19                                              FRANCIS M. GREGOREK

20                                              gregorek@whafh.com

                                                    BETSY C. MANIFOLD

21                                              manifold@whafh.com

22                                              RACHELE R. RICKERT

                                                    rickert@whafh.com

23                                              MARISA C. LIVESAY

24                                              livesay@whafh.com

                                                    750 B Street, Suite 2770

25                                              San Diego, CA 92101

26                                              Telephone:  619/239-4599

                                                    Facsimile:   619/234-4599

27

28                                              WOLF HALDENSTEIN ADLER

- 25 -

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

FREEMAN & HERZ LLP
MARK C. RIFKIN
rifkin@whafh.com
JANINE POLLACK
pollack@whafh.com
BETH A. LANDES
landes@whafh.com
GITI BAGHBAN (284037)
baghban@whafh.com
270 Madison Avenue
New York, NY  10016
Telephone:   212/545-4600
Facsimile:    212-545-4753

Interim Lead Class Counsel for Plaintiffs and
the Proposed Class

RANDALL S. NEWMAN PC
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone:  212/797-3737
Facsimile:   212/797-3172

HUNT ORTMANN PALFFY NIEVES
   DARLING & MAH, INC.
KATHERINE J. ODENBREIT (184619)
odenbreit@huntortmann.com
TINA B. NIEVES (134384)
tina@nieves-law.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107


DONAHUE GALLAGHER WOODS LLP
DANIEL J. SCHACHT
WILLIAM R. HILL (114954)

- 26 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone:  510/451-0544
Facsimile:   510/832-1486

GLANCY BINKOW & GOLDBERG, LLP
LIONEL Z. GLANCY
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  310/201-9150
Facsimile:   310/201-9160
info@glancylaw.com

Attorneys for Plaintiffs

WARNER/CHAPPELL:20202