GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
Warner/Chappell Music, Inc. and
Summy-Birchard, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; ROBERT SIEGEL; RUPA MARYA; and MAJAR PRODUCTIONS, LLC; On Behalf of Themselves and All Others Similarly Situated,<br><br>        Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., and SUMMY-BIRCHARD, INC.,<br><br>        Defendants. | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**DEFENDANTS' REPLY MEMORANDUM IN SUPPORT OF MOTION TO DISMISS SECOND AMENDED CONSOLIDATED CLASS ACTION COMPLAINT AND/OR MOTION TO STRIKE PLAINTIFFS' PROPOSED CLASS DEFINITION**<br><br>Date: September 30, 2013<br>Time: 9:30 a.m.<br>Courtroom: 650<br>Judge: Hon. George H. King, Chief Judge |

1

**TABLE OF CONTENTS**

2

**Page**

3   I.    INTRODUCTION ................................................................ 1

4   II.   THE COPYRIGHT ACT PREEMPTS ALL OF PLAINTIFFS'
5         STATE-LAW CLAIMS ........................................................ 3

6         A.   The Subject Matter Prong of § 301(a) Is Satisfied Because
              *Happy Birthday to You* Is Within the Ambit of Copyright
7              Protection ............................................................... 3

8         B.   The Scope Prong of § 301(a) Is Satisfied Because Plaintiffs'
              State-Law Claims Are Not Qualitatively Different from Their
9              Copyright Claims ...................................................... 5

10  III.  THE MAXIMUM LIMITATIONS PERIOD IS THREE YEARS,
11        AND THE CLAIMS OF PLAINTIFFS MAJAR AND SIEGEL ARE
          BARRED ENTIRELY .......................................................... 10
12
          A.   The Copyright Act's Three-Year Limitations Period Applies to
13             Plaintiffs' Declaratory Copyright Claims .......................... 10

14        B.   Plaintiffs Have Not Alleged a Basis for Tolling the Governing
15             Statutes of Limitations ............................................... 12

16        C.   Preempted and Time-Barred Claims and Plaintiffs Should Be
              Dismissed, or Stricken, with Prejudice .......................... 15
17
    IV.   ASIDE FROM BEING PREEMPTED, SEVERAL OF PLAINTIFFS'
18        STATE-LAW CLAIMS ARE ALSO INSUFFICIENTLY PLEADED ....... 16

19        A.   Plaintiffs' UCL and FAL Claims Are Grounded Fraud but Do
20             Not Satisfy Rule 9(b), or Even State Plausible Claims ........ 16

21        B.   Plaintiffs' Rescission Claim Asserts a Remedy ................. 18

22  V.    CONCLUSION ................................................................ 19

23

24

25

26

27

28

REPLY MEMORANDUM
ISO MOTION TO DISMISS

# TABLE OF AUTHORITIES

**Page**

**FEDERAL CASES**

*Aday v. Sony Music Entm't, Inc.,*
   No. 96 CIV. 0991 (MGC), 1997 WL 598410 (S.D.N.Y. Sept. 25, 1997)......... 11

*Anti-Monopoly, Inc., v. Hasbro, Inc.,*
   958 F. Supp. 895 (S.D.N.Y.1997)................................................ 18

*Barclays Capital Inc. v. TheFlyOnTheWall.Com, Inc.,*
   650 F.3d 876 (2d Cir. 2011)........................................................3

*Bekaert Progressive Composites Corp. v. Wave Cyber Ltd.,*
   No. 06CV2440-LAB (LSP), 2007 WL 1110736 (S.D. Cal. Apr. 5, 2007)..........8

*Burgh v. Borough Council of Borough of Montrose,*
   251 F.3d 465 (3d Cir. 2001)....................................................... 11

*Campbell v. PricewaterhouseCoopers,*
   No. CIV. S-06-2376 LKK/GGH, 2008 WL 3836972 (E.D. Cal. Aug. 14,
   2008) ......................................................................... 15, 16

*Deirmenjian v. Deutsche Bank, A.G.,*
   No. CV 06-00774 MMM, 2010 WL 3034060 (C.D. Cal. July 30, 2010)......... 18

*Del Madera Props. v. Rhodes & Gardner, Inc.,*
   820 F.2d 973 (9th Cir. 1987) ........................................................5

*Educ. Testing Serv. v. Simon,*
   95 F. Supp. 2d 1081 (C.D. Cal. 1999) ...............................................8

*Feist Publications, Inc. v. Rural Tel. Serv. Co.,*
   499 U.S. 340 (1991).............................................................. 1, 4

*Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S.
   California,*
   463 U.S. 1 (1983)............................................................... 7, 11

*Henderson v. J.M. Smucker Co.,*
   No. CV 10-4524-GHK (VBKx), 2011 WL 1050637 (C.D. Cal. Mar. 17,
   2011) ..................................................................... 14, 15, 16

REPLY MEMORANDUM
ISO MOTION TO DISMISS

**TABLE OF AUTHORITIES**
(continued)

Page

*Hinton v. Pacific Enters.,*
    5 F.3d 391 (9th Cir. 1993) ................................................................. 15

*Holmberg v. Armbrecht,*
    327 U.S. 392 (1946) .......................................................................... 11

*Hopkins v. Women's Div., General Bd. of Global Ministries,*
    284 F. Supp. 2d 15 (D.D.C. 2003) .................................................... 18

*Idema v. Dreamworks, Inc.,*
    162 F. Supp. 2d 1129 (C.D. Cal. 2001) ..................................... 2, 3, 6, 8

*Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n,*
    857 F.2d 514 (9th Cir. 1988) ............................................................ 15

*Kaui Scuba Ctr., Inc. v. PADI Americas, Inc.,*
    No. SACV 10-1579 DOC (MANx), 2011 WL 2711177 (C.D. Cal. July 13,
    2011) ................................................................................................. 18

*Kearns v. Ford Motor Co.,*
    567 F.3d 1120 (9th Cir. 2009) ..................................................... 16, 17

*Keilholtz v. Lennox Hearth Products Inc.,*
    No. C 08-00836 CW, 2009 WL 2905960 (N.D. Cal. Sept. 8, 2009)..... 12, 13, 15

*Kodadek v. MTV Networks, Inc.,*
    152 F.3d 1209 (9th Cir. 1998) ......................................................... 3, 7

*Mangindin v. Washington Mut. Bank,*
    637 F. Supp. 2d 700 (N.D. Cal. 2009) ............................................. 18

*Meinhold v. Sprint Spectrum, L.P.,*
    No. CIV. S-07-00456 FCD EFB, 2007 WL 1456141 (E.D. Cal. May 16,
    2007) ................................................................................................. 17

*Motown Record Corp. v. George A. Hormel & Co.,*
    657 F. Supp. 1236 (C.D. Cal. 1987) .............................................. 7, 8

*MRC II Distrib. Co. v. Coelho,*
    No. 2:12-CV-03539-ODW, 2012 WL 3810257 (C.D. Cal. Sept. 4, 2012)... 6, 11

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1
2

# TABLE OF AUTHORITIES
## (continued)

Page

3     *Nat'l Comics Publ'ns v. Fawcett Publ'ns,*
4          191 F.2d 594 (2d Cir. 1951)...........................................................................4

