GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone: (213) 683-9100
Facsimile: (213) 687-3702

Attorneys for Defendants
Warner/Chappell Music, Inc. and
Summy-Birchard, Inc.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; ROBERT SIEGEL; RUPA MARYA; and MAJAR PRODUCTIONS, LLC; On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., and SUMMY-BIRCHARD, INC.,<br><br>Defendants. | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**DEFENDANTS' STATEMENT IN RESPONSE TO PLAINTIFFS' SUBMISSION OF OCTOBER 8, 2013**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: 650 (Roybal)<br>Judge: Hon. George H. King, Chief Judge |

Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. (collectively, "Warner/Chappell") respectfully submit the following response to Plaintiffs' October 8, 2013 submission to the Court (Dkt. No. 66).

1. None of the numerous paragraphs of the Second Amended Consolidated Complaint ("SAC") that Plaintiffs cite in their submission, individually or collectively, set forth the two-step theory that Plaintiffs described at the October 7, 2013 hearing, *i.e.*, that (1) the scope of Warner/Chappell's copyrights in *Happy Birthday to You*, cited in Plaintiffs' complaints, does not encompass the rights that Warner/Chappell licensed to Plaintiffs; but if it does, (2) those copyrights are not valid.

2. Without waiving any of Warner/Chappell's arguments in the pending motion to dismiss, Warner/Chappell does not object to the Court's granting Plaintiffs leave to file a further amended complaint, provided that the only changes made by this amendment are to describe Plaintiffs' two-step theory.

3. As discussed at the hearing, Warner/Chappell agrees with the Court that the case should be bifurcated, for case management purposes, and that it makes sense for the Court to set a schedule allowing for a brief period of discovery, limited solely to the copyright scope and validity issues raised by Plaintiffs' first cause of action for declaratory judgment, followed by summary judgment/adjudication motions limited to these issues. Warner/Chappell requests that the Court schedule a case management/scheduling conference to set the timeframe and parameters for the aforementioned period of discovery and motion practice.

4. Warner/Chappell submits that, if the Court proceeds with the case management plan described above, that Warner/Chappell's pending motion to dismiss be held in abeyance pending resolution of the aforementioned summary judgment/adjudication motions, and that Warner/Chappell's time for answering or otherwise responding to the SAC (or any amended complaint that Plaintiffs file in accordance with their pending request) be stayed pending resolution of the summary

judgment/adjudication motions, at which point in time the Court could resolve the preemption and other issues that Warner/Chappell's pending motion raises.

Respectfully submitted,

DATED: October 9, 2013                MUNGER, TOLLES & OLSON LLP


By: ___/s/ Kelly M. Klaus___
KELLY M. KLAUS
Attorneys for Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc.