E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-4460-GHK (MRWx) | Date | October 16, 2013 |
|---|---|---|---|
| Title | *Good Morning to You Productions Corp., et al. v. Warner-Chappell Music, Inc., et al.* | | |

| Presiding: The Honorable | GEORGE H. KING, CHIEF U. S. DISTRICT JUDGE | |
|---|---|---|
| Beatrice Herrera | Not Reproted | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| NONE | NONE |

**Proceedings:**   **Order re:** Defendants' Motion to Dismiss Second Amended Consolidated Class Action Complaint And/Or Motion to Strike Plaintiffs' Proposed Class Definition (Dkt. 52)

This matter is before us on Defendants' Motion to Dismiss Second Amended Consolidated Class Action Complaint And/Or Motion to Strike Plaintiffs' Proposed Class Definition ("Motion"). (Dkt. 52.) We have considered the papers filed and the oral arguments made in support of and in opposition to this Motion. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows.

**I. Background**

Plaintiffs Good Morning to You Productions Corp., Robert Siegel, Rupa Marya, and Majar Productions, LLC (collectively "Plaintiffs"), filed the above-captioned matter against Defendants Warner/Chappell Music, Inc. ("Warner/Chappell") and Summy-Birchard, Inc. ("SBI" and collectively with Warner/Chappell, "Defendants"). Plaintiffs' Second Amended Consolidated Complaint ("SAC") asserts seven claims against Defendants, all relating to Defendants' purported ownership of the copyright to *Happy Birthday to You* (the "Song").

In Claim One, Plaintiffs seek a declaration, pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201, that Defendants do not own the copyright to or possess the exclusive right to demand licensing fees for the use of *Happy Birthday to You* (the "Song"), and that the Song is in the public domain. (SAC ¶ 167(a)-(c).) In Claim Two, they seek relief based upon the entry of declaratory judgment, pursuant to 28 U.S.C. § 2202, including an injunction, restitution, and an accounting of Defendants' monetary benefits obtained from Plaintiffs in connection with their claim of ownership of the Song. (SAC ¶ 172.) Additionally, Plaintiffs' complaint contains five state law claims: (1) an Unfair Competition Law claim; (2) a breach of contract claim; (3) a common count for money had and received; (4) a rescission for failure of consideration claim; and (5) a False Advertising Law claim. (SAC ¶¶ 173-201.)

On August 30, 2013, Defendants filed this Motion seeking: (1) dismissal of Plaintiffs' federal claims to the extent they fall outside the Copyright Act's three-year statute of limitations period; and (2)

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-4460-GHK (MRWx) | Date | October 16, 2013 |
|---|---|---|---|
| Title | *Good Morning to You Productions Corp., et al. v. Warner-Chappell Music, Inc., et al.* | | |

dismissal of Plaintiffs' state law claims on various grounds, including preemption, failure to state a claim, and that some of them are time-barred.

## II. Legal Standard

In order to survive a motion to dismiss, a complaint must set forth "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). It must contain factual allegations sufficient to "state a claim to relief that is plausible on its face." *Id.* at 555, 570. In considering a motion to dismiss, we must accept the allegations of the complaint as true and construe them in the light most favorable to the plaintiff. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). We need not accept as true, however, legal conclusions "cast in the form of factual allegations." *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981). "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

## III. Statute of Limitations Governing Claims One and Two

Defendants contend that Plaintiffs' declaratory judgment and relief claims are governed by the Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), and that to the extent Plaintiffs' claims fall outside that three-year period, they are time-barred. (Mot. 18-20.) Plaintiffs dispute the applicability of the Copyright Act's statute of limitations, and instead argue that because the Declaratory Judgment Act fails to provide a statute of limitations, we should "borrow" the most analogous state limitations law based on the Supreme Court's holding in *North Star Steel Co. v. Thomas*, 515 U.S. 29 (1995). (Opp'n 19-22.) Plaintiffs suggest that we borrow the four-year statute of limitations from California's unfair competition law, Cal. Bus. & Professions Code § 17208. (*Id.* at 20-21.)

The Declaratory Judgment Act is merely a procedural vehicle for claims otherwise within federal jurisdiction. *See Aetna Life Ins. Co. of Hartford v. Haworth*, 300 U.S. 227, 240 (1937). Here, the question raised in Plaintiffs' declaratory judgment claims that confers jurisdiction on this Court is governed by the provisions of the Copyright Act. Because that question undoubtedly requires an interpretation of the provisions of the Copyright Act, it would be anomalous for any statute of limitations other than that provided in 17 U.S.C. § 507(b) to govern Plaintiffs' claims.

Section 507(b) of the Copyright Act provides that, "[n]o civil action shall be maintained under the provisions of this title unless it is commenced within three years after the claim accrued." 17 U.S.C. § 507(b). Plaintiffs assert that § 507(b) should only be limited to causes of actions provided for in the Copyright Act, i.e., copyright infringement actions. (Opp'n 20.) We disagree. Other courts in similar circumstances have not adopted this limitation. For example, the majority of federal circuit courts have applied § 507(b) to declaratory judgment claims seeking a determination of co-ownership. *See Cambridge Literary Props., Ltd. v. W. Goebel Porzellanfabrik G.m.b.H. & Co. KG*, 510 F.3d 77, 85-86 (1st Cir. 2007); *Zuill v. Shanahan*, 80 F.3d 1366, 1369 (9th Cir. 1996); *Merchant v. Levy*, 92 F.3d 51 (2d Cir. 1996).

