BETSY C. MANIFOLD (182450)
manifold@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Interim Lead Class Counsel for Plaintiffs*

[Additional Counsel on Signature Page]

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; ROBERT SIEGEL; RUPA MARYA; and MAJAR PRODUCTIONS, LLC; On Behalf of Themselves and All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC.; and SUMMY-BIRCHARD, INC., <br><br> Defendants. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) |

Lead Case No. CV 13-04460-GHK (MRWx)

**THIRD AMENDED CONSOLIDATED COMPLAINT FOR:**
**(1) DECLARATORY JUDGMENT (28 U.S.C. § 2201);**
**(2) DECLARATORY AND INJUNCTIVE RELIEF AND DAMAGES (28 U.S.C. § 2202);**
**(3) VIOLATIONS OF CALIFORNIA'S UNFAIR COMPETITION LAWS (Bus. & Prof. Code §§ 17200 *et seq.*);**
**(4) BREACH OF CONTRACT;**
**(5) COMMON LAW MONEY HAD AND RECEIVED;**
**(6) RESCISSION FOR FAILURE OF CONSIDERATION; and**
**(7) VIOLATIONS OF CALIFORNIA'S FALSE ADVERTISING LAWS (Bus. & Prof. Code §§ 17500 *et seq.*)**

**CLASS ACTION**

**DEMAND FOR JURY TRIAL**

Plaintiffs, Good Morning to You Productions Corp. ("GMTY"), Robert Siegel ("Siegel"), Rupa Marya d/b/a/ Rupa Marya & The April Fishes ("Rupa"), and Majar Productions, LLC ("Majar") (collectively herein "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned attorneys, as and for their Third Amended Consolidated Complaint For: (1) Declaratory Judgment (28 U.S.C. § 2201); (2) Declaratory and Injunctive Relief and Damages (28 U.S.C. § 2202); (3) Violations of California's Unfair Competition Laws (Bus. & Prof. Code §§ 17200 *et seq*.); (4) Breach of Contract; (5) Common Law Money Had and Received; (6) Rescission for Failure of Consideration; and (7) Violations of California's False Advertising Laws (Bus. & Prof. Code §§ 17500 *et seq*.) against defendants Warner/Chappell Music, Inc. ("Warner/Chappell") and Summy-Birchard, Inc. ("SBI") (collectively "Defendants"), hereby allege as follows:

## JURISDICTION AND VENUE

1.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to claims seeking declaratory and other relief arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the entire case or controversy.

2.     The Court has personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this Judicial District where both Defendants' principal places of business are located and where they regularly conduct business.

3.     Paragraph 8 of the Film and Synchronization and Performance License ("Synchronization License") by and between assignee Plaintiff Siegel and defendant Warner/Chappell states: "this license has been entered into in, and shall be interpreted in accordance with the laws of the state of California, and any action or

proceeding concerning the interpretation and/or enforcement of this license shall be heard only in the state or federal courts situated in Los Angeles county. . . ." Defendant Warner/Chappell requires any action or proceeding related thereto to be brought in this District under the Synchronization License.

### INTRODUCTION

4.     This is an action to declare that Defendants do not own a copyright to the world's most popular song, *Happy Birthday to You* (the "Song"), that if Defendants own any copyright to the Song, it is limited to four specific piano arrangements or an obscure second verse that has no commercial value, that any other copyright to the Song that Defendants may own or ever owned are invalid or have expired, and that the Song is dedicated to public use and in the public domain; and in turn to declare that Defendants must return millions of dollars of unlawful licensing fees collected by defendant Warner/Chappell pursuant to its wrongful assertion of copyright ownership of the Song.

5.     According to the United States Copyright Office ("Copyright Office"), a "*musical composition* consists of music, including any accompanying words, and is normally registered as a work of the performing arts."  Copyright Office Circular 56A, "Copyright Registration of Musical Compositions and Sound Recordings," at 1 (Feb. 2012) (available at www.copyright.gov/circs/circ.56a.pdf).  The author of a musical composition generally is the composer, and the lyricist (if a different person). *Id.*

6.     More than 120 years after the melody to which the simple lyrics of *Happy Birthday to You* is set was first published, defendant Warner/Chappell boldly, but wrongfully and unlawfully, insists that it owns the copyright to *Happy Birthday to You*, and with that copyright the exclusive right to authorize the Song's reproduction, distribution, and public performances pursuant to federal copyright law.  At all relevant times, Warner/Chappell declared in the first two sentences on the "About Us" page of its website that "Warner/Chappell Music is [Warner Music

Group]'s award-winning global music publishing company. The Warner/Chappell Music catalog includes standards such as 'Happy Birthday To You'. . ." (*available at* www.warnerchappell.com/about.jsp?currenttab=about_us as of June 18, 2013). Defendant Warner/Chappell either has silenced those wishing to record or perform *Happy Birthday to You*, or has extracted millions of dollars in unlawful licensing fees from those unwilling or unable to challenge its ownership claims.

7.     Irrefutable documentary evidence, some dating back to 1893, shows that if defendant Warner/Chappell owned or owns any copyrights to *Happy Birthday to You*, those rights were and are limited to the extremely narrow right to reproduce and distribute specific piano arrangements for the Song, or an obscure second verse that has no commercial value, which were published in 1935.  That same evidence also shows that if Warner/Chappell ever owned a copyright to any other part of the Song, it was invalid or expired no later than 1921.  Significantly, no court has ever adjudicated either the scope or validity of the Defendants' claimed interest in *Happy Birthday to You*, nor in the Song's melody or its familiar lyrics, which are, themselves, independent works.

8.     Various legal scholars and copyright and music industry experts agree with the foregoing, questioning the validity of Defendants' assertion of copyright in the Song, and supporting the conclusion that *Happy Birthday* properly exists in the public domain.  For example, Professor Robert Brauneis, Professor of Law and Co-Director of the Intellectual Property Law Program at George Washington University, and a leading legal scholar in intellectual property law, has stated that it is "doubtful" that *Happy Birthday* "is really still under copyright."

9.     Plaintiffs GMTY, Siegel, Rupa, and Majar on behalf of themselves and all others similarly situated, seek a declaration that *Happy Birthday to You* is dedicated to public use and is in the public domain as well as monetary damages and restitution of all the unlawful licensing fees that defendants have improperly collected from Plaintiffs and all other Class members.

- 3 -

## **PLAINTIFFS**

10.     Plaintiff GMTY is a New York corporation with its principal place of business located in New York County.  Under a claim of copyright by defendant Warner/Chappell, on or about March 26, 2013, GMTY paid defendant Warner/Chappell the sum of $1,500 for a synchronization license to use *Happy Birthday to You* and on or about April 24, 2013, GMTY entered into a synchronization license with Warner/Chappell, as alleged more fully herein.

11.     Plaintiff Robert Siegel is the assignee of BIG FAN PRODUCTIONS, INC. ("BIG FAN"), an inactive New York corporation and a resident of New York, New York.  Under a claim of copyright by defendant Warner/Chappell, on or about September 1, 2009, BIG FAN paid to defendant Warner/Chappell the sum of $3,000 for the Synchronization Licenses to use *Happy Birthday to You*, as alleged more fully herein.  Plaintiff Siegel, the then-President of BIG FAN, was assigned BIG FAN's rights and claims, including those pertaining to the Synchronization License pursuant to Paragraph 7 thereof between defendant Warner/Chappell and BIG FAN, entered into on or about July 20, 2009.

12.     Plaintiff Rupa is a musician and leader of the band entitled "Rupa & The April Fishes" ("RTAF"), and a member of the American Society of Composers, Authors and Publishers ("ASCAP").  Plaintiff Rupa is a resident of San Mateo County, California. RTAF recorded *Happy Birthday to You* at a live show in San Francisco, California, on April 27, 2013. Under a claim of copyright by defendant Warner/Chappell, on or about June 17, 2013, Plaintiff Rupa d/b/a RTAF paid to defendant Warner/Chappell the sum of $455 for a compulsory license pursuant to 17 U.S.C. § 115 (commonly known as a "mechanical license") to use *Happy Birthday to You*, as alleged more fully herein.

13.     Plaintiff Majar is a Los Angeles-based film production company that produced the award winning documentary film "*No Subtitles Necessary: László & Vilmos*" (hereafter, "*No Subtitles Necessary*" or the "Film").  The Film follows the

- 4 -

lives of renowned cinematographers László Kovacs ("Kovacs") and Vilmos Zsigmond ("Zsigmond") from escaping the 1956 Soviet invasion of Hungary to the present day.  As film students in Hungary, Kovacs and Zsigmond shot footage of the Russian invasion of Budapest and subsequently risked their lives to smuggle it out of the country. They fled to America and settled in Hollywood, eventually saving enough money to buy their own 16mm camera to begin shooting movies.  Both rose to prominence in the late 1960's and 1970's having shot films such as "Easy Rider," "Five Easy Pieces," "McCabe and Mrs. Miller," "Deliverance," "Paper Moon," and "Close Encounters of the Third Kind."  *No Subtitles Necessary* tells the story of their lives and careers.

## DEFENDANTS

14.    Defendant Warner/Chappell is a Delaware corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025 and regularly conducts business within this Judicial District.

15.    Defendant SBI is a Wyoming corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025. SBI regularly conducts business within this Judicial District, where it may be found. On information and belief, SBI is a subsidiary of Warner/Chappell, having been acquired by Warner/Chappell in or around 1998.

## FACTUAL BACKGROUND

### *Good Morning to All and the Popular Adoption of Happy Birthday to You*

16.    Sometime prior to 1893, Mildred J. Hill ("Mildred Hill") and her sister Patty Smith Hill ("Patty Hill") (Mildred and Patty Hill are collectively referred to as the "Hill Sisters") authored a written manuscript containing sheet music for 73 songs composed or arranged by Mildred Hill, with words written and adapted by Patty Hill.

17.    The manuscript included *Good Morning to All*, a song written by the Hill Sisters.

18.    On or about February 1, 1893, the Hill Sisters sold and assigned all their right, title, and interest in the written manuscript to Clayton F. Summy ("Summy") in exchange for 10 percent of retail sales of the manuscript. The sale included the song *Good Morning to All*.

19.    In or around 1893, Summy published the Hill Sisters' written manuscript with an introduction by Anna E. Bryan ("Bryan") in a songbook titled *Song Stories for the Kindergarten*. *Song Stories for the Kindergarten* included the song *Good Morning to All*.

20.    On or about October 16, 1893, Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for *Song Stories for the Kindergarten*.

21.    On the October 16, 1893, copyright application, Summy claimed to be the copyright's proprietor, but not the author of the copyrighted works.

22.    *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1893, by Clayton F. Summy."

23.    As proprietor of the 1893 copyright in *Song Stories for the Kindergarten*, Summy asserted copyright ownership in the compilation of songs, as well as, the individual songs published therein, including *Good Morning to All*.

24.    The lyrics to *Good Morning to All* are:

Good morning to you

Good morning to you

Good morning dear children

Good morning to all.

25.    The lyrics to *Happy Birthday to You* are set to the melody from the song *Good Morning to All*. As nearly everyone knows, the lyrics to *Happy Birthday to You* are:

Happy Birthday to You

Happy Birthday to You

Happy Birthday dear [NAME]

Happy Birthday to You.

26.     The lyrics to *Happy Birthday to You* were **not** published in *Song Stories for the Kindergarten*.

27.     On or about January 14, 1895, Summy incorporated the Clayton F. Summy Company ("Summy Co.") under the laws of the State of Illinois for a limited term of 25 years.  On that same date, Summy purported to assign all his right, title, and interest in *Song Stories for the Kindergarten* to Summy Co.

28.     In 1896, Summy published a new, revised, illustrated, and enlarged version of *Song Stories for the Kindergarten*, which contained eight previously unpublished songs written by the Hill Sisters as well as illustrations by Margaret Byers.

29.     On or about June 18, 1896, Summy filed a copyright application (Reg. No. 34260) with the Copyright Office for the 1896 publication of *Song Stories for the Kindergarten*.

30.     On its June 18, 1896, copyright application, Summy again claimed to be the copyright's proprietor, but (again) not the author of the copyrighted works.

31.     The 1896 version of *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1896, by Clayton F. Summy."

32.     As proprietor of the 1896 copyright in the revised *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

33.     The lyrics to *Happy Birthday to You* were **not** published in the 1896 version of *Song Stories for the Kindergarten*.

34.     In 1899, Summy Co. published 17 songs from the 1893 version of *Song Stories for the Kindergarten* in a songbook titled *Song Stories for the Sunday School*.  One of those songs included in *Song Stories for the Sunday School* was

*Good Morning to All*.  And yet again, neither the song *Happy Birthday* nor the lyrics to *Happy Birthday* were published in "*Song Stories for the Sunday School*."

35.    On or about March 20, 1899, Summy Co. filed a copyright application (Reg. No. 20441) with the Copyright Office for *Song Stories for the Sunday School*.

36.    On the 1899 copyright application, Summy Co. claimed to be the copyright's proprietor, but not the author of the copyrighted works.

37.    The title page to *Song Stories for the Sunday School* states:

> This collection of songs has been published in response to earnest requests from various sources.  They are taken from the book, *Song Stories for the Kindergarten* by the MISSES HILL, and **are the copyright property of the publishers**.  (Emphasis added).

38.    *Song Stories for the Sunday School* bears a copyright notice reading "Copyright 1899 by Clayton F. Summy Co."

39.    As proprietor of the 1899 copyright in *Song Stories for the Sunday School*, Summy Co. owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

40.    The lyrics to *Happy Birthday to You* were **not** published in *Song Stories for the Sunday School*.

41.    Even though the lyrics to *Happy Birthday to You* and the song *Happy Birthday to You* had not been fixed in a tangible medium of expression, the public began singing *Happy Birthday to You* no later than the early 1900s.

42.    For example, in the January 1901 edition of *Inland Educator and Indiana School Journal*, the article entitled "First Grade Opening Exercises" described children singing the words "happy birthday to you," but did not print the Song's lyrics or melody.

43.    In or about February, 1907, Summy Co. republished the song *Good Morning to All* as an individual musical composition.
///

- 8 -

44. On or about February 7, 1907, Summy Co. filed a copyright application (Reg. No. 142468) with the Copyright Office for the song *Good Morning to All*.

45. The lyrics to *Happy Birthday to You* do **not** appear in the 1907 publication of *Good Morning to All*.

46. In 1907, Fleming H. Revell Co. ("Revell") published the book *Tell Me a True Story*, arranged by Mary Stewart, which instructed readers to:

> Sing: "Good-bye to you, good-bye to you, good-bye dear children, good-bye to you." Also: "Good-bye dear teacher." (From "Song Stories for the Sunday-School," published by Summy & Co.)

> Sing: "Happy Birthday to You." (Music same as "Good-bye to You.")

47. On or about May 18, 1909, Revell filed an application (Reg. No. A239690) with the Copyright Office for *Tell Me a True Story*.

48. *Tell Me a True Story* did **not** include the lyrics to *Happy Birthday to You*.

49. Upon information and belief, the lyrics to *Happy Birthday to You* (without the sheet music for the melody) were first published in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church ("Board of Sunday Schools") in *The Elementary Worker and His Work*, by Alice Jacobs and Ermina Chester Lincoln, as follows:

> Happy birthday to you, Happy birthday to you, Happy birthday, dear John, Happy birthday to you. (Sung to the same tune as the "Good Morning") [NOTE: The songs and exercises referred to in this program may be found in these books:... "Song Stories for the Sunday School," by Patty Hill.]

50. On or about January 6, 1912, the Board of Sunday Schools filed a copyright application (Reg. No. A303752) with the Copyright Office for *The Elementary Worker and His Work*.

51. *The Elementary Worker and His Work* attributed authorship or identified the copyrights to many of the works included in the book. Significantly, it

did **not** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

52.     On or about January 14, 1920, Summy Co. was dissolved in accordance with its limited (not perpetual) 25-year term of incorporation.  Summy Co. did not extend or renew the 1893 (Reg. No. 45997) or 1907 (Reg. No. 142468) copyrights prior to its dissolution.

53.     Upon information and belief, by 1912, various companies (such as Cable Company Chicago) had begun producing unauthorized printings of sheet music which included the song known today as *Happy Birthday* (*i.e.*, the melody of Good Morning to You with the lyrics changed to those of *Happy Birthday*).  On information and belief, Cable Company Chicago never asserted copyright ownership in *Happy Birthday*.

**Copyright History of Good Morning to All**

54.     Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to the original *Song Stories for the Kindergarten*, *Song Stories for the Sunday School*, and *Good Morning to All* were vested solely in their proprietor, Summy Co.

55.     Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to the revised *Song Stories for the Kindergarten* were vested solely in their proprietor, Summy Co.

56.     The copyright to the original *Song Stories for the Kindergarten* (Reg. No. 45997) was not extended by Summy Co., and consequently expired on October 16, 1921.  The original *Song Stories for the Kindergarten*, including the song *Good Morning to All*, became dedicated to public use and fell into the public domain by no later than that date.

57.     The copyright to the revised *Song Stories for the Kindergarten* (Reg. No. 34260) was not extended by Summy, and consequently expired on June 18, 1924.  The revised *Song Stories for the Kindergarten* became dedicated to public use and fell into the public domain by no later than that date.

58.   In or around March 1924, the sheet music (with accompanying lyrics) to *Happy Birthday to You* was in a songbook titled *Harvest Hymns*, published, compiled, and edited by Robert H. Coleman ("Coleman").   Upon information and belief, *Harvest Hymns* was the first time the melody and lyrics of *Happy Birthday to You* were published together.

59.   Coleman did not claim authorship of the song entitled *Good Morning to You* or the lyrics to *Happy Birthday to You*.   Although *Harvest Hymns* attributed authorship or identified the copyrights to many of the works included in the book, it did ***not*** attribute authorship or identify any copyright for *Good Morning to You* or *Happy Birthday to You*.

60.   On or about March 4, 1924, Coleman filed a copyright application (Reg. No. A777586) with the Copyright Office for *Harvest Hymns*.   On or about February 11, 1952, the copyright was renewed (Reg. No. R90447) by the Sunday School Board of the Southern Baptist Convention.

61.   On or about April 15, 1925, Summy incorporated a new Clayton F. Summy Co. ("Summy Co. II") under the laws of the State of Illinois.   Upon information and belief, Summy Co. II was not a successor to Summy Co.; rather, it was incorporated as a new corporation.

62.   The sheet music (with accompanying lyrics) to *Happy Birthday to You* was again published in 1928 in the compilation *Children's Praise and Worship*, compiled and edited by A.L. Byers, Bessie L. Byrum, and Anna E. Koglin ("Byers, Byrum & Koglin").   Upon information and belief, *Children's Praise and Worship* was the first time the song was published under the title *Happy Birthday to You*.

63.   On or about April 7, 1928, Gospel Trumpet Co. ("Gospel") filed a copyright application (Reg. No. A1068883) with the Copyright Office for *Children's Praise and Worship*.

64.   *Children's Praise and Worship* attributed authorship or identified the copyrights to many of the works included in the book.   Significantly, it did ***not***

attribute authorship or identify any copyright for the song *Happy Birthday to You*.

65.  *Children's Praise and Worship* did not provide any copyright notice for the combination of *Good Morning to All* with the lyrics to *Happy Birthday to You*, nor did it include the names of Mildred Hill or Patty Hill and did not attribute any authorship or ownership to the Hill Sisters.

66.  Upon information and belief, the Hill Sisters had not fixed the lyrics to *Happy Birthday to You* or the song *Happy Birthday to You* in a tangible medium of expression, if ever, at any time before Gospel published *Children's Praise and Worship* in 1928.

67.  Upon information and belief, Summy sold Summy Co. II to John F. Sengstack ("Sengstack") in or around 1930.

68.  Upon information and belief, on or about August 31, 1931, Sengstack incorporated a third Clayton F. Summy Co. ("Summy Co. III") under the laws of the State of Delaware.  Upon information and belief, Summy Co. III was not a successor to Summy Co. or Summy Co. II; rather, it was incorporated as a new corporation.

69.  On May 17, 1933, Summy Co. II was dissolved for failure to pay taxes.

70.  On July 28, 1933, *Happy Birthday to You* was used in the world's first singing telegram.

71.  On September 30, 1933, the Broadway show *As Thousands Cheer*, produced by Sam Harris with music and lyrics written by Irving Berlin, began using the song *Happy Birthday to You* in public performances.

72.  On August 14, 1934, Jessica Hill, a sister of Mildred Hill and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned *Hill v. Harris*, Eq. No. 78-350, claiming that the performance of *Happy to Birthday to You* in *As Thousands Cheer* infringed on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good*

1  *Morning to All*.

2      73.    On January 21, 1935, Jessica Hill commenced an action against the

3  Federal Broadcasting Corp. in the Southern District of New York, captioned *Hill v.*

4  *Federal Broadcasting Corp.*, Eq. No. 79-312, claiming infringement on the Hill

5  Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no

6  claim in that action regarding *Happy Birthday to You*, alone or in combination with

7  *Good Morning to All*.

8      74.    In 1934 and 1935, Jessica Hill sold and assigned to Summy Co. III

9  certain piano arrangements of *Good Morning to All*, including publishing, public

10  performance, and mechanical reproduction rights, copyright, and extension of

11  copyright in exchange for a percentage of the retail sales revenue from the sheet

12  music.

13  ***Applications for Copyright for New Musical Arrangement***

14      75.    On or about December 29, 1934, Summy Co. III filed an Application

15  for Copyright for Republished Musical Composition with new Copyright Matter

16  (Reg. No. E45655) with the Copyright Office for the song *Happy Birthday*.

17      76.    In that December 1934 Application for Copyright, Summy Co. III

18  claimed to be the proprietor of the copyright as a work for hire by Preston Ware

19  Orem ("Orem") and claimed the copyrighted new matter as "arrangement by piano

20  solo."

21      77.    The lyrics to *Happy Birthday to You* were not included on the work

22  registered with the Copyright Office as Reg. No. E45655.  The application did not

23  contain the names of the Hill Sisters and did not claim copyright in the lyrics to

24  *Happy Birthday to You* alone or in combination with the melody of *Good Morning*

25  *to All*.

26      78.    The work registered with the Copyright Office as Reg. No. E45655 was

27  not eligible for federal copyright protection in that it consisted entirely of

28  information that was common property and contained no original authorship, except

as to the arrangement itself.

79.   On or about February 18, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E46661) with the Copyright Office for the song *Happy Birthday*.

80.   In that February 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for four hands at one piano."

81.   The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E46661.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

82.   The work registered with the Copyright Office as Reg. No. E46661 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

83.   On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47439) with the Copyright Office for the song *Happy Birthday*.

84.   In that April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement of second piano part."

85.   The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47439.   The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

///

- 14 -

86.     The work registered with the Copyright Office as Reg. No. E47439 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

87.     On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47440) with the Copyright Office for the song *Happy Birthday*.

88.     In that additional April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for six hands at one piano."

89.     The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47440.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

90.     The work registered with the Copyright Office as Reg. No. E47440 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

91.     On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51988) with the Copyright Office for *Happy Birthday to You*.

92.     In that December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by R.R. Forman ("Forman") and claimed the copyrighted new matter as "arrangement for Unison Chorus and revised text."   Upon information and belief, Plaintiffs allege that Forman did not write the familiar first verse lyrics to *Happy Birthday to You*.  The sheet music deposited with the application credited Forman only for the

arrangement and for the obscure second verse lyrics that lack commercial value, not for the familiar first verse lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

93.    For the first time, the lyrics to *Happy Birthday to You*, including an obscure second verse that lacks commercial value as the revised text, were included on the work registered with the Copyright Office as Reg. No. E51988.  However, the December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters and did not claim copyright in the familiar first verse lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

94.    The work registered with the Copyright Office as Reg. No. E51988 was expressly limited in scope and neither claimed nor provided copyright protection to the familiar lyrics to *Happy Birthday to You*.  If and to the extent the work registered with the Copyright Office as Reg. No. E51988 had claimed copyright protection to those familiar lyrics, that work was not eligible for federal copyright protection in that it consisted entirely of work that was common property and contained no original authorship, except as to the sheet music arrangement itself.

95.    Based upon information and belief, the work registered as Reg. No. E51988 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish any part of that work except as to the arrangement and the obscure second verse.

96.    On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51990) with the Copyright Office for *Happy Birthday to You*.

97.    In that additional December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement as easy piano solo, with text." Upon information and belief, Plaintiffs allege that Orem did not write the familiar

lyrics to *Happy Birthday to You*.  Upon information and belief, Plaintiffs also allege that the sheet music deposited with the application did not credit either Orem or the Hill Sisters for writing the lyrics to *Happy Birthday to You*.

98.    The lyrics to *Happy Birthday to You* were included on the work registered with the Copyright Office as Reg. No. E51990.  However, the additional December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters, did not contain the names of either of the Hill Sisters, and did not claim any copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

99.    The work registered with the Copyright Office as Reg. No. E51990 was expressly limited in scope and neither claimed nor provided copyright protection to the familiar lyrics to *Happy Birthday to You*.  If and to the extent the work registered with the Copyright Office as Reg. No. E51990 had claimed copyright protection to those familiar lyrics, that work was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

100.    Based upon information and belief, the work registered as Reg. No. E51990 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish any part of that work except as to the arrangement.

101.    Based upon information and belief, in or about February, 1938, Summy Co. III purported to grant to ASCAP the right to license *Happy Birthday to You* for public performances and to collect fees for such use on behalf of Summy Co. III.  ASCAP thus began working as agent for Summy Co. III in collecting fees for Summy Co. III for licensing *Happy Birthday to You*.

102.    On or about June 8, 1942, Patty Hill and Jessica Hill assigned all of their interest in the 1893, 1896, 1899 and 1907 copyrights to The Hill Foundation.
///

- 17 -

103.   On October 15, 1942, The Hill Foundation commenced an action against Summy Co. III in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Case No. 19-377, for an accounting of the royalties received by Summy Co. III for the licensing of *Happy Birthday to You*. The Hill Foundation asserted claims under the 1893, 1896, 1899, and 1907 copyrights for *Good Morning to All* and did **not** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

104.   On March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Case No. 20-439, for infringement of the Hill Sisters' purported 1893, 1896, and 1899 copyrights to *Good Morning to All*.   The Hill Foundation asserted claims only under the 1893, 1896, and 1899 copyrights for *Good Morning to All* and did **not** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

105.   Despite the filing of at least four prior cases in the Southern District of New York asserting copyrights to *Good Morning to All*, there has been no judicial determination of the validity or scope of any copyright related to *Good Morning to All*.

106.   In or about 1957, Summy Co. III changed its name to Summy-Birchard Company.

107.   In 1962, Summy Co. III (renamed as Summy-Birchard Company) filed renewals for each of the six registrations it obtained in 1934 and 1935 (Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990), each renewal was specifically and expressly confined to the musical arrangements.

108.   In particular, on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51988, as employer for hire of Forman.  Forman did not

1  write the familiar first verse lyrics to *Happy Birthday to You* or the combination of

2  those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor

3  Defendants have claimed otherwise.

4      109.  Also on December 6, 1962, Summy Co. III filed a renewal application

5  for Reg. No. E51990, as employer for hire of Orem.  Orem did not write the lyrics to

6  *Happy Birthday to You* or the combination of those lyrics with the melody of *Good*

7  *Morning to All*, and neither Summy Co. III nor Defendants have claimed otherwise.

8      110.  Summy-Birchard Company was renamed Birch Tree Ltd. in the 1970s

9  and was acquired by Warner/Chappell in or about 1998.  On information and belief,

10  this entity now operates as "Summy Birchard, Inc." – currently a subsidary of

11  Warner/Chappell and Warner/Chappell's co-defendant herein.

12  ***Happy Birthday to You – 100 Years Later***

13      111.  According to a 1999 press release by ASCAP, *Happy Birthday to You*

14  was the most popular song of the 20th Century.

15      112.  The 1998 edition of the *Guinness Book of World Records* identified

16  *Happy Birthday to You* as the most recognized song in the English language.

17      113.  Defendant Warner/Chappell currently claims it owns the exclusive

18  copyright to *Happy Birthday to You* based on the piano arrangements that Summy

19  Co. III published in 1935.

20      114.  ASCAP provides non-dramatic public performance licenses to bars,

21  clubs, websites, and many other venues.  ASCAP "blanket licenses" grant the

22  licensee the right to publicly perform any or all of the over 8.5 million songs in

23  ASCAP's repertory in exchange for an annual fee. The non-dramatic public

24  performance license royalties are distributed to ASCAP members based on surveys

25  of performances of each ASCAP repertory song across different media.  As an

26  ASCAP member and assignee of the copyrights in *Happy Birthday to You*,

27  Defendant Warner/Chappell obtains a share of blanket license revenue that would

28

1    otherwise be paid to all other ASCAP members, in proportion to their songs' survey

2    shares.

3    ***Plaintiff GMTY's Use of Happy Birthday to You***

4    115.  Plaintiff GMTY is producing a documentary movie, tentatively titled

5    *Happy Birthday*, about the song *Happy Birthday to You*.

6    116.  In one of the proposed scenes to be included in *Happy Birthday*, the

7    song *Happy Birthday to You* is to be sung.

8    117.  During the production process, plaintiff GMTY learned that defendant

9    Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*.

10   118.  Accordingly, in September 2012, plaintiff requested a quote from

11   Warner/Chappell for a synchronization license to use *Happy Birthday to You* from

12   Warner/Chappell's website.

13   119.  On or about September 18, 2012, defendant Warner/Chappell

14   responded to plaintiff GMTY's inquiry by demanding that GMTY pay it the sum of

15   $1,500 and enter into a synchronization license agreement to use *Happy Birthday to*

16   *You*.

17   120.  On or about March 12, 2013, defendant Warner/Chappell again

18   contacted plaintiff GMTY and insisted that GMTY was not authorized to use *Happy*

19   *Birthday to You* unless it paid the licensing fee of $1,500 and entered into the

20   synchronization license that Warner/Chappell demanded.

21   121.  Because defendant Warner/Chappell notified plaintiff GMTY that it

22   claimed exclusive copyright ownership of *Happy Birthday to You*, GMTY faced a

23   statutory penalty of up to $150,000 under the Copyright Act if it used the song

24   without Warner/Chappell's permission if Warner/Chappell, in fact, owned the

25   copyright that it claimed.

26   122.  Faced with a threat of substantial penalties for copyright infringement,

27   on or about March 26, 2013, plaintiff GMTY was forced to and did pay defendant

28   Warner/Chappell the sum of $1,500 for a synchronization license and, on or about

April 24, 2013, GMTY was forced to and did enter into the synchronization license agreement to use *Happy Birthday to You*.

**Plaintiff Siegel's Use of Happy Birthday to You**

123.   BIG FAN produced a movie titled *Big Fan*.

124.   In one of the scenes in *Big Fan*, the familiar lyrics of the song *Happy Birthday to You* was sung by the actors.

125.   (a)   In the early summer of 2009, after filming was complete but before *Big Fan* was released, BIG FAN retained the services of a music supervisor to secure the rights to all the music that was used in the movie.

(b)   The music supervisor identified which music was copyrighted, and advised BIG FAN that it would have to obtain a license from Warner/Chappell and pay a fee to Warner/Chappell to perform *Happy       Birthday to You* in the movie because Warner/Chappell claimed to own the       exclusive copyright to the Song.

(c)   Reasonably relying upon the information provided by the music producer regarding the copyright claim by Warner/Chappell, BIG FAN reasonably believed that Warner/Chappell owned the copyright to *Happy Birthday to You*, and would have to obtain a synchronization license from and pay a fee to Warner/Chappell to use the Song in the movie.

126.   Accordingly, in July 2009, BIG FAN requested that the music supervisor obtain a quote from Warner/Chappell for a Synchronization License to use *Happy Birthday to You* in *Big Fan*.

127.   On or about July 20, 2009, defendant Warner/Chappell responded to the music supervisor by demanding that BIG FAN pay it the sum of $3,000 and enter into a synchronization license for use of *Happy Birthday to You*.

128.   Because Defendant Warner/Chappell notified BIG FAN through the music supervisor that it claimed exclusive copyright ownership of *Happy Birthday*

- 21 -

*to You*, BIG FAN faced a statutory penalty of $150,000 under the Copyright Act if BIG FAN used the Song without Warner/Chappell's permission and Warner/Chappell, in fact, owned the copyright that it claimed.

129.   On July 20, 2009, Plaintiff Siegel as President of BIG FAN executed the synchronization license with Warner/Chappell and agreed to pay $3,000 based upon *Big Fan's* theatrical release.

130.   (a)   Faced with a threat of substantial penalties for copyright infringement, on or about September 1, 2009, BIG FAN was forced to, and did, pay defendant Warner/Chappell the sum of $3,000 pursuant to the synchronization license.

(b)   BIG FAN, the music producer it hired, and Plaintiff Siegel did not know, and had no reason to know, that Warner/Chappell did not own any copyright to *Happy Birthday to You*, that the rights Warner/Chappell could claim were limited just to the piano arrangements or the obscure second verse of the Song (which was not performed in *Big Fan*), or that any copyright other than that was invalid or expired.

(c)   BIG FAN, the music producer it hired, and Plaintiff Siegel had no reason to question Warner/Chappell's claim to own the copyright to the Song.

(d)   Warner/Chappell did not specify which registration(s) or renewal(s) thereof under which it claimed a copyright to *Happy Birthday to You*, and thus BIG FAN, the music producer it hired, and Plaintiff Siegel could not investigate Warner/Chappell's claim to determine whether Warner Chappell owned the copyright it claimed or whether that copyright was valid.

(e)   The commencement of this action on or about June 13, 2013, was widely reported in the press. Prior to the date when the press first reported the claims asserted herein, no one in the position of BIG FAN, the

- 22 -

music producer hired by BIG FAN, or Plaintiff Siegel would know, or have any reason to know, that Warner/Chappell's copyright claim for *Happy Birthday to You* was in doubt.

(f)     Plaintiff Siegel learned of the commencement of this action on or about June 14, 2013, from the press reports.  Before then, BIG FAN, the music producer it hired, and Plaintiff Siegel did not know, and had no reason to know, that Warner/Chappell's copyright claim for *Happy Birthday to You* had been disputed by anyone or was in doubt.

(g)     Shortly thereafter, on or about June 19, 2013, and significantly less than three years after he knew or reasonably could or should have known that Warner/Chappell does not own a copyright to the Song, or that its copyright is not valid, plaintiff Siegel commenced a separate class action in Los Angeles County pursuant to the terms of the Synchronization License.

***Rupa's Performance of Happy Birthday to You***

131.   Plaintiff Rupa d/b/a RTAF recorded the song *Happy Birthday to You* at a live show in San Francisco, to be released as part of a "live" album.  She learned that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*, including the right to issue mechanical licenses.

132.   Section 115 of the Copyright Act provides for compulsory licenses for the distribution of phonorecords and digital phonorecord deliveries (*i.e.*, Web-based "downloads") of musical compositions.  Failure to obtain such a license prior to distribution of a cover version of a song constitutes a copyright infringement subject to the full remedies of the Copyright Act.

133.   Accordingly, on June 17, 2013, Plaintiff Rupa provided a Notice of Intention to Obtain Compulsory License to Warner/Chappell and paid Warner/Chappell $455 for a mechanical license for the reproduction and distribution of 5,000 copies of the Song.

***Plaintiff Majar Use of Happy Birthday to You***

134. (a) Plaintiff Majar produced the Film entitled "*No Subtitles Necessary: László & Vilmos.*" The Film follows the lives of renowned cinematographers László Kovacs ("Kovacs") and Vilmos Zsigmond ("Zsigmond") from escaping the 1956 Soviet invasion of Hungary to the present day.

(b) Plaintiff Majar wished to use the *Happy Birthday to You* in the opening scene of the Film, wherein Zsigmond and others sang the Song to Kovacs in a celebration of Kovacs' life and the friendship of the two, thereby setting the tone for the Film.

(c) In or around the fall of 2008, during production of the Film, Plaintiff Majar learned from the music clearance supervisor working on the Film that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*, including for purposes of issuing synchronization licenses, and that if Majar wished to include the Song in the Film, a license would have to be procured and a fee be paid to Warner/Chappell. The director of the Film, James Chressanthis, spoke to experienced producers in the industry, who confirmed that it was common knowledge within the entertainment industry that Warner/Chappell widely claimed exclusive copyright ownership of the Song.

(d) Accordingly, upon making the final determination to include use of the Song in the Film, Plaintiff Majar proceeded to obtain a license for the Song from Warner/Chappell. Indeed, Warner/Chappell held itself out to Plaintiff Majar as the exclusive owner of the copyright in the Song (although it did not specify which registration number(s) or renewal number(s) under which it claimed to own a copyright). Thus, on or about October 29, 2009, Plaintiff Majar paid to defendant Warner/Chappell the sum of $5,000 for a synchronization license to use *Happy Birthday* in the

Film. At the time, Plaintiff Majar did not question and had no reason to question Warner/Chappell's claim of copyright ownership. Moreover, Plaintiff Majar is informed and believes that Warner/Chappell continued to hold itself out as the exclusive copyright owner of the Song for years after Majar licensed it.

(e) Because Defendant Warner/Chappell claimed exclusive copyright ownership of *Happy Birthday to You*, Plaintiff Majar faced a statutory penalty of $150,000 under the Copyright Act, 17 U.S.C. § 101 *et seq.*, if it used the Song without Warner/Chappell's permission and Warner/Chappell, in fact, owned the copyright that it claimed.

(f) Plaintiff Majar did not question, and had no reason to question, on October 29, 2009 (and continuing thereafter), Warner/Chappell's claim to own the copyright to the Song. Moreover, Plaintiff Majar did not know, and had no reason to know, on October 29, 2009 (and continuing thereafter), that Warner/Chappell's copyright claim for *Happy Birthday to You* had been disputed by anyone.

(g) Plaintiff Majar only first learned that Warner/Chappell's claim of exclusive copyright ownership in the Song was subject to dispute when news of the same was published in a *New York Times* article on June 13, 2013. Plaintiff Majar contacted counsel and joined as a plaintiff in this action promptly thereafter.

## CLASS ALLEGATIONS

135. Plaintiffs GMTY, Siegel, Rupa, and Majar bring this action pursuant to Rule 23(a)-(b) of the Federal Rules of Civil Procedure as a class action on behalf of themselves and all others similarly situated for the purpose of asserting the claims alleged in this Consolidated Third Amended Complaint on a common basis.

///

///

- 25 -

136.   The proposed Class is comprised of:

**All persons or entities (excluding Defendants' directors, officers, employees, and affiliates) who entered into a license with Warner/Chappell, or paid Warner/Chappell or SBI, directly or indirectly through its agents, a licensing fee for the song *Happy Birthday to You* at any time from June 18, 2009, until Defendants' conduct as alleged herein has ceased.**

137.   Although Plaintiffs GMTY, Siegel, Rupa, and Majar do not know the exact size of the Class or the identities of all members of the Class, upon information and belief that information can be readily obtained from the books and records of defendant Warner/Chappell.  Plaintiffs believe that the Class includes thousands of persons or entities who are widely geographically disbursed.  Thus, the proposed Class is so numerous that joinder of all members is impracticable.

138.   The claims of all members of the Class involve common questions of law and fact including:

a.   whether *Happy Birthday to You* is in the public domain and dedicated to public use;

b.   whether the 1935 copyrights claimed by Warner/Chappell cover the popular lyrics to *Happy Birthday to You*;

c.   whether the 1935 copyrights claimed by Warner/Chappell are valid;

d.   whether Warner/Chappell is the exclusive owner of the copyright to *Happy Birthday to You* and is thus entitled to all of the rights conferred in 17 U.S.C. § 102;

e.   whether Warner/Chappell has the right to collect fees for the use of *Happy Birthday to You*;

f.   whether Warner/Chappell has violated the law by demanding and collecting fees for the use of *Happy Birthday to You* despite not having a valid copyright to the song; and

g.   whether Warner/Chappell is required to return unlawfully obtained payments to plaintiffs GMTY, Siegel, Rupa and Majar and the other members of the Class and, if so, what amount is to be returned.

139.   With respect to Claims III and VII, the common questions of law and fact predominate over any potential individual issues.

140.   Plaintiffs GMTY, Siegel, Rupa and Majar's claims are typical of the claims of all other members of the Class and plaintiffs GMTY, Siegel, Rupa and Majar's interests do not conflict with the interests of any other member of the Class, in that plaintiffs and the other members of the Class were subjected to the same unlawful conduct.

141.   Plaintiffs GMTY, Siegel, Rupa and Majar are committed to the vigorous prosecution of this action and have retained competent legal counsel experienced in class action and complex litigation.

142.   Plaintiffs are adequate representatives of the Class and, together with their attorneys, are able to and will fairly and adequately protect the interests of the Class and its members.

143.   A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein.  Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims.

144.   Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

145.   Plaintiffs GMTY, Siegel, Rupa and Majar anticipate no difficulty in the management of this litigation as a class action.

## FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

### (On Behalf Of Plaintiffs And The Class)

### (Against All Defendants)

146.   Plaintiffs repeat and reallege paragraphs 1 through 145 set forth above as though they were fully set forth herein.

147.   Plaintiffs bring these claims individually on behalf of themselves and on behalf of the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

148.   Plaintiffs seek adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq*., in connection with Defendants' purported copyright claim to *Happy Birthday to You*.  Plaintiffs seek the Court's declaration that the Copyright Act does not bestow upon Warner/Chappell and/or SBI the rights it has asserted and enforced against plaintiffs and the other members of the Class. This is because *either*: (a) the 1935 registrations E51988 and E51990, under which Warner/Chappell claims those copyrights, and the resulting copyrights do not purport to cover and do not cover the familiar lyrics to *Happy Birthday to You*, but instead are limited just to the particular arrangements written by Forman or Orem (and, in the case of E51988, the obscure second verse which has no commercial value); *or* (b) if and to the extent that those copyrights purport to cover the familiar lyrics to *Happy Birthday to You*, the copyrights are invalid or have expired.

149.   Defendants assert that they are entitled to mechanical and performance royalties pursuant to 17 U.S.C. § 115 for the creation and distribution of phonorecords and digital downloads of the composition *Happy Birthday to You,* under threat of a claim of copyright infringement.

150.   Defendant Warner/Chappell demanded that plaintiff GMTY enter into a synchronization license agreement to use *Happy Birthday to You* and pay Warner/Chappell the sum of $1,500 for that synchronization license based upon its

claim of copyright ownership.  Warner/Chappell's demand was coercive in nature, and GMTY's entering into the license agreement and payment of $1,500 was involuntary.

151.  Plaintiff GMTY's claim presents a justiciable controversy because plaintiff GMTY's agreement to pay defendant Warner/Chappell and its actual *payment* to Warner/Chappell for use of the song *Happy Birthday to You* in its film was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that plaintiff GMTY would be exposed to substantial statutory penalties under the Copyright Act had it failed to enter such an agreement and pay Warner/Chappell the price it demanded.

152.  Defendant Warner/Chappell demanded that BIG FAN as assignor of plaintiff Siegel enter into the Synchronization License agreement to use *Happy Birthday to You* and pay Warner/Chappell the sum of $3,000 for that Synchronization License based upon its claim of copyright ownership. Warner/Chappell's demand was coercive in nature, and BIG FAN'S entering into the Synchronization License and payment of $3,000 was involuntary.

153.  Plaintiff Siegel's claim presents a justiciable controversy because plaintiff Siegel's agreement to pay defendant Warner/Chappell and its actual *payment* to Warner/Chappell for use of the song *Happy Birthday to You* in its film *Big Fan*, was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that plaintiff Siegel would be exposed to substantial statutory penalties under the Copyright Act had it failed to enter such an agreement and pay Warner/Chappell the price it demanded, but then used *Happy Birthday to You* in its film anyway.

154.  Plaintiff Rupa's claim presents a justiciable controversy because plaintiff Rupa's agreement to pay defendant Warner/Chappell and its actual *payment* to Warner/Chappell for use of the song *Happy Birthday to You* in her album, was the involuntary result of Warner/Chappell's assertion of a copyright and

1   the risk that plaintiff Rupa would be exposed to substantial statutory penalties under
2   the Copyright Act had she failed to enter such an agreement and pay
3   Warner/Chappell standard mechanical license royalties it demanded, but then paid
4   for the mechanical license anyway.

5        155.   Defendants demanded that Plaintiff Majar pay to Defendants a
6   licensing fee in the sum of $5,000 pursuant to Defendants' claim of copyright
7   ownership, in order for Plaintiff Majar to use *Happy Birthday* in the Film.
8   Defendants' demand was coercive in nature and Majar's agreement to pay the fee
9   was involuntary.

10        156.   Plaintiff Majar's claim presents a justiciable controversy because its
11  actual payment of Defendants' demanded fee to use *Happy Birthday* in the Film was
12  the involuntary result of Defendants' assertion of a copyright and the risk that
13  Plaintiff Majar would be exposed to substantial statutory penalties under the
14  Copyright Act had it failed to seek Defendants' approval to use the Song and/or
15  failed to pay Defendants' demanded fee.

16        157.   Plaintiffs seek the Court's determination as to whether Defendants are
17  entitled to assert ownership of the copyright to *Happy Birthday to You* against
18  Plaintiffs pursuant to the Copyright Act as Defendants claim, or whether Defendants
19  are wielding a false claim of ownership to inhibit Plaintiffs' use and enjoyment (and
20  the public's use and enjoyment) of intellectual property which is rightfully in the
21  public domain.

22        158.   If and to the extent that Defendants rely upon the 1893, 1896, 1899, or
23  1907 copyrights for the melody for *Good Morning to All*, those copyrights expired
24  or were forfeited as alleged herein.

25        159.   As alleged above, the 1893 and 1896 copyrights to the original and
26  revised versions of *Song Stories for the Kindergarten*, which contained the song
27  *Good Morning to All*, were not renewed by Summy Co. or Summy and accordingly
28  expired in 1921 and 1924, respectively.

160.  As alleged above, the 1893 copyright to *Song Stories for the Kindergarten* and the 1899 copyright to *Song Stories for the Sunday School*, which contained *Good Morning to All*, and the 1907 copyright to *Good Morning to All* were not renewed by Summy Co. before Summy Co. was dissolved in 1920 and accordingly, those copyrights expired in 1927 and 1935, respectively.

161.  The 1893, 1896, 1899, and 1907 copyrights to *Good Morning to All* were forfeited by the republication of *Good Morning to All* in 1921 without proper notice of its original 1893 copyright.

162.  The copyright to *Good Morning to All* expired in 1921 because the 1893 copyright to *Song Stories for the Kindergarten* was not properly renewed.

163.  The piano arrangements for *Happy Birthday to You* published by Summy Co. III in 1935 (Reg. Nos. E51988 and E51990): (a) do not give Warner/Chappell copyrights to the familiar lyrics to *Happy Birthday to You*, but instead are limited just to the particular arrangements written by Forman or Orem (and, in the case of E51988, the obscure second verse which has no commercial value); and (b) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the piano arrangements themselves.

164.  The 1934 and 1935 copyrights pertained only to the piano arrangements or the obscure second verse, not to the melody or familiar first verse lyrics of the song *Happy Birthday to You*.

165.  The registration certificates for *The Elementary Worker and His Work* in 1912, *Harvest Hymns* in 1924, and *Children's Praise and Worship* in 1928, which did not attribute authorship of the lyrics to *Happy Birthday to You* to anyone, are *prima facie* evidence that the lyrics were not authored by the Hill Sisters.

166.  If declaratory relief is not granted, defendant Warner/Chappell will continue wrongfully to assert the exclusive copyright to *Happy Birthday to You* at least until 2030, when the current term of the copyright expires under existing

1  copyright law.

2      167.   Plaintiffs therefore request a declaration that:

3      (a)      defendant Warner/Chappell and defendant SBI do not own the

4  copyright to, or possess the exclusive right to reproduce, distribute, or

5  publicly perform, *Happy Birthday To You*;

6      (b)      if defendant Warner/Chappell and defendant SBI own any

7  copyright to *Happy Birthday to You*, it is limited to four specific piano

8  arrangements or an obscure second verse that has no commercial value,

9      (c)      any other copyright to *Happy Birthday to You* that defendant

10  Warner/Chappell and defendant SBI may own or ever owned are

11  invalid or have expired;

12      (d)      defendant Warner/Chappell and defendant SBI do not own the

13  exclusive right to demand or grant a license for use of *Happy Birthday*

14  *To You*; and

15      (e)      *Happy Birthday to You* is in the public domain and is dedicated

16  to the public use.

17                    **SECOND CLAIM FOR RELIEF**

18          **UPON ENTRY OF DECLARATORY JUDGMENT**

19            **DECLARATORY AND INJUNCTIVE RELIEF**

20                  **PURSUANT TO 28 U.S.C § 2202**

21                **(On Behalf of Plaintiffs and the Class)**

22                    **(Against All Defendants)**

23      168.   Plaintiffs repeat and reallege paragraphs 1 through 167 set forth above

24  as though they were fully set forth herein.

25      169.   Plaintiffs bring these claims individually on their own behalf and on

26  behalf of the Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil

27  Procedure.

28  *///*

- 32 -

170.   Under 28 U.S.C. § 2202 empowers this Court to grant, "necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

171.   Plaintiffs and the other proposed Class members have been harmed, and Defendants have been unjustly enriched, by Defendant Warner/Chappell's takings.

172.   Plaintiffs seek relief for themselves and the other members of the proposed Class upon the entry of declaratory judgment upon Claim I, as follows:

(a)   an injunction to prevent Defendants Warner/Chappell and SBI from making further representations of ownership of the copyright to *Happy Birthday To You*;

(b)   restitution to Plaintiffs and the other Class members of license fees paid to Defendants, directly or indirectly through its agents, in connection with the purported licenses it granted to Plaintiffs GMTY, Siegel, Rupa and Majar and the other Class members;

(c)   an accounting for all monetary benefits obtained by Defendants, directly or indirectly through its agents, from plaintiffs and the other Class members in connection with its claim to ownership of the copyright to *Happy Birthday to You*; and

(d)   such other further and proper relief as this Court sees fit.

## THIRD CLAIM FOR RELIEF

## UNFAIR BUSINESS ACTS AND PRACTICES IN VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

### (On Behalf of Plaintiffs and the Class)

### (Against All Defendants)

173.   Plaintiffs repeat and reallege paragraphs 1 through 172 set forth above as though they were fully set forth herein.

174. Plaintiffs GMTY, Siegel, Rupa, and Majar bring these claims individually on their own behalf, and also on behalf of the Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

175. As alleged herein, Plaintiffs GMTY, Siegel, Rupa and Majar and the other Class members have paid licensing fees to defendants Warner/Chappell and/or SBI and have therefore suffered injury in fact and have lost money or property as a result of Defendants' conduct.

176. California's Unfair Competition Laws, Business & Professions Code §§ 17200 *et seq*. ("UCL"), prohibit any unlawful or unfair business act or practice.

177. UCL § 17200 further prohibits any fraudulent business act or practice.

178. Defendants' actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were unfair, false, misleading, and likely to deceive the consuming public within the meaning of UCL §§ 17200, 17500.

179. The conduct of Defendants in exerting control over exclusive copyright ownership to *Happy Birthday to You* to extract licensing fees is deceptive and misleading because neither Warner/Chappell nor SBI  own the rights to *Happy Birthday to You*.

180. Plaintiffs and the other members of the Class have, in fact, been deceived as a result of their reasonable reliance upon Defendants' materially false and misleading statements and omissions, as alleged above.

181. As a result of Defendants' unfair and fraudulent acts and practices as alleged above, Plaintiffs and the other Class members have suffered substantial monetary injuries.

182. Plaintiffs and the other Class members reserve the right to allege other violations of law which constitute other unfair or deceptive business acts or practices. Such conduct is ongoing and continues to this date.

183. As a result of its deception, Defendants Warner/Chappell and SBI have been able to reap unjust revenue and profit.

184.   Upon information and belief, Defendants have collected and continue to collect at least $2 million per year in licensing fees for *Happy Birthday to You*. Therefore, the amount in controversy exceeds $5 million in the aggregate.

185.   Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

186.   Plaintiffs, individually on their own behalf and on behalf of the other members of the Class, seek restitution and disgorgement of all money obtained from Plaintiffs and the other members of the Class, collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with UCL § 17203.

## FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (On Behalf of Plaintiffs and the Class)
### (Against All Defendants)

187.   Plaintiffs repeat and reallege each and every foregoing allegation as though fully set forth herein.

188.   Plaintiffs entered into license agreements with Defendant Warner/Chappell wherein Warner/Chappell represented and warranted that it and/or its co-Defendant SBI owned the rights to *Happy Birthday* as licensed therein.

189.   Plaintiffs are informed and believe that Defendants' licensing agreements are the same or substantially similar as to all Class members, particularly with respect to Defendants' claim of ownership of the copyright to *Happy Birthday*.

190.   Plaintiffs and the Class have satisfied their obligations under each such licensing agreement with Warner/Chappell.

191.   As alleged herein, Defendants do not own the copyright interests claimed in *Happy Birthday* and, as a result of its unlawful and false assertions of the

- 35 -

same, Defendants have violated the representations and warranties made in the licensing agreements, thereby materially breaching the licensing agreements.

192.   By reason of the foregoing, Plaintiffs and the Class have been damaged in an amount to be determined at trial.

## FIFTH CLAIM FOR RELIEF

### COMMON LAW FOR MONEY HAD AND RECEIVED

### (On Behalf of Plaintiffs and the Class)

### (Against All Defendants)

193.   Plaintiffs repeat and reallege paragraphs 1 through 192 set forth above as though they were fully set forth herein.

194.   Within the last four years, Defendants Warner/Chappell and/or SBI became indebted to Plaintiffs and all class members for money had and received by Defendants for the use and benefit of Plaintiffs and class members. The money in equity and good conscience belongs to Plaintiffs and class members.

## SIXTH CLAIM FOR RELIEF

### RESCISSION FOR FAILURE OF CONSIDERATION

### (On Behalf of Plaintiffs and the Class)

### (Against All Defendants)

195.   Plaintiffs repeat and reallege paragraphs 1 through 194 set forth above as though they were fully set forth herein.

196.   Defendants' purported licenses were worthless and ineffective, and do not constitute valid consideration.

197.   The complete lack of consideration obviates any need for notice to Defendants.

///
////
///
///

1

**SEVENTH CLAIM FOR RELIEF**

2

**FALSE ADVERTISING LAWS IN VIOLATION OF**

3

**CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *ET SEQ.***

4

**(On Behalf of Plaintiffs and the Class)**

5

**(Against All Defendants)**

6   198.   Plaintiffs repeat and reallege paragraphs 1 through 197 set forth above

7   as though they were fully set forth herein.

8   199.   On information and belief, Defendants Warner/Chappell and SBI

9   intended to induce the public to enter into an obligation related to its alleged

10   property, namely the composition *Happy Birthday to You*.

11   200.   Defendants Warner/Chappell and/or SBI publicly disseminated

12   advertising which contained statements which were untrue and misleading and

13   which concerned the composition *Happy Birthday to You*, for which they

14   improperly sought and received licensing fees. Defendants knew, or in the exercise

15   of reasonable care should have known, that these statements were untrue and

16   misleading.

17   201.   Plaintiffs and class members have suffered injury in fact and have lost

18   money as a result of such unfair competition.

19

**PRAYER FOR RELIEF**

20   **WHEREFORE**, Plaintiffs GMTY, Siegel, Rupa and Majar on behalf of

21   themselves and the other members of the Class, pray for judgment against

22   Defendants as follows:

23   A.   certifying the Class as requested herein;

24   B.   declaring that the song *Happy Birthday to You* is not protected

25   by federal copyright law, is dedicated to public use, and is in the public

26   domain;

27   C.   permanently enjoining Defendants Warner/Chappell and SBI

28   from asserting any copyright to the song *Happy Birthday to You*;

1      D.    permanently enjoining Defendants Warner/Chappell and SBI

2    from charging or collecting any licensing or other fees for use of the

3    song *Happy Birthday to You*;

4      E.    imposing a constructive trust upon the money Defendants

5    Warner/Chappell and SBI unlawfully collected from Plaintiffs, the

6    other members of the Class, and ASCAP for use of the song *Happy*

7    *Birthday to You*;

8      F.    ordering Defendants Warner/Chappell and SBI to return to

9    Plaintiffs and the other members of the Class all the licensing or other

10    fees they have collected from them, directly or indirectly through its

11    agents, for use of the song *Happy Birthday to You*, together with

12    interest thereon;

13      G.    awarding Plaintiffs and the other members of the Class

14    restitution for defendant Warner/Chappell and SBI's prior acts and

15    practices;

16      H.    awarding Plaintiffs and the Class reasonable attorneys' fees and

17    costs; and

18      I.    granting such other and further relief as the Court deems just and

19    proper.

20    Dated:  November 5, 2013    **WOLF HALDENSTEIN ADLER**
             **FREEMAN & HERZ LLP**

21

22        By:  ___*s/Betsy C. Manifold*___

23             BETSY C. MANIFOLD
             FRANCIS M. GREGOREK (144785)

24             gregorek@whafh.com
             BETSY C. MANIFOLD (182450)

25             manifold@whafh.com
             RACHELE R. RICKERT (190634)

26             rickert@whafh.com
             MARISA C. LIVESAY (223247)

27             livesay@whafh.com
             750 B Street, Suite 2770

28             San Diego, CA 92101

Telephone:  619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
GITI BAGHBAN (284037)
baghban@whafh.com
270 Madison Avenue
New York, NY  10016
Telephone:   212/545-4600
Facsimile:   212-545-4753

*Interim Lead Class Counsel for Plaintiffs*

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone: 212/797-3737
Facsimile:  212/797-3172


**DONAHUE GALLAGHER WOODS LLP**
WILLIAM R. HILL (114954)
ANDREW S. MACKAY (197074)
DANIEL J. SCHACHT (259717)
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone:  510/451-0544
Facsimile:  510/832-1486
rock@donahue.com
andrew@donahue.com
daniel@donahue.com


**GLANCY BINKOW & GOLDBERG, LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (182689)
mgodino@glancylaw.com
KARA M. WOLKE (241521)
kwolke@glancylaw.com
1925 Century Park East, Suite 2100

Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HUNT ORTMANN PALFFY NIEVES
  DARLING & MAH, INC.**
KATHERINE J. ODENBREIT (184619)
odenbreit@huntortmann.com
TINA B. NIEVES (134384)
tina@nieves-law.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone: 949-335-3500
Facsimile: 949-251-5111

*Counsel for Plaintiffs*

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiffs GMTY, Siegel, Rupa and Majar hereby demand a trial by jury to the extent that the allegations contained herein are triable by jury under Rules 38-39 of the Federal Rules of Civil Procedure 38-39 and Civil L.R. 38-1.

Dated: November 5, 2013      **WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP**

By:    s/*Betsy C. Manifold*
        BETSY C. MANIFOLD

FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
GITI BAGHBAN (284037)
baghban@whafh.com
270 Madison Avenue
New York, NY  10016
Telephone:  212/545-4600
Facsimile:   212-545-4753

*Interim Lead Class Counsel for Plaintiffs*

## DECLARATION REGARDING CONCURRENCE

I, Betsy C. Manifold, am the ECF User whose identification and password are being used to file this **Third Amended Consolidated Complaint For: (1) Declaratory Judgment (28 U.S.C. § 2201); (2) Declaratory and Injunctive Relief and Damages (28 U.S.C. § 2202); (3) Violations of California's Unfair Competition Laws (Bus. & Prof. Code §§ 17200 *et seq.*); (4) Breach of Contract; (5) Common Law Money Had and Received; (6) Rescission for Failure of Consideration; and (7) Violations of California's False Advertising Laws (Bus. & Prof. Code §§ 17500 *et seq.*).** In compliance with L.R. 5-4.3.4(2)(i), I hereby attest that all other Plaintiffs' counsel have concurred in this filing's content and authorized its filing.

DATED:  November 5, 2013    By:    _/s/ Betsy C. Manifold_
                                    BETSY C. MANIFOLD

WARNER:20338.3rd.amd.compl.

- 42 -