GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:   (213) 683-9100
Facsimile:    (213) 687-3702

Attorneys for Defendants
Warner/Chappell Music, Inc. and
Summy-Birchard, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; ROBERT SIEGEL; RUPA MARYA; and MAJAR PRODUCTIONS, LLC; On Behalf of Themselves and All Others Similarly Situated,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., and SUMMY-BIRCHARD, INC.,<br><br>Defendants. | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**DEFENDANTS' ANSWER TO CLAIM ONE OF PLAINTIFFS' THIRD AMENDED CONSOLIDATED COMPLAINT** |

Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. (collectively, "Warner/Chappell"), through undersigned counsel, hereby answer Claim One of Plaintiffs' Third Amended Consolidated Complaint ("TAC") as follows.[1]

1.      The allegations in Paragraph 1 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 1 of the TAC.

2.      Warner/Chappell admits that the principal place of business of both Defendants is in this District and that both Defendants regularly conduct business in this District.  The remaining allegations in Paragraph 2 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.

3.      Answering Paragraph 3, Warner/Chappell avers that the written agreement referenced in Paragraph 3 is the best evidence of the contents of that agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 3.

4.      Paragraph 4 characterizes Plaintiffs' claims in the TAC and no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 4.

5.      Answering Paragraph 5, Warner/Chappell avers that the written Copyright Office circular referenced in Paragraph 5 is the best evidence of the contents of that document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 5.

---

[1] Warner/Chappell is hereby responding only to Claim One of Plaintiffs' TAC pursuant to this Court's Order entered on October 21, 2013 (Dkt. 71). Warner/Chappell denies all allegations in Claim One of the TAC (including headings and captions) not specifically admitted in this Answer.  Warner/Chappell's failure to respond to the allegations in Paragraphs 168 through 201 of the TAC shall not be deemed as an admission of the truth of the facts alleged therein.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

6.     Warner/Chappell admits that on or about June 18, 2013, the "About Us" page of Warner/Chappell's website stated that "Warner/Chappell Music is WMG's award-winning global music publishing company.  The Warner/Chappell Music catalog includes standards such as 'Happy Birthday to You', 'Rhapsody in Blue', 'Winter Wonderland', the songs of Cole Porter and George and Ira Gershwin, as well as the music of Eric Clapton, Green Day, Katy Perry, Led Zeppelin, Lil Wayne, Madonna, Nickelback, Paramore, Red Hot Chili Peppers, T. I.[,] Timbaland, and others."  The remaining allegations in Paragraph 6 state conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.

7.     The allegations in Paragraph 7 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 7.

8.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8 and on that basis denies such allegations.  Warner/Chappell admits that Robert Brauneis published an article regarding the copyright in *Happy Birthday to You*, and avers that the article, while irrelevant and inadmissible in support of Plaintiffs' claims, is the best evidence of its contents.  The remaining allegations in Paragraph 8 are legal conclusions to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.

9.     Paragraph 9 characterizes Plaintiffs' claims in the TAC and no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 9.

10.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10 and on that basis denies such allegations.  Warner/Chappell admits that on or about March 26, 2013, Plaintiff GMTY paid Warner/Chappell $1,500 for a

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

synchronization license to use *Happy Birthday to You*, and that on or about April 24, 2013, Plaintiff GMTY mailed Warner/Chappell an executed synchronization license agreement for the use *Happy Birthday to You*, which was "dated" September 26, 2012 "as of" April 1, 2013.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 10.

11.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11 and on that basis denies such allegations.  Warner/Chappell admits that on or about July 20, 2009, BIG FAN, entered into a synchronization license with Warner/Chappell for the use of *Happy Birthday to You* and that BIG FAN paid Warner/Chappell $3,000 pursuant to that license.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 11 and on that basis denies such allegations. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 11.

12.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 12 and on that basis denies such allegations.  Warner/Chappell admits that on or about June 17, 2013, Plaintiff Rupa paid Warner/Chappell $455 for a compulsory license to use *Happy Birthday to You*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 12.

13.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies the allegations in Paragraph 13.

14.     Warner/Chappell admits the allegations in Paragraph 14.

15.     Warner/Chappell admits the allegations in Paragraph 15, except that Warner/Chappell denies that Defendant Summy-Birchard, Inc. was acquired by Defendant Warner/Chappell Music, Inc. in or around 1998.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1       16.    On information and belief, Warner/Chappell admits that some time

2  prior to 1893, Mildred J. Hill and her sister Patty Smith Hill authored a written

3  manuscript containing sheet music for numerous songs composed and written by

4  these sisters.  Warner/Chappell is without knowledge or information sufficient to

5  form a belief as to the truth of the remaining allegations in Paragraph 16 and on that

6  basis denies such allegations.  Except as specifically admitted herein,

7  Warner/Chappell denies the allegations in Paragraph 16.

8       17.    On information and belief, Warner/Chappell admits the allegations in

9  Paragraph 17.

10      18.    Answering Paragraph 18, Warner/Chappell avers that the written

11  agreement referenced in Paragraph 18 is the best evidence of the contents of this

12  agreement.  Except as specifically averred herein, Warner/Chappell denies the

13  allegations in Paragraph 18.

14      19.    On information and belief, Warner/Chappell admits the allegations in

15  Paragraph 19.

16      20.    Warner/Chappell admits that on or about October 13, 1893, Clayton F.

17  Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for

18  *Song Stories for the Kindergarten*.  Except as specifically admitted herein,

19  Warner/Chappell denies the allegations in Paragraph 20.

20      21.    Answering Paragraph 21, Warner/Chappell avers that the written

21  Copyright Application referenced in Paragraph 20 above is the best evidence of the

22  contents of this document.  Except as specifically averred herein, Warner/Chappell

23  denies the allegations in Paragraph 21.

24      22.    Warner/Chappell admits the allegations in Paragraph 22.

25      23.    The allegations in Paragraph 23 are conclusions of law to which no

26  responsive pleading is required.  To the extent that a response is required,

27  Warner/Chappell denies the allegations in Paragraph 23.

28      24.    Warner/Chappell admits the allegations in Paragraph 24.

25.     Warner/Chappell admits the lyrics to *Happy Birthday to You* are as alleged and that the lyrics frequently are performed in conjunction with the melody to *Good Morning to All*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 25.

26.     On information and belief, Warner/Chappell admits the allegations in Paragraph 26.

27.     Warner/Chappell admits that in or about 1895, Clayton F. Summy incorporated the Clayton F. Summy Company under the laws of the State of Illinois. On information and belief, Warner/Chappell further admits that in or about 1895, Clayton F. Summy assigned all his right, title, and interest in *Song Stories for the Kindergarten* to Clayton F. Summy Company.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 27 and on that basis denies such allegations.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 27.

28.     Warner/Chappell admits that in or about 1896, Clayton F. Summy Co. published a new, revised, illustrated, and enlarged version of *Song Stories for the Kindergarten*, which contained illustrations by Margaret Byers.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 28 and on that basis denies such allegations. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 28.

29.     On information and belief, Warner/Chappell admits that on or about June 8, 1896, Clayton F. Summy filed a copyright application (Reg. No. 34260) with the Copyright Office for the 1896 publication of *Song Stories for the Kindergarten*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 29.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

30.     Answering Paragraph 30, Warner/Chappell avers that the written Copyright Application referenced in Paragraph 30 is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 30.

31.     Warner/Chappell admits the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 32.

33.     On information and belief, Warner/Chappell admits the allegations in Paragraph 33.

34.     On information and belief, Warner/Chappell admits that in or about 1899, Clayton F. Summy Company published *Song Stories for the Sunday School*, which included the song *Good Morning to All* and did not include the song *Happy Birthday to You* or the lyrics to *Happy Birthday to You*.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and on that basis denies such allegations.

35.     On information and belief, Warner/Chappell admits that on or about March 20, 1899, Clayton F. Summy Company filed a copyright application (Reg. No. 20441) with the Copyright Office for *Song Stories for the Sunday School*. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 35.

36.     Answering Paragraph 36, Warner/Chappell avers that the written Copyright Application referenced in Paragraph 36 is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 36.

37.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies the allegations in Paragraph 37.

38.     On information and belief, Warner/Chappell admits the allegations in Paragraph 38.

39.     The allegations in Paragraph 39 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 39.

40.     On information and belief, Warner/Chappell admits the allegations in Paragraph 40.

41.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 41 and on that basis denies the allegations in Paragraph 41.

42.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 42 and on that basis denies the allegations in Paragraph 42.

43.     Warner/Chappell admits that in or about February, 1907, Clayton F. Summy Company released *Good Morning to All* as an individual musical composition.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 43.

44.     Warner/Chappell admits that on or about February 7, 1907, Clayton F. Summy Company filed a copyright application (Reg. No. 142468) with the Copyright Office for *Good Morning to All*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 44.

45.     On information and belief, Warner/Chappell admits the allegations in Paragraph 45.

46.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 46 and on that basis denies the allegations in Paragraph 46.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

47.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 47 and on that basis denies the allegations in Paragraph 47.

48.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies the allegations in Paragraph 48.

49.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies the allegations in Paragraph 49.

50.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies the allegations in Paragraph 50.

51.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies the allegations in Paragraph 51.

52.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 52 and on that basis denies such allegations.  The allegations in the second sentence of Paragraph 52 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies such allegations.

53.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 54.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1    55.    The allegations in Paragraph 55 are conclusions of law to which no

2    responsive pleading is required.  To the extent that a response is required,

3    Warner/Chappell denies the allegations in Paragraph 55.

4    56.    The allegations in Paragraph 56 are conclusions of law to which no

5    responsive pleading is required.  To the extent that a response is required,

6    Warner/Chappell denies the allegations in Paragraph 56.

7    57.    The allegations in Paragraph 57 are conclusions of law to which no

8    responsive pleading is required.  To the extent that a response is required,

9    Warner/Chappell denies the allegations in Paragraph 57.

10    58.    Warner/Chappell is without knowledge or information sufficient to

11    form a belief as to the truth of the allegations in Paragraph 58 and on that basis

12    denies the allegations in Paragraph 58.

13    59.    Warner/Chappell is without knowledge or information sufficient to

14    form a belief as to the truth of the allegations in Paragraph 59 and on that basis

15    denies the allegations in Paragraph 59.

16    60.    Warner/Chappell is without knowledge or information sufficient to

17    form a belief as to the truth of the allegations in Paragraph 60 and on that basis

18    denies the allegations in Paragraph 60.

19    61.    Warner/Chappell is without knowledge or information sufficient to

20    form a belief as to the truth of the allegations in Paragraph 61 and on that basis

21    denies the allegations in Paragraph 61.

22    62.    Warner/Chappell is without knowledge or information sufficient to

23    form a belief as to the truth of the allegations in Paragraph 62 and on that basis

24    denies the allegations in Paragraph 62.

25    63.    Warner/Chappell is without knowledge or information sufficient to

26    form a belief as to the truth of the allegations in Paragraph 63 and on that basis

27    denies the allegations in Paragraph 63.

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

64.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis denies the allegations in Paragraph 64.

65.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies the allegations in Paragraph 65.

66.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis denies the allegations in Paragraph 66.

67.     Upon information and belief, Warner/Chappell admits that Clayton F. Summy sold Clayton F. Summy Company to John F. Sengstack in or around 1930. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 67.

68.     Upon information and belief, Warner/Chappell admits that in or about 1931, John F. Sengstack incorporated Clayton F. Summy Company under the laws of the State of Delaware.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and on that basis denies such allegations.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 68.

69.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies the allegations in Paragraph 69.

70.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis denies the allegations in Paragraph 70.

71.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis denies the allegations in Paragraph 71.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

72.     On information and belief, Warner/Chappell admits that "[o]n August 14, 1934, Jessica Hill, a sister of Mildred Hill and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned Hill v. Harris, Eq. No. 78-350."  Answering the remaining allegations in Paragraph 72, Warner/Chappell avers that the complaint/s referenced in Paragraph 72 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 72. Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 72.

73.     On information and belief, Warner/Chappell admits that "[o]n January 21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp. in the Southern District of New York, captioned Hill v. Federal Broadcasting Corp., Eq. No. 79-312."  Answering the remaining allegations in Paragraph 73, Warner/Chappell avers that the complaint/s referenced in Paragraph 73 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 73. Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 73.

74.     Answering Paragraph 74, Warner/Chappell avers that the written agreement referenced in Paragraph 74 is the best evidence of the contents of this agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 74.

75.     Warner/Chappell admits that on or about December 27, 1934, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 75.

76.     Answering Paragraph 76, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 75 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 76.

77.     Warner/Chappell admits the allegations in the first sentence of Paragraph 77.  Answering the second sentence of Paragraph 77, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 75 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required.  To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 77.

78.     The allegations in Paragraph 78 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 78.

79.     Warner/Chappell admits that on or about February 15, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 79.

80.     Answering Paragraph 80, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 79 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 80.

81.     Warner/Chappell admits the allegations in the first sentence of Paragraph 81.  Answering the second sentence of Paragraph 81, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 79 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required.  To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies

this allegation.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 82.

83.     Warner/Chappell admits that on or about April 3, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 83.

84.     Answering Paragraph 84, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 83 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 84.

85.     Warner/Chappell admits the allegations in the first sentence of Paragraph 85.  Answering the second sentence of Paragraph 85, Warner/Chappell avers that the written Application for Copyright referenced Paragraph 83 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required.  To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 86.

87.     Warner/Chappell admits that on or about April 3, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 87.

88.     Answering Paragraph 88, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 87 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 88.

89.     Warner/Chappell admits the allegations in the first sentence of Paragraph 89.  Answering the second sentence of Paragraph 89, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 87 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required.  To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 90.

91.     Warner/Chappell admits that on or about December 6, 1935, Clayton F. Summy Co. submitted an Application for Copyright as alleged in Paragraph 91.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 91.

92.     Answering the first sentence of Paragraph 92, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 91 above is the best evidence of the contents of this document.  Warner/Chappell admits the allegations in the second sentence of Paragraph 92.  Except as specifically averred or admitted herein, Warner/Chappell denies the allegations in Paragraph 92.

93.     Warner/Chappell denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 95.

96.     Warner/Chappell admits that on or about December 6, 1935, Clayton F. Summy Co. submitted an Application for Copyright as alleged in Paragraph 96. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 96.

97.     Answering the first sentence of Paragraph 97, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 96 above is the best evidence of the contents of this document.  Warner/Chappell admits the allegations in the second sentence of Paragraph 97.  Except as specifically averred or admitted herein, Warner/Chappell denies the allegations in Paragraph 97.

98.     Warner/Chappell admits the allegations in the first sentence of Paragraph 98.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 100.

101.    Answering Paragraph 101, Warner/Chappell avers that the written agreement referenced in Paragraph 101 is the best evidence of the contents of this agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 101.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

102.   Answering Paragraph 102, Warner/Chappell avers that the written agreement referenced in Paragraph 102 is the best evidence of the contents of this agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 102.

103.   On information and belief, Warner/Chappell admits that "[o]n October 15, 1942, The Hill Foundation commenced an action against [Clayton F. Summy Co.] in the Southern District of New York, captioned The Hill Foundation, Inc. v. Clayton F. Summy Co., Case No. 19-377."  Answering the remaining allegations in Paragraph 103, Warner/Chappell avers that the complaint/s referenced in Paragraph 103 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 103.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 103.

104.   On information and belief, Warner/Chappell admits that "[o]n March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned The Hill Foundation, Inc. v. Postal Telegraph-Cable Co., Case No. 20- 439."  Answering the remaining allegations in Paragraph 104, Warner/Chappell avers that the complaint/s referenced in Paragraph 104 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 104.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 104.

105.   Warner/Chappell is not aware of any judicial determination of the validity or scope of any copyright related to *Good Morning to All*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 105.

106.   Warner/Chappell denies the allegations in Paragraph 106.

107.   Warner/Chappell admits that in or about 1962, Summy-Birchard Company filed renewals for Reg. Nos. E45655, E46661, E47439, E47440, E51988,

and E51990.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 107.

108.   Warner/Chappell admits that on or about December 6, 1962, Summy-Birchard Company filed a renewal application for Reg. No. E51988, and avers that the written copyright renewal referenced in Paragraph 108 is the best evidence of the contents of this document.  Except as specifically admitted or averred, Warner/Chappell denies the allegations in Paragraph 108.

109.   Warner/Chappell admits that on or about December 6, 1962, Summy-Birchard Company filed a renewal application for Reg. No. E51990, and avers that the written copyright renewal referenced in Paragraph 109 is the best evidence of the contents of this document.  Except as specifically admitted or averred, Warner/Chappell denies the allegations in Paragraph 109.

110.   Warner/Chappell denies the allegations in the first sentence of Paragraph 110.  Warner/Chappell admits that Summy-Birchard, Inc., is a subsidiary of Warner/Chappell and a co-defendant in this action.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 110.

111.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies the allegations in Paragraph 111.

112.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies the allegations in Paragraph 112.

113.   Warner/Chappell denies the allegations in Paragraph 113.

114.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies the allegations in Paragraph 114.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1    115.   Warner/Chappell is without knowledge or information sufficient to
2    form a belief as to the truth of the allegations in Paragraph 115 and on that basis
3    denies the allegations in Paragraph 115.

4    116.   Warner/Chappell is without knowledge or information sufficient to
5    form a belief as to the truth of the allegations in Paragraph 116 and on that basis
6    denies the allegations in Paragraph 116.

7    117.   Warner/Chappell is without knowledge or information sufficient to
8    form a belief as to the truth of the allegations in Paragraph 117 and on that basis
9    denies the allegations in Paragraph 117.

10   118.   Warner/Chappell admits that in September 2012, Plaintiff GMTY
11   requested a quote from Warner/Chappell for a synchronization license to use *Happy*
12   *Birthday to You*.  Warner/Chappell is without knowledge or information sufficient to
13   form a belief as to the truth of the allegation that this request was made through
14   Warner/Chappell's website and on that basis denies this allegation.  Except as
15   specifically admitted herein, Warner/Chappell denies the allegations in Paragraph
16   118.

17   119.   Warner/Chappell denies the allegations in Paragraph 119.

18   120.   Warner/Chappell denies the allegations in Paragraph 120.

19   121.   The allegations in Paragraph 121 are conclusions of law to which no
20   responsive pleading is required.  To the extent that a response is required,
21   Warner/Chappell denies the allegations in Paragraph 121.

22   122.   Warner/Chappell admits that on or about March 26, 2013, Plaintiff
23   GMTY paid Warner/Chappell $1,500 for a synchronization license to use *Happy*
24   *Birthday to You*, and that on or about April 24, 2013, Plaintiff GMTY mailed
25   Warner/Chappell an executed synchronization license agreement for the use *Happy*
26   *Birthday to You*, which was "dated" September 26, 2012 "as of" April 1, 2013.
27   Except as specifically admitted herein, Warner/Chappell denies the allegations in
28   Paragraph 122.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1   123.   Warner/Chappell is without knowledge or information sufficient to

2   form a belief as to the truth of the allegations in Paragraph 123 and on that basis

3   denies the allegations in Paragraph 123.

4   124.   Warner/Chappell is without knowledge or information sufficient to

5   form a belief as to the truth of the allegations in Paragraph 124 and on that basis

6   denies the allegations in Paragraph 124.

7   125.   Warner/Chappell is without knowledge or information sufficient to

8   form a belief as to the truth of the allegations in Paragraph 125(a) and (b) and on

9   that basis denies the allegations in Paragraph 125(a) and (b).  The allegations in

10  Paragraph 125(c) are conclusions of law to which no responsive pleading is

11  required.  To the extent that a response is required, Warner/Chappell denies the

12  allegations in Paragraph 125(c).

13  126.   Warner/Chappell is without knowledge or information sufficient to

14  form a belief as to the truth of the allegations in Paragraph 126 and on that basis

15  denies the allegations in Paragraph 126.

16  127.   Warner/Chappell denies the allegations in Paragraph 127.

17  128.   The allegations in Paragraph 128 are conclusions of law to which no

18  responsive pleading is required.  To the extent that a response is required,

19  Warner/Chappell denies the allegations in Paragraph 128.

20  129.   Warner/Chappell admits the allegations in Paragraph 129.

21  130.   Paragraph 130(a):

22  Warner/Chappell admits that BIG FAN paid Warner/Chappell $3,000

23  pursuant to its synchronization license.  Except as specifically admitted herein,

24  Warner/Chappell denies the allegations in Paragraph 130(a).

25  Paragraph 130(b):

26  Warner/Chappell is without knowledge or information sufficient to form a

27  belief as to what BIG FAN, the music producer it allegedly hired, or Plaintiff Siegel

28  knew or had reason to know and on that basis denies such allegations.  The

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1  remaining allegations in paragraph 130(b) are conclusions of law to which no

2  responsive pleading is required.  To the extent that a response is required,

3  Warner/Chappell denies such allegations.

4       Paragraph 130(c):

5       Warner/Chappell is without knowledge or information sufficient to form a

6  belief as to what BIG FAN, the music producer it allegedly hired, or Plaintiff Siegel

7  had reason to know and on that basis denies such allegations.  The remaining

8  allegations in paragraph 130(c) are conclusions of law to which no responsive

9  pleading is required.  To the extent that a response is required, Warner/Chappell

10  denies such allegations.

11       Paragraph 130(d):

12       Warner/Chappell admits that, in accordance with custom and practice in the

13  industry, it did not specify the numbers of the copyright registrations or renewals

14  pursuant to which it owns copyright rights in *Happy Birthday to You* when it

15  negotiated with BIG FAN regarding BIG FAN's synchronization license.  Except as

16  specifically admitted herein, Warner/Chappell denies the allegations in Paragraph

17  130(d).

18       Paragraph 130(e):

19       Warner/Chappell admits that there were stories in the press regarding this

20  action.  Warner/Chappell is without knowledge or information sufficient to form a

21  belief as to the truth of the allegations in the second sentence of Paragraph 130(e)

22  regarding when one in the position of BIG FAN, the music producer it hired, or

23  Plaintiff Siegel allegedly would know the alleged facts supporting this action and on

24  that basis denies such allegations.  The allegations in the second sentence of

25  Paragraph 130(e) regarding when BIG FAN, the music producer it hired, or Plaintiff

26  Siegel allegedly had reason to know the alleged facts supporting this action are

27  conclusions of law to which no responsive pleading is required.  To the extent that a

28  response is required, Warner/Chappell denies such allegations.  Except as

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1  specifically admitted herein, Warner/Chappell denies the allegations in Paragraph

2  130(e).

3      Paragraph 130(f):

4      Warner/Chappell is without knowledge or information sufficient to form a

5  belief as to the truth of the allegations in the first sentence of Paragraph 130(f) and

6  on that basis denies such allegations.  Warner/Chappell is without knowledge or

7  information sufficient to form a belief as to what BIG FAN, the music producer it

8  allegedly hired, or Plaintiff Siegel knew or had reason to know and on that basis

9  denies such allegations.  The remaining allegations in paragraph 130(f) are

10  conclusions of law to which no responsive pleading is required.  To the extent that a

11  response is required, Warner/Chappell denies such allegations.

12      Paragraph 130(g):

13      Warner/Chappell admits that Plaintiff Siegel commenced a putative class

14  action against Warner/Chappell on or about June 19, 2013.  Warner/Chappell is

15  without knowledge or information sufficient to form a belief as to the truth of the

16  allegations in Paragraph 130(g) regarding when Plaintiff Siegel allegedly knew the

17  alleged facts supporting this action and on that basis denies such allegations.  The

18  allegations in Paragraph 130(g) regarding when Plaintiff Siegel allegedly reasonably

19  could or should have known the alleged facts supporting this action are conclusions

20  of law to which no responsive pleading is required.  To the extent that a response is

21  required, Warner/Chappell denies such allegations.  Except as specifically admitted

22  herein, Warner/Chappell denies the allegations in Paragraph 130(g).

23      131.   Warner/Chappell is without knowledge or information sufficient to

24  form a belief as to the truth of the allegations in Paragraph 131 and on that basis

25  denies the allegations in Paragraph 131.

26      132.   The allegations in Paragraph 132 are conclusions of law to which no

27  responsive pleading is required.  To the extent that a response is required,

28  Warner/Chappell denies the allegations in Paragraph 132.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

133.   Warner/Chappell admits the allegations in Paragraph 133.

134.   <u>Paragraph 134(a):</u>

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(a) and on that basis denies the allegations in Paragraph 134(a).

<u>Paragraph 134(b):</u>

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(b) and on that basis denies the allegations in Paragraph 134(b).

<u>Paragraph 134(c):</u>

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(c) and on that basis denies the allegations in Paragraph 134(c).

<u>Paragraph 134(d):</u>

Warner/Chappell admits that on or about October 29, 2009, Plaintiff Majar paid Warner/Chappell $5,000 for a synchronization license to use *Happy Birthday to You* in the Film "No Subtitles Necessary: László & Vilmos" and that, in accordance with custom and practice in the industry, Warner/Chappell did not specify the numbers of the copyright registrations or renewals pursuant to which it owns copyright rights in *Happy Birthday to You* when it negotiated with Plaintiff Majar regarding this license. Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(d) regarding when Plaintiff Majar allegedly knew the alleged facts supporting this action and on that basis denies such allegations. The allegations in Paragraph 134(d) regarding when Plaintiff Majar allegedly had reason to know the alleged facts supporting this action are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies such allegations. Warner/Chappell admits that it is the exclusive copyright owner of

1  *Happy Birthday to You* and has held itself out as such since October 29, 2009.

2  Except as specifically admitted herein, Warner/Chappell denies the allegations in

3  Paragraph 134(d).

4        Paragraph 134(e):

5        The allegations in Paragraph 134(e) are conclusions of law to which no

6  responsive pleading is required.  To the extent that a response is required,

7  Warner/Chappell denies the allegations in Paragraph 134(e).

8        Paragraph 134(f):

9        Warner/Chappell is without knowledge or information sufficient to form a

10  belief as to what Plaintiff Majar thought or had reason to think and on that basis

11  denies such allegations.  The remaining allegations in paragraph 134(f) are

12  conclusions of law to which no responsive pleading is required.  To the extent that a

13  response is required, Warner/Chappell denies such allegations.

14        Paragraph 134(g):

15        Warner/Chappell is without knowledge or information sufficient to form a

16  belief as to the truth of the allegations in the Paragraph 134(g) and on that basis

17  denies the allegations in Paragraph 134(g).

18        135.   Paragraph 135 characterizes Plaintiffs' claims in the TAC and no

19  responsive pleading is required.  To the extent that a response is required,

20  Warner/Chappell denies the allegations in Paragraph 135.

21        136.   Paragraph 136 characterizes Plaintiffs' claims in the TAC and no

22  responsive pleading is required.  To the extent that a response is required,

23  Warner/Chappell denies the allegations in Paragraph 136.  Warner/Chappell further

24  denies that Plaintiffs can maintain this action as a class action or that any such class

25  can properly be certified.

26        137.   Paragraph 137 characterizes Plaintiffs' claims in the TAC and their

27  purported class and contains conclusions of law, and no responsive pleading is

28  required.  To the extent that a response is required, Warner/Chappell denies the

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

allegations in Paragraph 137.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

138.   The allegations in Paragraph 138 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 138.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

139.   The allegations in Paragraph 139 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 139.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

140.   The allegations in Paragraph 140 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 140.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

141.   The allegations in Paragraph 141 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 141.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

142.   The allegations in Paragraph 142 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 142.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

1    143.   The allegations in Paragraph 143 are conclusions of law to which no

2  responsive pleading is required.  To the extent that a response is required,

3  Warner/Chappell denies the allegations in Paragraph 143.  Warner/Chappell further

4  denies that Plaintiffs can maintain this action as a class action or that any such class

5  can properly be certified.

6    144.   The allegations in Paragraph 144 are conclusions of law to which no

7  responsive pleading is required.  To the extent that a response is required,

8  Warner/Chappell denies the allegations in Paragraph 144.  Warner/Chappell further

9  denies that Plaintiffs can maintain this action as a class action or that any such class

10  can properly be certified.

11    145.   Warner/Chappell is without knowledge or information sufficient to

12  form a belief as to the truth of the allegations in Paragraph 145 and on that basis

13  denies the allegations in Paragraph 145.  Warner/Chappell further denies that

14  Plaintiffs can maintain this action as a class action or that any such class can

15  properly be certified.

16    146.   Answering the allegations in Paragraph 146, Warner/Chappell hereby

17  incorporates its responses in Paragraphs 1 through 145 by reference as if fully set

18  forth herein.  To the extent that any further response is required, Warner/Chappell

19  denies the allegations in Paragraph 146.

20    147.   Paragraph 147 characterizes Plaintiffs' claims in the TAC and no

21  responsive pleading is required.  To the extent that a response is required,

22  Warner/Chappell denies the allegations in Paragraph 147.

23    148.   Paragraph 148 characterizes Plaintiffs' claims in the TAC and contains

24  conclusions of law, and no responsive pleading is required.  To the extent that a

25  response is required, Warner/Chappell denies the allegations in Paragraph 148.

26    149.   Warner/Chappell admits that it holds a valid and enforceable copyright

27  in the composition *Happy Birthday to You* and that pursuant to 17 U.S.C. § 115, it is

28  entitled to royalties for the mechanical licensing of this composition in accordance

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1   with the legal requirements of that provision.  Except as specifically admitted
2   herein, Warner/Chappell denies the allegations in Paragraph 149.
3        150.   Warner/Chappell denies the allegations in Paragraph 150.
4        151.   The allegations in Paragraph 151 are conclusions of law to which no
5   responsive pleading is required.  To the extent that a response is required,
6   Warner/Chappell denies the allegations in Paragraph 151.
7        152.   Warner/Chappell denies the allegations in Paragraph 152.
8        153.   The allegations in Paragraph 153 are conclusions of law to which no
9   responsive pleading is required.  To the extent that a response is required,
10  Warner/Chappell denies the allegations in Paragraph 153.
11       154.   The allegations in Paragraph 154 are conclusions of law to which no
12  responsive pleading is required.  To the extent that a response is required,
13  Warner/Chappell denies the allegations in Paragraph 154.
14       155.   Warner/Chappell denies the allegations in Paragraph 155.
15       156.   The allegations in Paragraph 156 are conclusions of law to which no
16  responsive pleading is required.  To the extent that a response is required,
17  Warner/Chappell denies the allegations in Paragraph 156.
18       157.   Paragraph 157 characterizes Plaintiffs' claims in the TAC and contains
19  conclusions of law, and no responsive pleading is required.  To the extent that a
20  response is required, Warner/Chappell denies the allegations in Paragraph 157.
21       158.   The allegations in Paragraph 158 are conclusions of law to which no
22  responsive pleading is required.  To the extent that a response is required,
23  Warner/Chappell denies the allegations in Paragraph 158.
24       159.   On information and belief, Warner/Chappell admits that the 1893 and
25  1896 versions of *Song Stories for the Kindergarten* included the song *Good
26  Morning to All*.  The remaining allegations in Paragraph 159 are conclusions of law
27  to which no responsive pleading is required.  To the extent that a response is
28  required, Warner/Chappell denies such allegations.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1    160.   On information and belief, Warner/Chappell admits that the 1893

2    version of *Song Stories for the Kindergarten* and the 1899 version of *Song Stories*

3    *for the Sunday School* included the song *Good Morning to All*.  The remaining

4    allegations in Paragraph 160 are conclusions of law to which no responsive pleading

5    is required.  To the extent that a response is required, Warner/Chappell denies such

6    allegations.

7    161.   The allegations in Paragraph 161 are conclusions of law to which no

8    responsive pleading is required.  To the extent that a response is required,

9    Warner/Chappell denies the allegations in Paragraph 161.

10   162.   The allegations in Paragraph 162 are conclusions of law to which no

11   responsive pleading is required.  To the extent that a response is required,

12   Warner/Chappell denies the allegations in Paragraph 162.

13   163.   The allegations in Paragraph 163 are conclusions of law to which no

14   responsive pleading is required.  To the extent that a response is required,

15   Warner/Chappell denies the allegations in Paragraph 163.

16   164.   The allegations in Paragraph 164 are conclusions of law to which no

17   responsive pleading is required.  To the extent that a response is required,

18   Warner/Chappell denies the allegations in Paragraph 164.

19   165.   The allegations in Paragraph 165 are conclusions of law to which no

20   responsive pleading is required.  To the extent that a response is required,

21   Warner/Chappell denies the allegations in Paragraph 165.

22   166.   The allegations in Paragraph 166 are conclusions of law to which no

23   responsive pleading is required.  To the extent that a response is required,

24   Warner/Chappell denies the allegations in Paragraph 166.

25   167.   Paragraph 167 characterizes Plaintiffs' claims in the TAC and contains

26   conclusions of law, and no responsive pleading is required.  To the extent that a

27   response is required, Warner/Chappell denies the allegations in Paragraph 167.

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1

**RESPONSE TO PRAYER FOR RELIEF**

2      Warner/Chappell denies that Plaintiffs are entitled to any of the relief

3   requested in paragraphs A through I of the Prayer for Relief contained in the TAC or

4   to any relief whatsoever.

5

**RESPONSE TO JURY DEMAND**

6      Plaintiffs' request for a jury trial does not require a responsive pleading.  To

7   the extent that a response is required, Warner/Chappell denies that Plaintiffs are

8   entitled to a jury.

9

**AFFIRMATIVE DEFENSES**

10      Warner/Chappell asserts the following affirmative defenses and reserves the

11   right to raise additional defenses if and when appropriate, including if and when it

12   responds to other claims in the TAC (and/or if and when it responds to this and/or

13   other claims in subsequent amended complaints).  In asserting these defenses,

14   Warner/Chappell does not assume the burden of proof for any issue with respect to

15   which the applicable law places the burden on Plaintiffs.

16

**First Affirmative Defense**

17      Claim One, and every purported claim contained in Plaintiffs' TAC, fails to

18   state a claim against Warner/Chappell upon which relief can be granted. Further,

19   Claim One of the TAC and Plaintiffs' other claims are ambiguous, vague, and/or

20   unintelligible.  Warner/Chappell avers that Plaintiffs' claims, including Claim One,

21   do not describe the events or legal theories with sufficient particularity to permit

22   Warner/Chappell to ascertain all defenses that may exist.

23

**Second Affirmative Defense**

24      Claim One, and every purported claim contained in Plaintiffs' TAC, is barred,

25   in whole or in part, by the applicable statute of limitations.

26

27

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

1                       **Third Affirmative Defense**

2       Claim One, and every purported claim contained in Plaintiffs' TAC, is barred,

3 in whole or in part, by the doctrines of laches, waiver, and/or one or more doctrines

4 of estoppel.

5                       **Fourth Affirmative Defense**

6       Claim One, and every purported claim contained in Plaintiffs' TAC, has been

7 waived by Plaintiffs in whole or in part and are, to that extent, barred.

8                       **Fifth Affirmative Defense**

9       Claim One, and every purported claim contained in Plaintiffs' TAC, is barred,

10 in whole or in part, because of Plaintiffs' unclean hands.

11                       **Sixth Affirmative Defense**

12       Claim One, and every purported claim contained in Plaintiffs' TAC, is barred,

13 in whole or in part, because Plaintiffs have suffered no injury or damages as a result

14 of the matters alleged in the TAC, or alternatively, because the alleged damages, if

15 any, are speculative and because of the impossibility of ascertaining and allocating

16 those alleged damages.

17                       **Seventh Affirmative Defense**

18       Claim One, and every purported claim contained in Plaintiffs' TAC, is barred,

19 in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in

20 the TAC.

21                       **Eighth Affirmative Defense**

22       Claim One, and every purported claim contained in Plaintiffs' TAC, is barred,

23 in whole or in part, because Plaintiffs are not entitled to restitution or disgorgement

24 of profits.

25                       **Ninth Affirmative Defense**

26       Claim One, and every purported claim contained in Plaintiffs' TAC, is barred,

27 in whole or in part, because Plaintiffs would be unjustly enriched if allowed to

28 recover any portion of the damages alleged in the TAC.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC

**Tenth Affirmative Defense**

Claim One, and every purported claim contained in Plaintiffs' TAC, is barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

**Reservation of Rights to Assert Additional Defenses**

Warner/Chappell has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Warner/Chappell reserves the right to amend or seek to amend its answer and/or affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Warner/Chappell respectfully demands the entry of judgment in its favor and against Plaintiffs as follows:

1.  That Plaintiffs and the members of the purported plaintiff class take nothing by the TAC;

2.  That the TAC and each and every allegation and subpart contained therein be dismissed with prejudice;

3.  That Warner/Chappell recover its costs of suit incurred herein, including reasonable attorneys' fees; and

4.  For such other and further relief as the Court may deem just and proper.

DATED:  December 11, 2013          MUNGER, TOLLES & OLSON LLP

By:  _____/s/ Kelly M. Klaus_____
      KELLY M. KLAUS

*Attorneys for Defendants Warner/Chappell*
*Music, Inc. and Summy-Birchard, Inc.*

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' TAC