FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
**WOLF HALDENSTEIN ADLER
   FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

*Interim Lead Counsel for Plaintiffs and the [Proposed] Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -

## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*, | )   Lead Case No. CV 13-04460-GHK (MRWx) )  )   **JOINT REPORT ON PARTIES'** |
| Plaintiffs, | )   **PLANNING MEETING** )  ) |
| v. | ) ) |
| WARNER/CHAPPELL MUSIC, INC., *et al.* | )   Date:      February 24, 2014 )   Time:      1:30 p.m. )   Room:     650 |
| Defendant. | )   Judge:    Hon. George H. King, Chief Judge )  ) |

22807218.1

Pursuant to Rule 26(f) of the Federal Rules of Civil Procedure ("FRCP"), Civil Local Rule 26-1, and the Court's Orders entered October 21, 2013 and December 13, 2013 (Dkts. 71, 80, respectively), plaintiffs Good Morning To You Productions Corp. ("GMTY"), Robert Siegel ("Siegel"), Rupa Marya ("Marya"), and Majar Productions, LLC ("Majar") (collectively the "Plaintiffs") and defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. (together "Warner/Chappell" or "Defendants") (Plaintiffs and Defendants are jointly referred to herein as the "Parties") submit this Joint Report on Parties' Planning Meeting, through their respective counsel of record, which was jointly prepared subsequent to the in-person meeting of counsel conducted on January 16, 2014 (hereafter the "Parties' Planning Meeting").

## LIMITATION OF JOINT REPORT AS TO MERITS ISSUES WITH RESPECT TO CLAIM ONE

By Order entered October 21, 2013 (Dkt. 71), Claim One of Plaintiffs' Operative Complaint was **BIFURCATED** from all other claims through summary judgment, and all other claims, including any discovery specific to such claims, are **STAYED** until further order by the Court.  October 21, 2013 Order (Dkt. 71 at 4). Defendants' pending motion to dismiss with respect to the stayed claims was **DENIED without prejudice** as premature with leave to refile such motions after the stay is lifted.  *Id.*  The Court further dismissed the Operative Complaint on behalf of Plaintiffs Siegel and Majar with leave to amend to plead delayed accrual or tolling of the Copyright Act's three-year statute of limitations.

On November 6, 2013, Plaintiffs filed their Third Amended Consolidated Complaint ("TAC").  The TAC includes, among other things, amended claims on behalf of Plaintiffs Siegel and Majar relating to their theories of delayed accrual or tolling of the Copyright Act's three-year statute of limitations.  On December 11, 2013, Defendants' answered Claim One of Plaintiffs' TAC and did not respond to

1   Plaintiffs' other claims for relief absent further order by this Court.  *See* October 21,

2   2013 Order (Dkt. 71 at 4); Defs. Ans. to Pls. TAC (Dkt. 79) at 1 n.1.

3           Based on the Court's October 21, 2013 Order bifurcating Claim One from the

4   other claims in the TAC, the Parties' Planning Meeting was limited to Plaintiffs'

5   Claim One.  In addition, to further the purposes of the bifurcation and to defer

6   potentially unnecessary discovery unless and until the action proceeds past a motion

7   for summary judgment, Warner/Chappell proposed, and Plaintiffs agreed, that the

8   Parties recommend that the first phase of the bifurcated action be limited to the

9   merits issues involved in Claim One, and need not include discovery or motion

10  practice directed to the allegations of Plaintiffs Siegel and Majar relating to their

11  theories of delayed accrual or tolling of the Copyright Act's three-year statute of

12  limitations.  If Claim One proceeds past summary judgment on the merits issues,

13  Warner/Chappell would be permitted to take discovery and file motions relating to

14  such theories of delayed discovery or tolling, whether on behalf of Plaintiffs Siegel

15  and Majar or any other members of the putative class.

16  **I.    ITEMS LISTED IN THE DECEMBER 13, 2013 ORDER**

17          A.    Basis For Subject Matter Jurisdiction

18          The Court has subject-matter jurisdiction over Claim One of the action

19  pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to relief arising

20  under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; and pursuant to the Declaratory

21  Judgment Act, 28 U.S.C. §§ 2201 *et seq.* Plaintiffs also have alleged jurisdiction

22  pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2); and supplemental

23  jurisdiction pursuant to 28 U.S.C. § 1367 over the non-federal claims in the TAC.

24  Warner/Chappell does not admit the latter bases for subject matter jurisdiction, but

25  that issue is irrelevant for purposes of Claim One, as to which the Court has

26  jurisdiction.

27

28

B.      Statement of Factual and Legal Bases of Claims and Defenses

      1.      Plaintiffs' Statement

            a.      Plaintiffs' Statement Regarding Factual Basis

This is an action to declare that Defendants do not own a copyright to the world's most popular song, *Happy Birthday to You* (the "Song"), that if Defendants own any copyright to the Song, it is limited to two specific piano arrangements or an obscure second verse that has no commercial value, that any other copyright to the Song that Defendants may own or ever owned are invalid or have expired, and that the Song is dedicated to public use and in the public domain; and in turn to declare that Defendants must return the substantial and allegedly unlawful licensing fees collected by defendant Warner/Chappell pursuant to its allegedly wrongful assertion of copyright ownership of the Song.

According to the United States Copyright Office ("Copyright Office"), a "*musical composition* consists of music, including any accompanying words, and is normally registered as a work of the performing arts." Copyright Office Circular 56A, "Copyright Registration of Musical Compositions and Sound Recordings," at 1 (Feb. 2012) (available at www.copyright.gov/circs/circ.56a.pdf). The author of a musical composition generally is the composer, and the lyricist (if a different person). *Id*.

More than 120 years after the melody to which the simple lyrics of *Happy Birthday to You* is set was first published, defendant Warner/Chappell, based on Plaintiffs' allegations, wrongfully and unlawfully claims that it owns the copyright to the Song, and with that copyright the exclusive right to authorize the Song's reproduction, distribution, and public performances pursuant to federal copyright law. Plaintiffs allege that Defendants have collected millions of dollars in unlawful licensing fees from Plaintiffs as well as others unwilling or unable to challenge its ownership claims.

Plaintiffs allege that if Defendants owned or owns any copyrights to the Song, those rights were and are limited to the extremely narrow right to reproduce and distribute specific piano arrangements for the Song, or an obscure second verse that has no commercial value, which were published in 1935, and that if the Defendants ever owned a copyright to any other part of the Song itself, that copyright was invalid or expired no later than 1921. No court has ever adjudicated either the scope or validity of the Defendants' claimed interest in the Song, nor in the Song's melody or its familiar lyrics, which are, themselves, independent works.

Plaintiffs GMTY, Siegel, Marya, and Majar on behalf of themselves and all others similarly situated, seek a declaration that the Song is dedicated to public use and is in the public domain as well as monetary damages and restitution of all the unlawful licensing fees that Defendants have improperly collected from Plaintiffs and all other Class members.

b.   Plaintiffs' Legal Basis for Claim One

Plaintiffs' TAC alleges claims for: (1) Declaratory Judgment (28 U.S.C. § 2201); (2) Declaratory and Injunctive Relief and Damages (28 U.S.C. § 2202); (3) Violations of California's Unfair Competition Laws (Bus. & Prof. Code §§ 17200 *et seq.*); (4) Breach of Contract; (5) Common Law Money Had and Received; (6) Rescission for Failure of Consideration; and (7) Violations of California's False Advertising Laws (Bus. & Prof. Code §§ 17500 *et seq.*) against Defendants.

At the October 7, 2013, hearing on Defendants' Motion to Dismiss (Dkt. 52), the Parties agreed that the most efficient way to proceed in this case would be to bifurcate Claim One from the six other claims for the purposes of discovery and summary judgment. *See* October 21, 2013 Order (Dkt. 71). The Court **BIFURCATED** these proceedings as follows: (1) Claim One is bifurcated from all other claims through judgment; and (2) all other claims, including discovery specific to such claims, are **STAYED** until further order by the Court. *Id.* In compliance

with the stay set forth in the October 21, 2013 Order, Plaintiffs limit their legal analysis herein to Claim One pending further order of the Court.

(a)   <u>Claim One – Declaratory Judgment Pursuant to 28 U.S.C. § 2201</u>

Plaintiff brings Claim One individually on behalf of themselves and on behalf of the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.   Plaintiffs seek adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in connection with Defendants' purported copyright claim to the Song.   Plaintiffs seek the Court's declaration that the Copyright Act does not bestow upon the Defendants the rights they have asserted and enforced against Plaintiffs and the other members of the Class.   This is because *either*: (a) the 1935 registrations E51988 and E51990, under which the Defendants claim those copyrights, and the resulting copyrights, do not purport to cover and do not cover the familiar lyrics to the Song, but instead are limited just to the particular arrangements written by Forman or Orem (and, in the case of E51988, the obscure second verse which has no commercial value); *or* (b) if and to the extent that those copyrights purport to cover the familiar lyrics to the Song, the copyrights are invalid or have expired.

Defendants assert that they are entitled to mechanical and performance royalties pursuant to 17 U.S.C. § 115 for the creation and distribution of phonorecords and digital downloads of the Song, under threat of a claim of copyright infringement.

Plaintiff GMTY entered into a Synchronization License agreement to use the Song and paid Warner/Chappell the sum of $1,500 for that Synchronization License based upon its claim of copyright ownership.   BIG FAN, assignor of plaintiff Siegel, entered into the Synchronization License agreement to use the Song and paid Warner/Chappell the sum of $3,000 for that Synchronization License based upon its claim of copyright ownership.   Plaintiff Marya paid defendant Warner/Chappell the sum of $455 as a compulsory mechanical license royalty to use the Song in her

album based upon Warner/Chappell's claim of copyright ownership.  Plaintiff Majar paid Warner/Chappell a licensing fee in the sum of $5,000 pursuant to its claim of copyright ownership, in order for Plaintiff Majar to use the Song in an award winning documentary film: *No Subtitles Necessary:  Lázló & Vilmos.* Warner/Chappell's demand to each plaintiff was coercive in nature, and each individual plaintiff involuntarily entered into the respective license agreement.

Plaintiffs' claim presents a justiciable controversy because each plaintiff's agreement to pay defendant Warner/Chappell and the actual **payment** to Warner/Chappell for use of the Song was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that each individual plaintiff would be exposed to substantial statutory penalties under the Copyright Act had it failed to enter such an agreement and pay Warner/Chappell the price it demanded.

Plaintiffs seek the Court's determination as to whether Defendants are entitled to assert ownership of the copyright to *Happy Birthday to You* against Plaintiffs pursuant to the Copyright Act as Defendants claim, or whether Defendants are wielding a false claim of ownership to inhibit Plaintiffs' use and enjoyment (and the public's use and enjoyment) of the Song, which is rightfully in the public domain.

More specifically, the 1893 and 1896 copyrights to the original and revised versions of *Song Stories for the Kindergarten*, which contained the song *Good Morning to All*, were not renewed by Summy or Summy Co. and accordingly expired in 1921 and 1924, respectively.  Likewise, the 1893 copyright to *Song Stories for the Kindergarten* and the 1899 copyright to *Song Stories for the Sunday School*, which contained *Good Morning to All*, and the 1907 copyright to *Good Morning to All* were not renewed by Summy Co. before Summy Co. was dissolved in 1920 and accordingly, those copyrights expired in 1921, 1924, 1927 and 1935, respectively.  In addition, the 1893, 1896, 1899, and 1907 copyrights to *Good Morning to All* were forfeited by the republication of *Good Morning to All* in 1921 without proper notice of its original 1893 copyright.

The registration certificates for *The Elementary Worker and His Work* in 1912, *Harvest Hymns* in 1924, and *Children's Praise and Worship* in 1928, which did not attribute authorship of the lyrics to *Happy Birthday to You* to anyone, are *prima facie* evidence that the lyrics were not authored by either Patty or Mildred Hill.

The piano arrangements for *Happy Birthday to You* published by Summy Co. in 1935 (Reg. Nos. E51988 and E51990): (a) do not give Warner/Chappell copyrights to the familiar lyrics to the Song, but instead are limited just to the particular musical arrangements written by Forman or Orem (and, in the case of E51988, the obscure second verse which has no commercial value), who did not write the popular lyrics to the Song; and (b) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the piano arrangements themselves.

The 1935 copyrights pertained only to the piano arrangements or the obscure second verse, not to the melody or familiar first verse lyrics of the Song, which lyrics were not written by Forman or Orem.

If declaratory relief is not granted, the Defendants will continue to wrongfully assert the exclusive copyright to the Song at least until 2030, when the current term of the copyright expires under existing copyright law.

Plaintiffs therefore request a declaration that:

(a)   the Defendants do not own the copyright to, or possess the exclusive right to reproduce, distribute, or publicly perform the Song;

(b)   if the Defendants own any copyright to the Song, it is limited to two specific piano arrangements or an obscure second verse that has no commercial value,

(c)   any other copyright to the Song that the Defendants may own or ever owned are invalid or have expired;

(d)   the Defendants do not own the exclusive right to demand or grant a license for use of the Song; and

(e)     the Song is in the public domain and is dedicated to the public use.

        2.     <u>Warner/Chappell's Statement Regarding Plaintiffs' Claim One</u>

Warner/Chappell and its predecessors-in-interest own and have owned the copyright to the lyrics to the musical composition entitled *Happy Birthday to You*. The United States Copyright Office registered the copyright in December 1935. Under the Copyright Act, Warner/Chappell's copyright expires in December 2030. 17 U.S.C. § 304(b).  While the Plaintiffs have each requested and obtained licenses from Warner/Chappell for their respective commercial uses of the lyrics to *Happy Birthday to You*, Plaintiffs now come to the Court challenging Warner/Chappell's longstanding and uninterrupted exercise of its copyright interests in this musical composition.

Warner/Chappell is the owner of copyright registration certificate E51990, "*Happy Birthday to You*," issued in December 1935, to Warner/Chappell's predecessor-in-interest, Clayton F. Summy Co.   Certificate E51990 covers the familiar lyrics to *Happy Birthday to You*.   The copyright registration raises a presumption of ownership by Warner/Chappell.  Contrary to how Plaintiffs would like to proceed, the burden is on them to disprove the validity of Warner/Chappell's copyright and the facts stated in the registration certificate.  This is not an issue of Warner/Chappell's affirmative defense, but rather a failure of proof that will be fatal to Plaintiffs' claim for declaratory relief (and, along with it, all other claims in Plaintiffs' Complaint).

Under the Copyright Act and Ninth Circuit precedent, Warner/Chappell's certificate E51990 "constitute[s] *prima facie* evidence of the validity of the copyright and of the facts stated in the certificate." 17 U.S.C. § 410(c).  Warner/Chappell does "not have to produce any evidence" to substantiate either the validity of the copyright or the facts stated in the registration certificate.  Warner/Chappell "is presumed to own a valid copyright, 17 U.S.C. § 410(c), and the facts stated therein, including the

chain of title … are entitled to the presumption of truth." *United Fabrics Int'l, Inc. v. C&J Wear Inc.*, 630 F.3d 1255, 1258 (9th Cir. 2011).

Certificate E51990 applies on its face to a "published musical composition" entitled "*Happy Birthday to You*," and the listing under the byline is as follows: "By Mildred J. Hill, arr. by Preston Ware Orem;* pf., *with words*." (Emphasis added.) The certificate further states: "(© is claimed on arrangement as easy piano solo *with text*)." (Emphasis added.) The registration certificate lists the date of publication as December 6, 1935, and states that copies were received and registered in the Copyright Office on December 9, 1935. All of this, as well as the validity of the copyright, is *prima facie* presumed true in this litigation.

In response to the Court's Order that Plaintiffs replead the bases for their declaratory judgment claim, Plaintiffs have alleged that (1) certificate E51990 is limited to a particular piano arrangement and does not cover the "popular" lyrics to *Happy Birthday to You*, and (2) the work published under this copyright was not original, except with respect to the piano arrangement. Plaintiffs have been, and continue to be, less than clear about what evidence they believe they have that will rebut the presumptions afforded by certificate E51990. Warner/Chappell believes that Plaintiffs will not be able to rebut the presumptions.

First, Plaintiffs cannot show that the registration certificate was not intended to cover the lyrics to *Happy Birthday to You*. As noted above, certificate E51990 expressly states that copyright is claimed on "arrangement as easy piano solo *with text*" (emphasis added). The certificate also describes the copyrighted material as "pf. ["pianoforte," or piano], *with words*" (emphasis added). The references to "text" and "words" can only mean the lyrics to *Happy Birthday to You*. There is no text or words on which copyright could have been intended to be claimed other than those lyrics.

Second, Plaintiffs cannot rebut the presumption that the lyrics are validly copyrighted. To support their claim, Plaintiffs allege that these lyrics were published

on various occasions prior to the December 1935 registration.  Even if true, this would not show that the author of the lyrics copyrighted under certificate E51990 copied those lyrics from somewhere else.  Copyright law requires originality, not novelty.  *Feist Publications, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 345 (1991).

Accordingly, Plaintiffs will not be able to satisfy their burden of overcoming Warner/Chappell's ownership of a valid copyright to the lyrics to *Happy Birthday to You*.  Warner/Chappell will move for summary judgment on Claim One of Plaintiffs' Third Amended Consolidated Complaint.

Warner/Chappell has a statute of limitations defense to the claims of any Plaintiff who licensed *Happy Birthday to You* more than three years before their complaint was filed.  The Copyright Act's three-year statute of limitations, 17 U.S.C. § 507(b), governs the declaratory relief claim.  In the interest of minimizing the needless expense of litigating Plaintiff Majar's and Plaintiff Siegel's allegations of delayed accrual or tolling, Warner/Chappell proposes to reserve its challenges to those allegations unless and until the litigation reaches a second phase.

C.    Motion for Class Certification Deadlines

The Parties met and conferred and believe that the discovery and briefing related to class certification should be deferred until after the Court decides the Parties' joint summary judgment motion on Claim One of the TAC.  The Parties are prepared to discuss their position with the Court at the Scheduling Conference.

D.    Discovery Completion

As to the merits issues with respect to Claim One only, and excluding discovery and motion practice with respect to any theory of delayed accrual or tolling (*see* Statement Re Limitation, pages 1-2, *supra*), the Parties have agreed to the following pre-trial discovery plan:

1.    Initial Rule 26(f) Disclosures:  Completed on January 30, 2014, as required.

2.    Discovery on Claim One Cut-Off:  June 27, 2014.

3.  Discovery Motions Deadline:  May 30, 2014.

As to the merits issues on Claim One only, reports and/or disclosures from expert witnesses as provided under Rule 26(a)(2) of the Federal Rules of Civil Procedure should be as follows:

1.  Initial Expert Disclosures:  July 25, 2014.

2.  Rebuttal Expert Disclosures:  August 25, 2014

3.  Expert Discovery Cut-Off:  September 26, 2014.

4.  Expert Discovery Motions Deadline:  September 15, 2014.

Electronically stored information will be produced in accordance with Rule 34 of the Federal Rules of Civil Procedure.  Plaintiffs reserve the right to request that all electronically stored information be produced in native form, if available, and searchable pdf, if not.  Plaintiffs further request that all meta-data in electronically stored information be preserved.

Procedures for asserting claims of privilege or work product protection, including any claims made after production, shall be in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.:

The Parties are discussing and will present for the Court's review a proposed protective order.

E.  Pre-Trial and Trial Dates

1.  Motion Cut-Off as to Merits Issues on Claim One:  November 7, 2014.

2.  Final Pre-Trial Conference:  Not applicable as to proceedings during first phase of Bifurcated proceeding.

3.  Trial as to Claim One:  Not applicable as to proceedings during first phase of Bifurcated proceeding.

F.  Major Procedural Or Evidentiary Problems

This action involves historical information and documents and the Parties will work cooperatively to resolve any authentication or admissibility issues.

G.      Settlement Procedures

Counsel believes that a settlement conference is premature at this time.  After the Court rules on the motion for summary judgment as to the merits issues on Claim One, if the action proceeds past summary judgment, counsel will meet and confer to select a settlement procedure pursuant to Civil Local Rules 16-15 and 16-15.9.

H.      Length of Trial

1.      Plaintiffs' Case-in-Chief:  Not applicable as to proceedings during first phase of Bifurcated proceeding.

2.      Defendants' Case-in-Chief:  Not applicable as to proceedings during first phase of Bifurcated proceeding.

3.      The estimated time required for trial:  Not applicable as to proceedings during first phase of Bifurcated proceeding.

4.      The case should be ready for trial:  Not applicable as to proceedings during first phase of Bifurcated proceeding.

I.      Trial By Jury or Court

Not applicable as to proceedings during first phase of Bifurcated proceeding.  Plaintiffs reserve their jury demand if the action proceeds past summary judgment at the end of the first phase of the Bifurcated proceeding.

J.      Name of Trial Attorneys

Plaintiffs:

Mark C. Rifkin, Wolf Haldenstein Adler Freeman & Herz LLP

Betsy C. Manifold, Wolf Haldenstein Adler Freeman & Herz LLP

Randall S. Newman, Randall S. Newman P.C.

Defendants:

Glenn D. Pomerantz, Munger, Tolles & Olson LLP

Kelly M. Klaus, Munger, Tolles & Olson LLP

Adam I. Kaplan, Munger, Tolles & Olson LLP

**K.**     Consent to Magistrate Judge for All Purposes

The Parties do not consent to a Magistrate Judge for all purposes.

**II.     ITEMS LISTED IN FRCP 26(f)**

**A.**     Initial Disclosures:

Initial disclosures as to the merits issues in Claim One were exchanged on January 30, 2014, which was 14 days after the Parties' Planning Meeting.

**B.**     Discovery:

The Parties will proceed to serve discovery in accordance with the Federal Rules related to the merits issues concerning Claim One.

**C.**     Changes to Limitations on Discovery:

The Parties do not contemplate any changes to the discovery limitations set forth by Federal Rules of Civil Procedure at this time, but instead reserve the right to request an appropriate extension by either stipulation or motion.

**D.**     Other Orders:

The parties do not seek any additional orders at this time but reserve the right to do so as the need arises.

**III.     ITEMS LISTED IN CivL.R. 26-1**

To the extent that these elements are not addressed above:

**A.**     Complex Case:

The complexity of this matter, including Plaintiffs' motion for class certification, are not issues for the first phase of the Bifurcated proceeding.

**B.**     Motion Schedule:

The Parties expect to file summary judgment papers as to merits issues on Claim One by November 7, 2014.   At the current time, the Parties do not anticipate other merits-related motions prior to that motion**.**

**C.-D.** Trial and Final Pre-Trial Conference:

Not applicable to the first phase of the Bifurcated proceeding.

E.      Dispositive Motion Hearing Cut-Off:

The Parties jointly requested the following briefing schedule for the motion for summary judgment as to merits issues relating to Claim One:

Joint Motion for Summary Judgment filed by: November 7, 2014.

F.-G.  Discovery Cutoff and Initial Expert Disclosures:

These issues are addressed in Section I.D., above.

H.      Settlement:

This issue is addressed in Section I.G., above.

I.      Trial Estimate:

Not applicable to the first phase of the Bifurcated proceeding.

J.      Additional Parties:

No additional parties are contemplated by either party at this time.

K.      Expert Witnesses:

The Parties contemplate retaining experts.  The schedule for disclosure of experts and expert reports is set forth in Section I.D., above.

Respectfully Submitted,

Dated:  February 10, 2014        **WOLF HALDENSTEIN ADLER
                                   FREEMAN & HERZ LLP**

By:      /s/*Betsy C. Manifold*
            BETSY C. MANIFOLD

FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com

750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
GITI BAGHBAN (284037)
baghban@whafh.com
270 Madison Avenue
New York, NY  10016
Telephone:   212/545-4600
Facsimile:   212-545-4753

*Interim Lead Counsel for Plaintiffs*

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone:  212/797-3737

**HUNT ORTMANN PALFFY NIEVES**
  **DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@huntortmann.com
KATHLYNN E. SMITH (234541)
smith@ huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200

Facsimile 626/796-0107
Facsimile:  212/797-3172


**DONAHUE GALLAGHER WOODS LLP**
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone:  510/451-0544
Facsimile:   510/832-1486

**GLANCY BINKOW & GOLDBERG LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (188669)
mgodino@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:  310/201-9150
Facsimile:   310/201-9160

*Attorneys for Plaintiffs*


Dated:  February 10, 2014          **MUNGER TOLLES & OLSON LLP**

By:  _____/s/*Kelly M. Klaus*_____
              KELLY M.KLAUS

KELLY M. KLAUS (161091)
kelly.klaus@mto.com
ADAM I. KAPLAN (268182)
adam.kaplan@mto.com
560 Mission St., 27th Floor
San Francisco, CA  94105
Telephone:  415/512-4000

- 16 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MUNGER TOLLES & OLSON LLP**
GLENN D. POMERANTZ (112503)
glenn.pomerantz@mto.com
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone:  213/683-9100

*Attorneys for Defendants*

## DECLARATION REGARDING CONCURRENCE

I, **BETSY C. MANIFOLD**, am the ECF/CM User whose identification login and password are being used to file this **JOINT REPORT ON PARTIES' PLANNING MEETING**.  In compliance with L.R. 5-4.3.4(2)(i), I hereby attest that **Kelly M. Klaus** has concurred in this filing's content and has authorized its filing.

DATED:  February 10, 2014          By:     */s/ Betsy C. Manifold*
                                                      BETSY C. MANIFOLD

WARNER/CHAPPELL:20396v.3.jsr

- 17 -