FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA - WESTERN DIVISION**

GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*,

Plaintiffs,

v.

WARNER/CHAPPELL MUSIC, INC., *et al.*,

Defendants.

Lead Case No. CV 13-04460-GHK (MRWx)

**[PROPOSED] STIPULATED PROTECTIVE ORDER FOR DISCOVERY**

Plaintiffs Good Morning To You Productions Corp., , Robert Siegel, Rupa Marya, and Majar Productions, LLC (collectively herein the "Plaintiffs") and Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. (collectively herein the "Defendants") (Plaintiffs and Defendants may be referred to collectively as the "Parties") have met and conferred pursuant to Rule 26 of the Federal Rules of Civil Procedure ("Rule"), L.R. 26-1, and the Court's Scheduling Order (Dkt. 80 [Dec. 13, 2013]), and have agreed to the following terms which the Parties propose shall govern the course and conduct of discovery in the above-captioned action.

The Parties, through their respective undersigned counsel, hereby agree to the following:

**1. <u>GOOD CAUSE STATEMENT</u>**

**WHEREAS**, the Parties to this action having requested that the Court issue a discovery confidentiality order pursuant to Rule 26(c) to protect the confidentiality of nonpublic and confidential information that may be the subject of discovery and disclosure in this case, and the Court having found that good cause exists for issuance of an appropriately-tailored confidentiality order, **IT IS HEREBY AGREED AND STIPULATED:**

**2. <u>DEFINITIONS</u>**

2.1 <u>Challenging Party</u>: a Party or Non-Party that challenges the designation of information or items under this Order.

2.2 <u>"CONFIDENTIAL" Information or Items</u>: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure ("Rule").

2.3 <u>Counsel (without qualifier)</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.4 Designated House Counsel: House Counsel who seek access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information in this matter.

2.5 Designating Party: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.6 Disclosure or Discovery Material: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this matter.

2.7 Expert: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.8 "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items: extremely sensitive "Confidential Information or Items," disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means.

2.9 House Counsel: attorneys who are employees of a party to this action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 Non-Party: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action.

2.11 Outside Counsel of Record: attorneys who are not employees of a party to this action but are retained to represent or advise a party to this action and have appeared in this action on behalf of that party or are affiliated with a law firm which has appeared on behalf of that party.

2.12 Party: any party to this action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

2.13 Producing Party: a Party or Non-Party that produces Disclosure or

Discovery Material in this action.

2.14 Professional Vendors: persons or entities that provide litigation support services (e.g., photocopying, videotaping, translating, preparing exhibits or demonstrations, and organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

2.15 Protected Material: any Disclosure or Discovery Material that is designated as "CONFIDENTIAL," or as "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

2.16 Receiving Party: a Party that receives Disclosure or Discovery Material from a Producing Party.

**3. SCOPE**

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (a) any information copied or extracted from Protected Material; (b) all copies, excerpts, summaries, or compilations of Protected Material; and (c) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulation and Order do not cover the following information: (i) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (ii) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4. DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs. Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5. DESIGNATING PROTECTED MATERIAL**

5.1 Exercise of Restraint and Care in Designating Material for Protection. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. To the extent it is practical to do so, the Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other Parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection at all or do not qualify for the level of protection initially asserted, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

5.2 Manner and Timing of Designations. Except as otherwise provided in this Order (*see, e.g.*, second paragraph of section 5.2(a) below), or as otherwise

stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) for information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" or ""HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order. Then, before producing the specified documents, the Producing Party must affix the appropriate legend ("CONFIDENTIAL" or HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") to each page that contains Protected Material. If only a portion or portions of the material on a page qualifies for protection, then, to the extent practical to do so, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins) and must specify, for each portion, the level of protection being asserted.

1. (b) for testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony and specify the level of protection being asserted. When it is impractical to identify separately each portion of testimony that is entitled to protection and it appears that substantial portions of the testimony may qualify for protection, the Designating Party may invoke on the record (before the deposition, hearing, or other proceeding is concluded) a right to have up to ten days to identify the specific portions of the testimony as to which protection is sought and to specify the level of protection being asserted. Only those portions of the testimony that are appropriately designated for protection within the ten days shall be covered by the provisions of this Stipulated Protective Order. Alternatively, a Designating Party may specify, at the deposition or up to ten days afterwards if that period is properly invoked, that the entire transcript shall be treated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material, and the title page shall he followed by a list of all pages (including line numbers as appropriate) that have been designated as Protected Material and the level of protection being asserted by the Designating Party. The Designating Party shall inform the court reporter of these requirements. Any transcript that is prepared before the expiration of a ten day period for designation shall be treated during that period as if it had been designated "CONFIDENTIAL" in its entirety unless otherwise agreed. After the expiration of that period, the transcript shall be treated only as actually designated.

(c) for information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." If only a portion or portions of the information or item warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s) and specify the level of protection being asserted.

5.3 Inadvertent Failures to Designate. If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material. Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

**6. CHALLENGING CONFIDENTIALITY DESIGNATIONS**

6.1 Timing of Challenges. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2 Meet and Confer. Prior to filing any motion challenging the designation of confidentiality, the parties shall comply with L.R. 37-1. The Challenging Party's letter requesting a pre-filing conference of counsel under L.R. 37-1 shall identify the designation it is challenging and the basis for each challenge.

6.3 Judicial Intervention. If court intervention is necessary after the pre-filing conference of counsel under L.R. 37-1, counsel shall formulate a written

stipulation pursuant to L.R. 37-2. The Challenging Party may challenge a confidentiality designation pursuant to L.R. 37 at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof.

The burden of persuasion in any such challenge proceeding shall be on the Designating Party. Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other Parties) may expose the Challenging Party to sanctions. All Parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the joint stipulation challenging the designation.

**7. ACCESS TO AND USE OF PROTECTED MATERIAL**

7.1 Basic Principles. A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party and Professional Vendor of a Receiving Party must comply with the provisions of Section 13 below (FINAL DISPOSITION).

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7.2 Disclosure of "CONFIDENTIAL" Information or Items. Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably

necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) the officers, directors, and employees (including House Counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and each of whom have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this litigation and each of whom have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(f) during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court. Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.

(g) A person who the Receiving Party believes objectively and subjectively in good faith is either the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

7.3 Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" Information or Items. Unless otherwise ordered by the court or

permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" only to:

(a) the Receiving Party's Outside Counsel of Record in this action, as well as employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the information for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A;

(b) Designated House Counsel of the Receiving Party and employees of said Designated House Counsel (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not and believe in good faith they are not reasonably likely to become (a) licensees of the Producing Party, (b) engaged in licensing discussions or negotiations with the Producing Party, or (c) competitors of or involved in competitive decision-making with respect to the Producing Party, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(c) Experts of the Receiving Party (1) to whom disclosure is reasonably necessary for this litigation, (2) who are not and believe in good faith they are not reasonably likely to become (a) licensees of the Producing Party, (b) engaged in licensing discussions or negotiations with the Producing Party, or (c) competitors of or involved in competitive decision-making with respect to the Producing Party, and (3) who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the court and its personnel;

(e) court reporters and their staff, professional jury or trial consultants, mock jurors and Professional Vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A); and

(f) A person who the Receiving Party believes objectively and subjectively in good faith is either the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**8. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.[1]

If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that

---

[1] The purpose of imposing these duties is to alert the interested parties to the existence of this Protective Order and to afford the Designating Party in this case an opportunity to try to protect its confidentiality interests in the court from which the subpoena or order issued.

court of its confidential material – and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

**9. A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION**

(a) The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY." Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

(b) In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

(i) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

(ii) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

(iii) make the information requested available for inspection by the Non-Party.

(c) If the Non-Party fails to object or seek a protective order from this court within 14 days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information

responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court.[2] Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

**10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

**11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL**

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other protection, the obligations of the Receiving Parties are those set forth in Rule 26(b)(5)(B). This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review. Pursuant to Federal Rules of Evidence 502(d) and (e), insofar as the Parties reach an agreement on the effect of disclosure of a communication or information covered by

---

[2] The purpose of this provision is to alert the interested parties to the existence of confidentiality rights of a Non-Party and to afford the Non-Party an opportunity to protect its confidentiality interests in this court.

the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the court.

**12. MISCELLANEOUS**

12.1 Right to Further Relief. Nothing in this Order abridges the right of any person to seek its modification by the court in the future.

12.2 Right to Assert Other Objections. By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

12.3 Filing Protected Material. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with all applicable local rules. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. A sealing order will issue only upon a request establishing that the Protected Material at issue is privileged, protectable as a trade secret, or otherwise entitled to protection under the law. If a Receiving Party's request to file Protected Material under seal is denied by the Court, then the Receiving Party may file the Protected Material in the public record unless otherwise instructed by the court.

**13. FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in **Section 4 (DURATION)**, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material. Whether the Protected Material is returned or destroyed, the Receiving Party must submit a

written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that:

(a) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed; and

(b) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material. Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material. Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in **Section 4 (DURATION)**.

**IT IS SO STIPULATED.**

Dated: April 30, 2014

WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP

By: *\/s/Besty C. Manifold*
BETSY C. MANIFOLD

FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599

Facsimile: 619/234-4599

WOLF HALDENSTEIN ADLER
FREEMAN & HERZ LLP
MARK C. RIFKIN (*pro hac vice)*
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
GITI BAGHBAN (284037)
baghban@whafh.com
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212-545-4753

*Interim Lead Counsel for Plaintiffs*

RANDALL S. NEWMAN PC
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone: 212/797-3737

HUNT ORTMANN PALFFY NIEVES
DARLING & MAH, INC.
OMEL A. NIEVES
nieves@huntortman.com
KATHLYN ELIZABETH SMITH
smith@huntortman.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107
Facsimile: 212/797-3172

DONAHUE GALLAGHER WOODS LLP
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone: 510/451-0544
Facsimile: 510/832-1486

GLANCY BINKOW & GOLDBERG, LLP
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (182689)
mgodino@glancylaw.com
KARA M. WOLKE (241521)
kwolke@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

*Attorneys for Plaintiffs*

Dated: 4/24/14

MUNGER TOLLES & OLSON LLP

By: /s/ Kelly Klaus /AIC
KELLY M. KLAUS

GLEN POMERANTZ
glenn.pomerantz@mto.com
KELLY M. KLAUS
kelly.klaus@mto.com
ADAM I. KAPLAN
adam.kaplan@mto.com
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone: 213/683-9100
Facsimile: 213/687-3702
*Attorneys for Defendants*

**EXHIBIT A**

**ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND**

I, ______________________________ [print or type full name], of _________________ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [insert date] in the case of *Marya Rupa v. Warner/Chappell Music, Inc., et al.*, Case No. CV 13-04460-GHK (MRWx). I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt. I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint ___________________________ [print or type full name] of ________________________________________ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury the foregoing is true and correct.

Date: ________________________________________

City and State where sworn and signed: ___________________________________

Printed name: ________________________________

Signature: ___________________________________

WARNER/CHAPPELL:20662v3.po