1  GLENN D. POMERANTZ (State Bar No. 112503)
   glenn.pomerantz@mto.com
2  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
3  ADAM I. KAPLAN (State Bar No. 268182)
   adam.kaplan@mto.com
4  MUNGER, TOLLES & OLSON LLP
   355 South Grand Avenue
5  Thirty-Fifth Floor
   Los Angeles, California 90071-1560
6  Telephone:   (213) 683-9100
   Facsimile:    (213) 687-3702
7
   Attorneys for Defendants
8  Warner/Chappell Music, Inc. and
   Summy-Birchard, Inc.
9

10              **UNITED STATES DISTRICT COURT**
                **CENTRAL DISTRICT OF CALIFORNIA**
11                    **WESTERN DIVISION**

12

13  GOOD MORNING TO YOU              Lead Case No. CV 13-04460-GHK
    PRODUCTIONS CORP.; ROBERT        (MRWx)
14  SIEGEL; RUPA MARYA; and
    MAJAR PRODUCTIONS, LLC; On       **DEFENDANTS' ANSWER TO**
15  Behalf of Themselves and All Others  **CLAIM ONE OF PLAINTIFFS'**
    Similarly Situated,              **FOURTH AMENDED**
16                                   **CONSOLIDATED COMPLAINT**
                 Plaintiffs,
17
    v.
18
    WARNER/CHAPPELL MUSIC, INC.,
19  and SUMMY-BIRCHARD, INC.,

20               Defendants.

21

22

23

24

25

26

27

28

1    In accordance with this Court's Order of April 29, 2014 (Dkt. 96),

2  Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. (collectively,

3  "Warner/Chappell"), through undersigned counsel, hereby answer Claim One of

4  Plaintiffs' Fourth Amended Consolidated Complaint ("FAC") as follows.[1]

5    1.    The allegations in Paragraph 1 are conclusions of law to which no

6  responsive pleading is required.  To the extent that a response is required,

7  Warner/Chappell denies the allegations in Paragraph 1 of the FAC.

8    2.    Warner/Chappell admits that the principal place of business of both

9  Defendants is in this District and that both Defendants regularly conduct business in

10  this District.  The remaining allegations in Paragraph 2 are conclusions of law to

11  which no responsive pleading is required.  To the extent that a response is required,

12  Warner/Chappell denies such allegations.

13    3.    Answering Paragraph 3, Warner/Chappell avers that the written

14  agreement referenced in Paragraph 3 is the best evidence of the contents of that

15  agreement.  Except as specifically averred herein, Warner/Chappell denies the

16  allegations in Paragraph 3.

17    4.    Paragraph 4 characterizes Plaintiffs' claims in the FAC and no

18  responsive pleading is required.  To the extent that a response is required,

19  Warner/Chappell denies the allegations in Paragraph 4.

20    5.    Answering Paragraph 5, Warner/Chappell avers that the written

21  Copyright Office circular referenced in Paragraph 5 is the best evidence of the

22  contents of that document.  Except as specifically averred herein, Warner/Chappell

23  denies the allegations in Paragraph 5.

24    6.    Warner/Chappell admits that on or about June 18, 2013, the "About

25  Us" page of Warner/Chappell's website stated that "Warner/Chappell Music is

26  WMG's award-winning global music publishing company.  The Warner/Chappell

27

28

---

[1]  Warner/Chappell denies all allegations in Claim One of the FAC (including headings and captions) not specifically admitted in this Answer.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1  Music catalog includes standards such as 'Happy Birthday to You', 'Rhapsody in
2  Blue', 'Winter Wonderland', the songs of Cole Porter and George and Ira Gershwin,
3  as well as the music of Eric Clapton, Green Day, Katy Perry, Led Zeppelin, Lil
4  Wayne, Madonna, Nickelback, Paramore, Red Hot Chili Peppers, T. I.[,]
5  Timbaland, and others."  The remaining allegations in Paragraph 6 state conclusions
6  of law to which no responsive pleading is required.  To the extent that a response is
7  required, Warner/Chappell denies such allegations.

8       7.     The allegations in Paragraph 7 are conclusions of law to which no
9  responsive pleading is required.  To the extent that a response is required,
10  Warner/Chappell denies the allegations in Paragraph 7.

11       8.     Warner/Chappell is without knowledge or information sufficient to
12  form a belief as to the truth of the allegations in the first sentence of Paragraph 8 and
13  on that basis denies such allegations.  Warner/Chappell admits that Robert Brauneis
14  published an article regarding the copyright in *Happy Birthday to You*, and avers
15  that the article, while irrelevant and inadmissible in support of Plaintiffs' claims, is
16  the best evidence of its contents.  The remaining allegations in Paragraph 8 are legal
17  conclusions to which no responsive pleading is required.  To the extent that a
18  response is required, Warner/Chappell denies such allegations.

19       9.     Paragraph 9 characterizes Plaintiffs' claims in the FAC and no
20  responsive pleading is required.  To the extent that a response is required,
21  Warner/Chappell denies the allegations in Paragraph 9.

22       10.    Warner/Chappell is without knowledge or information sufficient to
23  form a belief as to the truth of the allegations in the first sentence of Paragraph 10
24  and on that basis denies such allegations.  Warner/Chappell admits that on or about
25  March 26, 2013, Plaintiff GMTY paid Warner/Chappell $1,500 for a
26  synchronization license to use *Happy Birthday to You*, and that on or about April 24,
27  2013, Plaintiff GMTY mailed Warner/Chappell an executed synchronization license
28  agreement for the use *Happy Birthday to You*, which was "dated" September 26,

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

2012 "as of" April 1, 2013.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 10.

11.    Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11 and on that basis denies such allegations.  Warner/Chappell admits that on or about July 20, 2009, BIG FAN, entered into a synchronization license with Warner/Chappell for the use of *Happy Birthday to You* and that BIG FAN paid Warner/Chappell $3,000 pursuant to that license.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 11 and on that basis denies such allegations. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 11.

12.    Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 12 and on that basis denies such allegations.  Warner/Chappell admits that on or about June 17, 2013, Plaintiff Rupa paid Warner/Chappell $455 for a compulsory license to use *Happy Birthday to You*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 12.

13.    Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies the allegations in Paragraph 13.

14.    Warner/Chappell admits the allegations in Paragraph 14.

15.    Warner/Chappell admits the allegations in Paragraph 15, except that Warner/Chappell denies that Defendant Summy-Birchard, Inc. was acquired by Defendant Warner/Chappell Music, Inc. in or around 1998.

16.    On information and belief, Warner/Chappell admits that some time prior to 1893, Mildred J. Hill and her sister Patty Smith Hill authored a written manuscript containing sheet music for numerous songs composed and written by

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1    these sisters.  Warner/Chappell is without knowledge or information sufficient to

2    form a belief as to the truth of the remaining allegations in Paragraph 16 and on that

3    basis denies such allegations.  Except as specifically admitted herein,

4    Warner/Chappell denies the allegations in Paragraph 16.

5         17.    On information and belief, Warner/Chappell admits the allegations in

6    Paragraph 17.

7         18.    Answering Paragraph 18, Warner/Chappell avers that the written

8    agreement referenced in Paragraph 18 is the best evidence of the contents of this

9    agreement.  Except as specifically averred herein, Warner/Chappell denies the

10   allegations in Paragraph 18.

11        19.    On information and belief, Warner/Chappell admits the allegations in

12   Paragraph 19.

13        20.    Warner/Chappell admits that on or about October 13, 1893, Clayton F.

14   Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for

15   *Song Stories for the Kindergarten*.  Except as specifically admitted herein,

16   Warner/Chappell denies the allegations in Paragraph 20.

17        21.    Answering Paragraph 21, Warner/Chappell avers that the written

18   Copyright Application referenced in Paragraph 20 above is the best evidence of the

19   contents of this document.  Except as specifically averred herein, Warner/Chappell

20   denies the allegations in Paragraph 21.

21        22.    Warner/Chappell admits the allegations in Paragraph 22.

22        23.    The allegations in Paragraph 23 are conclusions of law to which no

23   responsive pleading is required.  To the extent that a response is required,

24   Warner/Chappell denies the allegations in Paragraph 23.

25        24.    Warner/Chappell admits the allegations in Paragraph 24.

26        25.    Warner/Chappell admits the lyrics to *Happy Birthday to You* are as

27   alleged and that the lyrics frequently are performed in conjunction with the melody

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1   to *Good Morning to All*.  Except as specifically admitted herein, Warner/Chappell

2   denies the allegations in Paragraph 25.

3        26.    On information and belief, Warner/Chappell admits the allegations in

4   Paragraph 26.

5        27.    Warner/Chappell admits that in or about 1895, Clayton F. Summy

6   incorporated the Clayton F. Summy Company under the laws of the State of Illinois.

7   On information and belief, Warner/Chappell further admits that in or about 1895,

8   Clayton F. Summy assigned all his right, title, and interest in *Song Stories for the*

9   *Kindergarten* to Clayton F. Summy Company.  Warner/Chappell is without

10  knowledge or information sufficient to form a belief as to the truth of the remaining

11  allegations in Paragraph 27 and on that basis denies such allegations.  Except as

12  specifically admitted herein, Warner/Chappell denies the allegations in Paragraph

13  27.

14       28.    Warner/Chappell admits that in or about 1896, Clayton F. Summy Co.

15  published a new, revised, illustrated, and enlarged version of *Song Stories for the*

16  *Kindergarten*, which contained illustrations by Margaret Byers.  Warner/Chappell is

17  without knowledge or information sufficient to form a belief as to the truth of the

18  remaining allegations in Paragraph 28 and on that basis denies such allegations.

19  Except as specifically admitted herein, Warner/Chappell denies the allegations in

20  Paragraph 28.

21       29.    On information and belief, Warner/Chappell admits that on or about

22  June 8, 1896, Clayton F. Summy filed a copyright application (Reg. No. 34260)

23  with the Copyright Office for the 1896 publication of *Song Stories for the*

24  *Kindergarten*.  Except as specifically admitted herein, Warner/Chappell denies the

25  allegations in Paragraph 29.

26       30.    Answering Paragraph 30, Warner/Chappell avers that the written

27  Copyright Application referenced in Paragraph 30 is the best evidence of the

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1   contents of this document.  Except as specifically averred herein, Warner/Chappell
2   denies the allegations in Paragraph 30.

3       31.     Warner/Chappell admits the allegations in Paragraph 31.

4       32.     The allegations in Paragraph 32 are conclusions of law to which no
5   responsive pleading is required.  To the extent that a response is required,
6   Warner/Chappell denies the allegations in Paragraph 32.

7       33.     On information and belief, Warner/Chappell admits the allegations in
8   Paragraph 33.

9       34.     On information and belief, Warner/Chappell admits that in or about
10  1899, Clayton F. Summy Company published *Song Stories for the Sunday School*,
11  which included the song *Good Morning to All* and did not include the song *Happy
12  Birthday to You* or the lyrics to *Happy Birthday to You*.  Warner/Chappell is without
13  knowledge or information sufficient to form a belief as to the truth of the remaining
14  allegations in Paragraph 34 and on that basis denies such allegations.

15      35.     On information and belief, Warner/Chappell admits that on or about
16  March 20, 1899, Clayton F. Summy Company filed a copyright application (Reg.
17  No. 20441) with the Copyright Office for *Song Stories for the Sunday School*.
18  Except as specifically admitted herein, Warner/Chappell denies the allegations in
19  Paragraph 35.

20      36.     Answering Paragraph 36, Warner/Chappell avers that the written
21  Copyright Application referenced in Paragraph 36 is the best evidence of the
22  contents of this document.  Except as specifically averred herein, Warner/Chappell
23  denies the allegations in Paragraph 36.

24      37.     Warner/Chappell is without knowledge or information sufficient to
25  form a belief as to the truth of the allegations in Paragraph 37 and on that basis
26  denies the allegations in Paragraph 37.

27      38.     On information and belief, Warner/Chappell admits the allegations in
28  Paragraph 38.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1       39.    The allegations in Paragraph 39 are conclusions of law to which no

2   responsive pleading is required.  To the extent that a response is required,

3   Warner/Chappell denies the allegations in Paragraph 39.

4       40.    On information and belief, Warner/Chappell admits the allegations in

5   Paragraph 40.

6       41.    Warner/Chappell is without knowledge or information sufficient to

7   form a belief as to the truth of the allegations in Paragraph 41 and on that basis

8   denies the allegations in Paragraph 41.

9       42.    Warner/Chappell is without knowledge or information sufficient to

10  form a belief as to the truth of the allegations in Paragraph 42 and on that basis

11  denies the allegations in Paragraph 42.

12      43.    Warner/Chappell admits that in or about February, 1907, Clayton F.

13  Summy Company released *Good Morning to All* as an individual musical

14  composition.  Except as specifically admitted herein, Warner/Chappell denies the

15  allegations in Paragraph 43.

16      44.    Warner/Chappell admits that on or about February 7, 1907, Clayton F.

17  Summy Company filed a copyright application (Reg. No. 142468) with the

18  Copyright Office for *Good Morning to All*.  Except as specifically admitted herein,

19  Warner/Chappell denies the allegations in Paragraph 44.

20      45.    On information and belief, Warner/Chappell admits the allegations in

21  Paragraph 45.

22      46.    Warner/Chappell is without knowledge or information sufficient to

23  form a belief as to the truth of the allegations in Paragraph 46 and on that basis

24  denies the allegations in Paragraph 46.

25      47.    Warner/Chappell is without knowledge or information sufficient to

26  form a belief as to the truth of the allegations in Paragraph 47 and on that basis

27  denies the allegations in Paragraph 47.

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1    48.    Warner/Chappell is without knowledge or information sufficient to
2  form a belief as to the truth of the allegations in Paragraph 48 and on that basis
3  denies the allegations in Paragraph 48.

4    49.    Warner/Chappell is without knowledge or information sufficient to
5  form a belief as to the truth of the allegations in Paragraph 49 and on that basis
6  denies the allegations in Paragraph 49.

7    50.    Warner/Chappell is without knowledge or information sufficient to
8  form a belief as to the truth of the allegations in Paragraph 50 and on that basis
9  denies the allegations in Paragraph 50.

10    51.    Warner/Chappell is without knowledge or information sufficient to
11  form a belief as to the truth of the allegations in Paragraph 51 and on that basis
12  denies the allegations in Paragraph 51.

13    52.    Warner/Chappell is without knowledge or information sufficient to
14  form a belief as to the truth of the allegations in the first sentence of Paragraph 52
15  and on that basis denies such allegations.  The allegations in the second sentence of
16  Paragraph 52 are conclusions of law to which no responsive pleading is required.
17  To the extent that a response is required, Warner/Chappell denies such allegations.

18    53.    Warner/Chappell is without knowledge or information sufficient to
19  form a belief as to the truth of the allegations in Paragraph 53 and on that basis
20  denies the allegations in Paragraph 53.

21    54.    The allegations in Paragraph 54 are conclusions of law to which no
22  responsive pleading is required.  To the extent that a response is required,
23  Warner/Chappell denies the allegations in Paragraph 54.

24    55.    The allegations in Paragraph 55 are conclusions of law to which no
25  responsive pleading is required.  To the extent that a response is required,
26  Warner/Chappell denies the allegations in Paragraph 55.

27

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

56.   The allegations in Paragraph 56 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 56.

57.   The allegations in Paragraph 57 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 57.

58.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies the allegations in Paragraph 58.

59.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies the allegations in Paragraph 59.

60.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies the allegations in Paragraph 60.

61.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies the allegations in Paragraph 61.

62.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis denies the allegations in Paragraph 62.

63.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis denies the allegations in Paragraph 63.

64.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis denies the allegations in Paragraph 64.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

65.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies the allegations in Paragraph 65.

66.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis denies the allegations in Paragraph 66.

67.     Upon information and belief, Warner/Chappell admits that Clayton F. Summy sold Clayton F. Summy Company to John F. Sengstack in or around 1930. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 67.

68.     Upon information and belief, Warner/Chappell admits that in or about 1931, John F. Sengstack incorporated Clayton F. Summy Company under the laws of the State of Delaware.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and on that basis denies such allegations.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 68.

69.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies the allegations in Paragraph 69.

70.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis denies the allegations in Paragraph 70.

71.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis denies the allegations in Paragraph 71.

72.     On information and belief, Warner/Chappell admits that "[o]n August 14, 1934, Jessica Hill, a sister of Mildred Hill and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned Hill v. Harris,

1   Eq. No. 78-350."  Answering the remaining allegations in Paragraph 72,

2   Warner/Chappell avers that the complaint/s referenced in Paragraph 72 is/are the

3   best evidence of the claims asserted in the lawsuit referenced in Paragraph 72.

4   Except as specifically admitted or averred herein, Warner/Chappell denies the

5   allegations in Paragraph 72.

6        73.     On information and belief, Warner/Chappell admits that "[o]n January

7   21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp.

8   in the Southern District of New York, captioned Hill v. Federal Broadcasting Corp.,

9   Eq. No. 79-312."  Answering the remaining allegations in Paragraph 73,

10  Warner/Chappell avers that the complaint/s referenced in Paragraph 73 is/are the

11  best evidence of the claims asserted in the lawsuit referenced in Paragraph 73.

12  Except as specifically admitted or averred herein, Warner/Chappell denies the

13  allegations in Paragraph 73.

14       74.     Answering Paragraph 74, Warner/Chappell avers that the written

15  agreement referenced in Paragraph 74 is the best evidence of the contents of this

16  agreement.  Except as specifically averred herein, Warner/Chappell denies the

17  allegations in Paragraph 74.

18       75.     Warner/Chappell admits that on or about December 27, 1934, Clayton

19  F. Summy Co. submitted an Application for Copyright, which application is the best

20  evidence of its contents.  Except as specifically admitted herein, Warner/Chappell

21  denies the allegations in Paragraph 75.

22       76.     Answering Paragraph 76, Warner/Chappell avers that the written

23  Application for Copyright referenced in Paragraph 75 above is the best evidence of

24  the contents of this document.  Except as specifically averred herein,

25  Warner/Chappell denies the allegations in Paragraph 76.

26       77.     Warner/Chappell admits the allegations in the first sentence of

27  Paragraph 77.  Answering the second sentence of Paragraph 77, Warner/Chappell

28  avers that the written Application for Copyright referenced in Paragraph 75 above is

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1  the best evidence of the contents of this document, and that the allegation regarding

2  the scope of the copyright claimed by this Application is a conclusion of law to

3  which no response is required.  To the extent that a response is required to this

4  allegation regarding the scope of the copyright claimed, Warner/Chappell denies

5  this allegation.  Except as specifically admitted or averred herein, Warner/Chappell

6  denies the allegations in Paragraph 77.

7          78.    The allegations in Paragraph 78 are conclusions of law to which no

8  responsive pleading is required.  To the extent that a response is required,

9  Warner/Chappell denies the allegations in Paragraph 78.

10         79.    Warner/Chappell admits that on or about February 15, 1935, Clayton F.

11  Summy Co. submitted an Application for Copyright, which application is the best

12  evidence of its contents.  Except as specifically admitted herein, Warner/Chappell

13  denies the allegations in Paragraph 79.

14         80.    Answering Paragraph 80, Warner/Chappell avers that the written

15  Application for Copyright referenced in Paragraph 79 above is the best evidence of

16  the contents of this document.  Except as specifically averred herein,

17  Warner/Chappell denies the allegations in Paragraph 80.

18         81.    Warner/Chappell admits the allegations in the first sentence of

19  Paragraph 81.  Answering the second sentence of Paragraph 81, Warner/Chappell

20  avers that the written Application for Copyright referenced in Paragraph 79 above is

21  the best evidence of the contents of this document, and that the allegation regarding

22  the scope of the copyright claimed by this Application is a conclusion of law to

23  which no response is required.  To the extent that a response is required to this

24  allegation regarding the scope of the copyright claimed, Warner/Chappell denies

25  this allegation.  Except as specifically admitted or averred herein, Warner/Chappell

26  denies the allegations in Paragraph 81.

27

28

82.     The allegations in Paragraph 82 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 82.

83.     Warner/Chappell admits that on or about April 3, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 83.

84.     Answering Paragraph 84, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 83 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 84.

85.     Warner/Chappell admits the allegations in the first sentence of Paragraph 85.  Answering the second sentence of Paragraph 85, Warner/Chappell avers that the written Application for Copyright referenced Paragraph 83 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required.  To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 86.

87.     Warner/Chappell admits that on or about April 3, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 87.

1    88.    Answering Paragraph 88, Warner/Chappell avers that the written

2  Application for Copyright referenced in Paragraph 87 above is the best evidence of

3  the contents of this document.  Except as specifically averred herein,

4  Warner/Chappell denies the allegations in Paragraph 88.

5    89.    Warner/Chappell admits the allegations in the first sentence of

6  Paragraph 89.  Answering the second sentence of Paragraph 89, Warner/Chappell

7  avers that the written Application for Copyright referenced in Paragraph 87 above is

8  the best evidence of the contents of this document, and that the allegation regarding

9  the scope of the copyright claimed by this Application is a conclusion of law to

10  which no response is required.  To the extent that a response is required to this

11  allegation regarding the scope of the copyright claimed, Warner/Chappell denies

12  this allegation.  Except as specifically admitted or averred herein, Warner/Chappell

13  denies the allegations in Paragraph 89.

14    90.    The allegations in Paragraph 90 are conclusions of law to which no

15  responsive pleading is required.  To the extent that a response is required,

16  Warner/Chappell denies the allegations in Paragraph 90.

17    91.    Warner/Chappell admits that on or about December 6, 1935, Clayton F.

18  Summy Co. submitted an Application for Copyright as alleged in Paragraph 91.

19  Except as specifically admitted herein, Warner/Chappell denies the allegations in

20  Paragraph 91.

21    92.    Answering the first sentence of Paragraph 92, Warner/Chappell avers

22  that the written Application for Copyright referenced in Paragraph 91 above is the

23  best evidence of the contents of this document.  Warner/Chappell admits the

24  allegations in the second sentence of Paragraph 92.  Except as specifically averred

25  or admitted herein, Warner/Chappell denies the allegations in Paragraph 92.

26    93.    Warner/Chappell denies the allegations in Paragraph 93.

27

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1   94.   The allegations in Paragraph 94 are conclusions of law to which no

2   responsive pleading is required.  To the extent that a response is required,

3   Warner/Chappell denies the allegations in Paragraph 94.

4   95.   The allegations in Paragraph 95 are conclusions of law to which no

5   responsive pleading is required.  To the extent that a response is required,

6   Warner/Chappell denies the allegations in Paragraph 95.

7   96.   Warner/Chappell admits that on or about December 6, 1935, Clayton F.

8   Summy Co. submitted an Application for Copyright as alleged in Paragraph 96.

9   Except as specifically admitted herein, Warner/Chappell denies the allegations in

10  Paragraph 96.

11  97.   Answering the first sentence of Paragraph 97, Warner/Chappell avers

12  that the written Application for Copyright referenced in Paragraph 96 above is the

13  best evidence of the contents of this document.  Warner/Chappell admits the

14  allegations in the second sentence of Paragraph 97.  Except as specifically averred

15  or admitted herein, Warner/Chappell denies the allegations in Paragraph 97.

16  98.   Warner/Chappell admits that the copy of the work deposited with the

17  application that resulted in registration E51990 contained the lyrics "Happy

18  Birthday to you, Happy Birthday to you, Happy Birthday dear _____, Happy

19  Birthday to you!"  Except as specifically admitted herein, Warner/Chappell denies

20  the allegations in Paragraph 98.

21  99.   The allegations in Paragraph 99 are conclusions of law to which no

22  responsive pleading is required.  To the extent that a response is required,

23  Warner/Chappell denies the allegations in Paragraph 99.

24  100.   The allegations in Paragraph 100 are conclusions of law to which no

25  responsive pleading is required.  To the extent that a response is required,

26  Warner/Chappell denies the allegations in Paragraph 100.

27  101.   Answering Paragraph 101, Warner/Chappell avers that the written

28  agreement referenced in Paragraph 101 is the best evidence of the contents of this

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 101.

102.   Answering Paragraph 102, Warner/Chappell avers that the written agreement referenced in Paragraph 102 is the best evidence of the contents of this agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 102.

103.   On information and belief, Warner/Chappell admits that "[o]n October 15, 1942, The Hill Foundation commenced an action against [Clayton F. Summy Co.] in the Southern District of New York, captioned The Hill Foundation, Inc. v. Clayton F. Summy Co., Case No. 19-377."  Answering the remaining allegations in Paragraph 103, Warner/Chappell avers that the complaint/s referenced in Paragraph 103 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 103.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 103.

104.   On information and belief, Warner/Chappell admits that "[o]n March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned The Hill Foundation, Inc. v. Postal Telegraph-Cable Co., Case No. 20- 439."  Answering the remaining allegations in Paragraph 104, Warner/Chappell avers that the complaint/s referenced in Paragraph 104 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 104.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 104.

105.   Warner/Chappell is not aware of any judicial determination of the validity or scope of any copyright related to *Good Morning to All*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 105.

106.   Warner/Chappell denies the allegations in Paragraph 106.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

107.   Warner/Chappell admits that in or about 1962, Summy-Birchard Company filed renewals for Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 107.

108.   Warner/Chappell admits that on or about December 6, 1962, Summy-Birchard Company filed a renewal application for Reg. No. E51988, and avers that the written copyright renewal referenced in Paragraph 108 is the best evidence of the contents of this document.  Except as specifically admitted or averred, Warner/Chappell denies the allegations in Paragraph 108.

109.   Warner/Chappell admits that on or about December 6, 1962, Summy-Birchard Company filed a renewal application for Reg. No. E51990, and avers that the written copyright renewal referenced in Paragraph 109 is the best evidence of the contents of this document.  Except as specifically admitted or averred, Warner/Chappell denies the allegations in Paragraph 109.

110.   Warner/Chappell denies the allegations in the first sentence of Paragraph 110.  Warner/Chappell admits that Summy-Birchard, Inc., is a subsidiary of Warner/Chappell and a co-defendant in this action.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 110.

111.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies the allegations in Paragraph 111.

112.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies the allegations in Paragraph 112.

113.   Warner/Chappell denies the allegations in Paragraph 113.

114.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies the allegations in Paragraph 114.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

115.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies the allegations in Paragraph 115.

116.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis denies the allegations in Paragraph 116.

117.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and on that basis denies the allegations in Paragraph 117.

118.   Warner/Chappell admits that in September 2012, Plaintiff GMTY requested a quote from Warner/Chappell for a synchronization license to use *Happy Birthday to You*.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegation that this request was made through Warner/Chappell's website and on that basis denies this allegation.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 118.

119.   Warner/Chappell denies the allegations in Paragraph 119.

120.   Warner/Chappell denies the allegations in Paragraph 120.

121.   The allegations in Paragraph 121 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 121.

122.   Warner/Chappell admits that on or about March 26, 2013, Plaintiff GMTY paid Warner/Chappell $1,500 for a synchronization license to use *Happy Birthday to You*, and that on or about April 24, 2013, Plaintiff GMTY mailed Warner/Chappell an executed synchronization license agreement for the use *Happy Birthday to You*, which was "dated" September 26, 2012 "as of" April 1, 2013.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 122.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

123.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis denies the allegations in Paragraph 123.

124.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and on that basis denies the allegations in Paragraph 124.

125.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125(a) and (b) and on that basis denies the allegations in Paragraph 125(a) and (b).  The allegations in Paragraph 125(c) are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 125(c).

126.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and on that basis denies the allegations in Paragraph 126.

127.   Warner/Chappell denies the allegations in Paragraph 127.

128.   The allegations in Paragraph 128 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 128.

129.   Warner/Chappell admits the allegations in Paragraph 129.

130.   Paragraph 130(a):

Warner/Chappell admits that BIG FAN paid Warner/Chappell $3,000 pursuant to its synchronization license.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 130(a).

Paragraph 130(b):

Warner/Chappell is without knowledge or information sufficient to form a belief as to what BIG FAN, the music producer it allegedly hired, or Plaintiff Siegel knew or had reason to know and on that basis denies such allegations.  The

-19-

remaining allegations in paragraph 130(b) are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.

Paragraph 130(c):

Warner/Chappell is without knowledge or information sufficient to form a belief as to what BIG FAN, the music producer it allegedly hired, or Plaintiff Siegel had reason to know and on that basis denies such allegations.  The remaining allegations in paragraph 130(c) are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.

Paragraph 130(d):

Warner/Chappell admits that, in accordance with custom and practice in the industry, it did not specify the numbers of the copyright registrations or renewals pursuant to which it owns copyright rights in *Happy Birthday to You* when it negotiated with BIG FAN regarding BIG FAN's synchronization license.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 130(d).

Paragraph 130(e):

Warner/Chappell admits that there were stories in the press regarding this action.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the second sentence of Paragraph 130(e) regarding when one in the position of BIG FAN, the music producer it hired, or Plaintiff Siegel allegedly would know the alleged facts supporting this action and on that basis denies such allegations.  The allegations in the second sentence of Paragraph 130(e) regarding when BIG FAN, the music producer it hired, or Plaintiff Siegel allegedly had reason to know the alleged facts supporting this action are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.  Except as

1  specifically admitted herein, Warner/Chappell denies the allegations in Paragraph
2  130(e).

3      Paragraph 130(f):

4      Warner/Chappell is without knowledge or information sufficient to form a
5  belief as to the truth of the allegations in the first sentence of Paragraph 130(f) and
6  on that basis denies such allegations.  Warner/Chappell is without knowledge or
7  information sufficient to form a belief as to what BIG FAN, the music producer it
8  allegedly hired, or Plaintiff Siegel knew or had reason to know and on that basis
9  denies such allegations.  The remaining allegations in paragraph 130(f) are
10 conclusions of law to which no responsive pleading is required.  To the extent that a
11 response is required, Warner/Chappell denies such allegations.

12     Paragraph 130(g):

13     Warner/Chappell admits that Plaintiff Siegel commenced a putative class
14 action against Warner/Chappell on or about June 19, 2013.  Warner/Chappell is
15 without knowledge or information sufficient to form a belief as to the truth of the
16 allegations in Paragraph 130(g) regarding when Plaintiff Siegel allegedly knew the
17 alleged facts supporting this action and on that basis denies such allegations.  The
18 allegations in Paragraph 130(g) regarding when Plaintiff Siegel allegedly reasonably
19 could or should have known the alleged facts supporting this action are conclusions
20 of law to which no responsive pleading is required.  To the extent that a response is
21 required, Warner/Chappell denies such allegations.  Except as specifically admitted
22 herein, Warner/Chappell denies the allegations in Paragraph 130(g).

23     131.   Warner/Chappell is without knowledge or information sufficient to
24 form a belief as to the truth of the allegations in Paragraph 131 and on that basis
25 denies the allegations in Paragraph 131.

26     132.   The allegations in Paragraph 132 are conclusions of law to which no
27 responsive pleading is required.  To the extent that a response is required,
28 Warner/Chappell denies the allegations in Paragraph 132.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

133.   Warner/Chappell admits the allegations in Paragraph 133.

134.   <u>Paragraph 134(a):</u>

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(a) and on that basis denies the allegations in Paragraph 134(a).

<u>Paragraph 134(b):</u>

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(b) and on that basis denies the allegations in Paragraph 134(b).

<u>Paragraph 134(c):</u>

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(c) and on that basis denies the allegations in Paragraph 134(c).

<u>Paragraph 134(d):</u>

Warner/Chappell admits that on or about October 29, 2009, Plaintiff Majar paid Warner/Chappell $5,000 for a synchronization license to use *Happy Birthday to You* in the Film "No Subtitles Necessary: László & Vilmos" and that, in accordance with custom and practice in the industry, Warner/Chappell did not specify the numbers of the copyright registrations or renewals pursuant to which it owns copyright rights in *Happy Birthday to You* when it negotiated with Plaintiff Majar regarding this license.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(d) regarding when Plaintiff Majar allegedly knew the alleged facts supporting this action and on that basis denies such allegations.  The allegations in Paragraph 134(d) regarding when Plaintiff Majar allegedly had reason to know the alleged facts supporting this action are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.  Warner/Chappell admits that it is the exclusive copyright owner of

1  *Happy Birthday to You* and has held itself out as such since October 29, 2009.

2  Except as specifically admitted herein, Warner/Chappell denies the allegations in

3  Paragraph 134(d).

4      Paragraph 134(e):

5      The allegations in Paragraph 134(e) are conclusions of law to which no

6  responsive pleading is required.  To the extent that a response is required,

7  Warner/Chappell denies the allegations in Paragraph 134(e).

8      Paragraph 134(f):

9      Warner/Chappell is without knowledge or information sufficient to form a

10  belief as to what Plaintiff Majar thought or had reason to think and on that basis

11  denies such allegations.  The remaining allegations in paragraph 134(f) are

12  conclusions of law to which no responsive pleading is required.  To the extent that a

13  response is required, Warner/Chappell denies such allegations.

14      Paragraph 134(g):

15      Warner/Chappell is without knowledge or information sufficient to form a

16  belief as to the truth of the allegations in the Paragraph 134(g) and on that basis

17  denies the allegations in Paragraph 134(g).

18      135.   Paragraph 135 characterizes Plaintiffs' claims in the FAC and no

19  responsive pleading is required.  To the extent that a response is required,

20  Warner/Chappell denies the allegations in Paragraph 135.

21      136.   Paragraph 136 characterizes Plaintiffs' claims in the FAC and no

22  responsive pleading is required.  To the extent that a response is required,

23  Warner/Chappell denies the allegations in Paragraph 136.  Warner/Chappell further

24  denies that Plaintiffs can maintain this action as a class action or that any such class

25  can properly be certified.

26      137.   Paragraph 137 characterizes Plaintiffs' claims in the FAC and their

27  purported class and contains conclusions of law, and no responsive pleading is

28  required.  To the extent that a response is required, Warner/Chappell denies the

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1  allegations in Paragraph 137.  Warner/Chappell further denies that Plaintiffs can
2  maintain this action as a class action or that any such class can properly be certified.

3       138.   The allegations in Paragraph 138 are conclusions of law to which no
4  responsive pleading is required.  To the extent that a response is required,
5  Warner/Chappell denies the allegations in Paragraph 138.  Warner/Chappell further
6  denies that Plaintiffs can maintain this action as a class action or that any such class
7  can properly be certified.

8       139.   The allegations in Paragraph 139 are conclusions of law to which no
9  responsive pleading is required.  To the extent that a response is required,
10 Warner/Chappell denies the allegations in Paragraph 139.  Warner/Chappell further
11 denies that Plaintiffs can maintain this action as a class action or that any such class
12 can properly be certified.

13      140.   The allegations in Paragraph 140 are conclusions of law to which no
14 responsive pleading is required.  To the extent that a response is required,
15 Warner/Chappell denies the allegations in Paragraph 140.  Warner/Chappell further
16 denies that Plaintiffs can maintain this action as a class action or that any such class
17 can properly be certified.

18      141.   The allegations in Paragraph 141 are conclusions of law to which no
19 responsive pleading is required.  To the extent that a response is required,
20 Warner/Chappell denies the allegations in Paragraph 141.  Warner/Chappell further
21 denies that Plaintiffs can maintain this action as a class action or that any such class
22 can properly be certified.

23      142.   The allegations in Paragraph 142 are conclusions of law to which no
24 responsive pleading is required.  To the extent that a response is required,
25 Warner/Chappell denies the allegations in Paragraph 142.  Warner/Chappell further
26 denies that Plaintiffs can maintain this action as a class action or that any such class
27 can properly be certified.

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1    143.   The allegations in Paragraph 143 are conclusions of law to which no

2    responsive pleading is required.  To the extent that a response is required,

3    Warner/Chappell denies the allegations in Paragraph 143.  Warner/Chappell further

4    denies that Plaintiffs can maintain this action as a class action or that any such class

5    can properly be certified.

6    144.   The allegations in Paragraph 144 are conclusions of law to which no

7    responsive pleading is required.  To the extent that a response is required,

8    Warner/Chappell denies the allegations in Paragraph 144.  Warner/Chappell further

9    denies that Plaintiffs can maintain this action as a class action or that any such class

10   can properly be certified.

11   145.   Warner/Chappell is without knowledge or information sufficient to

12   form a belief as to the truth of the allegations in Paragraph 145 and on that basis

13   denies the allegations in Paragraph 145.  Warner/Chappell further denies that

14   Plaintiffs can maintain this action as a class action or that any such class can

15   properly be certified.

16   146.   Answering the allegations in Paragraph 146, Warner/Chappell hereby

17   incorporates its responses in Paragraphs 1 through 145 by reference as if fully set

18   forth herein.  To the extent that any further response is required, Warner/Chappell

19   denies the allegations in Paragraph 146.

20   147.   Paragraph 147 characterizes Plaintiffs' claims in the FAC and no

21   responsive pleading is required.  To the extent that a response is required,

22   Warner/Chappell denies the allegations in Paragraph 147.

23   148.   Paragraph 148 characterizes Plaintiffs' claims in the FAC and contains

24   conclusions of law, and no responsive pleading is required.  To the extent that a

25   response is required, Warner/Chappell denies the allegations in Paragraph 148.

26   149.   Warner/Chappell admits that it holds a valid and enforceable copyright

27   in the composition *Happy Birthday to You* and that pursuant to 17 U.S.C. § 115, it is

28   entitled to royalties for the mechanical licensing of this composition in accordance

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1  with the legal requirements of that provision.  Except as specifically admitted

2  herein, Warner/Chappell denies the allegations in Paragraph 149.

3        150.   Warner/Chappell denies the allegations in Paragraph 150.

4        151.   The allegations in Paragraph 151 are conclusions of law to which no

5  responsive pleading is required.  To the extent that a response is required,

6  Warner/Chappell denies the allegations in Paragraph 151.

7        152.   Warner/Chappell denies the allegations in Paragraph 152.

8        153.   The allegations in Paragraph 153 are conclusions of law to which no

9  responsive pleading is required.  To the extent that a response is required,

10  Warner/Chappell denies the allegations in Paragraph 153.

11        154.   The allegations in Paragraph 154 are conclusions of law to which no

12  responsive pleading is required.  To the extent that a response is required,

13  Warner/Chappell denies the allegations in Paragraph 154.

14        155.   Warner/Chappell denies the allegations in Paragraph 155.

15        156.   The allegations in Paragraph 156 are conclusions of law to which no

16  responsive pleading is required.  To the extent that a response is required,

17  Warner/Chappell denies the allegations in Paragraph 156.

18        157.   Paragraph 157 characterizes Plaintiffs' claims in the FAC and contains

19  conclusions of law, and no responsive pleading is required.  To the extent that a

20  response is required, Warner/Chappell denies the allegations in Paragraph 157.

21        158.   The allegations in Paragraph 158 are conclusions of law to which no

22  responsive pleading is required.  To the extent that a response is required,

23  Warner/Chappell denies the allegations in Paragraph 158.

24        159.   On information and belief, Warner/Chappell admits that the 1893 and

25  1896 versions of *Song Stories for the Kindergarten* included the song *Good*

26  *Morning to All*.  The remaining allegations in Paragraph 159 are conclusions of law

27  to which no responsive pleading is required.  To the extent that a response is

28  required, Warner/Chappell denies such allegations.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1    160.   On information and belief, Warner/Chappell admits that the 1893

2    version of *Song Stories for the Kindergarten* and the 1899 version of *Song Stories*

3    *for the Sunday School* included the song *Good Morning to All*.  The remaining

4    allegations in Paragraph 160 are conclusions of law to which no responsive pleading

5    is required.  To the extent that a response is required, Warner/Chappell denies such

6    allegations.

7    161.   The allegations in Paragraph 161 are conclusions of law to which no

8    responsive pleading is required.  To the extent that a response is required,

9    Warner/Chappell denies the allegations in Paragraph 161.

10   162.   The allegations in Paragraph 162 are conclusions of law to which no

11   responsive pleading is required.  To the extent that a response is required,

12   Warner/Chappell denies the allegations in Paragraph 162.

13   163.   The allegations in Paragraph 163 are conclusions of law to which no

14   responsive pleading is required.  To the extent that a response is required,

15   Warner/Chappell denies the allegations in Paragraph 163.

16   164.   The allegations in Paragraph 164 are conclusions of law to which no

17   responsive pleading is required.  To the extent that a response is required,

18   Warner/Chappell denies the allegations in Paragraph 164.

19   165.   The allegations in Paragraph 165 are conclusions of law to which no

20   responsive pleading is required.  To the extent that a response is required,

21   Warner/Chappell denies the allegations in Paragraph 165.

22   166.   The allegations in Paragraph 166 are conclusions of law to which no

23   responsive pleading is required.  To the extent that a response is required,

24   Warner/Chappell denies the allegations in Paragraph 166.

25   167.   Paragraph 167 characterizes Plaintiffs' claims in the FAC and contains

26   conclusions of law, and no responsive pleading is required.  To the extent that a

27   response is required, Warner/Chappell denies the allegations in Paragraph 167.

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1 | **RESPONSE TO PRAYER FOR RELIEF**

2 | Warner/Chappell denies that Plaintiffs are entitled to any of the relief

3 | requested in paragraphs A through I of the Prayer for Relief contained in the FAC or

4 | to any relief whatsoever.

5 | **RESPONSE TO JURY DEMAND**

6 | Plaintiffs' request for a jury trial does not require a responsive pleading.  To

7 | the extent that a response is required, Warner/Chappell denies that Plaintiffs are

8 | entitled to a jury.

9 | **AFFIRMATIVE DEFENSES**

10 | Warner/Chappell asserts the following affirmative defenses and reserves the

11 | right to raise additional defenses if and when appropriate, including if and when it

12 | responds to other claims in the FAC (and/or if and when it responds to this and/or

13 | other claims in subsequent amended complaints).  In asserting these defenses,

14 | Warner/Chappell does not assume the burden of proof for any issue with respect to

15 | which the applicable law places the burden on Plaintiffs.

16 | **First Affirmative Defense**

17 | Claim One, and every purported claim contained in Plaintiffs' FAC, fails to

18 | state a claim against Warner/Chappell upon which relief can be granted. Further,

19 | Claim One of the FAC and Plaintiffs' other claims are ambiguous, vague, and/or

20 | unintelligible.  Warner/Chappell avers that Plaintiffs' claims, including Claim One,

21 | do not describe the events or legal theories with sufficient particularity to permit

22 | Warner/Chappell to ascertain all defenses that may exist.

23 | **Second Affirmative Defense**

24 | Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

25 | in whole or in part, by the applicable statute of limitations.

26

27

28

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1

### Third Affirmative Defense

2       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

3   in whole or in part, by the doctrines of laches, waiver, and/or one or more doctrines

4   of estoppel.

5

### Fourth Affirmative Defense

6       Claim One, and every purported claim contained in Plaintiffs' FAC, has been

7   waived by Plaintiffs in whole or in part and are, to that extent, barred.

8

### Fifth Affirmative Defense

9       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

10  in whole or in part, because of Plaintiffs' unclean hands.

11

### Sixth Affirmative Defense

12      Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

13  in whole or in part, because Plaintiffs have suffered no injury or damages as a result

14  of the matters alleged in the FAC, or alternatively, because the alleged damages, if

15  any, are speculative and because of the impossibility of ascertaining and allocating

16  those alleged damages.

17

### Seventh Affirmative Defense

18      Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

19  in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in

20  the FAC.

21

### Eighth Affirmative Defense

22      Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

23  in whole or in part, because Plaintiffs are not entitled to restitution or disgorgement

24  of profits.

25

### Ninth Affirmative Defense

26      Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

27  in whole or in part, because Plaintiffs would be unjustly enriched if allowed to

28  recover any portion of the damages alleged in the FAC.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

**Tenth Affirmative Defense**

Claim One, and every purported claim contained in Plaintiffs' FAC, is barred, in whole or in part, because the remedies sought are unconstitutional, contrary to public policy, or are otherwise unauthorized.

**Reservation of Rights to Assert Additional Defenses**

Warner/Chappell has not knowingly or intentionally waived any applicable defenses, and it reserves the right to assert and rely upon other applicable defenses that may become available or apparent during discovery in this matter. Warner/Chappell reserves the right to amend or seek to amend its answer and/or affirmative defenses.

**PRAYER FOR RELIEF**

WHEREFORE, Warner/Chappell respectfully demands the entry of judgment in its favor and against Plaintiffs as follows:

1. That Plaintiffs and the members of the purported plaintiff class take nothing by the FAC;

2. That the FAC and each and every allegation and subpart contained therein be dismissed with prejudice;

3. That Warner/Chappell recover its costs of suit incurred herein, including reasonable attorneys' fees; and

4. For such other and further relief as the Court may deem just and proper.

DATED:  May 6, 2013                    MUNGER, TOLLES & OLSON LLP

                                       By:    _/s/ Kelly M. Klaus_
                                       KELLY M. KLAUS

                                       *Attorneys for Defendants Warner/Chappell*
                                       *Music, Inc. and Summy-Birchard, Inc.*

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC