```
 1  FRANCIS M. GREGOREK (144785)
    gregorek@whafh.com
 2  BETSY C. MANIFOLD (182450)
    manifold@whafh.com
 3  RACHELE R. RICKERT (190634)
    rickert@whafh.com
 4  MARISA C. LIVESAY (223247)
    livesay@whafh.com
 5  WOLF HALDENSTEIN ADLER
       FREEMAN & HERZ LLP
 6  750 B Street, Suite 2770
    San Diego, CA 92101
 7  Telephone: 619/239-4599
    Facsimile:  619/234-4599
 8
 9  Interim Lead Counsel for Plaintiffs and the [Proposed] Class
```

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*,<br><br>　　　　　　　Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., *et al.*,<br><br>　　　　　　　Defendants. | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**[PROPOSED] ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT AND DENYING DEFENDANTS' CROSS-MOTION FOR SUMMARY JUDGMENT**<br><br>Date:　　　January 26, 2015<br>Time:　　　9:30 a.m.<br>Judge:　　　Hon. George H. King,<br>　　　　　　　Chief Judge<br>Courtroom: 650<br><br>Fact Discovery Cutoff: July 11, 2014<br>Expert Reports: July 25, 2014<br>Rebuttal Expert Reports: August 25, 2014<br>Expert Discovery Cutoff: Sept. 26, 2014<br>L/D File Jt. MSJ: November 14, 2014<br>Pretrial Conference: N/A<br>Trial: N/A |

**HAVING FOUND GOOD CAUSE APPEARING** in Plaintiffs', Good Morning To You Productions Corp., Robert Siegel, Rupa Marya, and Majar Productions, LLC ("Plaintiffs"), Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56, the Local Rules of this Court and this Court's March 24, 2014 Order Re: Summary Judgment Motions ("March 24th Order") (Dkt. 93) seeking an order declaring that *Happy Birthday to You* ("*Happy Birthday*" or the "Song"), is in the public domain, the Court finds that the Plaintiff's Motion and Defendants' Cross-Motion for Summary Judgment have been fully briefed and heard by the Court and makes the following findings:

### Findings of Fact and Conclusions of Law

1. Defendants claim to own a copyright to *Happy Birthday* which consists of a simple melody originally composed by Mildred J. Hill in 1889 or 1890 as part of a different song, *Good Morning to All* ("*Good Morning*"), which she wrote with her sister Patty S. Hill, together with simple lyrics that were written sometime thereafter.

2. *Good Morning* was copyrighted in 1893 by Clayton F. Summy ("Summy"), and it was purportedly renewed by Jessica Hill (Mildred's and Patty's other sister) in 1921.

3. The copyright for *Good Morning*, including the melody that is shared with *Happy Birthday*, expired in 1949, and that common melody has been in the public domain for more than 65 years. After the copyright to *Good Morning* expired in 1949, no one ever sued anyone for copyright infringement for using or performing *Happy Birthday*.

4. The ownership, origin and claimed copyrights of the Song are at best obscure and no court ever has determined whether Defendants (or any predecessor) own any rights to it.

5. While it has been used and performed innumerable times over the past 80 years without Defendants' (or any predecessor's) permission, no one has ever been sued for infringing any copyright to *Happy Birthday*.

- 1 -

6. On December 9, 1935, the Clayton F. Summy Co. ("Summy Co.") obtained two copyrights, Reg. Nos. E51988 and E51990 ("1935 copyrights"), upon which Defendants now claim copyright ownership.

7. These 1935 copyrights, which expired in 1962, do not protect the Song itself: E51988 protects only new work done by R.R. Forman, an employee-for-hire of Summy Co., who composed a musical arrangement for unison chorus and wrote a second verse for the Song; and E51990 protects only new work done by Preston Ware Orem, another employee-for-hire of Summy Co., who composed a musical arrangement of the Song as an easy piano solo with text.

8. As to E51990, the deposit copy no longer exists and no one is able to say what that "text" was.

9. At most, under E51988 and E51990, Defendants (or a predecessor) own copyrights to two piano arrangements and an obscure second verse that has no commercial value. However, Defendants do not own any copyright to the Song itself.

10. No one – including Defendants – can prove who wrote the familiar lyrics to *Happy Birthday* or when those lyrics were written.

11. The Song itself (*i.e.*, the lyrics set to the *Good Morning* melody) was not copyrightable in 1935 because it had been published and widely performed **without any claim of copyright** for more than three decades long before the 1935 copyrights were registered.

12. *Happy Birthday* had become a public work before 1935.

13. Even if the Song were copyrightable in 1935, Defendants cannot prove they own the Song since there is no way for them to prove how their predecessor acquired rights to the lyrics from an unknown author.

14. Under Section 7 of the 1909 Act, 17 U.S.C. § 7, "no copyright shall subsist in any work which is in the public domain."

15. There is also no evidence that either Mildred or Patty Hill (or Jessica Hill) claimed any copyright to that work or ever assigned it to Defendants or their predecessors.

16. Defendants' reliance upon the two copyright certificates, E51988 and E51990, to support their claim of copyright fails.

17. Neither certificate on its face supports Defendants' claim of copyright ownership.

18. The evidence not only rebuts any limited presumption to which Defendants may be entitled, it conclusively proves that Defendants did *not* acquire any rights to the Song itself and did not copyright the Song in 1935.

19. Under Section 9 of the 1909 Act, 17 U.S.C. § 9, to be copyrighted, *Happy Birthday* first had to be published with a requisite copyright notice.

20. Whoever may have created the words as a variation on *Good Morning*, there is no evidence that *Happy Birthday* was first published with any copyright notice.

21. As the party claiming copyright, Defendants have the burden of proving the scope, or subject-matter, of the copyrights in question.

22. In 1942, the Hill Foundation sued Summy Co. for fees from the use of Mildred Hill's musical composition, *Good Morning*, in *The Hill Foundation v. Clayton F. Summy Co.*, Civ. 19-377 (S.D.N.Y) and alleged that 1934 and 1935, Jessica Hill licensed Summy Co. to use "***various piano arrangements***" of Mildred's musical composition.

23. No copy of that agreement exists; however, in its answer to the amended complaint, Summy Co. admitted that it acquired only rights to "***various piano arrangements*** of the said musical composition 'Good Morning to All,'" although it claimed to have purchased (rather than licensed) those limited rights.

24. Under the 1909 Act, which was in effect when Summy Co. registered both copyrights, a certificate is admissible only "as *prima facie* evidence of the ***facts stated therein***." 17 U.S.C. § 209 (emphasis added).

25. Defendants offer nothing in response to the proof that Summy Co. acquired only rights to "***various piano arrangements***" of *Good Morning*.

26. As works-for-hire, the copyrights under E51988 and E51990 cover only work done by Summy Co.'s employees, Forman and Orem and Defendants admit that Forman and Orem did ***not*** write the Song's familiar lyrics.

27. On its face, E51988 does ***not*** support their claim because the new matter on which copyright was limited to "Arrangement for Unison Chorus ***and revised text***" that was authored by Forman.

28. According to the copyright certificate for E51988, that 1935 copyright covers only the piano arrangement composed by Summy Co.'s employee-for-hire, Forman, together with the obscure second verse written by Forman that lacks commercial value. Since the copyright for E51988 covers only work that Forman did as an employee-for-hire, which did ***not*** include writing the Song's familiar lyrics, E51988 did not cover the Song itself.

29. In E51990, the Application for Copyright, filed by Summy Co. on the same day, identified the new matter as "Arrangement as easy piano solo, with text" which covers only the piano arrangement composed by Orem, Summy Co.'s other employee-for-hire, together with whatever "text" he may have written.

30. Since the copyright for E51990 covers only work that Orem did as an employee-for-hire, which did ***not*** include writing the Song's familiar lyrics, E51990 did not cover the Song either.

- 4 -

31. Since there is no deposit copy of the work protected by that copyright, the owner must produce sufficient evidence to establish what work is copyrighted.

32. Defendants' **only** evidence of the work protected by E51990 is the certificate itself and a piece of sheet music that, on its face, cannot possibly be the work in question.

33. Based on this evidence, as well as the admitted fact that Summy Co. acquired only rights to "***various piano arrangements***" of *Good Morning,* Defendants have not produced sufficient evidence to establish what work was copyrighted.

34. Here, Forman and Orem did ***not*** write the Song's familiar lyrics and they could not possibly have set the Song's familiar lyrics to the *Good Morning* melody as original work.

35. To rebut the presumption, there is also overwhelming evidence of widespread publication and repeated performances of the Song ***for decades*** before Summy Co. filed the disputed copyrights.

36. Widespread prior performances prove that the Song was copied by Forman and Orem, who simply added their own piano arrangements to the by-then extremely popular, public domain work.

37. Any presumption to which Defendants may be entitled under either E51988 or E51990 is also rebutted by the failure of Summy Co. and the Hill Sisters to assert any copyright or authorship rights under either E51988 or E51990 in five separate infringement actions they brought over use or public performance of the Song in the 1930s and 1940s.

38. The Hill Foundation commenced one of those actions, *Hill Foundation v. Harris,* before the applications for E51988 and E51990 were filed. The Hill Foundation commenced two other actions, *Hill Foundation v. Summy Co.* and *Hill Foundation v. Postal Telegraph-Cable Co.* after E51988 and E51990 were registered.  Summy Co. filed two of those

actions, *Summy Co. v. Marx* and *Summy Co. v. McLoughlin,* after E51988 and E51990 were registered.

39. Those actions are convincing evidence of exactly what copyright Summy Co. and the Hill Sisters owned – only the copyright to the melody of *Good Morning* protected under the 1893 copyright 45997Y (which expired by 1949) – as well as what copyright they did ***not*** own – a copyright to *Happy Birthday* itself.

40. Regardless of the scope of E51988 and E51990 and whatever presumption Defendants are entitled to under the copyright certificates, a copyright owner still must prove his or its chain of title from the original copyright registrant.

41. Defendants did not meet their burden to prove chain of title.

42. In the chain of title, there are gaps in the various corporate transactions, i.e. ***no*** evidence of how Sengstack acquired any shares of a Delaware predecessor of the Wyoming corporation or how he acquired the remaining shares of the Wyoming corporation.

43. Since Warner/Chappell cannot prove its chain of title to E51988 and E51990, its claim of copyright fails.

## ORDER

**THEREFORE**, based upon the foregoing Findings of Fact and Conclusions of Law, Plaintiffs' Motion for Summary Judgment is hereby **GRANTED**, as follows:

1. The Song was not copyrightable in 1935 and has been in the public domain for over 65 years;

2. Even if the Song was copyrightable in 1935, Defendants did not acquire the copyright to the Song and the Song has been in the public domain for over 65 years;

1  3. Any presumption in favor of the 1935 copyrights is readily rebuttable by the overwhelming weight of the evidence, and the 1935 copyrights do not cover the Song which has been in the public domain for over 65 years;

4. Since Defendants cannot demonstrate a continuous right of ownership in the 1935 copyright, their claim of copyright fails and the Song has been in the public domain for over 65 years; and

5. For all of the aforementioned reasons, Defendants' Cross-Motion for Summary Judgment is **DENIED**.

**IT IS SO ORDERED.**

Dated:_____

HON. GEORGE H. KING, CHIEF JUDGE
UNITED STATES DISTRICT COURT JUDGE

WARNER/CHAPPELL:21331.prop.order