1  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
2  **WOLF HALDENSTEIN ADLER**
     **FREEMAN & HERZ LLP**
3  750 B Street, Suite 2770
   San Diego, CA 92101
4  Telephone:  619/239-4599
   Facsimile:   619/234-4599
5
6  *Interim Lead Counsel for Plaintiffs and the*
   *[Proposed] Class*
7  GLENN D. POMERANTZ (State Bar No. 112503)
   glenn.pomerantz@mto.com
8  KELLY M. KLAUS (State Bar No. 161091)
   kelly.klaus@mto.com
9  MELINDA E. LeMOINE (State Bar No. 235670)
   melinda.lemoine@mto.com
10 ADAM I. KAPLAN (State Bar No. 268182)
   adam.kaplan@mto.com
11 **MUNGER, TOLLES & OLSON LLP**
   355 South Grand Avenue
12 Thirty-Fifth Floor
   Los Angeles, California 90071-1560
13 Telephone:  (213) 683-9100
   Facsimile:   (213) 687-3702
14
15 *Attorneys for Defendants Warner/Chappell Music, Inc.*
   *and Summy-Birchard, Inc.*

16              **UNITED STATES DISTRICT COURT**

17           **CENTRAL DISTRICT OF CALIFORNIA -**

18                    **WESTERN DIVISION**

19 GOOD MORNING TO YOU          ) Lead Case No. CV 13-04460-GHK (MRWx)
   PRODUCTIONS CORP., *et al.*,  )
20                              )
                               ) **[*CORRECTED*] JOINT STATEMENT**
21          Plaintiffs,          ) **OF UNCONTROVERTED FACTS IN**
                               ) **SUPPORT OF PARTIES' NOTICE OF**
22 v.                           ) **CROSS-MOTION AND CROSS-**
                               ) **MOTION FOR SUMMARY**
23                              ) **JUDGMENT**
   WARNER/CHAPPELL MUSIC,       )
24 INC., *et al.*,               )
                               )
25                              ) Date:        January 26, 2015
          Defendants.           ) Time:        9:30 a.m.
26                              ) Room:        650
                               ) Judge:       Hon. George H. King,
27 _____ )              Chief Judge
28

**JOINT STATEMENT OF UNCONTROVERTED FACTS***

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P1. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of Plaintiffs' Fourth Amended Complaint filed on April 29, 2014 ("FAC"), Dkt. 95, 96 | • Evidentiary Appendix ("App'x"), Ex. 1 | Undisputed. | |
| P2. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of Defendants' Answer to Plaintiffs' FAC filed on May 6, 2014 ("Defs. Ans.") | • App'x Ex. 2 | Undisputed. | |
| P3. | At some point prior to 1893, Mildred Hill and Patty Hill (together, the "Hill Sisters") wrote a manuscript containing sheet music for numerous songs.  The music was composed by Mildred | • App'x Ex. 1 (FAC) at 8, ¶ 16; App'x Ex. 2 (Defs. Ans.) at 49-50, ¶ 16 | Undisputed. | |

25202178.1 *As directed in the Court's March 24, 2014 Order Re: Summary Judgment, Dkt. 93, ¶ 9

CASE NO. CV 13-04460-GHK

JOINT STATEMENT OF UNCONTROVERTED FACTS

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | (with Patty's help) and the lyrics were written by Patty. | | | |
| P4. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Amended Answer filed by Summy Co. (Delaware) on December 29, 1942, in the Southern District of New York in the case captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Civil No. 19-377. | • App'x Ex. 51 at 677-689. | Undisputed. | |
| P5. | *Good Morning to All* ("*Good Morning*") was one of the songs the Hill Sisters included in their manuscript. | • App'x Ex. 51 at 680-681 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P6. | *Good Morning* was composed by Mildred, with Patty's help, and the lyrics were written by Patty. | • App'x Ex. 51 at 678-679, ¶ 2 | Undisputed. | |
| P7. | On February 1, 1893, the Hill Sisters sold and assigned all their right, title, and interest in the written manuscript to Clayton F. Summy (hereafter, "Summy"). | • App'x Ex. 51 at 678-679 | Undisputed. | |
| P8. | There is no copy of any written agreement setting forth the terms of the Hill Sisters' February 1, 1893, assignment to Summy. | • App'x Ex. 3 [Declaration of Mark C. Rifkin ("Rifkin Decl.")] at 78, ¶¶ 2-4] | Undisputed. | |
| P9. | Mildred Hill and Patty Hill were never employed by Summy or by any of Summy's businesses. | • App'x Ex. 27 at 554 (New Song Information Sheet), App'x Ex. 3 [Rifkin Decl.] at 78, ¶ 5 | Undisputed. | |

- 3 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P10. | In 1893, Summy published the Hill Sisters' written manuscript in a songbook titled *Song Stories for the Kindergarten*, with a foreword by Anna E. Bryan. | • App'x Ex. 1 (FAC) at 8, ¶ 19; App'x Ex. 2 (Defs. Ans.) at 50, ¶ 19 | Undisputed. | |
| P11. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an excerpt of *Song Stories for the Kindergarten*. | • App'x Ex. 5 at 87-93 | Undisputed. | |
| P12. | *Song Stories for the Kindergarten* included the song *Good Morning*. | • App'x Ex. 5 at 93 | Undisputed. | |
| P13. | On or about October 13, 1893, Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for *Song* | • App'x Ex. 1 (FAC) at 8, ¶ 20; App'x Ex. 2 (Defs. Ans.) at 50, ¶ 20 | Undisputed. | |

- 4 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | *Stories for the Kindergarten* for a term of 28 years. | | | |
| P14. | *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1893, by Clayton F. Summy." | • App'x Ex. 5 at 90 | Undisputed. | |
| P15. | The lyrics to *Good Morning* are:<br><br>Good morning to you<br>God morning to you<br>Good morning dear children<br>Good morning to all. | • App'x Ex. 1 (FAC) 9, ¶ 24; App'x Ex. 2 (Defs. Ans.) at 50, ¶ 24 | Undisputed. | |
| P16. | The familiar lyrics to the song *Happy Birthday to You* ("*Happy Birthday*" or the "Song"), are:<br><br>Happy birthday to you | • App'x Ex. 1 (FAC) at 9, ¶ 25; App'x Ex. 2 (Defs. Ans.) at 50-51, ¶ 25. | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Happy birthday to you<br>Happy birthday dear [NAME]<br>Happy birthday to you. | | | |
| P17. | *Happy Birthday* is the combination of the familiar *Happy Birthday* lyrics set to the melody of *Good Morning*. | • App'x Ex. 1 (FAC) at 9, ¶ 25; App'x Ex. 2 (Defs. Ans.) at 50-51, ¶ 25. | Undisputed that the lyrics identified in P16 frequently are performed in conjunction with the melody to *Good Morning to All*. | App'x Ex. 1 (FAC) at ¶ 25; App'x Ex. 2 (Ans.) at ¶ 26 |
| P18. | No lyrics to *Happy Birthday* were published in *Song Stories for the Kindergarten*. | • App'x Ex. 1 (FAC) at 9, ¶ 26; App'x Ex. 2 (Defs. Ans.) at 51, ¶ 26. | Undisputed. | |
| P19. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Articles of Incorporation for the Clayton F. Summy Company filed with the State of Illinois on or about | • App'x Ex. 6 at 95-109 | Undisputed. | |

- 6 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | January 14, 1895. | | | |
| P20. | Pursuant to Summy Co.'s Articles of Incorporation, Summy Co. term of incorporation was limited to 25 years. | • App'x Ex. 6 at 95. | Undisputed. | |
| P21. | On or about January 14, 1895, Summy assigned all his right, title and interest in *Song Stories for the Kindergarten* to Summy Co. | • App'x Ex. 1 (FAC) at 9, ¶ 27; App'x Ex. 2 (Defs. Ans.) at 51, ¶ 27 | Undisputed. | |
| P22. | In or about 1896, Summy Co. published a new, revised, illustrated, and enlarged version of *Song Stories for the Kindergarten*, which contained illustrations by Margaret Byers. | • App'x Ex. 1 (FAC) at 9, ¶ 28; App'x Ex. 2 (Defs. Ans.) at 51, ¶ 28 | Undisputed. | |

- 7 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P23. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the 1896 version of *Song Stories for the Kindergarten*. | • App'x Ex. 7 at 111-210 | Undisputed. | |
| P24. | No lyrics to *Happy Birthday* were published in the 1896 version of *Song Stories for the Kindergarten*. | • App'x Ex. 7 at 127 | Undisputed. | |
| P25. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an article entitled *First Grade Opening Exercises* printed in the January 1901 edition of *Inland Educator and Indiana School Journal*. | • App'x Ex. 8 at 212-213 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P26. | The article entitled *First Grade Opening Exercises* states, in relevant part:<br><br>"A birthday among the little people is always a special occasion.  The one who is celebrated is decorated with a bright flower or badge and stands in the center of the circle while the children sing "Happy birthday to you." | • App'x Ex. 8 at 212-213 | Undisputed that the article entitled *First Grade Opening Exercises* contains the quote recited. | App'x Ex. 8 at 212-213 |
| P27. | The lyrics and melody of *Happy Birthday to You* were not printed in the article entitled *First Grade Opening Exercises*. | • App'x Ex. 8 at 213 | Undisputed. | |
| P28. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an | • App'x Ex. 9 at 215-218 | Undisputed. | |

- 9 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | excerpt from the book *Tell Me a True Story*. | | | |
| P29. | Fleming H. Revell Co. ("Revell") published the book *Tell Me a True Story*, and it was arranged by Mary Stewart. | • App'x Ex. 9 at 215 | Undisputed. | |
| P30. | *Tell Me a True Story* instructed readers to:<br><br>Sing: "Good-bye to you, good-bye to you, good-bye dear children, goodbye to you." Also: "Good-bye dear teacher." (From "Song Stories for the Sunday-School," published by Summy & Co.)<br><br>Sing: "Happy Birthday to You." (Music same as "Good-bye to You.") | • App'x Ex. 9 at 217-218 | Undisputed that *Tell Me a True Story* contains the quote recited. | App'x Ex. 9 at 217-18 |

- 10 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P31. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the entry for Reg. No. A239690 (*Tell Me a True Story*) in the 1909 Catalog of Copyright Entries for Books | • App'x Ex. 10 at 220 | Undisputed. | |
| P32. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of *The Elementary Worker and His Work*. | • App'x Ex. 11 at 222-486 | Undisputed. | |
| P33. | *The Elementary Worker and His Work* was published in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church ("Board of Sunday | • App'x Ex. 11 at 228-229 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Schools") and was written by Alice Jacobs and Ermina Chester Lincoln. | | | |
| P34. | The complete, familiar lyrics to *Happy Birthday to You* (without the sheet music for the melody) appeared on page 63 of *The Elementary Worker and His Work*, as follows:<br><br>Happy birthday to you, Happy birthday to you, Happy birthday, dear John, Happy birthday to you. (Sung to the same tune as the "Good Morning") | • App'x Ex. 11 at 290 | Undisputed. | |
| P35. | Page 67 of *The Elementary Worker and His Work* states:<br><br>[NOTE: The songs and | • App'x Ex. 11 at 294 | Undisputed. | |

- 12 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | exercises referred to in this program may be found in these books:… "Song Stories for the Sunday School," by Patty Hill.] | | | |
| P36. | Attached to the Joint Evidentiary Appendix is a certified copy of the Certificate of Copyright Registration for *The Elementary Worker and His Work*. | • App'x,  Ex. 12 at 488-490<br><br>• App'x Ex. 4 at 83, ¶ 3(e) | Disputed.  The document referenced is an application for copyright. | App'x Ex. 12 at 488-90 |
| P37. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an excerpt of the *Happy Birthday* sheet music published by the Cable Company Chicago in 1912. | • App'x Ex. 13 at 492-493 | Undisputed. | |

- 13 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P38. | By 1912, the Cable Company Chicago had begun publishing sheet music with the following title:<br><br>"Good-Morning to You.<br><br>GOOD-BYE TO YOU - HAPPY BIRTHDAY TO YOU" | • App'x Ex. 13 at 492-493<br><br>• App'x Ex. 3 [Rifkin Decl.] at 79, ¶ 6] | Undisputed that the document cited contains sheet music with the title recited. | App'x Ex. 13 at 492-93 |
| P39. | Cable Company Chicago never asserted copyright ownership in *Happy Birthday*. | • App'x Ex. 3 [Rifkin Decl.] at 79, ¶ 7 | Undisputed. | |
| P40. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an excerpt of the sheet music published in *The Golden Book of Favorite Songs*. | • App'x Ex. 14 at 495-497 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P41. | In 1915, Hall & McCreary Company published *The Golden Book of Favorite Songs* which included sheet music with the following title:<br><br> "GOOD-MORNING TO YOU.<br>GOOD-BYE TO YOU -<br>HAPPY BIRTHDAY TO YOU" | • App'x Ex. 14 at 496-497 | Undisputed that the document cited contains sheet music with the title recited. | App'x Ex. 14 at 495-97 |
| P42. | On January 14, 1920, Summy Co.'s 25-year term of incorporation expired. | • App'x Ex. 6 at 95 | Undisputed that January 14, 1920 is 25 years after January 14, 1895. | App'x Ex. 6 at 95 |
| P43. | Copyright to the original (1893) version *Song Stories for the Kindergarten* (Reg. No. 45997) was never extended or renewed by Summy Co. | • App'x Ex. 3 [Rifkin Decl.] at  79, ¶ 8 | Undisputed. | |

- 15 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P44. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a renewal application Jessica Hill filed for *Song Stories for the Kindergarten* (Reg. No. 45997) on September 3, 1921. | • App'x Ex. 16 at 500-501 | Undisputed. | |
| P45. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Certificate of Incorporation for Educational Music Bureau ("EMB") filed with the Illinois Secretary of State on or about August 11, 1923. | • App'x Ex. 17 at 503-507 | Undisputed. | |
| P46. | At the time of its incorporation EMB issued | • App'x Ex. 17 at 505 | Undisputed. | |

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | 200 shares of capital stock to nine (9) different shareholders. | | | |
| P47. | John F. Sengstack was not one of the nine (9) shareholders who received shares of capital stock in EMB at the time of its incorporation. | • App'x Ex. 17 at 505 | Undisputed that the name John F. Sengstack does not appear on App'x Ex. 17 | App'x Ex. 17 |
| P48. | Attached to the Joint Appendix is a true, correct, and admissible copy of An excerpt from the songbook *Harvest Hymns*. | • App'x Ex. 18 at 509-512 | Undisputed. | |
| P49. | *Harvest Hymns,* published in or around March, 1924 contained sheet music (with accompanying lyrics) to *Happy Birthday*. | • App'x Ex. 18 at 512 | Undisputed that *Harvest Hymns* contains sheet music (with accompanying lyrics) to *Happy Birthday*. | App'x Ex. 18 at 512 |

- 17 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P50. | *Harvest Hymns*, was published, compiled, and edited by Robert H. Coleman ("Coleman"). | • App'x Ex. 19 at 514-516 | Undisputed. | |
| P51. | Attached to the Joint Evidentiary Appendix is a certified and admissible copy of the Certificate of Copyright Registration for *Harvest Hymns*. | • App'x Ex. 19 at 514-516<br>• App'x Ex. 4 [Landes Decl.] at 83, ¶ 3(f) | Disputed. The document referenced is an application for copyright. | App'x Ex. 19 at 514-16 |
| P52. | Attached to the Joint Appendix is a true, correct, and admissible copy of the Articles of Incorporation of Clayton F. Summy Co. filed with the Illinois Secretary of State on or about April 15, 1925 ("Summy Co. II"). | • App'x Ex. 20 at 518-523 | Undisputed. | |
| P53. | Attached to the Joint Evidentiary Appendix is a | • App'x Ex. 21 at 525-528 | Undisputed. | |

- 18 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | true is a true, correct, and admissible copy of an excerpt from the book *Children's Praise and Worship*. | | | |
| P54. | The sheet music (with accompanying lyrics) to *Happy Birthday to You* was published in 1928 in *Children's Praise and Worship*. | • App'x Ex. 21 at 528 | Undisputed that *Children's Praise and Worship* contains the sheet music and lyrics to *Happy Birthday to You*. | App'x Ex. 21 at 528 |
| P55. | In *Children's Praise and Worship*, the *Happy Birthday* song was published under the title *Happy Birthday to You*. | • App'x Ex. 21 at 528 | Undisputed that *Children's Praise and Worship* contain the lyrics to *Happy Birthday to You* and that those lyrics appear under the title "Happy Birthday to You." | App'x Ex. 21 at 528 |
| P56. | Attached to the Joint Evidentiary Appendix is a certified and admissible copy of the Certificate of Copyright Registration for | • App'x  Ex. 22 at 530-532<br>• App'x Ex. 4, [Landes Decl.] at 83, ¶ 3(g)] | Disputed.  The document referenced is an application for copyright. | App'x Ex. 22 at 530-32 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
|  | *Children's Praise and Worship.* |  |  |  |
| P57. | *Children's Praise and Worship* did not provide any copyright notice for the combination of *Good Morning to All* with the lyrics to *Happy Birthday to You*, nor did it include the names of Mildred Hill or Patty Hill and did not attribute any authorship or ownership to the Hill Sisters. | • App'x Ex. 21 at 528 | Undisputed. |  |
| P58. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an Agreement dated August 7, 1931, between Clayton F. Summy and John F. Sengstack. ("John | • App'x Ex. 92 at 1059-1068 | Undisputed. |  |

- 20 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Sengstack"). | | | |
| P59. | Pursuant to Paragraph (b) of the "WHEREAS" clause in the August 7, 1931 Agreement, after the incorporation of Summy Co. (Delaware), it was agreed that Clayton F. Summy would own 1,500 shares of Preferred Stock in Summy Co. (Delaware) with a par value of $100 per share. | • App'x Ex. 92 at 1060-1061 | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Declaration of Adam I. Kaplan ("Kaplan Decl.") at ¶ 17 |
| P60. | Pursuant to Paragraph 3 of the August 7, 1931 Agreement, after the incorporation of Summy Co. (Delaware), it was agreed that John Sengstack would own 1,500 shares of Common Stock in Summy Co. (Delaware) with no par | • App'x Ex. 92 at 1063 | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | value. | | | |
| P61. | Pursuant to Paragraph (b) of the "WHEREAS" clause in the August 7, 1931 Agreement, it was agreed that the Preferred Stock owned by Clayton F. Summy could be redeemed at any time at the option of Summy Co. (Delaware), at par and accrued dividends. | • App'x Ex. 92 at 1060-1061 | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931. As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P62. | Pursuant to Paragraph (b) of the "WHEREAS" clause in the August 7, 1931 Agreement, it was agreed that the 1,500 shares of Preferred Stock owned by Clayton F. Summy had a total par value of $150,000. | • App'x Ex. 92 at 1060-1061 | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931. As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P63. | On or about August 31, 1931 Clayton F. Summy | • App'x Ex. 1 (FAC) at 14, ¶ 68; App'x Ex. | Undisputed. | |

- 22 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Co. ("Summy Co. (Delaware)") was incorporated under the laws of the State of Delaware. | 2 (Defs. Ans.) at 56, ¶ 68. | | |
| P64. | The song *Happy Birthday to You*, including lyrics is performed in the motion picture *Girls About Town*. | • App'x Ex. 35 (parts 1, 5, 6 of http://www.youtube.com/watch?v=zbeni6 pmJHk&feature=share&list=PL8DEBB57 2FF5195FB&index=4) | Undisputed that the YouTube posting that plaintiffs cite includes a performance of the song *Happy Birthday to You*, including lyrics. | |
| P65. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from The Catalog of Copyright Entries (*Cumulative Series*) for Motion Pictures from 1912 to 1939 that contains the following entry:<br><br>GIRLS ABOUT TOWN. 1931. 9 reels, sd.  Credits: Director, George Cukor; | • App'x Ex. 24 at 547 | Undisputed. | |

- 23 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | story. Zoe Akins; screenplay. Raymond Griffith, Brian Marlow. <br><br>© Paramount Publix Corp.; 3Nov31; <br><br>LP2612. | | | |
| P66. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the online Illinois Statewide Death Index maintained by the Illinois Secretary of State. | • App'x Ex. 93 at 1070 | Undisputed. | |
| P67. | Clayton F. Summy died on February 10, 1932 in Du Page County, Illinois. | • App'x Ex. 93 at 1070 | Undisputed. | |
| P68. | There is no documentation in the record to prove that Clayton F. Summy Co. (Delaware) paid Clayton F. | • App'x Ex. 23 [Newman Decl.] at 540, ¶ 50 | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931. As of October 1988, Summy-Birchard | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Summy $150,000 plus accrued dividends to redeem his 1,500 Preferred shares in Clayton F. Summy Co. (Delaware) prior to his death. | | Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P69. | The song *Happy Birthday* is played in the motion picture *Bosko's Party*. | • "Bosko's Party" – lodged with Court as Ex 25 | Undisputed. | |
| P70. | The beginning of *Bosko's Party* states: "Copyright MSMXXXII by SUNSET PRODUCTIONS, Inc." | • "Bosko's Party" – lodged with Court as Ex. 25 | Undisputed. | |
| P71. | The song *Happy Birthday* is performed in the motion picture *Strange Interlude*. | • *Strange Interlude* – lodged with Court as App'x Ex. 26. | Undisputed. | |
| P72. | Attached to the Joint | • App'x Ex. 89 at 1043 | Undisputed. | |

- 25 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Appendix is a true, correct, and admissible copy of the Dialogue Cutting Continuity from Reel 8, Scene No. 15 for the movie "Strange Interlude" dated June 9, 1932. | | | |
| P73. | Attached to the Joint Appendix is a true, correct, and admissible copy of Metro-Goldwyn-Mayer's Notice of Intent to Use Musical Compositions in connect with the "photoplay" entitled "STRANGE INTERLUDE" dated July 14, 1932 (Production #608) identifying *Happy Birthday* as being in the public domain. | • App'x Ex. 90 at 1045 | Undisputed that App'x Ex. 90 at 1045 has the date and production number recited and that it states:<br><br>Notification is hereby given of our intention to use the following musical compositions in connection with photoplay entitled "STRANGE INTERLUDE."<br><br>Also undisputed that App'x Ex. 90 at 1045 states "Composer: Unknown" and "Publisher: Public Domain" under the title HAPPY BIRTHDAY TO YOU. | |

- 26 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P74. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from The Catalog of Copyright Entries (*Cumulative Series*) for Motion Pictures from 1912 to 1939 that contains the following entry:<br><br>STRANGE INTERLUDE. 1932. 12 reels, sd., b&w. From the play by Eugene O'Neill. Credits: Producer, Robert Z. Leonard; dialogue continuity, Bess Meredyth, C. Gardner Sullivan; film editor, Margaret Booth. © Metro Goldwyn Mayer Distributing Corp.; 11Oct32; LP3314. | • App'x Ex. 24 at 548 | Undisputed. | |

- 27 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P75. | Attached to the Joint Appendix is a true, correct, and admissible copy of a document that shows that C.F.S. Musical Co. was dissolved by a decree entered by the Superior Court of Cook County, Illinois on or about May 17, 1933. | • App'x., Ex. 28 at 557 | Undisputed. | |
| P76. | Attached to Joint Appendix is a true, correct, and admissible copy of Interrogatory Responses dated March 25, 1935, filed by Sam Harris in the Southern District of New York in the matter captioned *Jessica M. Hill v. Sam H. Harris*, Eq. No. 78-350. | • App'x Ex. 29 at 559-574 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P77. | On September 9, 1933, the play *As Thousands Cheer* began singing *Happy Birthday* in public performances. | • App'x Ex. 29 at 561, 573 | Disputed.  Unsupported by the evidence cited. | App'x Ex. 29 at 561 |
| P78. | The song *Happy Birthday* is performed in the motion picture *Baby Take a Bow*. | • *Baby Take a Bow*, lodged with Court as Ex. 30. | Undisputed. | |
| P79. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from The Catalog of Copyright Entries (*Cumulative Series*) for Motion Pictures from 1912 to 1939 that contains the following entry:<br><br>    BABY TAKE A BOW. 1934. 6,600 ft., sd.  Based on a play by James P. Judge.  Credits: Director, | • App'x Ex. 24 at 546 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Harry Lachman; screenplay, Philip Klein, E. E. Paramore, Jr.; music director, Samuel Kaylin.<br><br>© Fox Film Corp.; 20Jun34; LP4777. | | | |
| P80. | Attached to the Joint Appendix is a true, correct, and admissible copy of the Complaint filed by Jessica M. Hill on August 14, 1934, in the Southern District of New York, captioned *Jessica M. Hill v. Sam H. Harris*, Eq. No. 78-350. | • App'x Ex. 32 at 580-587 | Undisputed. | |
| P81. | In Paragraph 17 of the Complaint in *Hill v. Harris*, Jessica Hill alleged:<br><br>   That the continuation of | • App'x Ex. 32 at 584 | Undisputed that in Paragraph 17 of the Complaint in *Hill v. Harris*, Jessica Hill alleged:<br><br>That the continuation of such  infringing performances will destroy the value of | App'x Ex. 32 at 580-87 |

- 30 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | such infringing performances [of *Happy Birthday*] will destroy the value of plaintiff's copyright and her rights thereunder will lead and induce others to perform publicly for profit, and for the purpose of profit, public performances of said musical composition ***"Good Morning to All*."** (emphasis added). | | plaintiff's copyright and her rights thereunder will lead and induce others to perform publicly for profit, and for the purpose of profit, public performances of said musical composition "Good Morning to All; ...." | |
| P82. | Jessica Hill did not allege in the Complaint in *Hill v. Harris* that the public performance of *Happy Birthday* in *As Thousands Cheer* infringed on any common law or statutory copyright to *Happy Birthday*. | • App'x Ex. 32 at 580-587 | Undisputed that there is no allegation in the Complaint in *Hill v. Harris* that *Happy Birthday to You* was performed in *As Thousands Cheer*. | App'x Ex. 32 at 580-87 |

- 31 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P83. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the 1934 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Promise (The); w Olive Hyde Foster, m Mary Turner Salter; high voice;organ acc. © Dec. 21, 1934; E pub. 45488; Clayton F. Summy co., Chicago.  27171 | • App'x Ex. 33 at 589 | Undisputed. | |
| P84. | Attached to the Joint Appendix is a true, correct, and admissible copy of a newspaper article titled *Shy Women Teachers Who Wrote Child's Ditty Figure in Plagarism Suit Over* | • App'x Ex. 34 at 591 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 34 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | *Broadway Hit* that appeared in the *New York Times* on August 15, 1934. | | | |
| P85. | In that article, Patty Hill was quoted as saying "My song," is sung the world over." | • App'x Ex. 34 at 591 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 34 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |
| P86. | Attached to the Joint Appendix is a true, correct, and admissible copy of an article titled *Music: Good Morning* that appeared in *TIME* magazine on August 27, 1934. | • App'x Ex. 90 at 1047 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 90 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |
| P87. | That article stated, in relevant part, that: "Lyricist Patty Hill, who will share in the damages, if any, had no complaint to make on the use of the | • App'x Ex. 90 at 1047 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 90 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | words because she long ago resided herself the fact that her ditty had become common property of the nation." | | | |
| P88. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Amended Complaint filed by Jessica M. Hill on January 28, 1935, against Sam H. Harris, Sam H. Harris Theatrical Enterprises, Inc., Irving Berlin and Moss Hart in the Southern District of New York in the case originally captioned *Jessica M. Hill v. Sam H. Harris,* Equity No. 78-350. | • App'x Ex. 36 at 594-601 | Undisputed. | |

- 34 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P89. | In Paragraph 18 of the Amended Complaint, Jessica Hill alleged:<br><br>That the continuation of such infringing performances [of *Happy Birthday*] will destroy the value of plaintiff's copyright and her rights thereunder and will lead and induce others to perform publicly for profit, and for the purposes of profit, public performances of said musical composition ***"Good Morning to All."*** | • App'x Ex. 36 at 598-599 | Undisputed that in Paragraph 18 of the Amended Complaint in *Hill v. Harris*, Jessica Hill alleged:<br><br>That the continuation of such infringing performances will destroy the value of plaintiff's copyright and her rights thereunder will lead and induce others to perform publicly for profit, and for the purpose of profit, public performances of said musical composition "Good Morning to All; ...." | • App'x Ex. 36 at 598 |
| P90. | Jessica Hill did not allege in the Amended Complaint that the public performance of *Happy Birthday* in *As Thousands Cheer* infringed | • App'x Ex. 36 at 594-601 | Undisputed that there is no allegation in the Amended Complaint in *Hill v. Harris* that *Happy Birthday to You* was performed in *As Thousands Cheer.* | App'x Ex. 36 at 594-601 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | on any common law or statutory copyright to *Happy Birthday*. | | | |
| P91. | Attached to the Joint Appendix is a true, correct, and admissible copy of a newspaper article titled *Sam H. Harris is Sued Over Melody of Song* that appeared in the *New York Herald* on August 15, 1934. | • App'x Ex. 37 at 603 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 37 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |
| P92. | The article stated, in relevant part, that:<br><br>The scene in "As Thousands Cheer," wherein Miss Hill alleged her tune was plagiarized, depicts John D. Rockefeller Jr., with members of the | • App'x Ex. 37 at 603 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 37 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Rockefeller family ranged around, presenting to his aged father a miniature of Radio City and a birthday cake.  The Rockefellers are singing "*Happy Birthday to You.*"  ***Using the music, but not the words, of the song the Hill Sisters claim is theirs.***  (emphasis added). | | | |
| P93. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Great is the Lord; w from the Bible, m Harold L. Thomas; mixed cho. © | • App'x Ex. 38 at 605 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | May 17, 1935; E pub. 48270; Clayton F. Summy co., Chicago. 10935 | | | |
| P94. | The song *Happy Birthday* is performed in the motion picture *The Old Homestead*. | • *The Old Homestead,* lodged with Court as Ex. 39. | Undisputed that a short segment of Happy Birthday is performed, fleetingly, in *The Old Homestead*. | |
| P95. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the Catalog of Copyright Entries (*Cumulative Series*) for Motion Pictures from 1912 to 1939 that contains the following entry:<br><br>THE OLD HOMESTEAD. Presented by M. H. Hoffman. 1935. 8 reels, | • App'x Ex. 24 at 550 | Undisputed. | |

- 38 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | sd. Based on John Russell Coryell's novelized version of the play by Denman Thompson. Credits: Director, William Nigh; story, continuity, and dialogue, W. Scott Darling; musical arrangements, Howard Jackson. © Liberty Pictures Corp.; 17Jun35; LP5623. | | | |
| P96. | Attached to the Joint Appendix is a true, correct, and admissible copy of Depositions Transcripts *de benne esse* of Patty S. Hill and Jessica Hill taken July 1, 1935, filed in *Hill v. Harris*, Eq. No. 78-350. | • App'x Ex. 87 at 1000-1041 | Undisputed | |
| P97. | Attached to the Joint Appendix is a true, correct, | • App'x Ex. 38 at 606 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Heather (The) bells of Clare; w Liam P. Clancy, m Josephine M. Rice; ten. or sop., in E flat. © July 2, 1935; E pub. 49129; Clayton F. Summy co., Chicago. 15501. | | | |
| P98. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Hi! Ho! on tiptoe; w and | • App'x Ex. 38 at 607 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | m Garnet Parker Erwin; pf. © July 12,1935; E pub. 49261; Clayton F. Summy co., Chicago. 15518 | | | |
| P99. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Whip-poor-will; w and m Garnet Parker Erwin; pf. © July 12, 1935; E pub. 49262; Clayton F. Summy co., Chicago. 17258 | • App'x Ex. 38 at 608 | Undisputed. | |
| P100. | Attached to the Joint Appendix is a true, correct, | • App'x Ex. 38 at 609 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Etude for chorus no. 2; Latvian spiritual, melody form a Russian folk song, English text and choral arr. I.B. Sergei; mixed voices. © Aug. 15, 1935; E pub. 51621; Kalnin, Mohr & Apsit, Los Angeles.  25167 | | | |
| P101. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains | • App'x Ex. 38 at 610 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | the following entry:<br><br>Out of the depths; anthem, w from the Bible, m Alfred Wooler; mixed voices with sop. or ten. solo. © Oct. 11, 1935; E pub. 50828; Clayton F. Summy co., Chicago. 23763 | | | |
| P102. | The song *Happy Birthday* is performed in the motion picture 'Way Down East. | • The motion picture, 'Way Down East, Lodged with Court as Ex. 41 | Undisputed. | |
| P103. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the Catalog of Copyright Entries (*Cumulative Series*) for Motion Pictures from 1912 to 1939 that contains the following entry: | • App'x Ex. 24 at 549 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | 'WAY DOWN EAST. Presented by Fox Film. 1935. 7,661 ft., sd. From the play by Lottie Blair Parker. Credits: Director, Henry King; screenplay, Howard Estabrook, William Hurlbut; music director, Oscar Bradley. © Twentieth Century-Fox Film Corp.; 25Oct35; LP5992. | | | |
| P104. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Autumn (An) sunset; w Janet Donaldson, m | • App'x Ex. 38 at 611 | Undisputed. | |

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Cuthbert Harris, arr. Preston Ware Orem; mixed cho. © Nov. 20, 1935; E pub. 51686; Clayton F. Summy co., Chicago. 24788 | | | |
| P105. | Attached to the Joint Appendix is a true, correct, and admissible copy of a page from the 1935 Catalog of Copyright Entries for Musical Compositions that contains the following entry:<br><br>Little songs to play and sing; w and m Berenice Benson Bentley; pf. © Nov. 25, 1935; E pub. 51782; Clayton F. Summy Clayton F. Summy co., Chicago. | • App'x Ex. 38 at 612 | Undisputed. | |

- 45 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | 25902 | | | |
| P106. | Attached to the Joint Appendix is a true, correct, and admissible copy of an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51988) dated December 6, 1935 that Clayton F. Summy Co. filed with the Copyright Office for the song *Happy Birthday to You* on or about December 9, 1935. | • App'x Ex. 31 at 577-578 | Undisputed. | |
| P107. | Attached to the Joint Appendix is a true, correct, and admissible copy of the deposit copy of the work filed with the Application for Copyright for Reg. No. | • App'x Ex. 43 at 623-624 | Undisputed. | |

- 46 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | E51988. | | | |
| P108. | Attached to the Joint Appendix is a certified and admissible copy of the Certificate of Copyright Registration for Reg. No. E51988 issued by the Copyright Office. | • App'x Ex. 44 at 626-627<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3(b) | Disputed.  The evidence cited is the application for Reg. No. E51988. | App'x Ex. 44 at 626-627 |
| P109. | Mrs. R.R. Forman did not write the familiar lyrics to *Happy Birthday*. | • App'x Ex. 1 (FAC) at 17-18, ¶ 92; App'x Ex. 2 (Defs. Ans.) at 60, ¶ 92. | Undisputed that Mrs. R.R. Forman did not write the familiar lyrics to *Happy Birthday to You* as stated in P16. | |
| P110. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of a letter from Defendants' Counsel, Adam Kaplan, to Plaintiffs' Counsel dated November 6, 2014. | • App'x Ex. 45 at 629-631 | Undisputed. | |
| P111. | The Defendants do not | • App'x Ex. 45 at 630 | Undisputed. | |

- 47 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | have a copy of any written authorization from the Hill Sisters to prove that Summy Co. (Delaware) had authorization from the Hill Sisters to publish the work registered as E51988 prior to the date it was registered. | | | |
| P112. | The Defendants do not have a copy of the license agreement referred to in D15. | • App'x Ex. 45 at 630 | Undisputed that Warner/Chappell is unable to locate copies of the 1934 and 1935 licenses from Jessica Hill to Clayton F. Summy Co. | |
| P113. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51990) dated | • App'x Ex. 40 at 615-616 | Undisputed. | |

- 48 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | December 6, 1935 that Clayton F. Summy Co. filed with the Copyright Office for *Happy Birthday* on or about December 9, 1935. | | | |
| P114. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a letter from the Copyright Office dated January 23, 1961. | • App'x Ex. 46 at 633 | Undisputed. | |
| P115. | There is no known copy of the work that was deposited with the Copyright Office as Reg. No. E51990 that was stamped E51990 by the Copyright Office. | • App'x Ex. 46 at 633<br>• App'x Ex. 47 at 635, 648-650  (Tr. Marcotullio Depo. 141:22-142:4; 157:3-159:12) | Disputed.  The undisputed evidence actually demonstrates conclusively that the copy deposited with E51990 contained the written lyrics at issue in this litigation. | • App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!) at 1221-23<br>• App'x Ex. 43 (1935 publication of sheet music for Happy Birthday to You! Unison Song; also a copy of the deposit copy submitted in connection with Registration Certificate E51988) at 623-24 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | | • App'x Ex. 40 (application for E51990) at 615-16<br><br>• App'x Ex. 101 (E51990 registration certificate, marked as Marcotullio Ex. 9) at 1205-07<br><br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1561<br><br>• App'x Ex. 105 (Record of the Filing of Copyright Deposits under the Act of March 4, 1909) at 1219<br><br>• App'x Ex. 64 (Dep. Tr. of Joel Sachs) at 790-94<br><br>• App'x Ex. 111 (Expert Report of Joel Sachs & Exs. J, L) at ¶¶ 28, 30 & pp. 1643-46<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2, 6, 7, 9, 11 |
| P116. | The Defendants do not | • App'x Ex. 46 at 633 | Disputed.  Defendants do possess copies of | App'x Ex. 106 (1935 publication of |

- 50 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | possess a copy of the work that was deposited with the Copyright Office as Reg. No. E51990 that was stamped E51990 by the Copyright Office. | • App'x Ex. 47 at 635, 648-650 (Tr. Marcotullio Depo. 141:22-142:4; 157:3-159:12). | *Happy Birthday to You* that were published in 1935 as a "Piano Solo with words." Defendants do not possess a copy of the specific copy deposited with the Copyright Office. | sheet music for Happy Birthday to You!) at 1220-23<br><br>App'x Ex. 100 (Kaplan Decl.) at ¶ 7 |
| P117. | The Copyright Offices does not possess a copy of the work that was deposited with the Copyright Office as Reg. No. E51990 that was stamped E51990 by the Copyright Office. | • App'x Ex. 46 at 633<br>• App'x Ex. 47 at 635, 648-650 (Tr. Marcotullio Depo. 141:22-142:4; 157:3-159:12) | Undisputed that the Copyright Office has been unable to locate a copy of the work that was deposited with the Copyright Office as Reg. No. E51990. | App'x Ex. 46 at 633 |
| P118. | Attached to the Joint Evidentiary Appendix is a certified copy of the Certificate of Copyright Registration issued by the Copyright Office for Reg. No. E51990. | • App'x Ex.48 at 653-654<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3(b) | Disputed.  The evidence cited is the application for Reg. No. E51990. | App'x Ex.48 at 653-654 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P119. | The Defendants do not have a copy of any written authorization from the Hill Sisters to prove that Summy Co. (Delaware) had authorization from the Hill Sisters to publish the work registered as E51990 prior to the date it was registered. | • App'x Ex.46 at 630 | Undisputed. | |
| P120. | Preston Ware Orem did not write the familiar lyrics to *Happy Birthday*. | • App'x Ex. 1 (FAC) at 18-19, ¶ 97; App'x Ex. 2 (Defs. Ans.) at 18-19, ¶ 97. | Undisputed that Preston Ware Orem did not write the familiar lyrics to *Happy Birthday to You* as stated in P16. | |
| P121. | Sheet music for "Happy Birthday to You!" (3076) and "Happy Birthday to You!"  (3075) have different printed typefaces. | • App'x Ex. 86 at 965-966, ¶¶ 13-23 [Affidavit of Joel Sachs in Support of Plaintiffs' Cross-Motion ("Sachs Aff."), comparing Ex. 86-A at 970 and Ex. 86-B at 972-973 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P122. | Sheet music for "Happy Birthday to You!" (3075) | • App'x Ex. 86 [Sachs Aff.], Ex.  86-A at 970 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | uses an asterisk (*) in the place of the celebrant's name. | | ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P123. | Sheet music for "Happy Birthday to You!" (3076) uses a star (★) in the place of the celebrant's name. | • App'x Ex. 86 [Sachs Aff.], Ex. 86-B at 972-973 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P124. | The rest signs in the sheet music for "Happy Birthday to You!" (3076) and "Happy Birthday to You!" (3075) are stylistically different. | • App'x Ex. 86 [Sachs Aff.],Ex. 86-A at 970& Ex. 86-B at 972-973 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P125. | Sheet music for "Happy Birthday to You!" (3076) identifies "Mrs. R.R. Forman" as the arranger. | • App'x Ex. 86 [Sachs Aff.], at Ex. 86-B at 972-973 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P126. | Sheet music for "Happy Birthday to You!" (3075) does not identify an arranger. | • App'x Ex. 86 [Sachs Aff.],Ex. 86-A at 970 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P127. | Sheet music for "Happy Birthday to You!" (3076) has parentheses around the sub-title (Vocal or Instrumental). | • App'x Ex. 86 [Sachs Aff.],Ex. 86-A at 970 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P128. | Sheet music for "Happy Birthday to You!" (3075) does not have parentheses around the subtitle "Unison Song". | • App'x Ex. 86 [Sachs Aff.] at Ex.  86-B at 972-973 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P129. | Sheet music for "Happy Birthday to You!" (3075) uses finger notations (numbering next to notes). | • App'x Ex. 86 [Sachs Aff.],Ex. 86-A at 970 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P130. | Sheet music for "Happy Birthday to You!" (3076) does not contain finger notations. | • App'x Ex. 86 [Sachs Aff.], Ex. 86-B at 972-973 | Disputed.  Defendants object to the admissibility of App'x Ex. 86 on that ground that it violates Fed. R. Civ. P. 26(a)(2), this Court's Orders (Dkt. Nos. 92, 152), and Ninth Circuit law. | |
| P131. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an agreement between Patty S. Hill, Jessica M. Hill, and Summy Co. (Delaware) dated September 2, 1939. | • App'x Ex. 49 at 656-659 | Undisputed. | |
| P132. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an agreement between Patty S. Hill, Jessica M. Hill, and the Hill Foundation dated June 8, 1942. | • App'x Ex. 42 at 619-621 | Undisputed. | |

- 55 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P133. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Amended Complaint filed by the Hill Foundation against Summy Co. (Delaware) on December 16, 1942, in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Civil No. 19-377. | • App'x Ex. 50 at 661-675 | Undisputed. | |
| P134. | In Paragraph 18 of the Amended Answer Attached to the Joint Appendix, Clayton F. Summy Co. (Delaware) stated, in part that it "admits and avers that during the calendar years | • App'x Ex. 51 at 684-685 | Undisputed. | |

- 56 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | 1934 and 1935 the said Jessica M. Hill and this defendant entered into several so-called royalty contracts wherein and whereby it was provided that the said Jessica J. Hill sold, assigned and transferred to this defendant various piano arrangement to the said musical composition "Good Morning to All." | | | |
| P135. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Complaint filed by the Hill Foundation on March 2, 1943 in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Postal* | • App'x Ex. 52 at 691-696 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | *Telegraph-Cable Co.*, Civil No. 20-439. | | | |
| P136. | In the Complaint in *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, the Hill Foundation alleged that Postal-Telegraph-Cable Co. used the song *Happy Birthday to You* without the consent of Patty Hill or Jessica Hill. | • App'x Ex. 52 at 695 | Undisputed. | |
| P137. | In the Complaint against Postal Telegraph-Cable Co., the Hill Foundation only asserted that Postal Telegraph-Cable Co.'s use of *Happy Birthday* infringed on their copyrights to *Good Morning to All* . | • App'x Ex. 52 at 691-696 | Disputed.  Unsupported by the evidence cited. | • App'x Ex. 52 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P138. | In the Complaint in *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co*, the Hill Foundation did not allege that Postal Telegraph-Cable Co. infringed on Copyright Reg. Nos. E51988 or E51990. | • App'x Ex. 52 at 691-696 | Undisputed. | |
| P139. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Answer filed by Postal Telegraph-Cable Co. on April 12, 1943 in the Southern District of New York, in the case captioned *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Civil No. 20-439. | • App'x Ex. 91 at 1049-1057 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|----------|-------------------|-------------------------------------|---------------------------|------------------------------------------|
| P140. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an assignment from Patty S Hill and Jessica M. Hill to the Hill Foundation, Inc. dated October 16, 1944. | • App'x Ex. 53 at 698-699 | Undisputed. | |
| P141. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an assignment from the Hill Foundation, Inc. to Clayton F. Summy Co., a Delaware corporation dated October 16, 1944. | • App'x Ex. 54 at 701-706 | Undisputed. | |
| P142. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the | • App'x Ex. 55 at 708-718 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Complaint filed by Clayton F. Summy Co., a Delaware corporation, on March 28, 1945, in the Southern District of New York, , captioned *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, Civil No. 30-284. | | | |
| P143. | In Paragraph 16 of the Complaint in *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, Summy Co. alleged that: <br><br> In 1939 and thereafter defendant infringed the copyright by manufacturing, publishing and selling in the United States copies of "Sing-a-Song Player Book", a toy piano- | • App'x Ex. 55 at 713 | Undisputed. | |

- 61 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | xylophone to which was physically attached a sheet carrying the song "Happy Birthday To You." | | | |
| P144. | In the Complaint in *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, the only copyright Summy Co. alleged McLoughlin Brothers, Inc. infringed upon  was the 1893 copyright to *Song Stories for the Kindergarten* (Reg. No. 45997Y) and its renewal (R19043). | • App'x Ex. 55 at 708-718 | Undisputed. | |
| P145. | In the Complaint in *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, Summy Co. did not allege that McLoughlin Brothers, Inc. infringed on Copyright | • App'x Ex. 55 at 708-718 | Undisputed that the Complaint in *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.* alleged that "In 1939 and thereafter defendant infringed the copyright by manufacturing, publishing and selling in the United States copies of 'Sing-a-Song | App'x Ex. 55 at 708-718 |

- 62 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Reg. Nos. E51988 or E51990 when it used *Happy Birthday to You* in the *Sing-a-Song Player Book*. | | Player Book', a toy piano-xylophone to which was physically attached a sheet carrying the song 'Happy Birthday To You'...." and that this Complaint did not allege that McLoughlin Brothers, Inc. infringed on Copyright Reg. Nos. E51988 or E51990. | |
| P146. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Complaint filed by Clayton F. Summy Co., a Delaware corporation, on March 28, 1945, in the Southern District of New York, , captioned *Clayton F. Summy Co. v. Louis Marx & Company, Inc.*, Civil No. 30-285. | • App'x Ex. 56 at 720-730 | Undisputed. | |
| P147. | In Paragraph 16 of the Complaint in *Clayton F.* | • App'x Ex. 56 at 725 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | *Summy Co. v. Louis Marx & Company, Inc*, Summy Co. alleged that:<br><br>In 1939 and thereafter defendant infringed the copyright by manufacturing, publishing and selling in the United States copies of "Play-A-Way Piano Book", a toy piano-xylophone to which was physically attached a sheet carrying the song "Happy Birthday to You." | | | |
| P148. | In the Complaint in *Clayton F. Summy Co. v. Louis Marx & Company, Inc*, the only copyright - Summy Co. alleged Louis Marx & Company, Inc. | • App'x Ex. 56 at 720-730 | Undisputed. | |

- 64 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | infringed upon  was the 1893 copyright to *Song Stories for the Kindergarten* (Reg. No. 45997Y) and its renewal (R19043). | | | |
| P149. | In the Complaint in *Clayton F. Summy Co. v. Louis Marx & Company, Inc*, Summy Co. did not allege that Louis Marx & Company, Inc. infringed upon  Copyright Reg. Nos. E51988 or E51990 when it used *Happy Birthday to You* in the *Sing-a-Song Player Book*. | • App'x Ex. 56 at 720-730 | Undisputed that the Complaint in *Clayton F. Summy Co. v. Louis Marx & Company, Inc.* alleged that "In 1939 and thereafter defendant infringed the copyright by manufacturing, publishing and selling in the United States copies of 'Play-A-Way Piano Book', a toy piano-xylophone to which was physically attached a sheet carrying the song 'Happy Birthday to You'…"and that this Complaint did not allege that *Louis Marx & Company, Inc.* infringed on Copyright Reg. Nos. E51988 or E51990. | |
| P150. | Attached to the Joint Evidentiary Appendix is a true, correct, and | • App'x Ex. 57 at 732-740 | Undisputed. | |

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | admissible copy of the Complaint filed by Clayton F. Summy Co., a Delaware corporation, on January 11, 1946, in the Southern District of New York, captioned *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, Civil No. 34-481. | | | |
| P151. | In Paragraph 17 of the Complaint, Summy Co. alleged that:<br><br>Upon information and belief, on or about the 13th day of April, 1945 and at other times prior and subsequent thereto, the defendants as part of and by means of said dramatic musical production entitled "On | • App'x Ex. 57 at 737 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | The Town" gave and caused to be given public performances and renditions of said composition "Happy Birthday to You." | | | |
| P152. | In the Complaint in *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, the only copyright Summy Co. alleged Paul Feigay and Oliver Smith infringed upon was the 1893 copyright to *Song Stories for the Kindergarten* (Reg. No. 45997Y) and its renewal (R19043). | • App'x Ex. 57 at 732-740 | Undisputed. | |
| P153. | In the Complaint in *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, Summy Co. did not | • App'x Ex. 57 at 732-740 | Undisputed that the Complaint in *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith* alleged that "Upon information and belief, on or about the 13th day of April, | App'x Ex. 57 at 732-740 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | allege that Paul Feigay and Oliver Smith infringed upon Copyright Reg. Nos. E51988 or E51990 when *Happy Birthday* was performed in the musical *On The Town*. | | 1945 and at other times prior and subsequent thereto, the defendants as part of and by means of said dramatic musical production entitled 'On The Town' gave and caused to be given public performances and  renditions of said composition 'Happy Birthday to You'...." and that this Complaint did not allege that Paul Feigay and Oliver Smith infringed upon Copyright Reg. Nos. E51988 or E51990. | |
| P154. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of the Answer filed by Louis Marx & Company, Inc., on April 18, 1945, in the Southern District of New York, in the case captioned *Clayton F. Summy Co. v. Louis Marx & Company,* | • App'x Ex. 73 at 838-846 | Undisputed. | |

- 68 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | *Inc.*, Civil No. 30-285. | | | |
| P155. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a newspaper article titled *Happy Birthday Trouble* that appeared in the *New York Herald Tribune* on December 16, 1947. | • App'x Ex. 58 at 742 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 58 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |
| P156. | The article stated, in relevant part, that:<br><br>"The Hill Sisters had their song copyrighted in 1893 and renewed it in 1921.  It will expire in 1949, ***but subsequent copyrights on certain arrangements will extend until 1965.***  Jessica Hill, the only surviving sister, is today a resident of | • App'x Ex. 58 at 742 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 58 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | New York City. ***Her attorney, Samuel Mann, who provided much of the above information . . .***" (emphasis added). | | | |
| P157. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of Articles of Amendment to EMB that were filed with the Illinois Secretary of State on or about June 2, 1948. | • App'x Ex. 59 at 744-748 | Undisputed. | |
| P158. | At the time of the June 2, 1948 amendment to the Articles of Incorporation of EMB, 400 shares of common stock in EMB were outstanding. | • App'x Ex. 59 at 746 | Undisputed. | |
| P159. | There is no documentation in the record to prove who | • App'x Ex. 23 [Newman Decl.] at 537, ¶ | Disputed.  Unsupported by the evidence. | App'x Ex. 59 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | owned the 400 shares of EMB's common stock as of June 2, 1948. | 26] | | |
| P160. | The is no documentation in the record to prove when or to whom 200 additional shares of EMB common stock were issued from the time of EMB's incorporation until June 2, 1948. | • App'x Ex. 23 [Newman Decl. at 537, ¶ 24] | Disputed.  Unsupported by the evidence. | App'x Ex. 59 |
| P161. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an article titled *The Birthday Song* that appeared in the magazine *The American Family* in January, 1950. | • App'x Ex. 60 at 750-755 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 60 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |
| P162. | The article stated, in relevant part, that: | • App'x Ex. 60 at 753 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to | |

- 71 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | The first time Happy Birthday was sung anywhere was on a winter evening in 1892 at the Hill residence." Miss Jessica, the youngest of the Hills, was at that time a brightfaced girl of eighteen with a clear and pleasing voice. In accordance with their usual custom, she had called the family into the parlor for an after dinner concert.<br><br>Their mother had reared her six children in an atmosphere of good music, and they all enjoyed their nightly gathering about the piano.<br><br>That chilly evening they all stood around the piano | | the admissibility of App'x Ex. 60 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | waiting for Patty.  She was doing the dinner dishes with faithful Minnie who had been a slave.<br><br>"Come on, Patty!" called Jessica.  "We're ready to sing the new song."<br><br>Patty came into the parlor with its lace curtains and worn red plush sofa.  She was untying a blue apron, the same color as her remarkably blue eyes.<br><br>"If you mean the 'Good Morning Song,' don't play it too fast, Mildred," she said to her sister seated at the piano of dark gleaming wood....<br><br>Mildred ran through the simple tune that is now | | | |

- 73 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | familiar to everyone. Then she played it more slowly as Jessica sang for the first time what is now sung everywhere as "Happy Birthday to You."" | | | |
| P163. | The article stated, in relevant part, that: Patty realized that it probably had commercial value after sound movies and radio became important, but she continued to regard the little classic as a trifle, and often said she considered it common property with the public. | • App'x Ex. 60 at 754 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 60 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |
| P164. | Attached to the Joint Evidentiary Appendix is a | • App'x Ex. 61 at 757-758 | Disputed.  App'x Ex. 61 is an approved application for Reg. No. R90447. | App'x Ex. 61 |

- 74 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | certified copy of the Renewal Certificate for *Harvest Hymns* (Reg. No. R90447). | • App'x Ex. 4 [Landes Decl.] at 83, ¶ 3h | | |
| P165. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a Certificate of Amendment filed on or about January 23, 1956 with the Delaware Secretary of State. | • App'x Ex. 62 at 760-762 | Undisputed. | |
| P166. | Pursuant to the Certificate of Amendment the name of Clayton F. Summy Co. was changed to Summy Publishing Company. | • App'x Ex. 62 at 760 | Undisputed. | |
| P167. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an | • App'x Ex. 63 at 764-765 | Undisputed. | |

- 75 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | excerpt from a songbook entitled *Twice 55 Community Songs, The Brown Book*. | | | |
| P168. | *Twice 55 Community Songs, The Brown Book*, was published in 1957 by C.C. Birchard Co., agent for Summy Publishing Company. | • App'x Ex. 63 at 764 | Undisputed that *Twice 55 Community Songs, The Brown Book*, was published in 1957 by C.C. Birchard Co. and that this publication states that C.C. Birchard Co. was a selling agent for Summy Publishing Company. | |
| P169. | A version of *Happy Birthday to You!* was included in *Twice 55 Community Songs, The Brown Book*. | • App'x Ex. 63 at 765 | Undisputed. | |
| P170. | In the version of *Happy Birthday to You!* included in *Twice 55 Community Songs, The Brown Book*, Mildred Hill's name appears in the upper right | • App'x Ex. 64 (Tr. Sachs, 218:12-21)<br>• App'x Ex. 63 at 765 | Disputed.  Unsupported by the evidence. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | corner, where the composer's name usually appears. | | | |
| P171. | In the version of *Happy Birthday to You!* included in *Twice 55 Community Songs, The Brown Book*, the word "Traditional" appears in the upper left corner, where the author of the lyrics usually is identified. | • App'x Ex. 64 (Tr. Sachs, 218:12-21)<br>• App'x Ex. 63 at 765 | Disputed.  Unsupported by the evidence. | |
| P172. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a Certificate of Amendment filed on or about September 27, 1957 with the Delaware Secretary of State. | • App'x Ex. 65 at 800-802 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P173. | Pursuant to the Certificate of Amendment, the name of Summy Publishing Company was changed to Summy-Birchard Publishing Company. | • App'x Ex. 65 at 800 | Undisputed. | |
| P174. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a Certificate of Amendment filed on or about December 22, 1961 with the Delaware Secretary of State. | • App'x Ex. 66 at 804-806 | Undisputed. | |
| P175. | Pursuant to the Certificate of Amendment, the name of Summy-Birchard Publishing Company was changed to Summy-Birchard Company. | • App'x Ex. 66 at 804 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P176. | Attached to the Joint Evidentiary Appendix is a certified copy of a Certificate of Registration of a Claim to Renewal Copyright Reg. No. R306185. | • App'x Ex. 67 at 808-810<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3c | Disputed.  App'x Ex. 67 is an approved application for Reg. No. R306185. | App'x Ex. 67 |
| P177. | Attached to the Joint Evidentiary Appendix is a certified copy of a Certificate of Registration of a Claim to Renewal Copyright Reg. No. R306186. | • App'x Ex. 68 at 812-814<br>• App'x Ex. 4 [Landes Decl.] at 83, ¶ 3(d) | Disputed.  App'x Ex. 68 is an approved application for Reg. No. R306186. | App'x Ex. 68 |
| P178. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of an article that appeared in the *New York Times* on October 13, 1970. | • App'x Ex. 69 at 816 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 69 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P179. | John F. Sengstack died on October 11, 1970. | • App'x Ex. 69 at 816 | Disputed.  Plaintiffs' fact is unsupported by admissible evidence.  Defendants object to the admissibility of App'x Ex. 69 under Fed. R. Evid. 801 because the evidence cited is inadmissible hearsay. | |
| P180. | There is no documentation in the record to prove who inherited John F. Sengstack's property after his death. | • App'x Ex. 23 [Newman Decl.] at 537, ¶ 19 | Undisputed that a will of John F. Sengstack is not in the record. | |
| P181. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of Articles of Amendment to EMB that were filed with the Illinois Secretary of State on or about July 31, 1973. | • App'x Ex. 70 at 818-820 | Undisputed. | |
| P182. | The Articles of Amendment to EMB made EMB a perpetual | • App'x Ex. 70 at 819 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | corporation. | | | |
| P183. | Prior to July 31, 1973, 33 shares of EMB common stock were reacquired by EMB. | • App'x Ex. 70 at 820 | Undisputed. | |
| P184. | Prior to July 31, 1973, the 33 shares of EMB Common stock reacquired by EMB were retired. | • App'x Ex. 70 at 820 | Undisputed. | |
| P185. | At the time of the July 31, 1973 amendment to the Articles of Incorporation of EMB, there were 367 shares of EMB common stock outstanding. | • App'x Ex. 70 at 820 | Undisputed. | |
| P186. | There is no documentation in the record to prove who owned the 367 shares of EMB's common stock that were outstanding as of July | • App'x Ex. 23 [Newman Decl.] at 538-539, ¶¶ 35-39. | Undisputed. | |

- 81 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | 31, 1973. | | | |
| P187. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of Articles of Merger that were filed with the Illinois Secretary of State on or about December 28, 1973. | • App'x Ex. 71 at 824-828 | Undisputed. | |
| P188. | Pursuant to the Articles of Merger, Summy-Birchard Company, a Delaware corporation was merged into EMB, an Illinois corporation. | • App'x Ex. 71 at 825 | Undisputed. | |
| P189. | At the time of the December 28, 1973 merger, there were 367 shares of EMB common stock outstanding. | • App'x Ex. 71 at 826 | Undisputed. | |

- 82 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|----------|-------------------|-------------------------------------|---------------------------|------------------------------------------|
| P190. | There is no evidence in the record to prove who owned the 367 shares of EMB's common stock that were outstanding at the time of the December 28, 1973 merger. | • App'x Ex. 23 [Newman Decl.] at 538-539, ¶¶ 35-39. | Undisputed. | |
| P191. | Article FIVE of the Certificate of Merger states that 1,500 shares of Summy-Birchard Company (Delaware) were outstanding at the time of the merger. | • App'x Ex. 71 at 826 | Undisputed. | |
| P192. | There is no evidence in the record to prove that the 1,500 shares of Preferred Stock owned by Clayton F. Summy were redeemed by Summy-Birchard Company (fka Clayton F. Summy | • App'x Ex. 23 [Newman Decl.] at 540, ¶ 48 | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |

- 83 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Co.) (Delaware) prior to the merger. | | | |
| P193. | There is no evidence in the record to prove who owned the 1,500 shares of Summy-Birchard Company's (Delaware) common stock that were outstanding at the time of the December 28, 1973 merger. | • App'x Ex. 23 [Newman Decl.] at 540, ¶¶ 48-51. | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P194. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a Plan and Agreement of Merger entered into on or about December 21, 1973 between Summy-Birchard Company (Delaware) and EMB | • App'x Ex. 72 at 830-836 | Undisputed. | |

- 84 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P195. | Paragraph 6(a) of the Plan and Agreement of Merger stated that:<br><br>"on the effective date of the merger and without further act on the part of either the corporation or its stockholders, 2.712 shares of the common stock, without par value, of SUMMY issued and outstanding on the effective date of the merger shall be converted into one share [illegible] of EMB". | • App'x Ex. 72 at 831 | Undisputed. | |
| P196. | Pursuant to Paragraph 6(a) of the Plan and Agreement of Merger, after the effective date of the merger, the 1,500 shares of common stock of Summmy-Birchard | • App'x Ex. 72 at 831 | Disputed. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Company (Delaware) that were purportedly outstanding were converted into 553 shares of EMB. | | chairman David K. Sengstack. | |
| P197. | There is no documentation in the record to prove who owned the 553 shares of common stock in EMB after the owner(s) of Summy-Birchard Company (Delaware) surrendered their 1,500 shares of common stock in exchange for the 553 shares of EMB. | • App'x Ex. 23 [Newman Decl.] at 540, ¶¶ 52-53. | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P198. | There is no documentation in the record to prove who owned the 367 shares of common stock in EMB that were retained by the owners of EMB after the merger. | • App'x Ex. 23 [Newman Decl.] at 540-541, ¶¶ 53-54. | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex.119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P199. | Pursuant to the Articles of Merger filed with the Illinois Secretary of State, the name of EMB was changed to Summy-Birchard Company. | • App'x Ex. 71 at 825 | Undisputed that the surviving corporation following the merger of Summy-Birchard Company (Delaware) and EMB was Summy-Birchard Company (Illinois). | App'x Ex. 71 at 825 |
| P200. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of Articles of Merger filed with the Wyoming Secretary of State on or about January 8, 2010. | • App'x Ex. 74 at 848-852 | Undisputed. | |
| P201. | New Summy-Birchard Company was incorporated in the State of Wyoming on March 8, 1976. | • App'x Ex. 74 at 848<br>• App'x Ex. 75 at 855<br>• App'x Ex. 76 at 859 | Undisputed. | |
| P202. | There is no documentation in the record to prove who | • App'x Ex. 23 [Newman Decl.] at 540-544, ¶¶ 51-92. | Disputed.  Summy-Birchard Company has been operated continuously by the | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information |

- 87 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | owned the shares of New Summy-Birchard Company. | | Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P203. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of Articles of Merger filed with the Wyoming Secretary of State on or about March 19, 1976. | • App'x Ex. 75 at 854-857 | Undisputed. | |
| P204. | Pursuant to the Articles of Merger, Summy-Birchard Company, an Illinois corporation, was merged into New Summy Birchard Company, a Wyoming corporation. | • App'x Ex. 75 at 855 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P205. | Pursuant to the Articles of Merger, the name of New Summy Birchard Company, a Wyoming corporation was changed to Summy-Birchard Company. | • App'x Ex. 75 at 855 | Undisputed that the surviving corporation following the merger of Summy-Birchard Company (Illinois) and New Summy-Birchard Company (Wyoming) was Summy-Birchard Company (Wyoming). | App'x Ex. 75 |
| P206. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of a Plan of Merger between Summy-Birchard Company, an Illinois corporation and New Summy-Birchard Company, a Wyoming corporation. | • App'x Ex. 76 at 859-865 | Undisputed. | |
| P207. | Pursuant to the Plan of Merger, the owners of the common stock of Summy-Birchard Company | • App'x Ex. 76 at 861 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | (Illinois) received 1 share of common stock in New Summy-Birchard Company (renamed Summy-Birchard Company) (Wyoming). | | | |
| P208. | There is no documentation in the record to prove who owned the 367 shares of Summy-Birchard Company (Illinois) that were converted into 367 shares of New Summy-Birchard Company (renamed Summy-Birchard Company) (Wyoming). | • App'x Ex. 23 [Newman Decl.] at 540-541, ¶¶ 54-56 | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P209. | There is no evidence in the record to prove who owned the 553 shares of Summy-Birchard Company (Illinois) that were converted into 553 shares of New Summy-Birchard | • App'x Ex. 23 [Newman Decl.] at 540-541, ¶¶ 53-57. | Disputed.  Unsupported by the evidence. Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman | • App'x Ex. 76<br><br>• App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Company (renamed Summy-Birchard Company) (Wyoming). | | David K. Sengstack. | • App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P210. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy Articles of Amendment filed with the Wyoming Secretary of State on or about November 9, 1978. | • App'x Ex. 77 at 867-869 | Undisputed. | |
| P211. | Pursuant to the Articles of Amendment, the name of Summy-Birchard Company was changed to SUMCO Corporation. | • App'x Ex. 77 at 867 | Undisputed. | |
| P212. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of Articles of | • App'x Ex. 78 at 871-872 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Amendment dated May 1, 1979 that were filed with the Wyoming Secretary of State on an unknown date in 1979. | | | |
| P213. | Pursuant to the Articles of Amendment, the name of SUMCO Corporation was changed to Summy-Birchard Company. | • App'x Ex. 78 at 871 | Undisputed. | |
| P214. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of Articles of Amendment filed with the Wyoming Secretary of State on or about August 3, 1979. | • App'x Ex. 79 at 874-875 | Undisputed. | |
| P215. | Pursuant to the Articles of Amendment,, Summy-Birchard Company was | • App'x Ex. 79 at 874 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | renamed The Birch Tree Group Ltd. | | | |
| P216. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of Articles of Amendment filed with the Wyoming Secretary of State on or about October 12, 1979. | • App'x Ex. 80 at 877-878 | Undisputed. | |
| P217. | Pursuant to the Articles of Amendment,  The Birch Tree Group Ltd. was renamed Birch Tree Group Ltd. | • App'x Ex. 80 at 877 | Undisputed. | |
| P218. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of a Stock Purchase Agreement between Warner/Chappell | • App'x Ex. 81 at 880-947 | Undisputed. | |

- 93 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Music, Inc. and David K. Sengstack dated December 1, 1988. | | | |
| P219. | Attached to the Joint Evidentiary Appendix is a true, correct, and admissible copy of Articles of Amendment filed with the Wyoming Secretary of State on or about December 27, 1988. | • App'x Ex. 82 at 949-951 | Undisputed. | |
| P220. | Pursuant to the Articles of Amendment, Birch Tree Group Ltd., was renamed Summy-Birchard, Inc. | • App'x Ex. 82 at 949 | Undisputed. | |
| P221. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of a Stock Certificate for Birch Tree Group Limited dated February 12, | • App'x Ex. 83 at 953 | Undisputed. | |

- 94 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | 1986. | | | |
| P222. | Attached to the Joint Evidentiary Appendix is a true, correct and admissible copy of a Stock Power dated January 3, 1989. | • App'x Ex. 84 at 955 | Undisputed. | |
| P223. | Pursuant to the Stock Certificate and Stock Power, David Sengstack purported to transfer 953 shares of common stock of Summy-Birchard, Inc.(formerly Birch Tree Group Ltd.), a Wyoming corporation to Warner/Chappell Music, Inc. | • App'x Ex. 84 at 955<br>• App'x Ex. 83 at 953 | Undisputed that David Sengstack transferred to Warner/Chappell Music, Inc. 953 shares of the common capital stock of Summy-Birchard, Inc.(formerly Birch Tree Group, Ltd.) a Wyoming corporation. | |
| P224. | There is no documentation in the record to prove that David Sengstack owned 1,500 shares of Summy- | • App'x Ex. 23 [Newman Decl.] at 540, ¶ 50. | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Birchard Company (fka Clayton F. Summy Co.) (Delaware) common stock that were outstanding at the time of the December 28, 1973 merger with Summy-Birchard Company (fka Educational Music Bureau) Illinois. | | Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P225. | There is no documentation in the record to prove that the 1,500 shares of Preferred Stock that were issued to Clayton F. Summy as part of the August 7, 1931 agreement with John Sengstack were ever redeemed by Summy-Birchard Company (fka Clayton F. Summy Co.) (Delaware). | • App'x Ex. 23 [Newman Decl.] at 540, ¶ 48 | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |

- 96 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P226. | There is no documentation in the record to prove that David Sengstack owned 367 shares of common stock in Summy-Birchard Company (fka Educational Music Bureau) Illinois at the time of the December 28, 1973 nerger with Summy-Birchard Company (fka Clayton F. Summy Co.) (Delaware). | • App'x Ex. 23 [Newman Decl.] at 538-539, ¶¶ 35-39 | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P227. | There is no documentation in the record to prove that David Sengstack acquired 553 shares of New Summy Birchard Company (renamed Summy-Birchard Company), a Wyoming corporation in the 1976 merger or at any time thereafter. | • App'x Ex. 23 [Newman Decl.] at 541, ¶¶ 55-56. | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| P228. | There is no documentation in the record to prove that David Sengstack obtained 367 shares of New Summy Birchard Company (renamed Summy-Birchard Company), a Wyoming corporation in the 1976 merger or at any time thereafter. | • App'x Ex. 23 [Newman Decl.] at 541, ¶¶ 55-56 | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.) <br> • App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P229. | There is no documentation in the record to prove that New Summy Birchard Company (renamed - Summy-Birchard Company) issued 33 shares of common stock to David Sengstack from  the time of its incorporation  until January 3, 1989 | • App'x Ex. 23 [Newman Decl.] at 541, ¶ 62. | Disputed.  Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.) <br> • App'x Ex. 100 (Kaplan Decl.) at ¶ 17 |
| P230. | There is no documentation | • App'x Ex. 23 [Newman Decl.] at 540- | Disputed.  Unsupported by the evidence. | • App'x Ex. 84  (Stock Power dated |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | in the record to prove that David K. Sengstack owned the 953 shares of common stock of Summy-Birchard, Inc. (formerly Birch Tree Group Ltd.), a Wyoming corporation that were purportedly transferred to Warner/Chappell Music, Inc. | 544, ¶¶ 55-92. | Summy-Birchard Company has been operated continuously by the Sengstack family since 1931.  As of October 1988, Summy-Birchard Company's successor company, Birch Tree Group Ltd., was 100% owned by its then chairman David K. Sengstack. | January 3, 1989) <br> • App'x Ex. 118 (stock certificate that was transferred to Warner/Chappell and then cancelled) <br> • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.) <br> • App'x Ex. 100 (Kaplan Decl.) at ¶¶ 16-17 |
| P231. | On May 31, 2006, Summy-Birchard, Inc., a Wyoming corporation was administratively dissolved by the State of Wyoming. | • App'x Ex. 85 at 857 | Undisputed. | |
| P232. | On September 14, 2009, a new Summy-Birchard, Inc. | • App'x Ex. 85 at 957 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | was incorporated in the State of Wyoming. | | | |
| P233. | Pursuant to the Articles of Merger filed with the Wyoming Secretary of State on January 8, 2010, Summy-Birchard, Inc. (dissolved on May 31, 2006) was merged into Summy-Birchard, Inc., incorporated on September 14, 2009. | • App'x Ex. 85 at 957-961 | Undisputed. | |
| P234. | Summy-Birchard, Inc., incorporated on September 14, 2009 in the State of Wyoming is a Defendant is this action. | • App'x Ex. 1 (FAC) at ¶ 15; Ex. 2 (Defs. Ans.) at ¶ 15 | Undisputed. | |
| D1. | At some point before 1893, Mildred J. Hill and Patty S. | • App'x Ex. 1 (FAC) at ¶ 16 | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Hill (collectively, the "Hill Sisters") authored a written manuscript containing sheet music. | | | |
| D2. | This manuscript included the song *Good Morning to All*. | • App'x Ex. 1 (FAC) at ¶ 17 | Undisputed. | |
| D3. | The lyrics to *Good Morning to All* are:<br><br>Good morning to you<br>Good morning to you<br>Good morning dear children<br>Good morning to all. | • App'x Ex. 1 (FAC) at ¶ 24 | Undisputed. | |
| D4. | In 1893, the Hill Sisters sold and assigned their right, title, and interest in the manuscript, including *Good Morning to All*, to Clayton F. Summy. | • App'x Ex. 1 (FAC) at ¶¶ 16-18 | Undisputed. | |

- 101 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| D5. | In 1893, Clayton F. Summy published the Hill Sisters' written manuscript in a songbook titled *Song Stories for the Kindergarten.* | • App'x Ex. 1 (FAC) at ¶ 19 | Undisputed. | |
| D6. | *Song Stories for the Kindergarten* contained the song *Good Morning to All.* | • App'x Ex. 1 (FAC) at ¶ 19 | Undisputed. | |
| D7. | In 1893, Clayton F. Summy obtained a copyright for *Song Stories for the Kindergarten.* | • App'x Ex. 1 (FAC) at ¶ 20 | Undisputed. | |
| D8. | The Hill Sisters wrote a number of songs that used the same melody as *Good Morning to All* but had different titles and lyrics. | • App'x Ex. 87 (deposition testimony of Patty S. Hill) at 1007-08<br><br>"Q. Did you also use the words 'Happy Birthday to You.' A. We certainly did with every birthday celebration in school. Q. Did you write the words for this particular tune of 'Good Morning To All', | Disputed.  Conflicting evidence presented shows that Patty S. Hill testified at her deposition on July 1, 1935 that Mildred composed all the music and Patty was the "poetess." | • App'x Ex. 87 at 1013 (Depo. Tr. of Patty S. Hill). |

- 102 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | Miss Hill?  A.  I did.  Q.  Had you at that time also written many other verses in conjunction with the words which appear in the edition of 'Song Stories for the Kindergarten', published in 1893.  A. Yes, we were writing them practically every day." | | |
| D9. | The Hill Sisters wrote the song *Happy Birthday to You*. | • App'x Ex. 103 (E51988 registration certificate which states, "By Mildred J. Hill")<br><br>• App'x Ex. 101 (E51990 registration certificate which states, "By Mildred J. Hill")<br><br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54, 1561:  App'x Ex. 101 (Marcotullio Ex. 9) was provided to Warner/Chappell by the Copyright Office<br><br>• App'x Ex. 43 (copy of deposit copy for the work registered as E51988, which states "Mildred J. Hill" on the cover page and at the top of the sheet music)<br><br>• App'x Ex. 106 (1935 publication of | Disputed.  The Defendants' fact is supported, in part by inadmissible evidence.<br><br>Plaintiffs object to the admissibility of App'x Ex. 103  and App'x Ex. 101 because they are not registration certificates for E51988 or E51990 and are not authenticated as such.  Certified copies of the Registration Certificates for Reg. Nos. E51988 and E51990 are App'x Exs. 44 and 48, respectively.<br><br>Plaintiffs object to the admissibility of App'x Ex. 106  pursuant to FRE 602, FRE 801 and FRE 901 because Defendants lack personal knowledge that the work | • App'x Ex. 44 at 626-627 (Certified E51988); App'x Ex. 4 [Landes Decl.] at 83, ¶ 3(a)]<br><br>• App'x Ex. 48 at 653-654 (Certified E51990);  App'x Ex. 4 [Landes Decl.] at 83, ¶ 3(a)]<br><br>• App'x Ex. 56 at 721-730 (Complaint in *Clayton F. Summy v. Louis Marx & Co.*, Civil No. 30-285).<br><br>• App'x Ex. 51 at 677-689 (Amended Answer in *Hill Foundation v. Summy Co.*, Eq. No. 78-350).<br><br>• App'x Ex. 52 at 692-696 (*The Hill Foundation, Inc. v. Postal Telegraph-* |

- 103 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | "Happy Birthday to You!," which states "By Mildred J. Hill on the cover and "Mildred J. Hill" at the top of the sheet music)<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2,4,7, 9<br><br>• App'x Ex. 87 at 1004, 1006-08, 1012-13 (deposition testimony of Patty S. Hill that she wrote the words to *Happy Birthday to You* and that Mildred Hill wrote the melody used with the song, with Patty's assistance)<br><br>• App'x Ex. 50 at 664 (amended complaint in *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, filed Dec. 16, 1942, alleging that *Happy Birthday to You* was "written and composed by the said Patty S. Hill and Mildred J. Hill")<br><br>• App'x Ex. 52 at 693 (complaint in *The Hill Foundation, Inc. v. Postal Telegraph Cable-Company*, filed Mar. 2, 1943, alleging that *Happy Birthday to You* was "written and composed by the said Patty | identified was actually published in 1935 and no witness can authenticate that work.<br><br>Conflicting evidence presented shows that Patty S. Hill testified at her deposition on July 1, 1935 that Mildred composed all the music the sisters wrote together and Patty wrote the lyrics for the songs as the "poetess." Patty Hill also testified that she created the lyrics for *Happy Birthday to You* in her classroom as a variation on the song *Good Morning to All*.<br><br>Conflicting evidence presented shows that in the Amended Answer in *The Hill Foundation, Inc. v. Clayton F. Summy Co*, filed December 29, 1942, Clayton F. Summy Co. stated that it was "without knowledge or information sufficient to form a belief as to the truth of the averment that said new words [*Happy Birthday to You*] were written by the aforesaid Patty S. Hill.<br><br>Conflicting evidence presented shows that | *Cable Co.*, Civil No. 20-439)<br><br>• App'x Ex. 55 at 709-717(Complaint in *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, Civil No. 30-284)<br><br>• App'x Ex. 57 at 732-739 (Complaint in *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, Civil No. 34-481)<br><br>• App'x Ex. 87 at 1004, 1007-08, 1013 (Deposition *de bene esse* of Patty S. Hill in *Jessica M. Hill v. Sam H. Harris*, Eq. No. 78-350, pp. 4, 7-8, 13.<br><br>• Facts P36-P53; P60-P62; P66-P69 (numerous prior publications, performances, and uses of *Happy Birthday to You*)<br><br>• App'x Exs. 25-26, 30, 39, 41 & 92 (videos lodged manually with the Court: animated short "Bosko's Party;" motion pictures "Strange Interlude;" "Baby Take A Bow;" "The |

- 104 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | S. Hill and Mildred J. Hill")<br>• App'x Ex. 56 at 721, 724-25(complaint in *Clayton F. Summy Co. v. Louis Marx & Company, Inc.*, filed Mar. 28, 1945, alleging that Patty S. Hill and Mildred J. Hill composed and wrote the music and words for *Good Morning to All*, which "later became popularly known as 'Happy Birthday to You,'" the lyrics of which were written by Patty S. Hill)<br>• App'x Ex. 55 at 709, 712-13 (complaint in *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, filed Mar. 28, 1945, alleging that Patty S. Hill and Mildred J. Hill composed and wrote the music and words for *Good Morning to All*, which "later became popularly known as 'Happy Birthday to You,'" the lyrics of which were written by Patty S. Hill)<br>• App'x Ex. 57 at 733, 736 (complaint in *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, filed Jan. 11, 1946, alleging that Patty S. Hill and Mildred J. Hill | in the Answer in *The Hill Foundation, Inc. v. Postal Telegraph-Cable Company*, filed March 12, 1943, Postal Telegraph-Cable Company denied the Hill Foundation, Inc.'s allegations that *Happy Birthday to You* was "written and composed by the said Patty S. Hill and Mildred J. Hill".<br><br>Conflicting evidence presented shows that in the Amended Answer in *The Hill Foundation, Inc. v. Clayton F. Summy Co*, filed December 29, 1942, Clayton F. Summy Co. stated that it was "without knowledge or information sufficient to form a belief as to the truth of the averment that said new words [*Happy Birthday to You]* were written by the aforesaid Patty S. Hill, admits and avers that the said song entitled "Good Morning to All" was included among the songs copyrighted as aforesaid by the said Clayton F. Summy and the first corporation respectively; and except as so admitted and averred the defendant denies each and every allegation | Old Homestead;" "Way Down East;" and "Girls About Town," respectively)<br>• App'x Ex. 3 [Rifkin Decl.] at 80, ¶ 9 (No evidence that Patty, Mildred or Jessica ever wrote lyrics down). |

- 105 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | composed and wrote the music and words for *Good Morning to All*, which "later became popularly known as 'Happy Birthday to You,'" the lyrics of which were written by Patty S. Hill) | in said paragraph contained."<br><br>Conflicting evidence presented shows that in the Answer in *Clayton F. Summy Co. v. Louis Marx & Company, Inc.*, filed April 18, 1945, Louis Marx & Company, Inc. denied that the lyrics to *Happy Birthday to You* were written by Patty S. Hill.<br><br>Conflicting evidence presented shows that prior to the time Clayton F. Summy Co. filed the complaints in: 1) *Clayton F. Summy Co. v. Louis Marx & Company, Inc.*, filed on March 28, 1945; 2) *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, filed on March 28, 1945; and 3) *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, filed on January 11, 1946, Clayton F. Summy Co. filed an Amended Answer in *The Hill Foundation, Inc. v. Clayton F. Summy Co*, on December 29, 1942, and denied that Patty S. Hill wrote the lyrics to *Happy Birthday to You*.<br><br>There is no evidence that Mildred Hill | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | participated in the creation of any variation of *Good Morning to All*, and no evidence that *Happy Birthday to You* ever was written down by either of them.<br><br>There were many prior publications and performances of the Song before 1916. | |
| D10. | There is no evidence that Mildred J. Hill copied the lyrics for *Happy Birthday to You* from anyone. | • Upon review of the admissible evidence, there is no evidence that Mildred J. Hill copied the lyrics for *Happy Birthday to You* from anyone. | Disputed. Compound. The Plaintiffs dispute that Mildred J. Hill wrote the lyrics to *Happy Birthday to You*. *See* D9. | • *See* D9. |
| D11. | There is no evidence that Patty S. Hill copied the lyrics for *Happy Birthday to You* from anyone. | • Upon review of the admissible evidence, there is no evidence that Patty S. Hill copied the lyrics for *Happy Birthday to You* from anyone. | Disputed. Compound. The Plaintiffs dispute that Patty S. Hill wrote the lyrics to *Happy Birthday to You*. *See* D9. | • *See* D9. |
| D12. | The lyrics to *Happy Birthday to You* that Plaintiffs identify as the "familiar" lyrics to the song:<br><br>Happy Birthday to you | • App'x Ex. 1 (FAC) at ¶ 25 | Undisputed that the familiar lyrics to *Happy Birthday to You* are as written. | |

- 107 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Happy Birthday to you Happy Birthday dear [NAME] Happy Birthday to you. | | | |
| D13. | Mildred J. Hill died intestate in 1916. | • App'x Ex. 50 at 670 (amended complaint in *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, filed Dec. 16, 1942) | Undisputed. | |
| D14. | Jessica M. Hill and Patty S. Hill were among Mildred J. Hill's heirs and next of kin. | • App'x Ex. 50 at 670 (amended complaint in *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, filed Dec. 16, 1942) | Undisputed. | |
| D15. | In 1934 and 1935, Jessica Hill licensed to Clayton F. Summy Co. the right to publish, copyright, and sell *Happy Birthday to You.* | • App'x Ex. 50 at 668-69 (amended complaint in *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, filed Dec. 16, 1942)<br>• App'x Ex. 51 at 684-85 (answer to amended complaint in *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, filed Dec. 29, 1942)<br>• App'x Ex. 1 (FAC) at ¶ 74 | Disputed.  The Defendants' purported statement of "fact" is a legal conclusion.<br><br>Conflicting evidence presented shows that Clayton F. Summy Co. (Delaware), the Defendants' alleged predecessor, disputed the Defendants' purported statement of "fact" in Paragraph 18 of the Amended Answer relied upon by the Defendants by stating that it "admits and avers that during | • App'x Ex. 51 at 677-689 (Amended Answer in *Hill Foundation v. Summy Co.*, Eq. No. 78-350).<br>• App'x Ex. 1 (FAC) at 15, ¶ 74<br>• App'x Ex. 2 (Defs. Ans.) at 49,  ¶ 74<br>• App'x Ex. 45 at 630, ¶ 3 (Adam Kaplan letter 11/6/14) |

- 108 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | the calendar years 1934 and 1935 the said Jessica M. Hill and this defendant entered into several so-called royalty contracts wherein and whereby it was provided that the said Jessica J. Hill sold, assigned and transferred to this defendant *various piano arrangement to the said musical composition "Good Morning to All."* (emphasis added).<br><br>Conflicting evidence presented also shows that the Defendants do not have a copy of the purported license agreement referenced and have no personal knowledge of its terms and conditions. | |
| D16. | On or about December 9, 1935, Clayton F. Summy Co. obtained copyright Registration Certificate E51990. | • App'x Ex. 101 (E51990 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1561:  App'x Ex. 101 (Marcotullio Ex. 9) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 1 (FAC) ¶ 96 | Disputed in part. It is undisputed that on or about December 9, 1935, Clayton F. Summy Co. (Delaware) obtained copyright Registration Certificate E51990.<br><br>However, the Defendants offer inadmissible evidence in support of this fact.  The Plaintiffs object to the admissibility of  App'x Ex. 101  pursuant | • App'x Ex. 1 (FAC) at 18, ¶ 96<br>• App'x Ex. 2 (Defs. Ans.) at 62,  ¶ 96<br>• App'x Ex. 48 at 653-654  (Certificate of Registration for E51990)<br>• App'x Ex. 4 [Landes Decl.] at 83, ¶ 3b] |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | • App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2,9 | to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication, and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51990 is App'x Ex. 48 at 633-654. | |
| D17. | There is no evidence that Clayton F. Summy Co. included any inaccurate information on the application for E51990 with the intent to defraud the Copyright Office. | • Upon review of the admissible evidence, there is no evidence that Clayton F. Summy Co. included any inaccurate information on the application for E51990 with the intent to defraud the Copyright Office. | Disputed.  The Defendants purported "fact" is a legal conclusion because intent to defraud is a legal conclusion. | |
| D18. | Registration Certificate 51990 states that it applies to a "published musical composition" entitled "Happy birthday to you." | • App'x Ex. 101 (E51990 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1561:  App'x Ex. 101 (Marcotullio Ex. 9) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2, 9 | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 101  pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is | • App'x Ex. 1 (FAC) at 18, ¶ 96<br>• App'x Ex. 2 (Defs. Ans.) at 62,  ¶ 96<br>• App'x Ex. 48 at 653-654  (Certificate of Registration for E51990)<br>• App'x Ex. 4 [Landes Decl.] at 83, ¶ |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51990 is App'x Ex. 48 at 653-654. | 3b] |
| D19. | The listing under the byline in Registration Certificate E51990 states: "By Mildred J. Hill, arr. by Preston Ware Orem;* pf., with words." | • App'x Ex. 101 (E51990 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1561:  App'x Ex. 101 (Marcotullio Ex. 9) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2, 9 | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 101  pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51990 is App'x Ex. 48 at 653-654. | • App'x Ex. 1 (FAC) at 18, ¶ 96<br>• App'x Ex. 2 (Defs. Ans.) at 62,  ¶ 96<br>• App'x Ex. 48 at 653-654  (Certificate of Registration for E51990)<br>• App'x Ex. 4 [Landes Decl.] at 83, ¶ 3b] |
| D20. | Registration Certificate E51990 also states: "(© is claimed on arrangement as easy piano solo with text)." | • App'x Ex. 101 (E51990 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1561:  App'x Ex. 101 (Marcotullio Ex. 9) was provided to Warner/Chappell by the Copyright Office | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 101  pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it | • App'x Ex. 1 (FAC) at 18, ¶ 96<br>• App'x Ex. 2 (Defs. Ans.) at 62,  ¶ 96<br>• App'x Ex. 48 at 653-654  (Certificate of Registration for E51990) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | • App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2, 9 | lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51990 is App'x Ex. 48 at 653-654. | • App'x Ex. 4 [Landes Decl.] at 83, ¶ 3b] |
| D21. | Registration Certificate E51990 lists the date of publication as December 6, 1935. | • App'x Ex. 101 (E51990 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1561:  App'x Ex. 101 (Marcotullio Ex. 9) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl. at ¶¶ 2,9) | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex.101  pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51990 is App'x Ex. 48 at 653-654. | • App'x Ex. 1 (FAC) at 18, ¶ 96<br>• App'x Ex. 2 (Defs. Ans.) at 62, ¶ 96<br>• App'x Ex. 48 at 653-654  (Certificate of Registration for E51990)<br>• App'x Ex. 4 [Landes Decl.] at 83, ¶ 3b] |
| D22. | Registration Certificate E51990 states that two copies of the published musical composition were received and registered in | • App'x Ex. 101 (E51990 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1561 App'x Ex. 101 (Marcotullio Ex. 9) was provided to Warner/Chappell by the | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex.101  pursuant to FRE 602, FRE 801 and FRE 901 because the evidence | • App'x Ex. 1 (FAC) at 18, ¶ 96<br>• App'x Ex. 2 (Defs. Ans.) at 62,  ¶ 96<br>• App'x Ex. 48 at 653-654  (Certificate of Registration for E51990) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | the Copyright Office on December 9, 1935. | Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2, 9 | cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51990 is App.'x Ex. 48 at 653-654.. | • App'x Ex. 4 [Landes Decl.] at 83, ¶ 3b] |
| D23. | There are only two known versions of *Happy Birthday to You* that contain lyrics and were published by Clayton F. Summy Co. in 1935. | • App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 7<br>• App'x Ex. 43 (1935 publication of sheet music for Happy Birthday to You! Unison Song; also a copy of the deposit copy submitted in connection with Registration Certificate E51988)<br>• Upon review of the admissible evidence, there is no evidence of any other 1935 publications of *Happy Birthday to You* by Clayton F. Summy Co. that contain lyrics. | Compound. Disputed, in part. The Defendants' fact is unsupported by admissible evidence. The Plaintiffs object to the admissibility of App'x Ex. 106 pursuant to FRE 602, FRE 801 and FRE 901 because the Defendants have no knowledge that the sheet music was *ever* published by Clayton F. Summy Co.; the Defendants cannot authenticate that sheet music; and the sheet music is hearsay.<br><br>It is undisputed that App'x Ex. 43 is a deposit copy of the work submitted in connection with Reg. No. E51988.. | |
| D24. | One of the known versions of *Happy Birthday to You* | • App'x Ex. 43 (copy of deposit copy submitted in connection with Registration | Compound. Disputed, in part. The Plaintiffs dispute that there are two known | • App'x Ex. 86 [Sachs Aff.] at 965-66, ¶ 14. |

- 113 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | that contains lyrics and was published by Clayton F. Summy Co. in 1935 was submitted to the Copyright Office in connection with registration E51988 and has the publication number 3076. | Certificate E51988)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1557-58: the Copyright Office provided 1546-1565 in response to a request for the deposit copy submitted in connection with E51988<br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1613-16, 1619<br>• App'x Ex. 111 at ¶¶ 38, 30 & 1643-46 (Sachs Expert Report & Exs. J, L)<br>• App'x Ex. 100 (Kaplan Decl. ¶¶ 9-11) | versions of *Happy Birthday to You*, that contain lyrics and were published by Clayton F. Summy Co. in 1935.  [*See* D23].<br><br>It is undisputed that App'x Ex. 43, pp. 623-624  is a deposit copy of the work submitted in connection with Reg. No. E51988.<br><br>It is undisputed that the number "3076" is printed on the lower left hand corner of App'x Ex. 43, p. 624.<br><br>The Plaintiffs object to the admissibility of Prof. Sachs's testimony (App'x Ex. 110) pursuant to FRE 602 and FRE 901 to support the Defendants' fact because he has no first-hand knowledge of the submission with registration E51988, and cannot authenticate the document submitted with the number "3076" on it. | |
| D25. | The only other known version of *Happy Birthday* | • App'x Ex.106 (1935 publication of sheet music for Happy Birthday to You!) | Compound.  Disputed.  The Plaintiffs object to the admissibility of App'x Ex.106 | • App'x Ex. 86 [Sachs Aff.] |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | *to You* that contains lyrics and was published by Clayton F. Summy Co. in 1935, aside from the version with publication number 3076, has the title "Happy Birthday to You!" above the sheet music and has the publication number 3075. | • App'x Ex. 43 (1935 publication of sheet music for Happy Birthday to You! Unison Song; also a copy of the deposit copy submitted in connection with Registration Certificate E51988) <br> • App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1613-16, 1619 <br> • App'x Ex. 111 at ¶¶ 38, 30 & 1643-46 (Sachs Expert Report & Exs. J, L) <br> • App'x Ex. 100 (Kaplan Decl.) at ¶¶ 7, 10-11 | pursuant to FRE 602, FRE 801 and FRE 901 because the Defendants have no personal knowledge that the sheet music was *ever* published by Clayton F. Summy Co.; the Defendants cannot authenticate that sheet music; and the sheet music is hearsay. <br><br> The Plaintiffs dispute that there are two known versions of *Happy Birthday to You*, that contain lyrics and were published by Clayton F. Summy Co. in 1935.  [*See* D23]. <br><br> It is undisputed that App'x Ex. 43, pp.623-624  is a deposit copy of the work submitted in connection with Reg. No. E51988. <br><br> It is undisputed that the number "3076" is printed on the lower left hand corner of App'x Ex. 43, p. 624. <br><br> The Plaintiffs object to the admissibility of Prof. Sachs's testimony (App'x Ex. 110) pursuant to FRE 602 and FRE 901 to | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | support the Defendants' fact because, although he has seen other copies of sheet music for *Happy Birthday*, he has no personal knowledge of when, how, or by whom the sheet music was prepared and he cannot authenticate any of them. | |
| D26. | Clayton F. Summy Co. published the version of *Happy Birthday to You* with publication numbers 3075 before it published the version of *Happy Birthday to You* with publication number 3076 (which was submitted to the Copyright Office in connection with registration E51988). | • App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!)<br>• App'x Ex. 43 (1935 publication of sheet music for Happy Birthday to You! Unison Song; also a copy of the deposit copy submitted in connection with Registration Certificate E51988)<br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1613-14, 1619<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 7, 10 | Compound.  Disputed.  The Plaintiffs object to the admissibility of App'x Ex.106 pursuant to FRE 602, FRE 801 and FRE 901 because the Defendants have no personal knowledge that the sheet music was ***ever*** published by Clayton F. Summy Co.; the Defendants cannot authenticate that sheet music; and the sheet music is hearsay.<br><br>The Plaintiffs dispute that there are two known versions of *Happy Birthday to You*, that contain lyrics and were published by Clayton F. Summy Co. in 1935.  [*See* D23].<br><br>It is undisputed that App'x Ex. 43, pp.623-624  is a deposit copy of the work | • App'x Ex. 86 [Sachs Aff.] at 965-966, ¶¶ 13, 15-21. |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | submitted in connection with Reg. No. E51988.<br><br>It is undisputed that the number "3076" is printed on the lower left hand corner of App'x Ex. 43, p. 624.<br><br>The Plaintiffs object to the admissibility of Prof. Sachs's testimony (App'x Ex. 110) pursuant to FRE 602 and FRE 901 to support the Defendants' fact because Prof. Sachs has no first-hand knowledge of the submission with registration E51988 and cannot authenticate the document submitted with the number "3075" on it. Prof. Sachs also has no first-hand knowledge regarding whether when, and if "3075" and "3076" were ever published. | |
| D27. | The Copyright Office's record of deposit copies states that on December 9, 1935, the Copyright Office received two deposit copies of a work entitled *Happy* | • App'x 105 (Record of the Filing of Copyright Deposits under the Act of March 4, 1909 (1218-1219)<br>• App'x Ex. 100 (Kaplan Decl. ¶ 6) | Undisputed. | |

- 117 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | *Birthday to You*! in connection with E51990. | | | |
| D28. | The version of *Happy Birthday to You* with publication number 3075 identifies the title of the composition, on the sheet music, as "Happy Birthday to You!" | • App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 7 | Compound.  Disputed.  The Plaintiffs object to the admissibility of App'x Ex.106 pursuant to FRE 602, FRE 801 and FRE 901 because the Defendants have no personal knowledge that the sheet music was *ever* published by Clayton F. Summy Co.; the Defendants cannot authenticate that sheet music; and the sheet music is hearsay. | |
| D29. | The application for E51990 states, in the upper-left portion of the application for use by the Copyright Office:<br><br>Summy (Clayton F.) co.<br><br>Happy birthday to you; pf., with words. | • App'x Ex. 40 (application for E51990) | Undisputed. | |
| D30. | Paragraph 6 of the | • App'x Ex. 40 (application for E51990) | Undisputed. | |

- 118 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | application for E51990 states: "Title of musical composition," after which the following is written in handwriting: "Happy Birthday to You" | | | |
| D31. | The title "Happy Birthday to You!" on the record of deposits for E51990 indicates that the examiner was copying from the sheet music of *Happy Birthday to You* with publication number 3075. | • Upon review of the admissible evidence, there is no evidence of a document from which the title "Happy Birthday to You!" could have been copied other than the version of *Happy Birthday to You* with publication number 3075<br>• App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!)<br>• App'x Ex. 105 (Record of the Filing of Copyright Deposits under the Act of March 4, 1909)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 6-7<br>• App'x Ex. 40 (application for E51990) | Compound.  Disputed.  The Plaintiffs object to the admissibility of App'x Ex.106 pursuant to FRE 602, FRE 801 and FRE 901 because the Defendants have no personal knowledge that the sheet music was *ever* published by Clayton F. Summy Co.; the Defendants cannot authenticate that sheet music; and the sheet music is hearsay.<br><br>The Plaintiffs object to the admissibility of App'x Ex. 105  pursuant to FRE 602 as evidence of what the examiner was copying from because that document does not indicate what, if anything, the examiner was copying from when the entry was prepared and the Defendants have no | • App'x Ex. 40 (application for E51990) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | personal knowledge regarding what the examiner was copying from when preparing App'x Ex. 105.<br><br>Conflicting evidence presented shows that App'x Ex. 40 (application for E51990) stated that the title of composition is:<br><br>"Happy birthday to you; pf., with words." | |
| D32. | The record of deposits for E51990 identifies the work deposited in connection with E51990 as a "Piano Solo with words." | • App'x Ex. 105 (Record of the Filing of Copyright Deposits under the Act of March 4, 1909)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 6 | Disputed.   The evidence cited by the Defendants contains handwriting under the column "TITLE" that states:<br><br>Happy Birthday to You! By Mildred J. Hill Preston Ware Orem (employed for hire by Clayton F. Summy Co.), of U.S., Copyright is claimed on arr. as easy piano solo, with text.<br><br>Above the words "U.S. Copyright is Claimed" appears handwriting that states: "Piano Solo with words." | • App'x Ex. 105 at 1218 (Record of the Filing of Copyright Deposits under the Act of March 4, 1909 |
| D33. | The version of *Happy Birthday to You* with | • App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!) | Disputed.  The Plaintiffs object to the admissibility of App'x Ex. 106 pursuant to | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
|  | publication number 3075 identifies the composition, on the cover page, as "Piano Solo with words." | • <br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1615-16 <br>• App'x Ex. 111 at 1643-44 (Sachs Expert Report, Ex. J) <br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 7, 10-11 | FRE 602, FRE 801 and FRE 901 because the Defendants have no personal knowledge that the sheet music was *ever* published by Clayton F. Summy Co.; the Defendants cannot authenticate that sheet music; and the sheet music is hearsay |  |
| D34. | Paragraph 7 of the application for E51990 states:  "State exactly on what new copy-right is claimed (see Sec. 6 of Act of 1909)," after which the following is written in handwriting: "Arrangement as easy piano solo, with text" | • App'x Ex. 40 (application for E51990) | Undisputed. |  |
| D35. | The application for E51990 does not contain the phrase "Piano Solo with Words." | • App'x Ex. 40 (application for E51990) | Undisputed. |  |

- 121 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| D36. | The phrase "Piano Solo with words" on the record of deposits for E51990 indicates that the examiner was copying from the cover page of the version of *Happy Birthday to You* with publication number 3075. | • Upon review of the admissible evidence, there is no evidence of a document from which the phrase "Piano Solo with words" could have been copied other than the version of *Happy Birthday to You* with publication number 3075<br>• App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!)<br>• App'x Ex. 105 (Record of the Filing of Copyright Deposits under the Act of March 4, 1909)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 6-7<br>• App'x Ex. 40 (application for E51990) | Compound. Disputed. The Plaintiffs object to the admissibility of App'x Ex. 106 pursuant to FRE 602, FRE 801 and FRE 901 because the Defendants have no personal knowledge that the sheet music was ***ever*** published by Clayton F. Summy Co.; the Defendants cannot authenticate that sheet music; and the sheet music is hearsay.<br><br>The Plaintiffs object to the admissibility of App'x Ex. 105 pursuant to FRE 602 as evidence of what the examiner was copying from because that document does not indicate what, if anything, the examiner was copying from when the entry was prepared and the Defendants have no personal knowledge regarding what the examiner was copying from when preparing App'x Ex. 105. | |
| D37. | Warner/Chappell's predecessors-in-interest have claimed ownership in | • App'x Ex. 107 (Dep. Tr. Of Thomas Marcotullio) at 1369-70<br>• App'x Ex. 114 (recorded assignment of | Disputed. The evidence cited does not support the Defendants' fact. Conflicting evidence shows that after | • App'x Ex. 55 at 709-717(Complaint in *Clayton F. Summy Co. v. McLoughlin* |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | the familiar lyrics to *Happy Birthday to You* for decades. | copyright)<br>• App'x Ex. 115 (legible copy of the same)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 8,13) | Warner/Chappell's predecessors-in-interest purported to obtain ownership of E51988 and E51990 that they filed three infringement actions in 1945 and 1946 over the use of the *Happy Birthday* lyrics and only claimed that the use of the *Happy Birthday* lyrics infringed upon the copyright to *Good Morning to All*. | *Brothers, Inc.*, Civil No. 30-284)<br>• App'x Ex. 57 at 732-739 (Complaint in *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, Civil No. 34-481)<br>• App'x Ex. 56 at 721-730 (Complaint in *Clayton F. Summy v. Louis Marx & Co.*, Civil No. 30-285). |
| D38. | Warner/Chappell's predecessors-in-interest have licensed the familiar lyrics to *Happy Birthday to You* for decades. | • App'x Ex. 107 (Dep. Tr. Of Thomas Marcotullio) at 1369-70<br>• App'x Ex. 114 (recorded assignment of copyright)<br>• App'x Ex. 115 (legible copy of the same)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 8,13 | It is undisputed that Warner/Chappell's predecessors-in-interest unlawfully licensed the familiar lyrics to *Happy Birthday to You* for decades.  However, no infringement action has **ever** been brought against anyone for using the familiar lyrics to *Happy Birthday to You* if those lyrics were used without a license. | |
| D39. | Warner/Chappell has claimed ownership in the familiar lyrics to *Happy Birthday to You* for | • App'x Ex. 107 (Dep. Tr. Of Thomas Marcotullio) at 1369-70<br>• App'x Ex. 81 (Stock Purchase Agreement between Warner/Chappell Music, Inc., | It is undisputed that Warner/Chappell has unlawfully claimed ownership in the familiar lyrics to *Happy Birthday to You* since the time it purportedly acquired the | |

- 123 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | decades. | and David K. Sengstack, dated December 1, 1988)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 8 | copyrights to E51988 and E519990 in 1989. | |
| D40. | Warner/Chappell has licensed the familiar lyrics to *Happy Birthday to You* for decades. | • App'x Ex. 107 (Dep. Tr. Of Thomas Marcotullio) at 1369-70<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 8<br>• App'x Ex. 81 (Stock Purchase Agreement between Warner/Chappell Music, Inc., and David K. Sengstack, dated December 1, 1988) | It is undisputed that Warner/Chappell has unlawfully licensed the familiar lyrics to *Happy Birthday to You* since the time it purportedly acquired the copyrights to E51988 and E519990 in 1989. However, no infringement action has *ever* been brought by Warner/Chappell against anyone for using the familiar lyrics to *Happy Birthday to You* if those lyrics were used without a license. | |
| D41. | The deposit copy submitted to the Copyright Office in connection with the E51990 contained the lyrics:<br><br>Happy Birthday to you,<br>Happy Birthday to you,<br>Happy Birthday | • App'x Ex. 106 (1935 publication of sheet music for Happy Birthday to You!)<br>• App'x Ex. 105 (Record of the Filing of Copyright Deposits under the Act of March 4, 1909)<br>• App'x Ex. 40 (application for E51990)<br>• App'x Ex. 43 (1935 publication of sheet music for Happy Birthday to You! Unison | Disputed. The Defendants facts are unsupported by admissible evidence. The Plaintiffs object to the admissibility of the evidence cited by Defendants pursuant to FRE 602 and FRE 901 because: 1) no witness has personal knowledge regarding what deposit copy was submitted to the Copyright Office in connection with E51990; and 2) no witness can authenticate | • App'x Ex. 47 at 641, 645 (Marcotullio Depo. Tr. at 167:5-10; 170:4-25)<br>• App'x Ex. 46 at 633 (Copyright Office letter dated January 23, 1961) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | dear _____ <br> Happy Birthday to you! | Song; also a copy of the deposit copy submitted in connection with Registration Certificate E51988) <br><br> • App'x Ex. 103 (E51988 registration certificate) <br><br> • App'x Ex. 101 (E51990 registration certificate) <br><br> • App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54, 1561:  App'x Exs. 101 and 103 (Marcotullio Exs. 9 and 4) were provided to Warner/Chappell by the Copyright Office <br><br> • App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1613-16, 1619 <br><br> • App'x Ex. 111 at 1643-44 (Sachs Expert Report, Ex. J) <br><br> • App'x Ex. 107 (Dep. Tr. of Thomas Marcotullio) at 1369-70 <br><br> • App'x Ex. 1 (FAC) at ¶ 98 <br><br> • App'x Ex. 123 (Third Amended Consolidated Complaint) at ¶ 98 | what work was deposited in connection with E51990. <br><br> Conflicting evidence presented also shows that it is undisputed that: 1) the Defendants do not possess a copy of the work deposited with the Copyright Office stamped "E51990"; 2) the Copyright Office cannot locate a copy of the work deposited with the Copyright Office as E51990; and 3) no known copy of the work deposited with the Copyright Office stamped "E51990" is known to exist. | |

- 125 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | • App'x Ex. 122 (Second Amended Consolidated Complaint) at ¶ 98 <br> • App'x Ex. 121 (Consolidated First Amended Complaint) at ¶ 94 <br> • App'x Ex. 120 (Complaint) at ¶ 91 <br> • App'x Ex. 100 (Kaplan Decl.) at ¶¶ 2, 4, 6-11, 18-21 | | |
| D42. | On or about December 9, 1935, Clayton F. Summy Co. obtained copyright Registration Certificate E51988. | • App'x Ex. 103 (E51988 registration certificate) <br> • App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54:  App'x Ex. 103 (Marcotullio Ex. 4) was provided to Warner/Chappell by the Copyright Office <br> • App'x Ex. 121 (FAC) at ¶ 91 <br> • App'x Ex. 100 (Kaplan Decl.) at ¶¶ 4, 9, 19 | Disputed in part. It is undisputed that on or about December 9, 1935, Clayton F. Summy Co. (Delaware) obtained copyright Registration Certificate E51988. <br><br> However, the Defendants' fact is supported, in part, by inadmissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 103 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay. <br><br> A certified copy of the Registration Certificate for Reg. No. E51988 is App'x | • App'x Ex. 1 (FAC) at 17, ¶ 91 <br> • App'x Ex. 2 (Defs. Ans.) at 60, ¶ 91 <br> • App'x Ex. 44 at 626-627 (E51988) <br> • App'x Ex. 4 [Landes Decl.] at 82, ¶ 3a |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | Ex. 44. | |
| D43. | There is no evidence that Clayton F. Summy Co. included any inaccurate information on the application for E51988 with the intent to defraud the Copyright Office. | • Upon review of the admissible evidence, there is no evidence that Clayton F. Summy Co. included any inaccurate information on the application for E51988 with the intent to defraud the Copyright Office. | Disputed.  The Defendants purported "fact" is a legal conclusion because intent to defraud is a legal conclusion. | |
| D44. | Registration Certificate E51988 applies to a "published musical composition" entitled "Happy birthday to you; unison song." | • App'x Ex. 103 (E51988 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54:  App'x Ex. 103 (Marcotullio Ex. 4) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 4, 9 | Disputed.  Defendants' fact is unsupported, by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 103 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51988 is App'x Ex. 44. | • App'x Ex. 44 at 626-627 (E51988)<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3a |
| D45. | The listing under the byline in Registration Certificate E51988 states: "By | • App'x Ex. 103 (E51988 registration certificate) | Disputed.  Defendants' fact is unsupported, by admissible evidence.  The Plaintiffs object to the admissibility of  App'x Ex. | • App'x Ex. 44 at 626-627 (E51988)<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3a |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Mildred J. Hill, rev. text and arr. of music by Mrs. R. R. Forman* 4to." | • App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54:  App'x Ex. 103 (Marcotullio Ex. 4) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 4, 9 | 103 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51988 is App'x Ex. 44. | |
| D46. | Registration Certificate E51988 also states: "(© is claimed on arrangement for unison chorus and revised text)." | • App'x Ex. 103 (E51988 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54:  App'x Ex. 103 (Marcotullio Ex. 4) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 4, 9 | Disputed.  Defendants' fact is unsupported, by admissible evidence.  The Plaintiffs object to the admissibility of  App'x Ex. 103 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51988 is App'x Ex. 44. | • App'x Ex. 44 at 626-627 (E51988)<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3a |
| D47. | Registration Certificate E51988 lists the date of publication as December 6, 1935. | • App'x Ex. 103 (E51988 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54:  App'x Ex. 103 (Marcotullio | Disputed.  Defendants' fact is unsupported, by admissible evidence.  The Plaintiffs object to the admissibility of  App'x Ex. 103 pursuant to FRE 602, FRE 801 and | • App'x Ex. 44 at 626-627 (E51988)<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3a |

- 128 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | Ex. 4) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 4, 9 | FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51988 is App'x Ex. 44. | |
| D48. | Registration Certificate E51988 states that two copies of the published musical composition were received and registered in the Copyright Office on December 9, 1935. | • App'x Ex. 103 (E51988 registration certificate)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1553-54:  App'x Ex. 103 (Marcotullio Ex. 4) was provided to Warner/Chappell by the Copyright Office<br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 4, 9 | Disputed.  Defendants' fact is unsupported, by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 103 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a Registration Certificate, it lacks foundation, authentication and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. E51988 is App'x Ex. 44. | • App'x Ex. 44 at 626-627 (E51988)<br>• App'x Ex. 4 [Landes Decl.] at 82, ¶ 3a |
| D49. | The deposit copy submitted to the Copyright Office in connection with E51988 contained the lyrics:<br><br>Happy birthday to you, | • App'x Ex. 43 (copy of the deposit copy submitted in connection with Registration Certificate E51988)<br>• App'x Ex. 109 (Dep. Tr. of Jeremy Blietz) at 1557-58: the Copyright Office provided | Undisputed. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Happy birthday to you, Happy birthday dear_____ Happy Birthday to you; May your birthday be bright, Full of cheer and delight, Happy birthday dear_____ Happy Birthday to you. | 1546-1565 in response to a request for the deposit copy submitted in connection with E51988 <br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 9-10 <br>• App'x Ex. 1 (FAC) at ¶ 93 | | |
| D50. | There is no evidence that Mildred J. Hill was ever aware of any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You*. | • Upon review of the admissible evidence, there is no evidence that Mildred J. Hill was ever aware of any publication of the lyrics of *Happy Birthday to You*. <br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1574-76, 1579-82, 1585-87, 1590-91, 1594-96, 1599-600, 1604-06 <br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 10 | Disputed.  The Defendants purported "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright Act of 1909)" and whether a work was "published" pursuant to the Copyright Act of 1909 is not a fact. | |
| D51. | There is no evidence that Mildred J. Hill ever authorized any "publication" (for purposes | • Upon review of the admissible evidence, there is no evidence that Mildred J. Hill ever authorized any publication of the lyrics of *Happy Birthday to You*. | Disputed.  The Defendants purported "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright | |

- 130 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | of the Copyright Act of 1909) of *Happy Birthday to You*. | • App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1574-76, 1579-82, 1585-87, 1590-91, 1594-96, 1599-600, 1604-06<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 10 | Act of 1909)" and whether a work was "published" pursuant to the Copyright Act of 1909 is not a fact. | |
| D52. | There is no evidence that Patty S. Hill was ever aware, prior to 1936, of any publication of the lyrics of *Happy Birthday to You* aside from the 1935 "publication" (for purposes of the Copyright Act of 1909) by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You*. | • App'x Ex. 87 at 1017-18(deposition testimony of Patty S. Hill that she was not aware of any publication, other than by Clayton F. Summy, that contained *Good Morning to All* "with [her] permission.")<br><br>• Upon review of the admissible evidence, there is no evidence that Patty S. Hill was ever aware, prior to 1936, of any publication of the lyrics of *Happy Birthday to You* aside from the 1935 publication by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You*<br><br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1574-76, 1579-82, 1585-87, 1590-91, 1594-96, 1599-600, 1604-06<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 10 | Disputed.  The Defendants purported "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright Act of 1909)" and whether a work was "published" pursuant to the Copyright Act of 1909 is not a fact.<br><br>. | |
| D53. | There is no evidence that | • App'x Ex. 87 at 1017-18 (deposition | Disputed.  The Defendants purported | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Patty S. Hill ever authorized, prior to 1936, any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You* other than the 1935 publication by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You.* | testimony of Patty S. Hill that she was not aware of any publication, other than by Clayton F. Summy, that contained *Good Morning to All* "with [her] permission.")<br>• Upon review of the admissible evidence, there is no evidence that Patty S. Hill ever authorized, prior to 1936, any publication of the lyrics of *Happy Birthday to You* other than the 1935 publication by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You.*<br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 1574-76, 1579-82, 1585-87, 1590-91, 1594-96, 1599-600, 1604-06<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 10 | "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright Act of 1909)" and whether a work was "published" pursuant to the Copyright Act of 1909 is a legal conclusion, not a fact. | |
| D54. | There is no evidence that Jessica Hill was ever aware, prior to 1936 of any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You* | • Upon review of the admissible evidence, there is no evidence that Jessica Hill was ever aware, prior to 1936, of any publication of the lyrics of *Happy Birthday to You* aside from the 1935 publication by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You.* | Disputed.  The Defendants' purported "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright Act of 1909)" and whether a work was "published" pursuant to the Copyright Act of 1909 is a legal conclusion, not a fact. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | aside from the 1935 publication by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You.* | | | |
| D55. | There is no evidence that Jessica Hill ever authorized, prior to 1936, any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You* other than the 1935 publication by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You.* | • Upon review of the admissible evidence, there is no evidence that Jessica Hill ever authorized, prior to 1936, any publication of the lyrics of *Happy Birthday to You* other than the 1935 publication by Clayton F. Summy Co. of the lyrics of *Happy Birthday to You.* | Disputed.  The Defendants purported "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright Act of 1909)" and whether a work was "published" pursuant to the Copyright Act of 1909 is a legal conclusion, not a fact. | |
| D56. | There is no evidence that Clayton F. Summy Co. was ever aware, prior to 1936, of any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You* | • Based upon a review of the admissible evidence, there is no evidence that Clayton F. Summy Co. was ever aware, prior to 1936, of any publication of the lyrics of *Happy Birthday to You* by a different person or entity.<br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at | Disputed.  The Defendants purported "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright Act of 1909)" and whether a work was "published" pursuant to the Copyright Act | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | by a different person or entity. | 80:23-82:9, 89:6-92:13, 105:23-107:11, 122:19-123:7, 126:9-128:5, 131:13-132:13, 136:24-137:19, 138:16-23, 145:14-146:14 <br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 10 | of 1909 is a legal conclusion, not a fact. | |
| D57. | There is no evidence that Clayton F. Summy Co. ever authorized, prior to 1936, any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You* by a different person or entity. | • Based upon a review of the admissible evidence, there is no evidence that Clayton F. Summy Co. ever authorized, prior to 1936, any publication of the lyrics of *Happy Birthday to You* by a different person or entity. <br>• App'x Ex. 110 (Dep. Tr. of Joel Sachs) at 80:23-82:9, 89:6-92:13, 105:23-107:11, 122:19-123:7, 126:9-128:5, 131:13-132:13, 136:24-137:19, 138:16-23, 145:14-146:14 <br>• App'x Ex. 100 (Kaplan Decl.) ¶ 10 | Disputed. The Defendants purported "fact" is a legal conclusion because the Defendants use the phrase "any publication" (for purposes of the Copyright Act of 1909)" and whether a work was "published" pursuant to the Copyright Act of 1909 is a legal conclusion, not a fact. | |
| D58. | On November 10, 1944, an assignment of copyright from Patty S. Hill and Jessica M. Hill to The Hill Foundation, Inc., was | • App'x Ex. 112 (recorded assignment of copyright) <br>• App'x Ex. 113 (legible copy of the same) <br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 12 | Undisputed. | • App'x Ex. 112 at 1649-50 (recorded assignment of copyright) <br>• App'x Ex. 113 at 1652-53 (legible copy of the same) |

- 134 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | recorded in the Copyright Office. | | | |
| D59. | The assignment referenced in D62 transferred all of Patty S. Hill's and Jessica M. Hill's right, title and interest in Registrations E51988 and E51990 to The Hill Foundation, Inc. | • App'x Ex. 112 (recorded assignment of copyright)<br>• App'x Ex. 113 (legible copy of the same)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 12 | Disputed.  Defendants' purported statement of "fact" is a legal conclusion.  The best evidence of the terms of the assignment cited by Defendants is the language of the assignment. | • App'x Ex. 112 at 1649-50 (recorded assignment of copyright)<br>• App'x Ex. 113 at 1652-53 (legible copy of the same) |
| D60. | On November 10, 1944, an assignment of copyright from The Hill Foundation, Inc., to Clayton F. Summy Co. was recorded in the Copyright Office. | • App'x Ex. 114 (recorded assignment of copyright)<br>• App'x Ex. 115 (legible copy of the same)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 13 | Undisputed. | • App'x Ex. 114 at 1656-1661 (recorded assignment of copyright)<br>• App'x Ex. 115 at 1663-1668 (legible copy of the same) |
| D61. | The assignment referenced in D64 transferred all of The Hill Foundation, Inc.'s right, title and interest in Registrations E51988 and E51990 to Clayton F. | • App'x Ex. 114 (recorded assignment of copyright)<br>• App'x Ex. 115 (legible copy of the same)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 13 | Disputed.  Defendants' purported statement of "fact" is a legal conclusion.  The best evidence of the terms of the assignment cited by Defendants is the language of the assignment. | • App'x Ex. 114 (recorded assignment of copyright)<br>• App'x Ex. 115 (legible copy of the same) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Summy Co. | | | |
| D62. | In August 1931, Clayton F. Summy Co., an Illinois corporation, reorganized and sold its assets to Clayton F. Summy Co. (Delaware). | • App'x Ex. 117 (minutes of a September 29, 1931, meeting of the Board of Directors of C.F.S. Musical Co.)<br>• App'x Ex. 108 (Declaration of Thomas B. Marcotullio ("Marcotullio Decl.") at ¶ 5.<br>• App'x Ex. 100 (Kaplan Decl.) at ¶15) | Disputed.  Conflicting evidence presented shows that Clayton F. Summy and John F. Sengstack entered into an agreement dated August 7, 1931 whereby Clayton F. Summy agreed to transfer certain assets of Clayton F. Summy Co., an Illinois corporation to a newly formed Delaware corporation in exchange for 1,500 shares of Preferred Stock in the Delaware corporation and John Sengstack agreed to purchase 1,500 shares of common stock in the newly formed Delaware corporation. | • App'x Ex. 92 |
| D63. | The August 1931 reorganization and sale referenced in D66 was pursuant to an agreement between Clayton F. Summy and John F. Sengstack. | • App'x Ex. 92 (agreement between Clayton F. Summy and John F. Sengstack, dated August 7, 1931)<br>• App'x Ex. 117 (minutes of a September 29, 1931, meeting of the Board of Directors of C.F.S. Musical Co.)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 5<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 15) | Disputed.  Conflicting evidence presented shows that Clayton F. Summy and John F. Sengstack entered into an agreement dated August 7, 1931 whereby Clayton F. Summy Co., an Illinois corporation to a newly formed Delaware corporation in exchange for 1,500 shares of Preferred Stock in the Delaware | • App'x Ex. 92 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | corporation and John Sengstack agreed to purchase 1,500 shares of common stock in the newly formed Delaware corporation. | |
| D64. | In 1956, Clayton F. Summy Co., (Delaware), changed its name to Summy Publishing Co. (Delaware). | • App'x Ex. 116A at 1674-76 (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | Disputed. Conflicting evidence presented shows that Clayton F. Summy Co., a Delaware corporation, was renamed Summy Publishing Company on January. 23, 1956. | • App'x Ex. 116 at 1674-75 |
| D65. | In 1957, Summy Publishing Co. (Delaware) changed its name to Summy-Birchard Publishing Co. (Delaware). | • App'x Ex. 116 at 1677-79 (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) ¶ 14 | Disputed. Conflicting evidence presented shows that Summy Publishing Company, a Delaware corporation changed its name to Summy-Birchard Publishing Company on September 27, 1957. | • App'x Ex 116 at 1676-78 |
| D66. | In 1961, Summy-Birchard Publishing Co. (Delaware) changed its name to Summy-Birchard Co. | • App'x Ex. 116 at 1680-82 (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the | Disputed. Conflicting evidence presented shows that Summy-Birchard Publishing Company, a Delaware corporation changed its name to Summy-Birchard Company on | • App'x Ex. 116 at 1680-82 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | (Delaware) | Copyright Office on February 2, 1981)<br>• App'x Ex.108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | December 22, 1961. | |
| D67. | On or about December 6, 1962, Summy-Birchard Co. obtained Registration Certificate R306186, which was a renewal of Registration E51990. | • App'x Ex. 68 (approved application for registration of a claim to renewal copyright, 306186)<br>• App'x Ex. 102 (certificate of registration of a claim to renewal copyright, 306186)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 3 | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 102 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a registration certificate, it lacks foundation, authentication, and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. R306186 is App'x Ex. 68. | • App'x Ex. 68 at 812-814 |
| D68. | Registration Certificate R306186 applies to "HAPPY BIRTHDAY TO YOU! – easy piano solo with text." | • App'x Ex. 68 (approved application for registration of a claim to renewal copyright, 306186)<br>• App'x Ex. 102 (certificate of registration of a claim to renewal copyright, 306186)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 3 | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 102 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a registration certificate, it lacks foundation, authentication, and is | • App'x Ex. 68 at 812-814 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. R306186 is App'x Ex. 68. | |
| D69. | Registration Certificate R306186 states that the "Renewable Matter" is "Arrangement as easy piano solo with text." | • App'x Ex. 68 (approved application for registration of a claim to renewal copyright, 306186)<br>• App'x Ex. 102 (certificate of registration of a claim to renewal copyright, 306186)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 3 | Disputed. The Defendants' fact is unsupported by admissible evidence. The Plaintiffs object to the admissibility of App'x Ex. 102 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a registration certificate, it lacks foundation, authentication, and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. R306186 is App'x Ex. 68. | • App'x Ex. 68 at 812-814 |
| D70. | Registration Certificate R306186 states "By Mildred J. Hill" in the area designated for Copyright Office notations. | • App'x Ex. 68 (approved application for registration of a claim to renewal copyright, 306186)<br>• App'x Ex. 102 (certificate of registration of a claim to renewal copyright, 306186) | Disputed. The Defendants' fact is unsupported by admissible evidence. The Plaintiffs object to the admissibility of App'x Ex. 102 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a registration certificate, it | • App'x Ex. 68 at 812-814 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | • App'x Ex. 100 (Kaplan Decl.) at ¶ 3 | lacks foundation, authentication, and is hearsay.<br><br>A certified copy of the Registration Certificate for Reg. No. R306186 is App'x Ex. 68. | |
| D71. | On or about December 6, 1962, Summy-Birchard Company obtained Registration Certificate R306185, which was a renewal of Registration E51988. | • App'x Ex. 67 (approved application for registration of a claim to renewal copyright, 306185)<br>• App'x Ex. 104 (certificate of registration of a claim to renewal copyright, 306185)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 5 | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 104 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited is not a registration certificate, it lacks foundation, authentication, and is hearsay.<br><br>A certified copy of the registration certificate for Reg. No. R306185 is App'x Ex. 67. | • App'x Ex. 67 at 808-810 |
| D72. | Registration Certificate R306185 applies to "HAPPY BIRTHDAY TO YOU! – Unison Song." | • App'x Ex. 67 (approved application for registration of a claim to renewal copyright, 306185)<br>• App'x Ex. 104 (certificate of registration of a claim to renewal copyright, 306185) | Disputed.  The Defendants' fact is unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 104 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence | • App'x Ex. 67 at 808-810 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | • App'x Ex. 100 (Kaplan Decl.) at ¶ 5 | cited is not a registration certificate, it lacks foundation, authentication, and is hearsay.<br><br>A certified copy of the registration certificate for Reg. No. R306185 is App'x Ex. 67. | |
| D73. | In 1973, Summy-Birchard Co. (Delaware) merged with Educational Music Bureau, an Illinois corporation, and the surviving company was Summy-Birchard Co., an Illinois corporation. | • App'x Exs. 116A at 1707-17, 166B at 1718-23, 1737-50 (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | Compound. Disputed. Conflicting evidence presented shows that on December 28, 1973, Summy-Birchard Company, a Delaware corporation was merged into Educational Music Bureau, an Illinois corporation and the name of Educational Music Bureau was changed to Summy-Birchard Company. | • App'x Ex. 71-72 |
| D74. | In 1976, Summy-Birchard Co. (Illinois) merged with New Summy-Birchard Co., a company that had been incorporated in Wyoming earlier that year, and the surviving corporation was | • App'x Exs. 116A at 1692-706, 166B at 1724-36 (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | Compound. Disputed. Conflicting evidence presented shows that on March 8, 1976, New Summy Birchard Company was incorporated in the State of Wyoming. Conflicting evidence presented also shows that on March 19, 1976, Summy-Birchard Company, an Illinois corporation was | • App'x Ex. 74<br>• App'x Ex. 75 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Summy-Birchard Co. (Wyoming). | | merged into New Summy Birchard Company, a Wyoming corporation and the name of New Summy Birchard Company was changed to Summy-Birchard Company. | |
| D75. | In 1978, Summy-Birchard Co. (Wyoming) changed its name to Sumco Corp. (Wyoming). | • App'x Ex. 116A at 1689-91  (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | Disputed.  Conflicting evidence presented shows that on November 9, 1978, Summy-Birchard Company, a Wyoming corporation changed its name to SUMCO Corporation. | • App'x Ex. 77 |
| D76. | In May 1979, Sumco Corp. (Wyoming) changed its name to Summy-Birchard Co. (Wyoming). | • App'x Ex. 116A at 1687-88 (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | Disputed.  Conflicting evidence presented shows that in May, 1979, SUMCO Corporation, a Wyoming corporation changed its name to Summy-Birchard Company. | • App'x Ex. 78 |
| D77. | In July 1979, Summy-Birchard Co. (Wyoming) | • App'x Ex. 116A at 1685-86 (corporate records attached to the declaration of | Disputed.  Conflicting evidence presented shows that on August 3, 1979, Summy- | • App'x Ex. 79 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | changed its name to The Birch Tree Group Ltd. (Wyoming). | David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | Birchard Company, a Wyoming corporation changed its name to The Birch Tree Group Ltd. | |
| D78. | In September 1979, The Birch Tree Group Ltd. (Wyoming) changed its name to Birch Tree Group Ltd. (Wyoming). | • App'x Ex. 116A at 1683-84 (corporate records attached to the declaration of David K. Sengstack, dated January 20, 1981, which was recorded in the Copyright Office on February 2, 1981)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 6<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 14 | Disputed.  Conflicting evidence presented shows that on October 12, 1979, The Birch Tree Group Ltd., a Wyoming corporation changed its name to Birch Tree Group Ltd. | • App'x Ex. 80 |
| D79. | As of October 1988, Birch Tree Group Ltd. Was 100% owned by its then chairman, David K. Sengstack. | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 | Disputed.  The Defendants' fact in unsupported by admissible evidence.  The Plaintiffs object to the admissibility of App'x Ex. 119 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited lacks foundation, authentication and is hearsay.<br><br>Conflicting evidence presented shows that there is no documentation in the record to | • App'x Ex. 23 [Newman Decl.] at 538-544, ¶¶ 40-92 |

- 143 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | prove that David K. Sengstack owned 100% of Birch Tree Group Ltd. as of October, 1988. | |
| D80. | On December 1, 1988, Warner/Chappell Music, Inc., entered into a stock purchase agreement with David K. Sengstack regarding the sale of all the capital stock of Birch Tree Group Ltd. (Wyoming). | • App'x Ex. 81 (Stock Purchase Agreement between Warner/Chappell Music, Inc., and David K. Sengstack, dated December 1, 1988)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 7 | Disputed.  Conflicting evidence presented shows that on December 1, 1988, Warner/Chappell Music, Inc. entered into a stock purchase agreement with David K. Sengstack to purchase 953 shares of common stock that David K. Sengstack purportedly owned in Birch Tree Group Ltd., a Wyoming corporation. | • App'x Ex. 81 at 880-947 |
| D81. | On December 27, 1988, Birch Tree Group Ltd. (Wyoming) changed its name to Summy-Birchard, Inc. (Wyoming). | • App'x Ex. 82 (Certificate of Amendment from the Secretary of State of Wyoming, dated December 27, 1988)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 8 | Undisputed that on December 27, 1988, Birch Tree Group Ltd., a Wyoming corporation changes its name to Summy-Birchard, Inc. | |
| D82. | On January 3, 1989, David K. Sengstack transferred to Warner/Chappell Music, Inc., his common capital stock in Summy-Birchard, | • App'x Ex. 118 (stock certificate that was transferred to Warner/Chappell and then cancelled)<br>• App'x Ex. 108 (Marcotullio Decl.) at ¶ 10 | Compound.  Disputed in part.  It is undisputed that on January 3, 1989, David K. Sengstack purported to transfer his shares of Summy-Birchard, Inc., a Wyoming corporation to Warner/Chappell | • App'x Ex. 17 at 503-507 (EMB Certificate of Incorporation)<br>• App'x Ex. 59 at 744-755 (EMB 1948 Amendment) |

- 144 -

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Inc. (Wyoming) (formerly Birch Tree Group, Ltd. (Wyoming). | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶¶ 16-17 | Music, Inc.  However, David K. Sengstack not was the sole shareholder of Summy-Birchard Company, a Wyoming corporation; that fact is unsupported by any admissible evidence that: 1) David K. Sengstack acquired any shares of Educational Music Bureau, an Illinois corporation; David K. Sengstack acquired any shares of Summy-Birchard Company, a Delaware corporation (fka Clayton F Summy Co.); and David K. Sengstack acquired any shares of Summy-Birchard Company (fka New Summy Birchard Company), a Wyoming corporation.<br><br>Moreover, Plaintiffs dispute that David K. Sengstack transferred "all of the capital stock of Summy-Birchard, Inc.", a Wyoming corporation because conflicting evidence shows that as of October 12, 1979, 963 shares of common stock in Birch Tree Group were outstanding and there is no documentation in the record to prove how the outstanding shares of common | • App'x Ex. 69 at 816 (Death of John Sengstack)<br><br>• App'x Exs. 71 & 72 at 824-836 (Merger of Summy (Delaware) into EMB)<br><br>• App'x Exs. 75 & 76 at 854-865 (Merger of EMB into Wyoming)<br><br>• App'x Ex. 23 [Newman Decl.] at 540-544, ¶¶ 55-92. |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | stock was reduced from 963 outstanding shares to the 953 outstanding shares that David K. Sengstack purportedly transferred to Warner/Chappell Music, Inc. on January 3, 1989.<br><br>There is insufficient evidence to prove that David K. Sengstack owned the shares that Defendants claim he transferred to Warner/Chappell Music, Inc., to make Summy-Birchard, Inc. a wholly owned subsidiary of Warner/Chappell Music, Inc. | |
| D83. | Between approximately September 1931 and January 1989, the Sengstack family continuously operated Warner/Chappell's predecessors-in-interest (in chronological order): Clayton F. Summy Co. (Delaware), Summy Publishing Co. (Delaware), | • App'x Ex. 119 (Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd.)<br><br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 17 | Compound. Disputed. The Defendants' fact in unsupported by admissible evidence. The Plaintiffs object to the admissibility of App'x Ex. 119 pursuant to FRE 602, FRE 801 and FRE 901 because the evidence cited lacks foundation, authentication and is hearsay.<br><br>Conflicting evidence presented shows that there is no documentation in the record to prove that David K. Sengstack owned 100% of Birch Tree Group Ltd. as of | • App'x Ex. 23 [Newman Decl.] at 535-544 ¶¶ 6-89 |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Summy-Birchard Publishing Co. (Delaware), Summy-Birchard Co. (Delaware), Summy-Birchard Co. (Illinois), Summy-Birchard Co. (Wyoming), Sumco Corp. (Wyoming), Summy-Birchard Co. (Wyoming), The Birch Tree Group Ltd. (Wyoming), Birch Tree Group Ltd. (Wyoming), Summy-Birchard, Inc. (Wyoming). | | October, 1988. | |
| D84. | Summy-Birchard, Inc. (Wyoming) is a defendant in this lawsuit. | • App'x Ex. 2 (FAC) at ¶ 14 | It is undisputed that Summy-Birchard, Inc., a Wyoming corporation is a defendant in this lawsuit. | |
| D85. | Summy-Birchard, Inc. (Wyoming) is a wholly-owned subsidiary of Warner/Chappell Music, | • App'x Ex. 108 (Marcotullio Decl.) at ¶ 11 | It is undisputed that Summy-Birchard, Inc., a Wyoming corporation is a wholly-owned subsidiary of Warner/Chappell Music, Inc. | |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | Inc.. | | | |
| D86. | Warner/Chappell Music, Inc., is a defendant in this lawsuit. | • App'x Ex. 2 (FAC) at ¶ 14 | Undisputed. | |
| D87. | Plaintiffs' Complaint did not allege any issue with Warner/Chappell's chain of title to E51998 and/or E51990. | • App'x Ex. 120 (Complaint)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 18 | Undisputed that Plaintiffs' Complaint did not allege any issue with Warner/Chappell's chain of title to E51988 and/or E51990 because the documentation regarding chain a title was exclusively in Defendants' possession. However, Plaintiffs sought discovery of documentation of Defendants' ownership of the copyrights on February 12, 2014. In particular, Plaintiffs requested that Defendants produce "All documents constituting, creating, describing, or relating to Your acquisition of each Right You claim to Happy Birthday to You, including documentation of all assignment(s) or transfer(s) of such Rights." Defendants agreed to produce documentation of their chain of title but | • App'x Ex. 94 at 1019 (Pls. Requests for Production of Documents to Defs. – Set No. One)<br>• App'x Ex. 95 at 1090-1091 (Defs. Objections and Responses to Pls. First Set of Requests for Production of Documents) |

- 148 -

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | never produced documentation of the chain of title prior to the end of discovery. Without that discovery, Plaintiffs had no basis to know the defects in Defendants' chain of title. | |
| D88. | Plaintiffs' Consolidated First Amended Complaint did not allege any issue with Warner/Chappell's chain of title to E51998 and/or E51990. | • App'x Ex. 121 (Consolidated First Amended Complaint) at ¶ 94<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 19 | Undisputed that Plaintiffs' First Amended Complaint did not allege any issue with Warner/Chappell's chain of title to E51988 and/or E51990 because the documentation regarding chain a title was exclusively in Defendants' possession. However, Plaintiffs sought discovery of documentation of Defendants' ownership of the copyrights on February 12, 2014. In particular, Plaintiffs requested that Defendants produce "All documents constituting, creating, describing, or relating to Your acquisition of each Right You claim to Happy Birthday to You, including documentation of all assignment(s) or transfer(s) of such Rights." Defendants agreed to produce documentation of their chain of title but | • App'x Ex. 94 at 1019 (Pls. Requests for Production of Documents to Defs. – Set No. One)<br>• App'x Ex. 95 at 1090-1091 (Defs. Objections and Responses to Pls. First Set of Requests for Production of Documents) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | never produced documentation of the chain of title prior to the end of discovery. Without that discovery, Plaintiffs had no basis to know the defects in Defendants' chain of title. | |
| D89. | Plaintiffs' Second Amended Consolidated Complaint did not allege any issue with Warner/Chappell's chain of title to E51998 and/or E51990. | • App'x Ex. 122 (Second Amended Consolidated Complaint)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 20 | Undisputed that Plaintiffs' Second Amended Consolidated Complaint did not allege any issue with Warner/Chappell's chain of title to E51988 and/or E51990 because the documentation regarding chain a title was exclusively in Defendants' possession.  However, Plaintiffs sought discovery of documentation of Defendants' ownership of the copyrights on February 12, 2014. In particular, Plaintiffs requested that Defendants produce "All documents constituting, creating, describing, or relating to Your acquisition of each Right You claim to Happy Birthday to You, including documentation of all assignment(s) or transfer(s) of such Rights." Defendants agreed to produce documentation of their chain of title but | • App'x Ex. 94 at 1019 (Pls. Requests for Production of Documents to Defs. – Set No. One)<br>• App'x Ex. 95 at 1090-1091 (Defs. Objections and Responses to Pls. First Set of Requests for Production of Documents) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | never produced documentation of the chain of title prior to the end of discovery. Without that discovery, Plaintiffs had no basis to know the defects in Defendants' chain of title. | |
| D90. | Plaintiffs' Third Amended Consolidated Complaint did not allege any issue with Warner/Chappell's chain of title to E51998 and/or E51990. | • App'x Ex. 123 (Third Amended Consolidated Complaint)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 21 | Undisputed that Plaintiffs' Third Amended Consolidated Complaint did not allege any issue with Warner/Chappell's chain of title to E51988 and/or E51990 because the documentation regarding chain a title was exclusively in Defendants' possession. However, Plaintiffs sought discovery of documentation of Defendants' ownership of the copyrights on February 12, 2014. In particular, Plaintiffs requested that Defendants produce "All documents constituting, creating, describing, or relating to Your acquisition of each Right You claim to Happy Birthday to You, including documentation of all assignment(s) or transfer(s) of such Rights." Defendants agreed to produce documentation of their chain of title but | • App'x Ex. 94 at 1019 (Pls. Requests for Production of Documents to Defs. – Set No. One)<br>• App'x Ex. 95 at 1090-1091 (Defs. Objections and Responses to Pls. First Set of Requests for Production of Documents) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | never produced documentation of the chain of title prior to the end of discovery. Without that discovery, Plaintiffs had no basis to know the defects in Defendants' chain of title. | |
| D91. | Plaintiffs' Fourth Amended Consolidated Complaint did not allege any issue with Warner/Chappell's chain of title to E51998 and/or E51990. | • App'x Ex. 2 | Undisputed that Plaintiffs' Fourth Amended Consolidated Complaint did not allege any issue with Warner/Chappell's chain of title to E51988 and/or E51990 because the documentation regarding chain a title was exclusively in Defendants' possession.  However, Plaintiffs sought discovery of documentation of Defendants' ownership of the copyrights on February 12, 2014. In particular, Plaintiffs requested that Defendants produce "All documents constituting, creating, describing, or relating to Your acquisition of each Right You claim to Happy Birthday to You, including documentation of all assignment(s) or transfer(s) of such Rights." Defendants agreed to produce documentation of their chain of title but | • App'x Ex. 94 at 1019 (Pls. Requests for Production of Documents to Defs. – Set No. One) • App'x Ex. 95 at 1090-1091 (Defs. Objections and Responses to Pls. First Set of Requests for Production of Documents) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | | | never produced documentation of the chain of title prior to the end of discovery. Without that discovery, Plaintiffs had no basis to know the defects in Defendants' chain of title. | |
| D92. | In the Joint Report on the parties' Rule 26(f) Planning meeting (filed on February 10, 2014), Plaintiffs disclosed the basis for their copyright claim (Claim One of their Fourth Amended Consolidated Complaint). | • App'x Ex. 124 (Joint Report on Parties Planning Meeting)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 22 | Undisputed. | |
| D93. | In the Joint Report on the parties' Rule 26(f) Planning Meeting (filed on February 10, 2014), Plaintiffs did not assert any issue with Warner/Chappell's chain of title to E51998 and/or | • App'x Ex. 124 (Joint Report on Parties Planning Meeting)<br>• App'x Ex. 100 (Kaplan Decl.) at ¶ 22 | Undisputed that Plaintiffs' did not assert any issue with Warner/Chappell's chain of title to E51988 and/or E51990 in the Joint Report on the parties' Rule 26(f) Planning Meeting because the documentation regarding chain of title was exclusively in Defendants' possession.  However, Plaintiffs sought discovery of | • App'x Ex. 94 at 1019 (Pls. Requests for Production of Documents to Defs. – Set No. One)<br>• App'x Ex. 95 at 1090-1091 (Defs. Objections and Responses to Pls. First Set of Requests for Production of Documents) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
| | E51990. | | documentation of Defendants' ownership of the copyrights on February 12, 2014. In particular, Plaintiffs requested that Defendants produce "All documents constituting, creating, describing, or relating to Your acquisition of each Right You claim to Happy Birthday to You, including documentation of all assignment(s) or transfer(s) of such Rights." Defendants agreed to produce documentation of their chain of title but never produced documentation of the chain of title prior to the end of discovery. Without that discovery, Plaintiffs had no basis to know the defects in Defendants' chain of title. | |
| D94. | Plaintiffs' Requests for Production of Documents to Defendants—Set No. One (dated February 12, 2014) did not reveal Plaintiffs' intent to challenge | • App'x Ex. 94 at 1079 (Plaintiffs' Requests for Production of Documents to Defendants—Set No. One (dated February 12, 2014) | Disputed.  Plaintiffs' request for documentation of Defendants' chain of title had no temporal limitation placed upon it. Since Defendants claim to own a copyright that originated in 1935, their chain of title (if any) would have to date back at least | • App'x Ex. 94 at 1019 (Plaintiffs' Requests for Production of Documents to Defendants—Set No. One (dated February 12, 2014) |

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

| Fact No. | Statement of Fact | Admissible Evidence Supporting Fact | Opposing Party's Response | Admissible Evidence Supporting Response |
|---|---|---|---|---|
|  | Warner/Chappell's chain of title dating to the 1930s. |  | that far. |  |

WARNERCHAPPELL:21358.SOF

JOINT STATEMENT OF UNCONTROVERTED FACTS
CASE NO. CV 13-04460-GHK (MJW)

1

2              Respectfully Submitted,

3    Dated:  December 1, 2014         **WOLF HALDENSTEIN ADLER**
                                        **FREEMAN & HERZ LLP**
4

5

6              By: /s/ *Betsy C. Manifold*
                   BETSY C. MANIFOLD
7

8                  FRANCIS M. GREGOREK
                   gregorek@whafh.com
9                  BETSY C. MANIFOLD
                   manifold@whafh.com
10                 RACHELE R. RICKERT
                   rickert@whafh.com
11                 MARISA C. LIVESAY
                   livesay@whafh.com
12                 750 B Street, Suite 2770
13                 San Diego, CA 92101
14                 Telephone:  619/239-4599
15                 Facsimile:  619/234-4599
16

17                 **WOLF HALDENSTEIN ADLER**
                     **FREEMAN & HERZ LLP**
18                 MARK C. RIFKIN (*pro hac vice*)
19                 rifkin@whafh.com
20                 JANINE POLLACK (*pro hac vice*)
                   pollack@whafh.com
21                 BETH A. LANDES (*pro hac vice*)
22                 landes@whafh.com
23                 270 Madison Avenue
                   New York, NY  10016
24                 Telephone:   212/545-4600
25                 Facsimile:   212-545-4753
26                 *Interim Lead Counsel for Plaintiffs*
27

28

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone:  212/797-3737

**HUNT ORTMANN PALFFY
NIEVES DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@huntortmann.com
KATHLYNN E. SMITH (234541)
smith@ huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107
Facsimile:  212/797-3172

**DONAHUE FITZGERALD LLP**
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone:  510/451-0544
Facsimile:   510/832-1486

**GLANCY BINKOW & GOLDBERG LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (188669)
mgodino@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:   310/201-9150
Facsimile:   310/201-9160

*Attorneys for Plaintiffs*

Dated:  December 1, 2014

**MUNGER   TOLLES   &   OLSON LLP**


By: _____/s/*Kelly M. Klaus*_____
     KELLY M. KLAUS

KELLY M. KLAUS (161091)
kelly.klaus@mto.com
ADAM I. KAPLAN (268182)
adam.kaplan@mto.com
560 Mission St., 27th Floor
San Francisco, CA  94105
Telephone:   415/512-4000

**MUNGER TOLLES & OLSON LLP**
GLENN D. POMERANTZ (112503)
glenn.pomerantz@mto.com
MELINDA E. LEMOINE
melinda.lemoine@mto.com
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone:   213/683-9100

*Attorneys for Defendants*

1

2

## DECLARATION REGARDING CONCURRENCE

3

I, Betsy C. Manifold, am the ECF User whose identification and password

4 are being used to file this [**CORRECTED**] **JOINT STATEMENT OF**

5 **UNCONTROVERTED FACTS IN SUPPORT OF PARTIES' NOTICE OF**

6 **CROSS-MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT**.

7 In compliance with Civil Local Rule 5-4.3.4(a)(2), I hereby attest that Kelly M.

8 Klaus has concurred in this filing.

9

Executed this 1st   day of December 2014, in the City of San Diego, State of

10 California.

11

By:    _/s/Betsy C. Manifold_

12

BETSY C. MANIFOLD

13

14

15

16

17

18

19

20

21

22

23

24

25

26   WARNER/CHAPPELL:21383.JTSTMT

27

28

- 159 -