BETSY C. MANIFOLD (182450)
manifold@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

*Interim Lead Counsel for Plaintiffs and the
[Proposed] Class*

GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
MELINDA E. LeMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
**MUNGER, TOLLES & OLSON LLP**
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Defendants Warner/Chappell Music, Inc.
and Summy-Birchard, Inc.*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -

## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*,<br><br>                    Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., *et al.*,<br><br>                    Defendants. | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**AMENDED JOINT EVIDENTIARY APPENDIX IN SUPPORT OF NOTICE OF CROSS-MOTIONS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT FILED PURSUANT TO COURT'S DEC. 5, 2014 ORDER [Dkt. 185] (VOLUME 1, EXS. 1-10, PAGES 1-220)**<br><br>Date:        January 26, 2015<br>Time:        9:30 a.m.<br>Room:       650<br>Judge:       Hon. George H. King, Chief Judge |

TABLE OF CONTENTS
PLAINTIFFS' EXHIBITS
VOLUME 1

|  |  | | PAGES |
|---|---|---|---|
| Exhibit 1 | Plaintiffs' Fourth Amended Consolidated Complaint ("FAC") filed on April 29, 2014 (Dkt. 95) | 1 | 44 |
| Exhibit 2 | Defendants' Answer to Plaintiffs' FAC filed on May 6, 2014 (Dkt. 99) | 45 | 76 |
| Exhibit 3 | Declaration of Mark C. Rifkin in Support of Notice of Motion and Cross-Motion and Motion and Cross-Motion for Summary Judgment | 77 | 80 |
| Exhibit 4 | Declaration of Beth A. Landes in Support of Notice of Motion and Cross-Motion and Motion and Cross-Motion for Summary Judgment | 81 | 85 |
| Exhibit 5 | Excerpts from *Song Stories for the Kindergarten* published in 1893 by Clayton F. Summy Co. (WC0000406-412) | 86 | 93 |
| Exhibit 6 | Articles of Incorporation for the Clayton F. Summy Company filed with the State of Illinois on or about January 14, 1895 (P003572-3586) | 94 | 109 |
| Exhibit 7 | Digital copy of *Song Stories for the Kindergarten*, published in 1896 by Clayton F. Summy Co. (P002057-2156) | 110 | 210 |
| Exhibit 8 | Article entitled "First Grade Opening Exercises" printed in the January 1901 edition of *Inland Educator and Indiana School Journal* (P003608-3609) | 211 | 213 |
| Exhibit 9 | Excerpt from the book *Tell Me a True Story,* published by Fleming H. Revell Co., arranged by Mary Stewart, in 1909 (P003729-3732) | 214 | 218 |
| Exhibit 10 | Excerpt from 1909 Catalog of Copyright Entries for Books, Entry for Reg. No. A239690 (*Tell Me a True Story*) (P006323) | 219 | 220 |

VOLUME 2

| Exhibit 11 | Digital copy of *The Elementary Worker and His Work* published by the Board of Sunday Schools of the Methodist Episcopal Church, written by Alice Jacobs and Ermina Chester Lincoln, (P002299-2563) | 221 | 486 |

VOLUME 3

| Exhibit 12 | Certified Copy of Additional Certificate of Registration to Claim of Copyright for *The Elementary Worker and His Work* (P006331-6333) | 487 | 490 |

<u>VOLUME 3 (Continued)</u>

| | | | |
|---|---|---|---|
| Exhibit 13 | Excerpt of sheet music from the *Beginners' Book of Songs with Instructions* published by the Cable Company Chicago in 1912 (P003423-3424) | 491 | 493 |
| Exhibit 14 | Excerpt of the sheet music published in *The Golden Book of Favorite Songs, A Treasury of the Best Songs of our People* (P003425-3427) | 494 | 497 |
| Exhibit 15 | CD containing a of video compiled performances of the song *Happy Birthday* from the animated short *Bosko's Party* (Ex. 25) and from the motion pictures *Girls About Town* (Ex. 35)*, Strange Interlude* (Ex. 26)*, Baby Take A Bow* (Ex. 30)*, Way Down East* (Ex. 41)*,* and *The Old Homestead* (Ex. 39) [*manually lodged & filed pursuant to L.R. 11-5.1*] | 498 | |
| Exhibit 16 | Photograph of the "Application for the RENEWAL of a Copyright Subsisting in Any Work" submitted by Jessica Hill, as next of kin for Mildred J. Hill, *Song Stories for the Kindergarten* (Reg. No. 45997) on September 3, 1921 (Renewal Reg. No. 19043) (P003297-3298) | 499 | 501 |
| Exhibit 17 | Certificate of Incorporation for Educational Music Bureau ("EMB") filed with the Illinois Secretary of State on or about August 11, 1923, (WC0002034-2038) | 502 | 507 |
| Exhibit 18 | Excerpt of sheet music published in *Harvest Hymns* in 1924 (P003590-3593) | 508 | 512 |
| Exhibit 19 | Certified Copy of Additional Certificate of Registration to Claim of Copyright for *Harvest Hymns* (Reg. No. A777856) (P006325-6327) | 513 | 516 |
| Exhibit 20 | Articles of Incorporation of Clayton F. Summy Co. filed with the Illinois Secretary of State on or about April 15, 1925 (P003537-3542) | 517 | 523 |
| Exhibit 21 | Excerpt of sheet music from *Children's Praise and Worship* published in 1928 (P003431-3434) | 524 | 528 |
| Exhibit 22 | Certified Copy of Additional Certificate of Registration to Claim of Copyright for *Children's Praise and Worship* (A1068883) (P006328-6330) | 529 | 532 |
| Exhibit 23 | Declaration of Randall S. Newman in Support of Plaintiffs' Motion for Summary Judgment | 533 | 544 |

<u>VOLUME 3 (Continued)</u>

| | | | |
|---|---|---|---|
| Exhibit 24 | Excerpt from the Catalog of Copyright Entries (*Cumulative Series*) for Motion Pictures from 1912 to 1939 (P006351, P006353, P006357-6359) | 545 | 550 |
| Exhibit 25 | CD containing the animated short entitled *Bosko's Party* [*manually lodged & filed pursuant to L.R. 11-5.1*] | 551 | |
| Exhibit 26 | DVD containing the motion picture *Strange Interlude* [*manually lodged & filed pursuant to L.R. 11-5.1*] | 552 | |
| Exhibit 27 | Warner/Chappell Music, Inc.'s "New Song Information Sheet," printed from its electronic database (WC0001983-1984) | 553 | 555 |
| Exhibit 28 | C.F.S. Musical Co. was dissolved by a decree entered by the Superior Court of Cook County, Illinois on or about May 17, 1933 (P003547-3548) | 556 | 557 |
| Exhibit 29 | Copy of Sam H. Harris Theatrical Enterprises, Inc.'s Interrogatory Responses dated March 25, 1935, filed in the captioned action *Jessica M. Hill v. Sam H. Harris*, *et al.* Eq. No. 78-350 (P003116-3131) | 558 | 574 |
| Exhibit 30 | DVD containing the motion picture *Baby Take A Bow* [*manually lodged & filed pursuant to L.R. 11-5.1*] | 575 | |
| Exhibit 31 | Photograph of Application for Copyright for Republished Musical Composition (Reg. No. E51988) dated December 6, 1935 (P003290-3291) | 576 | 578 |
| Exhibit 32 | "Complaint" filed August 14, 1934, in the United States District Court, Southern District of New York, captioned *Jessica M. Hill v. Sam H. Harris*, Eq. No. 78-350 (P002800-2807) | 579 | 587 |
| Exhibit 33 | Excerpt from 1934 Catalog of Copyright Entries for Musical Compositions, Vols. 1 to 12 (P113096) | 588 | 598 |
| Exhibit 34 | *New York Times* article entitled "Shy Women Teachers Who Wrote Child's Ditty Figure in Plagarism Suit Over Broadway Hit" appearing in August 15, 1934, edition (P003598) | 590 | 591 |
| Exhibit 35 | Parts 1, 5, and 6 of Motion Picture "Girls About Town" as retrieved from YouTube available at http://www.youtube.com /watch?v=zbeni6pmJHk&feature=share&list=PL8DEBB5 72FF5195FB&index=4 [*manually lodged & filed pursuant to L.R. 11-5.1*] | 592 | |

VOLUME 3 (Continued)

| | | | |
|---|---|---|---|
| Exhibit 36 | "Amended Complaint" filed January 28, 1935, in the United States District Court, Southern District of New York, captioned *Jessica M. Hill v. Sam H. Harris, et al.*, Eq. No. 78-350 (P002825-2832) | 593 | 601 |
| Exhibit 37 | *New York Herald* article entitled "Sam H. Harris is Sued Over Melody of Song" appearing in the August 15, 1934, edition (P006322) | 602 | 603 |
| Exhibit 38 | Excerpts from 1935 Catalog of Copyright Entries for Musical Compositions, Vols. 1 to 12 (P114300, P114523, P114524, P114589, P114980, P114903, P114966, P115008) | 604 | 612 |
| Exhibit 39 | DVD containing the motion picture *The Old Homestead* [*manually lodged & filed pursuant to L.R. 11-5.1*] | 613 | |
| Exhibit 40 | Photograph of Application for Copyright for Republished Musical Composition with New Copyright Material submitted December 6, 1935 and Registered as E51990 (P003295-3296) | 614 | 616 |
| Exhibit 41 | CD containing the motion picture *Way Down East* [*manually lodged & filed pursuant to L.R. 11-5.1*] | 617 | |
| Exhibit 42 | Assignment of Copyrights, Patty S. Hill & Jessica M. Hill, Assignors, and The Hill Foundation, Inc., Assignors dated June 2, 1942, recorded with the U.S. Copyright Registrar's Office on June 8, 1942 (WC00001453-1455) | 618 | 621 |
| Exhibit 43 | Copy of the sheet music deposited and registered as Reg. No. E51988 (WC0000413-414) | 622 | 624 |
| Exhibit 44 | Certified Copy of Additional Certificate of Registration to Claim of Copyright for Reg. No. E51988 (P006334-6335) | 625 | 627 |
| Exhibit 45 | Letter from Adam Kaplan, Munger Tolles, to Betsy C. Manifold, Wolf Haldenstein dated November 6, 2014 | 628 | 631 |
| Exhibit 46 | Letter from the Copyright Office dated January 23, 1961 (WC000405) | 632 | 633 |
| Exhibit 47 | Excerpts of Deposition Transcript of Defendant Warner/Chappell Music, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6) deponent Thomas Marcotullio, taken June 3, 2014 | 634 | 651 |
| Exhibit 48 | Certified Copy of Additional Certificate of Registration to Claim of Copyright for Reg. No. E51990 (P006336-6337) | 652 | 654 |

VOLUME 3 (Continued)

| | | | |
|---|---|---|---|
| Exhibit 49 | "Assignment of Copyrights," Patty S. Hill & Jessica M. Hill, Assignors, and Summy Co. III, Assignee, dated September 2, 1939, recorded with the U.S. Copyright Registrar's Office on September 21, 1939 (WC0001446-1449) | 655 | 659 |
| Exhibit 50 | "Amended Complaint" filed December 16, 1943, in the United States District Court for the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Civil No. 19-377 (P002647-2661) | 660 | 675 |
| Exhibit 51 | "Answer to Amended Complaint" filed December 29, 1942 in the United States District Court for the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Civil No. 19-377 (P002935-2947) | 676 | 689 |
| Exhibit 52 | "Complaint" filed March 2, 1943 in the United States District Court, Southern District of New York, *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Civil No. 20-439 (P002590-2595) | 690 | 696 |
| Exhibit 53 | "Assignment," Patty S Hill and Jessica M. Hill, as Assignees, The Hill Foundation, Inc., as Assignors, dated October 16, 1944, recorded November 10, 1944 in the U.S. Copyright Registrar's Office (WC00000106-107) | 697 | 699 |
| Exhibit 54 | "Assignment," The Hill Foundation, Inc., as Assignee, Clayton F. Summy Co., a Delaware corporation, Assignor, dated October 16, 1944, recorded November 10, 1944, in the U.S. Copyright Registrar's Office (WC0000957-962) | 700 | 706 |

VOLUME 4

| | | | |
|---|---|---|---|
| Exhibit 55 | National Archives and Records Administration Certified Copy of "Complaint" filed March 28, 1945, in the United States District Court, Southern District of New York, captioned *Clayton F. Summy Co. v. McLoughlin Brothers, Inc.*, Civil No. 30-284 (P006051-6058) | 707 | 718 |
| Exhibit 56 | National Archives and Records Administration Certified Copy of "Complaint" filed March 28, 1945, in the United States District Court, Southern District of New York, captioned *Clayton F. Summy Co. v. Louis Marx & Company, Inc.*, Civil No. 30-285 (P006042-6050) | 719 | 730 |

<u>VOLUME 4 (Continued)</u>

| | | | |
|---|---|---|---|
| Exhibit 57 | National Archives and Records Administration Certified Copy of "Complaint" filed January 11, 1946, in the United States District Court, Southern District of New York, captioned *Clayton F. Summy Co. v. Paul Feigay and Oliver Smith*, Civil No. 34-481 (P006034-6041) | 731 | 740 |
| Exhibit 58 | Article appearing in the *New York Herald* entitled "Happy Birthday Trouble" on December 16, 1947 (P004319) | 741 | 742 |
| Exhibit 59 | Articles of Amendment to EMB filed with the Illinois Secretary of State on or about June 2, 1948 (WC0002039-2043) | 743 | 748 |
| Exhibit 60 | Article appearing in the *The American Family* entitled "The Birthday Song" in January 1950 (P004319) | 749 | 755 |
| Exhibit 61 | Certified Copy of Additional Certificate to Claim of Copyright for renewal of *Harvest Hymns* (Renewal Reg. No. R90447) (P006344-6345) | 756 | 758 |
| Exhibit 62 | Certificate of Amendment and Certificate of Incorporation changing name of Clayton F. Summy Co., a Delaware corp., to Summy Publishing Company, filed January 23, 1956, with the Delaware Secretary of State (WC0002000-2002) | 759 | 762 |
| Exhibit 63 | Excerpt from Twice 55 Community Songs, The Brown Book, Revised Ed., published 1957 by C.C. Birchard Co., of *Happy Birthday* sheet music (P005997-5998) | 763 | 765 |
| Exhibit 64 | Excerpts of Deposition Transcript of Plaintiffs' Expert Witness, Joel Sachs, Ph.D., taken on September 9, 2014 | 766 | 798 |
| Exhibit 65 | Certificate of Amendment and Certificate of Incorporation changing name of Summy Publishing Company, a Delaware corp., to Summy-Birchard Publishing Company, filed September 27, 1957 with the Delaware Secretary of State (WC0002003-2005) | 799 | 802 |
| Exhibit 66 | Certificate of Amendment and Certificate of Incorporation changing name of Summy-Birchard Publishing Company, a Delaware corp., to Summy-Birchard Company, filed December 22, 1961, with the Delaware Secretary of State (WC0002006-2008) | 803 | 806 |
| Exhibit 67 | Certified Copy of Additional Certificate of Registration of a Claim to Copyright for Renewal Reg. No. R306185 (Original Reg. No. E51988) (P006338-6340) | 807 | 810 |

<u>VOLUME 4 (Continued)</u>

| Exhibit 68 | Certified Copy of Additional Certificate of Registration of a Claim to Copyright for Renewal Reg. No. R306186 (Original Reg. No. E51990) (P006341-6343) | 811 | 814 |
| Exhibit 69 | *New York Times* obituary article for John Sengstack, appearing on October 13, 1970 (P006354) | 815 | 816 |
| Exhibit 70 | Articles of Amendment to Articles of Incorporation for Educational Music Bureau dated July 31, 1973 (WC0002044-2048) | 817 | 822 |
| Exhibit 71 | Articles of Merger of Domestic and Foreign Corporation for EMB and Summy-Birchard Company filed with the Illinois Secretary of State on or about December 28, 1973 (WC0002064-2068) | 823 | 828 |
| Exhibit 72 | Plan and Agreement of Merger entered into on or about December 21, 1973 between Summy-Birchard Company (Delaware) and EMB (WC002069-2075) | 829 | 836 |
| Exhibit 73 | National Archives and Records Administration Certified Copy of "Answer" filed March 28, 1945, in the United States District Court, Southern District of New York, captioned *Clayton F. Summy Co. v. Louis Marx & Company, Inc.*, Civil No. 30-285 (P006360-6367) | 837 | 846 |
| Exhibit 74 | Articles of Merger filed with the Wyoming Secretary of State on or about January 8, 2010 (WC0002076-2080) | 847 | 852 |
| Exhibit 75 | Articles of Merger filed with the Wyoming Secretary of State on or about March 19, 1976 (WC0002019, 2018, 2032, 2031) | 853 | 857 |
| Exhibit 76 | Agreement and Plan of Merger between Summy-Birchard Company, an Illinois corporation, and New Summy-Birchard Company, a Wyoming corporation (WC0002029, 2028, 2027, 2026, 2025, 2024, 2030) | 858 | 865 |
| Exhibit 77 | Articles of Amendment filed with the Wyoming Secretary of State on or about November 9, 1978 (WC0002015-2017) | 866 | 869 |
| Exhibit 78 | Articles of Amendment dated May 1, 1979 that were filed with the Wyoming Secretary of State, (WC0002013-2014) | 870 | 872 |
| Exhibit 79 | Articles of Amendment filed with the Wyoming Secretary of State on or about August 3, 1979 (WC0002011-2012) | 873 | 875 |

## VOLUME 4 (Continued)

| | | | |
|---|---|---|---|
| Exhibit 80 | Articles of Amendment filed with the Wyoming Secretary of State on or about October 12, 1979 (WC0002009-2010) | 876 | 878 |
| Exhibit 81 | Stock Purchase Agreement between Warner/Chappell Music, Inc. and David K. Sengstack dated December 1, 1988 (WC000760-827) | 879 | 947 |

## VOLUME 5

| | | | |
|---|---|---|---|
| Exhibit 82 | Articles of Amendment of Birch Tree Group Limited filed with the Wyoming Secretary of State on or about December 27, 1988 (WC0001995-1997) | 948 | 951 |
| Exhibit 83 | Stock Certificate for Birch Tree Group Limited dated February 12, 1986 (WC0000574) | 952 | 953 |
| Exhibit 84 | Stock Power Assignment from Sengstack to Warner/Chappell Music, Inc., dated January 3, 1989 (WC0000573) | 954 | 955 |
| Exhibit 85 | Articles of Merger of Summy-Birchard, Inc., a Wyoming corp., and Summy-Birchard, Inc., a Wyoming corp. (WC0002076-2080) | 956 | 961 |
| Exhibit 86 | Affidavit of Joel Sachs in Support of Cross-Motions for Summary Judgment & Exhibits of Sheet Music for *Happy Birthday* | 962 | 967 |
| | Exhibit A – *Happy Birthday to You!* (WC0000977-978) | 968 | 970 |
| | Exhibit B – *Happy Birthday to You!* (Deposit Copy for E51988-WC0000413-414) | 971 | 973 |
| | Exhibit C – *Happy Birthday* (WC0000119-121) | 974 | 977 |
| | Exhibit D – *Happy Birthday* (WC0000984-989) | 978 | 984 |
| | Exhibit E – *Happy Birthday* (WC0000990-995) | 985 | 991 |
| | Exhibit F – *Happy Birthday* (WC0000996-1001) | 992 | 998 |
| Exhibit 87 | Deposition Transcripts *de benne esse* of Patty S. Hill and Jessica Hill taken July 1, 1935, filed in the *Hill v. Harris*, Eq. No. 78-350 (P002756-2797) | 999 | 1043 |

<u>VOLUME 5 (Continued)</u>

| | | | |
|---|---|---|---|
| Exhibit 89 | Metro-Goldwyn-Mayer's Notice of Intent to use Musical Compositions in Connection with the "Photoplay" Entitled "*Strange Interlude*" dated July 14, 1932 (production #608) identifying *Happy Birthday* as being in the public domain (WB042) | 1044 | 1045 |
| Exhibit 90 | TIME Magazine article: "Music: Good Morning" appearing in the August 27, 1934, edition of TIME (P004318) | 1046 | 1047 |
| Exhibit 91 | "Answer" filed April 12, 1943, in the United States District Court, Southern District of New York, *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Civil No. 20-439 (P002869-2877) | 1048 | 1057 |
| Exhibit 92 | Confidential Purchase Agreement between Clayton F. Summy and John Sengstack dated August 7, 1931 (WC0002081-2090) | 1058 | 1068 |
| Exhibit 93 | State of Illinois Death Index for Clayton F. Summy (P006368) | 1069 | 1070 |
| Exhibit 94 | Plaintiffs' Requests for Production of Documents to Defendants – Set No. One dated February 12, 2014 | 1071 | 1082 |
| Exhibit 95 | Excerpts from Defendants' Objections and Responses to Plaintiffs' First Set of Requests for Production of Documents dated March 21, 2014 | 1083 | 1094 |
| Exhibit 96 | Excerpts from Plaintiff Good Morning To You Corp.'s Interrogatories to Defendants – Set No. One dated February 12, 2014 | 1095 | 1102 |
| Exhibit 97 | Excerpts from Defendants' Objections and Responses to Plaintiffs' First Set of Interrogatories dated April 11, 2014 | 1103 | 1116 |
| Exhibit 98 | Plaintiffs' Receipt for Additional Certificates of Registration of a Claim to Copyright for E 51988 & 7 Others from the Records Research and Certification Section, Office of Public Records and Repositories, U.S. Copyright Office dated June 12, 2014  (P006370) | 1117 | 1118 |
| Exhibit 99 | Excerpts from Compendium of Copyright Office Practices II, Ch. 1900, Records, Indexes, And Deposits Of The Copyright Office; Inspection, Copying, Additional Certificates, And Other Certifications (1984) (P006371-6392) | 1119 | |

## DEFENDANTS' EXHIBITS
### VOLUME 6

| | | | |
|---|---|---|---|
| Exhibit 100 | Declaration of Adam I. Kaplan in Support of Notice of Motion and Cross-Motion and Motion and Cross-Motion for Summary Judgment | 1200 | 1203 |
| Exhibit 101 | Copy of Registration E51990 (WC0000388-90, marked as Marcotullio Dep. Ex. 9) | 1204 | 1207 |
| Exhibit 102 | Certificate of Registration of a Claim to Renewal Copyright R306186 (WC0000103-104) | 1208 | 1210 |
| Exhibit 103 | Copy of Registration E51988 (WC0000385-87, marked as Marcotullio Dep. Ex. 4) | 1211 | 1214 |
| Exhibit 104 | Certificate of Registration of a Claim to Renewal Copyright R306185(WC0000953-54) | 1215 | 1217 |
| Exhibit 105 | Record of the Filing of Copyright Deposits under the Act of March 4, 1909 (P003299) | 1218 | 1219 |
| Exhibit 106 | Copy of sheet music for *Happy Birthday to You!*, published in 1935 by Clayton F. Summy Co. as publication number 3075 (WC0000977-979) | 1220 | 1223 |
| Exhibit 107 | Excerpts of Deposition Transcript of Defendant Warner/Chappell Music, Inc., Pursuant to Fed. R. Civ. P. 30(b)(6) deponent Thomas Marcotullio, taken June 3, 2014 | 1224 | 1540 |

### VOLUME 7

| | | | |
|---|---|---|---|
| Exhibit 108 | Declaration of Thomas B. Marcotullio in Support of Defendants' Motion for Summary Judgment | 1541 | 1545 |
| Exhibit 109 | Excerpts of Deposition Transcript of Jeremy Blietz, taken on July 10, 2014 | 1546 | 1565 |
| Exhibit 110 | Excerpts of Deposition Transcript of Plaintiffs' Expert Witness, Joel Sachs, Ph.D., taken on September 9, 2014 | 1566 | 1622 |
| Exhibit 111 | Excerpts of Exhibit 47 to the Deposition of Joel Sachs, Ph.D (Expert Report of Joel Sachs, Ph.D. and Exs. J and L thereto) | 1623 | 1646 |
| Exhibit 112 | Recorded Assignment of Copyright from Patty S. Hill and Jessica S. Hill to The Hill Foundation, Inc., dated October 16, 1944 (WC0001450-52) (illegible copy) | 1647 | 1650 |
| Exhibit 113 | Recorded Assignment of Copyright from Patty S. Hill and Jessica S. Hill to The Hill Foundation, Inc., dated October 16, 1944 (WC0000844-45) (legible copy) | 1651 | 1653 |

<u>VOLUME 7 (Continued)</u>

| | | | |
|---|---|---|---|
| Exhibit 114 | Recorded Assignment of Copyright from The Hill Foundation, Inc., to Clayton F. Summy Co., dated October 16, 1944 (WC0001456-62) (illegible copy) | 1654 | 1661 |
| Exhibit 115 | Recorded Assignment of Copyright from The Hill Foundation, Inc., to Clayton F. Summy Co., dated October 16, 1944 (WC0000838-45) (legible copy) | 1662 | 1670 |
| Exhibit 116 | Declaration of David K. Sengstack, dated January 20, 1981, recorded in the Copyright Office on February 2, 1981 (WC0001998-2075) | | |
| | Exhibit 116 A | 1671 | 1717 |
| | Exhibit 116 B | 1718 | 1750 |

<u>VOLUME 8</u>

| | | | |
|---|---|---|---|
| Exhibit 117 | Minutes of a September 29, 1931, Meeting of the Board of Directors of C.F.S. Musical Co. (WC WC0002091-93) | 1751 | 1754 |
| Exhibit 118 | Stock Certificate for Birch Tree Group Ltd. and Stock Power (WC0002094-2097) | 1755 | 1759 |
| Exhibit 119 | Excerpt of October 1988 "Confidential Information Memorandum" regarding Birch Tree Group Ltd. (WC0001137, WC0001142-43) | 1760 | 1763 |
| Exhibit 120 | Plaintiffs' Complaint, filed on June 20, 2013 (Dkt. 9) | 1764 | 1798 |
| Exhibit 121 | Plaintiffs' Consolidated First Amended Complaint, filed on July 26, 2013 (Dkt. 29) | 1799 | 1833 |
| Exhibit 122 | Plaintiffs' Second Amended Consolidated Complaint, filed on September 4, 2013 (Dkt. 59) | 1834 | 1874 |
| Exhibit 123 | Plaintiffs' Third Amended Consolidated Complaint, filed on November 5, 2013 (Dkt. 72) | 1875 | 1916 |
| Exhibit 124 | Joint Report on Parties' Planning Meeting, filed February 10, 2014 (Dkt. No. 89) | 1917 | 1935 |
| Exhibit 125 | Letter from United States Copyright Office to Lisa Minnerly (Warner/Chappell Music, Inc.) dated December 9, 2013 (WC0002098) | 1936 | 1937 |
| Exhibit 126 | Agreement between The Hill Foundation, Inc., and Clayton F. Summy Co., dated October 16, 1944 (WC0000963-973) | 1938 | 1947 |

Respectfully Submitted,

Dated:  December 17, 2014

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: /s/*Betsy C. Manifold*
    BETSY C. MANIFOLD

FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
270 Madison Avenue
New York, NY  10016
Telephone:  212/545-4600
Facsimile:   212-545-4753

*Interim Lead Counsel for Plaintiffs*

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone:  212/797-3737

**HUNT ORTMANN PALFFY**
**NIEVES DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@huntortmann.com
KATHLYNN E. SMITH (234541)
smith@ huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107
Facsimile:  212/797-3172

**DONAHUE FITZGERALD LLP**
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone:  510/451-0544
Facsimile:  510/832-1486

**GLANCY BINKOW &
  GOLDBERG LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (188669)
mgodino@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:   310/201-9150
Facsimile:   310/201-9160

*Attorneys for Plaintiffs*


Dated:  December 17, 2014                **MUNGER TOLLES & OLSON LLP**


By:       /s/*Kelly M. Klaus*
      KELLY M. KLAUS

      KELLY M. KLAUS (161091)
      kelly.klaus@mto.com
      ADAM I. KAPLAN (268182)
      adam.kaplan@mto.com
      560 Mission St., 27th Floor
      San Francisco, CA  94105
      Telephone:  415/512-4000

      **MUNGER TOLLES & OLSON LLP**
      GLENN D. POMERANTZ (112503)
      glenn.pomerantz@mto.com
      MELINDA E. LEMOINE
      melinda.lemoine@mto.com
      355 South Grand Ave., 35th Floor
      Los Angeles, CA 90071
      Telephone:  213/683-9100

      *Attorneys for Defendants*

## <u>DECLARATION REGARDING CONCURRENCE</u>

I, Betsy C. Manifold, am the ECF User whose identification and password are being used to file this AMENDED JOINT EVIDENTIARY APPENDIX IN SUPPORT OF NOTICE OF CROSS-MOTIONS AND CROSS-MOTIONS FOR SUMMARY JUDGMENT FILED PURSUANT TO COURT'S DEC. 5, 2014 ORDER [Dkt. 185] (VOLUME 1, EXS. 1-10, PAGES 1-220).  In compliance with Civil Local Rule 5-4.3.4(a)(2), I hereby attest that Kelly M. Klaus has concurred in this filing.

Executed this 17th day of December 2014, in the City of San Diego, State of California.

By:    /s/*Betsy C. Manifold*
             BETSY C. MANIFOLD

WARNER/CHAPPELL:21406v2.VOL.1

- 15 -

# EXHIBIT 1

1   BETSY C. MANIFOLD (182450)
    manifold@whafh.com
2   **WOLF HALDENSTEIN ADLER**
    **FREEMAN & HERZ LLP**
3   750 B Street, Suite 2770
    San Diego, CA 92101
4   Telephone: 619/239-4599
    Facsimile: 619/234-4599
5
    *Interim Lead Class Counsel for Plaintiffs*
6
    [Additional Counsel on Signature Page]
7
8                  **UNITED STATES DISTRICT COURT**

9         **CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION**

10  GOOD MORNING TO YOU                )  Lead Case No. CV 13-04460-GHK (MRWx)
11  PRODUCTIONS CORP.;                 )
    ROBERT SIEGEL;                     )  **FOURTH AMENDED**
12  RUPA MARYA; and                    )  **CONSOLIDATED COMPLAINT FOR:**
    MAJAR PRODUCTIONS, LLC,            )  **(1) DECLARATORY JUDGMENT**
13                                     )       **(28 U.S.C. § 2201);**
    On Behalf of Themselves and All    )  **(2) DECLARATORY AND**
14  Others Similarly Situated,         )       **INJUNCTIVE RELIEF AND**
                                       )       **DAMAGES (28 U.S.C. § 2202);**
15                                     )  **(3) VIOLATIONS OF CALIFORNIA'S**
                                       )       **UNFAIR COMPETITION LAWS**
16              Plaintiffs,            )       **(Bus. & Prof. Code §§ 17200** *et seq.***);**
                                       )  **(4) BREACH OF CONTRACT;**
17                                     )  **(5) COMMON LAW MONEY HAD**
    v.                                 )       **AND RECEIVED;**
18                                     )  **(6) RESCISSION FOR FAILURE  OF**
                                       )       **CONSIDERATION; and**
19  WARNER/CHAPPELL MUSIC,             )  **(7) VIOLATIONS OF CALIFORNIA'S**
    INC.; and SUMMY-BIRCHARD,          )       **FALSE ADVERTISING LAWS**
20  INC.,                              )       **(Bus. & Prof. Code §§ 17500** *et seq.***)**
                                       )
21              Defendants.            )
22                                     )
                                       )
23                                     )
                                       )
24                                     )  **CLASS ACTION**
                                       )
25                                     )  **DEMAND FOR JURY TRIAL**
26  _____
27
28

                                                        **Ex. 1**

                                                          **2**

Plaintiffs, Good Morning to You Productions Corp. ("GMTY"), Robert Siegel ("Siegel"), Rupa Marya d/b/a/ Rupa Marya & The April Fishes ("Rupa"), and Majar Productions, LLC ("Majar") (collectively herein "Plaintiffs"), on behalf of themselves and all others similarly situated, by their undersigned attorneys, as and for their Fourth Amended Consolidated Complaint For: (1) Declaratory Judgment (28 U.S.C. § 2201); (2) Declaratory and Injunctive Relief and Damages (28 U.S.C. § 2202); (3) Violations of California's Unfair Competition Laws (Bus. & Prof. Code §§ 17200 *et seq.*); (4) Breach of Contract; (5) Common Law Money Had and Received; (6) Rescission for Failure of Consideration; and (7) Violations of California's False Advertising Laws (Bus. & Prof. Code §§ 17500 *et seq.*) against defendants Warner/Chappell Music, Inc. ("Warner/Chappell") and Summy-Birchard, Inc. ("SBI") (collectively "Defendants"), hereby allege as follows:

## JURISDICTION AND VENUE

1.     The Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338 with respect to claims seeking declaratory and other relief arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*; pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201 *et seq.*; pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d)(2); and supplemental jurisdiction pursuant to 28 U.S.C. § 1367 over the entire case or controversy.

2.     The Court has personal jurisdiction and venue is proper in this District under 28 U.S.C. §§ 1391(b)-(c) and 28 U.S.C. § 1400(a), in that the claims arise in this Judicial District where both Defendants' principal places of business are located and where they regularly conduct business.

3.     Paragraph 8 of the Film and Synchronization and Performance License ("Synchronization License") by and between assignee plaintiff Siegel and defendant Warner/Chappell states: "this license has been entered into in, and shall be interpreted in accordance with the laws of the state of California, and any action or

**Ex. 1**

**3**

1    proceeding concerning the interpretation and/or enforcement of this license shall be
2    heard only in the state or federal courts situated in Los Angeles county. . . ."
3    Defendant Warner/Chappell requires any action or proceeding related thereto to be
4    brought in this District under the Synchronization License.

5    **INTRODUCTION**

6        4.    This is an action to declare that Defendants do not own a copyright to
7    the world's most popular song, ***Happy Birthday to You*** (the "Song"), that if
8    Defendants own any copyright to the Song, it is limited to four specific piano
9    arrangements or an obscure second verse that has no commercial value, that any
10   other copyright to the Song that Defendants may own or ever owned are invalid or
11   have expired, and that the Song is dedicated to public use and in the public domain;
12   and in turn to declare that Defendants must return millions of dollars of unlawful
13   licensing fees collected by defendant Warner/Chappell pursuant to its wrongful
14   assertion of copyright ownership of the Song.

15       5.    According to the United States Copyright Office ("Copyright Office"),
16   a "***musical composition*** consists of music, including any accompanying words, and
17   is normally registered as a work of the performing arts."  Copyright Office Circular
18   56A, "Copyright Registration of Musical Compositions and Sound Recordings," at 1
19   (Feb. 2012) (available at www.copyright.gov/circs/circ.56a.pdf).  The author of a
20   musical composition generally is the composer, and the lyricist (if a different
21   person). ***Id.***

22       6.    More than 120 years after the melody to which the simple lyrics of
23   ***Happy Birthday to You*** is set was first published, defendant Warner/Chappell
24   boldly, but wrongfully and unlawfully, insists that it owns the copyright to ***Happy***
25   ***Birthday to You***, and with that copyright the exclusive right to authorize the Song's
26   reproduction, distribution, and public performances pursuant to federal copyright
27   law.  At all relevant times, Warner/Chappell declared in the first two sentences on
28   the "About Us" page of its website that "Warner/Chappell Music is [Warner Music

**Ex. 1**

**4**

Group]'s award-winning global music publishing company. The Warner/Chappell Music catalog includes standards such as 'Happy Birthday To You'. . ." (*available at* www.warnerchappell.com/about.jsp?currenttab=about_us as of June 18, 2013). Defendant Warner/Chappell either has silenced those wishing to record or perform *Happy Birthday to You*, or has extracted millions of dollars in unlawful licensing fees from those unwilling or unable to challenge its ownership claims.

7. Irrefutable documentary evidence, some dating back to 1893, shows that if defendant Warner/Chappell owned or owns any copyrights to *Happy Birthday to You*, those rights were and are limited to the extremely narrow right to reproduce and distribute specific piano arrangements for the Song, or an obscure second verse that has no commercial value, which were published in 1935. That same evidence also shows that if Warner/Chappell ever owned a copyright to any other part of the Song, it was invalid or expired no later than 1921. Significantly, no court has ever adjudicated either the scope or validity of the Defendants' claimed interest in *Happy Birthday to You*, nor in the Song's melody or its familiar lyrics, which are, themselves, independent works.

8. Various legal scholars and copyright and music industry experts agree with the foregoing, questioning the validity of Defendants' assertion of copyright in the Song, and supporting the conclusion that *Happy Birthday* properly exists in the public domain. For example, Professor Robert Brauneis, Professor of Law and Co-Director of the Intellectual Property Law Program at George Washington University, and a leading legal scholar in intellectual property law, has stated that it is "doubtful" that *Happy Birthday* "is really still under copyright."

9. Plaintiffs GMTY, Siegel, Rupa, and Majar, on behalf of themselves and all others similarly situated, seek a declaration that *Happy Birthday to You* is dedicated to public use and is in the public domain as well as monetary damages and restitution of all the unlawful licensing fees that defendants have improperly collected from Plaintiffs and all other Class members.

**Ex. 1**

- 3 -

**5**

**PLAINTIFFS**

10. Plaintiff GMTY is a New York corporation with its principal place of business located in New York County. Under a claim of copyright by defendant Warner/Chappell, on or about March 26, 2013, GMTY paid defendant Warner/Chappell the sum of $1,500 for a synchronization license to use *Happy Birthday to You* and on or about April 24, 2013, GMTY entered into a synchronization license with Warner/Chappell, as alleged more fully herein.

11. Plaintiff Robert Siegel is the assignee of BIG FAN PRODUCTIONS, INC. ("BIG FAN"), an inactive New York corporation and a resident of New York, New York. Under a claim of copyright by defendant Warner/Chappell, on or about September 1, 2009, BIG FAN paid to defendant Warner/Chappell the sum of $3,000 for the Synchronization Licenses to use *Happy Birthday to You*, as alleged more fully herein. Plaintiff Siegel, the then-President of BIG FAN, was assigned BIG FAN's rights and claims, including those pertaining to the Synchronization License pursuant to Paragraph 7 thereof between defendant Warner/Chappell and BIG FAN, entered into on or about July 20, 2009.

12. Plaintiff Rupa is a musician and leader of the band entitled "Rupa & The April Fishes" ("RTAF"), and a member of the American Society of Composers, Authors and Publishers ("ASCAP"). Plaintiff Rupa is a resident of San Mateo County, California. RTAF recorded *Happy Birthday to You* at a live show in San Francisco, California, on April 27, 2013. Under a claim of copyright by defendant Warner/Chappell, on or about June 17, 2013, plaintiff Rupa d/b/a RTAF paid to defendant Warner/Chappell the sum of $455 for a compulsory license pursuant to 17 U.S.C. § 115 (commonly known as a "mechanical license") to use *Happy Birthday to You*, as alleged more fully herein.

13. Plaintiff Majar is a Los Angeles-based film production company that produced the award winning documentary film "*No Subtitles Necessary: Lászl &  Vilmos*" (hereafter, "*No Subtitles Necessary*" or the "Film"). The Film follows the

**Ex. 1**

- 4 -

**6**

lives of renowned cinematographers László Kovacs ("Kovacs") and Vilmos Zsigmond ("Zsigmond") from escaping the 1956 Soviet invasion of Hungary to the present day.  As film students in Hungary, Kovacs and Zsigmond shot footage of the Russian invasion of Budapest and subsequently risked their lives to smuggle it out of the country. They fled to America and settled in Hollywood, eventually saving enough money to buy their own 16mm camera to begin shooting movies.  Both rose to prominence in the late 1960's and 1970's having shot films such as "Easy Rider," "Five Easy Pieces," "McCabe and Mrs. Miller," "Deliverance," "Paper Moon," and "Close Encounters of the Third Kind."  *No Subtitles Necessary* tells the story of their lives and careers.

## DEFENDANTS

14.    Defendant Warner/Chappell is a Delaware corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025 and regularly conducts business within this Judicial District.

15.    Defendant SBI is a Wyoming corporation with its principal place of business located at 10585 Santa Monica Boulevard, Los Angeles, California 90025. SBI regularly conducts business within this Judicial District, where it may be found. On information and belief, SBI is a subsidiary of Warner/Chappell, having been acquired by Warner/Chappell in or around 1998.

## FACTUAL BACKGROUND

### *Good Morning to All and the Popular Adoption of Happy Birthday to You*

16.    Sometime prior to 1893, Mildred J. Hill ("Mildred Hill") and her sister Patty Smith Hill ("Patty Hill") (Mildred and Patty Hill are collectively referred to as the "Hill Sisters") authored a written manuscript containing sheet music for 73 songs composed or arranged by Mildred Hill, with words written and adapted by Patty Hill.

17.    The manuscript included *Good Morning to All*, a song written by the Hill Sisters.

**Ex. 1**

**7**

18.     On or about February 1, 1893, the Hill Sisters sold and assigned all their right, title, and interest in the written manuscript to Clayton F. Summy ("Summy") in exchange for 10 percent of retail sales of the manuscript.  The sale included the song *Good Morning to All*.

19.     In or around 1893, Summy published the Hill Sisters' written manuscript with an introduction by Anna E. Bryan ("Bryan") in a songbook titled *Song Stories for the Kindergarten*.  *Song Stories for the Kindergarten* included the song *Good Morning to All*.

20.     On or about October 16, 1893, Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for *Song Stories for the Kindergarten*.

21.     On the October 16, 1893, copyright application, Summy claimed to be the copyright's proprietor, but not the author of the copyrighted works.

22.     *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1893, by Clayton F. Summy."

23.     As proprietor of the 1893 copyright in *Song Stories for the Kindergarten*, Summy asserted copyright ownership in the compilation of songs, as well as, the individual songs published therein, including *Good Morning to All*.

24.     The lyrics to *Good Morning to All* are:

Good morning to you

Good morning to you

Good morning dear children

Good morning to all.

25.     The lyrics to *Happy Birthday to You* are set to the melody from the song *Good Morning to All*.  As nearly everyone knows, the lyrics to *Happy Birthday to You* are:

Happy Birthday to You

Happy Birthday to You

**Ex. 1**

**8**

Happy Birthday dear [NAME]

Happy Birthday to You.

26.     The lyrics to *Happy Birthday to You* were **not** published in *Song Stories for the Kindergarten*.

27.     On or about January 14, 1895, Summy incorporated the Clayton F. Summy Company ("Summy Co.") under the laws of the State of Illinois for a limited term of 25 years.  On that same date, Summy purported to assign all his right, title, and interest in *Song Stories for the Kindergarten* to Summy Co.

28.     In 1896, Summy published a new, revised, illustrated, and enlarged version of *Song Stories for the Kindergarten*, which contained eight previously unpublished songs written by the Hill Sisters as well as illustrations by Margaret Byers.

29.     On or about June 18, 1896, Summy filed a copyright application (Reg. No. 34260) with the Copyright Office for the 1896 publication of *Song Stories for the Kindergarten*.

30.     On its June 18, 1896, copyright application, Summy again claimed to be the copyright's proprietor, but (again) not the author of the copyrighted works.

31.     The 1896 version of *Song Stories for the Kindergarten* bears a copyright notice reading "Copyright 1896, by Clayton F. Summy."

32.     As proprietor of the 1896 copyright in the revised *Song Stories for the Kindergarten*, Summy owned the rights to both the songbook as a compilation and the individual songs published therein, including *Good Morning to All*.

33.     The lyrics to *Happy Birthday to You* were **not** published in the 1896 version of *Song Stories for the Kindergarten*.

34.     In 1899, Summy Co. published 17 songs from the 1893 version of *Song Stories for the Kindergarten* in a songbook titled *Song Stories for the Sunday School*.  One of those songs included in *Song Stories for the Sunday School* was

**Ex. 1**

**9**

1  *Good Morning to All*. And yet again, neither the song *Happy Birthday* nor the lyrics
2  to *Happy Birthday* were published in "*Song Stories for the Sunday School*."

3      35.    On or about March 20, 1899, Summy Co. filed a copyright application
4  (Reg. No. 20441) with the Copyright Office for *Song Stories for the Sunday School*.

5      36.    On the 1899 copyright application, Summy Co. claimed to be the
6  copyright's proprietor, but not the author of the copyrighted works.

7      37.    The title page to *Song Stories for the Sunday School* states:
8      This collection of songs has been published in response to earnest requests
9      from various sources. They are taken from the book, *Song Stories for the*
10      *Kindergarten* by the MISSES HILL, and **are the copyright property of the**
11      **publishers**. (Emphasis added).

12      38.    *Song Stories for the Sunday School* bears a copyright notice reading
13  "Copyright 1899 by Clayton F. Summy Co."

14      39.    As proprietor of the 1899 copyright in *Song Stories for the Sunday*
15  *School*, Summy Co. owned the rights to both the songbook as a compilation and the
16  individual songs published therein, including *Good Morning to All*.

17      40.    The lyrics to *Happy Birthday to You* were **not** published in *Song Stories*
18  *for the Sunday School*.

19      41.    Even though the lyrics to *Happy Birthday to You* and the song *Happy*
20  *Birthday to You* had not been fixed in a tangible medium of expression, the public
21  began singing *Happy Birthday to You* no later than the early 1900s.

22      42.    For example, in the January 1901 edition of *Inland Educator and*
23  *Indiana School Journal*, the article entitled "First Grade Opening Exercises"
24  described children singing the words "happy birthday to you," but did not print the
25  Song's lyrics or melody.

26      43.    In or about February, 1907, Summy Co. republished the song *Good*
27  *Morning to All* as an individual musical composition.
28  ///

**Ex. 1**

**10**

44.     On or about February 7, 1907, Summy Co. filed a copyright application (Reg. No. 142468) with the Copyright Office for the song *Good Morning to All*.

45.     The lyrics to *Happy Birthday to You* do **not** appear in the 1907 publication of *Good Morning to All*.

46.     In 1907, Fleming H. Revell Co. ("Revell") published the book *Tell Me a True Story*, arranged by Mary Stewart, which instructed readers to:

> Sing: "Good-bye to you, good-bye to you, good-bye dear children, good-bye to you." Also: "Good-bye dear teacher." (From "Song Stories for the Sunday-School," published by Summy & Co.)
>
> Sing: "Happy Birthday to You." (Music same as "Good-bye to You.")

47.     On or about May 18, 1909, Revell filed an application (Reg. No. A239690) with the Copyright Office for *Tell Me a True Story*.

48.     *Tell Me a True Story* did **not** include the lyrics to *Happy Birthday to You*.

49.     Upon information and belief, the lyrics to *Happy Birthday to You* (without the sheet music for the melody) were first published in 1911 by the Board of Sunday Schools of the Methodist Episcopal Church ("Board of Sunday Schools") in *The Elementary Worker and His Work*, by Alice Jacobs and Ermina Chester Lincoln, as follows:

> Happy birthday to you, Happy birthday to you, Happy birthday, dear John, Happy birthday to you. (Sung to the same tune as the "Good Morning") [NOTE: The songs and exercises referred to in this program may be found in these books:... "Song Stories for the Sunday School," by Patty Hill.]

50.     On or about January 6, 1912, the Board of Sunday Schools filed a copyright application (Reg. No. A303752) with the Copyright Office for *The Elementary Worker and His Work*.

51.     *The Elementary Worker and His Work* attributed authorship or identified the copyrights to many of the works included in the book. Significantly, it

Ex. 1

did **not** attribute authorship or identify any copyright for the song *Happy Birthday to You*.

52. On or about January 14, 1920, Summy Co. was dissolved in accordance with its limited (not perpetual) 25-year term of incorporation. Summy Co. did not extend or renew the 1893 (Reg. No. 45997) or 1907 (Reg. No. 142468) copyrights prior to its dissolution.

53. Upon information and belief, by 1912, various companies (such as Cable Company Chicago) had begun producing unauthorized printings of sheet music which included the song known today as *Happy Birthday* (*i.e.*, the melody of Good Morning to You with the lyrics changed to those of *Happy Birthday*). On information and belief, Cable Company Chicago never asserted copyright ownership in *Happy Birthday*.

**Copyright History of Good Morning to All**

54. Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to the original *Song Stories for the Kindergarten*, *Song Stories for the Sunday School*, and *Good Morning to All* were vested solely in their proprietor, Summy Co.

55. Pursuant to Section 24 of the Copyright Act of 1909, the renewal rights to the revised *Song Stories for the Kindergarten* were vested solely in their proprietor, Summy Co.

56. The copyright to the original *Song Stories for the Kindergarten* (Reg. No. 45997) was not extended by Summy Co., and consequently expired on October 16, 1921. The original *Song Stories for the Kindergarten*, including the song *Good Morning to All*, became dedicated to public use and fell into the public domain by no later than that date.

57. The copyright to the revised *Song Stories for the Kindergarten* (Reg. No. 34260) was not extended by Summy, and consequently expired on June 18, 1924. The revised *Song Stories for the Kindergarten* became dedicated to public use and fell into the public domain by no later than that date.

**Ex. 1**

- 10 -

**12**

58.     In or around March 1924, the sheet music (with accompanying lyrics) to *Happy Birthday to You* was in a songbook titled *Harvest Hymns*, published, compiled, and edited by Robert H. Coleman ("Coleman").  Upon information and belief, *Harvest Hymns* was the first time the melody and lyrics of *Happy Birthday to You* were published together.

59.     Coleman did not claim authorship of the song entitled *Good Morning to You* or the lyrics to *Happy Birthday to You*.  Although *Harvest Hymns* attributed authorship or identified the copyrights to many of the works included in the book, it did *not* attribute authorship or identify any copyright for *Good Morning to You* or *Happy Birthday to You*.

60.     On or about March 4, 1924, Coleman filed a copyright application (Reg. No. A777586) with the Copyright Office for *Harvest Hymns*.  On or about February 11, 1952, the copyright was renewed (Reg. No. R90447) by the Sunday School Board of the Southern Baptist Convention.

61.     On or about April 15, 1925, Summy incorporated a new Clayton F. Summy Co. ("Summy Co. II") under the laws of the State of Illinois.  Upon information and belief, Summy Co. II was not a successor to Summy Co.; rather, it was incorporated as a new corporation.

62.     The sheet music (with accompanying lyrics) to *Happy Birthday to You* was again published in 1928 in the compilation *Children's Praise and Worship*, compiled and edited by A.L. Byers, Bessie L. Byrum, and Anna E. Koglin ("Byers, Byrum & Koglin").  Upon information and belief, *Children's Praise and Worship* was the first time the song was published under the title *Happy Birthday to You*.

63.     On or about April 7, 1928, Gospel Trumpet Co. ("Gospel") filed a copyright application (Reg. No. A1068883) with the Copyright Office for *Children's Praise and Worship*.

64.     *Children's Praise and Worship* attributed authorship or identified the copyrights to many of the works included in the book.  Significantly, it did *not*

Ex. 1

attribute authorship or identify any copyright for the song *Happy Birthday to You*.

65.  *Children's Praise and Worship* did not provide any copyright notice for the combination of *Good Morning to All* with the lyrics to *Happy Birthday to You*, nor did it include the names of Mildred Hill or Patty Hill and did not attribute any authorship or ownership to the Hill Sisters.

66.  Upon information and belief, the Hill Sisters had not fixed the lyrics to *Happy Birthday to You* or the song *Happy Birthday to You* in a tangible medium of expression, if ever, at any time before Gospel published *Children's Praise and Worship* in 1928.

67.  Upon information and belief, Summy sold Summy Co. II to John F. Sengstack ("Sengstack") in or around 1930.

68.  Upon information and belief, on or about August 31, 1931, Sengstack incorporated a third Clayton F. Summy Co. ("Summy Co. III") under the laws of the State of Delaware.  Upon information and belief, Summy Co. III was not a successor to Summy Co. or Summy Co. II; rather, it was incorporated as a new corporation.

69.  On May 17, 1933, Summy Co. II was dissolved for failure to pay taxes.

70.  On July 28, 1933, *Happy Birthday to You* was used in the world's first singing telegram.

71.  On September 30, 1933, the Broadway show *As Thousands Cheer*, produced by Sam Harris with music and lyrics written by Irving Berlin, began using the song *Happy Birthday to You* in public performances.

72.  On August 14, 1934, Jessica Hill, a sister of Mildred Hill and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned *Hill v. Harris*, Eq. No. 78-350, claiming that the performance of *Happy to Birthday to You* in *As Thousands Cheer* infringed on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*.  Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good*

Ex. 1

14

*Morning to All*.

73.  On January 21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp. in the Southern District of New York, captioned *Hill v. Federal Broadcasting Corp.*, Eq. No. 79-312, claiming infringement on the Hill Sisters' 1893 and 1896 copyrights to *Good Morning to All*. Jessica Hill asserted no claim in that action regarding *Happy Birthday to You*, alone or in combination with *Good Morning to All*.

74.  In 1934 and 1935, Jessica Hill sold and assigned to Summy Co. III certain piano arrangements of *Good Morning to All*, including publishing, public performance, and mechanical reproduction rights, copyright, and extension of copyright in exchange for a percentage of the retail sales revenue from the sheet music.

**Applications for Copyright for New Musical Arrangement**

75.  On or about December 29, 1934, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E45655) with the Copyright Office for the song *Happy Birthday*.

76.  In that December 1934 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Preston Ware Orem ("Orem") and claimed the copyrighted new matter as "arrangement by piano solo."

77.  The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E45655. The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

78.  The work registered with the Copyright Office as Reg. No. E45655 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except

Ex. 1

- 13 -

15

as to the arrangement itself.

79.  On or about February 18, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E46661) with the Copyright Office for the song *Happy Birthday*.

80.  In that February 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for four hands at one piano."

81.  The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E46661.  The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

82.  The work registered with the Copyright Office as Reg. No. E46661 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

83.  On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47439) with the Copyright Office for the song *Happy Birthday*.

84.  In that April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement of second piano part."

85.  The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47439.   The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

///

**Ex. 1**

- 14 -

**16**

86. The work registered with the Copyright Office as Reg. No. E47439 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

87. On or about April 5, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E47440) with the Copyright Office for the song *Happy Birthday*.

88. In that additional April 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement for six hands at one piano."

89. The lyrics to *Happy Birthday to You* were not included on the work registered with the Copyright Office as Reg. No. E47440. The application did not contain the names of the Hill Sisters and did not claim copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

90. The work registered with the Copyright Office as Reg. No. E47440 was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the arrangement itself.

91. On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51988) with the Copyright Office for *Happy Birthday to You*.

92. In that December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by R.R. Forman ("Forman") and claimed the copyrighted new matter as "arrangement for Unison Chorus and revised text." Upon information and belief, Plaintiffs allege that Forman did not write the familiar first verse lyrics to *Happy Birthday to You*. The sheet music deposited with the application credited Forman only for the

**Ex. 1**

- 15 -

**17**

arrangement and for the obscure second verse lyrics that lack commercial value, not for the familiar first verse lyrics, and did not credit the Hill Sisters with writing the lyrics to *Happy Birthday to You*.

93.     For the first time, the lyrics to *Happy Birthday to You*, including an obscure second verse that lacks commercial value as the revised text, were included on the work registered with the Copyright Office as Reg. No. E51988.  However, the December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters and did not claim copyright in the familiar first verse lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

94.     The work registered with the Copyright Office as Reg. No. E51988 was expressly limited in scope and neither claimed nor provided copyright protection to the familiar lyrics to *Happy Birthday to You*.  If and to the extent the work registered with the Copyright Office as Reg. No. E51988 had claimed copyright protection to those familiar lyrics, that work was not eligible for federal copyright protection in that it consisted entirely of work that was common property and contained no original authorship, except as to the sheet music arrangement itself.

95.     Based upon information and belief, the work registered as Reg. No. E51988 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish any part of that work except as to the arrangement and the obscure second verse.

96.     On December 9, 1935, Summy Co. III filed an Application for Copyright for Republished Musical Composition with new Copyright Matter (Reg. No. E51990) with the Copyright Office for *Happy Birthday to You*.

97.     In that additional December 1935 Application for Copyright, Summy Co. III claimed to be the proprietor of the copyright as a work for hire by Orem and claimed the copyrighted new matter as "arrangement as easy piano solo, with text." Upon information and belief, Plaintiffs allege that Orem did not write the familiar

Ex. 1

- 16 -

18

lyrics to *Happy Birthday to You*. Upon information and belief, Plaintiffs also allege that the sheet music deposited with the application did not credit either Orem or the Hill Sisters for writing the lyrics to *Happy Birthday to You*.

98.    Some lyrics to *Happy Birthday to You* may have been included on the work registered with the Copyright Office as Reg. No. E51990.  However, the additional December 1935 Application for Copyright did not attribute authorship of the lyrics to either of the Hill Sisters, did not contain the names of either of the Hill Sisters, and did not claim any copyright in the lyrics to *Happy Birthday to You* alone or in combination with the melody of *Good Morning to All*.

99.    The work registered with the Copyright Office as Reg. No. E51990 was expressly limited in scope and neither claimed nor provided copyright protection to the familiar lyrics to *Happy Birthday to You*.  If and to the extent the work registered with the Copyright Office as Reg. No. E51990 had claimed copyright protection to those familiar lyrics, that work was not eligible for federal copyright protection in that it consisted entirely of information that was common property and contained no original authorship, except as to the sheet music arrangement itself.

100.    Based upon information and belief, the work registered as Reg. No. E51990 was not eligible for federal copyright protection because Summy Co. III did not have authorization from the author to publish any part of that work except as to the arrangement.

101.    Based upon information and belief, in or about February, 1938, Summy Co. III purported to grant to ASCAP the right to license *Happy Birthday to You* for public performances and to collect fees for such use on behalf of Summy Co. III.  ASCAP thus began working as agent for Summy Co. III in collecting fees for Summy Co. III for licensing *Happy Birthday to You*.

102.    On or about June 8, 1942, Patty Hill and Jessica Hill assigned all of their interest in the 1893, 1896, 1899 and 1907 copyrights to The Hill Foundation.
///

**Ex. 1**

103.   On October 15, 1942, The Hill Foundation commenced an action against Summy Co. III in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Clayton F. Summy Co.*, Case No. 19-377, for an accounting of the royalties received by Summy Co. III for the licensing of *Happy Birthday to You*. The Hill Foundation asserted claims under the 1893, 1896, 1899, and 1907 copyrights for *Good Morning to All* and did **not** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

104.   On March 2, 1943, The Hill Foundation commenced an action against the Postal Telegraph Cable Company in the Southern District of New York, captioned *The Hill Foundation, Inc. v. Postal Telegraph-Cable Co.*, Case No. 20-439, for infringement of the Hill Sisters' purported 1893, 1896, and 1899 copyrights to *Good Morning to All*.  The Hill Foundation asserted claims only under the 1893, 1896, and 1899 copyrights for *Good Morning to All* and did **not** claim any copyright to the lyrics to *Happy Birthday to You*, alone or in combination with the melody of *Good Morning to All*.

105.   Despite the filing of at least four prior cases in the Southern District of New York asserting copyrights to *Good Morning to All*, there has been no judicial determination of the validity or scope of any copyright related to *Good Morning to All*.

106.   In or about 1957, Summy Co. III changed its name to Summy-Birchard Company.

107.   In 1962, Summy Co. III (renamed as Summy-Birchard Company) filed renewals for each of the six registrations it obtained in 1934 and 1935 (Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990), each renewal was specifically and expressly confined to the musical arrangements.

108.   In particular, on December 6, 1962, Summy Co. III filed a renewal application for Reg. No. E51988, as employer for hire of Forman.  Forman did not

Ex. 1

20

1  write the familiar first verse lyrics to *Happy Birthday to You* or the combination of
2  those lyrics with the melody of *Good Morning to All*, and neither Summy Co. III nor
3  Defendants have claimed otherwise.

4      109.  Also on December 6, 1962, Summy Co. III filed a renewal application
5  for Reg. No. E51990, as employer for hire of Orem.  Orem did not write the lyrics to
6  *Happy Birthday to You* or the combination of those lyrics with the melody of *Good*
7  *Morning to All*, and neither Summy Co. III nor Defendants have claimed otherwise.

8      110.  Summy-Birchard Company was renamed Birch Tree Ltd. in the 1970s
9  and was acquired by Warner/Chappell in or about 1998.  On information and belief,
10 this entity now operates as "Summy Birchard, Inc." – currently a subsidiary of
11 Warner/Chappell and Warner/Chappell's co-defendant herein.

12 ***Happy Birthday to You – 100 Years Later***

13     111.  According to a 1999 press release by ASCAP, *Happy Birthday to You*
14 was the most popular song of the 20th Century.

15     112.  The 1998 edition of the *Guinness Book of World Records* identified
16 *Happy Birthday to You* as the most recognized song in the English language.

17     113.  Defendant Warner/Chappell currently claims it owns the exclusive
18 copyright to *Happy Birthday to You* based on the piano arrangements that Summy
19 Co. III published in 1935.

20     114.  ASCAP provides non-dramatic public performance licenses to bars,
21 clubs, websites, and many other venues.  ASCAP "blanket licenses" grant the
22 licensee the right to publicly perform any or all of the over 8.5 million songs in
23 ASCAP's repertory in exchange for an annual fee. The non-dramatic public
24 performance license royalties are distributed to ASCAP members based on surveys
25 of performances of each ASCAP repertory song across different media.  As an
26 ASCAP member and assignee of the copyrights in *Happy Birthday to You*,
27 Defendant Warner/Chappell obtains a share of blanket license revenue that would

28

**Ex. 1**

otherwise be paid to all other ASCAP members, in proportion to their songs' survey shares.

**Plaintiff GMTY's Use of Happy Birthday to You**

115.   Plaintiff GMTY is producing a documentary movie, tentatively titled *Happy Birthday*, about the song *Happy Birthday to You*.

116.   In one of the proposed scenes to be included in *Happy Birthday*, the song *Happy Birthday to You* is to be sung.

117.   During the production process, plaintiff GMTY learned that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*.

118.   Accordingly, in September 2012, plaintiff requested a quote from Warner/Chappell for a synchronization license to use *Happy Birthday to You* from Warner/Chappell's website.

119.   On or about September 18, 2012, defendant Warner/Chappell responded to plaintiff GMTY's inquiry by demanding that GMTY pay it the sum of $1,500 and enter into a synchronization license agreement to use *Happy Birthday to You*.

120.   On or about March 12, 2013, defendant Warner/Chappell again contacted plaintiff GMTY and insisted that GMTY was not authorized to use *Happy Birthday to You* unless it paid the licensing fee of $1,500 and entered into the synchronization license that Warner/Chappell demanded.

121.   Because defendant Warner/Chappell notified plaintiff GMTY that it claimed exclusive copyright ownership of *Happy Birthday to You*, GMTY faced a statutory penalty of up to $150,000 under the Copyright Act if it used the song without Warner/Chappell's permission if Warner/Chappell, in fact, owned the copyright that it claimed.

122.   Faced with a threat of substantial penalties for copyright infringement, on or about March 26, 2013, plaintiff GMTY was forced to and did pay defendant Warner/Chappell the sum of $1,500 for a synchronization license and, on or about

April 24, 2013, GMTY was forced to and did enter into the synchronization license agreement to use *Happy Birthday to You*.

**Plaintiff Siegel's Use of Happy Birthday to You**

123. BIG FAN produced a movie titled *Big Fan*.

124. In one of the scenes in *Big Fan*, the familiar lyrics of the song *Happy Birthday to You* was sung by the actors.

125. (a) In the early summer of 2009, after filming was complete but before *Big Fan* was released, BIG FAN retained the services of a music supervisor to secure the rights to all the music that was used in the movie.

(b) The music supervisor identified which music was copyrighted, and advised BIG FAN that it would have to obtain a license from Warner/Chappell and pay a fee to Warner/Chappell to perform *Happy Birthday to You* in the movie because Warner/Chappell claimed to own the exclusive copyright to the Song.

(c) Reasonably relying upon the information provided by the music producer regarding the copyright claim by Warner/Chappell, BIG FAN reasonably believed that Warner/Chappell owned the copyright to *Happy Birthday to You*, and would have to obtain a synchronization license from and pay a fee to Warner/Chappell to use the Song in the movie.

126. Accordingly, in July 2009, BIG FAN requested that the music supervisor obtain a quote from Warner/Chappell for a Synchronization License to use *Happy Birthday to You* in *Big Fan*.

127. On or about July 20, 2009, defendant Warner/Chappell responded to the music supervisor by demanding that BIG FAN pay it the sum of $3,000 and enter into a synchronization license for use of *Happy Birthday to You*.

128. Because Defendant Warner/Chappell notified BIG FAN through the music supervisor that it claimed exclusive copyright ownership of *Happy Birthday*

Ex. 1

*to You*, BIG FAN faced a statutory penalty of $150,000 under the Copyright Act if BIG FAN used the Song without Warner/Chappell's permission and Warner/Chappell, in fact, owned the copyright that it claimed.

129. On July 20, 2009, Plaintiff Siegel as President of BIG FAN executed the synchronization license with Warner/Chappell and agreed to pay $3,000 based upon *Big Fan's* theatrical release.

130. (a)    Faced with a threat of substantial penalties for copyright infringement, on or about September 1, 2009, BIG FAN was forced to, and did, pay defendant Warner/Chappell the sum of $3,000 pursuant to the synchronization license.

(b)    BIG FAN, the music producer it hired, and Plaintiff Siegel did not know, and had no reason to know, that Warner/Chappell did not own any copyright to *Happy Birthday to You*, that the rights Warner/Chappell could claim were limited just to the piano arrangements or the obscure second verse of the Song (which was not performed in *Big Fan*), or that any copyright other than that was invalid or expired.

(c)    BIG FAN, the music producer it hired, and Plaintiff Siegel had no reason to question Warner/Chappell's claim to own the copyright to the Song.

(d)    Warner/Chappell did not specify which registration(s) or renewal(s) thereof under which it claimed a copyright to *Happy Birthday to You*, and thus BIG FAN, the music producer it hired, and Plaintiff Siegel could not investigate Warner/Chappell's claim to determine whether Warner Chappell owned the copyright it claimed or whether that copyright was valid.

(e)    The commencement of this action on or about June 13, 2013, was widely reported in the press. Prior to the date when the press first reported the claims asserted herein, no one in the position of BIG FAN, the

music producer hired by BIG FAN, or Plaintiff Siegel would know, or have any reason to know, that Warner/Chappell's copyright claim for *Happy Birthday to You* was in doubt.

(f)     Plaintiff Siegel learned of the commencement of this action on or about June 14, 2013, from the press reports.  Before then, BIG FAN, the music producer it hired, and Plaintiff Siegel did not know, and had no reason to know, that Warner/Chappell's copyright claim for *Happy Birthday to You* had been disputed by anyone or was in doubt.

(g)     Shortly thereafter, on or about June 19, 2013, and significantly less than three years after he knew or reasonably could or should have known that Warner/Chappell does not own a copyright to the Song, or that its copyright is not valid, plaintiff Siegel commenced a separate class action in Los Angeles County pursuant to the terms of the Synchronization License.

### *Rupa's Performance of Happy Birthday to You*

131.  Plaintiff Rupa d/b/a RTAF recorded the song *Happy Birthday to You* at a live show in San Francisco, to be released as part of a "live" album.  She learned that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*, including the right to issue mechanical licenses.

132.  Section 115 of the Copyright Act provides for compulsory licenses for the distribution of phonorecords and digital phonorecord deliveries (*i.e.*, Web-based "downloads") of musical compositions.  Failure to obtain such a license prior to distribution of a cover version of a song constitutes a copyright infringement subject to the full remedies of the Copyright Act.

133.  Accordingly, on June 17, 2013, Plaintiff Rupa provided a Notice of Intention to Obtain Compulsory License to Warner/Chappell and paid Warner/Chappell $455 for a mechanical license for the reproduction and distribution of 5,000 copies of the Song.

**Ex. 1**

25

**Plaintiff Majar Use of Happy Birthday to You**

134. (a) Plaintiff Majar produced the Film entitled "*No Subtitles Necessary: L szl  & Vilmos.*" The Film follows the lives of renowned cinematographers László Kovacs ("Kovacs") and Vilmos Zsigmond ("Zsigmond") from escaping the 1956 Soviet invasion of Hungary to the present day.

(b) Plaintiff Majar wished to use the *Happy Birthday to You* in the opening scene of the Film, wherein Zsigmond and others sang the Song to Kovacs in a celebration of Kovacs' life and the friendship of the two, thereby setting the tone for the Film.

(c) In or around the fall of 2008, during production of the Film, Plaintiff Majar learned from the music clearance supervisor working on the Film that defendant Warner/Chappell claimed exclusive copyright ownership to *Happy Birthday to You*, including for purposes of issuing synchronization licenses, and that if Majar wished to include the Song in the Film, a license would have to be procured and a fee be paid to Warner/Chappell. The director of the Film, James Chressanthis, spoke to experienced producers in the industry, who confirmed that it was common knowledge within the entertainment industry that Warner/Chappell widely claimed exclusive copyright ownership of the Song.

(d) Accordingly, upon making the final determination to include use of the Song in the Film, Plaintiff Majar proceeded to obtain a license for the Song from Warner/Chappell. Indeed, Warner/Chappell held itself out to Plaintiff Majar as the exclusive owner of the copyright in the Song (although it did not specify which registration number(s) or renewal number(s) under which it claimed to own a copyright). Thus, on or about October 29, 2009, Plaintiff Majar paid to defendant Warner/Chappell the sum of $5,000 for a synchronization license to use *Happy Birthday* in the

**Ex. 1**

1   Film.  At the time, Plaintiff Majar did not question and had no reason to

2   question Warner/Chappell's claim of copyright ownership.  Moreover,

3   Plaintiff Majar is informed and believes that Warner/Chappell continued to

4   hold itself out as the exclusive copyright owner of the Song for years after

5   Majar licensed it.

6          (e)    Because Defendant Warner/Chappell claimed exclusive

7   copyright ownership of *Happy Birthday to You*, Plaintiff Majar faced a

8   statutory penalty of $150,000 under the Copyright Act, 17 U.S.C. § 101 *et*

9   *seq.*, if it used the Song without Warner/Chappell's permission and

10   Warner/Chappell, in fact, owned the copyright that it claimed.

11          (f)    Plaintiff Majar did not question, and had no reason to

12   question, on October 29, 2009 (and continuing thereafter),

13   Warner/Chappell's claim to own the copyright to the Song.  Moreover,

14   Plaintiff Majar did not know, and had no reason to know, on October 29,

15   2009 (and continuing thereafter), that Warner/Chappell's copyright claim

16   for *Happy Birthday to You* had been disputed by anyone.

17          (g)    Plaintiff Majar only first learned that Warner/Chappell's

18   claim of exclusive copyright ownership in the Song was subject to dispute

19   when news of the same was published in a *New York Times* article on June

20   13, 2013.  Plaintiff Majar contacted counsel and joined as a plaintiff in this

21   action promptly thereafter.

22                      **CLASS ALLEGATIONS**

23      135.   Plaintiffs GMTY, Siegel, Rupa, and Majar bring this action pursuant to

24   Rule 23(a)-(b) of the Federal Rules of Civil Procedure as a class action on behalf of

25   themselves and all others similarly situated for the purpose of asserting the claims

26   alleged in this Consolidated Fourth Amended Complaint on a common basis.

27   ///

28   ///

**Ex. 1**

136.   The proposed Class is comprised of:

**All persons or entities (excluding Defendants' directors, officers, employees, and affiliates) who entered into a license with Warner/Chappell, or paid Warner/Chappell or SBI, directly or indirectly through its agents, a licensing fee for the song *Happy Birthday to You* at any time from June 18, 2009, until Defendants' conduct as alleged herein has ceased.**

137.   Although Plaintiffs GMTY, Siegel, Rupa, and Majar do not know the exact size of the Class or the identities of all members of the Class, upon information and belief that information can be readily obtained from the books and records of defendant Warner/Chappell.  Plaintiffs believe that the Class includes thousands of persons or entities who are widely geographically disbursed.  Thus, the proposed Class is so numerous that joinder of all members is impracticable.

138.   The claims of all members of the Class involve common questions of law and fact including:

a.   whether *Happy Birthday to You* is in the public domain and dedicated to public use;

b.   whether the 1935 copyrights claimed by Warner/Chappell cover the popular lyrics to *Happy Birthday to You*;

c.   whether the 1935 copyrights claimed by Warner/Chappell are valid;

d.   whether Warner/Chappell is the exclusive owner of the copyright to *Happy Birthday to You* and is thus entitled to all of the rights conferred in 17 U.S.C. § 102;

e.   whether Warner/Chappell has the right to collect fees for the use of *Happy Birthday to You*;

f.   whether Warner/Chappell has violated the law by demanding and collecting fees for the use of *Happy Birthday to You* despite not having a valid copyright to the song; and

**Ex. 1**

- 26 -

**28**

g.     whether Warner/Chappell is required to return unlawfully obtained payments to plaintiffs GMTY, Siegel, Rupa and Majar and the other members of the Class and, if so, what amount is to be returned.

139.   With respect to Claims III and VII, the common questions of law and fact predominate over any potential individual issues.

140.   Plaintiffs GMTY, Siegel, Rupa and Majar's claims are typical of the claims of all other members of the Class and plaintiffs GMTY, Siegel, Rupa and Majar's interests do not conflict with the interests of any other member of the Class, in that plaintiffs and the other members of the Class were subjected to the same unlawful conduct.

141.   Plaintiffs GMTY, Siegel, Rupa and Majar are committed to the vigorous prosecution of this action and have retained competent legal counsel experienced in class action and complex litigation.

142.   Plaintiffs are adequate representatives of the Class and, together with their attorneys, are able to and will fairly and adequately protect the interests of the Class and its members.

143.   A class action is superior to other available methods for the fair, just, and efficient adjudication of the claims asserted herein.  Joinder of all members of the Class is impracticable and, for financial and other reasons, it would be impractical for individual members of the Class to pursue separate claims.

144.   Moreover, the prosecution of separate actions by individual members of the Class would create the risk of varying and inconsistent adjudications, and would unduly burden the courts.

145.   Plaintiffs GMTY, Siegel, Rupa and Majar anticipate no difficulty in the management of this litigation as a class action.

///

///

///

**Ex. 1**

**29**

## FIRST CLAIM FOR RELIEF

### DECLARATORY JUDGMENT PURSUANT TO 28 U.S.C. § 2201

#### (On Behalf Of Plaintiffs And The Class)

#### (Against All Defendants)

146.   Plaintiffs repeat and reallege paragraphs 1 through 145 set forth above as though they were fully set forth herein.

147.   Plaintiffs bring these claims individually on behalf of themselves and on behalf of the proposed Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil Procedure.

148.   Plaintiffs seek adjudication of an actual controversy arising under the Copyright Act, 17 U.S.C. §§ 101 *et seq.*, in connection with Defendants' purported copyright claim to *Happy Birthday to You*.  Plaintiffs seek the Court's declaration that the Copyright Act does not bestow upon Warner/Chappell and/or SBI the rights it has asserted and enforced against plaintiffs and the other members of the Class.  This is because *either*: (a) the 1935 registrations E51988 and E51990, under which Warner/Chappell claims those copyrights, and the resulting copyrights do not purport to cover and do not cover the familiar lyrics to *Happy Birthday to You*, but instead are limited just to the particular arrangements written by Forman or Orem (and, in the case of E51988, the obscure second verse which has no commercial value); *or* (b) if and to the extent that those copyrights purport to cover the familiar lyrics to *Happy Birthday to You*, the copyrights are invalid or have expired.

149.   Defendants assert that they are entitled to mechanical and performance royalties pursuant to 17 U.S.C. § 115 for the creation and distribution of phonorecords and digital downloads of the composition *Happy Birthday to You,* under threat of a claim of copyright infringement.

150.   Defendant Warner/Chappell demanded that plaintiff GMTY enter into a synchronization license agreement to use *Happy Birthday to You* and pay Warner/Chappell the sum of $1,500 for that synchronization license based upon its

claim of copyright ownership. Warner/Chappell's demand was coercive in nature, and GMTY's entering into the license agreement and payment of $1,500 was involuntary.

151. Plaintiff GMTY's claim presents a justiciable controversy because plaintiff GMTY's agreement to pay defendant Warner/Chappell and its actual **payment** to Warner/Chappell for use of the song *Happy Birthday to You* in its film was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that plaintiff GMTY would be exposed to substantial statutory penalties under the Copyright Act had it failed to enter such an agreement and pay Warner/Chappell the price it demanded.

152. Defendant Warner/Chappell demanded that BIG FAN as assignor of plaintiff Siegel enter into the Synchronization License agreement to use *Happy Birthday to You* and pay Warner/Chappell the sum of $3,000 for that Synchronization License based upon its claim of copyright ownership. Warner/Chappell's demand was coercive in nature, and BIG FAN'S entering into the Synchronization License and payment of $3,000 was involuntary.

153. Plaintiff Siegel's claim presents a justiciable controversy because plaintiff Siegel's agreement to pay defendant Warner/Chappell and its actual **payment** to Warner/Chappell for use of the song *Happy Birthday to You* in its film *Big Fan*, was the involuntary result of Warner/Chappell's assertion of a copyright and the risk that plaintiff Siegel would be exposed to substantial statutory penalties under the Copyright Act had it failed to enter such an agreement and pay Warner/Chappell the price it demanded, but then used *Happy Birthday to You* in its film anyway.

154. Plaintiff Rupa's claim presents a justiciable controversy because plaintiff Rupa's agreement to pay defendant Warner/Chappell and its actual **payment** to Warner/Chappell for use of the song *Happy Birthday to You* in her album, was the involuntary result of Warner/Chappell's assertion of a copyright and

the risk that plaintiff Rupa would be exposed to substantial statutory penalties under the Copyright Act had she failed to enter such an agreement and pay Warner/Chappell standard mechanical license royalties it demanded, but then paid for the mechanical license anyway.

155. Defendants demanded that Plaintiff Majar pay to Defendants a licensing fee in the sum of $5,000 pursuant to Defendants' claim of copyright ownership, in order for Plaintiff Majar to use *Happy Birthday* in the Film. Defendants' demand was coercive in nature and Majar's agreement to pay the fee was involuntary.

156. Plaintiff Majar's claim presents a justiciable controversy because its actual payment of Defendants' demanded fee to use *Happy Birthday* in the Film was the involuntary result of Defendants' assertion of a copyright and the risk that Plaintiff Majar would be exposed to substantial statutory penalties under the Copyright Act had it failed to seek Defendants' approval to use the Song and/or failed to pay Defendants' demanded fee.

157. Plaintiffs seek the Court's determination as to whether Defendants are entitled to assert ownership of the copyright to *Happy Birthday to You* against Plaintiffs pursuant to the Copyright Act as Defendants claim, or whether Defendants are wielding a false claim of ownership to inhibit Plaintiffs' use and enjoyment (and the public's use and enjoyment) of intellectual property which is rightfully in the public domain.

158. If and to the extent that Defendants rely upon the 1893, 1896, 1899, or 1907 copyrights for the melody for *Good Morning to All*, those copyrights expired or were forfeited as alleged herein.

159. As alleged above, the 1893 and 1896 copyrights to the original and revised versions of *Song Stories for the Kindergarten*, which contained the song *Good Morning to All*, were not renewed by Summy Co. or Summy and accordingly expired in 1921 and 1924, respectively.

Ex. 1

32

160. As alleged above, the 1893 copyright to *Song Stories for the Kindergarten* and the 1899 copyright to *Song Stories for the Sunday School*, which contained *Good Morning to All*, and the 1907 copyright to *Good Morning to All* were not renewed by Summy Co. before Summy Co. was dissolved in 1920 and accordingly, those copyrights expired in 1927 and 1935, respectively.

161. The 1893, 1896, 1899, and 1907 copyrights to *Good Morning to All* were forfeited by the republication of *Good Morning to All* in 1921 without proper notice of its original 1893 copyright.

162. The copyright to *Good Morning to All* expired in 1921 because the 1893 copyright to *Song Stories for the Kindergarten* was not properly renewed.

163. The piano arrangements for *Happy Birthday to You* published by Summy Co. III in 1935 (Reg. Nos. E51988 and E51990): (a) do not give Warner/Chappell copyrights to the familiar lyrics to *Happy Birthday to You*, but instead are limited just to the particular arrangements written by Forman or Orem (and, in the case of E51988, the obscure second verse which has no commercial value); and (b) were not eligible for federal copyright protection because those works did not contain original works of authorship, except to the extent of the piano arrangements themselves.

164. The 1934 and 1935 copyrights pertained only to the piano arrangements or the obscure second verse, not to the melody or familiar first verse lyrics of the song *Happy Birthday to You*.

165. The registration certificates for *The Elementary Worker and His Work* in 1912, *Harvest Hymns* in 1924, and *Children's Praise and Worship* in 1928, which did not attribute authorship of the lyrics to *Happy Birthday to You* to anyone, are *prima facie* evidence that the lyrics were not authored by the Hill Sisters.

166. If declaratory relief is not granted, defendant Warner/Chappell will continue wrongfully to assert the exclusive copyright to *Happy Birthday to You* at least until 2030, when the current term of the copyright expires under existing

Ex. 1

33

1    copyright law.

2       167.   Plaintiffs therefore request a declaration that:

3       (a)     defendant Warner/Chappell and defendant SBI do not own the

4    copyright to, or possess the exclusive right to reproduce, distribute, or

5    publicly perform, *Happy Birthday To You*;

6       (b)     if defendant Warner/Chappell and defendant SBI own any

7    copyright to *Happy Birthday to You*, it is limited to four specific piano

8    arrangements or an obscure second verse that has no commercial value,

9       (c)     any other copyright to *Happy Birthday to You* that defendant

10   Warner/Chappell and defendant SBI may own or ever owned are

11   invalid or have expired;

12       (d)     defendant Warner/Chappell and defendant SBI do not own the

13   exclusive right to demand or grant a license for use of *Happy Birthday*

14   *To You*; and

15       (e)     *Happy Birthday to You* is in the public domain and is dedicated

16   to the public use.

## SECOND CLAIM FOR RELIEF

## UPON ENTRY OF DECLARATORY JUDGMENT

### DECLARATORY AND INJUNCTIVE RELIEF

### PURSUANT TO 28 U.S.C § 2202

**(On Behalf of Plaintiffs and the Class)**

**(Against All Defendants)**

23       168.   Plaintiffs repeat and reallege paragraphs 1 through 167 set forth above

24   as though they were fully set forth herein.

25       169.   Plaintiffs bring these claims individually on their own behalf and on

26   behalf of the Class pursuant to Rule 23(b)(2) of the Federal Rules of Civil

27   Procedure.

28   ///

**Ex. 1**

170. Under 28 U.S.C. § 2202 empowers this Court to grant, "necessary or proper relief based on a declaratory judgment or decree . . . after reasonable notice and hearing, against any adverse party whose rights have been determined by such judgment."

171. Plaintiffs and the other proposed Class members have been harmed, and Defendants have been unjustly enriched, by Defendant Warner/Chappell's takings.

172. Plaintiffs seek relief for themselves and the other members of the proposed Class upon the entry of declaratory judgment upon Claim I, as follows:

(a)    an injunction to prevent Defendants Warner/Chappell and SBI from making further representations of ownership of the copyright to *Happy Birthday To You*;

(b)    restitution to Plaintiffs and the other Class members of license fees paid to Defendants, directly or indirectly through its agents, in connection with the purported licenses it granted to Plaintiffs GMTY, Siegel, Rupa and Majar and the other Class members;

(c)    an accounting for all monetary benefits obtained by Defendants, directly or indirectly through its agents, from plaintiffs and the other Class members in connection with its claim to ownership of the copyright to *Happy Birthday to You*; and

(d)    such other further and proper relief as this Court sees fit.

### THIRD CLAIM FOR RELIEF

### UNFAIR BUSINESS ACTS AND PRACTICES IN VIOLATION OF

### CALIFORNIA BUSINESS AND PROFESSIONS CODE §§ 17200, *ET SEQ.*

### (On Behalf of Plaintiffs and the Class)

### (Against All Defendants)

173. Plaintiffs repeat and reallege paragraphs 1 through 172 set forth above as though they were fully set forth herein.

**Ex. 1**

174. Plaintiffs GMTY, Siegel, Rupa, and Majar bring these claims individually on their own behalf, and also on behalf of the Class pursuant to Rule 23(b)(3) of the Federal Rules of Civil Procedure.

175. As alleged herein, Plaintiffs GMTY, Siegel, Rupa and Majar and the other Class members have paid licensing fees to defendants Warner/Chappell and/or SBI and have therefore suffered injury in fact and have lost money or property as a result of Defendants' conduct.

176. California's Unfair Competition Laws, Business & Professions Code §§ 17200 *et seq.* ("UCL"), prohibit any unlawful or unfair business act or practice.

177. UCL § 17200 further prohibits any fraudulent business act or practice.

178. Defendants' actions, claims, nondisclosures, and misleading statements, as alleged in this Complaint, were unfair, false, misleading, and likely to deceive the consuming public within the meaning of UCL §§ 17200, 17500.

179. The conduct of Defendants in exerting control over exclusive copyright ownership to *Happy Birthday to You* to extract licensing fees is deceptive and misleading because neither Warner/Chappell nor SBI own the rights to *Happy Birthday to You*.

180. Plaintiffs and the other members of the Class have, in fact, been deceived as a result of their reasonable reliance upon Defendants' materially false and misleading statements and omissions, as alleged above.

181. As a result of Defendants' unfair and fraudulent acts and practices as alleged above, Plaintiffs and the other Class members have suffered substantial monetary injuries.

182. Plaintiffs and the other Class members reserve the right to allege other violations of law which constitute other unfair or deceptive business acts or practices. Such conduct is ongoing and continues to this date.

183. As a result of its deception, Defendants Warner/Chappell and SBI have been able to reap unjust revenue and profit.

**Ex. 1**

- 34 -

36

184.   Upon information and belief, Defendants have collected and continue to collect at least $2 million per year in licensing fees for *Happy Birthday to You*. Therefore, the amount in controversy exceeds $5 million in the aggregate.

185.   Unless restrained and enjoined, Defendants will continue to engage in the above-described conduct.  Accordingly, injunctive relief is appropriate.

186.   Plaintiffs, individually on their own behalf and on behalf of the other members of the Class, seek restitution and disgorgement of all money obtained from Plaintiffs and the other members of the Class, collected as a result of unfair competition, and all other relief this Court deems appropriate, consistent with UCL § 17203.

## FOURTH CLAIM FOR RELIEF
### BREACH OF CONTRACT
### (On Behalf of Plaintiffs and the Class)
### (Against All Defendants)

187.   Plaintiffs repeat and reallege each and every foregoing allegation as though fully set forth herein.

188.   Plaintiffs entered into license agreements with Defendant Warner/Chappell wherein Warner/Chappell represented and warranted that it and/or its co-Defendant SBI owned the rights to *Happy Birthday* as licensed therein.

189.   Plaintiffs are informed and believe that Defendants' licensing agreements are the same or substantially similar as to all Class members, particularly with respect to Defendants' claim of ownership of the copyright to *Happy Birthday*.

190.   Plaintiffs and the Class have satisfied their obligations under each such licensing agreement with Warner/Chappell.

191.   As alleged herein, Defendants do not own the copyright interests claimed in *Happy Birthday* and, as a result of its unlawful and false assertions of the

**Ex. 1**

1  same, Defendants have violated the representations and warranties made in the
2  licensing agreements, thereby materially breaching the licensing agreements.

3      192.   By reason of the foregoing, Plaintiffs and the Class have been damaged
4  in an amount to be determined at trial.

5  <center>**FIFTH CLAIM FOR RELIEF**</center>
6  <center>**COMMON LAW FOR MONEY HAD AND RECEIVED**</center>
7  <center>**(On Behalf of Plaintiffs and the Class)**</center>
8  <center>**(Against All Defendants)**</center>

9      193.   Plaintiffs repeat and reallege paragraphs 1 through 192 set forth above
10  as though they were fully set forth herein.

11      194.   Within the last four years, Defendants Warner/Chappell and/or SBI
12  became indebted to Plaintiffs and all class members for money had and received by
13  Defendants for the use and benefit of Plaintiffs and class members. The money in
14  equity and good conscience belongs to Plaintiffs and class members.

15  <center>**SIXTH CLAIM FOR RELIEF**</center>
16  <center>**RESCISSION FOR FAILURE OF CONSIDERATION**</center>
17  <center>**(On Behalf of Plaintiffs and the Class)**</center>
18  <center>**(Against All Defendants)**</center>

19      195.   Plaintiffs repeat and reallege paragraphs 1 through 194 set forth above
20  as though they were fully set forth herein.

21      196.   Defendants' purported licenses were worthless and ineffective, and do
22  not constitute valid consideration.

23      197.   The complete lack of consideration obviates any need for notice to
24  Defendants.

25  ///
26  ////
27  ///
28  ///

**Ex. 1**

38

## SEVENTH CLAIM FOR RELIEF

### FALSE ADVERTISING LAWS IN VIOLATION OF

### CALIFORNIA BUSINESS & PROFESSIONS CODE §§ 17500, *ET SEQ.*

#### (On Behalf of Plaintiffs and the Class)

#### (Against All Defendants)

198.   Plaintiffs repeat and reallege paragraphs 1 through 197 set forth above as though they were fully set forth herein.

199.   On information and belief, Defendants Warner/Chappell and SBI intended to induce the public to enter into an obligation related to its alleged property, namely the composition *Happy Birthday to You*.

200.   Defendants Warner/Chappell and/or SBI publicly disseminated advertising which contained statements which were untrue and misleading and which concerned the composition *Happy Birthday to You*, for which they improperly sought and received licensing fees. Defendants knew, or in the exercise of reasonable care should have known, that these statements were untrue and misleading.

201.   Plaintiffs and class members have suffered injury in fact and have lost money as a result of such unfair competition.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs GMTY, Siegel, Rupa and Majar on behalf of themselves and the other members of the Class, pray for judgment against Defendants as follows:

A.    certifying the Class as requested herein;

B.    declaring that the song *Happy Birthday to You* is not protected by federal copyright law, is dedicated to public use, and is in the public domain;

C.    permanently enjoining Defendants Warner/Chappell and SBI from asserting any copyright to the song *Happy Birthday to You*;

**Ex. 1**

- 37 -

**39**

D.      permanently enjoining Defendants Warner/Chappell and SBI from charging or collecting any licensing or other fees for use of the song *Happy Birthday to You*;

E.      imposing a constructive trust upon the money Defendants Warner/Chappell and SBI unlawfully collected from Plaintiffs, the other members of the Class, and ASCAP for use of the song *Happy Birthday to You*;

F.      ordering Defendants Warner/Chappell and SBI to return to Plaintiffs and the other members of the Class all the licensing or other fees they have collected from them, directly or indirectly through its agents, for use of the song *Happy Birthday to You*, together with interest thereon;

G.      awarding Plaintiffs and the other members of the Class restitution for defendant Warner/Chappell and SBI's prior acts and practices;

H.      awarding Plaintiffs and the Class reasonable attorneys' fees and costs; and

I.      granting such other and further relief as the Court deems just and proper.

Dated: April 18, 2014                    **WOLF HALDENSTEIN ADLER**
                                         **FREEMAN & HERZ LLP**

                              By:   s/*Betsy C. Manifold*
                                    BETSY C. MANIFOLD

**Ex. 1**

- 38 -

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
GITI BAGHBAN (284037)
baghban@whafh.com
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212-545-4753


*Interim Lead Class Counsel for Plaintiffs*


**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone: 212/797-3737
Facsimile: 212/797-3172

**Ex. 1**

**41**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**DONAHUE GALLAGHER WOODS LLP**
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone: 510/451-0544
Facsimile: 510/832-1486

**GLANCY BINKOW & GOLDBERG, LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (182689)
mgodino@glancylaw.com
KARA M. WOLKE (241521)
kwolke@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HUNT ORTMANN PALFFY NIEVES**
   **DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@nieves-law.com
KATHLYNN E. SMITH (234541)
smith@huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107

*Counsel for Plaintiffs*

**Ex. 1**

# **DEMAND FOR JURY TRIAL**

Plaintiffs Good Morning To You Productions Corp. Robert Siegel, Rupa Marya and Majar Productions, LLC, hereby demand a trial by jury to the extent that the allegations contained herein are triable by jury under Rules 38-39 of the Federal Rules of Civil Procedure 38-39 and Civil L.R. 38-1.

Dated:  April 18, 2014

**WOLF HALDENSTEIN ADLER**
**FREEMAN & HERZ LLP**

By: _____s/*Betsy C. Manifold*_____
BETSY C. MANIFOLD

FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
GITI BAGHBAN (284037)
baghban@whafh.com
270 Madison Avenue
New York, NY  10016
Telephone:   212/545-4600
Facsimile:   212-545-4753

*Interim Lead Class Counsel for Plaintiffs*

**Ex. 1**

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone: 212/797-3737
Facsimile: 212/797-3172

**DONAHUE GALLAGHER WOODS LLP**
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone: 510/451-0544
Facsimile: 510/832-1486

**GLANCY BINKOW & GOLDBERG, LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (182689)
mgodino@glancylaw.com
KARA M. WOLKE (241521)
kwolke@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 201-9150
Facsimile: (310) 201-9160

**HUNT ORTMANN PALFFY NIEVES
   DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@nieves-law.com
KATHLYNN E. SMITH (234541)
smith@huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107

Warner:20704

*Counsel for Plaintiffs*

**Ex. 1**

- 42 -

**44**

# EXHIBIT 2

1    GLENN D. POMERANTZ (State Bar No. 112503)
     glenn.pomerantz@mto.com
2    KELLY M. KLAUS (State Bar No. 161091)
     kelly.klaus@mto.com
3    ADAM I. KAPLAN (State Bar No. 268182)
     adam.kaplan@mto.com
4    MUNGER, TOLLES & OLSON LLP
     355 South Grand Avenue
5    Thirty-Fifth Floor
     Los Angeles, California 90071-1560
6    Telephone:   (213) 683-9100
     Facsimile:   (213) 687-3702
7
     Attorneys for Defendants
8    Warner/Chappell Music, Inc. and
     Summy-Birchard, Inc.
9
10                  **UNITED STATES DISTRICT COURT**
                   **CENTRAL DISTRICT OF CALIFORNIA**
11                        **WESTERN DIVISION**
12
13   GOOD MORNING TO YOU                  Lead Case No. CV 13-04460-GHK
     PRODUCTIONS CORP.; ROBERT            (MRWx)
14   SIEGEL; RUPA MARYA; and
     MAJAR PRODUCTIONS, LLC; On           **DEFENDANTS' ANSWER TO**
15   Behalf of Themselves and All Others  **CLAIM ONE OF PLAINTIFFS'**
     Similarly Situated,                  **FOURTH AMENDED**
16                                         **CONSOLIDATED COMPLAINT**
                Plaintiffs,
17
     v.
18
     WARNER/CHAPPELL MUSIC, INC.,
19   and SUMMY-BIRCHARD, INC.,
20              Defendants.
21
22
23
24
25
26
27
28                                                             **Ex. 2**

In accordance with this Court's Order of April 29, 2014 (Dkt. 96), Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. (collectively, "Warner/Chappell"), through undersigned counsel, hereby answer Claim One of Plaintiffs' Fourth Amended Consolidated Complaint ("FAC") as follows.[1]

1.      The allegations in Paragraph 1 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 1 of the FAC.

2.      Warner/Chappell admits that the principal place of business of both Defendants is in this District and that both Defendants regularly conduct business in this District.  The remaining allegations in Paragraph 2 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.

3.      Answering Paragraph 3, Warner/Chappell avers that the written agreement referenced in Paragraph 3 is the best evidence of the contents of that agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 3.

4.      Paragraph 4 characterizes Plaintiffs' claims in the FAC and no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 4.

5.      Answering Paragraph 5, Warner/Chappell avers that the written Copyright Office circular referenced in Paragraph 5 is the best evidence of the contents of that document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 5.

6.      Warner/Chappell admits that on or about June 18, 2013, the "About Us" page of Warner/Chappell's website stated that "Warner/Chappell Music is WMG's award-winning global music publishing company.  The Warner/Chappell

---

[1]  Warner/Chappell denies all allegations in Claim One of the FAC (including headings and captions) not specifically admitted in this Answer.

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

Ex. 2
47

Music catalog includes standards such as 'Happy Birthday to You', 'Rhapsody in Blue', 'Winter Wonderland', the songs of Cole Porter and George and Ira Gershwin, as well as the music of Eric Clapton, Green Day, Katy Perry, Led Zeppelin, Lil Wayne, Madonna, Nickelback, Paramore, Red Hot Chili Peppers, T. I.[,] Timbaland, and others." The remaining allegations in Paragraph 6 state conclusions of law to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies such allegations.

7. The allegations in Paragraph 7 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 7.

8. Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 8 and on that basis denies such allegations. Warner/Chappell admits that Robert Brauneis published an article regarding the copyright in *Happy Birthday to You*, and avers that the article, while irrelevant and inadmissible in support of Plaintiffs' claims, is the best evidence of its contents. The remaining allegations in Paragraph 8 are legal conclusions to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies such allegations.

9. Paragraph 9 characterizes Plaintiffs' claims in the FAC and no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 9.

10. Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 10 and on that basis denies such allegations. Warner/Chappell admits that on or about March 26, 2013, Plaintiff GMTY paid Warner/Chappell $1,500 for a synchronization license to use *Happy Birthday to You*, and that on or about April 24, 2013, Plaintiff GMTY mailed Warner/Chappell an executed synchronization license agreement for the use *Happy Birthday to You*, which was "dated" September 26, **Ex. 2**

2012 "as of" April 1, 2013.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 10.

11.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 11 and on that basis denies such allegations.  Warner/Chappell admits that on or about July 20, 2009, BIG FAN, entered into a synchronization license with Warner/Chappell for the use of *Happy Birthday to You* and that BIG FAN paid Warner/Chappell $3,000 pursuant to that license.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 11 and on that basis denies such allegations.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 11.

12.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first, second and third sentences of Paragraph 12 and on that basis denies such allegations.  Warner/Chappell admits that on or about June 17, 2013, Plaintiff Rupa paid Warner/Chappell $455 for a compulsory license to use *Happy Birthday to You*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 12.

13.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 and on that basis denies the allegations in Paragraph 13.

14.     Warner/Chappell admits the allegations in Paragraph 14.

15.     Warner/Chappell admits the allegations in Paragraph 15, except that Warner/Chappell denies that Defendant Summy-Birchard, Inc. was acquired by Defendant Warner/Chappell Music, Inc. in or around 1998.

16.     On information and belief, Warner/Chappell admits that some time prior to 1893, Mildred J. Hill and her sister Patty Smith Hill authored a written manuscript containing sheet music for numerous songs composed and written by

**Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

these sisters.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 16 and on that basis denies such allegations.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 16.

17.     On information and belief, Warner/Chappell admits the allegations in Paragraph 17.

18.     Answering Paragraph 18, Warner/Chappell avers that the written agreement referenced in Paragraph 18 is the best evidence of the contents of this agreement.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 18.

19.     On information and belief, Warner/Chappell admits the allegations in Paragraph 19.

20.     Warner/Chappell admits that on or about October 13, 1893, Clayton F. Summy filed a copyright application (Reg. No. 45997) with the Copyright Office for *Song Stories for the Kindergarten*.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 20.

21.     Answering Paragraph 21, Warner/Chappell avers that the written Copyright Application referenced in Paragraph 20 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 21.

22.     Warner/Chappell admits the allegations in Paragraph 22.

23.     The allegations in Paragraph 23 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 23.

24.     Warner/Chappell admits the allegations in Paragraph 24.

25.     Warner/Chappell admits the lyrics to *Happy Birthday to You* are as alleged and that the lyrics frequently are performed in conjunction with the melody

**Ex. 2**

**50**

1 to *Good Morning to All*.  Except as specifically admitted herein, Warner/Chappell

2 denies the allegations in Paragraph 25.

3      26.    On information and belief, Warner/Chappell admits the allegations in

4 Paragraph 26.

5      27.    Warner/Chappell admits that in or about 1895, Clayton F. Summy

6 incorporated the Clayton F. Summy Company under the laws of the State of Illinois.

7 On information and belief, Warner/Chappell further admits that in or about 1895,

8 Clayton F. Summy assigned all his right, title, and interest in *Song Stories for the*

9 *Kindergarten* to Clayton F. Summy Company.  Warner/Chappell is without

10 knowledge or information sufficient to form a belief as to the truth of the remaining

11 allegations in Paragraph 27 and on that basis denies such allegations.  Except as

12 specifically admitted herein, Warner/Chappell denies the allegations in Paragraph

13 27.

14      28.    Warner/Chappell admits that in or about 1896, Clayton F. Summy Co.

15 published a new, revised, illustrated, and enlarged version of *Song Stories for the*

16 *Kindergarten*, which contained illustrations by Margaret Byers.  Warner/Chappell is

17 without knowledge or information sufficient to form a belief as to the truth of the

18 remaining allegations in Paragraph 28 and on that basis denies such allegations.

19 Except as specifically admitted herein, Warner/Chappell denies the allegations in

20 Paragraph 28.

21      29.    On information and belief, Warner/Chappell admits that on or about

22 June 8, 1896, Clayton F. Summy filed a copyright application (Reg. No. 34260)

23 with the Copyright Office for the 1896 publication of *Song Stories for the*

24 *Kindergarten*.  Except as specifically admitted herein, Warner/Chappell denies the

25 allegations in Paragraph 29.

26      30.    Answering Paragraph 30, Warner/Chappell avers that the written

27 Copyright Application referenced in Paragraph 30 is the best evidence of the

28            **Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 30.

31.     Warner/Chappell admits the allegations in Paragraph 31.

32.     The allegations in Paragraph 32 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 32.

33.     On information and belief, Warner/Chappell admits the allegations in Paragraph 33.

34.     On information and belief, Warner/Chappell admits that in or about 1899, Clayton F. Summy Company published *Song Stories for the Sunday School*, which included the song *Good Morning to All* and did not include the song *Happy Birthday to You* or the lyrics to *Happy Birthday to You*.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 34 and on that basis denies such allegations.

35.     On information and belief, Warner/Chappell admits that on or about March 20, 1899, Clayton F. Summy Company filed a copyright application (Reg. No. 20441) with the Copyright Office for *Song Stories for the Sunday School*. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 35.

36.     Answering Paragraph 36, Warner/Chappell avers that the written Copyright Application referenced in Paragraph 36 is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 36.

37.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 37 and on that basis denies the allegations in Paragraph 37.

38.     On information and belief, Warner/Chappell admits the allegations in Paragraph 38.

Ex. 2

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

1      39.     The allegations in Paragraph 39 are conclusions of law to which no
2  responsive pleading is required.  To the extent that a response is required,
3  Warner/Chappell denies the allegations in Paragraph 39.

4      40.     On information and belief, Warner/Chappell admits the allegations in
5  Paragraph 40.

6      41.     Warner/Chappell is without knowledge or information sufficient to
7  form a belief as to the truth of the allegations in Paragraph 41 and on that basis
8  denies the allegations in Paragraph 41.

9      42.     Warner/Chappell is without knowledge or information sufficient to
10 form a belief as to the truth of the allegations in Paragraph 42 and on that basis
11 denies the allegations in Paragraph 42.

12     43.     Warner/Chappell admits that in or about February, 1907, Clayton F.
13 Summy Company released *Good Morning to All* as an individual musical
14 composition.  Except as specifically admitted herein, Warner/Chappell denies the
15 allegations in Paragraph 43.

16     44.     Warner/Chappell admits that on or about February 7, 1907, Clayton F.
17 Summy Company filed a copyright application (Reg. No. 142468) with the
18 Copyright Office for *Good Morning to All*.  Except as specifically admitted herein,
19 Warner/Chappell denies the allegations in Paragraph 44.

20     45.     On information and belief, Warner/Chappell admits the allegations in
21 Paragraph 45.

22     46.     Warner/Chappell is without knowledge or information sufficient to
23 form a belief as to the truth of the allegations in Paragraph 46 and on that basis
24 denies the allegations in Paragraph 46.

25     47.     Warner/Chappell is without knowledge or information sufficient to
26 form a belief as to the truth of the allegations in Paragraph 47 and on that basis
27 denies the allegations in Paragraph 47.

28

**Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

53

48.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 48 and on that basis denies the allegations in Paragraph 48.

49.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 49 and on that basis denies the allegations in Paragraph 49.

50.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 50 and on that basis denies the allegations in Paragraph 50.

51.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 51 and on that basis denies the allegations in Paragraph 51.

52.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 52 and on that basis denies such allegations.  The allegations in the second sentence of Paragraph 52 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies such allegations.

53.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 53 and on that basis denies the allegations in Paragraph 53.

54.     The allegations in Paragraph 54 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 54.

55.     The allegations in Paragraph 55 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 55.

56.     The allegations in Paragraph 56 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 56.

57.     The allegations in Paragraph 57 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 57.

58.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 58 and on that basis denies the allegations in Paragraph 58.

59.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 59 and on that basis denies the allegations in Paragraph 59.

60.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 60 and on that basis denies the allegations in Paragraph 60.

61.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 61 and on that basis denies the allegations in Paragraph 61.

62.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 62 and on that basis denies the allegations in Paragraph 62.

63.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 63 and on that basis denies the allegations in Paragraph 63.

64.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 64 and on that basis denies the allegations in Paragraph 64.

Ex. 2

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

55

65.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 65 and on that basis denies the allegations in Paragraph 65.

66.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 66 and on that basis denies the allegations in Paragraph 66.

67.     Upon information and belief, Warner/Chappell admits that Clayton F. Summy sold Clayton F. Summy Company to John F. Sengstack in or around 1930. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 67.

68.     Upon information and belief, Warner/Chappell admits that in or about 1931, John F. Sengstack incorporated Clayton F. Summy Company under the laws of the State of Delaware.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in Paragraph 68 and on that basis denies such allegations.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 68.

69.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 69 and on that basis denies the allegations in Paragraph 69.

70.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 70 and on that basis denies the allegations in Paragraph 70.

71.     Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 71 and on that basis denies the allegations in Paragraph 71.

72.     On information and belief, Warner/Chappell admits that "[o]n August 14, 1934, Jessica Hill, a sister of Mildred Hill and Patty Hill, commenced an action against Sam Harris in the Southern District of New York, captioned Hill v. Harris,

Eq. No. 78-350." Answering the remaining allegations in Paragraph 72, Warner/Chappell avers that the complaint/s referenced in Paragraph 72 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 72. Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 72.

73. On information and belief, Warner/Chappell admits that "[o]n January 21, 1935, Jessica Hill commenced an action against the Federal Broadcasting Corp. in the Southern District of New York, captioned Hill v. Federal Broadcasting Corp., Eq. No. 79-312." Answering the remaining allegations in Paragraph 73, Warner/Chappell avers that the complaint/s referenced in Paragraph 73 is/are the best evidence of the claims asserted in the lawsuit referenced in Paragraph 73. Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 73.

74. Answering Paragraph 74, Warner/Chappell avers that the written agreement referenced in Paragraph 74 is the best evidence of the contents of this agreement. Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 74.

75. Warner/Chappell admits that on or about December 27, 1934, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 75.

76. Answering Paragraph 76, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 75 above is the best evidence of the contents of this document. Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 76.

77. Warner/Chappell admits the allegations in the first sentence of Paragraph 77. Answering the second sentence of Paragraph 77, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 75 above is

the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required. To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation. Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 77.

78. The allegations in Paragraph 78 are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 78.

79. Warner/Chappell admits that on or about February 15, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 79.

80. Answering Paragraph 80, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 79 above is the best evidence of the contents of this document. Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 80.

81. Warner/Chappell admits the allegations in the first sentence of Paragraph 81. Answering the second sentence of Paragraph 81, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 79 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required. To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation. Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 81.

82.     The allegations in Paragraph 82 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 82.

83.     Warner/Chappell admits that on or about April 3, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 83.

84.     Answering Paragraph 84, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 83 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 84.

85.     Warner/Chappell admits the allegations in the first sentence of Paragraph 85.  Answering the second sentence of Paragraph 85, Warner/Chappell avers that the written Application for Copyright referenced Paragraph 83 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required.  To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 85.

86.     The allegations in Paragraph 86 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 86.

87.     Warner/Chappell admits that on or about April 3, 1935, Clayton F. Summy Co. submitted an Application for Copyright, which application is the best evidence of its contents.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 87.

**Ex. 2**

**59**

88.     Answering Paragraph 88, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 87 above is the best evidence of the contents of this document.  Except as specifically averred herein, Warner/Chappell denies the allegations in Paragraph 88.

89.     Warner/Chappell admits the allegations in the first sentence of Paragraph 89.  Answering the second sentence of Paragraph 89, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 87 above is the best evidence of the contents of this document, and that the allegation regarding the scope of the copyright claimed by this Application is a conclusion of law to which no response is required.  To the extent that a response is required to this allegation regarding the scope of the copyright claimed, Warner/Chappell denies this allegation.  Except as specifically admitted or averred herein, Warner/Chappell denies the allegations in Paragraph 89.

90.     The allegations in Paragraph 90 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 90.

91.     Warner/Chappell admits that on or about December 6, 1935, Clayton F. Summy Co. submitted an Application for Copyright as alleged in Paragraph 91.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 91.

92.     Answering the first sentence of Paragraph 92, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 91 above is the best evidence of the contents of this document.  Warner/Chappell admits the allegations in the second sentence of Paragraph 92.  Except as specifically averred or admitted herein, Warner/Chappell denies the allegations in Paragraph 92.

93.     Warner/Chappell denies the allegations in Paragraph 93.

94.     The allegations in Paragraph 94 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 94.

95.     The allegations in Paragraph 95 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 95.

96.     Warner/Chappell admits that on or about December 6, 1935, Clayton F. Summy Co. submitted an Application for Copyright as alleged in Paragraph 96. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 96.

97.     Answering the first sentence of Paragraph 97, Warner/Chappell avers that the written Application for Copyright referenced in Paragraph 96 above is the best evidence of the contents of this document.  Warner/Chappell admits the allegations in the second sentence of Paragraph 97.  Except as specifically averred or admitted herein, Warner/Chappell denies the allegations in Paragraph 97.

98.     Warner/Chappell admits that the copy of the work deposited with the application that resulted in registration E51990 contained the lyrics "Happy Birthday to you, Happy Birthday to you, Happy Birthday dear _____, Happy Birthday to you!"  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 98.

99.     The allegations in Paragraph 99 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 99.

100.    The allegations in Paragraph 100 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 100.

101.    Answering Paragraph 101, Warner/Chappell avers that the written agreement referenced in Paragraph 101 is the best evidence of the contents of this

Ex. 2
61

1  agreement.  Except as specifically averred herein, Warner/Chappell denies the
2  allegations in Paragraph 101.

3  102.  Answering Paragraph 102, Warner/Chappell avers that the written
4  agreement referenced in Paragraph 102 is the best evidence of the contents of this
5  agreement.  Except as specifically averred herein, Warner/Chappell denies the
6  allegations in Paragraph 102.

7  103.  On information and belief, Warner/Chappell admits that "[o]n October
8  15, 1942, The Hill Foundation commenced an action against [Clayton F. Summy
9  Co.] in the Southern District of New York, captioned The Hill Foundation, Inc. v.
10  Clayton F. Summy Co., Case No. 19-377."  Answering the remaining allegations in
11  Paragraph 103, Warner/Chappell avers that the complaint/s referenced in Paragraph
12  103 is/are the best evidence of the claims asserted in the lawsuit referenced in
13  Paragraph 103.  Except as specifically admitted or averred herein, Warner/Chappell
14  denies the allegations in Paragraph 103.

15  104.  On information and belief, Warner/Chappell admits that "[o]n March 2,
16  1943, The Hill Foundation commenced an action against the Postal Telegraph Cable
17  Company in the Southern District of New York, captioned The Hill Foundation, Inc.
18  v. Postal Telegraph-Cable Co., Case No. 20- 439."  Answering the remaining
19  allegations in Paragraph 104, Warner/Chappell avers that the complaint/s referenced
20  in Paragraph 104 is/are the best evidence of the claims asserted in the lawsuit
21  referenced in Paragraph 104.  Except as specifically admitted or averred herein,
22  Warner/Chappell denies the allegations in Paragraph 104.

23  105.  Warner/Chappell is not aware of any judicial determination of the
24  validity or scope of any copyright related to *Good Morning to All*.  Except as
25  specifically admitted herein, Warner/Chappell denies the allegations in Paragraph
26  105.

27  106.  Warner/Chappell denies the allegations in Paragraph 106.

28

**Ex. 2**

-16-

107.   Warner/Chappell admits that in or about 1962, Summy-Birchard Company filed renewals for Reg. Nos. E45655, E46661, E47439, E47440, E51988, and E51990.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 107.

108.   Warner/Chappell admits that on or about December 6, 1962, Summy-Birchard Company filed a renewal application for Reg. No. E51988, and avers that the written copyright renewal referenced in Paragraph 108 is the best evidence of the contents of this document.  Except as specifically admitted or averred, Warner/Chappell denies the allegations in Paragraph 108.

109.   Warner/Chappell admits that on or about December 6, 1962, Summy-Birchard Company filed a renewal application for Reg. No. E51990, and avers that the written copyright renewal referenced in Paragraph 109 is the best evidence of the contents of this document.  Except as specifically admitted or averred, Warner/Chappell denies the allegations in Paragraph 109.

110.   Warner/Chappell denies the allegations in the first sentence of Paragraph 110.  Warner/Chappell admits that Summy-Birchard, Inc., is a subsidiary of Warner/Chappell and a co-defendant in this action.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 110.

111.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 111 and on that basis denies the allegations in Paragraph 111.

112.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 112 and on that basis denies the allegations in Paragraph 112.

113.   Warner/Chappell denies the allegations in Paragraph 113.

114.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 114 and on that basis denies the allegations in Paragraph 114.

**Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

**63**

115.    Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 115 and on that basis denies the allegations in Paragraph 115.

116.    Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 116 and on that basis denies the allegations in Paragraph 116.

117.    Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 117 and on that basis denies the allegations in Paragraph 117.

118.    Warner/Chappell admits that in September 2012, Plaintiff GMTY requested a quote from Warner/Chappell for a synchronization license to use *Happy Birthday to You*.  Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegation that this request was made through Warner/Chappell's website and on that basis denies this allegation.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 118.

119.    Warner/Chappell denies the allegations in Paragraph 119.

120.    Warner/Chappell denies the allegations in Paragraph 120.

121.    The allegations in Paragraph 121 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 121.

122.    Warner/Chappell admits that on or about March 26, 2013, Plaintiff GMTY paid Warner/Chappell $1,500 for a synchronization license to use *Happy Birthday to You*, and that on or about April 24, 2013, Plaintiff GMTY mailed Warner/Chappell an executed synchronization license agreement for the use *Happy Birthday to You*, which was "dated" September 26, 2012 "as of" April 1, 2013. Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 122.

Ex. 2

123.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 123 and on that basis denies the allegations in Paragraph 123.

124.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 124 and on that basis denies the allegations in Paragraph 124.

125.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 125(a) and (b) and on that basis denies the allegations in Paragraph 125(a) and (b).  The allegations in Paragraph 125(c) are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 125(c).

126.   Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 126 and on that basis denies the allegations in Paragraph 126.

127.   Warner/Chappell denies the allegations in Paragraph 127.

128.   The allegations in Paragraph 128 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 128.

129.   Warner/Chappell admits the allegations in Paragraph 129.

130.   Paragraph 130(a):

Warner/Chappell admits that BIG FAN paid Warner/Chappell $3,000 pursuant to its synchronization license.  Except as specifically admitted herein, Warner/Chappell denies the allegations in Paragraph 130(a).

Paragraph 130(b):

Warner/Chappell is without knowledge or information sufficient to form a belief as to what BIG FAN, the music producer it allegedly hired, or Plaintiff Siegel knew or had reason to know and on that basis denies such allegations.  The

1   remaining allegations in paragraph 130(b) are conclusions of law to which no

2   responsive pleading is required. To the extent that a response is required,

3   Warner/Chappell denies such allegations.

4        Paragraph 130(c):

5        Warner/Chappell is without knowledge or information sufficient to form a

6   belief as to what BIG FAN, the music producer it allegedly hired, or Plaintiff Siegel

7   had reason to know and on that basis denies such allegations. The remaining

8   allegations in paragraph 130(c) are conclusions of law to which no responsive

9   pleading is required. To the extent that a response is required, Warner/Chappell

10  denies such allegations.

11       Paragraph 130(d):

12       Warner/Chappell admits that, in accordance with custom and practice in the

13  industry, it did not specify the numbers of the copyright registrations or renewals

14  pursuant to which it owns copyright rights in *Happy Birthday to You* when it

15  negotiated with BIG FAN regarding BIG FAN's synchronization license. Except as

16  specifically admitted herein, Warner/Chappell denies the allegations in Paragraph

17  130(d).

18       Paragraph 130(e):

19       Warner/Chappell admits that there were stories in the press regarding this

20  action. Warner/Chappell is without knowledge or information sufficient to form a

21  belief as to the truth of the allegations in the second sentence of Paragraph 130(e)

22  regarding when one in the position of BIG FAN, the music producer it hired, or

23  Plaintiff Siegel allegedly would know the alleged facts supporting this action and on

24  that basis denies such allegations. The allegations in the second sentence of

25  Paragraph 130(e) regarding when BIG FAN, the music producer it hired, or Plaintiff

26  Siegel allegedly had reason to know the alleged facts supporting this action are

27  conclusions of law to which no responsive pleading is required. To the extent that a

28  response is required, Warner/Chappell denies such allegations. Except as

Ex. 2

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

-20-

66

1  specifically admitted herein, Warner/Chappell denies the allegations in Paragraph
2  130(e).

3      Paragraph 130(f):

4      Warner/Chappell is without knowledge or information sufficient to form a
5  belief as to the truth of the allegations in the first sentence of Paragraph 130(f) and
6  on that basis denies such allegations.  Warner/Chappell is without knowledge or
7  information sufficient to form a belief as to what BIG FAN, the music producer it
8  allegedly hired, or Plaintiff Siegel knew or had reason to know and on that basis
9  denies such allegations.  The remaining allegations in paragraph 130(f) are
10 conclusions of law to which no responsive pleading is required.  To the extent that a
11 response is required, Warner/Chappell denies such allegations.

12     Paragraph 130(g):

13     Warner/Chappell admits that Plaintiff Siegel commenced a putative class
14 action against Warner/Chappell on or about June 19, 2013.  Warner/Chappell is
15 without knowledge or information sufficient to form a belief as to the truth of the
16 allegations in Paragraph 130(g) regarding when Plaintiff Siegel allegedly knew the
17 alleged facts supporting this action and on that basis denies such allegations.  The
18 allegations in Paragraph 130(g) regarding when Plaintiff Siegel allegedly reasonably
19 could or should have known the alleged facts supporting this action are conclusions
20 of law to which no responsive pleading is required.  To the extent that a response is
21 required, Warner/Chappell denies such allegations.  Except as specifically admitted
22 herein, Warner/Chappell denies the allegations in Paragraph 130(g).

23     131.  Warner/Chappell is without knowledge or information sufficient to
24 form a belief as to the truth of the allegations in Paragraph 131 and on that basis
25 denies the allegations in Paragraph 131.

26     132.  The allegations in Paragraph 132 are conclusions of law to which no
27 responsive pleading is required.  To the extent that a response is required,
28 Warner/Chappell denies the allegations in Paragraph 132.

**Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

**67**

133. Warner/Chappell admits the allegations in Paragraph 133.

134. Paragraph 134(a):

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(a) and on that basis denies the allegations in Paragraph 134(a).

Paragraph 134(b):

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(b) and on that basis denies the allegations in Paragraph 134(b).

Paragraph 134(c):

Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(c) and on that basis denies the allegations in Paragraph 134(c).

Paragraph 134(d):

Warner/Chappell admits that on or about October 29, 2009, Plaintiff Majar paid Warner/Chappell $5,000 for a synchronization license to use *Happy Birthday to You* in the Film "No Subtitles Necessary: László & Vilmos" and that, in accordance with custom and practice in the industry, Warner/Chappell did not specify the numbers of the copyright registrations or renewals pursuant to which it owns copyright rights in *Happy Birthday to You* when it negotiated with Plaintiff Majar regarding this license. Warner/Chappell is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 134(d) regarding when Plaintiff Majar allegedly knew the alleged facts supporting this action and on that basis denies such allegations. The allegations in Paragraph 134(d) regarding when Plaintiff Majar allegedly had reason to know the alleged facts supporting this action are conclusions of law to which no responsive pleading is required. To the extent that a response is required, Warner/Chappell denies such allegations. Warner/Chappell admits that it is the exclusive copyright owner of **Ex. 2**

1    *Happy Birthday to You* and has held itself out as such since October 29, 2009.

2    Except as specifically admitted herein, Warner/Chappell denies the allegations in

3    Paragraph 134(d).

4        Paragraph 134(e):

5        The allegations in Paragraph 134(e) are conclusions of law to which no

6    responsive pleading is required.  To the extent that a response is required,

7    Warner/Chappell denies the allegations in Paragraph 134(e).

8        Paragraph 134(f):

9        Warner/Chappell is without knowledge or information sufficient to form a

10   belief as to what Plaintiff Majar thought or had reason to think and on that basis

11   denies such allegations.  The remaining allegations in paragraph 134(f) are

12   conclusions of law to which no responsive pleading is required.  To the extent that a

13   response is required, Warner/Chappell denies such allegations.

14       Paragraph 134(g):

15       Warner/Chappell is without knowledge or information sufficient to form a

16   belief as to the truth of the allegations in the Paragraph 134(g) and on that basis

17   denies the allegations in Paragraph 134(g).

18       135.   Paragraph 135 characterizes Plaintiffs' claims in the FAC and no

19   responsive pleading is required.  To the extent that a response is required,

20   Warner/Chappell denies the allegations in Paragraph 135.

21       136.   Paragraph 136 characterizes Plaintiffs' claims in the FAC and no

22   responsive pleading is required.  To the extent that a response is required,

23   Warner/Chappell denies the allegations in Paragraph 136.  Warner/Chappell further

24   denies that Plaintiffs can maintain this action as a class action or that any such class

25   can properly be certified.

26       137.   Paragraph 137 characterizes Plaintiffs' claims in the FAC and their

27   purported class and contains conclusions of law, and no responsive pleading is

28   required.  To the extent that a response is required, Warner/Chappell denies the **Ex. 2**

allegations in Paragraph 137.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

138.   The allegations in Paragraph 138 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 138.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

139.   The allegations in Paragraph 139 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 139.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

140.   The allegations in Paragraph 140 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 140.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

141.   The allegations in Paragraph 141 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 141.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

142.   The allegations in Paragraph 142 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 142.  Warner/Chappell further denies that Plaintiffs can maintain this action as a class action or that any such class can properly be certified.

**Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

**70**

1    143.   The allegations in Paragraph 143 are conclusions of law to which no

2    responsive pleading is required.  To the extent that a response is required,

3    Warner/Chappell denies the allegations in Paragraph 143.  Warner/Chappell further

4    denies that Plaintiffs can maintain this action as a class action or that any such class

5    can properly be certified.

6    144.   The allegations in Paragraph 144 are conclusions of law to which no

7    responsive pleading is required.  To the extent that a response is required,

8    Warner/Chappell denies the allegations in Paragraph 144.  Warner/Chappell further

9    denies that Plaintiffs can maintain this action as a class action or that any such class

10   can properly be certified.

11   145.   Warner/Chappell is without knowledge or information sufficient to

12   form a belief as to the truth of the allegations in Paragraph 145 and on that basis

13   denies the allegations in Paragraph 145.  Warner/Chappell further denies that

14   Plaintiffs can maintain this action as a class action or that any such class can

15   properly be certified.

16   146.   Answering the allegations in Paragraph 146, Warner/Chappell hereby

17   incorporates its responses in Paragraphs 1 through 145 by reference as if fully set

18   forth herein.  To the extent that any further response is required, Warner/Chappell

19   denies the allegations in Paragraph 146.

20   147.   Paragraph 147 characterizes Plaintiffs' claims in the FAC and no

21   responsive pleading is required.  To the extent that a response is required,

22   Warner/Chappell denies the allegations in Paragraph 147.

23   148.   Paragraph 148 characterizes Plaintiffs' claims in the FAC and contains

24   conclusions of law, and no responsive pleading is required.  To the extent that a

25   response is required, Warner/Chappell denies the allegations in Paragraph 148.

26   149.   Warner/Chappell admits that it holds a valid and enforceable copyright

27   in the composition *Happy Birthday to You* and that pursuant to 17 U.S.C. § 115, it is

28   entitled to royalties for the mechanical licensing of this composition in accordance

Ex. 2

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

71

1  with the legal requirements of that provision.  Except as specifically admitted

2  herein, Warner/Chappell denies the allegations in Paragraph 149.

3       150.   Warner/Chappell denies the allegations in Paragraph 150.

4       151.   The allegations in Paragraph 151 are conclusions of law to which no

5  responsive pleading is required.  To the extent that a response is required,

6  Warner/Chappell denies the allegations in Paragraph 151.

7       152.   Warner/Chappell denies the allegations in Paragraph 152.

8       153.   The allegations in Paragraph 153 are conclusions of law to which no

9  responsive pleading is required.  To the extent that a response is required,

10  Warner/Chappell denies the allegations in Paragraph 153.

11       154.   The allegations in Paragraph 154 are conclusions of law to which no

12  responsive pleading is required.  To the extent that a response is required,

13  Warner/Chappell denies the allegations in Paragraph 154.

14       155.   Warner/Chappell denies the allegations in Paragraph 155.

15       156.   The allegations in Paragraph 156 are conclusions of law to which no

16  responsive pleading is required.  To the extent that a response is required,

17  Warner/Chappell denies the allegations in Paragraph 156.

18       157.   Paragraph 157 characterizes Plaintiffs' claims in the FAC and contains

19  conclusions of law, and no responsive pleading is required.  To the extent that a

20  response is required, Warner/Chappell denies the allegations in Paragraph 157.

21       158.   The allegations in Paragraph 158 are conclusions of law to which no

22  responsive pleading is required.  To the extent that a response is required,

23  Warner/Chappell denies the allegations in Paragraph 158.

24       159.   On information and belief, Warner/Chappell admits that the 1893 and

25  1896 versions of *Song Stories for the Kindergarten* included the song *Good*

26  *Morning to All*.  The remaining allegations in Paragraph 159 are conclusions of law

27  to which no responsive pleading is required.  To the extent that a response is

28  required, Warner/Chappell denies such allegations.

Ex. 2

160.   On information and belief, Warner/Chappell admits that the 1893 version of *Song Stories for the Kindergarten* and the 1899 version of *Song Stories for the Sunday School* included the song *Good Morning to All*.  The remaining allegations in Paragraph 160 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies such allegations.

161.   The allegations in Paragraph 161 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 161.

162.   The allegations in Paragraph 162 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 162.

163.   The allegations in Paragraph 163 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 163.

164.   The allegations in Paragraph 164 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 164.

165.   The allegations in Paragraph 165 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 165.

166.   The allegations in Paragraph 166 are conclusions of law to which no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 166.

167.   Paragraph 167 characterizes Plaintiffs' claims in the FAC and contains conclusions of law, and no responsive pleading is required.  To the extent that a response is required, Warner/Chappell denies the allegations in Paragraph 167.

**Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

## **RESPONSE TO PRAYER FOR RELIEF**

Warner/Chappell denies that Plaintiffs are entitled to any of the relief requested in paragraphs A through I of the Prayer for Relief contained in the FAC or to any relief whatsoever.

## **RESPONSE TO JURY DEMAND**

Plaintiffs' request for a jury trial does not require a responsive pleading. To the extent that a response is required, Warner/Chappell denies that Plaintiffs are entitled to a jury.

## **AFFIRMATIVE DEFENSES**

Warner/Chappell asserts the following affirmative defenses and reserves the right to raise additional defenses if and when appropriate, including if and when it responds to other claims in the FAC (and/or if and when it responds to this and/or other claims in subsequent amended complaints). In asserting these defenses, Warner/Chappell does not assume the burden of proof for any issue with respect to which the applicable law places the burden on Plaintiffs.

### **First Affirmative Defense**

Claim One, and every purported claim contained in Plaintiffs' FAC, fails to state a claim against Warner/Chappell upon which relief can be granted. Further, Claim One of the FAC and Plaintiffs' other claims are ambiguous, vague, and/or unintelligible. Warner/Chappell avers that Plaintiffs' claims, including Claim One, do not describe the events or legal theories with sufficient particularity to permit Warner/Chappell to ascertain all defenses that may exist.

### **Second Affirmative Defense**

Claim One, and every purported claim contained in Plaintiffs' FAC, is barred, in whole or in part, by the applicable statute of limitations.

1                **Third Affirmative Defense**

2       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

3 in whole or in part, by the doctrines of laches, waiver, and/or one or more doctrines

4 of estoppel.

5                **Fourth Affirmative Defense**

6       Claim One, and every purported claim contained in Plaintiffs' FAC, has been

7 waived by Plaintiffs in whole or in part and are, to that extent, barred.

8                **Fifth Affirmative Defense**

9       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

10 in whole or in part, because of Plaintiffs' unclean hands.

11                **Sixth Affirmative Defense**

12       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

13 in whole or in part, because Plaintiffs have suffered no injury or damages as a result

14 of the matters alleged in the FAC, or alternatively, because the alleged damages, if

15 any, are speculative and because of the impossibility of ascertaining and allocating

16 those alleged damages.

17                **Seventh Affirmative Defense**

18       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

19 in whole or in part, because Plaintiffs lack standing to sue for the injuries alleged in

20 the FAC.

21                **Eighth Affirmative Defense**

22       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

23 in whole or in part, because Plaintiffs are not entitled to restitution or disgorgement

24 of profits.

25                **Ninth Affirmative Defense**

26       Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

27 in whole or in part, because Plaintiffs would be unjustly enriched if allowed to

28 recover any portion of the damages alleged in the FAC.    **Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

75

1  **Tenth Affirmative Defense**

2  Claim One, and every purported claim contained in Plaintiffs' FAC, is barred,

3  in whole or in part, because the remedies sought are unconstitutional, contrary to

4  public policy, or are otherwise unauthorized.

5  **Reservation of Rights to Assert Additional Defenses**

6  Warner/Chappell has not knowingly or intentionally waived any applicable

7  defenses, and it reserves the right to assert and rely upon other applicable defenses

8  that may become available or apparent during discovery in this matter.

9  Warner/Chappell reserves the right to amend or seek to amend its answer and/or

10  affirmative defenses.

11  **PRAYER FOR RELIEF**

12  WHEREFORE, Warner/Chappell respectfully demands the entry of judgment

13  in its favor and against Plaintiffs as follows:

14  1.  That Plaintiffs and the members of the purported plaintiff class take

15  nothing by the FAC;

16  2.  That the FAC and each and every allegation and subpart contained therein

17  be dismissed with prejudice;

18  3.  That Warner/Chappell recover its costs of suit incurred herein, including

19  reasonable attorneys' fees; and

20  4.  For such other and further relief as the Court may deem just and proper.

21

22  DATED:  May 6, 2013  MUNGER, TOLLES & OLSON LLP

23

By:  */s/ Kelly M. Klaus*
24  _____
KELLY M. KLAUS

25
*Attorneys for Defendants Warner/Chappell*
26  *Music, Inc. and Summy Birchard, Inc.*

27

28  **Ex. 2**

DEFENDANTS' ANSWER TO
CLAIM ONE OF PLAINTIFFS' FAC

# EXHIBIT 3

FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Interim Lead Counsel for Plaintiffs and the [Proposed] Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -

## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC., *et al.*, <br><br> Defendants. | ) Lead Case No. CV 13-04460-GHK (MRWx) <br> ) <br> ) **DECLARATION OF MARK C. RIFKIN** <br> ) **IN SUPPORT OF NOTICE OF MOTION** <br> ) **AND CROSS-MOTION AND MOTION** <br> ) **AND CROSS-MOTION FOR** <br> ) **SUMMARY JUDGMENT** <br> ) <br> ) <br> ) <br> ) <br> ) Date:      January 26, 2015 <br> ) Time:      9:30 a.m. <br> ) Room:     650 <br> ) Judge:     Hon. George H. King, <br> )                Chief Judge |

Ex. 3

78

I, Mark C. Rifkin, hereby declare as follows:

1.      I am an attorney duly licensed to practice law in the states of New York and Pennsylvania and am admitted to the bar of this Court *pro hac vice* as interim lead class counsel for plaintiffs in the above-captioned matter.   I am a member of the law firm of Wolf Haldenstein Adler Freeman & Herz LLP, Interim Lead Class Counsel for the Plaintiffs in the above-captioned action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.      The evidentiary record in this matter does not contain a copy of the February 1, 1893 assignment (the "1893 Assignment") from Mildred J. Hill and Patty S. Hill (the "Hill Sisters") to Clayton F. Summy ("Summy").

3.      No copy of the 1893 Assignment is known to exist.

4.      Consequently, it is impossible to know the terms of the 1893 Assignment between the Hill Sisters and Summy.

5.      The record in this matter does not contain any evidence that Mildred Hill or Patty Hill were every employed by Summy or any corporation owned by Summy. To the contrary, the New Song Information Sheet (App'x, Ex. 27 [WC0001983-84]) produced by Defendant Warner/Chappell Music, Inc. states that the Hill Sisters were not employees-for-hire.

6.      By 1912, Cable Company Chicago had begun publishing sheet music under the following title:

<div align="center">Good-Morning to You.

GOOD-BYE TO YOU - HAPPY BIRTHDAY TO YOU</div>

App'x, Ex. 13 [P003423-3424].

7.      The evidentiary record in this matter does not contain any evidence that Cable Company Chicago ever purported to own a copyright to *Happy Birthday*.

///

///

**Ex. 3**

- 1 -

79

8.     I have reviewed the evidentiary record in this matter as well as the Catalogs of Copyright Entries prepared by the Copyright Office and there is no evidence that copyright to *Song Stories for the Kindergarten,* Reg. No. 45997 (filed on or about October 13, 1893) was renewed by Summy or the Clayton F. Summy Company prior to the expiration of its original 28 year term.

9.     The evidentiary record in this matter does not contain any evidence that *Happy Birthday* was ever fixed in a tangible medium by Mildred Hill, Patty Hill, or Jessica Hill at any time prior to December 6, 1935.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.  Executed this 25th day of November 2014, in the City and County of New York, State of New York.

By: MARK C. RIFKIN

WARNER/CHAPPELL:21335.mcr.decl.

Ex. 3
80

# EXHIBIT 4

1  FRANCIS M. GREGOREK (144785)
   gregorek@whafh.com
2  BETSY C. MANIFOLD (182450)
   manifold@whafh.com
3  RACHELE R. RICKERT (190634)
   rickert@whafh.com
4  MARISA C. LIVESAY (223247)
   livesay@whafh.com
5  **WOLF HALDENSTEIN ADLER**
     **FREEMAN & HERZ LLP**
6  750 B Street, Suite 2770
   San Diego, CA 92101
7  Telephone:  619/239-4599
   Facsimile:  619/234-4599
8

9  *Interim Lead Counsel for Plaintiffs and the [Proposed] Class*

10              **UNITED STATES DISTRICT COURT**

11          **CENTRAL DISTRICT OF CALIFORNIA -**

12                  **WESTERN DIVISION**

13

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*, | Lead Case No. CV 13-04460-GHK (MRWx) |
| Plaintiffs, | **DECLARATION OF BETH A. LANDES IN SUPPORT OF NOTICE OF MOTION AND CROSS-MOTION AND MOTION AND CROSS-MOTION FOR SUMMARY JUDGMENT** |
| v. | |
| WARNER/CHAPPELL MUSIC, INC., *et al.*, | |
| Defendants. | |
| | Date:      January 26, 2014 |
| | Time:      9:30 a.m. |
| | Room:     650 |
| | Judge:     Hon. George H. King, Chief Judge |

Ex. 4

82
82

I, Beth A. Landes, hereby declare as follows:

1.      I am an associate attorney at Wolf Haldenstein Adler Freeman & Herz LLP, interim lead class counsel for Plaintiffs in the above-entitled action.  I have personal knowledge of the facts stated herein and, if called as a witness, I could and would testify competently thereto.

2.      On April 24, 2014, I requested certified copies of various records from the United States Copyright Office, including Certificate of Registrations for the copyrights registered under Reg. Nos. E51988, E51990, R306185, and R306186.

3.      On or about June 12, 2014, I received registration certificates for the copyrights in question, certified by Maria A. Pallante, Register of Copyrights and Associate Librarian for Copyright Services, as follows:

    a.   Additional Certificate of Registration of a Claim to Copyright for E51988, the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 44 at pp. 626-627;

    b.   Additional Certificate of Registration of a Claim to Copyright for E51990, the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 48 at pp. 653-654;

    c.   Additional Certificate of Registration of a Claim to Copyright for R306185,  the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 67 at pp. 808-810;

    d.   Additional Certificate of Registration of a Claim to Copyright for R306186, the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 68 at pp. 812-814;

Ex. 4

e. Additional Certificate of Registration of a Claim to Copyright for A303752, the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 12 at pp. 488-490;

f. Additional Certificate of Registration of a Claim to Copyright for A777586, the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 19 at pp. 514-516;

g. Additional Certificate of Registration of a Claim to Copyright for A1068883, the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 22 at pp. 530-532; and

h. Additional Certificate of Registration of a Claim to Copyright for R90447, the original certified copyright record will be lodged and manually filed with this Court, and a true and correct copy of which is attached at App'x, Ex. 61 at pp. 757-758.

4. On November 13, 2014, I spoke by telephone with Jarletta Walls, a Supervisory Copyright Specialist in the Records Research and Certification Section, Office of Public Records and Repositories, of the U.S. Copyright Office and asked Ms. Walls to confirm that the documents I received on June 12, 2014, are certified copies of the authentic copyright registration certificates.

5. Ms. Walls confirmed that the Additional Certificates of Registration are authentic and are what the Copyright Office regards as registration certificates for the four copyrights in question.

6. Ms. Walls explained that the Copyright Office maintains many other copyright records and may distribute uncertified, unofficial copies of such records to the public under the designation "Copy of Registration," but that an official copy of a certificate of registration is specifically identified by the Copyright Office only by the

Ex. 4
84

distinct designation "Certificate of Registration."

7. A true and correct copy of Chapter 19 of the Compendium (II) Copyright Office Practices (1984) (hereinafter "Copyright Compendium II") is available at App'x, Ex. 99, pp.1119-1140. According to 37 CFR 201.2(b)(7), the Copyright Office maintains this administrative manual for the general guidance of its staff in making registrations and recording documents.

8. Plaintiffs' certified Certificates of Registration, described at ¶ 3a-h, *supra*, are titled "Additional Certificates of Registration". The Copyright Compendium II, §1906 provides that "[a]dditional certificates are certified copies of the record of registration and have the same legal effect as the original certificate."

9. The Copyright Compendium II also specifies that an additional certificate of registration, for any registration dating to or before December 31, 1977, consists of "a photocopy of the application that was used to make the original registration with a pre-printed certification statement attached. The registration number, date of certification, and the signature of the current Register of Copyrights are added to the certification statement form, which is issued under the seal of the Copyright Office." *Id.* § 1906.02.

10. A true and correct copy of Plaintiffs' Receipt from the Copyright Office for Order of Certified Certificates of Registration is available at App'x, Ex. 98, p. 1118. Plaintiffs' Receipt identifies the *certified* Certificates of Registration received by Plaintiffs and presented to the Court (at *supra*, ¶ 3a-h), as "Additional Certificates," consistent with Copyright Compendium II, § 1906.

I hereby declare under the penalty of perjury under the laws of the United States that the foregoing statements are true and correct to the best of my knowledge, information, and belief.

Executed this 25th day of November, 2014, at New York, New York.

By: _____
BETH A. LANDES

WARNER/CHAPPELL:21341.BL.decl

Ex. 4
85

- 3 -

# EXHIBIT 5



M
1990
.H64
S5
CASE

WC0000406

WC0000407



Song Stories
FOR THE KINDERGARTEN

BY
MILDRED J. AND
PATTY S. HILL

WITH AN INTRODUCTION BY
ANNA E. BRYAN

CHICAGO

CLAYTON F. SUMMY CO.   179 176 WABASH AVE.

Ex. 5

89

WC0000408

LIBRARY OF CONGRESS.
Class ___ Copyright No. ___
Shelf AG455
CASE
UNITED STATES OF AMERICA.

# CLAYTON F. SUMMY

### PUBLISHER AND IMPORTER

—OF—

# MUSIC

### 174-176 Wabash Avenue, Chicago

EDUCATIONAL WORKS
A Specialty

General Dealer in Sheet Music
and Music Books of the better class

PUBLISHER OF

## THE MUSIC REVIEW

A Monthly Magazine devoted to Literature, Music Education, Music Review,
and a Record of Musical Events

CALVIN B. CADY, EDITOR

Subscription price, . . . . . $2.00 per year
Foreign Subscriptions, . . . 2.50 per year
PAYABLE IN ADVANCE

PUBLISHER OF

## THE MUSICAL YEAR BOOK
### OF THE UNITED STATES

An accurate and reliable compilation of the Orchestral, Choral, Chamber Music
and Concert Soloists' performances given throughout the United
States and Canada during the year

GEO. H. WILSON AND CALVIN B. CADY, EDITORS

Sold by subscription, . . . price $1.00
Volume Ten (season of 1892-93) will be published in November, 1893.

Ex. 5

90

WC0000409

# SONG * STORIES

## For the Kindergarten.

Music Composed and Arranged by

### Mildred J. Hill.

Words Written and Adapted by

### Patty S. Hill.

With an Introduction by

### ANNA E. BRYAN.

Chicago:

### CLAYTON F. SUMMY.

174-176 Wabash Ave.

Copyright, 1896, by Clayton F. Summy.

BOARDS, $1.00.
CLOTH,  1.50.

WC0000410

This Little Volume
is
RESPECTFULLY DEDICATED
TO
The Louisville Free Kindergarten Association.

---

I am much indebted to Mr. Calvin B. Cady for his careful revision of these songs which gives me confidence to place them before the public.

Mildred J. Hill.

(iii)

Ex. 5

WC0000411

# SUBJECT INDEX.

**OPENING AND CLOSING SONGS**

| | |
|---|---|
| Farewell, | 10 |
| Good-bye Song, | 9 |
| Good Morning Song, | 5 |
| Good Morning to All, | 6 |
| Good Morning to the Playroom, | 8 |
| Lullaby and Good Morning, | 4 |
| Morning Greeting, | 7 |
| Rainy Day Good Morning, | 7 |

**RING SONGS.**

| | |
|---|---|
| Ring Song (number 1), | 11 |
| Ring Song (number 2), | 12 |
| Ring Song (number 3), | 13 |
| Skipping Song, | 15 |

**PRAYERS.**

| | |
|---|---|
| God's Blessing on Work, | 18 |
| God's Care of All Things, | 16 |
| Thanks for Constant Care, | 19 |
| Thanks for Daily Blessings, | 17 |

**SONGS OF THE SEASONS.**

| | |
|---|---|
| Song of Summer and Winter, | 20 |

**FALL SONGS.**

| | |
|---|---|
| Flowers' Lullaby, | 23 |
| Migration Song, | 24 |
| Nature's Good-Night, | 22 |
| The Fall Leaves, | 25 |
| The North Wind, | 21 |

**THANKSGIVING SONGS.**

| | |
|---|---|
| Blessings on Effort, | 26 |
| Thanksgiving Song, | 27 |

(xi)