GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
MELINDA E. LeMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

*Attorneys for Defendants
Warner/Chappell Music, Inc. and
Summy-Birchard, Inc.*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION**

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC., *et al.*, <br><br> Defendants. | Lead Case No. CV 13-04460-GHK (MRWx) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO EXCLUDE EVIDENCE** <br><br> Hearing <br> Date:          February 9, 2015 <br> Time:          9:30 a.m. <br> Judge:        Hon. George H. King, Chief Judge <br> Courtroom:  650 |

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ................................................................................................ 1

II. ARGUMENT ....................................................................................................... 2

    A. Exhibits 101 and 103 ................................................................................ 2

    B. Exhibits 102 and 104 ................................................................................ 7

    C. Exhibit 106 ............................................................................................... 8

        1. Authentication ................................................................................ 8

        2. Hearsay ......................................................................................... 11

    D. Exhibit 119 ............................................................................................. 12

        1. Authentication .............................................................................. 14

        2. Hearsay ......................................................................................... 15

III. CONCLUSION ................................................................................................. 16

## TABLE OF AUTHORITIES

Page(s)

**FEDERAL CASES**

*California Ass'n of Bioanalysts v. Rank*,
   577 F. Supp. 1342 (C.D. Cal. 1983) ........................................................... 9, 14

*Fenje v. Feld*,
   301 F. Supp. 2d 781 (N.D. Ill. 2003) .......................................................... 9, 14

*Greenwich Ins. Co. v. Media Breakaway, LLC*,
   No. CV08-937 CAS, 2009 WL 2231678 (C.D. Cal. July 22, 2009) .............. 9, 14

*Jim Marshall Photography, LLC v. John Varvatos of California*,
   No. C-11-06702 DMR, 2013 WL 3339048 (N.D. Cal. June 28, 2013) ............. 11

*Las Vegas Sands, LLC v. Nehme*,
   632 F.3d 526 (9th Cir. 2011) ............................................................................. 9

*Los Angeles News Serv. v. CBS Broad., Inc.*,
   305 F.3d 924 (9th Cir.), *amended by* 313 F.3d 1093 (9th Cir. 2002) ............... 9

*Milton H. Greene Archives, Inc. v. BPI Commc'ns, Inc.*,
   378 F. Supp. 2d 1189 (C.D. Cal. 2005), *aff'd*, 320 F. App'x 572 (9th Cir.
   2009) ........................................................................................................ 11, 15

*Source Search Techs., LLC v. LendingTree, LLC*,
   No. CIV. 04-4420 (DRD), 2008 WL 5638262 (D.N.J. July 8, 2008), *aff'd
   in part, vacated in part on other grounds*, 588 F.3d 1063 (Fed. Cir. 2009) ...... 12

*United States v. Blackwood*,
   878 F.2d 1200 (9th Cir. 1989) ........................................................................... 8

*United States v. Welton*,
   No. CR 09-00153 MMM, 2009 WL 2390848 (C.D. Cal. Aug. 1, 2009) ............ 8

**FEDERAL STATUTES**

17 U.S.C. § 210 (1909 Act) ..................................................................................... 6

**FEDERAL RULES**

Fed. R. Civ. P. 26(f) ............................................................................................... 13

# TABLE OF AUTHORITIES
## (continued)

**Page(s)**

Fed. R. Evid. 201(b) .................................................................................................. 11

Fed. R. Evid. 803 ................................................................................................passim

Fed. R. Evid. 901 ................................................................................................passim

## I. INTRODUCTION

Plaintiffs' motion to exclude certain exhibits from the summary judgment record and strike the arguments of Defendants (collectively, "Warner/Chappell") regarding the same is a distraction from the merits of this case, and should be denied in its entirety. It appears that the real purpose of Plaintiffs' motion is to focus on a handful of exhibits that Plaintiffs think will give them a springboard to repeat their summary judgment themes. But nothing in Plaintiffs' motion justifies the exclusion of the evidence they attack—or affects Warner/Chappell's entitlement to summary judgment.[1]

While Plaintiffs are correct that the Copyright Office deems summary judgment Exhibits 48 and 44 (and not Exhibits 101 and 103) to be the registration certificates for E51990 and E51988, respectively, this is irrelevant to the outcome of the legal issues before the Court. Although Exhibits 48 and 44 (unlike Exhibits 101 and 103) do not identify Mildred Hill as an author of *Happy Birthday to You*, the summary judgment record contains *undisputed* evidence—independent of the registration certificates—that establishes that either or both of Mildred Hill or her sister, Patty Hill (collectively, the "Hill Sisters"), wrote the "familiar lyrics" of the song. Exhibits 48 and 44 otherwise contain the same material information as Exhibits 101 and 103. Likewise, the fact that Exhibits 48 and 44 are deemed the registration certificates in no way affects the fact that the works registered as E51990 and E51988 contained "words" and "text"—and, critically, that

---

[1] Plaintiffs move to exclude summary judgment Exhibits 101-04, 106 and 119. These and the other summary judgment exhibits referenced in this opposition are contained in the amended joint evidentiary appendix filed on December 17, 2014 (Dkts. 127-30, "Appendix"). Copies also are attached either to the Declaration of Betsy C. Manifold in Support of Plaintiffs' Motion to Exclude Evidence (Dkt. 198, "Manifold Decl.") or to the Declaration of Kelly M. Klaus in Support of Defendants' Opposition to Plaintiffs' Motion to Exclude Evidence ("Klaus Decl."). Each of the summary judgment exhibits attached to these declarations is identified by the same number as in the Appendix.

Warner/Chappell's predecessor-in-interest claimed copyright on the *text* as well as the musical arrangements.

Plaintiffs also insist that summary judgment Exhibits 68 and 67 are the renewal certificates for the *Happy Birthday to You* copyrights. But the only difference between these exhibits and Exhibits 102 and 104, the documents that Plaintiffs moved to exclude, is that Plaintiffs' exhibits on their face state that the works registered as E51990 and E51988 and renewed in 1962 were "By Mildred J. Hill"—thus *supporting* Warner/Chappell's summary judgment motion.

Finally, Plaintiffs' authentication and hearsay arguments regarding summary judgment Exhibits 106 and 119 fail. These exhibits are authenticated by their contents (Fed. R. Evid. ("Rule") 901) and satisfy the "ancient documents" exception to the rule against hearsay (Rule 803(16)).

## II.  ARGUMENT

### A.  Exhibits 101 and 103

As explained below, Warner/Chappell has discovered since the filing of Plaintiffs' instant motion that the Copyright Office in fact deems Exhibits 48 and 44—and not Exhibits 101 and 103—to be the registration certificates for E51990 and E51988. Plaintiffs use this motion to argue that since Exhibits 48 and 44 are deemed the registration certificates, their summary judgment motion must be granted and Warner/Chappell's denied. Plaintiffs are flatly wrong.

Specifically, Plaintiffs argue that if Exhibits 48 and 44—which do not include Mildred Hill's name—are deemed the registration certificates for *Happy Birthday to You*, then this "leav[es] Defendants with **no proof** that Mildred Hill wrote the Song and thus eviscerat[es] Defendants' arguments' almost entirely." Mot. to Exclude at 2:15-18 (emphasis Plaintiffs'). Plaintiffs are simply ignoring the actual summary judgment record: Warner/Chappell adduced undisputed evidence of the Hill Sisters' authorship *independent* of any statutory presumption of validity accorded to the registration certificates. In particular, the following *undisputed* evidence establishes

-2-

that either or both of the Hill Sisters wrote the "familiar lyrics" to *Happy Birthday to You*, and set those lyrics to the underlying melody (*Good Morning to All*) that the Hill Sisters had written:

- The deposition testimony of Patty Hill, who along with Mildred, had co-authored *Good Morning to All*. Mot. for Summ. J. ("MSJ," Dkt. 182) at 4, 15; Manifold Decl. Ex. 87 at 96-97.[2]
- The Copyright Office's record of the work deposited in connection with registration E51990. MSJ at 39, 41; Klaus Decl. Ex. 105.
- The sheet music of *Happy Birthday to You* that Clayton F. Summy Co. ("Summy") published and copyrighted in 1935. MSJ at 41; Manifold Decl. Ex. 106; *see also* Klaus Decl. Ex. 43 (deposit copy submitted for E51988).[3]

Whether it was Mildred or Patty Hill or both who wrote the lyrics to *Happy Birthday to You* does not change Warner/Chappell's entitlement to summary judgment. The evidence is uncontroverted that Jessica Hill, another Hill sister, allowed Summy to publish and sell *Happy Birthday to You* in the early 1930s. MSJ at 4. The evidence also is uncontroverted that in 1944, Jessica and Patty Hill transferred to Summy their rights in the *Happy Birthday to You* copyrights and renewals. *Id*. at 17.

Likewise, the fact that Exhibits 48 and 44 are deemed the registration certificates does *nothing* to affect the conclusion that the registrations cover not just

---

[2] Plaintiffs admit in both their motion for summary judgment and their motion to exclude that Patty Hill testified at deposition that she had written the familiar lyrics to *Happy Birthday to You*. *E.g.*, MSJ at 8 n.5, 13:3-4; Mot. to Exclude at 13 n.5.

[3] Certified materials that the Copyright Office recently provided Warner/Chappell further corroborate the authorship of *Happy Birthday to You* by the Hill Sisters. *See* Klaus Decl. Exs. A-B (Copyright Office's Records Title Index Catalog Cards for E51990 and E51988); *id*. Exs. C-D (entries for E51990 and E51988 in the 1935 Catalog of Copyright Entries for Musical Compositions). Warner/Chappell explains below why the Court should consider these documents in ruling on summary judgment.

1 arrangements, as Plaintiffs urge, but "text," *i.e.*, the lyrics to *Happy Birthday to You*.
2 Exhibits 48/44 and 101/103 each contain the very same determinative information
3 regarding the scope of Warner/Chappell's copyrights. MSJ at 36 n.43.[4] Exhibit 48
4 describes the E51990 publication of *Happy Birthday to You* as "pf., *with words*"[5]
5 and states that "copyright is claimed" on "Arrangement as easy piano solo, *with*
6 *text*." Manifold Decl. Ex. 48 at 58 (emphasis added). Exhibit 44 states, with respect
7 to the E51988 publication of *Happy Birthday to You*, that "copyright is claimed" on
8 "Arrangement for Unison Chorus *and revised text*." *Id*. Ex. 44 at 55 (emphasis
9 added). The plain language of these exhibits demonstrates that the copyrights cover
10 the lyrics, and not simply the arrangements. MSJ at 35-37. Moreover, the "text"
11 claimed by Exhibit 48 can mean only the "familiar" lyrics to *Happy Birthday to*
12 *You*, for all the reasons set forth at pages 6-7 and 35-45 of Warner/Chappell's
13 summary judgment brief.
14 Because Warner/Chappell's entitlement to summary judgment is not affected
15 by the fact that Exhibits 48 and 44 are deemed the registration certificates, the Court
16 should deny Plaintiffs' motion to exclude Exhibits 101 and 103 as moot. That said,
17 Warner/Chappell concedes that it erred in identifying Exhibits 101 and 103 as the
18 official registration certificates. Although Warner/Chappell in good faith believed
19 these exhibits to be copies of the E51990 and E51988 registration certificates based
20 on its dealings with the Copyright Office, Warner/Chappell was incorrect. This
21 requires Warner/Chappell to amend its summary judgment brief so that in five
22

---

23 [4] Also, Exhibits 48/44 and 101/103 each identify Summy as the copyright owner or claimant, and each state that two deposit copies of the works were received and registered in the Copyright Office on December 9, 1935. Manifold Decl. Ex. 48 at 58; *id*. Ex. 44 at 55; *id*. Ex. 101 at 147; *id*. Ex. 103 at 154. Exhibits 48 and 44 list the application date as December 6, 1935, and the application receipt date as December 9, 1935. *Id*. Ex. 48 at 58; *id*. Ex. 44 at 55. Similarly, Exhibits 101 and 103 list the publication date as December 6, 1935. *Id*. Ex. 101 at 147; *id*. Ex. 103 at 154.

[5] At the time, the abbreviation "pf." was used for "pianoforte."

28

-4-

1  places, the brief no longer states or implies that the original official registration
2  certificates for E51990 and/or E51988 identify Mildred Hill as the (or an) author of
3  these works. *See* MSJ at 15:7-10, 38:4-6, 38:10-12, 45:18-19, 46:2-4.[6] However, as
4  discussed above, these amendments have no impact on Warner/Chappell's
5  entitlement to summary judgment.
6        Warner/Chappell believed Exhibits 101 and 103 to be copies of the E51990
7  and E51988 registration certificates because (a) Warner/Chappell had received these
8  documents from the Copyright Office in December 2013, in response to a request
9  for the registration certificates for these works; (b) the Copyright Office sent the
10 documents with cover sheets that stated, "Copy of Registration"; and (c) the
11 documents that Plaintiffs belatedly proffered as the registration certificates (Exhibits
12 48 and 44, respectively), state plainly on their face that they are "applications."[7]
13 Declaration of Jeremy Blietz ("Blietz Decl.") ¶¶ 2-3; Klaus Decl. Ex. 125
14 (December 2013 letter from the Copyright Office enclosing Exhibits 101 and 103);
15 Manifold Decl. Exs. 44, 48, 101, 103.
16       The week after the parties jointly filed their summary judgment papers,
17 Plaintiffs sent Warner/Chappell a meet-and-confer letter regarding the matters raised
18 in the instant motion to exclude evidence. Klaus Decl. ¶ 6. Following receipt of
19 Plaintiffs' letter, Warner/Chappell contacted the Copyright Office regarding the

---

[6] Three of Warner/Chappell's facts in the parties' Corrected Joint Statement of Uncontroverted Facts ("SOF," Dkt. 183) state that the registration certificates identify Mildred Hill as the (or an) author of *Happy Birthday to You*, and thus require amendment. SOF at 103 (D9), 111 (D19), 127-28 (D45). Plaintiffs exaggerate by claiming that Warner/Chappell "repeated dozens of times" in its summary judgment brief that the certificates state that "Mildred Hill wrote the Song." Mot. to Exclude at 2:11-15.

[7] It was not until October 2014—several months after the fact discovery cut-off, and shortly before the preparation of the joint summary judgment submission—that Plaintiffs first produced Exhibits 48 and 44. Klaus Decl. ¶ 2. Plaintiffs' correspondence with the Copyright Office reveals Plaintiffs were sent these documents several months earlier, in June 2014. Klaus Decl. Ex. 98; *see also* Manifold Decl. Ex. 48 at 57; *id*. Ex. 44 at 54. The documents were plainly responsive to Warner/Chappell's document requests, served in March 2014. Klaus Decl. ¶ 4.

certificates of registration for copyright registrations E51990 and E51988. *Id*. ¶ 7. In response, the Copyright Office stated that, under its current regulations applicable to registrations originally made in 1935, the Office deems a copy of the original application for copyright to be the registration certificate. *Id*. The Copyright Office further stated that the documents that it sent Warner/Chappell back in December 2013—*i.e.*, Exhibits 101 and 103—are documents from the Copyright Office's "Records Title Index Catalog Cards" for E51990 and E51988 (the "Catalog Cards"). *Id.* & Exs. A-B.

Exhibits A and B to the accompanying Klaus Declaration contain certified copies of the Catalog Cards that were already submitted as Exhibits 101 and 103. There is no prejudice to Plaintiffs from the admission of Klaus Declaration Exhibits A and B, and the admission of these certified copies further moots Plaintiffs' motion to exclude Exhibits 101 and 103. The Copyright Office records underlying Exhibits 101/103 and Klaus Exhibits A/B are the same, and the Klaus exhibits have been certified by the Copyright Office. As Plaintiffs themselves argue in their motion, certified copies of documents from the Copyright Office are both authentic and non-hearsay, and therefore are admissible. Mot. to Exclude at 7-8, 12. At the same time it sent Warner/Chappell certified copies of the Catalog Cards, the Copyright Office also sent Warner/Chappell certified copies of pages from the 1935 Catalog of Copyright Entries for Musical Compositions, which contain the entries for E51990 and E51988. Klaus Decl. Exs. C-D. These entries—which were made in 1935 and which at the time were deemed to constitute prima facie evidence of the matters stated[8]—*do* identify Mildred Hill as an author of the works. For the sake of completeness, and again because Plaintiffs have no claim of prejudice or evidentiary objection, the Court should admit Exhibits C and D to the Klaus Declaration.

---

[8] 17 U.S.C. § 210 (1909 Act); Klaus Decl. Ex. C at 17, 20; *id*. Ex. D at 24, 27.

In sum, the Court should deny Plaintiffs' motion to exclude Exhibits 101 and 103 as moot, because Warner/Chappell's entitlement to summary judgment is not affected by the fact that Exhibits 48 and 44 are deemed the registration certificates. The Court also should deny Plaintiffs' motion because the same records at Exhibits 101 and 103 have been certified by the Copyright Office, through Klaus Exhibits A and B.

### B.     Exhibits 102 and 104

Warner/Chappell recognizes that the Copyright Office deems summary judgment Exhibits 68 and 67 to be the renewal certificates for E51990 and E51988, respectively. But Exhibits 68 and 67 only bolster Warner/Chappell's entitlement to summary judgment.

Exhibits 68 and 67 are nearly identical to Exhibits 102 and 104.[9] The only substantive difference between these two sets of exhibits is that in the sections of Exhibits 68 and 67 labeled "For Copyright Office Use Only," the exhibits each state in handwriting: "By Mildred J. Hill" and "Arr. by _____." Manifold Decl. Ex. 68 at 66; *id*. Ex. 67 at 62. The corresponding sections in Exhibits 102 and 104 contain no handwritten statements. *Id*. Ex. 102 at 151; *id*. Ex. 104 at 158. In providing additional evidence that one of the Hill Sisters was an author of *Happy Birthday to You*, Exhibits 68 and 67 further support Warner/Chappell's entitlement to summary judgment.

Because Warner/Chappell is entitled to summary judgment *regardless* of whether Exhibits 102 and 104 are admitted, the Court should deny Plaintiffs' motion to exclude these exhibits.

---

[9] Exhibits 102 and 104 may be authenticated by their contents (Rule 901(b)(4)) and they are admissible as public records (Rule 803(8)) and as records that establish a property interest (Rule 803(14)).

### C. Exhibit 106

Exhibit 106 is a copy of sheet music for *Happy Birthday to You!* Contrary to Plaintiffs' mischaracterization (Mot. to Exclude at 12-13), Warner/Chappell does not contend that this sheet music is the exact duplicate copy of the sheet music that Summy deposited in the Copyright Office in December 1935. What Warner/Chappell actually has said about Exhibit 106 is that it shows that sheet music for *Happy Birthday to You!*, containing only the "familiar lyrics" of the song, was published with the following copyright notice: "Copyright 1935 by Clayton F. Summy Co. International Copyright." MSJ at 39-42; Manifold Ex. 106 at 161. Warner/Chappell also has said that the only other known version of *Happy Birthday to You* that contained lyrics (both the "familiar" lyrics and the "second verse"), and that Summy also published in 1935, is Exhibit 43, which was deposited in connection with E51988. MSJ at 40; Klaus Decl. Ex. 43. This evidence certainly corroborates the fact that the sheet music Summy indisputably deposited in the Copyright Office in December 1935 "with words" (also described as "with text") contained the familiar lyrics to *Happy Birthday to You.* MSJ at 38-42. Because there is no reason to believe that Exhibit 106 is anything other than what it appears to be from the face of the document (Rule 901(b)(4)), and because this exhibit is at least 20 years old (Rule 803(16)), Plaintiffs' challenges to the admissibility of Exhibit 106 are meritless.

#### 1. Authentication

"Rule 901 sets a low threshold for the authentication of evidence." *United States v. Welton*, No. CR 09-00153 MMM, 2009 WL 2390848, at *13 (C.D. Cal. Aug. 1, 2009). Rule 901(a) requires that a proponent "make only a prima facie showing of authenticity so that a reasonable juror could find in favor of authenticity or identification." *United States v. Blackwood*, 878 F.2d 1200, 1202 (9th Cir. 1989) (citations and internal quotation marks omitted). "[I]t is important to reiterate that the authentication requirement does not demand that the proponent of a piece of

1  evidence conclusively demonstrate the genuineness of his article, but only that he
2  make a showing 'sufficient to support a finding that the matter in question is what
3  its proponent claims.'" *Los Angeles News Serv. v. CBS Broad., Inc.*, 305 F.3d 924,
4  935 (9th Cir.) (quoting Fed. R. Evid. 901(a)), *amended by* 313 F.3d 1093 (9th Cir.
5  2002). A document may be authenticated, among other ways, by "[t]he appearance,
6  contents, substance, internal patterns, or other distinctive characteristics of the item,
7  taken together with all the circumstances." Rule 901(b)(4); *see also Las Vegas
8  Sands, LLC v. Nehme*, 632 F.3d 526, 533-534 & n.6 (9th Cir. 2011) (district court
9  abused its discretion by not deciding whether letter could have been authenticated
10 through Rule 901(b)(4) by reviewing its contents).

11      Exhibit 106 is properly authenticated under Rule 901(b)(4) because the
12 contents of this exhibit demonstrate that it is a copy of sheet music for *Happy
13 Birthday to You!* that contains the copyright notice "Copyright 1935 by Clayton F.
14 Summy Co. International Copyright." Plaintiffs offer no reason to believe that
15 Exhibit 106 is anything other than what it appears to be from the face of the
16 document. *See Greenwich Ins. Co. v. Media Breakaway, LLC*, No. CV08-937 CAS
17 (CTx), 2009 WL 2231678, at *3 n.4 (C.D. Cal. July 22, 2009) ("Because the policy
18 is signed and dated September 11, 2006, and appears on its face to be genuine, and
19 because defendants have raised only a procedural objection to this document, the
20 Court, in its discretion, concludes that it satisfies the requirements of Fed. R. Evid.
21 901(a)."), *aff'd*, 417 F. App'x 642 (9th Cir. 2011); *California Ass'n of Bioanalysts v.
22 Rank*, 577 F. Supp. 1342, 1355 n.23 (C.D. Cal. 1983) (admitting government report
23 where "Plaintiffs made no showing that [it] was not an official publication" or that it
24 was "not what defendants claimed them to be"); *see also Fenje v. Feld*, 301 F. Supp.
25 2d 781, 789 (N.D. Ill. 2003) ("Even if a party fails to authenticate a document
26 properly or to lay a proper foundation, the opposing party is not acting in good faith
27 in raising such an objection if the party nevertheless knows that the document is
28 authentic.").

Plaintiffs argue that Exhibit 106 is inadmissible because no witness has testified, based on personal knowledge, that this exhibit is a copy of the deposit copy submitted in connection with the application for E51990.  Mot. to Exclude at 12-13.  In doing so, Plaintiffs mischaracterize the testimony of Warner/Chappell's corporate designee.  More importantly, they conflate their substantive argument that there is insufficient evidence to show, by a preponderance of evidence, that the deposit copy for E51990 contained the "familiar" *Happy Birthday to You* lyrics—which fails for the reasons shown in Warner/Chappell's motion for summary judgment (MSJ at 38-42)—with the issue of whether Exhibit 106 has been properly authenticated.  Again, Exhibit 106 is authenticated by its contents under Rule 901(b)(4) and Plaintiffs have no evidence that Exhibit 106 is not what it appears to be.

While Warner/Chappell does not contend that Exhibit 106 is the exact duplicate copy of the sheet music that Summy deposited in the Copyright Office in connection with E51990, Exhibit 106 *is* consistent with the undisputed evidence of what Summy deposited with the Copyright Office in December 1935.  MSJ at 38-42:

- Exhibit 106 is sheet music for a composition entitled "*Happy Birthday to You!*" that is "by Mildred J. Hill"; it identifies the composition as a "Piano Solo with words"; it contains a 1935 copyright notice by Clayton F. Summy Co.; and it contains lyrics (*i.e.*, *words* or *text*). Manifold Decl. Ex. 106 at 160-61; MSJ at 40-41.

- The Copyright Office's record of the E51990 deposit states that on December 9, 1935, Summy deposited two copies of a work entitled "*Happy Birthday to You!*" "By Mildred J. Hill."  Klaus Decl. Ex. 105. The work is identified as a "Piano Solo with words" and the record states that copyright was claimed by "Clayton F. Summy Co." "on arr. as easy piano solo, *with text*."  *Id*. (emphasis added); MSJ at 40-41.

- Exhibit 106 has the same lyrics as those in the sheet music deposited

for E51988 on December 9, 1935—the same day the E51990 deposit copy was submitted—with the exception that the E51988 deposit contains an additional second verse, identified in the E51988 registration certificate as "revised text." Klaus Decl. Ex. 43 (E51988 deposit copy); Manifold Decl. Ex. 44 (E51988 registration certificate); *id*. Ex. 106; MSJ at 23-24, 41.

- Exhibit 106 and the sheet music deposited for E51988 are the only known lyrical versions of *Happy Birthday to You* that Summy published in 1935 and they contain consecutive "publication numbers." Manifold Decl. Ex. 106 at 161 (publication 3075); Klaus Decl. Ex. 43 at 41 (publication 3076); MSJ at 40. According to Plaintiffs' expert, this indicates that Summy published these versions consecutively. Klaus Decl. Ex. 110 at 79-80, 83; MSJ at 40.

Finally, even if Exhibit 106 were not properly authenticated—and it has been—the Court could take judicial notice of this exhibit under Rule 201(b) to further corroborate that the familiar lyrics to *Happy Birthday to You* were published by Clayton F. Summy Co. in 1935. *See Jim Marshall Photography, LLC v. John Varvatos of California*, No. C-11-06702 DMR, 2013 WL 3339048, at *3 n.5 (N.D. Cal. June 28, 2013) (taking judicial notice of publications, and the contents of their copyright notices, "as an indication of what was in the public realm at the time [of publication].").

### 2. Hearsay

Rule 803(16) excludes from hearsay "statement[s] in a document that is at least 20 years old and whose authenticity is established." Because the authenticity of Exhibit 106 has been established, as shown above, and Exhibit 106 is a publication of sheet music from 1935, the exhibit is admissible under the "ancient documents" exception of Rule 803(16). *See, e.g.*, *Milton H. Greene Archives, Inc. v. BPI Commc'ns, Inc.*, 378 F. Supp. 2d 1189, 1194 n.3 (C.D. Cal. 2005) (holding that

newspaper and magazine advertisements published in the 1950s fit within the "ancient documents" hearsay exception), *aff'd*, 320 F. App'x 572 (9th Cir. 2009). Plaintiffs offer no reason why Rule 803(16) does not apply.

To the extent Plaintiffs suggest that Exhibit 106 may not have been published in 1935, and thus may not be more than 20 years old, the argument fails. Plaintiffs offer "no reason to doubt the reliability of the copyright date as representative of the [date of publication]." *Source Search Techs., LLC v. LendingTree, LLC*, No. CIV. 04-4420 (DRD), 2008 WL 5638262, at *29 n.8 (D.N.J. July 8, 2008), *aff'd in part, vacated in part on other grounds*, 588 F.3d 1063 (Fed. Cir. 2009).[10] On the contrary, the evidence only supports that Exhibit 106 was published in 1935, as the copyright date indicates. First, as shown above, the contents of Exhibit 106 are consistent with the Copyright Office's records of what Summy deposited in December 1935, and the publication number of Exhibit 106 is one number before the publication number of the sheet music indisputably published in 1935 and deposited for E51988. Second, the copyright notice on Exhibit 106 identifies the copyright owner as "Clayton F. Summy Co.," a company that existed in 1935 but later changed its name. Manifold Decl. Ex. 106 at 161; Klaus Decl. Ex. 108 at 73-74. Third, the cover of Exhibit 106 identifies five other variations of *Happy Birthday to You* that Summy indisputably registered in 1934 or 1935. Manifold Decl. Ex. 106 at 160; Dkt. 95 at ¶¶ 75-76, 79-80, 83-84, 87-88, 91-92 (Plaintiffs' fourth amended complaint).

**D.   Exhibit 119**

Exhibit 119 is an excerpt from a confidential memorandum that Birch Tree Group Ltd. ("BTG"), one of Warner/Chappell's predecessors-in-interest, prepared in

---

[10] Plaintiffs' motion to exclude claims that "[t]he musical composer's name is usually placed in the upper right-hand corner of sheet music." Mot. to Exclude at 13 n.5. This argument is not only irrelevant, but also is unsupported by evidence.

1988 when BTG was looking to be sold.  Klaus Decl. Ex. E at 31-32.[11]  BTG provided this memorandum to potential buyers, such as Warner/Chappell, to convey information about BTG's assets, history, ownership, etc.  *Id*. at 31-38.  Warner/Chappell, which acquired BTG in December 1988, submitted Exhibit 119 to support its chain of title in the *Happy Birthday to You* copyright.  Exhibit 119 states, for example, that BTG was "100% owned by its chairman, David K. Sengstack" and that BTG, "through a series of predecessor companies, ha[d] been operated continuously by the Sengstack family since 1931."  Manifold Decl. Ex. 119 at 164.  Plaintiffs' challenges to the admissibility of Exhibit 119 fail because this exhibit is authenticated by its contents (Rule 901(b)(4))—which also establish the foundation for the exhibit—and because the exhibit is at least 20 years old (Rule 803(16)).

As Warner/Chappell noted in its summary judgment motion, Plaintiffs did not challenge Warner/Chappell's decades-long chain of title in any of their *five* complaints.  MSJ at 49 n.53; *see* Dkts. 1, 29, 59, 72, 95.  Nor did they assert such a challenge in their Fed. R. Civ. P. 26(f) statement, which purported to identify the legal and factual bases of Plaintiffs' copyright claim.  MSJ at 49 n.53; *see* Dkt. 89 at 3-8.  Plaintiffs first raised their far-reaching chain of title challenge during the meet-and-confer process for summary judgment.  MSJ at 49 n.53.  Warner/Chappell produced additional documents at that time—in response to Plaintiffs' newfound allegations of supposed gaps in Warner/Chappell's chain of title—and Plaintiffs continued to add to and reconfigure their chain of title theory throughout the exchange of drafts of the summary judgment papers.  Klaus Decl. ¶ 11.[12]

---

[11] Warner/Chappell respectfully requests that the Court exercise its discretion to accept Exhibit E to the Klaus Declaration in ruling on Plaintiffs' motion to exclude.  This exhibit consists of additional pages from the 1988 Confidential Information Memorandum that is excerpted in Exhibit 119.  The redactions that appear in Klaus Decl. Ex. E are privilege redactions, which Warner/Chappell made in producing this document to Plaintiffs in April 2014.  Klaus Decl. ¶ 14.

[12] Plaintiffs have suggested that they disclosed their chain of title argument earlier in this litigation.  MSJ at 49 n.52.  This is untrue.  Plaintiffs' initial set of document (footnote continued on following page)

### 1. Authentication

Exhibit 119 is properly authenticated under Rule 901(b)(4) because the contents of this exhibit—as supplemented by the pages included in Klaus Decl. Ex. E—demonstrate that it is a copy of a "Confidential Information Memorandum" that was prepared in October 1988 by and for BTG through Wertheim Schroder & Co. Incorporated. Klaus Decl. Ex. E at 31. Plaintiffs' authentication challenge fails because they offer no reason to believe that Exhibit 119 is anything other than what the contents of the document reveal it to be. *Greenwich Ins. Co.*, 2009 WL 2231678, at *3 n.4; *California Ass'n of Bioanalysts*, 577 F. Supp. at 1355 n.23; *see also Fenje*, 301 F. Supp. 2d at 789.

Plaintiffs argue that Exhibit 119 is not properly authenticated by the declaration of Adam I. Kaplan (Manifold Decl. Ex. 100) because Mr. Kaplan does not have personal knowledge of the preparation of the document back in 1988. Mot. to Exclude at 14-15. That is beside the point, because Exhibit 119 is authenticated by its contents. Rule 901(b)(4). Plaintiffs also claim that Exhibit 119 lacks foundation, because the document does not identify its author or indicate that its author had personal knowledge of BTG's ownership. Mot. to Exclude at 16. Plaintiffs cannot make this argument in good faith. *Fenje*, 301 F. Supp. 2d at 789 ("Even if a party fails to authenticate a document properly or to lay a proper foundation, the opposing party is not acting in good faith in raising such an objection if the party nevertheless knows that the document is authentic."). Other pages of the October 1988 information memorandum—which Warner/Chappell

---

requests asked for, and Warner/Chappell agreed to produce, documents relating to Warner/Chappell's acquisition of the *Happy Birthday to You* copyright. Klaus Decl. Ex. 94 at 49; *id.* Ex. 95 at 60. Plaintiffs did *not* request documents that related to the ways in which Warner/Chappell's *predecessors-in-interest* structured their stock purchase agreements dating back to the 1930s. *See* Klaus Decl. Ex. 94. Plaintiffs sought summary judgment based on their speculation about such matters (MSJ at 48-49), and they continue to press their convoluted theories—to no avail, as discussed below—in the instant motion to exclude (Mot. to Exclude at 16-17).

produced to Plaintiffs in discovery but which Warner/Chappell did not include in the portions filed with Exhibit 119—clearly identify the author of the document. The second page of the memorandum states: "This memorandum has been prepared by and for Birch Tree Group Ltd. (the 'Company') in connection with the proposed transaction through Wertheim Schroder & Co. Incorporated (the 'Authorized Representative')" and that "the Company believes all statements contained [in the memorandum] to be accurate." Klaus Decl. Ex. E at 32. Plaintiffs cannot show that BTG lacked personal knowledge of its *own* ownership, or lacked personal knowledge that *BTG*, "through a series of predecessor companies, has been operated continuously by the Sengstack family since 1931." *Id*. at 35. As a result, Plaintiffs cannot rely on purported inaccuracies in BTG's information memorandum to challenge the foundation for this document.

### 2. Hearsay

Because the authenticity of Exhibit 119 has been established, as shown above, and Exhibit 119 was created in October 1988, the exhibit is admissible under the "ancient documents" exception of Rule 803(16). Rule 803(16) (excluding from hearsay "statement[s] in a document that is at least 20 years old and whose authenticity is established"); *see, e.g.*, *Milton H. Greene Archives, Inc.*, 378 F. Supp. 2d at 1194 n.3. Plaintiffs' hearsay argument fails.

## III. CONCLUSION

Warner/Chappell respectfully requests that the Court (1) deny Plaintiffs' motion to exclude exhibits and strike arguments and (2) consider Klaus Declaration Exhibits A-E in ruling on the parties' pending summary judgment motions.

**RESPECTFULLY SUBMITTED,**

Dated:  January 16, 2015

**MUNGER TOLLES & OLSON**

By:  */s/ Kelly M. Klaus*
KELLY M.KLAUS

KELLY M. KLAUS (161091)
kelly.klaus@mto.com
ADAM I. KAPLAN (268182)
adam.kaplan@mto.com
560 Mission St., 27th Floor
San Francisco, CA  94105
Telephone:  415/512-4000

**MUNGER TOLLES & OLSON LLP**
GLENN D. POMERANTZ (112503)
glenn.pomerantz@mto.com
MELINDA E. LEMOINE
melinda.lemoine@mto.com
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone:  213/683-9100
*Attorneys for Defendants*