FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**WESTERN DIVISION**

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., *et al.*,<br><br>Defendants. | Case No. CV 13-04460-GHK (MRWx)<br><br>**PLAINTIFFS'** *EX PARTE* **APPLICATION TO HAVE THE COURT CONSIDER NEWLY DISCOVERY EVIDENCE "MISTAKENLY" WITHHELD BY DEFENDANTS DURING DISCOVERY AND ENTER SUMMARY JUDGMENT IN PLAINTIFFS' FAVOR**<br><br>Judge:  Hon. George H. King, Chief Judge<br>Courtroom: 650<br><br>Fact Discovery Cutoff: July 11, 2014<br>MSJ Hearings: March 23, 2015 and July 29, 2015<br>Pretrial Conference: N/A<br>Trial: N/A |

## I. INTRODUCTION

Plaintiffs make this *ex parte* application to have the Court (i) enter an Order permitting Plaintiffs to supplement the record with the newly-discovered evidence that Defendants "mistakenly" withheld during discovery; (ii) consider the newly-discovered evidence in ruling on the pending Joint Cross-Motions for Summary Judgment ("Summary Judgment Motions") (Dkt. 179, 181, 182); and (iii) enter summary judgment in Plaintiffs' favor on the basis of the newly-discovered evidence that proves conclusively that *Happy Birthday* has been in the public domain since no later than 1922.

On July 13, 2015, Defendants gave Plaintiffs access to a database of approximately 500 pages of documents, including approximately 200 pages of documents they claim were "mistakenly" not produced during discovery, which ended on July 11, 2014, more than one year earlier.[1] *See* Declaration of Betsy C. Manifold in Support of *Ex Parte* Application ("Manifold Decl."), ¶¶ 5,8, 9. One of those documents – a 1927 publication of the *Happy Birthday* song that was expressly authorized by defendants' predecessor the Clayton F. Summy Co. – is a proverbial smoking-gun. *Id.*, Exhibits ("Ex.") A and B. It and earlier versions of the song that Plaintiffs subsequently located through their own investigative efforts conclusively prove that **any** copyright that may have existed for the song itself (*i.e.*, the setting of the *Happy Birthday* lyrics to the melody of *Good Morning*) **expired decades ago.**

This newly-discovered evidence is fully consistent with Plaintiffs' arguments that (i) Patty Hill gave the lyrics to the public when she wrote them as a version of the song she wrote with her sister Mildred Hill and (ii) that the 1935 copyrights

---

[1] The initially set fact discovery deadline of June 27, 2014 (Dkt. 92) was extended by Magistrate Judge Wilner, in consultation with this Court, and at the request of both parties, to July 11, 2014. (Dkt. 119).

1 covered only specific piano arrangements of the song. More importantly, it trumps
2 all of Defendants' arguments.

3 Plaintiffs are mindful of the Court's order directing the parties not to
4 supplement the summary judgment record when they submitted their supplemental
5 joint brief on whether Patty Hill abandoned any copyright to the *Happy Birthday*
6 lyrics. Dkt. 215 at 1. However, because the documents prove conclusively that the
7 song is in the public domain, thus making it unnecessary for the Court to decide the
8 scope or validity of the disputed copyrights, much less whether Patty Hill abandoned
9 any copyright she may have had to the lyrics – indeed, all those issues become moot
10 – Plaintiffs are compelled to bring them to the Court's attention now, before more
11 time is needlessly spent on the pending Summary Judgment Motions and before the
12 oral argument scheduled for July 29, 2015 (Dkt.222).[2]

13 Pursuant to L.R. 7-19.1, Plaintiffs orally notified Defendants' counsel on July
14 24, 2015 at 1:20 p.m. about this *ex parte* application. Details are provided both
15 below and in the Manifold Declaration.

16 Absent this relief, the Court will waste judicial resources in determining and
17 hearing further argument on the extensive Joint Cross Motions for Summary
18 Judgment filed by the parties in November 2014 because the evidence withheld by
19 Defendants during discovery and Plaintiffs' investigation prompted by the withheld
20 evidence readily resolves the key issues in Plaintiffs' favor. Plaintiffs are not at fault
21 in the need for this *ex parte* relief, any prejudice to Defendants was created by their
22 own conduct in "mistakenly" withholding evidence and good cause exists for the
23 review of this newly discovered evidence by the Court and the grant of Summary

---

[2] Because the publication is definitive proof that there is no longer **any** copyright for *Happy Birthday*, we are not asking the Court to permit us to submit any of these additional documents described in the Manifold Declaration (¶ 10) at this time. However, Plaintiffs expressly reserve their right to do so at a later time as may be necessary or appropriate.

Judgment in Plaintiffs' favor.

## II. CONTACT INFORMATION FOR OPPOSING COUNSEL

Pursuant to Local Rule 7-19, Plaintiffs provide the following contact information for opposing counsel:

| Kelly M. Klaus | Glen Pomerantz |
|---|---|
| Adam I. Kaplan | Melinda E. LeMoine |
| MUNGER TOLLES & OLSON LLP | MUNGER TOLLES & OLSON LLP |
| 560 Mission St., 27th Floor | 355 South Grand Ave., 35th Floor |
| San Francisco, CA 94105 | Los Angeles, CA 90071 |
| Telephone: 415/512-4000 | Telephone: 213/683-9100 |
| kelly.klaus@mto.com | glenn.pomerantz@mto.com |
| adam.kaplan@mto.com | melinda.lemoine@mto.com |

Pursuant to Local Rule 7-19.1, on July 24, 2015, at 1:20 p.m., Plaintiffs informed counsel for Defendants (Adam Kaplan and Kelly Klaus) that they intended to file this application on July 27, 2015. Defendants advised Plaintiffs that they did not oppose the submission of this newly discovered evidence to the Court but will provide a written response opposing the grant of summary judgment in Plaintiffs' favor. Manifold Decl., ¶ 3. On July 27, 2015, Plaintiffs electronically served a copy of this ex parte application and supporting papers on Defendants' counsel ***prior*** to filing. *Id.*, ¶ 4. No hearing date is requested, but, if the Court determines that a hearing would be helpful, Plaintiffs could appear at any time convenient for the Court and will be prepared to address this application at July 29, 2015 oral argument.

## III. FACTUAL BACKGROUND

In 1927, The Cable Co. ("Cable"), a Chicago music publisher, published the 15th edition of a compilation of children's songs called *The Everyday Song Book (Graded)*. On July 13, 2015, Defendants provided Plaintiffs with access to an FTP site that included (among several other documents) a PDF copy of the 15th edition of

*The Everyday Song Book*. *See* Manifold Decl., ¶ 9. The 16th song in that edition of *The Everyday Song Book*, appearing on the page marked WC0002424 by Defendants, was entitled "Good Morning and Birthday Song." Manifold Decl., Ex. A. The *Good Morning and Birthday Song* consists of Mildred Hill's melody for *Good Morning* together with Patty Hill's lyrics for both *Good Morning* and *Happy Birthday* (if the Court finds that she wrote the *Happy Birthday* lyrics).

A line of text is printed directly below the song's title in the song book. *See* Manifold Decl., Ex. A. The line of text in the PDF copy provided by the Defendants is blurred almost beyond legibility – curiously, it is the only line of the entire PDF that is blurred in that manner. After Plaintiffs learned of the existence of *The Everyday Song Book*, they promptly obtained original samples of the first, fourth, and 15th editions of the book. *See* Manifold Decl., ¶¶ 11,12, Ex. B. The line of text (illegibly blurred in the PDF copy provided by Defendants, but clearly printed in Exhibit B) reads as follows: "Special permission through courtesy of The Clayton F. Summy Co." Unlike other individual works in the book, for which a copyright was identified, **no copyright was claimed or identified** for the *Good Morning and Birthday Song*.

The first edition of *The Everyday Song Book*, published in 1916, did not include the *Good Morning* and *Happy Birthday* song. However, Plaintiffs obtained samples of earlier editions of *The Everyday Song Book*. A revised fourth edition, published in 1922, included the *Good Morning and Birthday Song*. *See* Manifold Decl., Ex. C. The *Good Morning and Birthday Song* also appeared, with the same legend but without a copyright notice, in the 15th editions of *The Everyday Song Book*.

Publication of the *Good Morning and Birthday Song* in *The Everyday Song Book* in 1922 and thereafter, with Summy's authorization but without a copyright notice, is fully consistent with Plaintiffs' position that the *Happy Birthday* lyrics had been dedicated to the public many years before then. Because the lyrics were in the

1 public domain, there was no reason for a copyright notice to be set forth in the song
2 book. Moreover, the authorized publication of the *Good Morning and Birthday Song*
3 in 1922 without a copyright notice also is fully consistent with Plaintiffs' position
4 that the 1935 copyrights (E51988 and E51990) covered only the specific piano
5 arrangements written by Summy's employees Orem and Forman (as well as the
6 second verse written by Forman). Since the lyrics were already in the public domain
7 long before 1935, there was nothing else to be copyrighted other than the new work
8 that Summy's employees contributed when those copyrights were registered.[3]

## IV. LEGAL STANDARD

An application for *ex parte* relief is granted when (1) the moving party would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) the moving party is without fault in creating the situation requiring *ex parte* relief. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

A pre-trial scheduling order may be modified "upon a showing of good cause." Fed. R. Civ. P. 16(b)(4); *Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1087 (9th Cir. 2002). Good cause is shown if the schedule "cannot reasonably be met

---

[3] The *Everyday Song Book* also flatly contradicts two of defendants' so-called "undisputed" facts in the Corrected Joint Statement of Uncontroverted Facts [Dkt. 183] filed on Dec. 1, 2014:

- There is no evidence that Clayton F. Summy Co. ever authorized, prior to 1936, any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You* by a different person or entity. D57.
- There is no evidence that Clayton F. Summy Co. was ever aware, prior to 1936, of any "publication" (for purposes of the Copyright Act of 1909) of the lyrics of *Happy Birthday to You* by a different person or entity. D56.

Summy expressly authorized the *Happy Birthday* lyrics to be published in the *Good Morning and Birthday Song* in the second edition of the *Everyday Song Book*. Since Summy expressly authorized publication of the *Good Morning and Birthday Song* in 1922, it was certainly aware of the publication prior to 1936.

- 5 -

despite the diligence of the party seeking the extension." *Photomedex, Inc. v. Irwin*, No. 04-CV-0024, 2007 U.S. Dist. LEXIS 56774, at *4.

Plaintiffs meet the requirements for *ex parte* relief and for the underlying request to have the Court consider newly discovered evidence "mistakenly" withheld by Defendants during discovery and during the extensive briefing of cross-motions for Summary Judgment and, therefore, respectfully request that the Court grant this application and enter Summary Judgment in favor of Plaintiffs.

### A. The Court Should Exercise Its Discretion to Consider This Newly Discovered Evidence

This Court has broad discretion to permit a litigant to supplement the factual record on the cross-motions for summary judgment. *Bell v. City of Los Angeles*, 835 F. Supp. 2d 836, 848 (C.D. Cal. 2011) (Matz, J.) (citing *Betz v. Trainer Wortham & Co.*, 610 F.3d 1169, 1171 (9th Cir. 2010)); Fed. R. Civ. P. ("Rule") 56(e). District courts in the Ninth Circuit routinely allow parties to supplement the summary judgment record with newly-discovered evidence. *See*, *e.g.*, *George v. Northwestern Mut. Life Ins. Co.*, 2011 U.S. Dist. LEXIS 99454, *9-10 (W.D. Wash. Sept. 1, 2011); *LimoStars, Inc. v. N.J. Car & Limo, Inc.*, 2011 U.S. Dist. LEXIS 87771, *11 (D. Ariz. Aug. 8, 2011) (citing *United States v. Maris*, 2011 U.S. Dist. LEXIS 15088, * 5 n. 5 (D.Nev. Feb. 4, 2011); *Mitchel v. Holder*, 2010 U.S. Dist. LEXIS 21088, * 1 n.1 (N.D. Cal., Mar. 9, 2010). As the Supreme Court explained in *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1), permitting an amendment to consider newly-discovered evidence is "an integral part of the Federal Rules as a whole, which are designed 'to secure the just, speedy and inexpensive determination of every action.'"

The Court previously directed the parties not to supplement the summary judgment record when they submitted the supplemental joint brief on whether Patty Hill abandoned any copyright to the *Happy Birthday* lyrics. Dkt. 215 at 1. However, Plaintiffs prepared their motion for summary judgment, their portion of the Corrected Joint Statement of Uncontroverted Facts, and their portion of the Joint Appendix

before they learned of the publication of *The Everyday Song Book*, which Defendants "mistakenly" withheld from production during discovery.[4] This was through absolutely no fault of Plaintiffs, who acted diligently immediately after obtaining access to the 1927 edition of that compilation.

Now that this evidence has been uncovered, fairness, economy, and due process compel the Court to exercise its discretion to allow Plaintiffs to supplement the record, to consider the newly-discovered evidence – which proves conclusively that there is no copyright to the *Happy Birthday* lyrics – and to decide the cross-motions for summary judgment in Plaintiffs' favor based upon this newly-discovered evidence.

### B. The Newly-Discovered Evidence Proves Conclusively That the *Happy Birthday* Lyrics Entered the Public Domain No Later Than 1922

Under Section 9 of the 1909 Copyright Act, "any person entitled thereto by this Act may secure copyright for his work by publication thereof with the notice of copyright required by this Act" affixed to all copies of the work. 17 U.S.C. § 9.[5] At a minimum, Section 18 of the 1909 Copyright Act required the notice to include the

---

[4] Defendants have provided no details of the nature of their so-called "mistake" in not producing any of these documents before discovery ended on July 11, 2014, such as when they were first discovered, where they were stored, how they were located, who located them, and the nature of defendants' "mistake" in not timely producing the documents. Timely production of documents, and in particular the 1927 publication of the *Good Morning and Birthday Song*, would have affected Plaintiffs' conduct of discovery, their briefing on the cross-motions for summary judgment, and (no doubt) the Court's consideration of the summary judgment cross-motions. Plaintiffs reserve all of their rights regarding Defendants' untimely production of the documents.

[5] At the initial hearing on the cross-motions for summary judgment, defendants' counsel admitted that a copyright was not obtained unless the work was published with the requisite notice: "What was necessary was publication with notice." Dkt. 208 at 7:24.

1 word "Copyright," the abbreviation "Copr., " or the "©" symbol as well as the year
2 of first publication and the name of the author of the copyrighted work. 17 U.S.C. §
3 18. If the strict notice requirements of the 1909 Copyright Act were not met, the
4 "published work was ***interjected irrevocably into the public domain***." *Twin Books*
5 *Corp. v. Walt Disney Co.*, 83 F.3d 1162, 1165 (9th Cir. 1996) (emphasis added).
6 None of these notice requirements was met for the *Good Morning and Birthday Song*
7 included in the fourth edition of *The Everyday Song Book* published in 1922.[6]

8       Forfeiture occurs for individual works included with the author's permission in
9 a compilation published by another person. With few exceptions, none of which
10 apply here, when an individual work is included in a compilation and the copyright
11 notice includes only the compilation publisher's name, the author of the individual
12 work loses his copyright and the author's work falls into the public domain. *See New*
13 *York Times Co. v. Tasini*, 533 U.S. 483, 494-95 (2001). Copyright in the individual
14 work is forfeited and the work falls into the public domain when, as here, it is
15 published as part of a collective work with permission of the author but without a
16 copyright notice in the name of its author. *Milton H. Green Archives, Inc., v. BPI*
17 *Communs., Inc.,* 378 F. Supp. 2d 1189, 1195-97 (C.D. Cal. 2005) (copyright notice
18 must be issued "in the name of the copyright holder, not merely in the name of the
19 publishing newspaper, magazine or campaign book) (*citing Tasini*, 533 U.S. at 494
20 (2001).

---

[6]     Because Cable attributed *Good Morning and Birthday Song* to Summy Co., Cable's copyright in the compilation did ***not*** cover that individual work. Under Section 24 of the 1909 Copyright Act, the proprietor of a compilation owns copyrights "in the collective itself (*i.e.*, the collection, arrangement, and display of the constituent parts) and any individual contributions that it initially held copyright ownership in," but not in the work of others included with their permission. *Faulkner v. Nat'l Geographic Soc'y*, 220 F. Supp. 237, 239 (S.D.N.Y. 2002) (citing *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*, 206 F.3d 1322, 1329-30 (9th Cir. 2000), *cert. denied*, 531 U.S. 1126 (2001) (compilation copyright does not include copyright in work of others included in compilation)).

1    Thus, Cable's failure to include a mandatory copyright notice, as required by
2 the 1909 Copyright Act, meant that the *Happy Birthday* lyrics would have been
3 "interjected irrevocably into the public domain" upon the publication in 1922, had
4 they not already been given to the public by Patty Hill many years before.

5    After learning of the *Everyday Song Book*, Plaintiffs also promptly
6 investigated the copyrights for the various editions of the work. We have discovered
7 the following copyrights, and no others, for *The Everyday Song Book*:

8    - Reg. No. A453345, for the first edition, filed on Aug. 5, 1916 (which
9      did not include the *Good Morning and Birthday Song*); and
10   - Reg. No. A624750 for a revised edition, filed on Oct. 6, 1921 (which
11     included the *Good Morning and Birthday Song*).[7]

12   Neither of those two copyrights was ever renewed – not by Cable or by
13 Summy. Thus, for A453345, the copyright expired 28 years later on Aug. 5, 1944,
14 and for A624750, the copyright expired on Oct. 6, 1949. Whatever work those two
15 copyrights may have protected, it is now unquestionably in the public domain.
16 Therefore, even if the Court overlooks the absence of a copyright notice in the 1922
17 publication of the fourth edition of *The Everyday Song Book* and does not determine
18 that the *Happy Birthday* lyrics passed into the public domain when published in 1922
19 (if Patty Hill had not already given them to the public), then the copyright expired no
20 later than 1950 when it was not renewed.  Of course, even if federal copyright for the
21 *Happy Birthday* melody and lyrics were properly gained by publication with notice
22 in 1922 (which it was not), and that copyright had been properly renewed in 1949
23 (which it was not), the song would have fallen into the public domain at midnight on
24 December 31, 1997. *See* 17 U.S.C. § 304, n.7 (explaining that, before the enactment

---

[7]    *See* Manifold Decl., Exs. D and E. Plaintiffs believe the revised edition for which this copyright was obtained was not published until 1922 (*i.e.*, as the fourth edition of *The Everyday Song Book*), which therefore bears the copyright date of 1922.

1 of the Sonny Bono Copyright Term Extension Act on October 27, 1998, § 304(b) of
2 the Copyright Act granted a term of copyright of 75 years – which § 305 extended to
3 the end of the calendar year – for all works still in their renewal period as of
4 December 31, 1976). Thus, given the authorized publication of *Happy Birthday* in
5 1922 without a copyright notice, there is no conceivable set of facts under which the
6 song would be under copyright after December 31, 1997.

7 Because the untimely, thirteenth-hour discovery from defendants conclusively
8 resolves this part of the copyright dispute and renders consideration of all other
9 issues presently before the Court moot, we respectfully request that the Court
10 consider *The Everyday Song Book* as definitive proof that the copyright for *Happy*
11 *Birthday* was forfeited in 1922 or, in the alternative, that any copyright for *Happy*
12 *Birthday* expired in 1949.

## V.    CONCLUSION

14 For the reasons stated above, Plaintiffs respectfully submit that this *Ex Parte*
15 Application should be granted. The Court should (i) enter an Order permitting
16 Plaintiffs to supplement the record with the newly-discovered evidence that
17 Defendants "mistakenly" withheld during discovery; (ii) consider the newly-
18 discovered evidence in ruling on the pending cross-motions for summary judgment;
19 and (iii) enter summary judgment in Plaintiffs' favor on the basis of the newly-
20 discovered evidence that proves conclusively that *Happy Birthday* has been in the
21 public domain since no later than 1922.

Dated: July 27, 2015     **WOLF HALDENSTEIN ADLER**
    **FREEMAN & HERZ LLP**

By:    */s/ Betsy C. Manifold*
    BETSY C. MANIFOLD

FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com

RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile:  619/234-4599

**WOLF HALDENSTEIN ADLER
 FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
270 Madison Avenue
New York, NY 10016
Telephone:  212/545-4600
Facsimile:  212-545-4753

*Interim Lead Counsel for Plaintiffs*

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone: 212/797-3737

**HUNT ORTMANN PALFFY NIEVES
 DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@huntortmann.com
KATHLYNN E. SMITH (234541)
smith@ huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107

**DONAHUE FITZGERALD LLP**
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone: 510/451-0544
Facsimile: 510/832-1486

**GLANCY BINKOW & GOLDBERG LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (188669)
mgodino@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:   310/201-9150
Facsimile:    310/201-9160

*Attorneys for Plaintiffs*

WARNER/CHAPPELL:21970.exparte