FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Interim Lead Class Counsel for Plaintiffs and Proposed Class*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., *et al.*,<br><br>Defendants. | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**DECLARATION OF BETSY C. MANIFOLD IN SUPPORT OF PLAINTIFFS' *EX PARTE* APPLICATION TO HAVE THE COURT CONSIDER NEWLY DISCOVERY EVIDENCE "MISTAKENLY" WITHHELD BY DEFENDANTS DURING DISCOVERY AND ENTER SUMMARY JUDGMENT IN PLAINTIFFS' FAVOR**<br><br>Judge: Hon. George H. King, Chief Judge<br>Courtroom: 650<br><br>Fact Discovery Cutoff: July 11, 2014<br>MSJ Hearings: March 23, 2015 and July 29, 2015<br>Pretrial Conference: N/A<br>Trial: N/A |

I, Betsy C. Manifold, hereby declare as follows:

1. I am an attorney duly licensed to practice law in the States of California, New York, and Wisconsin, and before this Court. I am a partner with the law firm Wolf Haldenstein Adler Freeman & Herz LLP, interim lead class counsel for plaintiffs and the class. I have personal knowledge of the following facts, and if called upon to do so, I could and would competently testify as to them.

2. I submit this declaration in support of Plaintiffs' *Ex Parte* Application to have the Court Consider Newly Discovery Evidence "Mistakenly" Withheld by Defendants during Discovery and Enter Summary Judgment in Plaintiffs' Favor.

**NOTICE OF *EX PARTE* APPLICATION PURSUANT TO L.R. 7-19.1**

3. On July 24, 2015, at approximately 1:20 pm, I notified Defendants' counsel, Kelly Klaus and Adam Kaplan, that Plaintiffs intended to file an *ex parte* application asking the Court to consider newly discovered evidence mistakenly withheld by Defendants during discovery as well as evidence discovered by Plaintiffs directly related to Defendants' newly discovered evidence and to enter summary judgment in Plaintiffs' favor based on the applicable law. After scanned versions of the relevant pages to be submitted were sent by me to Defendants' counsel at approximately at 2:00 p.m. on same day, Defendants' counsel advised me in writing that Defendants do not oppose the submission of this evidence (Exhibits A-C) by Plaintiffs. Defendants will oppose in writing the entry of summary judgment in Plaintiffs' favor. Mr. Klaus requested that I attach a copy of his July 24, 2015 e-mail to my declaration, a copy of which is attached hereto as Exhibit F.

4. On July 27, 2015, Plaintiffs electronically served a copy of this ex parte application and supporting papers on Defendants' counsel ***prior*** to filing.

///
///
///
///

- 1 -

**PROCEDURAL BACKGROUND: DISCOVERY CUT-OFF AND JOINT SUMMARY JUDGMENT MOTIONS**

5. The Court initially set the fact discovery deadline for June 27, 2014. (Dkt. 92), which was extended by Magistrate Judge Wilner, in connection with this Court, and at the request of both parties, to July 11, 2014. (Dkt. 119).

6. On November 25, 2014, the parties filed Joint Cross-Motions for Summary Judgment (Dkt. 179, 181, 182), a Joint Statement of Uncontroverted Facts (Dkt. 180, 183), and an extensive Joint Evidentiary Appendix (Dkt. 167-178) (which was amended by Court Order and re-filed). (Dkt. 185, 187-195). Oral argument was held on March 23, 2015. (Dkt. 207).

7. On May 18, 2015, the Court ordered further briefing on the issue of abandonment (Dkt. 215) which was submitted pursuant to Stipulation and Court Order by the parties on June 15, 2015 (Dkt. 217, 219). In the May 18, 1925 Order, the Court stated that "The Parties shall *not* submit any new evidence." Dkt. At 215 at 1. Oral argument on the Supplemental Briefing is now set for July 29, 2015. (Dkt. 222).

**SUPPLEMENTAL PRODUCTION OF DOCUMENTS BY DEFENDANTS AFTER JULY 2014 DISCOVERY CUT-OFF**

8. Nearly one year after the close of fact discovery, on July 9, 2015, Defendants advised Plaintiffs that they were providing a supplemental production of documents. Due to technical issues, Plaintiffs were unable to access the secure production link until July 13, 2015.

9. On July 13, 2015, Plaintiffs were finally able to access the secure database link of approximately 500 pages of documents, including approximately 200 pages of documents they claim were "mistakenly" not produced during discovery. After a quick initial review of the documents, on the same day, Plaintiffs advised Defendants that they did not consent to Defendants' submission of any new evidence to the Court in further support of their motion for summary judgment.

10. The supplemental production by Defendants included blurred pages

from *The EVERYDAY Song Book* (1927 edition) which included the *Good Morning and Birthday Song*. *See* Exhibit A below. Other documents "mistakenly" produced by Defendants also support Plaintiffs' argument that the two copyrights in question, E51988 and E51990, are limited to the ***arrangements*** written by Summy's employees as works-for-hire and the obscure second verse written by one of those employees. One of the documents is a call sheet for E51990, an internal document that identifies the copyrighted work as a piano arrangement of the earlier work *Good Morning to All*. Since the only common element between *Good Morning* and *Happy Birthday* is the shared melody, this document is an admission that E51990 covered only that particular piano arrangement of the shared melody, which has been Plaintiffs' position since the beginning of this case.

11.   Thereafter, Plaintiffs sought to obtain a clear version of the page from *The EVERYDAY Song Book* (1927 edition) containing the *Good Morning and Birthday Song*. On July 21, 2015, Plaintiffs contacted the Center for American Music at the University of Pittsburgh to see if an original copy of the *Song Book* was available. *See* Exhibit B below.

12.   On July 23, 2015, the University of Pittsburgh found a copy in their archives and provided clear scanned copies of the relevant pages from *The EVERYDAY Song Book* (1927 edition) containing the *Good Morning and Birthday Song. Id*. The *Good Morning and Birthday Song* had the following language: "Special permission through courtesy of The Clayton F. Summy Co." *Id*. Unlike other individual works in the book, for which a copyright was identified, *no copyright was claimed or identified* for the *Good Morning and Birthday Song*.

13.   After seeing this language, Plaintiffs then searched and located a 1922 edition of *The EVERYDAY Song Book* with the same publication of *Good Morning and Birthday Song* and same language. On July 24, 2015, Plaintiffs received a copy of *The EVERYDAY Song Book* and copies of the relevant pages are attached to this declaration. *See* Exhibit C below.

12. On July 21, 2015, Plaintiffs also e-mailed Defendants and requested an opportunity to review the originals of Defendants' late supplemental production. On July 22, 2015, Defendants offered to allow Plaintiffs to inspect the microfiche from which the copies were produced and again produced a blurred copy of the relevant pages from *The EVERYDAY Song Book* (1927 edition) which included the *Good Morning and Birthday Song*.

**NEED FOR EXTRORDINARY RELIEF**

13. Plaintiffs are mindful of the Court's order directing the parties not to supplement the summary judgment record when they submitted their supplemental joint brief on whether Patty Hill abandoned any copyright to the *Happy Birthday* lyrics. However, because the documents prove conclusively that the song is in the public domain, thus making it unnecessary for the Court to decide the scope or validity of the disputed copyrights, much less whether Patty Hill abandoned any copyright she may have had to the lyrics – indeed, all those issues become moot – Plaintiffs are compelled to bring them to the Court's attention now, before more time is needlessly spent on the pending cross-motions for summary judgment.

14. Absent this relief, the Court will waste judicial resources in determining and hearing further argument on the extensive cross-motions for summary judgment filed by the parties in November 2014. Here, evidence withheld by Defendants during discovery and during the extensive briefing of the cross-motions and newly discovered evidence by Plaintiffs directly related to Defendants' supplemental production readily resolves the key issues in Plaintiffs' favor and should be considered in the interest of justice.

15. Plaintiffs are not at fault in the need for this *ex parte* relief, any prejudice to Defendants was created by their own conduct in "mistakenly" withholding evidence and good cause exists for the review of this newly discovered evidence by the Court and the grant of Summary Judgment in Plaintiffs' favor.

///

**EXHIBITS**

16. Attached hereto are true and correct copies of the following documents:

**Exhibit A**: Relevant pages from Defendants' Supplemental Production, first accessed by Plaintiffs on July 13, 2015, including pages from 1927 version of "*The EVERDAY Song Book*" showing the *Good Morning and Birthday Song* (WC2397-2400);

**Exhibit B**: July 23, 2015 e-mail from Linda Tashbook (University of Pittsburgh) to Mark Rifkin attaching scanned pages from the 1927 version of "*The EVERYDAY Song Book*" showing the *Good Morning and Birthday Song;*

**Exhibit C**: Copies of the relevant pages from 1922 version of "*The EVERYDAY Song Book*" which pages showing the *Good Morning and Birthday Song*;

**Exhibit D**: Copyright Reg. No. A453345, for the first edition of *The EVERYDAY Song Book*, filed on Aug. 5, 1916 (which did not include the *Good Morning and Birthday Song*);

**Exhibit E:** Copyright Reg. No. A624750 for revised edition of *The EVERYDAY Song Book*, filed on Oct. 6, 1921 (which included the *Good Morning and Birthday Song*); and

**Exhibit F:** July 24, 2015 Electronic Mail exchange between Plaintiffs' counsel (Betsy Manifold and Mark Rifkin) and Defendants' Counsel (Kelly Klaus and Adam Kaplan).

I declare under penalty of perjury that the foregoing is true and correct. Executed this 27th day of July 2015, in the City of San Diego, State of California.

By: */s/ Betsy C. Manifold*
BETSY C. MANIFOLD

WARNER/CHAPPELL:21973.decl.bcm