GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
MELINDA E. LeMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:  (213) 687-3702

Attorneys for Defendants
Warner/Chappell Music, Inc. and
Summy-Birchard, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC., et al., <br><br> Defendants. | Lead Case No. CV 13-04460-GHK (MRWx) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION** <br><br> Judge: Hon. George H. King, Chief Judge <br><br> Courtroom: 650 <br><br> Fact Disc. Completion: July 11, 2014 <br> MSJ Hearings: March 23 and July 29, 2015 <br> Pretrial Conference: N/A <br> Trial: N/A |

Warner/Chappell does not oppose Plaintiffs' *ex parte* request to supplement the record with the documents Plaintiffs have submitted. Those documents, however, do not show that Plaintiffs are entitled to summary judgment. At most, the documents would create an issue of fact whether The Cable Company made a publication in 1922 that could have divested the copyright owners—the Hill Sisters—of their common law copyright in the *Happy Birthday to You!* lyrics. We will be prepared to address these issues further at the July 29 hearing or at such other time as the Court would prefer. Within 24 hours of having received Plaintiffs' *ex parte* papers, the following is Warner/Chappell's response to the *ex parte*.

**A. Plaintiffs' New Evidence Does Not Answer The Question Whether The Cable Company Made A 1922 Or Other Publication Of *Happy Birthday to You!* That Divested The Hills' Common Law Copyright In That Work**

The crux of Plaintiffs' argument is that The Cable Company's 1922 publication of *The Everyday Song Book* forfeited the Hill Sisters' common law copyright in *Happy Birthday to You!* and put the work into the public domain. Ninth Circuit law is clear, however, that a divestive publication requires "consent of the copyright owner." *Am. Vitagraph, Inc. v. Levy*, 659 F.2d 1023, 1027 (9th Cir. 1981).[1] Plaintiffs' evidence does not show the consent of the copyright owner. Plaintiffs argue that, because The Cable Company's 1922 publication contained the statement, "Special permission through courtesy of The Clayton F. Summy Co.," the 1922 publication must have had the necessary authorization from the copyright owner to divest the common law copyright.

In 1922, however, the Clayton F. Summy Co. ("Summy") did not own the copyright to *Happy Birthday to You!* Summy likewise did not own the copyright to *Good Morning to All*. In 1922, the copyrighted work *Song Stories for the*

---

[1] *See also Dowdey v. Phoenix Films, Inc.*, No. 78 Civ. 699-CSH, 1978 WL 951, at *4 n.10 (S.D.N.Y. July 24, 1978); 1 Nimmer on Copyright ("Nimmer") § 4.03[A] (2015) (publication under the 1909 act required "consent of the copyright owner").

*Kindergarten*, which contained *Good Morning to All*, was in its renewal copyright term. Joint App'x Exs. 5 (Dkt. No. 187), 16 (Dkt. No. 189-1). Jessica Hill, who had inherited part of Mildred Hill's interest in the renewal copyright term of *Song Stories for the Kindergarten*, timely filed a registration for the renewal term on September 3, 1921. Joint App'x Ex. 16 (Dkt. No. 189-1).[2] There is no evidence that the Hill Sisters (Jessica or Patty) granted anyone the right to publish the *Happy Birthday to You!* lyrics until 1935. The evidence instead shows that Summy sought and obtained a license to publish the *Happy Birthday to You!* lyrics from Jessica Hill in 1935. Joint App'x Ex. 50 at 668-69 (Dkt. No.189-3). Summy would not have had to secure a license from Jessica Hill if it already had the rights to *Happy Birthday to You!* or if the work had fallen into the public domain.

Plaintiffs' proffered evidence does not show that The Cable Company's 1922 publication was authorized by the copyright owners, *i.e.*, the Hill Sisters, or even how it could have been authorized by the Hill Sisters. A publication of the *Happy Birthday to You!* lyrics that was not authorized by the Hill Sisters could not have divested their common law copyright in *Happy Birthday to You!*

Plaintiffs instead assert that it was Summy that authorized the 1922 and 1927 publications. Plaintiffs base this on the one-line statement that The Cable Company included in *The Everyday Song Book*. But that statement does not say what the "Special permission" was for—was it for *Good Morning to All* only? Was it for that work in combination with the *Happy Birthday* lyrics? The statement also does not say when such permission purportedly was provided or any other facts about that would show authorization divesting the Hill Sisters' copyright.

In short, the record does not show that The Cable Company's 1922 publication of "Good Morning and Birthday Song"—whether with Summy's

---

[2] Jessica Hill was entitled to file the renewal application in her name because she was one of Mildred Hill's heirs. *See* Joint App'x Ex. 50 at 664 (Dkt. No. 189-3); Nimmer § 9.05.

authorization or not—caused a divestive publication. The actions of the parties directly involved with the facts over 80 years ago show that no such divestive publication occurred. Jessica Hill or the Hill Foundation relied on Jessica's 1921 renewal of *Good Morning to All* in the lawsuits that the Foundation filed in the 1930s and 1940s. This indicates that Jessica and Patty Hill were not even aware of *The Everyday Song Book*, much less that they authorized any publication of the *Happy Birthday to You!* lyrics other than in sheet music by Summy in 1934-35.[3] Patty Hill testified in 1942 that she was not aware of any publication, other than by Summy, that contained *Good Morning to All* "[w]ith [her] permission." Joint App'x Ex. 87 at 1018 (Dkt. No. 191-1). Summy's own publication and registration of *Happy Birthday to You!* in 1935, and Summy-Birchard's renewal of the copyright in that work in 1962, shows that those companies did not believe there to have been a pre-1935 publication of the lyrics with the authority of the copyright owners.

      We are not aware of any other documents that might shed light on these issues. It is possible that The Cable Company's applications and/or deposit copies to the Copyright Office might have some further information bearing on these matters, although we have not seen those. We do not know if Plaintiffs' counsel have additional documents on this matter that they have not provided. The correspondence attached to Plaintiffs' *ex parte* papers suggest that counsel received and reviewed an earlier version of *The Everyday Song Book*, but they have not provided that to us. If there are other documents that bear on these or other issues that Plaintiffs' counsel have but have not produced, we would ask that they produce them, just as Warner/Chappell has produced documents from its counsel's factual investigation, a subject that we discuss in the Section immediately below.

---

[3] Joint App'x Exs. 32 at 581-82 (Dkt. No. 189-2), 50 at 662-65 (Dkt. No. 189-3), 52 at 692-94 (Dkt. No. 189-3).

### B. Warner/Chappell's Supplemental Production

Warner/Chappell made a supplemental production earlier this month that included the document that Plaintiffs say caused them to locate the 1927 and 1922 copies of *The Everyday Song Book*. Warner/Chappell was not hiding that or other documents or proceeding in bad faith.[4]

In late 2013, Warner/Chappell's counsel conducted a fact investigation concerning Plaintiffs' contention—first raised at the hearing on Warner/Chappell's motion to dismiss—that the copy of *Happy Birthday to You!* that the Clayton F. Summy Co. deposited in December 1935 with the application for the E51990 copyright registration might not contain the "familiar lyrics." Oct. 7, 2013 Hr'g Tr. at 48 at 7-11 ("You will find out soon enough that what [E]51990 says is a mystery to the entire world. No one—no one knows, because no one has a deposit copy for that copyright—not the copyright office, and we believe not the defendants."). As part of that investigation, in or around December 2013, counsel was given access to files maintained on microfilm by a third party, Alfred Publishing ("Alfred"). Alfred publishes sheet music. In 2005, Warner Music Group sold its sheet music printing business—Warner Bros. Publications—to Alfred, and Warner/Chappell entered into long-term print licenses with Alfred covering Warner/Chappell's existing and future sheet music repertoires. The purpose of obtaining this access was to determine whether Alfred might have anything related to the *Happy Birthday to You!* deposit copy, in which case Warner/Chappell would subpoena Alfred for its documents. We did not find anything related to the deposit copy or any other issue for which we might want to subpoena the documents for use in litigation. And, to be clear, we did not notice the blurred text on the sheet music printed by The Cable Company that now turns out to have said "Special permission by courtesy of The Clayton F

---

[4] If the Court would like to have a declaration from counsel on these matters, we of course will submit one. We are submitting this written opposition now so that the Court has our discussion of the factual background within the short time-frame for responding to the *ex parte* application.

Summy Co.," or anything else that would have caused us to question whether Summy or anyone else might have purported to grant rights in *Happy Birthday to You!* to any third party prior to the 1935 copyright registration of *Happy Birthday to You!* Because the Alfred documents had been reviewed as part of counsel's work product factual investigation, we did not believe that they were subject to discovery, and therefore we did not review them for possible production in response to Plaintiffs' discovery requests.

In the wake of the March 23, 2015 summary judgment hearing, Warner/Chappell's counsel again conducted a review of third-party files to determine if there were documents Warner/Chappell might want to subpoena in the event the Court were to find open historical issues and order a trial. As part of that review, and with the assistance of Warner/Chappell's United Kingdom affiliate, counsel obtained documents relating to *Happy Birthday to You!* from Sony/ATV Music Publishing (U.K.), a third party that has the rights to publish *Happy Birthday to You!* in the U.K. Counsel also obtained documents from the Filson Historical Society, located in Louisville Kentucky, which houses papers associated with Patty Hill. Warner/Chappell also obtained certified copies of Summy's December 6, 1935 deposit of *Happy Birthday to You!* with the British Museum. That 1935 deposit contains the exact "familiar lyrics" that Warner/Chappell contends Summy deposited with the E51990 registration also on December 6, 1935. Warner/Chappell had previously attempted to obtain the British Museum's 1935 deposit copy back in 2013, but was told by the British Library (custodian of the Museum's deposit records) that they could not locate those files at that time. Warner/Chappell has filed a motion to supplement the record with that deposit copy, Dkt. No. 223.

Upon receiving the third-party documents in 2015, counsel again considered whether its possession of the documents for purposes of its work product investigation meant that those documents were discoverable. Although there are

1 cases that have found otherwise, the stronger argument from the decided cases
2 appears to be that counsel's possession, even for purposes of a work product
3 investigation of facts relevant to the client's case, are subject to discovery.[5] After
4 making that determination, we supplemented Warner/Chappell's production. In our
5 letter accompanying the production, we told Plaintiffs' counsel that, if after
6 reviewing the documents they wanted to supplement the summary judgment record
7 with one or more of these documents, Warner/Chappell would enter into a joint
8 stipulation making such a request. Plaintiffs' written response to us, on July 15,
9 stated that Plaintiffs did not want to supplement the record. We did not hear further
10 from Plaintiffs' counsel regarding this matter until last Friday, when they said they
11 intended to file the instant *ex parte* application.

### C. Conclusion

For the foregoing reasons, Warner/Chappell respectfully submits that Plaintiffs' submitted evidence does not warrant the grant of summary judgment in their favor. At most, the evidence would create an issue of fact. If the Court is inclined to consider Plaintiffs' argument further, we would request the opportunity to obtain from the Copyright Office whatever applications, registrations, and/or

//
//
//

---

[5] *Compare Sporck v. Peil*, 759 F.2d 312, 316 (3d Cir. 1985) ("[T]he selection and compilation of documents by counsel in this case in preparation for pretrial discovery falls within the highly-protected category of opinion work product."); *Am. Soc'y For Prevention of Cruelty To Animals v. Ringling Bros. & Barnum & Bailey Circus*, 233 F.R.D. 209, 212 (D.D.C. 2006) ("[D]ocuments gathered by defendants' counsel for impeachment constitute traditional work product."), *and Golden Trade, S.r.L. v. Jordache*, 143 F.R.D. 508, 511 (S.D.N.Y. 1992) ("The search [for prior art] was made to aid in current and anticipated litigation, and hence its fruits come squarely within the ambit of the work-product doctrine."), *with* Order Granting Motion to Compel, *Allen v. Lickman*, No. 2:13-cv-13401-AJT-PTM (E.D. Mich. Oct. 31, 2014), Dkt. No. 39 (surveying precedent and finding work product claim inapplicable); *Kartman v. State Farm Mut. Auto. Ins. Co.*, 247 F.R.D. 561, 565 (S.D. Ind. 2007) (distinguishing *Ringling Bros.* and rejecting work product claim).

deposit copies that office may have of the various versions of *The Everyday Song Book* to determine whether those materials contain additional relevant evidence.

DATED: July 28, 2015         MUNGER, TOLLES & OLSON LLP


By: _____*/s/ Kelly M. Klaus*_____
     KELLY M. KLAUS
Attorneys for Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc.