FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Attorneys for Plaintiffs*

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC., *et al.*, <br><br> Defendants. | Case No. CV 13-04460-GHK (MRWx) <br><br> **PLAINTIFFS' *EX PARTE* APPLICATION SEEKING LEAVE TO FILE RESPONSE UNDER L.R. 7-10** <br><br> Judge: Hon. George H. King, Chief Judge <br> Courtroom: 650 <br><br> Fact Discovery Cutoff: July 11, 2014 <br> MSJ Hearings: March 23, 2015 and July 29, 2015 <br> Pretrial Conference: N/A <br> Trial: N/A |

## I. INTRODUCTION

Plaintiffs make this *ex parte* application under L.R. 7-10 seeking leave to file a response to Defendants' Reply ("the Reply") in Support of Motion for Leave to File Supplemental Evidence in Support of Motion for Summary Judgment ("Defendants' Motion"). Dkt. 237. A copy of Plaintiffs' proposed response is attached as Exhibit A to the Declaration of Betsy C. Manifold in Support of Plaintiffs' *Ex Parte* Application ("Manifold Declaration"). Defendants' Motion is currently set for August 31, 2015, prompting the need for *ex parte* relief so the Court may consider the response before the hearing date.

Pursuant to L.R. 7-19.1, Plaintiffs orally notified Adam Kaplan, Defendants' counsel, by leaving a message in his voicemail on August 20, 2015 at 4:22 p.m. about this *ex parte* application. Further details are provided both below and in the Manifold Declaration.

## II. CONTACT INFORMATION FOR OPPOSING COUNSEL

Pursuant to Local Rule 7-19, Plaintiffs provide the following contact information for opposing counsel:

| | |
|---|---|
| Kelly M. Klaus | Glen Pomerantz |
| Adam I. Kaplan | Melinda E. LeMoine |
| MUNGER TOLLES & OLSON LLP | MUNGER TOLLES & OLSON LLP |
| 560 Mission St., 27th Floor | 355 South Grand Ave., 35th Floor |
| San Francisco, CA 94105 | Los Angeles, CA 90071 |
| Telephone: 415/512-4000 | Telephone: 213/683-9100 |
| kelly.klaus@mto.com | glenn.pomerantz@mto.com |
| adam.kaplan@mto.com | melinda.lemoine@mto.com |

Pursuant to Local Rule 7-19.1, on August 20, 2015 at 4:22 p.m., Plaintiffs informed counsel for Defendants (Adam Kaplan) by leaving a voice mail message that they intended to file this *ex parte* application on August 21, 2015. Shortly

thereafter at 4:49 p.m. on the same day, Plaintiffs sent a detailed e-mail to all Defendants' counsel identified on Defendants' Motion. Manifold Decl., ¶ 3. A copy of the e-mail is attached as Exhibit B to the Manifold Declaration. In response to the e-mail, Plaintiffs received an automated message that Mr. Klaus was out of the country until August 21st and Ms. LeMoine was traveling with limited availability until September 8, 2015. *Id.*, ¶ 4. At 5:32 p.m. the same day, I received an e-mail from Glenn Pomerantz also advising me that Adam Kaplan was out of the office, that Mr. Klaus was out of the country, and that Defendants would contact Plaintiffs' counsel on August 21, 2015. On August 21,2015, Defendants' counsel (Adam Kaplan) contacted plaintiff's counsel via electronic mail and advised them that the Defendants would oppose this application. On the same day, I advised Mr. Kaplan that Plaintiffs would serve their application on August 24, 2015.

On August 24, 2015, Plaintiffs electronically served a copy of this *ex parte* application and supporting papers on Defendants' counsel ***prior*** to filing. *Id.*, ¶ 5. No hearing date is requested, but, if the Court determines that a hearing would be helpful, Plaintiffs could appear at any time convenient for the Court.

### III. PROCEDURAL BACKGROUND

On July 23, 2015, Defendants filed their Motion and asked the Court to consider some British copyright records as support for their argument that Ex. 106 is a copy of the work deposited with the registration for E51990. *See* Dkt. 223 at 3-5. On August 10, 2015, Plaintiffs opposed Defendants' Motion. *See* Dkt. 236. In their opposition, Plaintiffs explained that the British Library records, which Plaintiffs were only given access to on July 10, 2015, are irrelevant to whether E51990 covers the *Happy Birthday* lyrics.[1] Dkt. 236 at 2, 7-10. In Defendants' reply filed on

---

[1] The initially set fact discovery deadline of June 27, 2014 (Dkt. 92) was extended by Magistrate Judge Wilner, in consultation with this Court, and at the request of both parties, to July 11, 2014. (Dkt. 106).

August 17, 2015 (Dkt. 237), Defendants added a new argument that the scope of the copyright covered by E51990 is **broader** than the application or the registration certificate and covers work not done by Mr. Orem and cited, for the first time, two cases that supposedly support their argument that the copyright covers work not done by Mr. Orem. See Dkt. 237 at 4 (citing *Sylvestre v. Oswald*, No. 91 Civ. 5060 (JSM), 1993 U.S. Dist. LEXIS 7002, at *3-6 (S.D.N.Y. May 18, 1993) and *Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK (AGRx), 2014 U.S. Dist. LEXIS 182240, at *25 (C.D. Cal. Oct. 30, 2014)). Under L.R. 7-10, Plaintiffs are not entitled to respond to the Reply "[a]bsent prior written order of the Court." Plaintiffs now seek leave to file a short three-page response, attached as Exhibit A to the Manifold Declaration, in order to address Defendants' **new** arguments and case law.

### IV. LEGAL STANDARD

An application for *ex parte* relief is granted when: (1) the moving party would be "irreparably prejudiced if the underlying motion is heard according to regular noticed motion procedures" and (2) the moving party is without fault in creating the situation requiring *ex parte* relief. *Mission Power Engineering Co. v. Continental Casualty Co.*, 883 F. Supp. 488, 492 (C.D. Cal. 1995).

Plaintiffs meet the requirements for *ex parte* relief. If Plaintiffs' response to Defendants' new arguments and case law are not considered before Defendants' Motion is either heard or taken under advisement on August 31, 2015, then Plaintiffs will be prejudiced by their inability to have a full and fair opportunity to respond to the 'new' evidence Defendants have proffered. The need for this *ex parte* application was not the fault of Plaintiffs as the new arguments and case law were first raised by the Reply. Plaintiffs respectfully request that the Court grant this application and allow Plaintiffs to file their response under L.R. 7-10.

## V.     LEGAL STANDARD RE: CONTENT OF REPLY BRIEFS

Under Local Rule 7-10, "[a] moving party may, not later than fourteen (14) days before the date designated for the hearing of the motion, serve and file a reply memorandum, and declarations or other rebuttal evidence. ***Absent prior written order of the Court***, the opposing party shall not file a response to the reply." (Emphasis added.)  However, it is "improper for the moving party to 'shift gears' and introduce new facts or different legal arguments in the reply brief than [those that were] presented in the moving papers." James M. Wagstaffe, et al., FEDERAL CIVIL PROCEDURE BEFORE TRIAL, § 12:107 (Rutter Group 2015).  For this reason, the court has discretion to decline to consider new facts or arguments raised in a reply. See *Stump v. Gates*, 211 F.3d 527, 533 (10th Cir. 2000) ("This court does not ordinarily review issues raised for the first time in a reply brief. . . . The reasons are obvious. It robs the appellee of the opportunity to demonstrate that the record does not support an appellant's factual assertions and to present an analysis of the pertinent legal precedent that may compel a contrary result"); *Burnham v. City of Rohnert Park*, No. C 92-1439 SC, 1992 U.S. Dist. LEXIS 8540, at *2, n.2 (N.D. Cal. May 18, 1992) ("[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion"); *Scott v. R.J. Reynolds Tobacco Co.*, No. 99-3091, 2001 U.S. Dist. LEXIS 10014, at *15 (E.D. La. July 12, 2001) (same).

Conversely, the "district court ha[s] discretion to consider [a new] issue even if it was raised in a reply brief." *Glenn K. Jackson, Inc. v. Roe,* 273 F.3d 1192, 1202 (9th Cir. 2001). If the court elects to consider new material included in a reply, however, it must afford the opposing party an opportunity to respond. *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) ("We agree with the Seventh Circuit, which held that 'where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond'"); *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir. 1990) ("Where new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without

- 4 -

1 giving the movant an opportunity to respond"); *see El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032, 1040-41 (9th Cir. 2003) (indicating that the court may consider new issues raised on reply if it gives the opposition an opportunity to respond).

### VI. DEFENDANTS' OFFERED NEW MATERIALS IN THE REPLY

In their opposition, Plaintiffs argued that Defendants should not be permitted to supplement the summary judgment record with the British Library documents because they failed to disclose in discovery that they had searched for those records; as a result, Plaintiffs were unable to conduct their own search of the British Library records for other pertinent evidence. Plaintiffs also explained that the British Library records are irrelevant to whether E51990 covers the *Happy Birthday* lyrics because, whether or not those lyrics were included in whatever work was deposited with the application for that copyright, Clayton F. Summy Co.'s work-for-hire copyright could not extend to work that was not done by its employee, Preston Ware Orem. Dkt. 236 at 8-10. Defendants admit that Mr. Orem did not write the lyrics. Dkt. 208 at 15:23-24. Therefore, the work-for-hire copyright E51990 cannot cover the *Happy Birthday* lyrics any more than it covers the common melody shared with *Good Morning*, which also appears on the British Library record, simply because they may be on the deposit copy.

In their reply brief filed on August 17, 2015 (Dkt. 237), Defendants, having argued throughout the case that the registration certificate entitles them to a presumption that they own the copyright to *Happy Birthday*, not just Mr. Orem's piano arrangement, now insist for the first time that the scope of the copyright covered by E51990 is **broader** than the application or the registration certificate and covers work not done by Mr. Orem simply because the lyrics purportedly were included on the deposit copy. Dkt. 237 at 4:10-20. In support of this argument, Defendants also cite, for the first time in the extensive summary judgment briefing (Dkts. 179, 181, 182), two cases that supposedly support their argument that the copyrights cover work not done by Mr. Orem. Plaintiffs do not believe that the issue

- 5 -

was decided in either of those cases, and the cases do not support Defendants' argument that the deposit copy can expand the scope of a copyright beyond what was included in the application or registration certificate. See Dkt. 237 at 4 (citing *Sylvestre v. Oswald*, No. 91 Civ. 5060 (JSM), 1993 U.S. Dist. LEXIS 7002, at *3-6 (S.D.N.Y. May 18, 1993) and *Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK (AGRx), 2014 U.S. Dist. LEXIS 182240, at *25 (C.D. Cal. Oct. 30, 2014)). That is an incorrect statement of the law. Those cases hold only that the scope of a copyright may be ***limited*** by what is deposited, but not expanded by the deposit copy. Plaintiffs wish to file a short response to the Reply, which is attached as Exhibit A to the Manifold Declaration, in order to address this new argument and case law.

To ensure that Plaintiffs have a full and fair opportunity to respond to the evidence Defendants have proffered, the Court should allow Plaintiffs to file a response addressing the new argument and cases cited in the Reply. *See* L.R. 7-10 (permitting a party a file a response to a reply on written order of the court).

## VII. CONCLUSION

For the reasons stated above, Plaintiffs respectfully submit that this *Ex Parte* Application should be granted for Plaintiffs to file their response.

Dated: August 24, 2015

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Betsy C. Manifold*
BETSY C. MANIFOLD

FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599

- 6 -

Facsimile: 619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
270 Madison Avenue
New York, NY 10016
Telephone: 212/545-4600
Facsimile: 212-545-4753

*Interim Lead Counsel for Plaintiffs*

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone: 212/797-3737

**HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@huntortmann.com
KATHLYNN E. SMITH (234541)
smith@ huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107

**DONAHUE FITZGERALD LLP**
WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com

| | |
|---|---|
| 1 | 1999 Harrison Street, 25th Floor |
| 2 | Oakland, CA 94612-3520 |
|  | Telephone: 510/451-0544 |
| 3 | Facsimile:  510/832-1486 |
| 4 |  |
|  | **GLANCY BINKOW & GOLDBERG LLP** |
| 5 | LIONEL Z. GLANCY (134180) |
| 6 | lglancy@glancylaw.com |
|  | MARC L. GODINO (188669) |
| 7 | mgodino@glancylaw.com |
| 8 | 1925 Century Park East, Suite 2100 |
|  | Los Angeles, CA 90067 |
| 9 | Telephone:   310/201-9150 |
| 10 | Facsimile:    310/201-9160 |


1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone: 510/451-0544
Facsimile:  510/832-1486

**GLANCY BINKOW & GOLDBERG LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (188669)
mgodino@glancylaw.com
1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:   310/201-9150
Facsimile:    310/201-9160

*Attorneys for Plaintiffs*

WARNER/CHAPPELL:22076.exparte.sur.reply