GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
MELINDA E. LeMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants
Warner/Chappell Music, Inc. and
Summy-Birchard, Inc.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**
**WESTERN DIVISION**

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC., et al., <br><br> Defendants. | Lead Case No. CV 13-04460-GHK (MRWx) <br><br> **DEFENDANTS' OPPOSITION TO PLAINTIFFS'** ***EX PARTE*** **APPLICATION** <br><br> Judge:  Hon. George H. King, Chief Judge <br><br> Courtroom: 650 <br><br> Fact Disc. Completion: July 11, 2014 <br> MSJ Hearings: March 23 and July 29, 2015 <br> Pretrial Conference: N/A <br> Trial: N/A |

There are no "extraordinary circumstances" that justify Plaintiffs' *ex parte* request for leave to file a surreply. Dkt. No. 14 ("This court entertains *ex parte* applications only in extraordinary circumstances[.]"); *In re Intermagnetics Am., Inc.*, 101 B.R. 191, 193 (C.D. Cal. 1989) ("opportunities for legitimate *ex parte* applications are extremely limited").[1] Plaintiffs simply want to have the last word on an issue that they raised in their opposition to Warner/Chappell's motion, and to which Warner/Chappell responded in its reply. There is nothing "extraordinary" about that situation, and it is not grounds for filing a surreply. *Heil Co. v. Curotto Can Co.*, No. 04-1590 MMC, 2004 WL 2600134, at *1 (N.D. Cal. Nov. 16, 2004) (denying leave to file surreply), *aff'd*, 163 F. App'x 908 (Fed. Cir. 2006).

The instant motion is simple and straightforward. Warner/Chappell asks to supplement the record with further evidence confirming that the "text" and "words" for which Clayton F. Summy Co. ("Summy") claimed copyright protection in the E51990 application—and for which the Copyright Office granted protection in the corresponding certificate—are the "familiar" lyrics to *Happy Birthday to You!* In opposing this motion, Plaintiffs have grudgingly given up their prior contention that it is impossible to know what work Summy deposited with the E51990 application.[2] Plaintiffs instead opposed the motion substantively on the grounds that, even if the copy deposited with the British Museum on December 6, 1935 (Klaus Decl. Ex. A)

---

[1] *See also Sims v. Paramount Gold & Silver Corp.*, No. CV 10-356-PHX-MHM, 2010 WL 5364783, at *8 (D. Ariz. Dec. 21, 2010) ("Surreplies … are highly disfavored, as they usually are a strategic effort by the nonmoving party to have the last word on a matter.… [C]ourts will not allow surreplies except in the most extraordinary circumstances.") (internal citations and quotation marks omitted); *Bohn v. Pharmavite, LLC*, No. CV 11-10430-GHK (AGRx), 2013 WL 4517895, at *1 n.2 (C.D. Cal. Aug. 7, 2013) ("we view Defendant's apparent habit of filing sur-replies … with great disfavor"); *Moore's Federal Practice – Civil* § 56.84 ("[A] request for leave to file a sur-reply typically will be denied when no new issues are raised in the reply or the party has already addressed the issue in earlier briefings.").

[2] *See* Dkt. 182 at 25-30 (arguing that Warner/Chappell could not establish the scope of its copyright in E51990 because it did not offer the deposit copy into evidence); *see also* Dkt. 197-1 at 2-3, 12-14 (Plaintiffs' motion to exclude Ex. 106).

were identical to the copy that Summy deposited on the same date in the U.S. Copyright Office, that fact would be irrelevant. According to Plaintiffs' opposition, Warner/Chappell's copyright in E51990 could not cover the "familiar" lyrics to *Happy Birthday to You!*, because the application for E51990 identified Preston Ware Orem, an employee-for-hire, as the author of the work. Dkt. 236 at 1, 6-9 (opposition to motion to supplement); *see also* Dkt. 239 at 2, 5 (*ex parte* application's description of Plaintiffs' opposition). Warner/Chappell's reply responded to this exact argument.

As Warner/Chappell explained in its reply, the undisputed evidence shows that Patty Hill wrote the familiar lyrics to *Happy Birthday to You!* When Summy was asked in the application to "State exactly on what new matter copyright is claimed," Summy responded, "Arrangement as easy piano solo, *with text*." Dkt. 189-3, Ex. 48, at 654 (emphasis added). The British Museum deposit confirms—indeed, makes it irrefutable—that the only "text" Summy could have claimed copyright protection for in the copyright application (and for which copyright protection was granted by the E51990 copyright) consisted of the "familiar" lyrics. Dkt. 237 at 2-5. Under settled copyright law, the fact that the E51990 application listed Orem's name as the author *did not* mean that Summy was entitled to claim copyright protection for "text" only if Orem wrote that text. *Id*. at 4-6.

Plaintiffs' initial summary judgment papers also asked the Court to limit the scope of Warner/Chappell's copyright in *Happy Birthday to You!* based on the reference to Orem in the E51990 application. Dkt. 182 at 1-2, 23-30. When Plaintiffs' recent opposition reiterated this argument, Warner/Chappell's reply cited the same cases that Warner/Chappell had cited in its summary judgment papers.[3]

---

[3] *Compare* Dkt. 237 at 4-6 (recent reply brief, citing *Harris v. Emus Records Corp.*, 734 F.2d 1329 (9th Cir. 1984); *Baron v. Leo Feist, Inc.*, 173 F.2d 288 (2d Cir. 1949); *Nat'l Broad. Co. v. Sonneborn*, 630 F. Supp. 524 (D. Conn. 1985); and *Urantia Found. v. Burton*, No. K 75-255 CA 4, 1980 WL 1176, at *4-5 (W.D. Mich. (footnote continued on following page)

1  Accordingly, Warner/Chappell's reply not only responded to Plaintiffs' opposition,
2  but it also addressed an issue (and cited authority) that Plaintiffs already have
3  briefed.  *Moore's Federal Practice – Civil* § 56.84 ("[A] request for leave to file a
4  sur-reply typically will be denied when no new issues are raised in the reply *or the*
5  *party has already addressed the issue in earlier briefings*.") (emphasis added).
6  Again, the cases Warner/Chappell cited in its reply and on summary judgment
7  foreclose Plaintiffs' hypercritical—and counterfactual—construction of the
8  Copyright Office records at issue.
9      Warner/Chappell's reply raised no new issues.  While Warner/Chappell's
10 reply cited two additional cases, those cases pertain to issues that already have been
11 briefed extensively.  As such, there is nothing "extraordinary" about the inclusion of
12 those two cases in Warner/Chappell's reply.  *Sims*, 2010 WL 5364783, at *8.
13 Plaintiffs cite no authority to the contrary.  The cases that Plaintiffs cite instead say
14 that raising new issues or citing new evidence in some cases may justify a surreply.
15 As demonstrated, Warner/Chappell did not raise new issues or cite new evidence in
16 its reply.  The fallacy of Plaintiffs' position is demonstrated by the fact that their
17 proposed surreply relies on two cases that *Plaintiffs* never cited before.  Manifold
18 Decl. Ex. A, at 2-3.  Under Plaintiffs' logic, this would entitle Warner/Chappell to a
19 sur-surreply.  Briefing on a motion must come to an end at some point.
20     The two additional cases cited by Warner/Chappell stand for the
21 uncontroversial legal principle that the contents of a deposit copy define the scope
22 of the copyright.  Dkt. 237 at 3.  Plaintiffs themselves relied on this very principle
23 when they argued that Warner/Chappell could not establish the scope of its
24 copyright in E51990 because it could not prove the contents of the deposit copy.
25 *See, e.g.*, Dkt. 182 at 27-28 (seeking to exclude Ex. 106 and arguing that this would

---

27 Aug. 27, 1980)), *with* Dkt. 182 at 16-17, 38 (initial summary judgment papers, citing these same cases).

"leav[e] Defendants with nothing whatsoever to prove the scope or subject-matter of E51990"). As a result, the parties spent a significant portion of the summary judgment papers addressing the weight and admissibility of the evidence of the contents of the E51990 deposit copy.[4]

In sum, Plaintiffs arguments are unavailing and there is "no reason to extend briefing beyond that contemplated in the federal rules and local rules governing civil procedure." *PageMasters, Inc. v. Océ-Technologies B.V.*, No. Civ.05 1519 PHX RCB, 2006 WL 753164, at *1 (D. Ariz. Mar. 23, 2006).[5]

DATED: August 25, 2015    MUNGER, TOLLES & OLSON LLP


By:    */s/ Kelly M. Klaus*
       KELLY M. KLAUS
       Attorneys for Defendants Warner/Chappell
       Music, Inc. and Summy-Birchard, Inc.

---

[4] Dkt. 182 at 25-30, 38-45 (joint summary judgment papers); *see also* Dkt. 197-1 at 2-3, 12-14 (Plaintiffs' motion to exclude Ex. 106); Dkt. 200 at 8-12 (Warner/Chappell's opposition to Plaintiffs' motion to exclude Ex. 106); Dkt. 202 at 6-11 (Plaintiffs' reply supporting their motion to exclude Ex. 106).

[5] Plaintiffs submitted their proposed surreply, even though an *ex parte* "application ought properly to be addressed to the *need* to [file a surreply], rather than to the substance of the [surreply] itself." *Intermagnetics Am.*, 101 B.R. at 194. Warner/Chappell will not similarly avail itself of a sur-surreply by responding to Plaintiffs' proposed filing beyond noting that Plaintiffs' mischaracterization of Warner/Chappell's arguments and of apposite precedent is unpersuasive.