FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
**WOLF HALDENSTEIN ADLER**
 **FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:  619/234-4599

*Interim Lead Counsel for Plaintiffs and the [Proposed] Class*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -

## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*,<br><br>              Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL MUSIC, INC., *et al.*<br><br>              Defendants. | ) Lead Case No. CV 13-04460-GHK (MRWx)<br>)<br>) **JOINT STATUS REPORT PURSUANT**<br>) **TO SEPTEMBER 29, 2015**<br>) **SCHEDULING ORDER (DKT. 245)**<br>)<br>)<br>)<br>)<br>) Date:        October 19,  2015<br>) Time:        9:30 a.m.<br>) Room:       650<br>) Judge:       Hon. George H. King,<br>)                    Chief Judge |

Pursuant to the Court's September 29, 2015 Order re: Joint Status Report and Status Conference (Dkt. 245), the parties met and conferred on October 6 and 8, 2015 regarding the most efficient manner for the action to proceed.  The parties file this Joint Status Report explaining their positions. The Parties briefly summarize the litigation's procedural background before explaining their positions. For the Court's convenience, the Parties attach a chart (as Exhibit A) to this Joint Status Report which summarizes the Parties' agreement and disagreement as to proposed Scheduling Dates.

## I.    PROCEDURAL BACKGROUND

### A.    Bifurcation of Prior Proceedings

At the October 7, 2013 hearing on Defendants' motion to dismiss, "the Parties agreed that the most efficient way to proceed in this case would be to bifurcate Claim One from the six other claims for the purposes of discovery and summary judgment."  Dkt. 71 at 3.  On October 16, 2013, the Court issued an Order re: Defendants' Motion to Dismiss Second Amended Consolidated Class Action Complaint and/or Motion to Strike Plaintiffs' Proposed Class Definition (Dkt. 52), which granted in part and denied in part Defendants' motions. *See* Dkt. 71. The October 16, 2013 Order *bifurcated* Claim One from all other claims through Summary Judgment and *stayed* all other claims "including discovery specific to such claims."  Dkt. 71 at 3.  Plaintiffs were also granted leave to re-plead their "two-step theory for declaratory judgment" in an amended complaint. Dkt. 71 at 3-4.

On November 6, 2013, Plaintiffs filed a Third Amended Complaint (Dkt. 74), which Defendants answered on December 11, 2013 as to Claim One only (Dkt. 79).  Thereafter, based on the Parties' Joint Stipulation (Dkt. 94), on April 29, 2014, the Court granted Plaintiffs leave to file a Fourth Amended Complaint (Dkt. 95). *See* Dkt. 96.  On May 6, 2014, Defendants answered the Fourth Amended Complaint as to Claim One only.

- 1 -

**B.     March 24, 2014 Scheduling Conference re: Claim One**

The Court conducted a scheduling conference with counsel on March 24, 2014.  On the same date, the Court filed an Order Entering Schedule Dates.  Dkt. 92.  The Court agreed "to defer consideration of the statute of limitations defenses and class certification at this time;" set scheduling dates for summary judgment motions on Claim One; and stated that, "[i]f the summary judgment motions do not dispose of this first phase of this action, we will set further scheduling dates as needed." Dkt. 92 at 1.

On September 22, 2015, the Court issued a Memorandum and Order Re: (1) Cross-Motions for Summary Judgment (Dkt. 179); (2) Defendants' Motion for Leave to File Supplemental Evidence (Dkt. 223); and (3) Plaintiffs' Ex Parte Application to Supplement the Record (Dkt. 224) ("Summary Judgment Order") which denied Defendants' Motion For Summary Judgment and granted in part Plaintiffs' Motion for Summary Judgment. *See* Dkt. 244.  The Summary Judgment Order determined that Defendants do not own a copyright to the *Happy Birthday* lyrics.  The Summary Judgment Order determined there are triable issues of fact on Plaintiffs' demand for a declaratory judgment that the *Happy Birthday* lyrics are in the public domain.

**II.   PARTIES' POSITION RE: MOST EFFICIENT MANNER TO PROCEED**

**A.     Defendants' Motion for Reconsideration or, in the Alternative, for Certification of the Summary Judgment Order**

Defendants intend to file a Motion for Reconsideration or, in the Alternative, for Certification for Appeal Pursuant to 28 U.S.C. § 1292(b), of the Summary Judgment Order.  Defendants will file their motion on or before October 16, 2015, and notice that motion for hearing on November 16, 2015.  The parties agree that briefing on that motion may proceed pursuant to the schedule provided by the Local Rules.

1  **Defendants' Position Regarding Effect of Motion on Remaining**
2  **Proceedings**:

3  Defendants believe the parties should be able to serve on each other written
4  discovery on remaining claims and issues not encompassed by Phase One
5  discovery as of the date of the Status Conference.  Defendants believe the parties
6  should serve written objections to the same within the time set forth in the Federal
7  Rules, but that responsive documents and written responses to interrogatories or
8  requests for admission, as well as deposition notices and subpoenas to third parties,
9  should be stayed pending the Court's resolution of Defendants' Motion for
10  Reconsideration or Certification.

11  **Plaintiffs' Position Regarding Effect of Motion on Remaining Proceedings**:

12  Plaintiffs believe that Defendants' Motion is without merit and should not
13  delay or stay any further proceedings in this litigation.

14  **B.    Trial of Remaining Issues Relevant to Claim One**

15  **Plaintiffs' Position**:  Plaintiffs believe the Court should determine whether
16  *Happy Birthday* is in the public domain together with its determination of Claims
17  II and III of the Complaint (as to which there is no right to a jury trial).  Plaintiffs
18  believe that further proceedings on Claim One will not materially advance the
19  ultimate disposition of the litigation.

20  **Defendants' Position**:  Defendants believe that all of Plaintiffs' claims,
21  except the claims for breach of contract and possibly for money had and received
22  (Claims IV and V), are equitable in nature and tried to the Court.  Defendants
23  believe that all matters on Claim I as to which Plaintiffs' motion were not granted
24  must be tried, and that the trial of such is not limited to the summary judgment
25  record.  Defendants do not object to the Court trying all equitable claims in
26  advance of a jury trying the legal claims and the Court's resolution of common
27  factual questions binding the trial of the legal claims.

28  ///

### C.   Plaintiffs' Proposed Amended Complaint

On October 8, 2015, Plaintiffs provided Defendants with a proposed Fifth Amended Complaint.  Plaintiffs have asked Defendants to stipulate to their having leave to file the Fifth Amended Complaint without prejudice to Defendants' right to move against that Complaint under Rule 12 of the Federal Rules of Civil Procedure.

Defendants are considering Plaintiffs' request and expect to respond to it before the Status Conference.  If Defendants agree to Plaintiffs' request to stipulate for leave to filing the proposed Fifth Amended Complaint, Defendants expect that the parties will file before or very shortly after the Status Conference a proposed stipulation setting forth (a) a stipulated agreement regarding the filing of the Fifth Amended Complaint; (b) a stipulated time for Defendants to file a response to the same with a reasonable extension beyond the 14 days provided by Rule 15(a)(3); and (c) a stipulated proposed briefing schedule on such motion or an agreement that briefing should be conducted in accordance with the Local Rules.

### D.   Motion for Class Certification Deadlines

Plaintiffs propose that:

Class certification and fact discovery begin immediately and to be completed by April 15, 2016.

Plaintiffs will file their motion for class certification on or before May 16, 2016.

Plaintiffs request that a briefing schedule for the motion for class certification be set as follows:  Defendants' response and/or opposition to be filed on or before June 30, 2016.  Plaintiffs' reply to Defendants' response to be filed on or before August 19, 2016.  The hearing date shall be set for August 29, 2016 or at the Court's convenience thereafter.

///
///

1   Defendants propose that:

2   Class certification and fact discovery commence as of the Status Conference,

3   subject to the limitations set forth in Defendants' proposal in Section A, supra, and

4   that such discovery be completed by August 15, 2016.

5   Defendants propose that Plaintiffs file their motion for class certification on

6   or before September 15, 2016.

7   Defendants propose that their opposition be filed on or before October 31,

8   2016.  Plaintiffs' reply to Defendants' response to be filed on or before December

9   15, 2016, and that the hearing date be set at the Court's convenience.

10   **E.   Discovery**

11   As to remaining merits issues (i.e., issues that do not overlap with fact issues

12   relevant to Claim I) with respect to Claims II through VII of the Fifth Amended

13   Complaint:

14   (1)   the following pre-trial discovery plan:

15   The Parties agree that Initial Disclosures under Rule 26(f) should be

16   completed within 30 days of the Status Conference.

17   Plaintiffs propose:

18   Discovery Motions Deadline:  April 29, 2016.

19   Defendants propose:

20   Discovery Motions Deadline:  July 1, 2016.

21   (2)   the following dates for reports and/or disclosures from expert

22   witnesses as per Rule 26(a)(2) of the Federal Rules of Civil Procedure:

23   Plaintiffs propose:

24   a)   Initial Expert Disclosures:  May 27, 2016.

25   b)   Rebuttal Expert Disclosures:  July 15, 2016.

26   c)   Expert Discovery Cut-Off:  September 16, 2016.

27   d)   Expert Discovery Motions Deadline:  October 3, 2016.

28   ///

Defendants propose:

    a)    Initial Expert Disclosures:  September 15, 2016.

    b)    Rebuttal Expert Disclosures:  November 7, 2016.

    c)    Expert Discovery Cut-Off:  December 19, 2016.

    d)    Expert Discovery Motions Deadline:  November 21, 2016.

As previously agreed in the Parties' February 10, 2014 Joint Report on Parties' Planning Meeting (Dkt. 89), electronically stored information will be produced in accordance with Rule 34 of the Federal Rules of Civil Procedure.  Each side reserves the right to request that all electronically stored information be produced in native form, if available, and searchable pdf, if not.  Each side requests that all meta-data in electronically stored information be preserved.

Procedures for asserting claims of privilege or work product protection, including any claims made after production, shall be in accordance with Rule 26(b)(5) of the Federal Rules of Civil Procedure.

**F.**    **Pre-Trial and Trial Dates**

Plaintiffs propose:

    1.    Dispositive Motion Cut-Off as to remaining merits issues (i.e., issues that do not overlap with fact issues relevant to Claim I) with respect to Claims II through VII of the Fifth Amended Complaint: December 15, 2016.

    2.    Final Pre-Trial Conference:  January 16, 2017.

    3.    Trial as to Remaining Claims:  five days following the Final Pre-Trial Conference.

Defendants propose:

    1.    Dispositive Motion Cut-Off as to remaining merits issues (i.e., issues that do not overlap with fact issues relevant to Claim I) with respect to Claims II through VII of the Fifth Amended Complaint: April 10, 2017.

2.    Final Pre-Trial Conference:  May 15, 2017.

3.    Trial as to Remaining Claims:  five days following the Final Pre-Trial Conference.

**G.    <u>Settlement Procedures</u>**

On or before November 9, 2016, Counsel will meet and confer to select a settlement procedure pursuant to Civil Local Rules 16-15 and 16-15.9.

**H.    <u>Length of Trial</u>**

1.    Plaintiffs' Case-in-Chief:  seven days.

2.    Defendants' Case-in-Chief:  seven days.

3.    The estimated time required for trial:  two weeks.

4.    The case should be ready for trial:

**I.    <u>Trial By Jury or Court</u>**

<u>Plaintiffs' Position</u>:  Plaintiffs reserve their jury demand.  However, Plaintiffs consent to the Court deciding any disputed facts necessary to enter declaratory judgment on Counts I, II and III even though those facts may also be relevant to Counts III through VII, as to which Plaintiffs have reserved their jury demand.

<u>Defendants' Position</u>:  Defendants believe that all of Plaintiffs' claims, except the claims for breach of contract and possibly for money had and received (Claims IV and V), are equitable in nature and tried to the Court.  Defendants believe that all matters on Claim I as to which Plaintiffs' motion were not granted must be tried, and that the trial of such is not limited to the summary judgment record.  Defendants do not object to the Court trying all equitable claims in advance of a jury trying the legal claims and the Court's resolution of common factual questions binding the trial of the legal claims.

Dated:  October 9, 2015

Respectfully Submitted,

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By:   <u>*/s/ Betsy C. Manifold*</u>

BETSY C. MANIFOLD

FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com
RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

**WOLF HALDENSTEIN ADLER**
  **FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)
rifkin@whafh.com
JANINE POLLACK (*pro hac vice*)
pollack@whafh.com
BETH A. LANDES (*pro hac vice*)
landes@whafh.com
270 Madison Avenue
New York, NY  10016
Telephone:   212/545-4600
Facsimile:   212-545-4753

*Interim Lead Counsel for Plaintiffs*

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone:  212/797-3737

**HUNT ORTMANN PALFFY NIEVES**
  **DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)

1    nieves@huntortmann.com

2    KATHLYNN E. SMITH (234541)
     smith@ huntortmann.com

3    301 North Lake Avenue, 7th Floor
     Pasadena, CA 91101

4    Telephone 626/440-5200

5    Facsimile 626/796-0107

6    Facsimile:   212/797-3172

7    **DONAHUE GALLAGHER WOODS LLP**

8    WILLIAM R. HILL (114954)

9    rock@donahue.com
     ANDREW S. MACKAY (197074)

10   andrew@donahue.com

11   DANIEL J. SCHACHT (259717)
     daniel@donahue.com

12   1999 Harrison Street, 25th Floor

13   Oakland, CA 94612-3520

14   Telephone:   510/451-0544

15   Facsimile:   510/832-1486

16
     **GLANCY BINKOW & GOLDBERG LLP**
17
     LIONEL Z. GLANCY (134180)
18   lglancy@glancylaw.com

19   MARC L. GODINO (188669)
     mgodino@glancylaw.com

20   1925 Century Park East, Suite 2100

21   Los Angeles, CA 90067

22   Telephone:   310/201-9150
     Facsimile:   310/201-9160
23
     *Attorneys for Plaintiffs*
24
     Dated:  October 9, 2015    **MUNGER TOLLES & OLSON LLP**
25

26   By: _____ */s/ Kelly M. Klaus* _____
              KELLY M. KLAUS
27
     KELLY M. KLAUS (161091)
28   kelly.klaus@mto.com

- 9 -

ADAM I. KAPLAN (268182)
adam.kaplan@mto.com
560 Mission St., 27th Floor
San Francisco, CA 94105
Telephone: 415/512-4000

**MUNGER TOLLES & OLSON LLP**
GLENN D. POMERANTZ (112503)
glenn.pomerantz@mto.com
MELINDA E. LEMOINE
melinda.lemoine@mto.com
355 South Grand Ave., 35th Floor
Los Angeles, CA 90071
Telephone: 213/683-9100

*Attorneys for Defendants*


### DECLARATION REGARDING CONCURRENCE

I, **BETSY C. MANIFOLD**, am the CM/ECF User whose identification login and password are being used to file this **JOINT STATUS REPORT PURSUANT TO SEPTEMBER 29, 2015 ORDER (DKT. 245)**. In compliance with L.R. 5-4.3.4(a)(2)(i), I hereby attest that **Kelly M. Klaus** has concurred in this filing's content and has authorized its filing.

DATED: October 9, 2015          By:     */s/ Betsy C. Manifold*
                                          BETSY C. MANIFOLD

WARNER/CHAPPELL:22251.status,report.v4

- 10 -