GLENN D. POMERANTZ (State Bar No. 112503)
glenn.pomerantz@mto.com
KELLY M. KLAUS (State Bar No. 161091)
kelly.klaus@mto.com
MELINDA E. LeMOINE (State Bar No. 235670)
melinda.lemoine@mto.com
ADAM I. KAPLAN (State Bar No. 268182)
adam.kaplan@mto.com
MUNGER, TOLLES & OLSON LLP
355 South Grand Avenue
Thirty-Fifth Floor
Los Angeles, California 90071-1560
Telephone:  (213) 683-9100
Facsimile:   (213) 687-3702

Attorneys for Defendants
Warner/Chappell Music, Inc. and
Summy-Birchard, Inc.

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP.; et al., <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC., et al., <br><br> Defendants. | Lead Case No. CV 13-04460-GHK (MRWx) <br><br> **DEFENDANTS' NOTICE OF MOTION AND MOTION [1] FOR RECONSIDERATION OF COURT'S MEMORANDUM AND ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT (DKT. NO. 244) OR, ALTERNATIVELY, [2] TO CERTIFY ORDER FOR INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date:        November 16, 2015 <br> Time:        9:30 a.m. <br> Courtroom: 650 <br> Judge:       Hon. George H. King, Chief Judge |

**TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:**

**PLEASE TAKE NOTICE** that on November 16, 2015, at 9:30 a.m., or as soon thereafter as counsel may be heard before the Honorable George H. King, Chief Judge, in Courtroom 650 of the Edward R. Roybal Federal Building, located at 255 E. Temple Street, Los Angeles, California 90012, Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc. (collectively, "Warner/Chappell") will and hereby do move the Court, pursuant to Rules 59(e) of the Federal Rules of Civil Procedure and Civil Local Rule 7-18, for reconsideration of the Court's September 22, 2015 Memorandum and Order Re Cross-Motions for Summary Judgment (Dkt. No. 244) (the "Order"), or, alternatively, to certify the Order for interlocutory appeal under 28 U.S.C. § 1292(b).

This Motion is made on the grounds that:

1.     The Order clearly erred in refusing to extend any prima facie presumption of validity to copyright registration E51990;

2.     The Order failed to consider the complete language of the October 16, 1944 Hill-Summy agreements, which transferred to Clayton F. Summy Co. ("Summy") all of the interest of Patty and Jessica Hill in the *Happy Birthday* works published by Summy, including "'Happy Birthday to You', Piano Solo with Words," and including any of Patty and Jessica's common law copyrights in such works (which, if the Court adheres to its conclusion that federal copyright registration E51990 did not include the *Happy Birthday* lyrics, would include Patty and Jessica's retained common law copyright in the lyrics); and

3.     The Order satisfies the standards for certification in 28 U.S.C. § 1292(b).

This Motion is made following the conference of counsel pursuant to Civil L.R. 7-3 that took place on October 8, 2015.  This Motion is based upon this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities, all the pleadings and documents on file herein, such other oral and documentary

1  evidence as may be presented at or before the time of the hearing on this Motion,

2  and all facts of which the Court may take judicial notice.

3  DATED:  October 15, 2015          MUNGER, TOLLES & OLSON LLP

4

5

6                                              By: _____/s/ Kelly M. Klaus_____
                                                      KELLY M. KLAUS
7

8                                              Attorneys for Defendants Warner/Chappell
                                               Music, Inc. and Summy-Birchard, Inc.
9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION AND SUMMARY OF ARGUMENT ...............................1

II.     THE COURT SHOULD RECONSIDER THE ORDER....................................3

    A.      Standard Of Review ................................................................................3

    B.      First Ground For Reconsideration: The Court Clearly Erred In Failing To Hold That Registration E51990 Establishes Prima Facie Evidence That Summy Was Authorized To Publish And Register The *Happy Birthday* Lyrics ......................................................4

    C.      Second Ground For Reconsideration:  The Order Did Not Consider Material Facts That Show (Or At A Minimum Create A Triable Issue Of Fact) That Patty and Jessica Hill Transferred The *Happy Birthday* Lyrics To Summy At Least As Of 1944 As Part Of The 1944 Assignment.......................................................................8

        1.      The Express Language Of The 1944 Assignment Shows An Unambiguous Intent To Transfer The *Happy Birthday* Lyrics From Patty and Jessica Hill To Summy .........................10

        2.      If The 1944 Assignment Transferred The *Happy Birthday* Lyrics To Summy, Then It Is Immaterial Whether Patty and Jessica Hill Authorized Summy To Register And Publish The Lyrics In 1935 ......................................................14

III.    ALTERNATIVELY, THE COURT SHOULD CERTIFY THE ORDER FOR INTERLOCUTORY REVIEW UNDER 28 U.S.C. § 1292(B).......................................................................................................16

IV.     CONCLUSION ............................................................................................18

1

## TABLE OF AUTHORITIES
### (continued)

2

**Page(s)**

3

**FEDERAL CASES**

4
5
6

*Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*,
   944 F.2d 1446 (9th Cir. 1991) ................................................................. 5

7
8

*Baron v. Leo Feist, Inc.*,
   173 F.2d 288 (2d Cir. 1949) ................................................................. 6

9

*In re Cement Antitrust Litig.*,
   673 F.2d 1020 (9th Cir. 1982) ............................................................ 17

10
11
12

*City of Colton v. Am. Promotional Events, Inc.*,
   No. CV 09-6630-PSG (SSX), 2010 WL 4569038 (C.D. Cal. Nov. 2, 2010) ......................................................................................................... 4

13
14

*Data Gen. Corp. v. Grumman Sys. Support Corp.*,
   36 F.3d 1147 (1st Cir. 1994) ............................................................. 5-6

15
16

*Dynamic Solutions, Inc. v. Planning & Control, Inc.*,
   646 F. Supp. 1329 (S.D.N.Y. 1986) ..................................................... 5

17

*Eckes v. Card Prices Update*,
   736 F.2d 859 (2d Cir. 1984) ................................................................. 5

18
19

*Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*,
   697 F.2d 27 (2d Cir. 1982) ........................................................... 14, 16

20
21

*Gilliam v. Am. Broad. Companies, Inc.*,
   538 F.2d 14 (2d Cir. 1976) ................................................................. 16

22
23

*Harris v. Emus Records Corp.*,
   734 F.2d 1329 (1984) .................................................................... 14, 15

24
25

*JBJ Fabrics, Inc. v. Brylane*,
   714 F. Supp. 107 (S.D.N.Y.1989) ...................................................... 16

26
27

*Los Angeles v. Santa Monica Baykeeper*,
   254 F.3d 882 (9th Cir. 2001) ............................................................ 3-4

28

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Machaty v. Astra Pictures, Inc.*,
   No. CIV. 48-394, 1951 WL 4631 (S.D.N.Y. May 2, 1951) *aff'd on
   other grounds*, 197 F.2d 138 (2d Cir. 1952) ........................................ 16

*Magnuson v. Video Yesteryear*,
   85 F.3d 1424 (9th Cir. 1996) ................................................................. 14

*Mattel, Inc. v. Bryant*,
   441 F. Supp. 2d 1081 (C.D. Cal. 2005) .................................................. 18

*In re Napster, Inc. Copyright Litig.*,
   191 F. Supp. 2d 1087 (N.D. Cal. 2002)................................................ 1, 6

*Nat'l Broad. Co. v. Sonneborn*,
   630 F. Supp. 524 (D. Conn. 1985) ........................................................ 1, 6

*One Treasure Ltd., Inc. v. Richardson*,
   202 F. App'x 658 (5th Cir. 2006) ............................................................. 6

*Pegasus Satellite Television, Inc. v. DirecTV, Inc.*,
   318 F. Supp. 2d 968 (C.D. Cal. 2004).................................................... 4

*Reese v. BP Exploration (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) ................................................................. 17

*Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*,
   5 F.3d 1255 (9th Cir. 1993) ..................................................................... 4

*Testa v. Janssen*,
   492 F. Supp. 198 (W.D. Pa. 1980) .......................................................... 6

*Thomas v. Hous. Auth. of Cnty. of Los Angeles*,
   No. CV 04-6970 MMM(RCX), 2005 WL 6136322 (C.D. Cal. Sept.
   19, 2005)................................................................................................... 4

*Torres-Negron v. J & N Records, LLC*,
   504 F.3d 151 (1st Cir. 2007) ................................................................. 1, 6

*United States Rubber Co. v. Wright*,
   359 F.2d 784 (9th Cir.1966) .................................................................. 17

1

2

## TABLE OF AUTHORITIES
### (continued)

Page(s)

**FEDERAL STATUTES**

28 U.S.C. § 1292(b) ............................................................................3, 16, 17

**FEDERAL RULES**

Federal Rule of Civil Procedure 59(e) ............................................................ 3

**FEDERAL REGULATIONS**

37 C.F.R. § 202.1(a) ........................................................................................ 7

**C.D. CAL. LOCAL RULES**

Civ. L.R. 7-18(c) .........................................................................................2, 4

**TREATISES**

16 Wright, Miller & Cooper, Federal Practice and Procedure:
    Jurisdiction, § 3930 (2d ed. 2009) ......................................................... 17

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   Introduction and Summary of Argument

Warner/Chappell respectfully requests that the Court either reconsider the September 22, 2015 Memorandum and Order Re Cross-Motions for Summary Judgment (Dkt. No. 244) (the "Order") or certify the Order for interlocutory appeal. Warner/Chappell makes this Motion with due recognition and appreciation for the substantial time and effort the Court invested in resolving the summary judgment motions.  Warner/Chappell nevertheless believes that the Order satisfies the standards for reconsideration or certification.

There are two grounds for reconsideration:

**1.   The Order clearly erred in refusing to extend any prima facie presumption of validity to the E51990 registration**.  Courts uniformly apply the presumption of validity where errors in registration are non-fraudulent and immaterial.  That rule applies where the registration omits or misstates an author, because that is an immaterial error.  *See Torres-Negron v. J & N Records, LLC*, 504 F.3d 151, 158 (1st Cir. 2007) ("Mistakes such as … failure to list all co-authors easily qualify as immaterial because the Copyright Office's decision to issue a certificate would not be affected by them"); *In re Napster, Inc. Copyright Litig.*, 191 F. Supp. 2d 1087, 1100 (N.D. Cal. 2002); *Nat'l Broad. Co. v. Sonneborn*, 630 F. Supp. 524, 531 (D. Conn. 1985).  That rule applies here.  Registration E51990 identified as author Preston Ware Orem (author of the arrangement) but omitted the name of Patty Hill, who (the fact-finder could conclude, Order at 18-19) authored the "text" that the application claimed and that (the fact-finder could conclude, as shown) constituted the "familiar" lyrics of *Happy Birthday*.  The registration claims copyright over *both* the "arrangement" and the "text," (J.A. 48).  Hence, the most that can be said is that the registration omits the name of all co-authors.

The Order effectively creates a rule that the omission of the name of additional co-authors deprived registration E51990 of any prima facie evidentiary

1    presumption that Summy was authorized to publish and register the *Happy Birthday*

2    lyrics.  That was clear error under the applicable authorities.  The omission of

3    Patty's name was immaterial:  there is no basis in law, logic or evidence to believe

4    the Copyright Office would have done anything different with the registration had

5    her name been included.  There is no evidence or even any contention by Plaintiffs

6    that the omission was an attempt to defraud the Copyright Office.  Even if Plaintiffs

7    presented evidence that Summy was not authorized to publish and register the lyrics,

8    the evidentiary effect of the prima facie showing would not disappear.  The dispute,

9    at most, would create a triable issue of fact.

10          **2.      The Order "fail[ed] to consider" the complete language of the**

11   **October 16, 1944 Hill-Summy agreements, which transferred to Summy Patty**

12   **and Jessica Hill's common law copyrights in addition to their rights to**

13   **federally registered copyrights**.  Civ. L.R. 7-18(c).  Patty and Jessica Hill, the Hill

14   Foundation and Summy settled *The Hill Foundation v. Summy* litigation by signing

15   three agreements simultaneously on October 16, 1944.[1]  The Court concluded that

16   one of these agreements—which the Order called the "Third Agreement"—showed

17   only Patty and Jessica's intent to transfer their interest in eleven federally registered

18   copyrights.  Order at 36.

19          Warner/Chappell submits that language in the Third Agreement which the

20   Order did not quote or discuss shows (or at a minimum creates a triable fact issue)

21   that Patty and Jessica Hill did not simply intend to transfer to Summy all of their

22   "right, title and interest … in and to" whatever was included in Summy's 1935

_____

[1] All three of these agreements (collectively, the "1944 Assignment") are in the
summary judgment record.  *See* J.A. 126 (Settlement Agreement among Patty and
Jessica Hill, Hill Foundation, Inc. and Clayton F. Summy Co., Oct. 16, 1944)
("Third Agreement"); J.A. 113 (Patty and Jessica Hill Assignment to Hill
Foundation, Inc., Oct. 16, 1944) ("Hills' Assignment to Hill Foundation"); J.A. 115
(Hill Foundation, Inc. Assignment to Clayton F. Summy Co., Oct. 16, 1944) ("Hill
Foundation's Assignment to Summy").

*copyright registrations* of *Happy Birthday to You!*  Rather, Patty and Jessica also intended to—and by their language did—transfer all of their "right, title and interest … in and to" a list of specifically enumerated "books *and musical compositions*" published by Summy, including "'Happy Birthday to You', Piano Solo with Words."  The Hill Foundation's Assignment to Summy underscores this fact.  That agreement explicitly stated that the Hill Foundation was transferring not only rights to copyrights, but "all of its property, right, title and interest in and to said books, *musical compositions* and arrangements"—including "'Happy Birthday to You', Piano Solo with Words"—and "*including both the words and music thereof*."  J.A. 115 at 1665-66 (emphasis added).  And the evidence shows—or at a minimum creates a triable fact issue—that the "Words" in "'Happy Birthday to You', Piano Solo with Words" were the "familiar" lyrics of *Happy Birthday*.[2]

If the Court does not reconsider the Order, Warner/Chappell respectfully requests that the Court certify it for interlocutory appeal under 28 U.S.C. § 1292(b).  The Order involves disputed questions of law—including the effect of non-fraudulent, non-prejudicial errors in copyright applications and third-party standing to challenge copyright registrations—that are controlling; that present substantial grounds for difference of opinion; and the resolution of which on appeal would materially advance the ultimate termination of this litigation.

## II.     The Court Should Reconsider The Order

### A.     Standard Of Review

The Court has discretion to reconsider and vacate its summary judgment ruling pursuant to its inherent authority and also under Federal Rule of Civil Procedure 59(e).  *See Los Angeles v. Santa Monica Baykeeper*, 254 F.3d 882, 887

---

[2] Warner/Chappell notes for the record that it disagrees with other parts of the Order that are not discussed in this Motion.  Warner/Chappell confines its reconsideration request to the parts of the Order discussed in this Motion and reserves its other arguments for appeal if necessary.

(9th Cir. 2001) ("[A] district court's authority to rescind an interlocutory order over which it has jurisdiction is an inherent power rooted firmly in the common law and is not abridged by the Federal Rules of Civil Procedure.").  Central District Civil Local Rule 7-18 states that the Court may reconsider its prior Orders on several grounds, including where the moving party makes "a manifest showing of a failure to consider material facts presented to the Court before such decision."  Civil L.R. 7-18(c).  *See, e.g.*, *Pegasus Satellite Television, Inc. v. DirecTV, Inc*., 318 F. Supp. 2d 968, 978-79 (C.D. Cal. 2004) (granting motion for reconsideration based on court's failure to fully address material facts presented).

Although not expressly stated in Civil Local Rule 7-18, Ninth Circuit precedent makes it clear that reconsideration also "is appropriate if the district court … committed clear error or the initial decision was manifestly unjust."  *Sch. Dist. No. 1J, Multnomah Cnty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *Thomas v. Hous. Auth. of Cnty. of Los Angeles*, No. CV 04-6970 MMM(RCX), 2005 WL 6136322, at *8 (C.D. Cal. Sept. 19, 2005) (same); *see also City of Colton v. Am. Promotional Events, Inc*., No. CV 09-6630-PSG (SSX), 2010 WL 4569038, at *5 (C.D. Cal. Nov. 2, 2010) ("no party's interests are served by a lengthy appeal on a discrete issue, only to later be told what the Court already knows").

### B.   First Ground For Reconsideration: The Court Clearly Erred In Failing To Hold That Registration E51990 Establishes Prima Facie Evidence That Summy Was Authorized To Publish And Register The *Happy Birthday* Lyrics

The Order held that registration E51990 does not provide Warner/Chappell with any evidentiary support for Summy's authorization to publish and register the *Happy Birthday* lyrics for copyright protection.  In particular, the Order concluded that "[b]ecause this registration does not list any Hill sister as the author or otherwise make clear that the *Happy Birthday* lyrics were being registered, we cannot presume this registration reflects the Copyright Office's determination that Summy Co. had the rights to the lyrics to copyright them."  Order at 15.  The Order

thus gave no weight whatsoever to the registration as evidencing Summy's authority to publish and register the lyrics in 1935, and (for reasons set forth in the Court's analysis of the transfer issue) held there was no other evidence showing that Summy had the right to do the same.

The Court clearly erred by giving registration E51990 no evidentiary weight and failing to recognize that the registration explicitly claimed copyright in the "text" deposited with the registration.

*First*, as to the issue of evidentiary weight, the ruling that the presumption of validity does not apply where a registration lists some but not all of the authors is contrary to precedent applying the presumption where omissions of authorship are immaterial and non-fraudulent.  Because the registration was entitled to at least prima facie weight, the Court at a minimum should have denied Plaintiffs' summary judgment motion.

A copyright registration constitutes prima facie evidence that the copyright is valid.  This entails a presumption of originality, compliance with statutory formalities, copyrightability, and of a valid chain of title from author to proprietor. *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1451 (9th Cir. 1991).  As long as a misstatement in registration is neither fraudulent nor material, it will not displace the statutory presumption. *Eckes v. Card Prices Update,* 736 F.2d 859, 861 (2d Cir. 1984) (applying presumption of validity notwithstanding omissions in the copyright applications); *Dynamic Solutions, Inc. v. Planning & Control, Inc.*, 646 F. Supp. 1329, 1341 (S.D.N.Y. 1986) ("Innocent errors do not abrogate the presumption of validity afforded registered works by section 410(c) of the Act.").

An omission or misidentification as to authorship is a quintessential example of an error that is immaterial and that will not jeopardize a registration's validity. "[A]n error is immaterial if its discovery is not likely to have led the Copyright Office to refuse the application," *Data Gen. Corp. v. Grumman Sys. Support Corp.*,

36 F.3d 1147, 1161 (1st Cir. 1994), and "neither the statute nor the rules of the Copyright Office require that the author be named" in the first instance. *Baron v. Leo Feist, Inc.*, 173 F.2d 288, 289-90 (2d Cir. 1949). Hence, the law is clear that "[m]istakes such as … *failure to list all co-authors* easily qualify as immaterial because the Copyright Office's decision to issue a certificate would not be affected by them." *Torres-Negron*, 504 F.3d at 158 (emphasis added).[3]

Because errors or omissions relating to authorship are not material, courts routinely apply the statutory *presumption* of validity even where the copyright application or registration omitted or misstated an author. In *In re Napster, Inc. Copyright Litigation*, for example, the court emphasized that "[u]nless Napster can show that plaintiffs defrauded the Copyright Office in a manner that prejudiced Napster, the alleged inconsistencies in plaintiffs' certificates"—there, incorrectly identifying the record companies and not the artists as the authors of the works— would not displace the presumption of ownership. 191 F. Supp. 2d at 1099-1100. *See also Nat'l Broad. Co.*, 630 F. Supp. at 531-37 (applying presumption of validity notwithstanding alleged errors in registration certificate, including claim that NBC authored the entire work).

*Second*, Warner/Chappell submits that it was clear error for the Court to conclude that, even if the *Happy Birthday* lyrics "were printed in the deposit copy for E51990, it is unclear whether those lyrics were being registered, and unclear whether the Copyright Office determined the validity of Summy Co.'s alleged interest in the lyrics in 1935." Order at 13-14 (footnote omitted). Registration E51990 unambiguously claims protection in the lyrics that were deposited with the registration. J.A. 48, 101 (deposit record). The registration states that copyright

---

[3] *Accord One Treasure Ltd., Inc. v. Richardson,* 202 F. App'x 658, 660 (5th Cir. 2006) (noting that "Courts have repeatedly excused a wide range of errors" including "misstatement of work's author"); *Testa v. Janssen*, 492 F. Supp. 198, 201 (W.D. Pa. 1980) ("[P]laintiffs' misrepresentations here, with respect to authorship, *are immaterial* inasmuch as no prejudice has accrued to defendants, and the transgression in no way affects the validity of plaintiffs' copyright.").

1   was claimed in an arrangement "with text."  J.A. 48.  Although the deposit copy for

2   E51990 is not available, the admissible evidence in the record proves—or at a

3   minimum creates a triable fact issue—that the only copyrightable lyrics deposited

4   with E51990 were the "familiar" lyrics of *Happy Birthday*.

5       Specifically:  The Copyright Office's deposit records state that on December

6   9, 1935, Summy deposited two copies of a musical composition entitled "*Happy*

7   *Birthday to You!*," by Mildred J. Hill, that is described as a "Piano Solo with

8   words."  J.A. 101.  On December 6, 1935, Summy deposited in the British Museum

9   a musical composition with the same exact title, author and description as a "Piano

10  Solo with words."  Defs.' Mot. to Supplement the Record, Exs. A & B; Order at 7

11  (granting Warner/Chappell's request to supplement the record with the British

12  Museum deposit copy and receipt).  The only copyrightable "text" in the deposited

13  copy is the "familiar" lyrics of *Happy Birthday*.  The only other "text" on that copy

14  is the title, the name "Mildred J. Hill," the musical directions ("Vocal or

15  Instrumental" and "Brightly") and the copyright notice—none of which the

16  Copyright Office will register.  *See* 37 C.F.R. § 202.1(a) ("[w]ords and short phrases

17  such as names, titles, and slogans" "not subject to copyright and applications for

18  registration of such works cannot be entertained").  There is no evidence that

19  Summy deposited any other lyrics with the E51990 application—or, for that matter,

20  that it ever printed a composition entitled *Happy Birthday to You!* described as a

21  "Piano Solo with words" that contained different lyrics.  At the very least, there is a

22  triable issue of fact as to what lyrics were claimed by registration E51990.

23      The fact that Preston Ware Orem is the only author listed on the registration

24  proves only that the registration listed some but not all authors.  Orem authored the

25  arrangement, but he did not author the "text" over which the registration confers

26  copyright.  As the authorities discussed above show, the omission of Patty Hill's

27  name is immaterial and does not displace the prima facie presumption of validity

28  and authorization.  The Copyright Office would not refuse to register the work

because the registration omitted Patty Hill's name.  Contrary to the Court's conclusion, the omission of her name would have no bearing on the Office's determination of "the validity of Summy Co.'s alleged interest in the lyrics in 1935."  Order at 13.  Were the rule as the Court concluded, then in every case where a registration omitted or incorrectly identified an author (or authors), the registration would raise the questions the Court described.  But the authority discussed above shows that is not the rule.

For these reasons, the E51990 registration at a minimum should have constituted prima facie evidence, *inter alia*, that Summy was authorized to copyright the *Happy Birthday* lyrics.  Plaintiffs' other evidence at most would create a triable issue of fact regarding whether Summy was authorized to publish and register the lyrics.  That evidence would not eliminate the presumption and entitle Plaintiffs to summary judgment.  The Court should reconsider the Order on this ground.

**C.** **Second Ground For Reconsideration:  The Order Did Not Consider Material Facts That Show (Or At A Minimum Create A Triable Issue Of Fact) That Patty and Jessica Hill Transferred The *Happy Birthday* Lyrics To Summy At Least As Of 1944 As Part Of The 1944 Assignment**

For the reasons set forth above, Warner/Chappell submits that registration E51990 at a minimum creates a triable issue of fact that Summy was authorized to copyright the *Happy Birthday* lyrics in 1935.  Even if the Court disagrees, however, the Court should reconsider the Order in light of the complete language of the 1944 Assignment.

At pages 35 (line 23) to 37, the Order considered Warner/Chappell's argument that, even if the Patty and Jessica did not authorize Summy to publish and register the *Happy Birthday* lyrics in 1935 (the "Second Agreement," in the Court's words) and thus retained the common law copyright to the lyrics, Patty and Jessica nevertheless transferred their retained common law interest as part of the 1944

Assignment arising from the settlement of *The Hill Foundation v. Summy*.  The Order analyzed some of the language in the Third Agreement (J.A. 126):

> The Third Agreement was entered into in 1944 to resolve the Hill-Summy lawsuit.  (*See* J.A. 126 at ¶ g.)  Under the agreement, the Hill Foundation and the Hill sisters transferred all their "right, title and interest … in" *eleven different registered copyrighted works, including all the copyrights* to the various published versions of *Song Stories* and the copyrights to E51990 and four other piano-based versions of *Happy Birthday* (presumably, the "various piano arrangements" of the Second Agreement).  (*Id*. at ¶¶ a, 2.)  Nowhere in the agreement is there any discussion of the *Happy Birthday* lyrics; nor is there any suggestion that the Hill sisters transferred their common law rights in the Happy Birthday lyrics to Summy Co.

Order at 36:2-10 (emphasis added).

Based on the conclusion that Patty and Jessica Hill transferred only their rights in "eleven different registered copyrighted works," the Order called Warner/Chappell's reliance on the Third Agreement "circular."  The Order said that the Third Agreement could have transferred Patty and Jessica's rights to the lyrics "only if the lyrics were *within the scope of one of the eleven copyrighted works* that were the subject of the agreement."  *Id*. at 36:14-16 (emphasis added).  The Court then said that the lyrics "could have been *within the scope of those registered copyrights* only if, at some point in the past, the Hill sisters had given Summy Co. authorization to publish and register the lyrics"—evidence of which the Court found lacking.  *Id*. at 36:16-19 (emphasis added).  As these passages make clear, the Order critically relied on the conclusion that Patty and Jessica Hill only intended to transfer to Summy what was within the scope of the prior copyright registrations— and no other rights related to the works that were the subject of the Third Agreement.  The Order thus held—as a matter of undisputed fact—that if (as the Order elsewhere holds as an undisputed fact) Patty and Jessica did not authorize Summy to publish and register the *Happy Birthday* lyrics in 1935, then the Third

Agreement excluded the transfer of any common law copyright Patty and Jessica retained to those lyrics.[4]

Warner/Chappell respectfully submits that the Court failed to consider materials facts presented to it regarding the 1944 Assignment.  The facts not considered show that the Court's reading of the 1944 Assignment was incorrect.  If Patty and Jessica retained the common law copyright to the *Happy Birthday* lyrics prior to October 16, 1944—and, based on other rulings in the Order, Patty and Jessica's retention of the common law copyright in the lyrics must be assumed at a minimum as a triable issue of fact—the language of the agreements making up the 1944 Assignment nevertheless shows the parties' unambiguous intent to transfer the common law copyright as part of the settlement of *The Hill Foundation v. Summy*.  Under binding Ninth Circuit authority, the 1944 Assignment gave Summy (and its successors in interest) a valid copyright to the lyrics.

### 1. The Express Language Of The 1944 Assignment Shows An Unambiguous Intent To Transfer The *Happy Birthday* Lyrics From Patty and Jessica Hill To Summy

The parties executed three agreements on October 16, 1944, referred to herein as the 1944 Assignment, all of which were in the summary judgment record.  *See* n.1, *supra*.  The Order focuses on the Third Agreement (J.A. 126), and we start there.  The Third Agreement begins with a series of recitals, the first of which is that "Summy is the publisher of the following copyrighted books *and musical compositions*."  (J.A. 126 at 1939 ¶ (a) (emphasis added).)  The Third Agreement then lists eleven different works, the tenth of which is:

> (10)  "Happy Birthday to You", Piano Solo *with Words*, (original United States copyright registration, December 6, 1935, entry #51990)

---

[4] Warner/Chappell's first ground for reconsideration (Section B, *supra*) demonstrates that the Court clearly erred in holding that it was an undisputed fact that Patty and Jessica did not authorize Summy to publish and register the lyrics.

1  (*Id.* at 1940 ¶ (a)(10) (emphasis added).)

2      The covenants in the Third Agreement start at page 1942 of J.A. 126.  The

3  transfer provision is in covenant number two.  Contrary to the Court's description,

4  the agreement to transfer is not limited just to the copyright registrations.  That

5  covenant states:

6          2.    Hill will simultaneously with the execution of this

7      Agreement execute an instrument of assignment in the form annexed

       hereto and marked "A," assigning all its right, title and interest in and

8      to the aforementioned copyrights and renewals and extensions of them,

       *and in and to the aforementioned books and musical compositions and*

9      *arrangements thereof* …

10 (*Id.* at 1942-43 (emphasis added).)

11     The unambiguous language of covenant number two thus makes it clear that

12 Patty and Jessica intended to transfer to Summy more than just their right, title and

13 interest in and to the registered copyrights.  If that is all they intended to transfer, the

14 covenant would end with "assigning all its right, title and interest in and to the

15 aforementioned copyrights and renewals and extensions of them."  But the covenant

16 does not end there.  It goes on to state that the transfer includes "all right, title and

17 interest in and to … *the aforementioned books and musical compositions*," number

18 10 of which is "'Happy Birthday to You', Piano Solo with Words."  (*Id.* (emphasis

19 added).)  Item number 10 does refer to the E51990 registration.  As discussed

20 below, that reference is important for determining what "Words" were encompassed

21 within the specific musical work that item number 10 references.  For purposes of

22 covenant number two, however, the critical point is that the transfer agreement

23 includes not only Patty and Jessica's rights in the copyright registration, but any

24 rights they had in the specific underlying musical work—rights that would include a

25 common law copyright in the lyrics.

26     The Hill Foundation's Assignment to Summy—referenced as annexed exhibit

27 "A" in covenant number two of the Third Agreement—follows through on the

28

commitment in covenant number two.  In that document—executed by Patty Hill as President of the Hill Foundation—the Hill Foundation transfers to Summy "[a]ll of its property, right, title and interest in and to the present copyrights and present renewals and extensions of copyrights" and, separately, "all of its property, right, title and interest in and to said books, *musical compositions* and arrangements, *including both the words and music thereof*."  (J.A. 115 at 1664-66 (emphasis added).)

The last component of the 1944 Assignment is the Hills' Assignment to Hill Foundation.  (J.A. 113.)  That agreement states that Patty and Jessica Hill transferred to the Hill Foundation "all our right, title and interest, joint and several, in and to the following copyrights."  (*Id*. at 1652.)  The agreement sets forth, in seven numbered paragraphs, references to specific works, along with original registration numbers in parentheses.  (*Id*.)  Item number 6 on this list is identical to item number 10 in the Third Agreement at recital paragraph (a).  Warner/Chappell expects Plaintiffs to argue that this part of the Hills' Assignment to Hill Foundation shows that Patty and Jessica intended to transfer only their interest in federally registered copyrights, and not any retained common law rights.  That interpretation is not tenable—and it cannot be taken to establish Plaintiffs' reading as a matter of undisputed fact.

Again, Warner/Chappell believes the evidence shows that both Patty and Jessica Hill and Summy understood the 1935 registration to cover the *Happy Birthday* lyrics, and that through the 1944 Assignment, Patty and Jessica transferred to Summy any and all rights in and to those registrations.  But, even if the facts were as the court construed them—a construction with which Warner/Chappell respectfully disagrees—the 1944 Assignment nonetheless demonstrates that Patty and Jessica were transferring anything that they retained.  It is clear from the language and structure of the Third Agreement that the parties thereto—Patty and Jessica Hill, the Hill Foundation, and Summy—intended to transfer to Summy "all

of the right, title and interest" that Patty and Jessica had in specific musical works. Patty and Jessica covenanted in the Third Agreement that they had "assigned to [the Hill Foundation] all of the right, title and interest of the Misses Hill *in and to the said copyrighted books and musical compositions*, and any and all assignments and agreements with respect thereto." (J.A. 126 at 1942 ¶ 1 (emphasis added).) And, as described above, the second covenant in the Third Agreement provided that the Hill Foundation would assign to Summy all of its rights "*in and to the aforementioned books and musical compositions and arrangements thereof*." (*Id.* ¶ 2 (emphasis added).)

Given this background, it would be error to read the Hills' Assignment to the Hill Foundation (signed by Patty Hill) to place the Hill Foundation in breach of its covenant to Summy by promising (in the two other agreements simultaneously executed by Patty Hill) to convey rights that the Hill Foundation was not capable of conveying. The reading that Plaintiffs favor—that Patty and Jessica's assignment to Summy ultimately was limited to rights in registered copyrights—would render illusory the language from both the Third Agreement and the Hill Foundation's Assignment to Summy that goes well beyond registered copyrights. As noted, those other two agreements—executed the same day as part of the 1944 Assignment— assign to Summy not only rights in copyrights and renewals, but rights in actual published "books, *musical compositions* and arrangements, *including both the words and music thereof*." (J.A. 115 at 1665-66 (emphasis added).)

For all the foregoing reasons, Patty and Jessica Hill and the Hill Foundation plainly intended for the 1944 Assignment to transfer to Summy all of their interest—including a retained common law copyright interest—in the musical work identified as "'Happy Birthday to You', Piano Solo with Words." J.A. 126 at 1940 ¶ (a)(10). That raises the question: what were those "Words"? The Court found it unnecessary to resolve what lyrics were deposited with E51990. Order at 13 & n.5. For the reasons shown in Section B above, Warner/Chappell respectfully submits

those words can only be the *Happy Birthday* lyrics.  J.A. 101, 106; Defs.' Mot. to Supplement the Record, Exs. A & B.  At a minimum, the evidence would create a triable issue of fact about whether those lyrics are the "Words" the parties referred to in the 1944 Assignment.

Finally, because the evidence shows that Patty and Jessica transferred to Summy their rights to the lyrics at least as of 1944, the Court also should reconsider its ruling that Plaintiffs have standing to challenge the 1944 Assignment.  *See* Order at 38-41.  In particular, the Court declined to apply the rule of *Eden Toys, Inc. v. Florelee Undergarment Co., Inc.*, 697 F.2d 27 (2d Cir. 1982), and *Magnuson v. Video Yesteryear*, 85 F.3d 1424 (9th Cir. 1996)—that third-party strangers to a copyright transfer agreement may not challenge the transfer absent a dispute between the actual parties—on the ground that "Defendants have no evidence that a transfer occurred."  Order at 40:24-25.  As shown above, Warner/Chappell does have evidence of a transfer.  Hence, the *Magnuson-Eden Toys* principle should apply to bar Plaintiffs' challenges to the transfer.

        **2.**    **If The 1944 Assignment Transferred The *Happy Birthday* Lyrics To Summy, Then It Is Immaterial Whether Patty and Jessica Hill Authorized Summy To Register And Publish The Lyrics In 1935**

The Order did not address the implications of a finding that Patty and Jessica transferred their common law copyright in the *Happy Birthday* lyrics to Summy through the 1944 Assignment.  Under controlling Ninth Circuit precedent, such a finding would mean that registration E51990 protects the *Happy Birthday* lyrics even if Summy did not have authorization from Patty and Jessica to publish and register those lyrics in 1935.

In *Harris v. Emus Records Corp.*, 734 F.2d 1329 (1984), Hannah Brown Music (Emmylou Harris's "dba" for her music business) registered a copyright for the song "Gliding Bird" in its name in 1969.  *Id.* at 1331.  The certificate of registration listed Emmylou Harris as the author.  *Id.* at 1335.  That was a mistake.

Harris did not author the song.  The actual author was Tommy Slocum, and as of the date of the registration, he had not assigned his rights to Hannah Brown Music.  *Id*. at 1331, 1335.  Later in 1969, Hannah Brown Music assigned its registered copyright for Gliding Bird to Nanshel Music; at the same time, Slocum assigned his rights in Gliding Bird to Nanshel Music.  *Id*. at 1331-32.  Several years later, Nanshel assigned the copyright to Gliding Bird to Hannah Brown Music.  *Id*. Hannah Brown Music then sued Emus Records and others for infringing Gliding Bird.

The defendants argued that Gliding Bird "ha[d] entered the public domain because of inaccuracies in the copyright registration."  *Id*. at 1335.  The Ninth Circuit rejected this argument.  It explained that "[w]hile the 1909 Copyright Act makes no provision for correcting mistakes in copyright registrations, plaintiffs did in fact effectuate the necessary correction through transfers of interest. Furthermore, defendants have made no showing that they have been prejudiced in any way by the incorrect original registration."  *Id*.  Importantly, the Ninth Circuit did not question the validity of the Gliding Bird registration even though the author of the song did not authorize its publication or registration until after the fact.  *See id*. at 1331-32 (quoting letter from Slocum to Nanshel Music regarding the post-hoc transfer of rights).

Here, as in *Harris*, even if the 1935 registration of E51990 was technically inaccurate—and even if Summy did not yet have authority to publish (and register in its own name) the *Happy Birthday* lyrics—the 1944 Assignment transferred to Summy the common law copyright that (under the Order) Patty and Jessica retained in and to the work covered by registration E51990.  As in *Harris*, Plaintiffs cannot and so do not allege (much less attempt to prove) that Summy tried to defraud the Copyright Office or that Plaintiffs "have been prejudiced in any way by the incorrect original registration."  *Id*. at 1335.

In an analogous context, courts have held "that where an unauthorized person takes out a copyright and claims to be the owner thereof that he acts as trustee for the true owner, and any copyright that he obtains is considered in equity as being held in trust by him for the owner." *Machaty v. Astra Pictures, Inc.*, No. CIV. 48-394, 1951 WL 4631, at *1 (S.D.N.Y. May 2, 1951) *aff'd on other grounds,* 197 F.2d 138 (2d Cir. 1952).  Similarly, courts have held that where a party registers a derivative work without authorization from the owner of the underlying work, the requisite authorization can be obtained retroactively—and also can entitle the owner of the derivative work "to protection beyond its own original contribution." *JBJ Fabrics, Inc. v. Brylane*, 714 F. Supp. 107, 110 (S.D.N.Y.1989); *see also Eden Toys,* 697 F.2d 27, at 34 n. 6; *Gilliam v. Am. Broad. Companies, Inc*., 538 F.2d 14, 21 & n.5 (2d Cir. 1976).  These cases further show that, in light of the 1944 Assignment, registration E51990 protects the *Happy Birthday* lyrics regardless of whether Patty and Jessica Hill authorized Summy to publish and copyright the lyrics in 1935.

### III.   Alternatively, The Court Should Certify The Order For Interlocutory Review Under 28 U.S.C. § 1292(b)

If the Court does not reconsider the Order, then the Court should certify it (or any amended Order) for interlocutory appeal under 28 U.S.C. § 1292(b).  Under that section, certification of an order is warranted where (1) the decision involves a controlling question of law, (2) on which there is substantial ground for a difference of opinion and (3) immediate appeal from the order may materially advance the ultimate termination of the litigation.  The Order satisfies each of these three requirements.

The Order presents at least the following controlling questions of law, as to which there is substantial ground for difference of opinion:

(1)   Whether registration E51990 constitutes prima facie evidence that Summy was authorized to copyright the *Happy Birthday* lyrics even though the registration omitted the name of the author of the lyrics.

(2)     Whether Plaintiffs have standing to challenge Patty and Jessica's transfer of the *Happy Birthday* lyrics to Summy even though there is no evidence of a dispute between them (or any of their successors) and Summy (or any of its successors) regarding the transfer of those lyrics.

*First*, because each of these questions could "materially affect the outcome of litigation in the district court," they are "controlling" under § 1292(b).  *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982).  The Ninth Circuit has made clear that the term "controlling question of law," as used in Section 1292(b), should not be construed "so narrowly as to require that reversal of the district court's order terminate the litigation."  *Id*.  Here, there can be no dispute that reversal as to either of the issues above would "materially affect the outcome of the litigation."  Reversal would enable the parties to proceed to trial on the scope and validity of Warner/Chappell's copyright, which, in turn, might obviate the need for litigation on class certification issues and the merits of Plaintiffs' state law claims.

*Second*, even if the Court does not agree with Warner/Chappell's arguments on these legal questions, the cases that support those arguments show that the questions are ones "'over which reasonable judges might differ'"—and that satisfies § 1292(b)'s requirement for "substantial ground for difference of opinion."  *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).  The questions clearly are ones as to which "fair-minded jurists might reach contradictory conclusions."  *Id*.

*Third*, certification of an appeal will "materially advance the ultimate termination of the litigation."  28 U.S.C. § 1292(b).  In evaluating this factor, courts consider the "substantiality of the burdens imposed on the parties by a wrong ruling."  16 Wright, Miller & Cooper, Federal Practice and Procedure: Jurisdiction, § 3930, at 415-16 (2d ed. 2009); *see also United States Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir.1966) (interlocutory appeal appropriate where it "might avoid protracted and expensive litigation").  Here, the expense and burden of litigating and

1  resolving the class certification issues, the merits of Plaintiffs' state law claims, and

2  proceedings relating to remedies will be substantial.  The Court should seek

3  guidance from the Ninth Circuit now so as to avoid a potentially "needless

4  expenditure of judicial resources."  *Mattel, Inc. v. Bryant*, 441 F. Supp. 2d 1081,

5  1099 (C.D. Cal. 2005).

6  **IV.    Conclusion**

7          Warner/Chappell respectfully requests that the Court reconsider the Order.

8  Alternatively, the Court should certify the Order for interlocutory appeal.

9  DATED:  October 15, 2015              MUNGER, TOLLES & OLSON LLP

10

11                                       By:      */s/ Kelly M. Klaus*

12                                                KELLY M. KLAUS

13                                       Attorneys for Defendants Warner/Chappell
                                         Music, Inc. and Summy-Birchard, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

MOT. FOR RECONSIDERATION OR CERTIFICATION
CASE NO. CV 13-04460-GHK (MRWx)