FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone:  619/239-4599
Facsimile:   619/234-4599

*Interim Lead Counsel for Plaintiffs and the [Proposed] Class*

## UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA -

## WESTERN DIVISION

| | |
|---|---|
| GOOD   MORNING   TO   YOU PRODUCTIONS CORP., *et al.*,<br><br>                      Plaintiffs,<br><br>v.<br><br>WARNER/CHAPPELL   MUSIC, INC., *et al*.<br><br>                      Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Lead Case No. CV 13-04460-GHK (MRWx)<br><br>**OPPOSITION TO DEFENDANTS' MOTION FOR RECONSIDERATION OF COURT'S MEMORANDUM AND ORDER RE CROSS-MOTIONS FOR SUMMARY JUDGMENT (DKT. NO. 244) OR, ALTERNATIVELY, TO CERTIFY ORDER FOR IMMEDIATE INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(b); MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF**<br><br>Date:      November 16, 2015<br>Time:     9:30 a.m.<br>Room:    650<br>Judge:    Hon. George H. King,<br>              Chief Judge |

# <u>TABLE OF CONTENTS</u>

**Page**

I.   INTRODUCTION AND SUMMARY OF ARGUMENT ............................ 1

II.  THE COURT NEED NOT RECONSIDER ITS THOUGHTFUL
     SUMMARY JUDGMENT DECISION ....................................... 2

     A.   Defendants' Motion Plainly Violates L.R. 7-18 ................................. 2

     B.   Standard of Review ........................................................................... 3

     C.   The Court Already Considered and Rejected Defendants'
          Argument that Summy Was Authorization to Publish and
          Register the *Happy Birthday* Lyrics Despite the Purported
          "Mistake" in Not Listing Patty Hill on the Registration .................... 4

          1.   Defendants' Repetitious Argument Fails
               Under L.R. 7-18 ................................................................ 4

          2.   Defendants' Argument Remains Legally
               Unsupported ..................................................................... 6

          3.   Defendants' Argument Remains Factually
               Unsupported ..................................................................... 7

     D.   The Court Already Considered Whether Patty
          and Jessica Hill Transferred the *Happy Birthday*
          Lyrics to Summy ................................................................................ 8

          1.   Defendants' Repetitive Argument Adds
               Nothing to the Court's Prior Careful Analysis of the
               1944 Assignment ............................................................. 8

          2.   Defendants' Repetitive Argument Remains
               Contrary to Controlling Ninth Circuit Precedent ..................... 9

3. Defendants' Repetitive Argument Still
Ignores the Facts .......................................................................10

4. Defendants' Circular Assignment Argument
is Unavailing ..............................................................................11

III. THE ORDER SHOULD NOT BE CERTIFIED FOR IMMEDIATE
INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)...................11

A. There Is No Qualifying "Controlling Question" of Law....................12

B. There Is Not Substantial Ground for Difference of Opinion..............13

C. An Immediate Appeal Will Not Materially Advance
the Ultimate Determination of this Litigation....................................13

IV. CONCLUSION .......................................................................................14

# TABLE OF AUTHORITIES

**Page**

## Cases

*Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*,
  944 F.2d 1446 (9th Cir. 1991) ............................................................. 6

*Ahrenholz v. Bd. of Trustees of Univ. of Illinois*,
  219 F.3d 674 (7th Cir. 2000) .............................................................. 12

*Budget Cinema, Inc. v. Watertower Assocs.*,
  81 F.3d 729 (7th Cir. 1996) ................................................................ 9

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ............................................................. 13

*Effects Assocs., Inc. v. Cohen*,
  908 F.2d 555 (9th Cir. 1990) ............................................................... 9

*Henderson v. J.M. Smucker Co.*,
  No. 10-4524-GHK (VBKx) 2013 U.S. Dist. LEXIS 166061
  (C.D. Cal. Nov. 20, 2013) ..............................................................4,5, 9

*In re Cement Antitrust Litig.*,
  673 F.2d 1020 (9th Cir. 1982) ........................................................... 11

*James v. Price Stern Sloan, Inc.*,
  283 F.3d 1064 (9th Cir. 2002) ........................................................... 11

*Kona Enters., Inc. v. Estate of Bishop*,
  229 F.3d 877 (9th Cir. 2000) ............................................................3, 9

*Kronigsberg Int'l, Inc. v. Rice*,
  16 F.3d 355 (9th Cir. 1994) ................................................................ 9

*Mattell, Inc. v. Bryant*,
  441 F. Supp. 2d 1081 (C.D. Cal. 2005) .............................................. 14

*McFarlin v. Conseco Services, LLC*,
   381 F.3d 1251 (11th Cir. 2004) ................................................................2, 12

*Reese v. BP Exploration (Alaska) Inc.*,
   643 F.3d 681 (9th Cir. 2011) .............................................................13

*Rieve v. Coventry Health Care Inc.*,
   870 F. Supp. 2d 856 (C.D. Cal. 2012)............................................. 11, 12, 13, 14

*Strauss v. Sheffield Ins. Corp.*,
   No. 05CV1310-H(CAB), 2006 U.S. Dist. LEXIS 98094, (S.D. Cal. June 23,
   2006) ..................................................................................................13

*Union Pac. R.R. Co. v. Coast Packaging Co.*,
   236 F. Supp. 2d 1130 (C.D. Cal. 2002) ...........................................9

*Voelkel v. Gen. Motors Corp.*,
   846 F. Supp. 1482 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994) ........... 4

*Xoom, Inc. v. Imageline, Inc.*,
   No. Civ A 3:98CV00542, 1999 U.S. Dist. LEXIS 21978 (E.D. Va. Sept. 3, 1999)
   ..........................................................................................................14

*Yang Ming Marine Transp. Corp. v. Oceanbridg Shipping Int'l, Inc.*,
   48 F. Supp. 2d 1049 (C.D. Cal. 1999).............................................. 9

**Statutes**

17 U.S.C.
   § 209 ..............................................................................................5

28 U.S.C.
   § 1292(b) ...........................................................................*passim*

**Other Authorities**

Nimmer & D. Nimmer,
   *Nimmer, Copyright*,
   § 10.03[A][3] (2014) ....................................................................9

# I.   INTRODUCTION AND SUMMARY OF ARGUMENT

Dissatisfied with the outcome on the cross-motions for summary judgment, Defendants now ask the Court to reconsider its comprehensive and well-reasoned 43-page decision granting in part Plaintiffs' motion and denying Defendants' cross-motion ("Summary Judgment Order"). Summ. J. Order, ECF No. 244.   The Summary Judgment Order set forth in detail the Court's meticulous review of all the evidence before it and its careful analysis of the myriad legal and factual issues raised by the parties. The summary judgment record, which stretched over the course of nearly a year, is immense. The Court reviewed two rounds of joint briefing (ECF Nos. 182 & 219), examined 126 exhibits comprising 1,947 pages (ECF Nos. 187-194), considered over 160 pages of 328 separately stated facts (ECF No. 183), and heard over four hours of oral argument. Following the Court's exhaustive review of the immense record, the Court found that Defendants do not own a copyright to the *Happy Birthday* lyrics, but found several triable issues of fact which prevented the Court from concluding that the *Happy Birthday* lyrics are in the public domain.[1]

Under Local Rule ("L.R.") 7-18, a motion for reconsideration may not "in any manner repeat oral or written argument made in support of or in opposition to the original motion." Ignoring the clear mandate of L.R. 7-18 entirely, Defendants' motion for reconsideration merely echoes their now-discredited summary judgment arguments: it makes **no new arguments**, it presents **no new evidence**, and it cites **no new law**. Defendants do not even feign compliance with L.R. 7-18. Defendants simply think the Court "got it wrong." The Court already addressed and rejected all the issues Defendants raise in their motion for reconsideration in the Court's meticulously-researched 43-page Summary Judgment Order.   The Court should

---

[1]     The remaining factual issues in Claim I are set for a bench trial on December 15 and 16, 2015.   Status Conference Mins., ECF No. 248.

- 1 -

again reject these same tired arguments, and deny Defendants' non-conforming motion out of hand.

Likewise, Defendants cannot meet their heavy burden for a permissive interlocutory appeal. Under 28 U.S.C. § 1292(b), the Court may certify an order for an immediate appeal only when the court of appeals can rule on a pure, controlling question of law without having to determine any disputed facts. Indeed, an appeal such as this, which "turns on whether there is a genuine issue of fact," is "[t]he *antithesis* of a proper § 1292(b) appeal." *McFarlin v. Conseco Services, LLC*, 381 F.3d 1251, 1259 (11th Cir. 2004) (emphasis added). An interlocutory appeal here – which has no merit in any event – will *not* advance the resolution of this litigation; it will only *prolong* it. Thus, the Court should refuse to certify an interlocutory appeal.

Defendants have needlessly and unreasonably interposed their meritless motion solely to delay these proceedings. The Court should deny it forthwith.

## II.   THE COURT NEED NOT RECONSIDER ITS THOUGHTFUL SUMMARY JUDGMENT DECISION

### A.   Defendants' Motion Plainly Violates L.R. 7-18

Local Rule 7-18 states as follows: "No motion for reconsideration shall in any manner repeat oral or written argument made in support of or in opposition to the original motion." That is all Defendants' motion for reconsideration does: it merely echoes their now-discredited summary judgment arguments. They make no new arguments, present no new evidence, and cite no new law. As summarized in the following table and as discussed in detail in Sections C and D below, Defendants previously made every argument in their motion for reconsideration:

///

///

| Issue Raised on Reconsideration (ECF No. 247) | Where Raised in Joint Summary Judgment Brief (ECF No. 182) | Where Raised at March 23, 2015 Oral | Where Addressed by Court Order (ECF No. 244) |
|---|---|---|---|

| | | Argument (ECF No. 208) | |
|---|---|---|---|
| Court failed to hold that 1935 registration certificate was *prima facie* evidence Summy was authorized to publish and register *Happy Birthday* lyrics despite omitting Patty's name | 15; 26; 44-54[2] | 14:23-15:2; 16:6-8; 16:24-17:1; 18:19-23; 34:16-19 | 11-16 |
| Court failed to find that Patty and Jessica transferred the *Happy Birthday* lyrics to Summy at least as of 1944 | 13; 26; fn. 16 | | 5-6, 28-37 |
| 1944 assignment from The Hill Foundation shows unambiguous intent to transfer the *Happy Birthday* lyrics from Patty and Jessica to Summy | 13; 26; fn. 16 | | 5-6, 28-37 |
| If 1944 assignment transferred the *Happy Birthday* lyrics to Summy, then whether Patty and Jessica authorized Summy to register and publish the lyrics in 1935 is immaterial | 25; 48 | | 14-15 |

The Court already considered and addressed all those arguments at length.

Because Defendants' motion improperly repeats those same losing arguments again, their non-conforming motion should be denied.

## B.    Standard of Review

Reconsideration is "an 'extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v.*

---

[2]    All citations to ECF documents refer to the ECF page numbers at the top of the page.

*Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000) (citation omitted). In this District, motions for reconsideration are governed by Local Rule 7-18, which provides that reconsideration may be granted only when the moving party shows:

> (a) a material difference in fact or law from that presented to the Court before such decision that in the exercise of reasonable diligence could not have been known to the party moving for reconsideration at the time of such decision, or (b) the emergence of new material facts or a change of law occurring after the time of such decision, or (c) a manifest showing of a failure to consider material facts presented to the Court before such decision.

*Henderson v. J.M. Smucker Co.*, No. 10-4524-GHK (VBKx) 2013 U.S. Dist. LEXIS 166061, at *5 (C.D. Cal. Nov. 20, 2013). It is "***not a second chance*** for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994), *aff'd*, 43 F.3d 1484 (10th Cir. 1994).

**C.     The Court Already Considered and Rejected Defendants' Argument that Summy Was Authorization to Publish and Register the *Happy Birthday* Lyrics Despite the Purported "Mistake" in Not Listing Patty Hill on the Registration**

Citing no new evidence and no change in the law, Defendants' main argument in support of reconsideration, which they assert in various forms at least eight times in their motion paper (Defs.' Mot. for Recons. 8-10, 12-14, 21 & 22, ECF No. 247), is that the Court failed to treat the 1935 registration for E51990 as *prima facie* evidence that Summy owned a copyright to the *Happy Birthday* lyrics, not just the piano arrangement composed by its employee, Preston Ware Orem, despite the purported "immaterial mistake" in not including Patty Hill's name in the registration. Defendants' argument is flawed for at least three reasons.

**1.     Defendants' Repetitious Argument Fails Under L.R. 7-18**

*First*, Defendants raised this issue multiple times during the summary judgment proceedings. Defendants offer no different or newly-discovered facts, and

- 4 -

they cite no change in the law occurring after the Court's summary judgment decision on this point.  None of the "new" cases Defendants cite, the most recent of which was decided in 2011 (more than three years **before** the cross-motion was briefed), changed the law; they merely echo the cases Defendants cited before. Their reconsideration argument merely repeats, albeit in slightly different words, the same legal argument Defendants made repeatedly on summary judgment. *See*, *e.g.*, Joint Summ. J. Br. 15, 26 & 44-54, ECF No. 182; Summ. J. Hr'g. Tr. 14:23-15:2, 16:6-8, 16:24-17:1, 18:19-23, & 34:16-19, March 23, 2015, ECF No. 208. Under L.R. 7-18, it should be denied on this basis alone. In *Henderson*, 2013 U.S. Dist. LEXIS 166061 at *8, this Court denied a motion for reconsideration that similarly sought to reframe old legal arguments: "Defendant does not set forth one material fact that we failed to consider. Defendant's attempt to surreptitiously reframe these legal arguments as a failure to consider material facts does not transform them into a proper basis for reconsideration."

The Court plainly considered – and properly rejected – that argument in the Summary Judgment Order. For example, the Court addressed the question of "immaterial mistake" with Defendants' counsel during the hearing on March 23, 2015. Hr'g. Tr. 18:19-19:16; 32:10-15; 42:12-24. The Court also addressed the "immaterial mistake" argument in its Summary Judgment Order. Summ. J. Order 11:28-12:2; 15:5-8.   The fact that the Court, after considering all the evidence, reached a different conclusion than Defendants argued for is not a basis for it to reconsider its Summary Judgment Order.

Despite Defendants' argument, the Court did **not** ignore the presumption given to them under the registration certificate for E51990. To the contrary, the Court expressly accepted that under the 1909 Act, a registration certificate constitutes "'*prima facie* evidence of the facts stated therein.'" Summ. J. Order 11 (quoting 17 U.S.C. § 209 (1909 Act). The Court also expressly recognized that "'a majority of courts have held that § 209 [of the 1909 Copyright Act also] creates a

rebuttable presumption that the certificate holder has met all the requirements for copyright validity.'" *Id.* (quoting *Acad. of Motion Picture Arts & Scis. v. Creative House Promotions, Inc.*, 944 F.2d 1446, 1451 (9th Cir. 1991)).[3] The Court simply reached a different conclusion than Defendants wanted regarding whether the presumption of validity had been rebutted or overcome. Defendants' dissatisfaction with the outcome is no basis for the Court to reconsider its decision.[4]

Defendants also repeat their prior argument that Plaintiffs offered no evidence that the failure to name Mildred or Patty on the 1935 registration was an attempt to defraud the Copyright Office. Defendants made that same argument before as well. And the Court expressly considered (and properly rejected) it. Summ. J. Order 14-15. Defendants' re-do of that argument again overlooks the fact that Plaintiffs offered considerable evidence that (a) Patty was not the author of the *Happy Birthday* lyrics; and (b) even if Patty was the author of the *Happy Birthday* lyrics, she never transferred any right to those lyrics to Summy. Again, citing no new evidence or changed legal standard, Defendants' dissatisfaction with the Court's ruling on an issue it already has considered is no reason for the Court to reconsider its decision.

## 2. Defendants' Argument Remains Legally Unsupported

*Second*, Defendants' argument was, and still is, unsupported by any legal authority. As the Court correctly held in its Summary Judgment Order, the limited presumption afforded by a registration certificate "is not an insurmountable one."[5] It certainly is not conclusive proof of anything. If the Court were to reconsider its careful analysis of this issue, Defendants' argument would make a registration

---

[3]      The Court quoted the same 24-year old *Acad. of Motion Pictures* case on which Defendants rest their motion for reconsideration.

[4]      Significantly, Defendants have not asked the Court to reconsider its allocation of the burden of proof. Summ. J. Order 9:19-10:2 (placing burden on Defendants).

[5]      *See* Summ. J. Order 11 (discussing limited scope of presumption).

certificate – even one that purportedly omits important information – not just *prima facie* evidence, but instead conclusive proof, and not merely of what was stated in the certificate, but of what was omitted from it as well.

Defendants have cited no new authority or change in the law to require reconsideration. No court has ever given such weight or breadth to any registration certificate, and this Court was correct not to do so here.

### 3. Defendants' Argument Remains Factually Unsupported

*Third*, Defendants' argument also remains unsupported by any evidence. Defendants have offered no proof – none in the voluminous summary judgment record and no new evidence for the Court to reconsider now – that the omission of Patty's name from the registration for E51990 was, in fact, a mistake at all, rather than an accurate description of the limited scope of the work-for-hire covered by that copyright.

As the Court correctly found, E51990 is a work-for-hire copyright for a derivative work. Summ. J. Order 13 (citation omitted). The record easily proves that E51990 covered only new material added to Mildred and Patty Hill's pre-existing work, *Good Morning to All*, by Summy's employee, Preston Ware Orem. *Id.* at 13-14. The registration was entitled "Application for Republished Musical Composition with New Matter." *Id.* at 13 (quoting J.A. Ex. 48). The author of the new matter was identified as "Preston Ware Orem, employed for hire by Clayton F. Summy Co." *Id.* Defendants have admitted that Mr. Orem did ***not*** write the *Happy Birthday* lyrics. *Id.* at 14 (citing ECF Nos. 95 at ¶ 97; 99 at ¶ 97). Therefore, the only new matter that could have possibly been added by Mr. Orem was the piano arrangement. *Id.*

The 1935 work-for-hire copyright E51990, covering only new material added to the pre-existing musical composition *Good Morning to All*, was limited to Mr. Orem's piano arrangement. Leaving Patty Hill's name off that limited copyright registration ***was no mistake*** and Defendants presented no evidence to the contrary. Defendants' argument that Patty's name was "mistakenly" omitted from the

registration rests now on reconsideration, as it rested before on summary judgment, on at least two entirely unsupported factual premises: (1) that the registration was not intended to cover only the new work added by Mr. Orem as Summy's employee; *and* (2) that it was not intended to cover only the work-for-hire at all, since Patty never worked for Summy. There is no evidence – *none* in the expansive summary judgment record and *none* on reconsideration – to support either premise. In the end, Defendants' argument that Patty's name was "mistakenly" omitted from the 1935 registration for E51990 is nothing more than tired, repetitive, and factually unsupported speculative argument.

### D. The Court Already Considered Whether Patty and Jessica Hill Transferred the *Happy Birthday* Lyrics to Summy

Defendants' second argument in support of reconsideration is that the Court overlooked portions of The Hill Foundation's assignment of various copyrights to Summy in 1944. After a meticulous review of all the evidence in the summary judgment record of three different assignments from the Hill sisters and The Hill Foundation to Summy, the Court rejected Defendants' argument that Patty and Jessica transferred the *Happy Birthday* lyrics to Summy in 1944.  Summ. J. Order 35-37. Brushing aside the Court's detailed, careful analysis of all three transfers, Defendants argue that the Court *ignored* a few words from The Hill Foundation's 1944 assignment. Defendants' dismissive second argument also suffers from at least three fatal flaws.

#### 1. Defendants' Repetitive Argument Adds Nothing to the Court's Prior Careful Analysis of the 1944 Assignment

*First* and foremost, the Court carefully considered the exact same argument, *and all the same evidence* that Defendants again offer in support of it, in deciding the cross-motions for summary judgment. There is no doubt that the Court carefully reviewed The Hill Foundation's 1944 assignment to Summy. Its discussion of the 1944 transfer is set forth in the Summary Judgment Order.

Defendants' attempt to use § 1292(b) to cite some additional cases or even

raise new arguments they could have raised before is improper. *Henderson*, 2013 U.S. Dist. LEXIS 166061 at \*5-6 (citing L.R. 7-18; *Yang Ming Marine Transp. Corp. v. Oceanbridg Shipping Int'l, Inc.*, 48 F. Supp. 2d 1049, 1057 (C.D. Cal. 1999)) and \*8-9 (citing L.R. 7-18; *Kona*, 229 F.3d at 890; *Union Pac. R.R. Co. v. Coast Packaging Co.*, 236 F. Supp. 2d 1130, 1137 (C.D. Cal. 2002)). For this reason alone, the Court should deny Defendants' highly improper motion.

### 2. Defendants' Repetitive Argument Remains Contrary to Controlling Ninth Circuit Precedent

*Second*, Defendants argument that the 1944 assignment from The Hill Foundation can be applied retroactively to expand the limited scope of the 1935 copyright is inconsistent with controlling precedent in the Ninth Circuit and elsewhere. The right to register a copyright cannot be retroactively assigned. An assignment of the right to register a copyright must be made before the copyright is registered by the new owner. While a writing, such as the 1944 assignment, may confirm a ***prior*** oral agreement to assign a copyright, the oral agreement must have been made ***before*** the attempt to register the copyright. 3 M. Nimmer & D. Nimmer, *Nimmer, Copyright*, § 10.03[A][3] (2014).[6]

Moreover, the writing must be timely because permitting a third-party to claim copyright ownership years later does not serve the statutory goal of enhancing "predictability and certainty of copyright ownership." *Effects Assocs., Inc. v. Cohen*, 908 F.2d 555, 557 (9th Cir. 1990). In *Kronisgberg Int'l, Inc. v. Rice*, 16 F.3d 355, 357 (9th Cir. 1994), the Ninth Circuit held that a letter agreement written three years ***after*** an alleged oral license was ***untimely and invalid***. Then, as now, Defendants do

---

[6]    For the subsequent writing to be valid, the acquirer must prove the prior oral agreement. *See Budget Cinema, Inc. v. Watertower Assocs.*, 81 F.3d 729, 733 (7th Cir. 1996) (a later writing to confirm an alleged oral transfer of a copyright is not permitted "because there was no evidence that Budget discussed the rights to the work with [the copyright owner] prior to registration….").

- 9 -

not dispute the untimeliness of the 1944 assignment. They have offered no case law or other authority to support their assertion that the 1944 assignment – regardless of its limited scope – retroactively gave them any rights to register a copyright to the *Happy Birthday* lyrics in 1935.

### 3.   Defendants' Repetitive Argument Still Ignores the Facts

And third, even if the Court were to reconsider this argument and disregard the fact that The Hill Foundation's 1944 assignment was far too late to expand the limited scope of the E51990 copyright, Defendants' argument is inconsistent with the detailed factual record. Defendants focus their argument only on The Hill Foundation's transfer to Summy. However, the record proves that The Hill Foundation itself **had no rights to the lyrics** and, thus, The Hill Foundation owned no such rights that it could assign to Summy.

Even if Patty or Jessica Hill had any rights to the *Happy Birthday* lyrics, a fundamental fact that is disputed, they **never** transferred any common law copyrights or rights to any "books, musical compositions and arrangements, including both the words and music thereof" to The Hill Foundation. As the Court knows from its careful consideration of the 1944 transactions, Patty and Jessica Hill assigned only their "right, title and interest, joint and several, in and to" seven federal copyrights, including E51990, to The Hill Foundation. *See* J.A. Ex. 53 at 698 (ECF No. 189).[7] They **never** assigned **any** rights to books, musical compositions, arrangements, or words and music to The Hill Foundation – those words are **not** in the assignment from Patty and Jessica to The Hill Foundation. Since The Hill Foundation could assign to Summy only what it received from Patty and Jessica,

---

[7]   In 1942, Patty and Jessica Hill assigned their "right, title and interest, joint and several, in and to" four federal copyrights and renewal copyrights for *Song Stories for the Kindergarten*, *Song Stories for the Sunday School*, and *Good Morning to All* to The Hill Foundation. *See* J.A. Ex. 42 at 620.

The Hill Foundation had no rights to books, musical compositions, arrangements, or words and music to assign to Summy.

Therefore, based on all the evidence in the summary judgment record and already considered by the Court, Defendants' repetitive argument still has no factual support, and it must be denied for this reason as well.

### 4. Defendants' Circular Assignment Argument is Unavailing

Defendants' final, desperate argument that it is immaterial whether Patty and Jessica authorized Summy to register and publish the *Happy Birthday* lyrics, is merely a fall-back to its main argument: even if Patty and Jessica gave Summy no rights to the lyrics, the 1935 copyright E51990 still covered the lyrics despite the "mistaken" omission of Patty's name from the registration. That circular argument fails for all the reasons discussed in Section C above.

## III.   THE ORDER SHOULD NOT BE CERTIFIED FOR IMMEDIATE INTERLOCUTORY APPEAL UNDER 28 U.S.C. § 1292(B)

An immediate interlocutory appeal by permission under 28 U.S.C. § 1292(b) is appropriate only where the underlying order: (1) involves a controlling question of law; (2) as to which there is a substantial ground for difference of opinion; and (3) an immediate appeal from the order may materially advance the ultimate termination of litigation. The party seeking an immediate interlocutory appeal must demonstrate ***all three*** prerequisites, and even then, certification for an interlocutory appeal is generally disfavored and should only be granted in "exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *Rieve v. Coventry Health Care Inc.*, 870 F. Supp. 2d 856, 878 (C.D. Cal. 2012) (citing *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1026 (9th Cir. 1982). "Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002).  None of these three requirements are present here.

### A.    There Is No Qualifying "Controlling Question" of Law

The first requirement of § 1292(b) is met only where the controlling question presents an "abstract legal issue" or "pure" question of law. *Rieve*, 870 F. Supp. 2d at 879. Certification for an immediate interlocutory appeal is ***not*** appropriate where, as here, appellate review would "necessitate a detailed inquiry into the record." *Id.* (interlocutory appeal not appropriate where the appellate court's "inquiry would likely be fact intensive, unique to this case, and not the abstract type of question [that] could be decided without significant engagement with the facts of this case"). An interlocutory appeal permits expedited appellate review when "a case turn[s] on a pure question of law, something the court of appeals could decide quickly and cleanly without having to study the record…." *Id.* (quoting *Ahrenholz v. Bd. of Trustees of Univ. of Illinois*, 219 F.3d 674, 676-77 (7th Cir. 2000). In *Ahrenholtz*, 219 F.3d at 676-77, the Seventh Circuit held that a summary judgment decision is especially inappropriate for interlocutory review because "to decide whether summary judgment was properly granted requires hunting through the record . . . to see whether there may be a genuine issue of material fact lurking there…." As the Eleventh Circuit held in *McFarlin*, 381 F.3d at 1259, an appeal (such as this one) that "turns on whether there is a genuine issue of fact," is "[t]he antithesis of a proper § 1292(b) appeal."

No review of the Court's detailed, fact-intensive Summary Judgment Order could be done "quickly and cleanly without having to study the record" in this case. *Ahrenholz*, 219 F.3d at 677. To the contrary, the purported "controlling questions" Defendants have raised, and the underlying fact-specific questions of copyright ownership decided by the Court after its painstaking review of the exhaustive summary judgment record, are precisely the kind of questions that require a fact-intensive appellate review; they are the antithesis of a proper § 1292(b) appeal.

**B.     There Is Not Substantial Ground for Difference of Opinion**

In deciding whether the second requirement has been met, the Court must consider, first and foremost, "the strength of the arguments in opposition to the challenged ruling." *Rieve*, 870 F. Supp. 2d at 880 (citations omitted). This prong is not satisfied where, as here, "defendants have not provided a single case that conflicts with the district court's construction or application of [the applicable law]." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010); *Rieve*, 870 F. Supp. 2d at 880 (same) (citation omitted). Defendants' bald assertion that "reasonable judges might differ" (Mot. Recons. 24)[8] without providing any contrary legal support, does not satisfy their burden. The Court already has engaged in an extremely detail-oriented analysis of the facts under the applicable law.[9] Defendants' dissatisfaction with the outcome of the Court's analysis "is not a strong enough argument to create the exceptional circumstances required for interlocutory appeal." *Rieve*, 870 F. Supp. 2d at 880.

**C.     An Immediate Appeal Will Not Materially Advance the Ultimate Determination of this Litigation**

Finally, certification for interlocutory appeal is not appropriate where, as here, it "would actually delay the resolution of the litigation…." *Rieve*, 870 F. Supp. 2d at 880 (citing *Strauss v. Sheffield Ins. Corp.*, No. 05CV1310-H(CAB), 2006 U.S. Dist. LEXIS 98094, 2006 WL 6158770, at *4 (S.D. Cal. June 23, 2006)). The instant case

---

[8]     Defendants cite *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011) for their "reasonable judges" standard. However, *Reese* held only that this prong is met when reasonable judges may differ where **novel legal issues** are presented not where, as here, the key determination turns on heavily detailed **fact** issues. Defendants have not raised any disputed legal issues, novel or otherwise, for the Court to reconsider.

[9]     As previously discussed, the summary judgment record consists of a joint brief (ECF No. 182), a supplemental joint brief (ECF No. 219), 1,947 pages of exhibits (ECF Nos. 187-194) and 328 uncontroverted facts (ECF No. 183); and four hours of oral argument.

was filed over two years ago, a bench trial on Count One is set to take place on December 15, 2015 (less than two months away), briefing on class certification is scheduled in January and February of 2016, and the class certification hearing is set for February 22, 2016.   Status Conference Mins., ECF No. 248. As such, any interlocutory appeal at this stage of the proceedings would only delay the resolution of the case. *Rieve*, 870 F. Supp. 2d at 880 (determining that interlocutory appeal of summary judgment order in a putative class action before class certification "would significantly delay litigation").[10]

In sum, Defendants have failed to meet their heavy burden of showing any exceptional circumstances in this case to merit an immediate interlocutory appeal.

## IV.   CONCLUSION

For all these reasons, Defendants' motion for reconsideration makes no new arguments, it presents no new evidence, and it cites no new law. Defendants' motion to certify for immediate interlocutory appeal does not raise any pure question of law, as to which there is substantial ground for difference of opinion and which the Ninth

---

[10]   *See also Xoom, Inc. v. Imageline, Inc.*, No. Civ A 3:98CV00542, 1999 U.S. Dist. LEXIS 21978, *9 (E.D. Va. Sept. 3, 1999) (declining to certify question of copyright ownership for interlocutory appeal, the court explained that "[i]f a question were to be certified, everyone would be forced to wait until a determination is made on appeal. At that point, the case would be remanded for trial with an opportunity for further appeals on other issues after trial." The court concluded that denying interlocutory review was "more efficient than going through two rounds of appeals with a trial taking place sometime in between.") *Id.*

Finally, *Mattell, Inc. v. Bryant*, 441 F. Supp. 2d 1081, 1099 (C.D. Cal. 2005), cited by Defendants at p. 25 of their motion for the proposition that certification should be granted when necessary to avoid "needless expenditure of judicial resources[,]" is easily distinguishable, as it turned on the fundamental threshold question of whether the district court had jurisdiction to hear the case on which there was no applicable precedent. Wanting to avoid the inevitable waste of resources were the court of appeals to find jurisdiction lacking, the court certified the issue for interlocutory review.

1  Circuit can decide without having to determine any questions of fact. Therefore, the

2  Court should swiftly deny Defendants' meritless motion for reconsideration and its

3  equally meritless alternative motion to certify for permissive interlocutory appeal.

4  Dated:  October 26, 2015                    **WOLF HALDENSTEIN ADLER**
                                                **FREEMAN & HERZ LLP**
5

6                                          By:        */s/ Betsy C. Manifold*
                                                    BETSY C. MANIFOLD
7                                          FRANCIS M. GREGOREK
                                           gregorek@whafh.com
8                                          BETSY C. MANIFOLD
                                           manifold@whafh.com
9

10

11                                         RACHELE R. RICKERT
                                           rickert@whafh.com
12                                         MARISA C. LIVESAY
                                           livesay@whafh.com
13                                         750 B Street, Suite 2770
                                           San Diego, CA 92101
14                                         Telephone:  619/239-4599
                                           Facsimile:   619/234-4599
15

16

17                                         **WOLF HALDENSTEIN ADLER**
                                             **FREEMAN & HERZ LLP**
18                                         MARK C. RIFKIN (*pro hac vice*)
                                           rifkin@whafh.com
19                                         JANINE POLLACK (*pro hac vice*)
                                           pollack@whafh.com
20                                         BETH A. LANDES (*pro hac vice*)
                                           landes@whafh.com
21                                         270 Madison Avenue
                                           New York, NY  10016
22                                         Telephone:   212/545-4600
                                           Facsimile:    212-545-4753
23

24

25

26                                         *Interim Lead Counsel for Plaintiffs*

27

28

**RANDALL S. NEWMAN PC**
RANDALL S. NEWMAN (190547)
rsn@randallnewman.net
37 Wall Street, Penthouse D
New York, NY 10005
Telephone:  212/797-3737

**HUNT ORTMANN PALFFY NIEVES**
   **DARLING & MAH, INC.**
ALISON C. GIBBS (257526)
gibbs@huntortmann.com
OMEL A. NIEVES (134444)
nieves@huntortmann.com
KATHLYNN E. SMITH (234541)
smith@ huntortmann.com
301 North Lake Avenue, 7th Floor
Pasadena, CA 91101
Telephone 626/440-5200
Facsimile 626/796-0107
Facsimile:  212/797-3172

**DONAHUE GALLAGHER WOODS LLP**

WILLIAM R. HILL (114954)
rock@donahue.com
ANDREW S. MACKAY (197074)
andrew@donahue.com
DANIEL J. SCHACHT (259717)
daniel@donahue.com
1999 Harrison Street, 25th Floor
Oakland, CA 94612-3520
Telephone:  510/451-0544
Facsimile:   510/832-1486

**GLANCY PRONGAY &**
   **MURRAY, LLP**
LIONEL Z. GLANCY (134180)
lglancy@glancylaw.com
MARC L. GODINO (188669)
mgodino@glancylaw.com

- 16 -

1925 Century Park East, Suite 2100
Los Angeles, CA 90067
Telephone:   310/201-9150
Facsimile:   310/201-9160

*Attorneys for Plaintiffs*

WARNER/CHAPPELL:22329.v2