FRANCIS M. GREGOREK (144785)
gregorek@whafh.com
BETSY C. MANIFOLD (182450)
manifold@whafh.com
RACHELE R. RICKERT (190634)
rickert@whafh.com
MARISA C. LIVESAY (223247)
livesay@whafh.com
BRITTANY N. DEJONG (258766)
dejong@whafh.com
**WOLF HALDENSTEIN ADLER
  FREEMAN & HERZ LLP**
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

*Interim Lead Counsel for Plaintiffs and the [Proposed] Class*

**UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA -
WESTERN DIVISION**

| | |
|---|---|
| GOOD MORNING TO YOU PRODUCTIONS CORP., *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> WARNER/CHAPPELL MUSIC, INC., *et al.* <br><br> Defendants. | Lead Case No. CV 13-04460-GHK (MRWx) <br><br> **OPPOSITION TO REQUEST OF NATIONAL MUSIC PUBLISHERS' ASSOCIATION FOR LEAVE TO FILE AMICUS BRIEF; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF** <br><br> Date: November 16, 2015 <br> Time: 9:30 a.m. <br> Room: 650 <br> Judge: Hon. George H. King, Chief Judge |

Plaintiffs, by and through their attorneys, hereby oppose the request of the National Music Publishers' Association ("NMPA") for leave to file an amicus curiae brief ("amicus brief") in support of Defendants' motion for reconsideration. (ECF No. 247). NMPA's request is highly improper, and for the reasons that follow, the Court should reject NMPA's proposed amicus brief.

NMPA[1] seeks leave to submit an amicus brief to add its own voice to Defendants' already repetitive arguments, apparently believing that Defendants' lengthy summary judgment briefing and subsequent motion for reconsideration was deficient. As with Defendants' motion for reconsideration, NMPA's proposed amicus brief makes ***no new arguments***, it presents ***no new evidence***, and it cites ***no new law*** for the Court to reconsider. The proposed amicus brief adds nothing new to the mountainous factual record and it cites no change in the law since the Court decided the cross-motions for summary judgment; it merely repeats (for a third time) the same shop-worn arguments that Defendants made on summary judgment and again in their motion for reconsideration. Thus, just like Defendants' motion for reconsideration, NMPA's proposed amicus brief –merely repeats the same oral and written arguments Defendants already made twice before – and blatantly violates L.R. 7-18. For that reason alone, NMPA should not be granted leave to file its proposed amicus brief.[2] *See Henderson v. J.M. Smucker Co.*, No. 10-4524-GHK

---

[1] NMPA is hardly disinterested in this matter. The Chairman of NMPA's Board of Directors, Irwin Robinson, was Senior Vice President of Chappell and Co. before it merged with Warner Music to become Defendant Warner; one of its directors, Cameron Strang, is CEO of sister company Warner Bros. Records; another director, Neil Gillis, was Senior Vice President of Defendant Warner; and a fourth director, Chip McLean, was Vice President of Business and Legal Affairs for Warner Bros. Records. Declaration of Mark C. Rifkin in Opposition to NMPA's Request for Leave to File Amicus Brief, ¶ 5.

[2] NMPA also failed to comply with L.R. 6-1 which required their motion to be filed not later than twenty-eight (28) days before the hearing date as NMPA filed their motion twenty-one (21) days before the hearing date.

2013 U.S. Dist. LEXIS 166061, at *5-6 (C.D. Cal. Nov. 20, 2013).

When NMPA sought Plaintiffs' consent to file the proposed amicus brief, its General Counsel, Danielle Aguirre, admitted that NMPA had nothing new to add to the factual record and no new arguments to make. *See* Declaration of Mark C. Rifkin in Opposition to NMPA's Request for Leave to File Amicus Brief, ¶¶ 6-8 and Exhibit B thereto, filed together herewith. Since NMPA's proposed amicus brief plainly could not meet the demanding requirements of L.R. 7-18, Plaintiffs refused to consent to NMPA's request, and advised NMPA accordingly, both orally and in writing. *See id*. Therefore, NMPA's highly improper request never should have been made because it does not comply with L.R. 7-18.

In addition, under Federal Rule of Appellate Procedure 29, an amicus brief may be filed "only by leave of court or if the brief states that all parties have consented to its filing." Fed. R. App. P. 29(a). According to the 1998 Advisory Committee Notes to Rule 29, an amicus brief should only address matters not adequately addressed already by a party. In the Central District, courts generally follow this requirement in deciding whether to accept an amicus brief. For example, in *Gingery v. City of Glendale*, No. 14-1291 PA (AJWx) 2014 U.S. Dist. LEXIS 107598, *5-6 (C.D. Cal. Aug. 4, 2014), the Court denied an *ex parte* request for leave to submit an amicus brief because the information provided was not necessary for the disposition of the motions before it.

The Court did not, as Defendants argued (and as NMPA seeks permission to repeat), reject the general legal principle that an ***immaterial mistake*** does not deprive a copyright owner of the limited presumption it is entitled to under a copyright registration certificate. Instead, the Court rejected Defendants' purely speculative argument that Summy left Patty Hill's name off the 1935 registration for E51990 ***by mistake***, and that the omission of her name from the registration application – which was expressly limited on its face to the new matter added by Summy's employee-for-hire, Preston Ware Orem (who, by Defendants' own

admission, did not write the *Happy Birthday* lyrics) – was ***immaterial***.

That purely speculative argument was thoroughly considered and properly rejected by the Court. (ECF 244 at 14-16 & n.6).[3] Neither Defendants nor NMPA, as would-be amicus, have added anything to the record for the Court to reconsider. As Plaintiffs have explained in opposing Defendants' motion for reconsideration, there is not a scintilla of evidence in the voluminous summary judgment record, and no new evidence for the Court to reconsider, that the omission of Patty's name from the registration application for E51990 was a mistake at all, rather than an accurate description of the work-for-hire covered by that limited copyright. *See* ECF 251 at 12-13.

NMPA's proposed amicus brief, which (like Defendants' motion for reconsideration) adds no new evidence (or cites any evidence already in the record that the Court supposedly overlooked), merely echoes Defendants' speculative argument that Summy "made a mistake" eighty years ago when it did not put Patty Hill's name on registration application for the work-for-hire copyright covering only Mr. Orem's new matter. The Court should reject illogical and wholly unsupported speculation (whether from Defendants or NMPA) about why Summy left Patty Hill's name off the copyright application for new matter done by a ***different*** person, Mr. Orem, as its employee-for-hire. It was no mistake that Summy did so, and there is not a shred of evidence in the record that suggests otherwise.

Finally, in granting partial summary judgment for Plaintiffs, the Court reviewed a detailed factual record and determined that there was no genuine dispute of fact regarding whether Defendants' limited work-for-hire copyright

---

[3] As the Court noted, "It would be accurate to characterize the failure to identify Patty as an author as a 'mistake' only if E51990 was a registration of the lyrics." (ECF No. 244 at 14 n.6).

covered the familiar *Happy Birthday* lyrics. The Court's Summary Judgment Order did not change the law, nor did it disregard any settled legal principles. NMPA's professed fear that the Court's decision will thrust many other works into the public domain or set off "a flood of litigation" (ECF No. 253 at 17-18) is entirely unwarranted. This peculiar factual dispute, between parties already capably represented by highly skilled counsel, was aired before the Court on summary judgment (and re-aired by Defendants in their motion for reconsideration). NMPA has nothing substantive to add to this dispute, and nothing to fear from the Court's highly fact-specific findings in this case.

For all these reasons, the Court should deny NMPA's highly improper request for leave to file an amicus brief.

Dated: October 27, 2015

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**

By: */s/ Betsy C. Manifold*
BETSY C. MANIFOLD

FRANCIS M. GREGOREK
gregorek@whafh.com
BETSY C. MANIFOLD
manifold@whafh.com

RACHELE R. RICKERT
rickert@whafh.com
MARISA C. LIVESAY
livesay@whafh.com
750 B Street, Suite 2770
San Diego, CA 92101
Telephone: 619/239-4599
Facsimile: 619/234-4599

**WOLF HALDENSTEIN ADLER FREEMAN & HERZ LLP**
MARK C. RIFKIN (*pro hac vice*)

- 4 -

| | |
|---|---|
| 1 | rifkin@whafh.com |
| 2 | JANINE POLLACK (*pro hac vice*) |
| 3 | pollack@whafh.com |
| 4 | 270 Madison Avenue<br>New York, NY 10016 |
| 5 | Telephone: 212/545-4600 |
| 6 | Facsimile: 212-545-4753 |
| 7 | *Interim Lead Counsel for Plaintiffs* |
| 8 | |
| 9 | **RANDALL S. NEWMAN PC** |
| 10 | RANDALL S. NEWMAN (190547)<br>rsn@randallnewman.net |
| 11 | 37 Wall Street, Penthouse D |
| 12 | New York, NY 10005<br>Telephone: 212/797-3737 |
| 13 | |
| 14 | **HUNT ORTMANN PALFFY NIEVES DARLING & MAH, INC.** |
| 15 | ALISON C. GIBBS (257526) |
| 16 | gibbs@huntortmann.com<br>OMEL A. NIEVES (134444) |
| 17 | nieves@huntortmann.com |
| 18 | KATHLYNN E. SMITH (234541)<br>smith@ huntortmann.com |
| 19 | 301 North Lake Avenue, 7th Floor |
| 20 | Pasadena, CA 91101 |
| 21 | Telephone 626/440-5200 |
| 22 | Facsimile 626/796-0107<br>Facsimile: 212/797-3172 |
| 23 | **DONAHUE GALLAGHER WOODS** |
| 24 | **LLP** |
| 25 | WILLIAM R. HILL (114954) |
| 26 | rock@donahue.com<br>ANDREW S. MACKAY (197074) |
| 27 | andrew@donahue.com |
| 28 | DANIEL J. SCHACHT (259717)<br>daniel@donahue.com |

| | |
|---|---|
| 1 | |
| 2 | 1999 Harrison Street, 25th Floor |
| 3 | Oakland, CA 94612-3520 |
| | Telephone: 510/451-0544 |
| 4 | Facsimile:  510/832-1486 |
| 5 | |
| 6 | **GLANCY PRONGAY &**
| | **  MURRAY, LLP** |
| 7 | LIONEL Z. GLANCY (134180) |
| 8 | lglancy@glancylaw.com |
| | MARC L. GODINO (188669) |
| 9 | mgodino@glancylaw.com |
| 10 | 1925 Century Park East, Suite 2100 |
| | Los Angeles, CA 90067 |
| 11 | Telephone: 310/201-9150 |
| 12 | Facsimile:  310/201-9160 |
| 13 | *Attorneys for Plaintiffs* |

28  WARNERCHAPPELL:22335.resp.amicus