E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4460-GHK (MRWx) | Date | December 7, 2015 |
|---|---|---|---|
| Title | *Good Morning to You Productions Corp., et al. v. Warner/Chappell Music, Inc., et al.* | | |

| **Presiding: The Honorable** | **GEORGE H. KING, CHIEF U.S. DISTRICT JUDGE** | |
|---|---|---|
| Beatrice Herrera | N/A | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |// 
| Attorneys Present for Plaintiffs: | | Attorneys Present for Defendants: |
| None | | None |

**Proceedings:** **(In Chambers) Order re:** Plaintiffs' Motion for Leave to Amend and File Fifth Amended Complaint (Dkt. 258)

This matter is before us on Plaintiffs' Motion for Leave to Amend and File Fifth Amended Complaint ("Motion"). (Dkt. 258.) We have reviewed the papers filed in support of and in opposition to the Motion and deem this matter appropriate for resolution without oral argument. L.R. 7-15. As the Parties are familiar with the facts, we will repeat them only as necessary. Accordingly, we rule as follows:

**I.    BACKGROUND**

Plaintiffs Rupa Marya, Robert Siegel, Good Morning to You Productions Corp., and Majar Productions, LLC (collectively, "Plaintiffs") filed this class action to declare invalid Defendants Warner/Chappell Music, Inc. and Summy-Birchard, Inc.'s (collectively, "Defendants") purported copyright in the song *Happy Birthday to You* ("*Happy Birthday*"). (Dkt. 95, Fourth Amended Consolidated Complaint ("FACC").) Plaintiffs contend that because Defendants do not own a copyright in the *Happy Birthday* lyrics, Defendants must return the "millions of dollars of unlawful licensing fees" they have collected by wrongfully asserting copyright ownership in the *Happy Birthday* lyrics. (FACC ¶ 4.) On October 16, 2013, we bifurcated this case to first determine whether Plaintiffs were entitled to a declaratory judgment invalidating Defendants' purported claim of copyright in the lyrics. (Dkt. 71 at 4.) On November 25, 2014, the Parties filed Cross-Motions for Summary Judgment on the declaratory judgment issue. (Dkt. 179.) And on September 22, 2015, we issued our Memorandum and Order Re: Cross-Motions for Summary Judgment, in which we ultimately concluded that there was no transfer of the rights in the lyrics to Defendants. (Dkt. 244 at 42, 43.)

As we begin the second phase of this litigation, Plaintiffs seek to amend their complaint based on evidence discovered in the first phase. (Dkt. 258, Motion.) The proposed amendments fall into three general categories: "(i) expansion of the class period [back to 1949] based on equitable tolling; (ii) detailed allegations regarding delayed discovery, concealment of the truth regarding Defendants' (and their predecessors-in-interest) limited copyright in *Happy Birthday* and equitable tolling; and (iii) the 1922 publication of the *Happy Birthday* song by The Cable Car Company." (*Id.* at 1.)

**II.    LEGAL STANDARD**

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4460-GHK (MRWx) | Date | December 7, 2015 |
|---|---|---|---|

| Title | *Good Morning to You Productions Corp., et al. v. Warner/Chappell Music, Inc., et al.* |
|---|---|

Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires." In considering a motion for leave to amend, "the court must remain guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (en banc) (internal quotations and alterations omitted). Under this liberal amendment policy, denial of leave to amend is appropriate only in those limited circumstances where undue delay, bad faith on the part of the moving party, futility of the amendment, or unfair prejudice to the nonmoving party can be demonstrated. *Foman v. Davis*, 371 U.S. 178, 182 (1962); *AmerisourceBergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006). In looking at these factors, courts weigh "all inferences in favor of granting the motion." *Griggs v. Pace Am. Grp., Inc.*, 170 F.3d 877, 880 (9th Cir. 1999). "Futility of the amendment, alone, can justify denying a motion for leave to amend. Otherwise, although no single factor is dispositive, prejudice to the opposing party is the most important factor." *Stimac v. Wieking*, 785 F. Supp. 2d 847, 854 (N.D. Cal. 2011).

**III.   DISCUSSION**

Defendants argue that leave to amend should be denied because amendment would be futile and prejudicial. (*See* Dkt. 264, Opp'n at 1-2.) As such, we focus our analysis on these two factors.

**A.   Futility**

A proposed amendment is futile if it is "clear . . . that the complaint could not be saved by any amendment." *Krainski v. State of Nev. ex rel. Bd. of Regents of Nev. Sys. of Higher Educ.*, 616 F.3d 963, 972 (9th Cir. 2010). "As the Supreme Court indicated in *Foman*, amendment should not be barred as futile if the underlying facts may be a proper subject of relief . . . [L]eave to amend should be allowed unless the complaint cannot under any conceivable state of facts be amended to state a claim." *Breier v. N. Cal. Bowling Proprietors' Ass'n,* 316 F.2d 787, 790 (9th Cir. 1963) (internal quotations omitted); *see also Miller v. Rykoff–Sexton, Inc.,* 845 F.2d 209, 214 (9th Cir.1988).

While there are questions about the ultimate viability of the added allegations in the proposed Fifth Amended Complaint, it is not optimal for us to decide these questions on a motion for leave to amend under the rubric of futility.[1] The issues raised by Defendants regarding whether Plaintiffs have adequately pled delayed discovery or fraudulent concealment are better resolved on a motion to dismiss.[2]

**B.   Unfair Prejudice**

---

[1] Dating the class back to 1949 may also implicate the class's viability, but we express no views on this issue at this time given that we are not considering a motion for class certification.

[2] As such, Defendants' Request for Judicial Notice, (Dkt. 265), is denied as moot. Defendants can renew their request in full or in part if they choose to file a motion to dismiss.

E-FILED

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 13-4460-GHK (MRWx) | Date | December 7, 2015 |
|---|---|---|---|
| Title | *Good Morning to You Productions Corp., et al. v. Warner/Chappell Music, Inc., et al.* | | |

Prejudice to the opposing party is the factor that "carries the greatest weight." *Eminence Capital, LLC v. Aspeon, Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Id.* Courts have found prejudice to exist "where amendment will significantly hinder a defendant's ability to defend against the plaintiff's claims, as in cases where discovery has already been completed or when the amendment will require relitigation of significant issues." *CytoSport, Inc. v. Cytogenix Sports Labs., SRL*, 2010 WL 5418883, at *10 (E.D. Cal. Dec. 23, 2010) (citing *Ascon Props., Inc. v. Mobil Oil Co.*, 866 F.2d 1149, 1161 (9th Cir. 1989). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 187 (9th Cir. 1987).

Defendants contend that the amendments "would impose a crushing discovery burden upon Warner/Chappell" because Plaintiffs have requested documents related to the licensing of the *Happy Birthday* lyrics dating back to 1949. (Opp'n at 16-17.) Defendants also claim that the timing of the request to amend and the "feebleness of the claims suggest that Plaintiffs are seeking to burden Warner/Chappell intentionally and to gain leverage." (*Id.* at 17.)

Defendants have not met their burden of showing prejudice. First, Defendants do not explain in any particularity why the amendments would impose a "crushing discovery burden." As Plaintiffs correctly note, "Defendants have provided nothing by way of explaining how readily available the information is, what form it is in, how difficult it will be to retrieve or assemble, or how many hours will be required to retrieve and assemble it." (Dkt. 270, Reply at 12.) Second, we disagree that the timing of the request evinces an ill motive on Plaintiffs' part. During the first phase of this litigation, claims other than the declaratory judgment claim were stayed. It was thus appropriate for Plaintiffs to request amendment after we issued our summary judgment order, and they did so expeditiously.

## IV.  CONCLUSION

Having weighed the factors relevant to determining whether to grant leave to amend, and in view of Rule 15(a)'s liberal amendment policy, we hereby **GRANT** Plaintiffs' Motion. Plaintiffs shall file the Fifth Amended Complaint **within seven days hereof**. Defendants shall respond to the complaint **within thirty days thereafter**.

**IT IS SO ORDERED.**

|  | -- | : | -- |
|---|---|---|---|
| | Initials of Deputy Clerk | | Bea |