FILED
CLERK, U.S. DISTRICT COURT

JUN 3 0 2016

CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

GOOD MORNING TO YOU
PRODUCTIONS CORP., et al.,

     Plaintiffs,

   v.

WARNER/CHAPPELL MUSIC, INC.,
et al.,

     Defendants.

Case No. CV 13-04460-GHK (MRWx)

**FINAL ORDER AND JUDGMENT**

1    This matter is before us on Plaintiffs' Motion for Final Approval of Class Action

2  Settlement ("Motion").  The Court has jurisdiction over the subject matter of the

3  Action and over all Parties to the Action, including all Settlement Class Members.

4    After reviewing the Settlement Agreement, Plaintiffs' Motion, and other related

5  documents, and having heard the argument of counsel for the respective Parties, IT IS

6  HEREBY ORDERED AS FOLLOWS:

7    1.    This Final Order and Judgment ("Judgment") incorporates by reference

8  the definitions in the Settlement Agreement, and all capitalized terms used herein shall

9  have the same meanings as set forth therein.

10    2.    Pursuant to Federal Rule of Civil Procedure ("Rule") 23, the Court

11  certifies, for purposes of settlement only, the Settlement Class as defined in the

12  Settlement Agreement and in the Preliminary Approval Order.  The Persons who

13  timely submitted valid requests for exclusion from the Settlement Class, as listed on

14  Exhibit 1 hereto, are hereby excluded from the Settlement Class.

15    3.    For the purposes of settlement only, the Court concludes that the

16  prerequisites for a class action under Rules 23(a) and (b)(3) have been satisfied in that:

17  (1) the members of the Settlement Class are so numerous that joinder of all Settlement

18  Class Members in the class action is impracticable; (2) there are questions of law and

19  fact common to the Class that predominate over any individual question; (3) Plaintiffs'

20  claims are typical of the claims of the Settlement Class; (4) Plaintiffs and Class

21  Counsel have fairly and adequately represented and protected the interests of

22  Settlement Class Members; and (5) a class action is superior to other available methods

23  for the fair and efficient adjudication of the controversy, considering: (a) the extent and

24  nature of any litigation concerning the controversy already commenced by Settlement

25  Class Members; (b) the interests of the Settlement Class Members in individually

26  controlling the prosecution of separate actions; (c) the desirability or undesirability of

27

28

1    concentrating the litigation of these claims in this particular forum; and (d) the

2    difficulties likely to be encountered in the management of the class action.

3         4.      Pursuant to Rule 23, the Court concludes that the Settlement Agreement

4    and Settlement are fair, reasonable, and adequate as to the Parties and the Settlement

5    Class Members, and that the Settlement Agreement and Settlement are hereby finally

6    approved in all respects.

7         5.      Accordingly, the Court authorizes and directs implementation of all the

8    terms and provisions of the Settlement Agreement.

9         6.      The Court hereby declares that, as of the Final Settlement Date, the Song

10   entitled *Happy Birthday to You!* will be in the public domain.

11        7.      The Court hereby dismisses with prejudice the Action and all claims

12   contained therein and all of the Released Claims as against the Released Parties, except

13   as and to the extent provided in the Settlement Agreement and herein.

14        8.      Upon the Final Settlement Date, and as provided in the Settlement

15   Agreement, Plaintiffs, each and all of the Settlement Class Members (other than those

16   listed on Exhibit 1)—and, with respect to the Released Claims released between

17   Defendants and Intervenors, all of the Released Parties—and anyone claiming through

18   or on behalf of any of them, including but not limited to all of their present, former, and

19   future licensees with respect to the Song (including, without limitation, any blanket

20   licensee or subscriber of a Settlement Class Member), heirs, executors, administrators,

21   representatives, agents, attorneys, partners, predecessors, predecessors-in-interest,

22   successors, successors-in-interest, assigns, and legatees; and to the extent a Settlement

23   Class Member is not an individual, all of its present, former, and future licensees with

24   respect to the Song (including, without limitation, any blanket licensee or subscriber of

25   a Settlement Class Member), direct and indirect parent companies, Affiliates,

26   subsidiaries, divisions, agents, franchisees, successors, successors-in-interest,

27   predecessors, and predecessors-in-interest, shall be deemed to have, and by operation

28

3

of this Judgment shall have, fully, finally, and forever waived, remised, released, relinquished, and discharged all Released Claims (including, without limitation, Unknown Claims) against the Released Parties, regardless of whether such Settlement Class Member executes and delivers the Claim Form.

9.    Upon the Final Settlement Date, Plaintiffs, each and all of the Settlement Class Members (other than those listed on Exhibit 1) —and, with respect to the Released Claims released between Defendants and Intervenors, all of the Released Parties—and anyone claiming through or on behalf of any of them, including but not limited to all of their present, former, and future licensees with respect to the Song (including, without limitation, any blanket licensee or subscriber of a Settlement Class Member), heirs, executors, administrators, representatives, agents, attorneys, partners, predecessors, predecessors-in-interest, successors, successors-in-interest, assigns, and legatees; and to the extent a Settlement Class Member is not an individual, all of its present, former, and future licensees with respect to the Song (including, without limitation, any blanket licensee or subscriber of a Settlement Class Member), direct and indirect parent companies, Affiliates, subsidiaries, divisions, agents, franchisees, successors, successors-in-interest, predecessors, and predecessors-in-interest, shall be deemed to be, and by operation of this Judgment, shall be, permanently barred and enjoined from asserting, instituting, maintaining, prosecuting, or enforcing, in any court of law or equity, arbitration, tribunal, administrative forum, or other forum of any kind (whether within the United States or not), any and all Released Claims (including, without limitation, Unknown Claims) against any of the Released Parties – regardless of whether such Settlement Class Member executes and delivers the Claim Form – as well as any claims arising out of, relating to, or in connection with, the defense, settlement, or resolution of the Action or the Released Claims against the Released Parties, Plaintiffs, or Class Counsel, except for claims relating to the enforcement of

the Settlement, or any confidentiality agreement to which the Parties have entered or may enter into in connection with the Action.

10.   The notice given to the Class in accordance with the Preliminary Approval Order was the best notice practicable to all Persons entitled to such notice, including the individual notice to all Settlement Class Members whose names and addresses could be identified by Defendants through reasonable means.  The notice procedure fully satisfied the requirements of Rule 23, the requirements of due process, and the requirement of the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and all other applicable law and rules.

11.   Defendants and Intervenors deny any wrongdoing whatsoever, and this Judgment shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of any Defendant or Intervenor with respect to any claim of, any fault or liability or wrongdoing or damage whatsoever, or any infirmity in the defenses that any Defendant or Intervenor has asserted or could assert in the Action or any other action.

12.   Neither the Settlement Agreement nor any of its terms or provisions, nor any of the negotiations, discussions, proceedings connected with it, nor any act performed or document executed pursuant to or in furtherance of the Agreement or the Settlement: (1) is or may be deemed to be or may be used as an admission of, or evidence of, the validity of any of the allegations in the Action or of the validity of any Released Claim, or of any wrongdoing or liability of the Released Parties; or (2) is or may be deemed to be or may be used as an admission of, or evidence of, any fault or omission of any of the Released Parties in any civil, criminal, or administrative proceeding in any court, arbitration proceeding, administrative agency, or forum or tribunal in which the Released Parties are or become parties; or (3) is or may be deemed to be or may be used as an admission or evidence that any claims asserted by Plaintiffs were not valid or that the amount recoverable was not greater than the

1  Settlement Amount, in any civil, criminal, or administrative proceeding in any court,

2  administrative agency, or other tribunal.

3        13.    The Released Parties, Plaintiffs, Settlement Class Members, and their

4  respective counsel may file the Settlement Agreement or this Judgment in any action

5  that may be brought against them in order to support a defense or counterclaim based

6  on principles of res judicata, collateral estoppel, release, good faith settlement,

7  judgment bar or reduction or any other theory of claim preclusion or issue preclusion

8  or similar defense or counterclaim.  The Parties may file the Settlement Agreement or

9  this Judgment in any proceedings that may be necessary to consummate or enforce the

10  Agreement, the Settlement, or this Judgment.

11        14.    Without affecting the finality of this Judgment in any way, this Court

12  hereby retains continuing exclusive jurisdiction over: (1) implementation of this

13  Settlement and any award or distribution of the Settlement Fund, including interest

14  earned thereon; (2) disposition of the Settlement Fund; (3) disposition of the Fee and

15  Expense Award and the Incentive Awards in the Action; and (4) all Parties hereto for

16  the purpose of construing, enforcing, and administering the Settlement Agreement.

17        15.    The Court hereby directs that the first $76,326.58 of Settlement Notice

18  and Administration Expenses shall be paid out of the Settlement Fund without further

19  order of the Court in accordance with Sections 1.52 and 5.3 of the Settlement

20  Agreement.

21        16.    Class Counsel are awarded the sum of $204,461.40 in expenses, to be

22  allocated by Lead Class Counsel in the manner provided for in the Settlement

23  Agreement.  Defendants shall pay such amounts (or the amounts provided for in the

24  Settlement Agreement, if Defendants appeal this award) to Lead Class Counsel within

25  five (5) days of the Final Settlement Date in the manner provided for in the Settlement

26  Agreement.

27

28

17.     The Court awards Plaintiff Good Morning to You Productions Corp. an incentive award of $15,000 as fair and reasonable compensation for its services.  The Court further awards Plaintiffs Robert Siegel, Rupa Marya, and Majar Productions LLC incentive awards of $10,000 each as fair and reasonable compensation for their services.  Defendants shall, within five (5) days after the Final Settlement Date, pay such amounts to Plaintiffs in the manner provided for in the Settlement Agreement.

18.     It is not a condition of the Settlement that any Fee and Expense Award or Incentive Award be approved by the Court.  Any order or proceeding relating to the amount of any Fee and Expense Award or Incentive Award, or any appeal from or reversal or modification thereof, shall not operate to modify, terminate or cancel the Settlement, or affect or delay the Judgment.

19.     Defendants shall, within ten (10) days after the Final Settlement Date, cause to be paid into the Escrow Account the remaining portion of the Settlement Fund as necessary to pay Authorized Claims (pursuant to Section 3 (and all subparts thereof) of the Settlement Agreement), outstanding Settlement Administration and Notice Expenses, Taxes, and Tax Expenses.  To the extent that there are Settlement Administration and Notice Expenses beyond $100,000, Defendants shall pay the Settlement Administrator directly (on terms that are agreed upon by Defendants and the Settlement Administrator) without further order of the Court.

20.     The Court finds that during the course of the Action, the Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

21.     In the event that the Settlement does not become effective in accordance with the terms of the Settlement Agreement, or the Final Settlement Date does not occur, then: (1) the Settlement Agreement, this Judgment (including but not limited to the certification of the Settlement Class, the appointment of Plaintiffs as Class Representatives, and the appointment of Class Counsel) shall be vacated and shall be

null and void, shall have no further force and effect with respect to any Party in this Action, and shall not be used in this Action or in any other proceeding for any purpose; (2) this action will revert to the status that existed before the Settlement Agreement's execution date; (3)(a) no term or draft of the Settlement Agreement, (b) nor any part of the Parties' settlement discussions, negotiations, or documentation (including any declaration or brief filed in support of the motion for preliminary approval or motion for final approval), (c) nor any rulings regarding class certification for settlement purposes (including the Preliminary Approval Order and this Judgment), will have any effect or be admissible into evidence for any purpose in the Action or any other proceeding.

22.     The Parties may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement without further order of the Court.

23.     The Court directs immediate entry of this Judgment by the Clerk of Court.

**IT IS SO ORDERED**.

DATED: 6/30/16

_____
Honorable George H. King
Chief United States District Judge

# EXHIBIT 1

EXHIBIT 1
Page 9

# REQUEST OF EXCLUSION

| Name | Address | Amount reported by Class Member | Amount converted to USD |
|---|---|---|---|
| AKM | BAUMANNSTRAßE 10 A-1030 VIENNA AUSTRIA | $1,514.83 | |
| Austro-Mechana | BAUMANNSTRAßE 10 A-1030 VIENNA AUSTRIA | $1,514.83 | |
| SABAM | AARLENSTRAAT 75-77 1040 BRUSSEL BELGIUM | $8410,20 Euro | $9,508.99 USD |
| STIM | HORNSGATAN 103 104 62 STOCKHOLM SWEDEN | $211 120,29 SEK | $25,574.33 USD |

Amounts were converted to USD using Google Converter (https://www.google.com/intl/en/googlefinance) on June 20, 2016.

EXHIBIT 1