5     *NBA v. Motorola, Inc.,*
6          105 F.3d 841 (2d Cir. 1997)...........................................................................3

7     *Ozuna v. Home Capital Funding,*
          No. 08-CV-2367-IEG (AJB), 2009 WL 4544131 (S.D. Cal. Dec.1, 2009) ...... 18
8

9     *Perfect 10, Inc. v. Cybernet Ventures, Inc.,*
           167 F. Supp. 2d 1114 (C.D. Cal. 2001) ........................................................7

10    *ProCD, Inc. v. Zeidenberg,*
11          86 F.3d 1447 (7th Cir. 1996) ........................................................................3

12    *Shabaz v. Polo Ralph Lauren Corp.,*
13          586 F. Supp. 2d 1205 (C.D. Cal. 2008) .................................................. 15, 16

14    *Stewart v. Wachowski,*
15          574 F. Supp. 2d 1074 (C.D. Cal. 2005) ....................................................... 11

16    *Taguinod v. World Sav. Bank, FSB,*
17          755 F. Supp. 2d 1064 (C.D. Cal. 2010) ...................................................... 18

18    *TeraRecon, Inc. v. Fovia, Inc.,*
           No. C 05-4407 CW, 2006 WL 1867734 (N.D. Cal. July 6, 2006)............. 6, 7, 8
19

20    *Twin Books Corp. v. Walt Disney Co.,*
           83 F.3d 1162 (9th Cir. 1996) ........................................................................6

21    *United Food & Commercial Workers Cent. Pa. & Reg'l Health & Welfare*
22          *Fund v. Amgen, Inc.,*
23          400 F. App'x 255 (9th Cir. 2010) ............................................................... 16

24    *United States v. Locke,*
25          529 U.S. 89 (2000)........................................................................................7

26    *Valente-Kritzer Video v. Pinckney,*
           881 F.2d 772 (9th Cir. 1989) ........................................................................8
27

28    *Varela v. Wells Fargo Home Mortgage,*
           No. C-12-3502 KAW, 2012 WL 6680261 (N.D. Cal. Dec. 21, 2012)............. 18

REPLY MEMORANDUM
ISO MOTION TO DISMISS

**TABLE OF AUTHORITIES**
(continued)

Page

*Welles v. Turner Entm't Co.,*
 503 F.3d 728 (9th Cir. 2007) ............................................. 10, 11, 14

*Xerox Corp. v. Apple Computer, Inc.,*
 734 F. Supp. 1542 (N.D. Cal. 1990) ...................................... 7, 8

*Yumul v. Smart Balance, Inc.,*
 733 F. Supp. 2d 1117 (C.D. Cal. 2010) ...................... 12, 14, 15, 17

**STATE CASES**

*E-Fab, Inc. v. Accountants, Inc. Servs.,*
 153 Cal. App. 4th 1308 (2007) .................................................. 12

*Kabehie v. Zoland,*
 102 Cal. App. 4th 513 (2002) ....................................................9

*Nakash v. Superior Court,*
 196 Cal. App. 3d 59 (1987) ...................................................... 18

*Weatherly v. Universal Music Publ'g Grp.,*
 125 Cal. App. 4th 913 (2004) ................................................... 14

**FEDERAL STATUTES**

17 U.S.C. § 102 ................................................................................1

17 U.S.C. § 103 ........................................................................... 1, 5

17 U.S.C. § 106 ...................................................................... 2, 6, 9

17 U.S.C. § 301(a) ................................................................. passim

17 U.S.C. § 507(b) ............................................................... 2, 10, 11

28 U.S.C. § 1338 ............................................................................ 10

35 U.S.C. § 281 ...............................................................................6

**STATE STATUTES**

Cal. Civ. Code § 169 ...................................................................... 18

REPLY MEMORANDUM
ISO MOTION TO DISMISS

# TABLE OF AUTHORITIES
### (continued)

**Page**

Cal. Civ. Code § 1689 .................................................................. 18

Cal. Civ. Code § 1692 .................................................................. 18

Cal. Civ. Code § 1693 .................................................................. 19

**FEDERAL RULES**

Fed. R. Civ. P. 8(a) .............................................................. 14, 17

Fed. R. Civ. P. 9(b) ............................................................. passim

Fed. R. Civ. P. 12(f) .................................................................. 15

**TREATISES**

1 Melville B. Nimmer and David Nimmer, *Nimmer on Copyright*
 § 1.01[B][2] (Matthew Bender, Rev. Ed.) ....................................3

**OTHER AUTHORITIES**

Robert Brauneis, *Copyright and the World's Most Popular Song*, 56 J.
 Copyright Soc'y U.S.A. 335, 338 (2009) ................................ 13

Social Science Research Network, *Copyright and the World's Most Popular
 Song*, http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1111624 ................ 14

REPLY MEMORANDUM
ISO MOTION TO DISMISS

# I.    INTRODUCTION

Much of Plaintiffs' Opposition ("Opp.") is devoted not to the issues that matter on this Motion—in particular, whether 17 U.S.C. § 301(a), preempts the state-law claims—but instead to repeating allegations that Plaintiffs say will prove their copyright invalidity arguments on the merits.  Plaintiffs devote several pages to their allegations that Warner/Chappell's federally registered copyrights to *Happy Birthday to You* were invalid at registration because the lyrics to that song were not original to the authors.  Specifically, Plaintiffs allege, and argue at length in their Opposition, that other people sang and wrote down those lyrics first, thus rendering the lyrics unoriginal for purposes of Warner/Chappell's copyright.  *See* Opp. at 3-6, 8-9; SAC ¶¶ 94, 99 (alleging that *Happy Birthday to You* "contained no original authorship"); *see generally* SAC ¶¶ 54-100 (Plaintiffs' allegations regarding purported lack of originality).  Plaintiffs' merits arguments are flatly wrong as a matter of copyright law.  "Originality" under copyright law means that the author must not have copied the work from someone else.  It does *not* mean that the work has to be novel, as is required for patent protection.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).  Warner/Chappell's certificates of copyright registration, which will be in evidence at summary judgment, will provide *prima facie* proof that the lyrics to *Happy Birthday to You* were original; Plaintiffs will not have any evidence at summary judgment to rebut that presumption; and Warner/Chappell will be entitled to summary judgment.

On this Motion, what matters is not the merits (or lack thereof) of Plaintiffs' invalidity contentions, but instead whether § 301(a) applies and preempts Plaintiffs' claims.  The statute clearly does apply.  *Happy Birthday to You* is "within the subject matter of copyright as specified by sections 102 and 103" of the Copyright Act, regardless of Plaintiffs' claim that the work was not original to Warner/Chappell's predecessor and therefore was not validly copyrighted.  17 U.S.C. § 301(a).  "The work(s) upon which a state law claim is based need only be

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1  within the 'subject matter' of copyright; their actual *protection* thereunder is
2  irrelevant to a preemption analysis." *Idema v. Dreamworks, Inc.*, 162 F. Supp. 2d
3  1129, 1189-90 (C.D. Cal. 2001).  Plaintiffs cannot, and so do not, rebut any of
4  Warner/Chappell's authority on this point.  Moreover, Plaintiffs' state-law claims
5  are equivalent to the federal rights under § 106, because those claims allege nothing
6  more than that Warner/Chappell licensed the copyright to a work that Plaintiffs
7  allege is in the public domain.  Under well-established authority, the claims do not
8  become non-equivalent just because of the label attached to the claim.  The
9  substance of the claims is what counts.  Here, the substance of all the claims is that
10  Warner/Chappell's copyright is invalid.

11      Because all of Plaintiffs' state-law claims are preempted, the maximum
12  limitations period in this case is the Copyright Act's three-year statute.  17 U.S.C.
13  § 507(b).  And, because the limitations period is three years, Plaintiffs Majar and
14  Siegel have no timely claims even under federal law; those Plaintiffs must be
15  dismissed.  Plaintiffs' arguments for extending the limitations period are specious.
16  Plaintiffs argue that the Court should "borrow" a limitations period from state law.
17  Courts do not borrow a limitations period from state law where the federal statute
18  expressly provides a limitation period.  Section 507(b) provides the three-year
19  limitations period for any action "maintained *under the provisions of this title* [17],"
20  as this case is. *Id.* (emphasis added).  Nor can Plaintiffs avoid this result by
21  invoking "equitable tolling."  Plaintiffs did not, and cannot, allege any facts to
22  justify the application of that doctrine.

23      It is unnecessary for the Court to consider the pleading sufficiency of
24  Plaintiffs' state law claims.  Even if the Court does reach those issues, Plaintiffs
25  have failed to plead several of those claims (UCL, FAL and rescission, which is a
26  remedy, not a cause of action).  Plaintiffs' contrary arguments on these points do not
27  withstand scrutiny.  Warner/Chappell's Motion should be granted.

28

REPLY MEMORANDUM
ISO MOTION TO DISMISS

## II.   THE COPYRIGHT ACT PREEMPTS ALL OF PLAINTIFFS' STATE-LAW CLAIMS

### A.   The Subject Matter Prong of § 301(a) Is Satisfied Because *Happy Birthday to You* Is Within the Ambit of Copyright Protection

The first requirement for preemption is that the work at issue "come within the subject matter of copyright as specified by sections 102 and 103 [of Title 17]." 17 U.S.C. § 301(a).  As anticipated in Warner/Chappell's Motion, Plaintiffs' overarching argument is that *Happy Birthday to You* is not "*within the subject matter* of copyright*"* because Plaintiffs contend that the work is not copyrighted. *Compare* Opp. at 6-9, *with* Mot. at 12-13.  Plaintiffs' argument fails because § 301(a) may preempt a state-law claim *even if* the Copyright Act does not protect the work.  Warner/Chappell cited multiple federal appellate and district court decisions, as well as the *Nimmer on Copyright* treatise, for this fundamental proposition.  *See* Mot. at 12-13.[1]  Plaintiffs do not even discuss, much less attempt to distinguish, any of these authorities.  Nor do Plaintiffs cite a single case or treatise supporting their unprecedented interpretation of § 301(a).  Plaintiffs' position is meritless, and the Court should reject it.

Plaintiffs make two additional arguments on the "subject matter" prong, both of which are wrong.  *First*, Plaintiffs argue that Warner/Chappell's copyright is not "within the subject matter of copyright as specified by section[] 102," 17 U.S.C. § 301(a), because, when registered, the lyrics to *Happy Birthday to You* were not "original works of authorship fixed in any tangible medium of expression," *id.* § 102(a).  *See* Opp. at 8.  Specifically, Plaintiffs allege that, because people other than the authors on Warner/Chappell's copyright registrations allegedly sang or

---

[1] Citing *Barclays Capital Inc. v. TheFlyOnTheWall.Com, Inc.*, 650 F.3d 876, 892-93 (2d Cir. 2011); *Kodadek v. MTV Networks, Inc.*, 152 F.3d 1209, 1211-13 (9th Cir. 1998); *NBA v. Motorola, Inc.*, 105 F.3d 841, 849 (2d Cir. 1997); *ProCD, Inc. v. Zeidenberg*, 86 F.3d 1447, 1453 (7th Cir. 1996); *Idema*, 162 F. Supp. 2d at 1189-90; 1 Melville B. Nimmer and David Nimmer, Nimmer on Copyright § 1.01[B][2], at 1-67 to -68 (Matthew Bender, Rev. Ed.).

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1  wrote down (*i.e.*, "fixed") the lyrics "Happy Birthday to You, Happy Birthday to

2  You," etc., years before 1935, the lyrics necessarily were not "original" when

3  registered. *See* Opp. at 8 (quoting SAC ¶¶ 38, 62). In essence, Plaintiffs' theory is

4  that the lyrics to *Happy Birthday to You* were not novel at the time they were

5  registered in 1935, and therefore were not eligible for copyright protection. *Id.*[2]

6        Plaintiffs' contention is based on a fundamental misunderstanding of the

7  Copyright Act and complete ignorance of controlling Supreme Court case law. In

8  copyright, "originality" means only "original to the author," *i.e.*, not copied. *Feist*,

9  499 U.S. at 345. It "does *not* signify novelty," as is required for patent protection.

10  *Id.* (emphasis added); *see also Nat'l Comics Publ'ns v. Fawcett Publ'ns*, 191 F.2d

11  594, 600 (2d Cir. 1951) (Hand, J.) ("a copyrighted 'work,' unlike a patent, demands

12  no 'invention'"). "[A] work may be original even though it closely resembles other

13  works so long as the similarity is fortuitous, not the result of copying." *Feist*, 499

14  U.S. at 345. The copyright registration certificates provide *prima facie* proof of the

15  originality of the lyrics, Plaintiffs will have no evidence to rebut the certificates, and

16  that will end Plaintiffs' misbegotten quest for a declaration of invalidity. For

17  purposes of this Motion, the important point is that Plaintiffs are seeking a

18  declaratory judgment of invalidity (along with a declaratory order to have the money

19  they paid in license fees returned) based on a claim that the work did not meet the

20

21  [2] Plaintiffs mischaracterize the allegations of their complaint and the actual

22  copyright registrations by suggesting that all six applications for copyright
     protection that Summy filed in 1934 and 1935 were expressly limited to piano

23  arrangements, and did not included the lyrics to *Happy Birthday to You*. *See* Opp. at
     8-9 (citing SAC ¶¶ 75-95). Plaintiffs try to use this characterization of the

24  registrations to suggest the Court must take as true a purported allegation that the
     lyrics to *Happy Birthday to You* fall outside copyright protection because

25  Warner/Chappell's predecessor never sought copyright protection for the lyrics.
     That is not true, and more important for the context of this Motion, it is expressly

26  contradicted by the allegations in Plaintiffs' own complaint. Plaintiffs expressly
     allege in the SAC that in two of the six registrations—E51988 and E51990, both

27  from 1935—the lyrics "were included on the work registered with the Copyright
     Office." SAC ¶¶ 93, 98. Plaintiffs' claim that Warner/Chappell does not own a

28  copyright stands or falls on Plaintiffs' invalidity contentions alone.

1  legal requirements for copyright protection.  The work nevertheless is "within the

2  subject matter of copyright" under § 301(a).

3       *Second*, Plaintiffs assert that the lyrics to *Happy Birthday to You* are not

4  "within the subject matter of copyright as specified by section[] … 103."  17 U.S.C.

5  § 301(a); *see* Opp. at 8-9 (citing 17 U.S.C. § 103(b)) ("The copyright in a

6  compilation or derivative work extends only to the material contributed by the

7  author of such work, as distinguished from the preexisting material employed in the

8  work, and does not imply any exclusive right in the preexisting material.").

9  Plaintiffs say in *their Opposition* that the SAC alleges that Warner/Chappell's

10 predecessor never sought copyright protection for the lyrics, and so the lyrics were

11 not "material contributed by the author."  *Id.* at 8 (citing SAC ¶¶ 75-95).  In reality,

12 the SAC specifically alleges that for two of the copyright registrations—E51988 and

13 E51990—"the lyrics … *were included* on the work registered with the Copyright

14 Office."  SAC ¶¶ 93, 98 (emphasis added).  The SAC also alleges that the

15 applications for these registrations "claimed the copyrighted new matter as

16 'arrangement for Unison Chorus and revised text'" and "as 'arrangement as easy

17 piano solo, with text,'" respectively.  SAC ¶¶ 91-92, 96-97.  Plaintiffs' reliance on

18 § 103 to take their claims outside the subject matter of copyright is meritless.

19 **B.    The Scope Prong of § 301(a) Is Satisfied Because Plaintiffs' State-**
20 **Law Claims Are Not Qualitatively Different from Their Copyright**
   **Claims**

21

22      Plaintiffs argue that their state-law claims survive the second prong of

23 § 301(a) because, as a formal matter, Plaintiffs contend that each has an "extra

24 element."  But Plaintiffs ignore the rule that the "extra element" must "*change[] the*

25 *nature of the action*" to avoid preemption.  *Del Madera Props. v. Rhodes &*

26 *Gardner, Inc.*, 820 F.2d 973, 977 (9th Cir. 1987) (emphasis added), *overruled on*

27 *other grounds by Fogerty v. Fantasy, Inc.*, 510 U.S. 517 (1994).  The Court looks to

28 the *substance* of the claim, and not its label or whether in the abstract it may involve

-5-                                        REPLY MEMORANDUM
                                           ISO MOTION TO DISMISS

1  an extra element, to decide whether that element changes the nature of the action.

2  *TeraRecon, Inc. v. Fovia, Inc.*, No. C 05-4407 CW, 2006 WL 1867734, at *3 (N.D.

3  Cal. July 6, 2006); *Idema*, 162 F. Supp. 2d at 1190.  Because the substance of each

4  of Plaintiffs' state-law claims is that Warner/Chappell does not hold a valid

5  copyright to, and therefore cannot license, *Happy Birthday to You*, the state-law

6  claims are not "qualitatively different" from Plaintiffs' declaratory copyright claims.

7       Plaintiffs' arguments that their state-law claims are "separate and distinct"

8  from claims based on the exclusive rights provided for by 17 U.S.C. § 106 fail.

9  Opp. at 9-14.  *First*, Plaintiffs assert that their state-law claims are not preempted

10  because the Copyright Act does not "protect[] a party's right to be free from the

11  unlawful assertion of copyright."  Opp. at 9-10.  This argument fails because the

12  Copyright Act establishes the rights and protections on which Plaintiffs' state-law

13  claims are based:  the rights Plaintiffs allege Warner/Chappell has wrongfully

14  asserted and the rights Plaintiffs allegedly have to reproduce, distribute and publicly

15  perform *Happy Birthday to You* without infringing Warner/Chappell's copyright.

16  *See MRC II Distrib. Co. v. Coelho*, No. 2:12-CV-03539-ODW, 2012 WL 3810257,

17  at *1 (C.D. Cal. Sept. 4, 2012) (finding Copyright Act jurisdiction over claim that

18  defendants licensed materials allegedly in the public domain and over which

19  defendants allegedly falsely asserted ownership); *Twin Books Corp. v. Walt Disney

20  Co.*, 83 F.3d 1162, 1164-65 (9th Cir. 1996) (adjudicating defense to infringement

21  claim based on assertion that works at issue were in the public domain under the

22  1909 Copyright Act).

23       The error of Plaintiffs' argument is further illustrated by reference to the

24  Patent Act.  The Patent Act, like the Copyright Act, provides an affirmative claim

25  for infringement but not an affirmative claim for non-infringement.  *See* 35 U.S.C.

26  § 281.  Federal courts, however, routinely adjudicate actions seeking declaratory

27  judgments of patent invalidity or non-infringement "on the theory that an

28  infringement suit by the declaratory judgment defendant would raise a federal

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1    question [of patent law] over which the federal courts have exclusive jurisdiction."

2    *Franchise Tax Bd. of State of Cal. v. Constr. Laborers Vacation Trust for S.*

3    *California*, 463 U.S. 1, 19 n.19 (1983).  The situation here is no different.  Plaintiffs

4    claim that Warner/Chappell's copyright is invalid as a matter of federal law, and

5    Plaintiffs seek a declaratory judgment under the Copyright Act vindicating their

6    position and ordering the refund of moneys paid to Warner/Chappell in licensing

7    fees.  The action arises under federal copyright law notwithstanding that, as

8    declaratory judgment plaintiffs, Plaintiffs are on the other side of the "*v.*" from

9    where they would be in an infringement suit.

10    *Second*, Plaintiffs argue that their UCL and FAL claims survive preemption

11    because courts generally apply a presumption against preemption, and dismissal

12    "would frustrate the guiding precept of preemption."  Opp. at 10.  But courts

13    routinely find UCL and FAL claims preempted by the Copyright Act without even

14    mentioning this mere presumption.  *E.g., Kodadek v. MTV Networks, Inc.*, 152 F.3d

15    1209, 1211-13 (9th Cir. 1998); *Fovia*, 2006 WL 1867734, at *3-4; *Perfect 10, Inc. v.*

16    *Cybernet Ventures, Inc.*, 167 F. Supp. 2d 1114, 1124-25 (C.D. Cal. 2001); *Xerox*

17    *Corp. v. Apple Computer, Inc.*, 734 F. Supp. 1542, 1550 (N.D. Cal. 1990); *Motown*

18    *Record Corp. v. George A. Hormel & Co.*, 657 F. Supp. 1236, 1238-40 (C.D. Cal.

19    1987).  Plaintiffs cite no case applying this presumption where rights under the

20    Copyright Act are at issue, and the presumption "is not triggered when the State

21    regulates in an area"—like copyright law—"where there has been a history of

22    significant federal presence."  *United States v. Locke*, 529 U.S. 89, 108 (2000).

23    *Third*, Plaintiffs claim that their UCL and FAL claims are not equivalent to

24    copyright claims because such claims can involve additional elements of fraud or

25    deceit.  Opp. at 10-11.  But just three pages later in their brief, Plaintiffs argue that

26    they do not have to satisfy the requirements of Rule 9(b) because Plaintiffs have *not*

27    based those claims on fraud or deceit.  *See* Opp. at 14-17 (arguing that UCL claim is

28    not based on fraud, but Warner/Chappell's assertion of "rights – namely copyrights

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1  – that they do not possess," and that Warner/Chappell's "demand for money based

2  upon a copyright they do not own, whether technically 'unlawful' or not, is unfair

3  on its face"). As discussed below, Rule 9(b) applies where claims sound in fraud,

4  even if they are not strictly speaking fraud claims. But the point here is that, taking

5  Plaintiffs at their word, they do not allege fraud or deceit. The sole

6  "misrepresentation" that Plaintiffs allege is that Warner/Chappell states that it owns

7  the copyright to *Happy Birthday to You*—an absolutely true fact—whereas Plaintiffs

8  claim that the copyright is invalid. *See* Opp. at 16-17 (allegation that

9  Warner/Chappell's website states that Warner/Chappell owns the copyright to the

10  song and seeking judicial notice of SEC filings stating that the song is in

11  Warner/Chappell's parent company's publishing portfolio). The gravamen of

12  Plaintiffs' UCL and FAL claims therefore is the same as the federal claims.

13  *Compare* Opp. at 3 (Plaintiffs' seek a declaration "that the Copyright Act does not

14  give Defendants the rights they have asserted and enforced"), *with* Opp. at 16

15  (Plaintiffs' UCL claim is based on "alleg[ation] that Defendants have asserted rights

16  – namely copyrights – that they do not possess"). These state-law claims are thus

17  preempted. *Fovia*, 2006 WL 1867734, at *3-4; *Idema*, 162 F. Supp. 2d at 1190;

18  *Xerox*, 734 F. Supp. at 1550; *Motown*, 657 F. Supp. at 1239-40.[3]

19

20  [3] Plaintiffs' description of Warner/Chappell's precedent is erroneous and their

21  attempt to distinguish these cases is unpersuasive. Opp. at 11-12. *Idema* involved allegations of deceptive and misleading conduct and addressed Ninth Circuit law

22  regarding the preemption of unfair competition claims. 162 F. Supp. 2d at 1192-94. *Idema* and other cited Ninth Circuit and California federal cases are apposite

23  because they found that alleged misrepresentations arguably providing an "extra element" were insufficient to render UCL and/or FAL claims qualitatively different

24  from claims based on copyright rights. Mot. at 7, 10-11. The same is true here.

25  Plaintiffs' cited authority is inapposite. *See Valente-Kritzer Video v. Pinckney*, 881 F.2d 772, 776 (9th Cir. 1989) (common law *fraud* claim founded on an allegation that defendant "misrepresented its intent to perform [a] contract" not

26  preempted); *Bekaert Progressive Composites Corp. v. Wave Cyber Ltd.*, No. 06CV2440-LAB (LSP), 2007 WL 1110736, at *2-3 (S.D. Cal. Apr. 5, 2007) (UCL

27  claim based on "misrepresentation of goodwill, deliberate imitation to divert business resulting in unjust enrichment, and false advertising" not preempted);

28  *Educ. Testing Serv. v. Simon*, 95 F. Supp. 2d 1081, 1091 (C.D. Cal. 1999) (UCL (footnote continued on following page)

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1       *Finally*, Plaintiffs argue that their contract and related claims (money-had-

2   and-received and rescission) survive preemption because "the Copyright Act does

3   not preempt the enforcement of contractual rights."  Opp. at 12.  Contrary to

4   Plaintiffs' contention, contract claims are not categorically immune from Copyright

5   Act preemption.  As explained in *Kabehie v. Zoland*, 102 Cal. App. 4th 513

6   (2002)—in the sentence immediately preceding the excerpt that Plaintiffs block

7   quote—"[t]he mere breach of the promise inherent in every contract *does not*

8   *constitute the requisite extra element unless the promise creates a right qualitatively*

9   *different from copyright*." *Id.* at 528 (emphasis added).  On contract claims, as with

10  other state-law claims, it is the claims' *substance* as actually pleaded—not the label

11  or formal elements of the claims—that determines whether the scope prong of

12  § 301(a) is satisfied.

13      Here, the "extra element" that Plaintiffs cite on the contract (and related

14  claims) does not "create[] a right qualitatively different from copyright." *Id.*

15  Plaintiffs argue that their claims are different because they allege that the

16  "consideration" that Warner/Chappell provided under its licenses with Plaintiffs—

17  the right to use Happy Birthday to You—was "'worthless.'"  Opp. at 13 (quoting

18  SAC ¶ 180).  But that is nothing more than a restatement of Plaintiffs' allegation

19  that Warner/Chappell did not actually have the rights under § 106 that

20  Warner/Chappell's copyright certificates say it has.  The contract and related claims

21  are nothing more than restatements of Plaintiffs' claims seeking a declaration of

22  invalidity and declaratory and injunctive relief to put Plaintiffs in the same position

23  they would have been in had they never licensed the rights to the work.  As in the

24  cases cited in Warner/Chappell's Motion, these claims are therefore not *qualitatively*

25  *different* from Plaintiffs' copyright claims.  Mot. at 7, 11-12.  Plaintiffs attempt to

26  _____

27  claim based on "bestowing or attempting to bestow an unfair advantage on their
    clients in taking the MSAT" and violation of statute prohibiting "any conduct which

28  subverts or attempts to subvert an [sic] licensing examination" not preempted).

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1   distinguish Warner/Chappell's authority on the ground that the plaintiffs in
2   Warner/Chappell's cases "were copyright owners who possessed rights under the
3   Copyright Act." Opp. at 13. This is nothing more than a restatement of Plaintiffs'
4   meritless argument that, because they are declaratory judgment plaintiffs alleging
5   copyright invalidity, § 301(a) and cases decided thereunder should not apply. The
6   argument does not become sound just because Plaintiffs repeat it over and over in
7   their Opposition. Plaintiffs' contract and related claims (like the UCL and FAL
8   claims) are preempted.

9   **III.   THE MAXIMUM LIMITATIONS PERIOD IS THREE YEARS, AND**
10  **THE CLAIMS OF PLAINTIFFS MAJAR AND SIEGEL ARE BARRED**
    **ENTIRELY**

11      **A.    The Copyright Act's Three-Year Limitations Period Applies to**
12      **Plaintiffs' Declaratory Copyright Claims**

13          A declaratory judgment claim that seeks to determine copyright ownership is
14  subject to the Copyright Act's three-year statute of limitations. 17 U.S.C. § 507(b);
15  *Welles v. Turner Entm't Co.,* 503 F.3d 728, 734 (9th Cir. 2007) (applying three-year
16  limitations period to declaratory claim seeking to determine copyright ownership).
17  Because Plaintiffs' declaratory judgment claims plainly seek to determine whether
18  Warner/Chappell owns a valid copyright in *Happy Birthday to You* under federal
19  copyright law, § 507(b) governs these claims. *See* SAC ¶ 1 (alleging jurisdiction
20  under 28 U.S.C. § 1338, which provides exclusive federal jurisdiction for copyright
21  actions, and alleging that the declaratory claims "aris[e] under the Copyright Act"),
22  *id.* ¶ 4 ("This is an action to declare invalid the copyright that Defendants claim to
23  own"); *id.* ¶ 148 ("Plaintiffs seek adjudication of an actual controversy arising under
24  the Copyright Act"); Opp. at 3 (Plaintiffs' seek a declaration "that the Copyright Act
25  does not give Defendants the rights they have asserted and enforced").

26          Plaintiffs contend that § 507 (b) does not apply because they do not assert a
27  claim for infringement. Opp. at 19-20. But § 507 (b) is broader than that: it applies

28

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1  to any civil action "maintained under the provisions of this title," not just an action

2  for infringement.  Plaintiffs' declaratory judgment claims are plainly a civil action

3  under Title 17.  Section 507 (b) does not state that it is applicable only to

4  infringement claims, and courts have not read such a limitation into the statute.  *See*

5  *Welles*, 503 F.3d at 734; *Stewart v. Wachowski*, 574 F. Supp. 2d 1074, 1111 n.147

6  (C.D. Cal. 2005) ("The three year statute of limitations governing copyright

7  infringement actions also governs claims for declaratory relief regarding copyright

8  ownership or infringement."); *Aday v. Sony Music Entm't, Inc.*, No. 96 CIV. 0991

9  (MGC), 1997 WL 598410, at *5 (S.D.N.Y. Sept. 25, 1997) (Second Circuit "has not

10  limited the application of the three-year statute of limitations to infringement claims

11  and has applied it to claims seeking declarations of copyright ownership"); *see also*

12  *Coelho*, 2012 WL 3810257, at *1 (declaratory judgment claim seeking to invalidate

13  copyright arises under Copyright Act).[4]

14       Plaintiffs' suggestion that the Court "borrow" the limitations period for UCL

15  claims from state law is meritless.  Opp. at 20-21.  Courts will borrow a state statute

16  of limitations where a federal claim does not have its own limitations period.

17  "Where … Congress explicitly provides a limitations period in the text of the

18  statute, that period is definitive.  There is no need to borrow a state period." *Burgh*

19  *v. Borough Council of Borough of Montrose*, 251 F.3d 465, 472 (3d Cir. 2001)

20  (citing *Holmberg v. Armbrecht*, 327 U.S. 392, 395 (1946)).  Because Plaintiffs'

21  declaratory judgment claims are based on the Copyright Act, which has an express

22  three-year statute of limitations, § 507(b), that limitations period applies. *Welles*,

23  503 F.3d at 734.  Plaintiffs' policy arguments are unavailing and foreclosed by

24  precedent.

25  
26  
27  
28  

---

[4] Plaintiffs' misreading of § 507(b) stems from their erroneous conception that the Copyright Act does not govern affirmative claims of non-infringement.  Again, just as the Patent Act extends to actions seeking declaratory judgments of patent invalidity or non-infringement, *Franchise Tax Bd.*, 463 U.S. at 19 n.19, so too does the Copyright Act extend to actions seeking declaratory judgments of copyright invalidity, *Coelho*, 2012 WL 3810257, at *1.

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1   **B.    Plaintiffs Have Not Alleged a Basis for Tolling the Governing**
2            **Statutes of Limitations**

3        In their Opposition, Plaintiffs for the first time contend that their declaratory
4   judgment, FAL and money-had-and-received claims are subject to equitable tolling.[5]
5   Plaintiffs argue that the delayed discovery rule applies, and they appear also to
6   suggest that fraudulent concealment tolls the limitations periods.  Opp. at 22-24.
7   Both arguments fail.

8        "In order to invoke [the delayed discovery exception] to the statute of
9   limitations, the plaintiff must specifically plead facts which show (1) the time and
10  manner of discovery and (2) the inability to have made earlier discovery despite
11  reasonable diligence." *Yumul v. Smart Balance, Inc.*, 733 F. Supp. 2d 1117, 1130
12  (C.D. Cal. 2010) (citations and internal quotation marks omitted).  "The burden is
13  on the plaintiff to show diligence, and conclusory allegations will not withstand
14  [dismissal]." *E-Fab, Inc. v. Accountants, Inc. Servs.*, 153 Cal. App. 4th 1308, 1319
15  (2007) (citations and internal quotation marks omitted).  Plaintiffs cannot rely on the
16  delayed discovery rule.  The SAC does not allege equitable tolling or delayed
17  discovery, and it does not contain a single allegation as to the time or manner in
18  which Plaintiffs discovered their declaratory judgment, FAL or money-had-and-
19  received claims. *Yumul*, 733 F. Supp. 2d at 1131 (discovery rule inapplicable as a
20  matter of law because plaintiff failed to "allege[] the time and manner of her
21  discovery of the facts giving rise to her claims"); *Keilholtz v. Lennox Hearth*
22  *Products Inc.*, No. C 08-00836 CW, 2009 WL 2905960, at *5 (N.D. Cal. Sept. 8,
23  2009) (discovery rule inapplicable as a matter of law because Plaintiffs did "not

24

25  ────────────────────
    [5] As discussed below, the SAC provides no suggestion that equitable tolling applies.
26  Contrary to the Local Rules' requirements for the pre-motion Conference of
    Counsel, as well as this Court's admonition about how to conduct that conference,
27  Plaintiffs did not mention this theory during the parties' conference, or in response
    to Warner/Chappell's post-conference requests for any authority supporting
28  Plaintiffs' assertion that a four-year statute applies.  Klaus Decl. ¶¶ 3-5 & Ex. A.

1  adequately allege[] how and when the class members with time-barred claims

2  discovered the alleged fraud").[6]

3        Contrary to Plaintiffs' contention, the SAC is bereft of *any* allegations that

4  Plaintiffs could not have discovered the facts underlying their claims earlier through

5  the exercise of reasonable diligence.  Plaintiffs cannot demonstrate the

6  reasonableness of their alleged lack of knowledge by citing *Happy Birthday to You*'s

7  purportedly "byzantine history" and the claimed difficulty of discovering that

8  Warner/Chappell allegedly owns no copyright in the song.  Opp. at 24.  This

9  contention simply is not plausible given that the SAC itself appears to be largely

10  replicated from a law review article published more than three years before

11  Plaintiffs filed their complaints in this action.  *See* SAC ¶ 8 ("Professor Robert

12  Brauneis … a leading legal scholar in intellectual property law, has stated that it is

13  'doubtful' that Happy Birthday 'is really still under copyright.'"); Robert Brauneis,

14  *Copyright and the World's Most Popular Song*, 56 J. Copyright Soc'y U.S.A. 335,

15  338 (2009) ("[I]t is doubtful that 'Happy Birthday to You,' the famous offspring of

16  'Good Morning to All,' is really still under copyright.")[7]; *see also Keilholtz*, 2009

17  WL 2905960, at *4 (discovery rule inapplicable as a matter of law where "class

18  members with time-barred claims had 'notice or information of circumstances to put

19

20

21

22

---

[6] Tellingly, although Warner/Chappell's Motion highlighted why the discovery rule
23  does not apply, Plaintiffs' Opposition does not even suggest when Plaintiffs actually
24  learned about their claims.  Mot. at 20.

[7] *Compare* SAC ¶¶ 16-110, *with* Brauneis, *supra*, at 348-49, 362-63, 365-409.
25  Brauneis's 2009 article directed readers to an online appendix that purported to trace
the ownership and history of *Happy Birthday to You* and that included links to
26  various historical documents, such as the *Happy Birthday to You* registration
certificates.  Brauneis, *supra*, at 397 & n.222, 380 n.170; *see also* Robert Brauneis,
27  *"Copyright and the World's Most Popular Song" Appendices, Documents and
Sound Recordings*, http://docs.law.gwu.edu/facweb/rbrauneis/happybirthday.htm
28  (last visited Sept. 16, 2013).

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1 a reasonable person on inquiry or the opportunity to obtain knowledge open to

2 investigation.'") (alterations and citation omitted).[8]

3       Because Plaintiffs do not allege how they discovered their claims or why they

4 were unable to do so earlier, they likewise cannot show that fraudulent concealment

5 tolls their claims. *Yumul*, 733 F. Supp. 2d at 1131 ("In order to establish fraudulent

6 concealment, the complaint must show: (1) when the fraud was discovered; (2) the

7 circumstances under which it was discovered; and (3) that the plaintiff was not at

8 fault for failing to discover it or had no actual or presumptive knowledge of facts

9 sufficient to put him on inquiry.") (citation and internal quotation marks omitted).

10 Indeed, a claim that fraudulent concealment should toll a statute of limitations must

11 be pled with particularity under Rule 9(b). *Id.* at 1132-33. Plaintiffs cannot satisfy

12 9(b) where they have not offered a single allegation as to how or when they

13 discovered their claims. And as discussed above and in Warner/Chappell's Motion,

14 Plaintiffs have not alleged an actionable misrepresentation or reasonable reliance

15 under Rule 8(a), let alone under Rule 9(b).[9]

16

17

18

19

---

20 [8] The Brauneis article, in fact, was available in March 2008, more than *five* years
21 before Plaintiffs filed this lawsuit. *See* Social Science Research Network, *Copyright and the World's Most Popular Song*,
22 http://papers.ssrn.com/sol3/papers.cfm?abstract_id=1111624& (stating article was originally posted Mar. 21, 2008) (last visited Sept. 16, 2013).

23 [9] None of Plaintiffs' cases supports the application of equitable tolling here. *See Welles*, 503 F.3d at 734 ("A claim for copyright ownership is barred three years
24 from the 'plain and express repudiation' of copyright ownership.") (citations omitted); *Henderson v. J.M. Smucker Co.*, No. CV 10-4524-GHK (VBKx), 2011
25 WL 1050637, at *2 (C.D. Cal. Mar. 17, 2011) (question of fact regarding delayed discovery where there were specific allegations about the time and manner of
26 plaintiff's discovery and about plaintiff's reasonable diligence); *Weatherly v. Universal Music Publ'g Grp.*, 125 Cal. App. 4th 913, 918-20 (2004) (question of
27 fact regarding delayed discovery where there was evidence that defendant "hindered" plaintiff from discovering the breach and defendant refused to provide
28 plaintiff with material information it had requested).

REPLY MEMORANDUM
ISO MOTION TO DISMISS

### C.   Preempted and Time-Barred Claims and Plaintiffs Should Be Dismissed, or Stricken, with Prejudice

For the reasons discussed above and in Warner/Chappell's Motion, each of Plaintiffs' state-law claims is preempted (and some are also insufficiently pled). Moreover, Plaintiffs' declaratory judgment, FAL and money-had-and-received claims—to the extent they survive preemption (and dismissal under Rule 9(b))—are subject to a three-year statute of limitations and should be dismissed to the extent they fall outside this period. *Yumul*, 733 F. Supp. 2d at 1133 (dismissing putative class action complaint "to the extent it alleges conduct occurring outside the relevant statutes of limitations"); *Keilholtz*, 2009 WL 2905960, at *5 (dismissing class claims outside the applicable statutes of limitations). Finally, all of Majar's and Siegel's claims are preempted and/or time-barred, so these Plaintiffs should be dismissed from the case. Dismissal of preempted and/or time-barred claims and Plaintiffs should be with prejudice because amendment would be futile. *Johnson v. Dist. 2 Marine Eng'rs Beneficial Ass'n*, 857 F.2d 514, 517-18 (9th Cir. 1988) (affirming dismissal with prejudice of preempted state-law claims); *Hinton v. Pacific Enters.*, 5 F.3d 391, 396-97 (9th Cir. 1993) (affirming dismissal with prejudice of time-barred claims).

Alternatively, if the Court determines that a motion to strike is the appropriate mechanism for limiting the SAC's class period allegations, then Plaintiffs' proposed class definition should be stricken with prejudice under Rule 12(f) to the extent it includes declaratory judgment, FAL and/or money-had-and-received claims outside a three-year period. *Shabaz v. Polo Ralph Lauren Corp.*, 586 F. Supp. 2d 1205, 1211 (C.D. Cal. 2008); *Campbell v. PricewaterhouseCoopers*, No. CIV. S-06-2376 LKK/GGH, 2008 WL 3836972, at *6 (E.D. Cal. Aug. 14, 2008). Plaintiffs' argument that their class allegations should not be limited or stricken is unpersuasive. Opp. at 24-25. Although Plaintiffs cite *Henderson v. J.M. Smucker Co.*, No. CV 10-4524-GHK (VBKx), 2011 WL 1050637 (C.D. Cal. Mar. 17, 2011),

1  for the proposition that "[t]he permissible scope of the class, if any, is a question

2  best addressed through a motion for class certification," that holding was based on

3  "questions of fact which bear on the nature of Defendant's duty to nonresident

4  plaintiffs," which was relevant to standing and could not be determined from the

5  pleadings. *Id.* at *2. That Plaintiffs have impermissibly attempted to extend the

6  applicable statutes of limitations *is* apparent from the pleadings, as is the fact that

7  equitable tolling does not apply. Similarly, *Shabaz* and *Campbell* do not help

8  Plaintiffs, as those cases in fact granted motions to strike time-barred class

9  allegations (even though they dismissed motions to strike on other grounds).

10  *Shabaz*, 586 F. Supp. 2d at 1205, 1211 (striking class allegations outside the

11  limitations period); *Campbell*, 2008 WL 3836972, at *5-10 (same).

12  **IV.   ASIDE FROM BEING PREEMPTED, SEVERAL OF PLAINTIFFS'**

13  **STATE-LAW CLAIMS ARE ALSO INSUFFICIENTLY PLEADED**

14       **A.   Plaintiffs' UCL and FAL Claims Are Grounded Fraud but Do Not**

15            **Satisfy Rule 9(b), or Even State Plausible Claims**

16        Under Rule 9(b), a plaintiff must "state with particularity the circumstances

17  constituting fraud or mistake." Fed. R. Civ. P. 9(b). Rule 9(b) applies to UCL and

18  FAL claims that sound in fraud even though fraud is not a necessary element of

19  these claims. *Kearns v. Ford Motor Co.*, 567 F.3d 1120, 1125 (9th Cir. 2009);

20  *United Food & Commercial Workers Cent. Pa. & Reg'l Health & Welfare Fund v.*

21  *Amgen, Inc.*, 400 F. App'x 255, 257 (9th Cir. 2010). To avoid the application of

22  Rule 9(b), Plaintiffs walk away from their allegations of fraud and deception and

23  attempt to expand upon their theories of UCL-based liability. Opp. at 14-16.[10] But

---

24  [10] Plaintiffs do cling to their allegations of fraud and misrepresentation when

25  expedient. As noted above, they do so to suggest their UCL and FAL claims are not
preempted and in arguing that the governing limitations periods should be equitably

26  tolled. Opp. at 10-11, 22-23 & n.14. This tactic is unconvincing, as Plaintiffs
concede that their allegations based on fraudulent conduct are deficient. *Id.* at 17.

27  Separately, Plaintiffs attempt to expand the scope of their UCL claim by contending,
for the first time, that it may be based on their money-had-and-received and

28  rescission claims. *Id.* at 16.

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1   the SAC nonetheless bases the UCL and FAL claims on alleged "deceptive and

2   misleading conduct," "nondisclosures," and like conduct, and these claims are

3   therefore grounded in fraud.  *See Kearns*, 567 F.3d at 1125 (UCL claims that "allege

4   a unified course of fraudulent conduct"—including those based on nondisclosures—

5   subject to Rule 9(b)); *Yumul*, 733 F. Supp. 2d at 1122-23.  In *Meinhold v. Sprint*

6   *Spectrum, L.P.*, No. CIV. S-07-00456 FCD EFB, 2007 WL 1456141 (E.D. Cal. May

7   16, 2007), for example, the court held that "all of plaintiff's claims are 'grounded in

8   fraud' such that she must meet 9(b)'s heightened pleading standard" where the UCL

9   claim was based on "unlawful, unfair, and *fraudulent* business practices" and the

10   FAL claim alleged "that defendant made representations that it knew or should have

11   known were untrue or misleading." *Id.* at *6.  As in *Meinhold*, Plaintiffs' UCL and

12   FAL claims are grounded in fraud and subject to Rule 9(b).  *See* SAC ¶¶ 175-80,

13   200.

14           Plaintiffs fail to show that their UCL or FAL claims are sufficiently pled

15   under Rule 9(b) or even Rule 8(a).  *First*, Plaintiffs cannot satisfy Rule 9(b) by

16   relying on their lone allegation regarding Warner/Chappell's website and their

17   generic and nonspecific allegations regarding Warner/Chappell's demands to two of

18   the four Plaintiffs. *Yumul*, 733 F. Supp. 2d at 1122-23.  More significantly,

19   Plaintiffs cannot plead an actionable misrepresentation based on Warner/Chappell's

20   alleged statements—in its website, to Plaintiffs, and/or in SEC filings—that it owns

21   federal copyrights in *Happy Birthday to You*.  As Plaintiffs acknowledge in their

22   complaint and Opposition, Warner/Chappell *does* own federal copyrights in the

23   song.  SAC ¶¶ 93, 96, 107, 110; Opp. at 5-6.  Although Plaintiffs contend that those

24   copyrights are invalid, based on their erroneous view of originality and other aspects

25   of copyright law, that does not make Warner/Chappell's mere assertion of copyright

26   ownership a "misrepresentation."

27           *Second*, Plaintiffs fail to respond to Warner/Chappell's argument that the

28   UCL and FAL claims do not allege reasonable reliance sufficiently under Rule 8(a).

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1    Plaintiffs have conceded this issue. *Deirmenjian v. Deutsche Bank, A.G.*, No. CV

2    06-00774 MMM (CWx), 2010 WL 3034060, at *7 & n.110 (C.D. Cal. July 30,

3    2010) (party abandons claims and issues that it does not address in opposing

4    dismissal or summary judgment); *Hopkins v. Women's Div., General Bd. of Global*

5    *Ministries*, 284 F. Supp. 2d 15, 25 (D.D.C. 2003) ("[W]hen a plaintiff files an

6    opposition to a dispositive motion and addresses only certain arguments raised by

7    the defendant, a court may treat those arguments that the plaintiff failed to address

8    as conceded."); *Anti-Monopoly, Inc., v. Hasbro, Inc.*, 958 F. Supp. 895, 907 & n. 11

9    (S.D.N.Y.1997) ("[T]he failure to provide argument on a point at issue constitutes

10   abandonment of the issue.").

11       **B.      Plaintiffs' Rescission Claim Asserts a Remedy**

12       "Rescission is *not* a cause of action; it is a remedy." *Nakash v. Superior*

13   *Court*, 196 Cal. App. 3d 59, 70 (1987); *see also Taguinod v. World Sav. Bank, FSB*,

14   755 F. Supp. 2d 1064, 1072 (C.D. Cal. 2010) (dismissing rescission claim because it

15   is a remedy, not a cause of action).  Accordingly, dozens of California federal courts

16   have dismissed claims for rescission under California law.[11]  Although Plaintiffs

17   have located cases adjudicating "claims" of rescission, the parties in those cases do

18   not appear to have argued for dismissal because rescission is actually a remedy.  In

19   any event, dismissal of Plaintiffs' rescission claims is plainly appropriate under the

20   cases cited by Warner/Chappell.[12]

21

22   [11] *See, e.g., Varela v. Wells Fargo Home Mortgage*, No. C-12-3502 KAW, 2012 WL
     6680261, at *11 (N.D. Cal. Dec. 21, 2012) ("It is true that rescission is a remedy and
23   not a cause of action.") (citing *Mangindin v. Washington Mut. Bank*, 637 F. Supp.
     2d 700, 709 (N.D. Cal. 2009); *Kaui Scuba Ctr., Inc. v. PADI Americas, Inc.*, No.
24   SACV 10-1579 DOC (MANx), 2011 WL 2711177, at *4 (C.D. Cal. July 13, 2011)
     ("[R]escission is a remedy, not a cause of action.") (citing Cal. Civ. Code §§ 1689,
25   169; *Ozuna v. Home Capital Funding*, No. 08-CV-2367-IEG (AJB), 2009 WL
     4544131, at * 11 (S.D. Cal. Dec.1, 2009); and *Nakash*, 196 Cal. App. 3d at 70).
26   [12] Plaintiffs' reliance on Cal. Civ. Code § 1692 is misplaced because that statute
27   does not "allow rescission as a cross-complaint." Opp. at 19.  Instead, it allows a
     party to a contract *that has already been rescinded* to "assert[] such rescission by
28   way of defense or cross-complaint." Cal. Civ. Code § 1692.  Plaintiffs' reliance on
     (footnote continued on following page)

REPLY MEMORANDUM
ISO MOTION TO DISMISS

1  **V.    CONCLUSION**

2      Warner/Chappell respectfully submits that Plaintiffs' UCL, breach of

3  contract, money-had-and-received, rescission and FAL claims should each be

4  dismissed with prejudice; that time-barred putative class claims should be

5  dismissed, or stricken, with prejudice; and that Plaintiffs Majar and Siegel should be

6  dismissed with prejudice.

7

8  DATED:  September 16, 2013        MUNGER, TOLLES & OLSON LLP

9

10

11                         By:    /s/ Kelly M. Klaus

12                              KELLY M. KLAUS
                              Attorneys for Defendants Warner/Chappell
13                              Music, Inc. and Summy-Birchard, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---

Cal. Civ. Code § 1693 is also misplaced because this statute does not indicate that rescission is a claim, as opposed to a remedy.