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-4460-GHK (MRWx) | Date | October 16, 2013 |
|---|---|---|---|
| Title | *Good Morning to You Productions Corp., et al. v. Warner-Chappell Music, Inc., et al.* | | |

      We find these co-ownership cases analogous to this case, and Plaintiffs' attempt to distinguish them is unpersuasive. In the co-ownership context, like here, the Copyright Act does not specifically provide purported co-owners any specific cause of action. Indeed, Plaintiffs' counsel conceded as much at oral argument. Rather, § 507(b)'s three-year statute of limitations applies because the determination of co-ownership status hinges on specific provisions of the Copyright Act, namely Section 101 and Section 201, so that the declaratory judgment claim is a "civil action . . . maintained under the provisions of [the Copyright Act]." *Cambridge*, 510 F.3d at 85-86. Similarly, while Plaintiffs have no cause of action specifically under the Copyright Act, the merits of their claims are determined by interpreting specific provisions of the Copyright Act. For example, Plaintiffs contend that the Song is not subject to copyright protection. Section 102 of the Copyright Act defines what material is subject to "copyright protection."

      Further, Plaintiffs' reliance on *Levald, Inc. v. City of Palm Desert*, 998 F.2d 680 (9th Cir. 1993), is misplaced. *Levald* merely stands for the proposition that a plaintiff may not circumvent an applicable statute of limitations by characterizing a claim as one for equitable relief. In other words, courts "'focus on the substance of an asserted claim as opposed to its form,'" and "'where legal and equitable claims coexist, equitable remedies will be withheld if an applicable statute of limitations bars the concurrent legal remedy.'" *Id.* at 688 (quoting *Gilbert v. City of Cambridge*, 932 F.2d 51, 57-58 (1st Cir. 1991)). *Levald* is not controlling here for two reasons: (1) Plaintiffs could not have asserted their declaratory claims as any specific legal claim; and (2) we have no occasion to borrow any state limitations law because unlike § 1983, which requires courts to borrow from state limitations law because it does not have its own statute of limitations, the Copyright Act has its own three-year statute of limitations, 17 U.S.C. § 507(b). Because Plaintiffs' declaratory judgment and relief claims are "civil action[s] maintained under the provisions" of the Copyright Act, they are subject to § 507(b)'s three-year statute of limitations. Plaintiffs Robert Siegel's and Majar Productions, LLC's claims fall outside the three-year period. Claim One and Claim Two are **DISMISSED with leave to amend** as to Siegel and Majar Productions, LLC to plead delayed accrual or tolling of this three-year statute of limitations, if any.

### IV. Bifurcation of Claim One

      At the October 7, 2013 Hearing on the above-captioned matter, the Parties agreed that the most efficient way to proceed in this case would be to bifurcate Claim One from the six other claims for the purposes of discovery and summary judgment. Having considered all relevant factors, including the views of the parties, we now exercise our discretion to **BIFURCATE** these proceedings as follows: (1) Claim One is bifurcated from all other claims through summary judgment; and (2) all other claims, including discovery specific to such claims, are **STAYED** until further order by this Court.

### V. Plaintiffs' Two-Step Approach

      At the October 7, 2013 hearing, Plaintiffs' counsel identified a "two-step approach," relating to their claim for declaratory judgment. We granted Plaintiffs the opportunity to identify the specific paragraphs in the SAC that allegedly set forth this two-step approach. We have reviewed the specific paragraphs of the SAC that Plaintiffs identified, as well as the entire SAC. While one might be able to

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-4460-GHK (MRWx) | Date | October 16, 2013 |
|---|---|---|---|
| Title | *Good Morning to You Productions Corp., et al. v. Warner-Chappell Music, Inc., et al.* | | |

tease out what Plaintiffs' counsel identified as their two-step theory for declaratory judgment, it is not clearly and directly stated in the SAC.

To ensure that Plaintiffs' claim for relief is clear and concise, and not susceptible to mistake or confusion, Plaintiffs are hereby **ORDERED** to replead their two-step approach as articulated by Mr. Rifkin at the October 7, 2013 hearing. Plaintiffs are directed to pay particular attention to presenting their two-step approach clearly, directly, and free of any confusing or extraneous allegations.

## VI. Conclusion

Based on the foregoing, Defendants' Motion is **GRANTED in part** and **DENIED in part**. Claim One and Claim Two are **DISMISSED with leave to amend** as to Plaintiffs Robert Siegel and Majar Productions, LLC. Plaintiffs are also **GRANTED leave to amend** to clearly set forth the "two-step approach" to their claim for declaratory judgment. Plaintiffs **SHALL** file any amended complaint **within 21 days hereof**.

Additionally, Claim One of Plaintiffs' SAC is **BIFURCATED** from all other claims through summary judgment, and all other claims, including any discovery specific to such claims, are **STAYED** until further order by this Court. As such, Defendants' pending motions with respect to the stayed claims are **DENIED without prejudice** as premature; Defendants may refile such motions after the stay is lifted. After Plaintiffs file their amended complaint, Defendants **SHALL respond** to Claim One of Plaintiffs' amended complaint within **21 days thereof**. Defendants are not required to respond to Plaintiffs' other claims for relief until further order by this Court.

If Plaintiffs fail to timely file an amended complaint as ordered herein, the dismissal as against Plaintiffs Siegel and Majar Productions, LLC **SHALL** automatically become dismissals with prejudice upon the expiration of said 21 days without further order of the Court. Plaintiffs are cautioned that any potential amendments must comply with Federal Rule of Civil Procedure 11(b), which provides in pertinent part as follows:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable

E-Filed

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| Case No. | CV 13-4460-GHK (MRWx) | Date | October 16, 2013 |
|---|---|---|---|
| Title | *Good Morning to You Productions Corp., et al. v. Warner-Chappell Music, Inc., et al.* | | |

opportunity for further investigation or discovery . . . .

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |